**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: kgiannelli@gibbonslaw.com
mconlan@gibbonslaw.com
btheisen@gibbonslaw.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS) |
| In re:<br><br>EASTERN FREIGHT WAYS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12812 (JKS) |
| In re:<br><br>NEMF WORLD TRANSPORT, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12826 (JKS) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2710427.2 115719-100239

| | |
|---|---|
| In re:<br><br>APEX LOGISTICS, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 19-12815 (JKS) |
| In re:<br><br>JANS LEASING CORP.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 19-12824 (JKS) |
| In re:<br><br>CARRIER INDUSTRIES, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 19-12820 (JKS) |
| In re:<br><br>MYAR, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 19-12827 (JKS) |
| In re:<br><br>MYJON, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 19-12828 (JKS) |
| In re:<br><br>HOLLYWOOD AVENUE SOLAR, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 19-12818 (JKS) |

2710427.2 115719-100239

| | |
|---|---|
| In re:<br><br>UNITED EXPRESS SOLAR, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12830 (JKS) |
| In re:<br><br>NEMF LOGISTICS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12821 (JKS) |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 1015 DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Company**"), by and through their undersigned proposed counsel, hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' above-captioned chapter 11 cases only for procedural purposes pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Motion, the Debtors submit the *Declaration of Vincent Colistra in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

**I.    JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015.

## II.    BACKGROUND

4. The relevant factual background of the above-captioned chapter 11 cases is set forth in the First Day Declaration, and is incorporated herein by reference.

## III.    RELIEF REQUESTED

5. By this Motion, the Debtors request entry of an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015. Specifically, the Debtors request that the Court maintain one file and one docket for each of the jointly administered cases. The Debtors propose to designate the Chapter 11 Case of New England Motor Freight, Inc. as the lead bankruptcy case.

6. Accordingly, the Debtors request that the Chapter 11 Cases be administered under the following consolidated caption (and associated footnote thereto):

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| In re: | Chapter 11 |
|---|---|
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |

[FN1]: The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight

Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

7. The Debtors also request that a docket entry be made in each of the above-captioned cases, substantially similar to the following, to reflect the joint administration of the Chapter 11 Cases:

An order has been entered in accordance with Rule 1015 of the Federal Rules of Bankruptcy Procedure directing joint administration, under lead Case No. 19-12809 (JKS), of the chapter 11 cases of: New England Motor Freight, Inc.; Eastern Freight Ways, Inc.; NEMF World Transport, Inc.; Apex Logistics, Inc.; Jans Leasing Corp.; Carrier Industries, Inc.; Myar, LLC; MyJon, LLC; Hollywood Avenue Solar, LLC; United Express Solar, LLC; and NEMF Logistics, LLC.

8. The Debtors will file consolidated monthly operating reports, but will separately set forth disbursements for each Debtor as a schedule to the extent required by the United States Trustee Operating Guidelines, with said reports to be filed in the lead case, rather than in each of the Debtor's individual cases.

9. Finally, for purposes of efficiency and in order to streamline notice of all matters that may affect creditors of any of the Debtors, the Debtors request authority to file a single consolidated list of the 30 largest creditors in each of the Chapter 11 Cases.

### IV. BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015.

11. The Debtors in these Chapter 11 Cases are New England Motor Freight, Inc.; Eastern Freight Ways, Inc.; NEMF World Transport, Inc.; Apex Logistics, Inc.; Jans Leasing Corp.; Carrier Industries, Inc.; Myar, LLC; MyJon, LLC; Hollywood Avenue Solar, LLC; United

Express Solar, LLC; and NEMF Logistics, LLC.  The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

12. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

13. These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors, their estates, and the Court.

14. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors.  The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings.  Such duplication of substantially identical documents would be wasteful.

15. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest.  Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the Chapter 11 Cases.  Likewise, joint administration will ease the burden on the office of the United States Trustee for the District of New Jersey in supervising these Chapter 11 Cases.

16. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular Debtor and other substantive rights of creditors will not be impaired in any way by virtue of joint administration.  In fact, the rights of all creditors will be enhanced by

the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

17. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

18. Finally, the Debtors submit that filing a single consolidated list of creditors in each of the Chapter 11 Cases is an efficient use of estate resources and will not impact or prejudice the rights of any party.

19. Courts in this District routinely order the joint administration of chapter 11 cases involving multiple, related debtor entities. *See, e.g., In re Frank Theatres Bayonne/South Cove, LLC*, No. 18-34808 (SLM) (Bankr. D.N.J. Dec. 21, 2018); *In re: Duro Dyne National Corp.*, Case No. 18-27963 (MBK) (Bankr. D.N.J. September 7, 2018); *In re RWRF, Inc.*, Case No. 17-32958 (JKS) (Bankr. D.N.J. Nov. 15, 2017); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); *In re Cinram Group, Inc.*, Case No. 17-15258 (VFP) (Bankr. D.N.J. Mar. 24, 2017).

20. For the foregoing reasons, the Debtors respectfully submit that the joint administration of their Chapter 11 Cases is appropriate and should be directed.

### V.    WAIVER OF MEMORANDUM OF LAW

21. Because the factual and legal basis upon which the Debtors rely are incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

7

## VI. NO PRIOR REQUEST

22. No previous motion for the relief sought herein has been made to this Court or any other court.

## VII. NOTICE

23. Notice of this Motion has been given to:

   a. the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102;

   b. the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016 or P.O. Box 7346, Philadelphia, PA 19101-7346;

   c. the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695;

   d. the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625;

   e. the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102;

   f. all secured creditors;

   g. the Debtors' 30 largest unsecured creditors on a consolidated basis; and

   h. all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.

24. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: February 11, 2019

Respectfully submitted,

**GIBBONS P.C.**

By: /s/ Karen Giannelli
 Karen A. Giannelli, Esq.
 Mark B. Conlan, Esq.
 Brett S. Theisen, Esq.
 One Gateway Center
 Newark, New Jersey 07102
 Telephone: (973) 596-4500
 Facsimile: (973) 596-0545
 E-mail: kgiannelli@gibbonslaw.com
  mconlan@gibbonslaw.com
  btheisen@gibbonslaw.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*