**KLEHR HARRISON HARVEY BRANZBURG, LLP**
10000 Lincoln Drive East, Suite 201
Marlton, New Jersey 08053
Telephone: (856) 486-7900
Facsimile: (856) 486-4875

Charles A. Ercole, Esquire
Rona J. Rosen, Esquire
Christopher J. Leavell, Esquire

*Attorneys for Class Plaintiffs and the Putative Class*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Debtors. | Jointly Administered |
| MARY CARLIN and DAN WEBSTER, on their own behalf and on behalf of all other persons similarly situated, | |
| Plaintiffs, | Adv. Case No. |
| NEW ENGLAND MOTOR FREIGHT, INC., | |
| Defendant. | |

**CLASS ACTION ADVERSARY COMPLAINT
FOR VIOLATION OF THE WORKER ADJUSTMENT AND
RETRAINING NOTIFICATION ACT 29 U.S.C. § 2101, *et seq.* AND
<u>VIOLATION OF NEW JERSEY WARN ACT, N.J.S.A. § 34:21-1, *et seq.*</u>**

Plaintiffs Mary Carlin and Dan Webster, on their own behalf and on behalf of all other

persons similarly situated (collectively, "Class Plaintiffs"), by and through their undersigned

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357; MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

counsel,[2] bring this Complaint and make the following allegations, in accordance with the numbered paragraphs set forth below:

## NATURE OF ACTION

1.  This action is brought by employees of New England Motor Freight, Inc. (collectively, the "Defendant" or "NEMF"), who are being terminated on February 15, 2019 without proper legal notice, as part of, or as a result of, mass layoffs at various facilities.

2.  NEMF offers a broad range of transportation services focused in the Mid-Atlantic, Midwest and Northeast United States. NEMF specialized in less-than-truckload ("LTL") services to its customers across the United States and Canada through a number of partnerships with other LTL providers. The Defendant has approximately 36 trucking terminals throughout the Mid-Atlantic, Northeast and Midwest including two additional locations in New Brunswick, New Jersey and Jordan, New York (the "Facilities).

3.  On February 11, 2019, NEMF filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition"). As of the Petition date, the Defendant employed approximately 3,450 full-time and part-time employees.

4.  Class Plaintiffs bring this action on behalf of themselves, and other similarly-situated employees who were employed by Defendant and are being terminated without cause on February 15, 2019, as part of, or as the result of, the plant closing/termination of operations ordered by the Defendant and who were not provided 60 days advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*, and the Millville Dallas Airmotive Plant Loss Job Notification

---

[2] Klehr Harrison Harvey Branzburg, LLP has been directly retained by more than 100 employees. Counsel expects that additional employees will continue to be retained by the firm in connection with this action.

Act ("NJ WARN Act"), N.J.S.A. § 34:21-1 *et seq.*, referred to hereafter collectively as the "WARN Acts."

5. Class Plaintiffs, and the members of the class they seek to represent, have not received proper advance notification of their terminations, in violation of the WARN Acts and/or state wage and employee laws. Class Plaintiffs, and the members of the class they are seeking to represent, also may not receive payments owed to them under Defendant's compensation and benefit plans, actual payroll checks for payment of wages/salary, vacation benefits, deferred compensation and bonuses, including incentive bonuses, severance and retention bonuses, that were subsequently not honored or paid. The Plaintiffs bring this action on behalf of themselves, and other similarly situated employees who worked for Defendant and are being terminated without cause, as part of, or as the result of, mass layoffs and Facility closings being ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the WARN Acts.

6. Class Plaintiffs and all similarly-situated employees seek to recover 60 days' wages and benefits, pursuant to the WARN Acts, from NEMF. Class Plaintiffs and all similarly-situated employees who are being terminated within 180 days of the Petition date and are entitled to wage priority status pursuant to United States Bankruptcy Code § 507(a)(4) and/or § 507(a)(5).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

9. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (D). This is a core proceeding under 28 U.S.C. § 157(b)(2).

## THE PARTIES

10. Defendant is a New Jersey corporation with its principal place of business and corporate headquarters located at 1-71 North Avenue East, Elizabeth, New Jersey, 07201-2859.

11. Class Plaintiffs were full-time employees of at Defendant's Pennsauken, New Jersey facility. Like Class Plaintiffs, all employees similarly situated to Class Plaintiffs were employed by Defendant or its affiliates and worked at or reported to one of Defendant's Facilities. Defendant stated that employees, including Class Plaintiffs, would be laid off on February 15, 2019.

## FACTUAL ALLEGATIONS

12. Until February 15, 2019, or within 90 days of that date, Plaintiffs and all similarly situated employees were employed by Defendant and worked at or reported to one of the Facilities.

13. Upon information and belief, Defendant made the decision to terminate all employees, including Class Plaintiffs and the other similarly situated employees, on or about February 15, 2019, without having provided sixty (60) days notice under the WARN Act and the state WARN Acts.

## WARN ACT CLASS ALLEGATIONS

14. Class Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. §2101 *et seq.*, on behalf of themselves and on behalf of all other similarly-situated employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a), who worked at or reported to one of Defendant's employment sites and are being terminated without cause as the reasonably foreseeable consequence of the plant closing ordered by Defendant, and who are

4

affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

15. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Upon information and belief, Class Plaintiff believes that the WARN Class consists of at least 500+ employees. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

16. On information and belief, the identity of the members of the class and the recent residential address of each of the WARN Class Members is contained in the books and records of Defendant.

17. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

18. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(i) whether the members of the WARN Class were employees of Defendant who worked at or reported to one of Defendant's employment sites;

(ii) whether Defendant is unlawfully terminating the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(iii) whether Defendant is unlawfully failing to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

20. Class Plaintiffs' claims are typical of those of the WARN Class. Class Plaintiffs, like other WARN Class members, worked at or reported to one of Defendant's employment sites and are being terminated without cause as part of the plant closing ordered by Defendant.

21. Class Plaintiffs will fairly and adequately protect the interests of the WARN Class. Class Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

22. Defendant intends to terminate the employment of Class Plaintiffs on February 15, 2019 and all other WARN Class Members as part of a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which Class Plaintiffs and all other WARN Class Members were entitled to receive 60 days advance written notice under the WARN Act.

23. Class certification of these claims is appropriate under Fed. R. Bankr. P. 7023, which incorporates Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

24. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

25. Class Plaintiffs intend to send notice to all WARN Class Members to the extent required by Rule 23.

## NEW JERSEY WARN ACT CLASS ALLEGATIONS

26. Class Plaintiffs bring this Second Claim for Relief for violation of the NJ WARN Act on behalf of themselves and a class of similarly-situated persons pursuant to N.J.S.A. § 34:21-1 *et seq*. and Federal Rules of Civil Procedure 23(a) and (b), who worked at or reported to Defendant's New Jersey employment sites and are being terminated without notice or cause as a result of Defendant's termination of business operations (the "NJ WARN Class").

27. The persons in the NJ WARN Class identified above ("NJ WARN Class Members") are so numerous that joinder of all members is impracticable. Upon information and belief, Class Plaintiffs believe that the NJ WARN Class consists of at least 500+ employees. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

28. On information and belief, the identity of the members of the NJ WARN Class and the recent residential address of each of the NJ WARN Class Members is contained in the books and records of Defendant.

29. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NJ WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

30. Common questions of law and fact exist as to members of the NJ WARN Class, including, but not limited to, the following:

(i) whether the members of the NJ WARN Class were employees of Defendant who worked at a covered employment site of Defendant;

        (ii)      whether Defendant is unlawfully terminating the employment of the NJ WARN Class Members without cause on their part and without giving them 60 days advance written notice in violation of the NJ WARN Act; and

        (iii)      whether Defendant is unlawfully failing to pay the NJ WARN Class members severance pay and benefits as required by the NJ WARN Act.

31.    Class Plaintiffs' claims are typical of those of the NJ WARN Class. Class Plaintiffs, like other NJ WARN Class Members, worked at or reported to Defendant's New Jersey employment sites and are being terminated as part of the business closings orchestrated and ordered by Defendant.

32.    Class Plaintiffs will fairly and adequately protect the interests of the NJ WARN Class. Class Plaintiffs have retained counsel competent and experienced in complex class actions on behalf of employees, including the NJ WARN Act, the Federal WARN Act, other similar state laws, and employment litigation.

33.    Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NJ WARN Class predominate over any questions affecting only individual members of the NJ WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly in the context of NJ WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual members of the NJ WARN Class are small compared to the expense and burden of individual prosecution of this litigation.

34.    Concentrating all the potential litigation concerning the NJ WARN Act rights of the members of the NJ WARN Class in this Court will obviate the need for unduly duplicative

litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NJ WARN Act rights of all the members of the NJ WARN Class.

35. Class Plaintiffs intend to send notice to all NJ WARN Class Members to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Count I: Violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*

36. Class Plaintiffs re-allege and incorporate by reference the allegations contained in each of the preceding paragraphs of the Complaint as if fully set forth herein.

37. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business both during and after Defendant's decision to orchestrate the shut-down of business operations.

39. Defendant ordered and arranged for a plant closing, as that term is defined by 29 U.S.C. § 2101(a)(2).

40. The plant closing at Defendant's employment sites resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the employment sites, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

41. Class Plaintiffs and the WARN Class Members are being terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the plant closing ordered by Defendant.

9

42. Class Plaintiffs and the WARN Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

43. Defendant was required by the WARN Act to give Class Plaintiffs and the WARN Class Members at least 60 days advance written notice of their terminations.

44. Defendant is failing to give Class Plaintiffs and the WARN Class Members written notice that complied with the requirements of the WARN Act.

45. Class Plaintiffs and each of the WARN Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. Defendant is failing to pay Class Plaintiffs and each of the WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and upon information and belief, is failing to make the pension and 401(k) contributions from and after the dates of their respective terminations.

47. The relief sought in this proceeding is equitable in nature.

**Count II: Violation of the New Jersey WARN Act, N.J.S.A. § 34:21-1 *et seq*.**

48. Class Plaintiffs re-allege and incorporate by reference the allegations contained in each of the proceeding paragraphs of the Complaint as if fully set forth herein.

49. Class Plaintiffs and similarly-situated NJ WARN Class Members who worked at or reported to Defendant's employment sites in New Jersey and other "covered establishments" are "employees" of Defendant as defined in the NJ WARN Act.

50. Defendant is terminating the employment of Class Plaintiffs and each of the NJ WARN Class Members pursuant to a "termination of operations" as defined in the NJ WARN Act.

51. At all relevant times, Defendant was an "employer" as defined in the NJ WARN Act.

52. Defendant is violating the NJ WARN Act by ordering the termination of operations at its employment sites in New Jersey without giving written notice at least 60 days before the order took effect to: (1) each affected employee; (2) the New Jersey Commissioner of Labor and Workforce Development; and (3) the chief elected official of each municipality within which the termination occurred.

53. As a result of Defendant's violation of the NJ WARN Act, Class Plaintiffs and each of the NJ WARN Class Members are entitled to damages equal to one week of pay for each full year of employment with Defendant, with the rate of pay calculated at the average regular rate of compensation received by the employee during the last three (3) years of employment, or the final regular rate of compensation paid to the employee, whichever rate is higher.

54. Class Plaintiffs will incur, and each of the NJ WARN Class Members will incur, attorneys' fees in prosecuting this claim, and are entitled to an award of attorneys' fees pursuant to the NJ WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly-situated persons, prays for the following relief as against Defendant:

(1) Certification of this action as a Class Action;

(2) Designation of Class Plaintiffs as Class Representatives;

(3) Appointment of the undersigned counsel as Class Counsel;

(4) A priority administrative expense claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Class Plaintiffs and each of

11

the WARN Class Members incur in prosecuting this action, as authorized by the WARN Act and/or other applicable laws;

(5) A priority expense claim against Defendant pursuant to 11 U.S.C. § 507 in favor of the WARN Class Members who are being terminated within the 180 days preceding the Petition date, equal to the sum of their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions for a period of 60 days, as well as any civil penalties and/or other damages in accordance with the WARN Act and/or other applicable laws;

(6) A priority expense claim against Defendant pursuant to 11 U.S.C. § 507 in favor of the NJ WARN Class Members who are being terminated within the 180 days preceding the Petition date, equal to one week of pay for each full year of employment with Defendant, with the rate of pay calculated at the average regular rate of compensation received by the employee during the last three (3) years of employment, or the final regular rate of compensation paid to the employee, whichever rate is higher, in addition to any civil penalties and/or other damages in accordance with the NJ WARN Act and/or other applicable laws;

(7) Such other and further relief as this Court may deem just and proper.

**KLEHR HARRISON HARVEY BRANZBURG LLP**

Dated: February 14, 2019

*/s/ Christopher J. Leavell*
Charles A. Ercole, Esquire
Christopher J. Leavell, Esquire

*Counsel for Mary Carlin and Dan Webster,
Individually and as Class Representatives*