UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail: kgiannelli@gibbonslaw.com
mconlan@gibbonslaw.com
btheisen@gibbonslaw.com
*Proposed Counsel to the Debtors
and Debtors-in-Possession*

Order Filed on March 1, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al*.,

Debtors.[1]

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

**ORDER APPROVING GLOBAL EMPLOYEE SETTLEMENTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND BANKRUPTCY RULE 9019**

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

**DATED: March 1, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2715646.2 115719-100281

Page: 2
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Approving Global Employee Settlements Pursuant to
11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rule 9019

---

Upon consideration of the motion (the "**Motion**") of the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule[2] 9019, approving the terms of (i) the Union Plant Closing Agreement by and between Debtor New England Motor Freight, Inc. ("**NEMF**") and the International Association of Machinists and Aerospace Workers, including its affiliated District Lodge 15 and Local Lodge 447 (collectively, the "**Union**"), (ii) the Union Letter Agreement, and (iii) the Debtors entry into Non-Union Severance Agreements with respect to certain terminated Non-Union Employees; and the Court having considered the Supplemental Colistra Declaration and the Second Supplemental Colistra Declaration and all filed objections to the Motion, and in consideration of all rights as reserved on the record at the March 1, 2019 hearing (the "**Hearing**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2); and Motion Notice having been served by the Debtors on each Union Employee and Non-Union Employee pursuant to the Motion Notice attached to the *Supplemental Colistra Declaration* as **Exhibit C** (which Motion Notice was approved by the Court on February 22, 2019); and notice of the Motion being sufficient under the circumstances; and the relief granted herein being subject to all rights of JP Morgan Chase Bank, N.A. and TD Bank, N.A. with respect to cash collateral; and

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

Page: 3
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Approving Global Employee Settlements Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rule 9019

---

it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the Hearing, and all the proceedings had before this Court; and any objections to the Motion having been withdrawn or overruled; and this Court having found and determined that the relief sought in the Motion and its legal and factual bases establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Union Plant Closing Agreement attached to the *Supplemental Colistra Declaration* as Exhibit A, the Union Letter Agreement attached to the *Supplemental Colistra Declaration* as Exhibit B and the Non-Union Severance Agreements with the Non-Union Employees substantially in the form attached to the *Supplemental Colistra Declaration* as Exhibit D, as modified to reflect the agreement for additional severance as described below (the "Additional Severance Agreement") and a 14 day period in Section 7 of the Non-Union Severance Agreements (collectively, the "**Global Settlements**") are hereby approved pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019.

3. The Debtors are authorized to enter into each of the Global Settlements and otherwise comply with the provisions set forth in each.

4. Authorization of the severance payments and the continuation of medical coverage for terminated Employees through April 13, 2019 shall not be deemed to constitute the post-petition assumption of any executory contract pursuant to section 365 of the Bankruptcy Code.

Case 19-12809-JKS    Doc 155    Filed 03/01/19    Entered 03/01/19 17:43:24    Desc Main
Document    Page 4 of 6

Page:      4
Debtors:   New England Motor Freight, Inc., *et al*.
Case No.:  19-12809 (JKS)
Caption:   Order Approving Global Employee Settlements Pursuant to
           11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rule 9019

5. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim(s).

6. Nothing in this Order shall affect the Debtors' right to contest in the ordinary course of business the amount or validity of any amounts claimed to be due in connection with any medical claim submitted by any terminated employee or their respective medical providers.

7. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, amount, classification, or priority of any claim against any of the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law, (b) a waiver of the rights of any of the Debtors or any other party in interest, or shall impair the ability of any of the Debtors or any other party in interest, to contest the validity, amount, classification, or priority of any claim, or payment made pursuant to this Order; or (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a request or authorization to assume, adopt, or reject any agreement or contract (except the CBAs) pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

8. As set forth in the Union Letter Agreement, effective as of the date that the last Union Employee is terminated, each of the Debtors' CBAs with the Union shall be deemed

Page: 5
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Approving Global Employee Settlements Pursuant to
11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rule 9019

---

terminated, and neither the Union nor any of its members shall have any continuing rights under any such CBA, except as otherwise expressly set forth in the Union Plant Closing Agreement.

9. As part of the Global Settlements, NEMF agrees to provide the Employees with additional severance payments totaling up to an additional $2.7 Million, less Court approved attorney's fees to WARN Action counsel of no more than $300,000, after consideration of an application by WARN Action counsel therefor and any objections thereto by any party-in-interest (other than the Debtors). Any such additional severance payments to Non-Union Employees will be conditioned upon those employees accepting the Non-Union Severance Agreement. Each Employee's pro rata share of the additional severance funds will be paid using the same weighted formula (i.e. based on each employee's respective base salary) as all other severance payments being made pursuant to the Global Settlement Agreements. Such additional severance payments will be made as promptly as possible upon sufficient funds being available to the NEMF estate as determined by NEMF. The pro rata share of any additional severance payment to any Non-Union Employee that fails to timely remit an executed Non-Union Severance Agreement will remain the property of NEMF's estate, subject to the reservation of rights placed on the record by counsel to the Official Committee of Unsecured Creditors at the Hearing.

10. The Debtors are authorized to take all actions reasonably necessary to effectuate the relief granted pursuant to this Order.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived.

Page: 6
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Approving Global Employee Settlements Pursuant to
11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rule 9019

---

12. The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors and (i) the requirements of Bankruptcy Rule 6003 are deemed satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

13. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14. The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) days after entry of this Order.

15. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.