| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**LOWENSTEIN SANDLER LLP**<br>Mary E. Seymour, Esq.<br>Joseph J. DiPasquale, Esq.<br>John P. Schneider, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br>mseymour@lowenstein.com<br>jdipasquale@lowenstein.com<br>jschneider@lowenstein.com<br><br>- and-<br><br>**ELLIOTT GREENLEAF, P.C.**<br>Rafael X. Zahralddin-Aravena, Esq.<br>Jonathan M. Stemerman, Esq.<br>Sarah Denis, Esq.<br>1105 Market Street, Suite 1700<br>Wilmington, DE 19801<br>Telephone: (302) 384-9400<br>Facsimile: (302) 384-9399<br>rxza@elliottgreenleaf.com<br>jms@elliottgreenleaf.com<br>sxd@elliottgreenleaf.com<br>*Proposed Co-Counsel to the Official Committee of Unsecured Creditors* |

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1]<br><br>Debtors. | Case No. 19-12809 (JKS)<br><br>Chapter 11<br><br>Hon. John K. Sherwood, U.S.B.J. |

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**MOTION FOR AN ORDER ESTABLISHING PROCEDURES**
**FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c)**

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

36527/2
03/14/2019 203892990.1

## TO ALL PARTIES IN INTEREST

**PLEASE TAKE NOTICE** that on April 9, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned attorneys for the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 bankruptcy cases of the above-captioned debtors and debtors-in-possession (together, the "Debtors") will move (the "Motion") before the Honorable John K. Sherwood, U.S.B.J., Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102, Courtroom #3D, for entry of an Order establishing certain procedures for compliance with sections 1102(b)(3) and 1103(c) of Title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that pursuant to D.N.J. LBR 9013-1(d) all responsive papers must be filed with the Clerk of the Bankruptcy Court and the attorneys for the Committee within seven (7) days of the return date of this Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to D.N.J. LBR 9013-3(d) the Committee hereby requests oral argument if this Motion is opposed.

**PLEASE TAKE FURTHER NOTICE** that pursuant to D.N.J. LBR 9013-3(a), in the event the Motion is contested, there is a duty to confer to determine whether a consent order may be entered disposing of the Motion or to stipulate to the resolution of as many issues as possible.

*(the remainder of this page has intentionally been left blank)*

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served the Motion shall be deemed uncontested in accordance with D.N.J. LBR 9013-(d), and the relief requested may be granted without a hearing.

Dated: March 14, 2019               **LOWENSTEIN SANDLER LLP**

*s/ Joseph J. DiPasquale*

Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mseymour@lowenstein.com
jdipasquale@lowenstein.com
jschneider@lowenstein.com

-and-

**ELLIOTT GREENLEAF, P.C.**
Rafael X. Zahralddin-Aravena, Esq.
Jonathan M. Stemerman, Esq.
Sarah Denis, Esq.
1105 Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
rxza@elliottgreenleaf.com
jms@elliottgreenleaf.com
sxd@elliottgreenleaf.com
*Proposed Co-Counsel to the Official*
*Committee of Unsecured Creditors*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**LOWENSTEIN SANDLER LLP**<br>Mary E. Seymour, Esq.<br>Joseph J. DiPasquale, Esq.<br>John P. Schneider, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br>mseymour@lowenstein.com<br>jdipasquale@lowenstein.com<br>jschneider@lowenstein.com<br><br>- and-<br><br>**ELLIOTT GREENLEAF, P.C.**<br>Rafael X. Zahralddin-Aravena, Esq.<br>Jonathan M. Stemerman, Esq.<br>Sarah Denis, Esq.<br>1105 Market Street, Suite 1700<br>Wilmington, DE 19801<br>Telephone: (302) 384-9400<br>Facsimile: (302) 384-9399<br>rxza@elliottgreenleaf.com<br>jms@elliottgreenleaf.com<br>sxd@elliottgreenleaf.com<br>*Proposed Co-Counsel to the Official Committee of Unsecured Creditors* | |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1]<br><br>            Debtors. | Case No. 19-12809 (JKS)<br><br>Chapter 11<br><br>Hon. John K. Sherwood, U.S.B.J. |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER ESTABLISHING PROCEDURES
<u>FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c)</u>**

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

36527/2
03/14/2019 **203892721**.1

The official committee of unsecured creditors (the "Committee") appointed in the Chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned proposed co-counsel, hereby moves this Court (the "Motion") for entry of an Order establishing certain procedures for compliance with sections 1102(b)(3) and 1103(c) of Title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 107(b)(1), 1102(b)(3), and 1103(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9018.

## RELEVANT BACKGROUND

3. On February 11, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. No trustee or examiner has been appointed in the Chapter 11 Cases.

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

5. On February 21, 2019, (the "Formation Date"), the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. The Committee is comprised of the following five

(5) members: (i) IAM National Pension Fund; (ii) AAA Cooper Transportation; (iii) Landstar Transportation Logistics, Inc.; (iv) Superior Distributors Co., Inc.; and (v) Guttman Oil Co.[2] The Committee subsequently selected Lowenstein Sandler LLP and Elliott Greenleaf, P.C. to serve as its co-counsel.

## RELIEF REQUESTED

6. The Committee seeks entry of an Order, effective as of the Formation Date, (i) clarifying that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate proprietary, non-public confidential information (the "Confidential Information") concerning the Debtor, and (ii) deeming the Committee, its retained professionals and advisors to be in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of certain procedures described herein (the "Procedures").

7. The relief requested in this Motion carefully balances the Debtors' interest in safeguarding Confidential Information from public dissemination with the Committee's interest in performing its statutory obligations.

8. The Committee's counsel intends to establish a website (the "Website") to make certain non-confidential information available to general unsecured creditors. The Website address will be: **www.donlinrecano.com/nemfcc**.

9. The information available on the Website will include, but will not be limited to: (i) the Petition Date, case number, and general information regarding the Debtors' Chapter 11 Cases; (ii) the contact information for the Debtors, the Debtors' professionals, the Committee, and the Committee's professionals and advisors; (iii) information regarding significant events in the Chapter 11 Cases and relevant deadlines, including any claims bar date and any pleadings that are relevant thereto; (iv) press releases, if any, issued by the Committee

---

[2] *See* Amended Notice of Appointment of Official Committee of Unsecured Creditors [ECF No. 114].

or by the Debtors; (v) periodic updates concerning general case information; and (vi) any other non-confidential information which the Committee or its counsel, in their sole discretion, deems appropriate, subject to any restrictions and limitations imposed by the Court.

10. Additionally, the Website will allow general unsecured creditors to send questions and comments in connection with the Chapter 11 Cases (the "E-Mail Correspondence"). Any written communication with general unsecured creditors with respect to E-Mail Correspondence will be made by the Committee's counsel, in their reasonable discretion.

11. The Committee shall consult with the Debtors in identifying Confidential Information. The Committee agrees to engage in good faith negotiations with the Debtors to resolve any dispute as to whether information has been properly designated as Confidential Information. If negotiations do not result in an agreement, the Committee may seek the Court's assistance in resolving the dispute with at least five (5) business days' notice.

12. Further, the Committee requests that the Order granting the Motion be effective immediately upon its entry by the Court.

## BASIS FOR RELIEF

13. Section 1102 of the Bankruptcy Code requires the dissemination of information to creditors which hold unsecured claims but who are not appointed to the creditors' committee. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA") enacted section 1102(b)(3)(A), which requires that creditors' committees "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee."

14. Because section 1102(b)(3)(A) does not clearly define the scope of information which creditors' committees must make available to creditors, the specific disclosure requirements of section 1102(b)(3)(A) remain unclear.[3]

15. The legislative history of section 1102(b)(3) likewise fails to describe, limit, or provide any interpretative guidance. The Congressional House Report merely states that:

> "Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors, and pursuant to court order, make additional reports or disclosures available to them."[4]

16. An expansive interpretation of section 1102(b)(3) would require creditors' committees to provide access to and to disclose all information received in connection with the bankruptcy case, regardless of whether such information was confidential or privileged. Such a broad reading of section 1102(b)(3) often creates tension between debtors and creditors' committees to the extent that creditors seek access to confidential or proprietary information. Consequently, an overly expansive reading of section 1102(b)(3)(A) might "impose an obligation contrary to other applicable laws and the [c]ommittee's fiduciary duties and hamper the [c]ommittee's performance under section 1103 of the Bankruptcy Code."[5]

17. Section 1103(c) of the Bankruptcy Code sets forth the primary duties of creditors' committees, including, but not limited to, investigating the acts of the debtor and participating in the formulation of a plan. To properly perform its duties under section 1103(c), the Committee must have access to the Debtor's Confidential Information. To facilitate open communication, the Debtors and the Committee are bound by certain confidentiality requirements.

---

[3] *See In re Refco, Inc.,* 336 B.R. 187 (Bankr. S.D.N.Y. 2006).
[4] *See* H.R. Rep. No. 109-31, Pt. 1, 109th Cong. 1st Sess. 87 (2005).
[5] *Refco,* 336 B.R. at 190.

18.    The Committee believes that the sharing of *all* information without limitations would be detrimental to the Debtors' business and ability to maximize value and the Committee's ability to fulfill its duties.  Among other things, disclosure of business costs and proprietary practices would allow competitors to compete for business in an unfair manner. Similarly, information relating to the Debtors' employees is sensitive in nature, and public disclosure of that information would be damaging to the Debtors' operations.  If there were a risk the Confidential Information could be disclosed to any creditor, the Debtors would probably be unwilling to share such information with the Committee.  Consequently, the Committee would be unable to gain access to Confidential Information and to discharge its statutory obligations under the Bankruptcy Code.

19.    The statutory provision requiring creditors' committees to provide unfettered access to information also impacts the attorney-client privilege, as well as the work product privilege between a committee and its counsel or other agents.[6]  In *Refco*, the bankruptcy court for the Southern District of New York noted that "[m]aintaining confidentiality against unsecured creditors generally may be necessary to preserve the committee's attorney-client privilege."[7]  The court stated further that "one should proceed cautiously concerning the disclosure of information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3)."[8]

20.    Given the magnitude of this issue, the Committee seeks clarification and confirmation that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate proprietary, non-public Confidential Information and attorney-client

---

[6] *Cf. In re Baldwin-United Corp.*, 38 B.R. 802, 805 (Bankr. S.D.Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege).
[7] 336 B.R. at 197.
[8] *Id.*

-6-

communications concerning the Debtors, and that the Committee and its professionals and advisors are in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of the Procedures.

21. Various statutory provisions empower this Court to grant the relief requested herein. Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Because section 1102(b)(3)(A) of the Bankruptcy Code could have a substantial chilling effect on information the Debtors might be willing to share with the Committee, or in the Committee's development of independent analysis, the Committee submits that the relief requested herein is necessary and appropriate so that it may fulfill its statutorily mandated duties under sections 1102(b)(3) and 1103(c) of the Bankruptcy Code.

22. In addition, section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court *shall* . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."[9] Similarly, Federal Rule of Bankruptcy Procedure 9018 ("Rule 9018") permits the Court to enter "any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Thus, the Committee submits that section 107(b)(1) and Rule 9018 empower this Court to protect the Debtors' Confidential Information from disclosure to general unsecured creditors.[10]

---

[9] Emphasis added.

[10] Courts within the Third Circuit routinely grant relief similar to that which is requested herein. *See, e.g., In re Verso Corp., et al.,* Case No. 16-10163 (KG) (Bankr. D. Del. April 19, 2016); *In re Malibu Lighting Corporation, et al.,* Case No. 15-12080 (KG) (Bankr. D. Del. Nov. 17, 2015); *In re The Standard Register Company, et al.*, Case No. 15-10541 (BLS) (Bankr. D. Del. April 24, 2015); *In re Handy Hardware Wholesale, Inc.,* Case No. 13-10060 (MFW) (Bankr. D. Del. Feb. 25, 2013); *In re Hussey Copper Corp., et al.,* Case No. 11-13010 (BLS) (Bankr. D. Del. Dec. 8, 2011); *In re Manistique Papers, Inc.,* Case No. 11-12562 (KJC) (Bankr. D. Del. Nov. 28, 2011); *Chef Solutions Holdings, LLC, et al.*, Case No. 11-13139 (KG) (Bankr. D. Del. Nov. 13, 2011); *In re Sun-Times Media Group, Inc., et al.,* Case No. 09-11092 (CSS) (Bankr. D. Del. June 10, 2009); *In re Pliant Corporation, et al.*, Case No. 09-10443 (MFW) (Bankr. D. Del. April 1, 2009); *In re AFY Holding Company,* Case No. 08-12175 (PJW) (Bankr. D. Del. Oct. 30, 2008); *In re American LaFrance, LLC*, Case No. 08-10178 (BLS) (Bankr. D. Del. Mar. 17,

23. The requirements of sections 1102(b)(3) and 1103(c) of the Bankruptcy Code must be properly balanced. The Committee submits that the Procedures proposed herein will provide a manner for general unsecured creditors to contact the Committee or its counsel and will provide those creditors access to information as required by section 1102(b)(3). At the same time, the Procedures also reflect and take into account the interests of the Debtors in preventing the dissemination of Confidential Information to the general public.

## NOTICE

24. Notice of this Motion has been provided to the following parties or, in lieu thereof, to their counsel, if known: (i) the U.S. Trustee; (ii) those parties which were disclosed by the Debtors on the Master Service List; and (iii) all parties which have filed a request for notice pursuant to Federal Rule of Bankruptcy Procedure 2002.[11] In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Motion is required.

## NO PRIOR REQUEST

25. No previous motion for the relief requested herein has been made by the Committee to this or any other court.

[*Remainder of this Page Intentionally Left Blank*]

---

2008); *In re Domain, Inc.*, Case No. 08-10132 (PJW) (Bankr. D. Del. Feb. 20, 2008); *In re Global Home Products, LLC*, Case No. 06-10340 (KG) (Bankr. D. Del May 4, 2006); *In re Nellson Nutraceutical, Inc.*, Case No. 06-10072 (PJW) (Bankr. D. Del. Feb. 26, 2006); *In re Nobex Corp.*, Case No. 05-20050 (MFW) (Bankr. D. Del. Feb. 10, 2006).

[11] The Master Service List contains the names and contact information of the Debtors' secured lenders and 30 largest unsecured creditors (or the contact information of their counsel).

**WHEREFORE**, the Committee respectfully requests that the Court grant the Motion and enter an Order, effective *nunc pro tunc* to the Formation Date: (i) deeming the Committee and its professionals and advisors to be in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of the Procedures; (ii) finding that the Committee is not required to share the Confidential Information with general unsecured creditors; and (iii) granting such other related relief as the Court deems appropriate.

Dated: March 14, 2019

**LOWENSTEIN SANDLER LLP**

*s/ Joseph J. DiPasquale*

Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mseymour@lowenstein.com
jdipasquale@lowenstein.com
jschneider@lowenstein.com

-and-

**ELLIOTT GREENLEAF, P.C.**
Rafael X. Zahralddin-Aravena, Esq.
Jonathan M. Stemerman, Esq.
Sarah Denis, Esq.
1105 Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
rxza@elliottgreenleaf.com
jms@elliottgreenleaf.com
sxd@elliottgreenleaf.com
*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*