| |
|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY <br> **Caption in compliance with D.N.J. LBR 9004-1** <br> **GIBBONS P.C.** <br> Karen A. Giannelli, Esq. <br> Mark B. Conlan, Esq. <br> Brett S. Theisen, Esq. <br> One Gateway Center <br> Newark, New Jersey  07102 <br> Telephone:  (973) 596-4500 <br> Facsimile:   (973) 596-0545 <br> E-mail:  kgiannelli@gibbonslaw.com <br>             mconlan@gibbonslaw.com <br>             btheisen@gibbonslaw.com <br> *Counsel to the Debtors* <br> *and Debtors-in-Possession* |

| | |
|---|---|
| In re: <br> NEW ENGLAND MOTOR FREIGHT, INC., *et al*., <br> Debtors.[1] | Chapter 11 <br> Case No. 19-12809 (JKS) <br> (Jointly Administered) |

# ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY, (II) AUTHORIZING THE ABANDONMENT OF RELATED PROPERTY, (III) ESTABLISHING A CLAIMS BAR DATE, AS APPLICABLE, AND (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:     2
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-Residential Real Property, (II) Authorizing the Abandonment of Related Property, (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief

Upon the Motion[2] of the Debtors in the above-captioned Chapter 11 Cases seeking, pursuant to sections 105(a), 365(a), and 554 of the Bankruptcy Code and rule 6006 and 6007 of the Federal Rules of Bankruptcy Procedure, the entry of an order (i) authorizing the Debtors' rejection of the unexpired leases of non-residential real property listed on Exhibit A attached hereto, (ii) authorizing the abandonment of Related Property, (iii) establishing a deadline to file proofs of claim, as applicable, and (iv) granting related relief; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Designated Leases listed on Exhibit A are, or shall be, deemed rejected effective as of the Rejection Date indicated on Exhibit A.

3. The counterparties to the Designated Leases shall be prohibited from setting off or otherwise using security deposits or other monetary deposits in their possession or control to reduce their claim(s) against the Debtors without prior Court approval.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page: 3
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-Residential Real Property, (II) Authorizing the Abandonment of Related Property, (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief

4. Any party in interest that asserts a claim arising out of, or related to, the rejection of Designated Leases and/or the removal or disposition of Related Property, must file a proof of claim *by the later of* either: (i) the deadline established in these Chapter 11 Cases for the filing of proofs of claim ("Claims Bar Date") or (ii) sixty (60) days after the Rejection Date (the "Rejection Bar Date" and together with the Claims Bar Date, the "Bar Date"). If such a claim is not filed by the applicable Bar Date, said claim shall be barred from receiving any distribution in these Chapter 11 Cases.

5. The rights of all parties, including the Debtors, to contest any and all claims arising out of, or related to, the rejection by the Debtors of Designated Leases and/or the removal or disposition of Related Property are fully preserved.

6. The Debtors are deemed to have abandoned the Related Property as of the applicable Rejection Date. Moreover, the landlord of any premises subject to a Designated Lease may, in their sole discretion and without further notice, dispose of such Related Property on or after the applicable Rejection Date without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The Debtors shall use reasonable efforts to remove any leased Related Property from the premises subject to a Designated Lease prior to the applicable Rejection Date.

7. The right of any party-in-interest to assert a claim against the Debtors' estate for costs associated with the removal or disposition of Related Property is fully preserved; provided that any such claim must be filed by the applicable Bar Date; and provided further that the rights of all parties, including those of the Debtors, to contest any such claim are fully preserved.

Case 19-12809-JKS    Doc 297-1    Filed 03/21/19    Entered 03/21/19 15:38:58    Desc
Proposed Order    Page 4 of 4

Page:      4
Debtors:   New England Motor Freight, Inc., *et al*.
Case No.:  19-12809 (JKS)
Caption:   Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-Residential Real Property, (II) Authorizing the Abandonment of Related Property, (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief

8. The Debtors shall notify any party known by the Debtors to assert or hold an interest in the Related Property by service of this Order on such party.

9. The requirements set forth in Bankruptcy Rules 6006 and 6007 and Local Rule 6007-1, are satisfied by the contents of the Motion or otherwise deemed waived.

10. Consistent with Bankruptcy Rule 6006(g), this Order constitutes a separate order with respect to each Designated Lease and the notice of rejection of such Designated Lease covered hereby.

11. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.