Order Filed on April 4, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1 |
| **ELLIOTT GREENLEAF, P.C.**<br>Rafael X. Zahralddin-Aravena (*Admitted pro hac vice*)<br>Jonathan M. Stemerman (*Admitted pro hac vice*)<br>Sarah Denis (*Admitted pro hac vice*)<br>1105 Market Street, Suite 1700<br>Wilmington, DE 19801<br>Phone: (302) 384-9400<br>Facsimile: (302) 384-9399<br>E-mail: rxza@elliottgreenleaf.com<br>E-mail: jms@elliottgreenleaf.com<br>E-mail: sxd@elliottgreenleaf.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

| | |
|---|---|
| In re:<br>NEW ENGLAND MOTOR FREIGHT, INC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF ELLIOTT GREENLEAF, P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 21, 2019**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: April 4, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 identification number are as follo... Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMFLogistics, LLC (4666).

36527/2
03/22/2019 **203956602**.1

Page: 2
Debtor: New England Motor Freight, Inc. *et al.*
Case No. 19-12809 (JKS)
Title of Order: Order Authorizing and Approving the Employment and Retention of Elliott Greenleaf, P.C. as Counsel to the Official Committee of Unsecured Creditors, Effective as of February 21, 2019

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors") for authorization to employ and retain Elliott Greenleaf, P.C. ("EG") to serve as counsel for the Committee, *nunc pro tunc* to February 21, 2019; and upon consideration of the Declaration of Rafael X. Zahralddin-Aravena in support of the Application; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that EG does not hold or represent an interest adverse to the Debtors' estates, and is a disinterested person under Section 101(14) of the Bankruptcy Code; and the Court having found that the employment and retention of EG is necessary and in the best interest of the Debtors, their estates, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED** as follows:

1. The Application is granted as set forth herein.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

Page: 3
Debtor: New England Motor Freight, Inc. *et al.*
Case No. 19-12809 (JKS)
Title of Order: Order Authorizing and Approving the Employment and Retention of Elliott Greenleaf, P.C. as Counsel to the Official Committee of Unsecured Creditors, Effective as of February 21, 2019

2. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 2014-1 of the Local Rules, the Committee is authorized and empowered to employ and retain EG, *nunc pro tunc* to February 21, 2019, to serve as its counsel in the above-captioned Chapter 11 Cases.

3. EG shall be compensated in accordance with the procedures set forth in sections 328, 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any applicable orders entered by this Court in respect of compensation of professionals.

4. EG shall apply for compensation for professional services and reimbursement of expenses in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to any other applicable procedures and orders of the Court.

5. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Committee's retention of EG, EG shall not seek reimbursement of expenses for office supplies.

6. EG also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, both in connection with this application and the interim and final fee applications to be filed by EG in these Chapter 11 Cases.

Page: 4
Debtor: New England Motor Freight, Inc. *et al.*
Case No. 19-12809 (JKS)
Title of Order: Order Authorizing and Approving the Employment and Retention of Elliott Greenleaf, P.C. as Counsel to the Official Committee of Unsecured Creditors, Effective as of February 21, 2019

7.	EG shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Committee's retention of EG are implemented and shall file such notice with the Court, provided, however, that in the event that the EG attorneys responsible for this matter do not have sufficient advance notice of such rate increases, EG shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the EG attorneys responsible for this matter.

8.	The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.	This Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation of implementation of this Order.