UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mseymour@lowenstein.com
jdipasquale@lowenstein.com
jschneider@lowenstein.com
*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

**Order Filed on April 8, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Case No. 19-12809 (JKS) |
| New England Motor Freight, Inc., *et al.*,[1] | Chapter 11 |
| Debtors. | Hon. John K. Sherwood, U.S.B.J. |

## REVISED ORDER ESTABLISHING PROCEDURES
## FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c)
## BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED**

**DATED: April 8, 2019**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Debtors: New England Motor Freight, Inc., *et al.*

Case No.: 19-12809 (JKS)

Caption: Revised Order establishing procedures for compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) by the Official Committee of Unsecured Creditors

---

**THIS MATTER** having come before the Court upon the motion (the "Motion")[2] of the official committee of unsecured creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for entry of an Order establishing procedures for the Committee's compliance with sections 1102(b)(3) and 1103(c) of Title 11 of the United States Code (the "Bankruptcy Code"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and it appearing that notice of the Motion as it pertains to the entry of this Order was good and sufficient under the circumstances and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed the Motion and the objections thereto, if any; and the Court having considered the arguments of counsel as it relates to the relief requested in the Motion at a hearing before the Court, if any; and it appearing that the entry of this Order is in the best interest of the Committee, the Debtors and their estates, creditors, and other stakeholders; and after due deliberation and for good cause shown, it is hereby **ORDERED:**

1.    The Motion is granted as provided herein.

2.    The relief granted herein shall be effective *nunc pro tunc* to February 21, 2019.

3.    The Committee, its professional and advisors, and its individual members and their respective representatives shall be deemed in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by: (i) establishing a website at **www.donlinrecano.com/nemfcc** (the "Website") to make certain non-confidential

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Revised Order establishing procedures for compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) by the Official Committee of Unsecured Creditors

information available to general unsecured creditors; (ii) making available on the Website information regarding the Chapter 11 Cases, including: (a) the Petition Date, the case number, and general information about the Debtor's Chapter 11 Cases; (b) the contact information    for the Debtors, the Debtors' professionals, the Committee, and the Committee's professional and advisors; (c) information regarding significant events in the Chapter 11 Cases and relevant deadlines, including the claims bar date and any pleadings relevant thereto; (d) any press releases issued by the Committee and/or the Debtor; (e) periodic updates of general information regarding the Chapter 11 Cases; (f) any pleadings or information filed with the Court or otherwise made publicly available or any other information that the Committee, after consultation with the Debtor and/or its professionals, deems appropriate, subject to any further restrictions and limitations imposed by the Court; (iii) allowing general unsecured creditors to send questions and comments in connection with the Chapter 11 Cases on the Website (the "E-Mail Correspondence"); and (iv) authorizing the Committee and its counsel, in their reasonable discretion, to review and, subject to the restrictions and limitations herein, respond to the E-Mail Correspondence.

4.    The Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with general unsecured creditors and/or to respond to E-Mail Correspondence on behalf of the Committee.

5.    Nothing in this Order requires the Committee to provide information to any creditor if, in its judgment, it is unduly burdensome or calls for the disclosure of Confidential Information, unless directed to do so by further order of the Court.

3

Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Revised Order establishing procedures for compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) by the Official Committee of Unsecured Creditors

6.      The Committee shall not have or incur liability to any entity for any act or acts, whether taken or omitted, with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code, so long as the Committee and its professionals have acted in compliance with the procedures set forth herein and in any confidentiality agreement; provided, however, that the foregoing shall not preclude or abridge the right of any general unsecured creditor to move before the Court for an Order requiring the production of other or additional information, to the extent available.  Provided further that nothing contained in this Order shall (i) modify or abridge immunities otherwise available to the Committee or professionals and advisors employed by the Committee under applicable bankruptcy and/or non-bankruptcy law, nor (ii) modify or abridge the rights of the Debtors with respect to any Confidential Information, or rights under confidentiality agreements with any member or members of the Committee or their professionals and/or advisors.

7.      Nothing in this Order requires the Committee to provide access to, information to, or solicit comments from, any entity which has not demonstrated to the satisfaction of the Committee that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

8.      The Committee shall consult with the Debtors in identifying Confidential Information; provided, however, that any information provided to the Committee by the Debtors marked "Confidential" shall be deemed to be Confidential Information.  The Committee and Debtors shall engage in good faith negotiations to resolve any dispute as to whether information has been properly designated as Confidential Information, but if

4

Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Revised Order establishing procedures for compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) by the Official
Committee of Unsecured Creditors

the negotiations are not successful, the Committee and the Debtors may seek the Court's assistance in resolving any such dispute.  Prior to reaching agreement or obtaining an order of the Court, the Committee shall not disseminate such Confidential Information.  To the extent the Committee disseminated any item containing information that the Debtor asserts is Confidential Information, the Committee shall take all necessary steps to secure the return of such Confidential Information and preclude further dissemination of such Confidential Information pending further order of the Court."  Should any aspect of this Order conflict with any confidentiality agreement entered into by the Debtor and individual members of the Committee and/or its professionals or advisors, those confidentiality agreements shall control.

9.      Entry of this Order is without prejudice to the rights of the Committee to seek a further Order of the Court addressing any additional relief concerning compliance with section 1102(b)(3) of the Bankruptcy Code.

10.     Nothing in this Order shall prejudice or otherwise affect the procedural rights of creditors to seek relief under section 1102(b)(3)(C) of the Bankruptcy Code.

11.     The Court shall retain exclusive jurisdiction with respect to all matters arising under and relating to the implementation of this Order.