**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
     mconlan@gibbonslaw.com
     btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) ESTABLISHING BAR DATES AND PROCEDURES AND
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), file this *Motion for Entry of an Order (I) Establishing Bar Dates and Procedures and (II) Approving the Form and Manner of Notice Thereof* (the "***Motion***") and in support respectfully submit the following:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of New Jersey, dated September 18, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The bases for the relief requested herein are sections 105(a) and 341 of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 1007, 2002, and 3003(a) of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***"), and D.N.J. LBR 3003-1.

## II.    BACKGROUND

3. On February 11, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under chapter 11 of the Bankruptcy Code with the intent to commence an orderly wind-down and liquidation of their businesses and assets through the chapter 11 cases (the **"Chapter 11 Cases"**). The Debtors are in possession of their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

4. Factual background relating to the Debtors' businesses, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the First Day Declaration of Vincent Colistra (the **"First Day Declaration"**) which was filed on the Petition Date [Docket No. 22] and is incorporated herein by reference.

5. On April 5, 2019, each of the Debtors filed their respective Schedules of Assets and Liabilities (collectively, the "***Schedules***") and Statements of Financial Affairs (collectively, the "**SOFAs**").

**RELIEF REQUESTED**

6. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) establishing claims bar dates and related procedures; and (b) approving the form and manner of notice thereof.

**I.    CLAIMS BAR DATES AND PROCEDURES**

**A.    Claims Bar Dates.**

7. Bankruptcy Rule 3003(a) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(a). Accordingly, the Debtors request that the Court set bar dates for filing proofs of claim and proofs of interest in the Cases.

8. Specifically, the Debtors request that the Court establish: (a) the deadline for holders of prepetition claims ("*General Claims*") to file proofs of claim and proofs of interest as **5:00 p.m. (prevailing Eastern Time) on June 18, 2019** (the "*Claims Bar Date*"); and (b) the deadline for governmental entities to file proofs of claim as **August 12, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "*Governmental Bar Date*" and, together with the Claims Bar Date, the "*Bar Dates*"), which is more than 180 days of the Petition Date.

9. **Amended Schedules Bar Date**. In the event that the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment or supplement to the holders of Claims affected thereby. The Debtors thus propose that the deadline for any such holders to file a Proof of Claim shall be **the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the Debtors provide notice to the holder of the amendment** (the "*Amended Schedules Bar*

*Date*"). Any person or entity that files a Proof of Claim before the Schedules are amended shall not be required to file another Proof of Claim.

10. **Rejection Bar Date.** Certain entities may assert Claims (each, a "*Rejection Damages Claim*") in connection with the Debtors' rejection of executory contracts and/or unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert a Rejection Damages Claim must file a Proof of Claim based on such rejection by **the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the entry of the order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party** (the "*Rejection Bar Date*").

B. **Parties Required to File Proofs of Claim.**

11. Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

> a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's schedules of assets and liabilities or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of the chapter 11 cases;
>
> b. any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;
>
> c. any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    d.    any person or entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**B.    Parties Not Required to File Proofs of Claim by the Claims Bar Date.**

12.    The Debtors propose that the following persons or entities whose claims otherwise would be subject to the Claims Bar Date need not file Proofs of Claim:

    a.    any person or entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Donlin, Recano & Company, Inc. ("**DRC**"), the Debtors' proposed claims and noticing agent, in a form substantially similar to Official Form 410;

    b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c.    any person or entity whose claim has previously been allowed by order of the Court;

    d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

    e.    any Debtor having a claim against any another Debtor;

    f.    any person or entity whose claim is based on an equity interest in any of the Debtors;

    g.    any person or entity holding a claim for which a separate deadline is fixed by this Court;

    h.    any person or entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any person or entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the Claims Bar Date;

    i.    Professionals retained by the Debtors or any statutory committees (each a "Committee") pursuant to orders of the Court who assert administrative claims for

fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c); and

j.   Any person or entity holding a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930.

13.   The Debtors propose that any entity holding an interest in the Debtors (an "*Interest Holder*"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "*Interest*"), need not file a proof of interest on or before the General Bar Date; *provided*, *however*, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this Motion applies.

### C.   Procedures for Filing Proofs of Claim

14.   The Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims. The Debtors propose to serve on all known entities holding potential prepetition General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as **Exhibit B** (the "*Bar Date Notice*"); and (b) for parties filing proofs of claim with respect to General Claims, a proof of claim form substantially in the form attached as **Exhibit C** (the "*Proof of Claim Form*" and, collectively with the Bar Date Notice, the "*Bar Dates Notice Package*").

15.   The Debtors, with the assistance of DRC, have prepared the Proof of Claim Form. The Proof of Claim Form substantially conforms to Official Form 410, but is tailored to these chapter 11 cases. The substantive modifications to the Official Form 410 proposed by the Debtors include the following:

6

      a.      adding a field to determine whether a 503(b)(9) Claim is being asserted; and

      b.      indicating how the Debtors have identified each creditor's respective claim on the Schedules, including the amount of the claim, type of Claim held by such creditor (i.e., non-priority unsecured, priority unsecured, secured), and whether the claim has been listed as contingent, unliquidated, and/or disputed.

16. When sent to a creditor, the Proof of Claim Form will be further customized (to the extent possible) to contain certain information about the creditor. Any entity that relies on the information in the Schedules will bear full and absolute responsibility for determining that its Claim is accurately listed therein.

17. As soon as practicable, but no later than five (5) business days after entry of the Order, the Debtors intend to mail the Bar Dates Notice Package by first-class United States mail, postage prepaid (or equivalent service), to: (a) all holders of claims or potential claims listed in the Debtors' Schedules; (b) the Office of the United States Trustee for the District of New Jersey; (c) counsel to any statutory committees (collectively, the "**Committees**") that may be appointed in the chapter 11 cases; (d) all parties that have requested notice in the chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order; (e) all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives; (f) all parties to litigation with the Debtors; (g) the Internal Revenue Service for this district and all other taxing authorities for the jurisdictions in which the Debtors conduct business; (h) all relevant state attorneys general; (i) all holders of record of any Interests in any of the Debtors as of the date of the Bar Date Order; and (j) all other entities listed on the Debtors' respective matrices of creditors.

18. The Proof of Claim Form will state, along with the claimant's name: (a) whether the claimant's claim is listed in the Schedules and, if so, the Debtor against which the claimant's

7

claim is scheduled; (b) whether the claimant's claim is listed as disputed, contingent or unliquidated; (c) whether the claimant's claim is listed as secured, unsecured or priority; and (d) the dollar amount of the claim (as listed in the Schedules). Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

19.  For any claim to be validly and properly filed, a claimant must deliver a completed, signed original of the Proof of Claim Form together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to DRC at the address identified on the Bar Date Notice so as to be received no later than 5:00 p.m., prevailing Eastern Time on the applicable Bar Date. All such filed Proof of Claim Forms must: (a) be written in English; (b) be denominated in lawful currency of the United States; and (c) conform substantially with the Proof of Claim Form. The Debtors propose that claimants be permitted to submit Proof of Claim Forms in person or by courier service, hand delivery or mail. Proof of Claim Forms submitted by facsimile or e-mail will not be accepted. Proof of Claim Forms will be deemed filed when actually received by DRC. If a claimant wishes to receive acknowledgement of DRC's receipt of a Proof of Claim Form, the claimant also must submit to DRC by the applicable Bar Date and concurrently with submitting its original Proof of Claim Form (a) a copy of the original Proof of Claim Form and (b) a self-addressed, stamped return envelope.

20.  After the initial mailing of the Bar Date Package, the Debtors anticipate that it may be appropriate to make supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case the

Debtors should not be required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties in interest decline to pass along notices to such interested parties and instead return such interested parties' names and addresses to the Debtors for direct mailing by the Debtors, and (c) additional potential claimants subsequently become known to the Debtors as a result of the Bar Date noticing process or otherwise.

21.    In this regard, the Debtors request that the Court permit them, with the assistance of DRC, to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time in advance of the Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to recipient creditors. The Debtors believe that these proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.

22.    As soon as practicable, but no later than five (5) business days after entry of the Order, the Debtors also will post the Proof of Claim Form and the Bar Date Notice on the website established by DRC for the Debtors' chapter 11 cases (https://www.donlinrecano.com/Clients/nemf/Index).

23.    The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of a failure to timely file a Proof of Claim, and where parties can find further related information.

**D.    Effect of Failure to File a Proof of Claim.**

24.    The Debtors propose that entities that fail to properly file a Proof of Claim Form by the applicable Bar Date be forever barred, estopped and enjoined from: (a) asserting any prepetition claim against the Debtors that such entity may possess and that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as

undisputed, noncontingent, and liquidated or (ii) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such entity (any such claim under this subparagraph (a) being referred to herein as an "***Unscheduled Claim***"); and (b) voting upon, or receiving distributions under, any chapter 11 plan in the chapter 11 cases in respect of an Unscheduled Claim.

        **E.**        **Filing Claims against Multiple Debtors; Failure to Identify a Debtor.**

25.        The Debtors also propose that all entities asserting claims against multiple Debtors must file a separate form with respect to each such Debtor and identify on each form the particular Debtor against which such entities assert their respective claims. Requiring entities to identify the Debtor against which such entity asserts a claim will expedite the Debtors' review of the claims in the chapter 11 cases and will cause no undue burden on claimants. The Debtors also propose that, if a form lists multiple Debtors, then the Debtors will treat such claims as filed only against the first listed Debtor. Finally, the Debtors propose that any form filed under the jointly administered case number for the chapter 11 cases, or any form that otherwise fails to identify a Debtor, be deemed as filed only against New England Motor Freight, Inc.

        **F.**        **Publication of Bar Date Notice.**

26.        Notwithstanding the Debtors' efforts to identify the potential claims against them that might exist, certain potential claims against the Debtors may exist that the Debtors are unable to identify. Such unknown potential claims may include, for example, (a) claims of entities with potential unasserted causes of action against the Debtors; and (b) claims that, for various other reasons, are not recorded in the Debtors' books and records. Accordingly, the Debtors believe that (a) it is necessary to provide notice of the Bar Dates to entities with potential General Claims whose names and addresses are unknown to the Debtors, and (b) it is advisable to provide supplemental notice to known holders of General Claims.

27. Therefore, pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors request authority to publish notice of the Bar Dates substantially in the form attached hereto as **Exhibit D** (the "*Publication Notice*") in such publications as may be deemed appropriate as a means to provide notice of the Bar Dates to such unknown potential claimants. The Debtors will cause such publication to occur no later than five (5) business days after serving the Bar Dates Notice Package. As set forth in **Exhibit D** hereto, the Publication Notice will contain (a) a website address where potential claimants may download the relevant claim form and related instructions; and (b) a telephone number whereby potential claimants can seek additional information with respect to filing General Claims.

28. As a result of all of these procedures and efforts, and the establishment of the Bar Dates as requested in this motion, claimants will have or should have the information necessary to be able to file claims in the chapter 11 cases.

## WAIVER OF MEMORANDUM OF LAW

29. Because the legal bases upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 90131(a)(3).

## NO PRIOR REQUEST

30. No prior motion for the relief requested herein has been made to this Court or any other court.

2721839.1 115719-100281

## **PRAYER**

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed Order, substantially in the form submitted herewith, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: April 9, 2019　　　　　　　　　　　Respectfully submitted,
Newark, New Jersey

　　　　　　　　　　　　　　　　　　　　**GIBBONS P.C.**

　　　　　　　　　　　　　　　　　　　　By: /s/ *Karen A. Giannelli*
　　　　　　　　　　　　　　　　　　　　　　Karen A. Giannelli, Esq.
　　　　　　　　　　　　　　　　　　　　　　Mark B. Conlan, Esq.
　　　　　　　　　　　　　　　　　　　　　　Brett S. Theisen, Esq.
　　　　　　　　　　　　　　　　　　　　　　One Gateway Center
　　　　　　　　　　　　　　　　　　　　　　Newark, New Jersey 07102
　　　　　　　　　　　　　　　　　　　　　　Telephone: (973) 596-4500
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (973) 596-0545
　　　　　　　　　　　　　　　　　　　　　　E-mail: kgiannelli@gibbonslaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　mconlan@gibbonslaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　btheisen@gibbonslaw.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel to the Debtors and Debtors-in-Possession*

2721839.1 115719-100281