Richard J. Albuquerque, Esquire
D'ARCY JOHNSON DAY
Attorneys for Creditor, Michael Singley
3120 Fire Road
Suite 100
Egg Harbor Township, NJ 08234
Phone: (609) 641-6200
Facsimile: (609) 641-2677
Email: RA@DJD.LAW

HEARING DATE: April 30, 2019
TIME: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT
DISCTRICT OF NEW JERSEY

In Re:

NEW ENGLAND MOTOR FREIGHT, INC., ET AL1,

Debtor,

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

CHAPTER 11
Case No. 19-12809-JKS

RICHARD J. ALBUQUERQUE, ESQUIRE, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury as follows:

1. I am a Partner with the Law Firm of D'Arcy Johnson Day, attorneys for Michael Singley, a creditor in the above-referenced matter. I make this declaration in support of Mr. Singley's motion, pursuant to 11 U.S.C. §§361 and 362, for relief from the automatic stay, to enable him to continue his New Jersey Superior Court personal injury action against Debtors New England Motor Freight, Inc. and Jans Leasing Corp. (hereinafter after "NEMF" and "JANS").

2. Mr. Singley is a resident of Wildwood, County of Cape May, New Jersey.

---

1 The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

1

3. At all times relevant, NEMF and JANS operated a trucking business, with a principal place of business at 1-71 North Avenue East, Elizabeth, NJ, 01201.

4. On March 15, 2017, Mr. Singley was caused to suffer personal injuries as a result of a motor vehicle accident on State Highway 55 in Vineland, New Jersey.

5. NEMF and JANS were the owners and/or operator of a certain 2003 Mack 99 tractor trailer bearing New Jersey license plate number AN951FLF, involved in aforesaid motor vehicle accident (hereinafter the "Vehicle").

6. At the time of the accident the Vehicle was driven by David Wood, who as an employee of NEMF and JANS.

7. On or about January 24, 2019, Mr. Singley commenced an action in New Jersey Superior Court, Cape May County, seeking compensation from NEMF, JANS, David Wood, and other defendants for personal injuries as a result of the aforesaid motor vehicle accident ("Superior Court Action"). A copy of the Summonses and Complaint are attached hereto at Exhibit "A."

8. At the time of the accident, NEMF and JANS were insured under policy of insurance issued by Protective Insurance Company, Policy #B-131114/B-13115B-131 with a $5,000,000.00 combined single limit occurrence. A copy of the Declaration Page is attached at Exhibit "B."

9. On or about February 11, 2019 NEMF and JANS filed for bankruptcy in this Court, triggering a stay of the Superior Court action as against NEMF and JANS.

10. Upon being notified of the bankruptcy filing, the judge presiding over the Superior

Court action stayed the entire case.

11. Debtors subsequently filed an adversary proceeding (#19-12809) and motion seeking to extend the automatic stay to cover Mr. Wood, as well as other similarly situation driver employed by Debtors. [Adv. Pro. Dkt. No.1]

12. Annexed hereto at Exhibit "C" is a recent Motor Carrier Report from the Federal Motor Carrier Safety Administration ("FMCSA") regarding the NEMF and JANS. This report shows that NEMF and JANS is not exempt from carrying insurance or a surety bond2 (i.e., it is not self-insured)3; has a minimum financial responsibility for bodily injury and property damages ("BIPD") OF $1,000,000; is required to have a surety bond; a surety bond is on file; and, as of the date of the report, has BIPD financial responsibility coverage of $1,000,000.

13. Page seven of the aforementioned report, it states that NEMF and JANS maintained a $1,000,000 surety bond with Protective Insurance Company for the period of April 10, 2012 through May 4, 2018 (Policy/Surety Number: B-13115).

14. Mr. Singley could potentially recover from this surety bond should he obtain a judgment against Mr. Wood and/or NEMF and JANS.

15. Mr. Singley seeks relief from the automatic stay as to NEMF, JANS and Mr. Wood (if applicable) in order to have his claim against them, and others, finally determined.

---

2 The report states that EFW utilized a "Form 82," meaning Form MCS-82 and that EFW offered a surety bond for is financial responsibility obligation.
3 Thomas Archer, Esq., counsel for another creditor in this case (Jalil Walters) has also offered proof that Debtors are not registered and qualified as a self-insured with the Federal Motor Carrier Safety Administration ("FMCSA")[Dkt. No. 266-5].

16. Mr. Singley's claim against NEMF and JANS is based on a pre-petition tort, and is therefore, general and unsecured. As set forth in the Memorandum of Law that accompanies this Motion, Mr. Singley's claim cannot be liquidated in this Court. It may only be liquidated in an appropriate District Court or State Court. Since NEMF and JANS have not moved to have Mr. Singley's claim transferred to a District Court, the only issue before this Court is whether relief from the automatic stay should be granted.

17. Section 362(d)(1) of the Bankruptcy Code permits a court to modify the stay for "cause."

18. In the present case, the Cape May County Superior Court is a forum that can award complete relief to all parties involved, and thus, relief from the automatic stay will promote judicial economy.

19. In addition, the Superior Court Action will not interfere with the bankruptcy case. Relief from the automatic stay will not prevent Debtors from confirming a plan of liquidation. In addition, upon information and belief NEMF, JANS, and Mr. Wood are currently represented by Attorney Rubenstein, who is in-house counsel for NEMF and JANS. We believe Mr. Rubenstein handles the vast majority of the Debtors' personal injury cases. It would be more efficient for the Debtors to continue to employ the services of Mr. Rubenstein to defend these cases than to send them to outside defense counsel. However, if Debtors choose not to do so, then they will have made a calculated risk to accept the resulting consequences.

20. Finally, any claim that Mr. Wood will not defend himself if NEMF and JANS do not

4

provide representation is purely speculative. Mr. Wood faces personal liability for his actions and thus has great incentive to mount a defense to Mr. Singley's claims. Regardless, the fact that Mr. Wood may choose not to defend himself is not a reason to prevent Mr. Singley from pursuing his claims.

21. There is also no prejudice to the interests of the other creditors. Presuming there are surety bonds to cover NEMF and JANS self-insured retention under the excess policy, when combined with excess policy coverage.

22. Regardless, there 72 other personal injury actions pending against the Debtors – all of which have to be liquidated. Even if there are no surety bonds, all of these plaintiffs (including Mr. Singley) have a right to have his claim liquidated and share in the monies distributed to other unsecured creditors. Since there is an alleged self-retention. Debtors are going to have hold money in reserve to account for potential unsecured claims of plaintiffs such as Mr. Singley, regardless of the forum in which such claims are decided.

23. Finally, the equities fall clearly in favor of Mr. Singley. He has already suffered serious personal injuries as a result Defendants' actions. Denying him the ability to complete, or further delaying the completion of, the Superior Court Action would only harm him further, while unjustly enriching the other unsecured creditors in this case. Based upon the foregoing, Mr. Singly submits that there is "cause" for relief from the automatic stay.

24. In the event that a judgment, assessment and/or recovery is rendered or obtained against NEMF and JANS in favor of Mr. Singley in the Superior Court Action, and to the

extent that is it not paid by the surety bond, insurance or other jointly and severally liable defendant, Mr. Singley agrees to amend his proof of claim to reflect an unsecured claim for said amount. Mr. Singley further agrees that he shall not attempt to enforce all or any part of said judgment, assessment and/or recovery against NEMF and JANS in the Superior court Action with the exception of the proof of claim. If such judgment, assessment and/or recovery is fully paid (or there is a settlement), Mr. Singley shall withdraw his proof of claim.

25. Pursuant to 11 U.S.C. § 1746, I certify that under penalty of perjury that the foregoing is true and correct 5ot the best of my knowledge and belief.

Dated: April 10, 2019

D'ARCY JOHNSON DAY
Attorneys for Michael Singley

BY:/s/ Richard J. Albuquerque
    RICHARD J. ALBUQUERQUE, ESQ.
    3120 Fire Road, Suite 100
    Egg Harbor Township, NJ 08234
    609-641-6200