|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY **Caption in compliance with D.N.J. LBR 9004-1** **GIBBONS P.C.** Karen A. Giannelli, Esq. Mark B. Conlan, Esq. Brett S. Theisen, Esq. One Gateway Center Newark, New Jersey 07102 Telephone: (973) 596-4500 Facsimile: (973) 596-0545 E-mail: kgiannelli@gibbonslaw.com mconlan@gibbonslaw.com btheisen@gibbonslaw.com *Proposed Counsel to the Debtors and Debtors-in-Possession* | Order Filed on April 10, 2019 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In re: NEW ENGLAND MOTOR FREIGHT, INC., *et al.*, Debtors.[1] | Chapter 11 Case No. 19-12809 (JKS) (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS' EMPLOYMENT AND RETENTION OF WHITEFORD TAYLOR & PRESTON LLP AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: April 10, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Upon consideration of the ap[plication]

and debtors-in-possession (collectiv[ely]

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2723056.1 115719-100281

Page: 3
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Authorizing Debtors' Employment and Retention of Whiteford Taylor & Preston LLP as Special Counsel Pursuant to 11 U.S.C. § 327(e) Effective as of the Petition Date

---

authorizing the Debtors to employ and retain Whiteford Taylor & Preston LLP ("WTP") as special counsel to the Debtors for corporate, real estate, financing, tax and litigation matters pursuant to section 327(e) of title 11 of 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Application being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court, after hearing the arguments of the Office of the United States Trustee ("UST") and counsel to the Official Committee of Unsecured Creditors (the "Committee"), having determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors on the limited bases set forth below; and after due deliberation and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED THAT**:

    1.    The Application is **GRANTED** as set forth herein.

    2.    The retention of WTP as special counsel to the Debtors is hereby authorized and approved pursuant to 11 U.S.C. § 327(e), effective as of February 11. 2019 (the "Petition Date"), for the services rendered by WTP to date. Any future services for which WTP is being engaged shall be approved only upon the filing by WTP and service upon UST and the Committee of WTP's supplemental disclosures related to the specific services for which WTP is being engaged.

Page: 4
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Authorizing Debtors' Employment and Retention of Whiteford Taylor & Preston LLP as Special Counsel Pursuant to 11 U.S.C. § 327(e) Effective as of the Petition Date

---

3. Any and all compensation to be paid to WTP for services rendered on the Debtors' behalf shall be fixed by application to this Court in accordance with Sections 330 and 331 of the Bankruptcy Code and such Rules of Local and Federal Bankruptcy Procedure as may then be applicable, unless an alternate arrangement for interim compensation is authorized by the Court.

4. A copy of this Order shall be served on all parties-in-interest within seven (7) days hereof.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.