Order Filed on April 16, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
         mconlan@gibbonslaw.com
         btheisen@gibbonslaw.com

*Counsel to the Debtors and Debtors-in-Possession*

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

**ORDER (I) APPROVING THE TERMS OF THE DEBTORS' KEY
EMPLOYEE RETENTION PLAN, (II) AUTHORIZING
IMPLEMENTATION OF DEBTORS' KEY EMPLOYEE RETENTION
PLAN, AS AMENDED, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: April 16, 2019**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Document    Page 2 of 3

Page:     2
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order (I) Approving the Terms of the Debtors' Key Employee Retention Plan,
          (II) Authorizing Implementation of Debtors' Key Employee Retention Plan,
          as Amended, and (III) Granting Related Relief

---

Upon consideration of the motion, as such motion was amended on the record at the April 8, 2019 hearing (the "**Motion**"), of the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order pursuant to sections 105(a), 363(b) and 363(c) of the Bankruptcy Code[2], authorizing and approving the Debtors' Key Employee Retention Plan (the "**KERP**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held on April 8, 2019, to consider the relief requested in the Motion (the "**Hearing**"); and upon the arguments of counsel and the entire record of this Chapter 11 Cases and other matters of which this Court may properly take judicial notice; and upon the Declaration of Vincent Colistra (the "**Colistra Declaration**") in support of the Motion and testimony given at the Hearing; and any objections to the Motion having been withdrawn or overruled; and this Court having found and determined that the relief sought in the Motion and its legal and factual bases establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

Page:     3
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order (I) Approving the Terms of the Debtors' Key Employee Retention Plan, (II) Authorizing Implementation of Debtors' Key Employee Retention Plan, as Amended, and (III) Granting Related Relief

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The KERP is approved on the terms described in the Motion.

3. Implementation of the KERP is based on the Debtors' sound business judgment and is justified by the facts and circumstances of the Debtors' Chapter 11 Cases.

4. Pursuant to sections 105(a), 363(b), and 363(c) of the Bankruptcy Code, the Debtors are authorized to take all necessary actions to implement the KERP and to make all payments pursuant thereto.

5. The Debtors are hereby authorized to offer and pay eligible employees in accordance with the terms of the KERP.

6. All amounts earned and payable under the KERP shall not exceed $350,000 in the aggregate, which amounts shall be accorded administrative expense status and priority under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

7. The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors and (i) the requirements of Bankruptcy Rule 6003 are deemed satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

8. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.