UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
         mconlan@gibbonslaw.com
         btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*

Order Filed on April 18, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

**ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002(a)(3) AND 9019 AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO COMPROMISE AND SETTLE CERTAIN ACCOUNTS RECEIVABLE AND OFFSET CERTAIN CUSTOMER CLAIMS RELATING THERETO**

The relief set forth on

**DATED: April 18, 2019**

five (5), is hereby **ORDERED**.

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:     2
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order Authorizing the Establishment of Procedures to Compromise and Settle Accounts Receivable and Customer Claims

---

Upon consideration of the motion (the "**Motion**"),[1] of New England Motor Freight, Inc. and its affiliated debtors, as debtors and debtors in possession (the "**Debtors**") for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002(a)(3) and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), establishing certain procedures to compromise and settle certain accounts receivable and offset certain customer claims relating thereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey as amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 9019, the Debtors shall be, and hereby are, authorized to compromise and settle A/R and any Claims related thereto in accordance with the following procedures (the "**A/R Settlement Procedures**"):

    a. With respect to compromises in which the Debtors agree to reduce the amount to be collected on account of a customer's A/R (due to the setoff of Credits or otherwise) by an amount that is equal to or less than (i)

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Case 19-12809-JKS    Doc 480    Filed 04/18/19    Entered 04/18/19 12:14:27    Desc Main
Document      Page 3 of 5

Page:     3
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order Authorizing the Establishment of Procedures to Compromise and Settle Certain Accounts Receivable and Offset Certain Customer Claims Relating Thereto

$10,000, or (ii) 15% of the aggregate face amount of such A/R, as reflected on the Debtors' books and records, the Debtors shall be authorized to enter into such compromises without advance notice or the prior approval of this Court, provided, however, that the Debtors shall provide to counsel to the Committee and the U.S. Trustee, on a monthly basis, a schedule listing all such compromises reached during the prior month as set forth below.

b. With respect to compromises in which the Debtors agree to reduce the amount to be collected on account of a customer's A/R (due to the setoff of Credits or otherwise) by an amount that is between (i) $10,000 and $100,000, and (ii) greater than 15% of the face amount of such A/R, as reflected on the Debtors' books and records:

    (i) The Debtors shall provide advance written notice of each such proposed compromise along with a summary of the key terms thereof (the "**Settlement Summary**") to counsel to the Committee and the U.S. Trustee.

    (ii) If either (a) the Committee or (b) the U.S. Trustee objects to the proposed compromise within five (5) business days of the Debtors' provision of the Settlement Summary, the Debtors may either: (x) renegotiate the settlement and re-submit a revised Settlement Summary to the Committee and U.S. Trustee reflecting the new terms (in which case the Committee and U.S. Trustee shall have three (3) additional business days within which to submit a further objection to the Settlement Summary); or (y) file a motion pursuant to Bankruptcy Rule 9019 with the Court seeking approval of the existing Settlement Summary on no less than seven (7) calendar days' notice to the parties that received the Settlement Summary. If no objections are filed to the Motion, the court may enter an order approving the proposed settlement without a hearing.

    (iii) In the absence of an objection to a notice of the Settlement Summary within the applicable timeframe established above, the Debtors shall be deemed authorized to settle the claim as provided in the Settlement Summary without prior Court approval.

c. With respect to compromises in which the Debtors agree to reduce the amount to be collected on account of a customer's A/R (due to the setoff of Credits or otherwise) by an amount that greater than (i) $100,000 and

Case 19-12809-JKS    Doc 480    Filed 04/18/19    Entered 04/18/19 12:14:27    Desc Main
Document    Page 4 of 5

Page:      4
Debtors:   New England Motor Freight, Inc., *et al*.
Case No.:  19-12809 (JKS)
Caption:   Order Authorizing the Establishment of Procedures to Compromise and Settle Certain Accounts Receivable and Offset Certain Customer Claims Relating Thereto

    (ii) greater than 15% of the face amount of such A/R, as reflected on the Debtors' books and records:

    (i)    The Debtors shall file with the Court a notice of such compromise and a proposed order approving same on not less than seven (7) calendar days' notice, but will not be required to file a motion pursuant to Bankruptcy Rule 9019.

    (ii)    Absent an objection to the proposed settlement, the Court may enter an order approving the proposed settlement without further notice or a hearing. If there is an objection to a proposed settlement covered by this paragraph, the Debtors may either: (a) renegotiate the settlement and file a revised notice of compromise with the Court on no less than seven (7) calendar days' notice; or (b) file a motion pursuant to Bankruptcy Rule 9019 with the Court seeking approval of the existing settlement on no less than seven (7) calendar days' prior notice to counsel to the Committee and the U.S. Trustee.

    (iii)    Absent an objection to a revised notice of proposed settlement or a motion pursuant to Bankruptcy Rule 9019, as applicable, the Court may enter an order approving the proposed settlement without a hearing.

3. On a monthly basis, the Debtors will provide reports (the "**Monthly Reports**") of all settlements entered into by the Debtors during such month pursuant to the A/R Settlement Procedures to counsel to the Committee, on a professionals' eyes only basis, and the U.S. Trustee; provided, that no such report will be provided if no such settlements have been entered into during the prior month.

4. The Monthly Reports shall set forth the name of the party with whom the Debtors have settled, the face amount of the A/R as reflected in the Debtors' books and records, and the amounts for which the A/R ultimately were settled.

5. The Debtors are authorized, but not directed, to compromise and settle A/R and claims for Credits consistent with the A/R Settlement Procedures set forth herein; provided, that,

Page:     5
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order Authorizing the Establishment of Procedures to Compromise and Settle Certain Accounts Receivable and Offset Certain Customer Claims Relating Thereto

---

for the avoidance of doubt, nothing herein shall preclude the Debtors from settling any claims of or against their estates upon further application to the Court. The Debtors may not use the A/R Settlement Procedures to compromise and settle any claims held by the Debtors' insiders as defined in 11 U.S.C. § 101(31), affiliates, or equity holders.

6. Unless otherwise stated in a settlement of a A/R, the Debtors reserve and do not waive any and all rights the Debtors may have with respect to their customers and the A/R.

7. Notwithstanding Bankruptcy Rule 6004(h) or any other applicable Bankruptcy Rules, this Order shall be effective immediately upon entry.

8. This Court retains jurisdiction over any and all matters or disputes with respect to any of the relief granted in this Order.