UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
3131 Princeton Pike
Building 5, Suite 110
Lawrenceville, New Jersey 08648
(609) 890-1500
(609) 8980-6961 - facsimile
bwh@hofmeisterfirm.com
Attorneys for Debtor

| | |
|---|---|
| In Re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., et al.[1] | Case No.: 19-12809<br><br>Chapter 11<br><br>Judge: JKS |

## MEMORANDUM OF LAW IN SUPPORT OF CREDITOR LAWRENCE BANKS MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
3131 Princeton Pike
Building 5, Suite 110
Lawrenceville, New Jersey 08648
(609) 890-1500
(609) 8980-6961 - facsimile
bwh@hofmeisterfirm.com
Attorneys for Lawrence Banks

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Creditor, Lawrence Banks ("Banks") hereby submits this Memorandum of Law and the accompanying Certification of Lawrence Banks in support of his Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 of the Bankruptcy Code (the "Motion").

## PRELIMINARY STATEMENT

Creditor seeks relief from the automatic stay so that he may file suit and pursue the state court litigation claim against, amongst others, including New England Motor Freight, Inc. ("NEMF") and Eastern Freight Ways, Inc. ("EFW") (collectively, the "Debtors") in the Superior Court of Marion County, Indiana, (the "Indiana Claim"). Creditor desires to liquidate his claim and determine if the Debtors held the appropriate insurance.

Accordingly, for the reasons set forth herein, Creditor should be able to proceed with his Indiana Action.

## JURISDICTION

This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein is section 362(d)(l ) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## STATEMENT OF FACTS

### The Underlving Action

On November 28, 2017, Banks was operating a 2005 Harley Davidson motorcycle traveling northbound on Decatur Boulevard in Indianapolis, Marion County, Indiana. See Certification of Lawrence Banks in Support of the Motion for Stay Relief ("Banks Certif." 4).

On November 28, 2017, Aaron K. Lynn (hereinafter "A.K. Lynn") was operating a 2016 Freightliner Cascadia Tractor-Trailer ("Tractor-Trailer"), owned, operated, managed, leased and/or controlled by, amongst others, NEMF and EFW, traveling westbound on Narita Road, which intersects with Decatur Boulevard. Id. 5. A.K. Lynn had a stop sign controlling his lane of travel at the

intersection. Mr. Banks, traveling northbound on Decatur Boulevard, had no traffic control for his travel through the intersection.

A.K. Lynn failed to stop at his stop sign, driving through the intersection, in front of Mr. Banks' motorcycle causing a collision in which Mr. Banks hit the pavement, slid up under the trailer, and impacted parts of the trailer. At the time of the collision, A.K. Lynn was acting as the employee and/or agent of NEMF and EFW. Id. 6. Lynn was negligent, careless, and reckless in his operation of the vehicle in failing to properly stop at the stop sign and yield the right way to Mr. Banks. Id. 7. The collision caused Mr. Banks to sustain multiple impacts to different areas of his body and causing him significant physical injuries. Id. Attached to the Banks Certification as Exhibit "A" is a copy of the Police Report.

Creditor retained Indiana counsel to file a lawsuit for the Indiana Claim in Indiana State Court against the Debtors prior to the filing of this bankruptcy action.  Due to the Automatic Stay, no lawsuit has yet been filed. [2] Id. 10.

The Debtors hold Excess Indemnity Contracts ("EIC") which are not insurance policies, however, under the EIC's self-retention provisions, the Debtors are obligated to pay the first $500,000 in damages, fees, and costs (the "Self-Retention" or "Self-Insured"). The EIC carriers are only obligated to reimburse a debtor after the debtor has paid out any settlement or verdict, and then only for payments, fees, including attorneys' fees, and costs that exceed the $500,000 Self-Retention. See Adv. Pro. Docket 1, 40-41; See Certification of T. Blake Orner in Support of the Motion ("Orner Certif.") at ¶4.

In addition, upon information and belief, when a company is Self-Insured, it has to be bonded. According to the Federal Motor Carrier Safety Administration ("FMCSA"), NEMF is not registered and not qualified as self-insured. Mr. Orner performed a search of the FMCSA Motor Carrier database

---

[2] T. Blake Orner, Esq. represents the Creditor for the Indiana Claim.

and, upon information and belief, NEMF is not self-insured.   Mr. Orner contacted FMCSA to determine if NEMF is registered as self-insured. According to communication from FMCSA, NEMF is not self-insured.  See FMCSA Motor Carrier Search Records for New England Motor Freight, Inc., attached as Exhibit "A" to the Orner Certif. Id. 5.

If a carrier is not registered or qualified by FMCSA as self-insured, NEMF is required to carry an endorsement or a surety bond to secure the minimum requirements set forth below. Because NEMF includes transport of hazardous materials, it would be required to carry $1 million in coverage. Accordingly, the carrier, i.e., Protective Insurance Company ("Protective"), is required to pay whatever isn't covered (due to deductible or SIR) and then the carrier has a claim back against NEMF. Id. ii 6.

Upon information and belief, NEMF is operating under a Form (or BMC-82) 82 insurance registration. See March 7, 2019 email from (Carol) annexed to the Archer Certif. as Exhibit "A". If NEMF is using Form 82, NEMF's carrier, Protective, utilizes letters of credit to secure the insured's base layer, i.e., the $500,000. Protective will then typically set a reserve at 120% of the assessed exposure and secure this with letters of credit. In the event of a payable claim, the insurer pays the claim using the letter of creditor and then NEMF becomes liable to Protective and/or the bank for the forwarded deductible or SIR. So, in fact, Protective and/or the bank is the actual creditor whereas the claimant is paid vis-a-vis the third party. Id. 7.

Upon information and belief, however, NEMF is registered with FMCSA as having dollar one coverage up to $1 million. Id. ii 8.

According to 49 CFR § 387.301, subsection (a) Public liability, (1):

> No for hire-motor carrier or foreign (Mexican) motor private carrier or foreign motor carrier transporting exempt commodities subject to Subtitle IV, part B, chapter 135 of title 49, United States Code, shall engage in interstate or foreign commerce, and no certificate shall be issued to such a carrier or remain in force unless and until there shall have been filed with and accepted by the FMCSA surety bonds, certificates of insurance, proof of qualifications as self-insurer, or other securities or agreements in the amounts prescribed in § 387.303, conditioned to pay any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance or use of motor vehicles in transportation

subject to Subtitle IV, part B, chapter 135 of title 49, U.S.C., or for loss of or damage to property of others, or, in the case of motor carriers of property operating freight vehicles described in § 387.303(b)(2), for environmental restoration.

<u>See</u> 49 CFR § 387.301

Security for the protection of the public is defined in 49 CFR § 387.303 as follows:

(a) Definitions. (1) Primary security means public liability coverage provided by the insurance or surety company responsible <u>for the first dollar of coverage.</u> (2) Excess security means public liability coverage above the primary security, or above any additional underlying security, up to and including the required minimum limits set forth in paragraph (b)(2) of this section. (b)(l ) Motor carriers subject to §387.301(a)(l) are required to have security for the required minimum limits ...(iii) Freight vehicles of 10,001 pounds (4,536 kilograms) or more GVWR. Oil listed in § 172.101 of this title; hazardous waste, hazardous materials and hazardous substances defined in § 171.8 of this title and listed in § 172.101 of this title, but not mentioned in (b) above or (d) below. 1,000,000...

<u>See</u> 49 CFR § 387.303 (emphasis added)

As a result, not being qualified as a self-insured, NEMF is required to carry the endorsement or a surety bond to secure the minimum requirements. Because NEMF includes transport of hazardous materials, it would be required to carry $1 million in insurance coverage.

**The Bankruptcy**

On February 11, 2019, the Debtors, amongst others, each filed their own voluntary Chapter 11 petition (the "Petition") with this Court. Docket No. 1.

On February 13, 2019, the Debtors bankruptcy cases were jointly administered. Docket No. 44.

**LEGAL ARGUMENT**

**CREDITOR IS ENTITLED TO RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Section 362(d)( l) provides that, on request of a party in interest and after notice and a hearing, the court must grant relief from the automatic stay upon a demonstration of "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(l). "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis.

Clauson v. Mixson  (In re Mixson), 33 F.3d 4, 5 (4th Cir. 1994); In re RNI Wind  Down  Corp., et al,

348 B.R. 286, 299 (Bankr. D. Del. 2006) (denying stay  relief from failure to demonstrate cause); In re

Telegroup, Inc., 237 B.R. 87, 91 (Bankr. D.N.J.  1999).

"The most important factor in determining whether to grant relief from the automatic stay is to

permit litigation against the debtor in another forum is the effect of such litigation on the

administration of the estate." In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984).

"Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing

test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the

stay." In re The SCO Group, Inc., 395 B.R. 852, 856 (Bankr. D. Del.  2007). Pursuant to Section

362(d)(l) of the Bankruptcy Code, a party seeking relief from the automatic stay bears the initial

burden to establish a prima facie case that it is entitled to relief. Sonnax Indus., Inc. v Tri Component

Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990); In re Ronald Perlstein

Enterprises, Inc., 70 B.R. 1005, 1007 (Bankr. E.D. Pa. 1987).

Creditor seeks to liquidate his Indiana claim in an Indiana State Court action in order to recover

under certain insurance policies . See In re Todd Shipyards Corp., 92 B.R. 600 (Bankr.

D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the

Debtor's available insurance coverage and do not seek relief from the stay in order to attach the

property of the Debtor, such relief does not interfere with the bankruptcy proceedings."); In re 15375

Memorial Corp., 382 B.R. 652,  689 (Bankr. D. Del. 2008)  ("Whereas here, the Plaintiffs have

agreed that they will not seek any recovery from estate assets, there is no basis for continuing the

automatic stay.")

Any claim for which insurance does not exist, shall be filed as an unsecured claim.

Here, the Creditor has demonstrated cause for relief from the automatic stay to file suit, and

pursue and liquidate his claim against the Debtors through litigation in an Indiana State Court Action.

Accordingly, the Motion should be granted.

## **CONCLUSION**

For the  foregoing reasons,  the Creditor respectfully  requests  that the  Court  grant the relief

sought herein in its entirety, and such other and further relief as is just and equitable.


LAW FIRM OF BRIAN W. HOFMEISTER, LLC
Attorneys for Lawrence Banks


By:    */s/Brian W. Hofmeister*_____
Brian W. Hofmeister

Dated: April 29, 2019