| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br>**Caption in compliance with D.N.J. LBR 9004-1**<br>**GIBBONS P.C.**<br>Karen A. Giannelli, Esq.<br>Mark B. Conlan, Esq.<br>Brett S. Theisen, Esq.<br>One Gateway Center<br>Newark, New Jersey  07102<br>Telephone:  (973) 596-4500<br>Facsimile:  (973) 596-0545<br>E-mail:  kgiannelli@gibbonslaw.com<br>           mconlan@gibbonslaw.com<br>           btheisen@gibbonslaw.com<br><br>*Counsel to the Debtors and Debtors-in-Possession* | **Order Filed on May 1, 2019 by**<br>**Clerk U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**ORDER ESTABLISHING BAR DATES AND PROCEDURES
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The relief set forth on the following pages, numbered two (2) through and including ten (10), is hereby **ORDERED**.

**DATED: May 1, 2019**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:     2
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

---

Upon consideration of the motion (the "**Motion**") of the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (the "**Order**") establishing claims bar dates and procedures and approving the form and manner of notice thereof, all as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. Any objections to the Motion that has not been withdrawn or otherwise resolved are hereby **OVERRULED**.

3. Except as otherwise provided herein, all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors (each, a "**Claim**," and

2721839.1 115719-100281

Case 19-12809-JKS    Doc 534    Filed 05/04/19    Entered 05/05/19 00:34:09    Desc
Imaged Certificate of Notice    Page 3 of 12

Page:     3
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

collectively, "**Claims**"), including, without limitation, any claims under section 503(b)(9) of the Bankruptcy Code (each, a "**503(b)(9) Claim**"), secured claims, and priority claims, which arose on or prior to the Petition Date, who do not file a proof of such Claim (each, a "**Proof of Claim**," and collectively, "**Proofs of Claim**") in the manner provided for herein so that it is actually received on or before **June 18, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "**General Bar Date**"), shall not be permitted to (a) vote to accept or reject any plan filed in the chapter 11 cases, (b) participate in any distribution in the chapter 11 cases on account of such Claim, or (c) receive further notices regarding such Claim.

4.  Except as otherwise provided herein, all governmental units, as defined in section 101(27) of the Bankruptcy Code, that assert a Claim against the Debtors which arose on or prior to the Petition Date who do not file a Proof of Claim in the manner provided herein so that it is actually received on or before **August 12, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "**Government Bar Date**") shall not be permitted to (a) vote to accept or reject any plan filed in the chapter 11 cases, (b) participate in any distribution in the chapter 11 cases on account of such Claim, or (c) receive further notices regarding such Claim.

5.  The following procedures for the filing of Proofs of Claim in the chapter 11 cases shall apply:

    a.  A Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially to the Proof of Claim Form or Official Bankruptcy Form No. 410 ("**Official Form 410**");[3] (iv) set forth with specificity the legal and factual basis for the alleged Claim; (v) include supporting documentation (or, if such

Page: 4
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

---

documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b. A Proof of Claim shall be deemed timely filed only if the Proof of Claim is **actually received** by DRC on or before the applicable Bar Date (i) electronically through the website of the Debtors' claims and noticing agent, Donlin, Recano & Company, Inc., using the interface available on such website located at https://www.donlinrecano.com/Clients/nemf/FileClaim (the "**Electronic Filing System**") or (ii) by mail at the following address:

> Donlin, Recano & Company, Inc.
> Re: New England Motor Freight, Inc., et al.
> P.O. Box 199043
> Blythebourne Station
> Brooklyn, NY 11219

or (ii) by courier, hand delivery, or overnight delivery at the following address:

> Donlin, Recano & Company, Inc.
> Re: New England Motor Freight, Inc., et al.
> 6201 15th Avenue
> Brooklyn, NY 11219

c. Proofs of Claim sent by facsimile, telecopy, or electronic mail (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

6. The forms of the Bar Date Notice, the Proof of Claim Form, the Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects. The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.

Case 19-12809-JKS    Doc 534    Filed 05/04/19    Entered 05/05/19 00:34:09    Desc
Imaged Certificate of Notice    Page 5 of 12

Page: 5
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

7. Subject to terms described in this order for holders of claims subject to the Governmental Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

    a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's schedules of assets and liabilities (the "**Schedules**") or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b. any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

    c. any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    d. any person or entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

8. The following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in the chapter 11 cases:

    a. any person or entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with DRC in a form substantially similar to Official Form 410;

    b. any person or entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

Case 19-12809-JKS    Doc 534    Filed 05/04/19    Entered 05/05/19 00:34:09    Desc
Imaged Certificate of Notice    Page 6 of 12

Page:    6
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

    c.    any person or entity whose claim has previously been allowed by order of the Court;

    d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

    e.    any Debtor having a claim against any other Debtor;

    f.    any person or entity whose claim is based on an equity interest in either of the Debtors;

    g.    any person or entity holding a claim for which a separate deadline is fixed by this Court;

    h.    any person or entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided, however*, that any person or entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the Claims Bar Date;

    i.    Professionals retained by the Debtors or any statutory committees (each a "Committee") pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c); and

    j.    Any person or entity holding a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930.

9.    If the Debtors amend or supplement the Schedules subsequent to the date of service of the Bar Date Notice, the Debtors shall give notice of any such amendment or supplement to the holders of Claims affected thereby, and such holders shall be afforded until the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date on which such notice is given, to file Proofs of Claim in respect of their Claims (the "**Amended Schedules Bar Date**"). Any person or entity who files a

Case 19-12809-JKS    Doc 534    Filed 05/04/19    Entered 05/05/19 00:34:09    Desc
Imaged Certificate of Notice    Page 7 of 12

Page:        7
Debtors:    New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    Order Establishing Bar Dates and Procedures and Approving the Form and
            Manner of Notice Thereof

proof of claim before the Schedules are amended shall not be required to file another proof of claim.

10. Any person or entity holding a Claim arising from the Debtors' rejection of an executory contract or unexpired lease (a "***Rejection Damages Claim***") shall be afforded the opportunity to file a Proof of Claim on account of such Rejection Damages Claim on or before the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the entry of the order approving the rejection of the executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party (the "***Rejection Bar Date***," and collectively with the General Bar Date, the Government Bar Date, and the Amended Schedules Bar Date, each, a "***Bar Date***," and collectively, the "***Bar Dates***"). Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a Rejection Damages Claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless such party is expressly excluded from filing a Proof of Claim.

11. Parties asserting claims against the Debtors that accrued before the Petition Date must use a proof of claim form (the "***Proof of Claim Form***") substantially in the form attached as **<u>Exhibit C</u>** to the Motion or Official Form 410.

12. Any entity holding an interest in the Debtors (an "***Interest Holder***"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to

Case 19-12809-JKS    Doc 534    Filed 05/04/19    Entered 05/05/19 00:34:09    Desc
Imaged Certificate of Notice    Page 8 of 12

Page:       8
Debtors:    New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    Order Establishing Bar Dates and Procedures and Approving the Form and
            Manner of Notice Thereof

purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "**Interest**"), need not file a proof of interest on or before the General Bar Date; *provided*, *however*, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this Order applies.

13. Should any entity that is required to file a proof of claim or proof of interest in the chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order fail to do so in accordance with the procedures set forth herein by the applicable Bar Date, such entity shall not be treated as a creditor or equity security holder, as applicable, in the chapter 11 cases, and therefore, shall not be permitted to (a) vote on any plan of reorganization or plan of liquidation; (b) receive any distribution under any confirmed plan, or (c) receive further notices regarding such Claims.

14. The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.

15. As soon as practicable but no later than five (5) business days after entry of the Order, the Debtors, through DRC or otherwise, shall serve the Bar Dates Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form, substantially in the forms attached to the Motion as **Exhibit B** and **Exhibit C**, respectively, by first-class mail, postage

Case 19-12809-JKS    Doc 534    Filed 05/04/19    Entered 05/05/19 00:34:09    Desc
Imaged Certificate of Notice    Page 9 of 12

Page: 9
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

prepaid, on: (a) all holders of claims or potential claims listed in the Debtors' Schedules; (b) the Office of the United States Trustee for the District of New Jersey; (c) counsel to one or more statutory committees (collectively, the "**Committees**") that may be appointed in the chapter 11 cases; (d) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order; (e) all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives; (f) all parties to litigation with the Debtors; (g) the Internal Revenue Service for this district and all other taxing authorities for the jurisdictions in which the Debtors conduct business; (h) all relevant state attorneys general; (i) all holders of record of any Interests in any of the Debtors as of the date of the Bar Date Order; and (j) all other entities listed on the Debtors' respective matrices of creditors.

16. As soon as practicable but no later than five (5) business days after entry of the Order, the Debtors shall post the Proof of Claim Form and Bar Date Notice on the website established by DRC for the chapter 11 cases (https://www.donlinrecano.com/Clients/nemf/Index).

17. The Debtors are hereby authorized to provide supplemental mailings of the Bar Date Package at any time in advance of the applicable Bar Date as may be necessary, including, without limitation, when (a) notices are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest decline to pass along notices to such interested parties and instead return such interested parties' names and addresses to the Debtors for direct mailing by the Debtors, and (c) additional potential claimants subsequently become

Case 19-12809-JKS    Doc 534    Filed 05/04/19    Entered 05/05/19 00:34:09    Desc
Imaged Certificate of Notice    Page 10 of 12

Page:     10
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

known to the Debtors as the result of the Bar Date noticing process or otherwise. Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any party to whom the Debtors mailed the Bar Date Package in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

18.     Additionally, the Debtors shall not be required to mail any Bar Date Notice Package to any party to whom they have mailed a notice required under the Bankruptcy Rules during the chapter 11 cases and such notice has been returned to the Debtors without instructions for forwarding such notice to the current address of the intended party.

19.     Pursuant to Bankruptcy Rule 2002(l) and 9008, the Debtors shall publish notice of the Bar Dates substantially in the form attached to the Motion as **Exhibit D** (the "*Publication Notice*") in such publication()s as may be deemed appropriate as means to provide notice of the Bar Dates to such unknown potential claimants. The Debtors will cause such publication to occur no later than five (5) business days after serving the Bar Dates Notice Package.

20.     The Proof of Claim Form will state, along with the claimant's name: (a) whether the claimant's claim is listed in the Schedules and, if so, the Debtor against which the claimant's claim is scheduled; (b) whether the claimant's claim is listed as disputed, contingent or unliquidated; (c) whether the claimant's claim is listed as secured, unsecured or priority; and (d) the dollar amount of the claim (as listed in the Schedules).

21.     The Debtors and DRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Page:     11
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof

---

22.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

2721839.1 115719-100281

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 19-12809-JKS
New England Motor Freight, Inc.                                         Chapter 11
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2        User: admin              Page 1 of 1              Date Rcvd: May 02, 2019
                            Form ID: pdf903          Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 04, 2019.
db          +New England Motor Freight, Inc.,    1-71 North Ave E,    Elizabeth, NJ 07201-2958
aty         +Brent C. Strickland,    Whiteford, Taylor & Preston L.L.P,    7501 Wisconsin Avenue,Suite 700W,
              Bethesda, MD 20814-6521
aty         +Gibbons, P.C.,    One Gateway Center,    Newark, NJ 07102-5321
aty          Howard A. Cohen,    Gibbons P.C.,    300 Delaware Avenue, Suite 1015,    Wilmington, DE  19801-1671
aty          Jeffrey L. Nagel,    Gibbons P.C.,    One Pennsylvania Plaza, 37th Floor,
              New York, NY  10119-3701
aty         +Todd M. Brooks,    Whiteford, Taylor & Preston L.L.P.,    7 St. Paul Street, Suite 1500,
              Baltimore, MD 21202-1636
aty         +WASSERMAN, JURISTA & STOLZ, P.C.,    110 Allen Road,    Suite 304,
              Basking Ridge,, NJ 07920-4500
aty         +Whiteford Taylor & Preston,    Seven Saint paul St. Ste 1800,    Baltimore, MD 21202-1639

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2019                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 2, 2019 at the address(es) listed below:
NONE.                                                                                              TOTAL: 0