**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**Caption in compliance with D.N.J. LBR 9004-1(b)**

**McCARTER & ENGLISH, LLP**
Joseph Lubertazzi, Jr.
Peter M. Knob
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
Email: jlubertazzi@mccarter.com
       pknob@mccarter.com

*Attorneys for Capital One, N.A.*

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1]

Debtors.

Case No.: 19-12809 (JKS)

Chapter 11

(Jointly Administered)

**Hearing Date and Time:**
**May 16, 2019 at 10:00 a.m.**

**OBJECTION OF CAPITAL ONE, N.A. TO THE PROPOSED SALE
OF ASSETS OF DEBTORS EASTERN FREIGHT WAYS, INC.
AND CARRIER INDUSTRIES, INC.**

Capital One, N.A. ("Capital One"), by and through its undersigned counsel, hereby objects, in accordance with the Order entered herein on April 8, 2019 [Dkt. No. 427], to the proposed sale (the "Sale") of assets of Debtors Eastern Freight Ways, Inc. ("EFW") and Carrier Industries, Inc., and in support of its objection, states:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

ME1 30301376v.1

1.  Capital One has two main objections.  First, Debtors have repeatedly stated that creditors who loaned money secured by rolling stock that is included in the Sale will be paid 100% of the principal balance of such loans at the closing of the Sale (with the balance of the proceeds to be held in escrow subject to outstanding claims).  Yet there is nothing in the Proposed Sale Order [Dkt. No. 335-3] (the "Proposed Order") that provides for secured creditors to be paid.  Absent such language in the Proposed Order, Capital One objects to the Sale and Proposed Order.

2.  Second, the Proposed Order is objectionable to the extent it seeks to make the Debtors' allocation of Sale proceeds binding on creditors.  The Asset Purchase Agreement provides for the allocation of the "Purchase Price" and "Assumed Liabilities" (together, the "Tax Purchase Price") in accordance with the "Allocation Methodology," which in the case of rolling stock appears to be a "fair market value" methodology.  Stalking Horse Asset Purchase Agreement [Dkt. No. 477-1], p. 19 at § 6.9(b) and Notice of Filing Exhibit A to Stalking Horse Asset Purchase Agreement [Dkt. No. 481], p. 3.  The Asset Purchase Agreement says that the allocation is not "determinative" of values or allocations for purposes of Debtors' Chapter 11 Case.[2]  However, Debtors ask the Court to order, in a section of the Proposed Order addressing secured creditors' liens on sale proceeds, that "[t]he purchase price shall be allocated to the

---

[2]   The Asset Purchase Agreement states:

>   Notwithstanding the allocation of the Tax Purchase Price in this Section 6.9(b), nothing in the foregoing shall be determinative of values ascribed to the Acquired Assets or the allocation of the value of the Acquired Assets in any proceeding in the Chapter 11 Case that may be proposed. Debtors reserve the right on their behalf and on behalf of Debtors' estates, to the extent not prohibited by applicable law and accounting rules, for purposes of any proceeding in connection with the Chapter 11 Case, to ascribe values to the Acquired Assets and to allocate the value of the Acquired Assets to Debtors in the event of, or in order to resolve, creditor disputes in the Chapter 11 Case.

Stalking Horse Asset Purchase Agreement [Dkt. No. 477-1], p. 19 at § 6.9(b).

Purchased Assets in the manner set forth in the Asset Purchase Agreement." Proposed Order, p. 23, ¶ 11.  To the extent this could be construed as binding secured creditors to an (as of yet undetermined[3]) allocation made by Debtors and/or the purchaser under the Asset Purchase Agreement, such language should be stricken from the Proposed Order.  The Proposed Order should be clear that no allocation of the Purchase Price between Debtors and the purchaser shall be determinative or binding on any other parties in this case.

    3.    Capital One does not waive, and hereby expressly reserves, all rights and remedies and the right to recover all sums due and owing by the Debtors.

Date: May 6, 2019  
       Newark, NJ

**McCARTER & ENGLISH, LLP**

By: */s/ Joseph Lubertazzi, Jr.*  
      Joseph Lubertazzi, Jr.  
      A Member of the Firm

Four Gateway Center  
100 Mulberry Street  
Newark, NJ 07102  
Telephone: (973) 639-2082  
Facsimile: (973) 297-3940  
jlubertazzi@mccarter.com

*Attorneys for Capital One, N.A.*

---

[3]    Debtors are engaging an appraiser.  Capital One reserves all rights and objections in connection with the appraisal.