CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, New Jersey 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Frank Peretore, Esq. (fperetore@csglaw.com)
Michael R. Caruso, Esq. (mcaruso@csglaw.com)
*Attorneys for Wells Fargo Equipment Finance, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., et al., | Case No. 19-12809 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**WELLS FARGO EQUIPMENT FINANCE, INC.'S OBJECTION AND RESERVATION OF RIGHTS TO THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' EASTERN FREIGHT WAYS, INC. AND CARRIER INDUSTRIES, INC.'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

Wells Fargo Equipment Finance, Inc. ("**Wells Fargo**,"), a secured creditor of the Debtors in the above-captioned cases, by and through its undersigned counsel, submits this objection and reservation of rights ("**Objection**") to the proposed sale of assets of Debtors' Eastern Freight Ways, Inc. ("**Eastern**") and Carrier Industries, Inc., as set forth in Debtors' *Motion for Orders (I)(A) Approving Bidding Procedures and Auction and (B) Scheduling Sale Hearing and Approving Notice Thereof; (II) Authorizing the Sale of Substantially All of Debtors' Eastern Freight Ways, Inc. and Carrier Industries, Inc.'s Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Dkt. 335](the

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

"**Eastern Sale Motion**").[2] In support of its Objection, Wells Fargo respectfully represents as follows:

1. On March 25, 2019, Debtors filed the Eastern Sale Motion [Dkt 335] proposing a going concern sale of substantially all of the assets of Eastern and Carrier Industries, Inc.

2. On April 8, 2019, the Bankruptcy Court held a hearing on procedural aspects of the Eastern Sale Motion and entered an *Order (1) Approving Bidding Procedures In Connection With The Sale of Substantially All Assets Of Debtors' Eastern Freight Ways, Inc. And Carrier Industries. Inc.; (II) Scheduling an Auction And Hearing To Consider The Sale of Assets; And (III) Approving The Form And Manner Of Notice Thereof* [Dkt. 427]. At the April 8th hearing, the Bankruptcy Court expressly required and ordered that Debtors attribute a value to each unit of collateral included in the Eastern sale, without binding effect on or prejudice to any party's rights to contest such valuations.

3. On April 18, 2019, Debtors filed a *Notice of (I) Stalking Horse Designation; (II) Filing of Stalking Horse APA with Bid Protections; and (III) Filing of Amended Bidding Procedures* (the "**Stalking Horse Notice**") [Dkt. 477]. The Stalking Horse Notice contained a copy of a stalking horse asset purchase agreement at an (unallocated) $15 million purchase price between certain of the Debtors and Estes Express Lines as stalking horse purchaser (the "**Stalking Horse APA**"). Section 6.9(b) of the Stalking Horse APA provides, in relevant part, as follows:

> Debtors reserve the right on their behalf and on behalf of Debtors' estates, to the extent not prohibited by applicable law and accounting rules, for purposes of any proceeding in connection with the Chapter 11 Case, to ascribe values to the Acquired Assets and to allocate the value of the Acquired Assets to Debtors in the event of, or in order to resolve, creditor disputes in the Chapter 11 Case.

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Eastern Sale Motion.

[Dkt. 477, Exhibit A1, Page 23 of 46]. Paragraph 11 of the proposed sale order [Dkt. 335-3](the "**Proposed Sale Order**") states that "[t]he purchase price shall be allocated to the Purchased Assets in the manner set forth in the Asset Purchase Agreement."

4. Currently, as of the date of this Objection, Wells Fargo has no way of determining the amount of the (unallocated) $15 million stalking horse purchase price that is attributable to its collateral, consisting of 31 vehicles, included in the Eastern sale (the "**WF Collateral**").[3] Wells Fargo asserts secured claims against Debtors NEMF and Eastern in the aggregate amount of approximately $4.4 million. Wells Fargo's secured claims are cross-collateralized by duly perfected, first priority security interests in and to, and liens on, the Certificates of Title to over 187 vehicles, among other miscellaneous equipment, a portion of which is the WF Collateral of 31 vehicles included in the Eastern sale.

5. To date, Debtors have not ascribed any values to the WF Collateral in the Eastern sale. As a result, there is no way for Wells Fargo to know whether the WF Collateral will be sold at a depressed price or an adequate price (even before any effort is made to allocate the purchase price as between Eastern secured debt and NEMF secured debt). Additionally, as of the date of this Objection, Debtors have not disclosed the mileage or condition of most of the WF Collateral. Debtors have not made the 31 vehicles available for an inspection and appraisal by Wells Fargo despite a demand having been made by Wells Fargo.[4]

6. There is nothing in the Proposed Sale Order that provides for payment in full of 100% of the principal balance of Wells Fargo's loans encumbering the WF Collateral at the closing

---

[3] The WF Collateral in the Eastern sale consists of: (i) 13 Cascadia tractors used by, and titled correctly to, Eastern; (ii) 2 NEMF vans used by Eastern and identified as VIN #s 1GRAP0620FD455933 and 3H3V532C8FT580029; and, (iii) 16 NEMF flatbed trailers used by, and titled erroneously to, Eastern identified as year 2015 Great Dane Trailer, VIN #s 1GRDM9620FH7244-83 to 98. Wells Fargo is noted as lienholder on each of the 31 vehicles.

[4] Upon information and belief, Debtors' appraiser, Atkins Appraisal Corp., will provide a desk top appraisal (FMV, OLV, FLV) of each unit included in the Eastern sale, presumably before the May 16, 2019 sale hearing, however, no appraisal has been provided as of the date of this Objection. Of course, a desk top appraisal is not the same as Debtors ascribing a specific value to collateral on a per unit basis in connection with the Eastern sale as ordered by the Bankruptcy Court at the April 8th hearing.

of the Eastern sale (with all parties reserving all rights as to claims of cross-collateralization and allocation of sale proceeds to be determined at a later date). Furthermore, the Proposed Sale Order is objectionable to the extent it seeks to make Debtors allocation of sale proceeds binding on Wells Fargo.

7. Accordingly, for each of the foregoing reasons, Wells Fargo objects to Eastern's sale of the WF Collateral and any generated sale proceeds thereof. Wells Fargo further reserves all rights and objections relative to the conduct of the auction, approval of the sale, whether the sale satisfies the requirements of section 363 of the Bankruptcy Code, Debtors proposed values attributable to each of the 31 vehicles that comprise the WF Collateral, Wells Fargo's cross-collateralized liens and interests, and Debtors' allocation of sale proceeds.

Dated: May 6, 2019

                                                   Respectfully submitted,

                                                   CHIESA SHAHINIAN & GIANTOMASI PC

By:   */s/ Michael R. Caruso*
        Michael R. Caruso
        One Boland Drive
        West Orange, NJ 07052
        Tel: 973-530-2109
        Fax: 973-530-2309
        Email: mcaruso@csglaw.com

        *Attorneys for Wells Fargo Equipment Finance, Inc.*

4850-1589-9798.v1