TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 704-6000
Louis A. Curcio
David A. Pisciotta
E-mail:     louis.curcio@troutman.com
            david.pisciotta@troutman.com

*Attorneys for Santander Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>Jointly Administered |

**OBJECTION OF SANTANDER BANK, N.A. TO SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTORS EASTERN FREIGHT WAYS, INC. AND CARRIER INDUSTRIES INC. FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

Santander Bank, N.A. ("**Santander**"), through its undersigned counsel, files this objection (the "**Objection**") to the sale of substantially all assets of Debtors Eastern Freight Ways, Inc. ("**Eastern**") and Carrier Industries, Inc. ("**Carrier**") free and clear of all liens, claims, encumbrances, and other interests (the "**Eastern Sale**"). In support of the Objection, Santander states as follows:

---

[1] The debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); EASTERN World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and EASTERN Logistics, LLC (4666).

38842043v3

**BACKGROUND**

1. On March 25, 2019, the Debtors filed a motion (the "**Eastern Sale Motion**") [Docket No. 335] in which they requested, among other things, this Court's approval of the Eastern Sale[2] and certain bidding procedures. At that time, the Debtors had not designated a "Stalking Horse Bidder" but stated that they intended to do so.

2. With the Eastern Sale Motion, the Debtors filed a proposed order (the "**Proposed Eastern Sale Order**") [Docket No. 335-3]. Importantly for purposes of this Objection, the Proposed Eastern Sale Order states as follows: "The purchase price shall be allocated to Purchased Assets in the manner set forth in the Asset Purchase Agreement." Proposed Eastern Sale Order ¶11.

3. After a hearing, this Court entered an order (the "**Bidding Procedures Order**") [Docket No. 427] approving the Debtors' proposed bidding procedures and granting related relief. As provided in the Bidding Procedures Order: (a) the auction is scheduled for May 14, 2019; (b) the deadline to submit qualified bids is May 9, 2019; (c) the hearing on approval of the Eastern Sale to the successful bidder is May 16, 2019; and (d) the deadline to object to the Eastern Sale is May 6, 2019.

4. On April 18, 2019, the Debtors filed a notice of stalking horse designation and amended bidding procedures (the "**Stalking Horse Designation**") [Docket No. 477]. The Debtors selected Estes Express Lines ("**Estes**") to serve as the Stalking Horse. Attached as an exhibit to the Stalking Horse Designation is a copy of the Asset Purchase Agreement ("**APA**") between the Debtors and Estes.

---

[2] Without any legal analysis, the Debtors asserted that § 363(f)(2), (3), (5) permit them to sell assets free and clear of lenders' interests in the Eastern and Carrier rolling stock. *See* Sale Motion ¶ 49.

5. Section 6.9 of the APA and Exhibit A thereto [Docket No. 481] provide that the "Tax Purchase Price" will be allocated among assets like rolling stock by using fair market value of those assets. Section 6.9 further provides that "Notwithstanding the allocation of the Tax Purchase Price in this Section 6.9(b), nothing in the foregoing shall be determinative of values ascribed to the Acquired Assets or the allocation of the value of the Acquired Assets in any proceeding in the Chapter 11 Case that may be proposed." APA § 6.9(b).

## **OBJECTION AND RESERVATION OF RIGHTS**

6. Santander is a secured creditor holding perfected, first-priority security interests in 60 vehicles and pieces of equipment (the "**Collateral**") that will be included in the Eastern Sale if approved.[3] Though the Debtors' counsel and chief restructuring officer have repeatedly assured the secured lenders that the principal balances of the loans secured by the Collateral will be paid in full from the proceeds of the sale, neither the Eastern Sale Motion nor the Proposed Eastern Sale Order contain any provision that appears to make such assurances binding on the Debtors. To the contrary, the Proposed Eastern Sale Order and APA contain vague and conflicting provisions regarding the allocation of the sale proceeds that appear to leave the Debtors significant latitude to allocate the sale proceeds among the assets being sold.

7. To the extent that the Debtors rely on section 363(f)(3) of the Bankruptcy Code for approval of the sale over Santander's objection, the Debtors must pay the full amount of Santander's loans securing the Collateral. In this jurisdiction, courts have held that "value of all liens," as it is used in § 363(f)(3), means the face value of the secured party's claim rather than the value of the collateral securing it. *See Criimi Mae Servs. LP v. WDK Howell, LLC (In re WDH Howell, LLC)*, 298 B.R. 527, 530–34 (D.N.J. 2003); *In re Lutz*, No. 16-26969 (JNP), 2017

---

[3] On April 5, 2019, Santander filed a Reservation of Rights [Docket No. 408], in which it reserved all its rights regarding the Eastern Sale Motion, including the right to object on the basis that the Eastern Sale fails to meet the requirements of § 363 of the Bankruptcy Code.

WL 3316046, at *2 (Bankr. D.N.J. May 3, 2017); *c.f.*, *Cohen v. KB Mezzanine Funding II, LP (In re SubMicron Sys. Corp.)*, 432 F.3d 448, 459–61 (3d Cir. 2006) ("[A]s a practical matter, no § 506 valuation is required before a § 363 sale of the underlying collateral can be approved.").[4]

8.  Moreover, the Debtors have ignored the actual terms of Santander's loans and security interests—pursuant to which each individual loan is collateralized by numerous pieces of equipment and all loans to each Debtor are fully cross collateralized with all other loans to that Debtor. The Debtors have instead artificially imputed a notional loan balance (the "**Imputed Loan Balance**") to each individual piece of equipment by dividing the total balance of each loan by the number of pieces of equipment identified on the collateral schedule to that loan. This, however, is too simplistic and impermissibly alters Santander's rights under the applicable loan documents. For instance, certain of the Collateral is owned by NEMF, but has been used by Eastern as part of its business. Accordingly, certain loans secured by the Collateral subject to the Eastern Sale are also secured by NEMF-owned equipment that is being sold at the NEMF auctions. The Debtors should therefore be required to satisfy the total amount of the full loan balance rather than merely the Imputed Loan Balance—irrespective of the proceeds of the equipment sold in the NEMF Auctions.

9.  Santander reserves all of its rights, including the right to assert its entitlement to proceeds in excess of the principal balances of the loans secured by the Collateral for any reason, including, but not limited to, cross collateralization among Santander's loans and in the event that the value of any of the Collateral exceeds the loan balances. Santander further expressly

---

[4] Though the Debtors also refer to § 363(f)(5) in the Eastern Sale Motion, they have failed to state which "legal or equitable proceeding" would require Santander to accept less than the full amount of the debt owed in satisfaction of its liens. To the extent that the Debtors intend to rely on cramdown or subordination under §§1129 or 724(b)(2) of the Bankruptcy Code, respectively, the Debtors must demonstrate how those provisions apply to Santander's interests specifically rather than in the abstract. *See In re Ferris Props.*, Case No. 14-10491, 2015 Bankr. LEXIS 2554, at *5 (Bankr. D. Del. July 30, 2015) (citing *Terrace Chalet Apartments*, 159 B.R. 821, 830 (N.D. Ill. 1993). As the Debtors have not carried their burden under § 363(f)(5) in the Eastern Sale Motion, Santander reserves the right to further brief the issue if the Debtors later attempt to cure this deficiency.

reserves its right to contest a finding of good faith once the identity of the proposed purchaser is established and to contest the Sale on any other grounds including based upon facts that are currently unknown to Santander or events that occur during the ten days between the deadline to object to the sale and the hearing to approve the sale.

## CONCLUSION

For the reasons stated herein, Santander respectfully requests that the Court deny approval of the Eastern Sale.

Dated: New York, New York
      May 6, 2019

TROUTMAN SANDERS LLP

By: *s/ David A. Pisciotta*
Louis A. Curcio
David A. Pisciotta
875 Third Avenue
New York, NY 10022
Tel: (212) 704-6000

Attorneys *for Santander Bank, N.A.*