| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in compliance with D.N.J. LBR 9004-1**<br><br>SQUIRE PATTON BOGGS (US) LLP<br>Norman N. Kinel, Esq.<br>Elliot M. Smith, Esq. (*pro hac vice*)<br>30 Rockefeller Plaza, 23rd Floor<br>New York, NY 10112<br>Telephone:  (212) 872-9800<br>Facsimile: (212) 872-9815<br>Email: norman.kinel@squirepb.com<br>          elliot.smith@squirepb.com<br><br>*Counsel to East West Bank* | |
| In re:<br><br>New England Motor Freight, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>Jointly Administered |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF EAST WEST BANK REGARDING DEBTORS' MOTION FOR ORDERS (I)(A) APPROVING BIDDING PROCEDURES AND AUCTION AND (B) SCHEDULING SALE HEARING AND APPROVING NOTICE THEREOF; (II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' EASTERN FREIGHT WAYS, INC. AND CARRIER INDUSTRIES, INC.'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

East West Bank ("EWB"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights regarding the *Debtors' Motion for Orders (I)(A) Approving Bidding Procedures and Auction and (B) Scheduling Sale Hearing and Approving Notice Thereof; (II) Authorizing the Sale of Substantially All of Debtors' Eastern Freight Ways, Inc. and Carrier*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

*Industries, Inc.'s Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* (the "Motion") (Docket No. 335), and respectfully states as follows:

## BACKGROUND

1. Through the Motion, the Debtors seek authority to sell as a going concern (the "Sale") substantially all of the assets of Debtor Eastern Freight Ways, Inc. ("Eastern") and Debtor Carrier Industries, Inc. ("Carrier"), and certain rolling stock owned by Debtor New England Motor Freight, Inc. ("NEMF"), but used by Eastern and/or Carrier in their respective businesses, to the proposed stalking horse purchaser, Estes Express Lines ("Estes").

2. The Court entered a bid procedures order with respect to the Sale on April 8, 2019 (the "Procedures Order") (Docket No. 427). Pursuant to the Procedures Order, if the Debtors receive at least one Qualified Bid, an auction will be held on May 14, 2019. A sale hearing to consider objections to the Sale is scheduled for May 16, 2019.

3. As the Court is aware, EWB asserts liens on and security interests in certain rolling stock owned or used by Eastern and Carrier (the "Collateral") which will be included in the Sale. Pursuant to EWB's security agreements with the Debtors, the Collateral not only secures the repayment of the loans specifically associated with the acquisition and/or financing of such rolling stock (the "Financing Loans"), but also secures the repayment of any and all other obligations owed by the Debtors to EWB.

4. The Debtors' other debt obligations to EWB are described in detail in the objection to the auction of Debtor NEMF's rolling stock that EWB filed on March 11, 2019 (the "Auction Objection") (Docket No. 208). Those other obligations include equipment financing obligations

010-8772-2950/3/AMERICAS

and outstanding letter of credit obligations, all of which have been guaranteed by Eastern and Carrier.  Auction Objection, ¶¶ 12-21.  Collectively, the Debtors are indebted to EWB in the approximate principal amount of nearly $16 million.

5. The Motion, however, fails to provide any information as to how much of the purchase price to be received from Estes, or such other purchaser whose bid is selected as the highest and best offer, will be allocated to EWB's Collateral or with respect to the Debtors' obligations to EWB.

6. On April 5, 2019, EWB filed a reservation of rights (the "Reservation of Rights") (Docket No. 409) with respect to the proposed Sale, in which EWB reserved all rights with respect to the Sale of its Collateral and any proceeds thereof.  EWB also expressly reserved all other rights and objections that it may have with respect to the non-procedural aspects of the Motion, including the substantive relief sought thereby, the conduct of the auction, and the approval of the Sale, including, without limitation, EWB's right to adequate protection and any objections EWB may have as to whether the Sale satisfies the requirements of section 363 of the Bankruptcy Code.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

7. Generally, EWB does not object to the Sale of the assets of Eastern and Carrier to the party whose offer is selected as the highest and best offer, and maximizes the value of the assets sold.  However, EWB does object to the proposed Sale on a limited basis for the following reasons.

8. First, while the Debtors have represented that they intend to repay the Financing Loans associated with the Collateral upon closing, such representation is not contained in the Proposed Sale Order [Docket No. 335-3] (the "Proposed Order").  The Debtors' representations in this regard must become binding obligations pursuant to the Proposed Order.

9. Second, the Debtors have provided no indication as to how the proceeds of the Sale will be allocated among Eastern, Carrier and NEMF. Such a determination will likely need to be made as part of any ultimate allocation to EWB and other secured creditors.

10. Third, the Debtors apparently do not presently intend to repay any other amounts to EWB or the Debtors' other secured lenders upon closing. Without knowing a specific allocation of value to the Collateral that is being sold, there is no way to determine whether any Sale proceeds will even be available to pay EWB for obligations that have been cross-collateralized, and whether EWB's interest in those Sale proceeds will be adequately protected.

11. EWB does not have sufficient information at this point regarding how much of the purchase price for the assets will be specifically allocated to its individual Collateral. This information is critical. Accordingly, EWB reserves all of its rights, including the right to assert its entitlement to proceeds in excess of the principal balances of the loans secured by the Collateral for any reason, including, but not limited to cross-collateralization, or to the extent that any of EWB's Collateral exceeds the relevant loan balance. EWB believes that all funds in excess of those to be paid to EWB and the other secured lenders should be held in escrow until these issues have been finally determined.

12. Finally, because the bid deadline and the auction have not yet occurred, the ultimate purchaser of the assets, and the terms of the purchase, are not yet known. Therefore, EWB incorporates the objections raised in its prior Reservation of Rights in this regard. EWB is simply without enough information at this point to determine (i) what offer represents the highest and best offer for the Collateral, (ii) whether any basis exists to object to the conduct of the auction or any other aspect of the sale process for the Collateral, and (iii) whether all of the requirements for approval of the Sale under section 363 of the Bankruptcy Code have been, or will be, met.

010-8772-2950/3/AMERICAS

13. EWB reserves all other rights, arguments and objections that it may have with respect to the Sale, including the right to supplement this objection for any reason at or prior to the sale hearing.

Dated: May 6, 2019

Respectfully submitted,

*/s/ Norman N. Kinel*
Norman N. Kinel, Esq.
Elliot M. Smith, Esq. (*pro hac vice*)
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
212-872-9800 (Phone)
212-872-9815 (Fax)
norman.kinel@squirepb.com
elliot.smith@squirepb.com

*Counsel for East West Bank*

010-8772-2950/3/AMERICAS

## CERTIFICATE OF SERVICE

I hereby certify that, on May 6, 2019, a copy of the foregoing was served automatically through the Court's ECF system on the parties registered to receive electronic notices of filings in these cases.

*/s/ Norman N. Kinel*
Norman N. Kinel
