UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1(b)**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
         mconlan@gibbonslaw.com
         btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al*.,

Debtors. [1]

**Order Filed on May 14, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey**

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

## CONSENT ORDER

This consent order (the "Consent Order") is made by and among Great Dane LLC and Great Dane Limited Partnership (collectively, "Great Dane"), the above-captioned debtors-in-possession (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases (the "Committee" and, together with Great Dane and the Debtors, the "Parties").

**DATED: May 14, 2019**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (769_); _____ Inc. (2777); Apex Logistics, Inc. (5347); Jans Lea___ (4357); MyJon, LLC (7305); Hollywood Avenue S____ Logistics, LLC (4666).

Honorable John K. Sherwood
United States Bankruptcy Court

## RECITALS

WHEREAS, on February 11, 2019 (the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). With the exception of Debtors Eastern Freight Ways, Inc. and Carrier Industries, Inc., which will be sold as going-concerns, the Debtors, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, are engaged in an orderly liquidation of their assets and wind-down of their businesses, toward the goal of preserving and maximizing the value of their assets for all creditors; and

WHEREAS, on or about February 25, 2019, the Office of the United States Trustee appointed the Committee; and

WHEREAS, prior to the Petition Date, Great Dane manufactured twenty-five (25) trailers for Debtor New England Motor Freight, Inc. ("NEMF") bearing the VIN numbers listed on Schedule A to this Consent Order (collectively, the "Retained Trailers"), but did not deliver the Retained Trailers to NEMF; and

WHEREAS, the Retained Trailers continue to be in the possession of Great Dane; and

WHEREAS, the purchase price for the Retained Trailers was $918,750.00 (the "Retained Trailers Claim"), which amount has not been paid to Great Dane by NEMF; and

WHEREAS, prior to the Petition Date, solely for the purpose of facilitating NEMF's receipt of title after possession of the Retained Trailers was to be transferred to NEMF, the Debtors received a certificate of origin for each of the Retained Trailers, and the Debtors continue to be in possession of those certificates of origin (collectively, the "Certificates of

2

Origin"); and

WHEREAS, prior to the Petition Date, Great Dane manufactured an additional twenty-five (25) trailers for NEMF bearing the VIN numbers listed on Schedule B to this Consent Order (collectively, the "Transferred Trailers" and, together with the Retained Trailers, the "Trailers"), and did deliver the Transferred Trailers to NEMF; and

WHEREAS, the purchase price for the Transferred Trailers was $766,575.00 (the "Transferred Trailers Claim"), which amount has not been paid to Great Dane by NEMF; and

WHEREAS, NEMF is in possession of the Transferred Trailers and the certificates of title with respect to the Transferred Trailers; and

WHEREAS, on April 5, 2019, NEMF filed its Schedules of Assets and Liabilities, listing Great Dane as holding a contingent unsecured claim against NEMF in the amount of $766,575.00, which is the same amount as the Transferred Trailers Claim; and

WHEREAS, the Parties having engaged in settlement discussions and negotiations concerning the Trailers, the Transferred Trailers Claim, and the Retained Trailers Claim, now desire to amicably resolve, settle and compromise the dispute related thereto as provided in this Consent Order.

NOW, THEREFORE, the Parties agree as follows:

1. The foregoing recitals are incorporated herein by reference.

2. The Debtors shall return the Certificates of Origin to Great Dane no later than five (5) business days following entry of this Consent Order by the Bankruptcy Court and this Consent Order becoming final.

3. In consideration of this Consent Order, automatically upon receipt of the Certificates of Origin, except for the Allowed Great Dane Claim (as defined below), Great Dane forever

waives, releases and discharges the Debtors, the Debtors' estates, and each of their respective successors, agents and assigns of and from any and all manner of action and actions, cause and causes of action, suits, guarantees, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing related to the Trailers, the Transferred Trailers Claim, and the Retained Trailers Claims, whether or not such claims are known or unknown to Great Dane, and whether or not such claims have been asserted by Great Dane.

4. Upon entry of this Consent Order by the Bankruptcy Court and this Consent Order becoming final, Great Dane shall have an allowed unsecured claim against NEMF on account of the Transferred Trailers Claim in the amount of $766,575.00 (the "Allowed Great Dane Claim"), which Allowed Great Dane Claim shall be allowed in full and shall not be subject to any avoidance, reductions, setoff, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, objection, or any other challenges under any applicable law or regulation by any person or entity, including but not limited to the Debtors, the Committee, and any successors, trustees, or examiners appointed for the Debtors and their estates.

5. Upon entry of this Consent Order by the Bankruptcy Court and this Consent Order becoming final, the Debtors, the Debtors' estates, and each of their respective successors, agents and assigns shall be deemed to have waived and released any claims, arguments or rights to assert, under bankruptcy or non-bankruptcy law, that the Retained Trailers are property of the Debtors' bankruptcy estates.

6. This Consent Order constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Consent Order on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Consent Order.

8. This Consent Order may be executed in one or more counterparts, each of which shall be deemed an original. It shall not be necessary in making proof of this Consent Order to produce or account for more than one such counterpart.

9. This Consent Order may not be amended without the express written consent of all Parties hereto and entry by the Bankruptcy Court of an amended order approving same.

10. This Consent Order shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

11. It is acknowledged that each of the Parties has participated in and jointly consented to the drafting of this Consent Order and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

12. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Consent Order and expressly waives any right to commence any such action in any forum other than the Bankruptcy Court. This Consent Order shall be interpreted and construed in accordance with the laws of the State of New Jersey, without regard to the conflict of laws of the State of New Jersey.

IN WITNESS WHEREOF, the Parties hereto have executed this Consent Order as of the date and year first written below and each such Party consents to the form and manner of this Consent Order.

Dated: April **30**, 2019

**GIBBONS P.C.**

By: _____
Brett S. Theisen

One Gateway Center
Newark, NJ 07102-5310
Tel: (973) 596-4500
E-mail: btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*

Dated: April *30*, 2019

**COLE SCHOTZ P.C.**

By: _____
Jacob S. Frumkin

25 Main Street
Hackensack, NJ 07601
Tel: (646) 563-8944
E-mail: jfrumkin@coleschotz.com

*Counsel to Great Dane Limited Partnership
and Great Dane LLC*

Dated: April **24**, 2019

**LOWENSTEIN SANDLER LLP**

By: _____
Joseph J. DiPasquale

One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
E-mail: jdipasquale@lowenstein.com

-and-

**ELLIOT GREENLEAF, P.C.**
1105 Market Street, Suite 1700
Wilmington, DE 19801
Phone: (302) 384-9400

*Counsel to the Official Committee
of Unsecured Creditors*

# SCHEDULE A

**Retained Trailers**

1GR1P9018KD168998
1GR1P901XKD168999
1GR1P9010KD169000
1GR1P9012KD169001
1GR1P9014KD169002
1GR1P9016KD169003
1GR1P9018KD169004
1GR1P901XKD169005
1GR1P9011KD169006
1GR1P9013KD169007
1GR1P9015KD169008
1GR1P9017KD169009
1GR1P9013KD169010
1GR1P9015KD169011
1GR1P9017KD169012
1GR1P9019KD169013
1GR1P9010KD169014
1GR1P9012KD169015
1GR1P9014KD169016
1GR1P9016KD169017
1GR1P9018KD169018
1GR1P901XKD169019
1GR1P9016KD169020
1GR1P9018KD169021
1GR1P901XKD169022

# SCHEDULE B

**Transferred Trailers**

1GR1P962XKD168047
1GR1P9621KD168048
1GR1P9623KD168049
1GR1P962XKD168050
1GR1P9621KD168051
1GR1P9623KD168052
1GR1P9625KD168053
1GR1P9627KD168054
1GR1P9629KD168055
1GR1P9620KD168056
1GR1P9622KD168057
1GR1P9624KD168058
1GR1P9626KD168059
1GR1P9622KD168060
1GR1P9624KD168061
1GR1P9626KD168062
1GR1P9628KD168063
1GR1P962XKD168064
1GR1P9621KD168065
1GR1P9623KD168066
1GR1P9625KD168067
1GR1P9627KD168068
1GR1P9629KD168069
1GR1P9625KD168070
1GR1P9627KD168071