| |
|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| **Caption in compliance with D.N.J. LBR 9004-1** |
| **GIBBONS P.C.**<br>Karen A. Giannelli, Esq.<br>Mark B. Conlan, Esq.<br>Brett S. Theisen, Esq.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br>E-mail: kgiannelli@gibbonslaw.com<br>    mconlan@gibbonslaw.com<br>    btheisen@gibbonslaw.com<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-<br><br>(Jointly Administered) |

**DECLARATION OF ROBERT W. SPEIGHT, JR. IN SUPPORT OF THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' EASTERN FREIGHT WAYS, INC. AND CARRIER INDUSTRIES, INC.'S ASSETS AND CERTAIN ASSETS OF NEW ENGLAND MOTOR FREIGHT, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES IN CONNECTION THEREWITH</u>**

I, Robert W. Speight, Jr. state as follows:

1.      I am Corporate Vice President of Estes Express Lines ("<u>Buyer</u>"). I am authorized to make this declaration (this "<u>Declaration</u>") on behalf of Buyer and do so based on my personal knowledge and review of the relevant pleadings except for the statements made herein on information and belief. I am competent to testify to the facts set forth herein. As part of my duties,

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

1

I have participated in the negotiations of the Asset Purchase Agreement (the "APA") by and among New England Motor Freight, Inc., Eastern Freight Ways, Inc., and Carrier Industries, Inc. (collectively, the "Sellers") and Buyer, and I am familiar with the actions of Buyer generally with respect to the APA. I submit this Declaration in support of entry of the *Order Authorizing and Approving (1) the Sale of Substantially All of Debtors' Eastern Freight Ways, Inc. and Carrier Industries, Inc.'s Assets and Certain Assets of New England Motor Freight, Inc. Free and Clear of All Liens, Claims, Encumbrances and Other Interests; and (2) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; And (B) Granting Related Relief* (the "Sale Order"). Any capitalized term used but not defined herein shall have the meaning ascribed to it in the APA.

2. Buyer's actions, communications and negotiations with the Sellers were in good faith. Buyer never engaged in any collusion with respect to the APA or in the submission of its bid. Buyer's negotiations with the Sellers and their representatives and advisors were at arms' length at all times. The Buyer does not have any understanding or agreement with another bidder or any other person or entity for the Acquired Assets or any other assets of the Sellers that is intended to affect the price paid for the Acquired Assets. The Buyer has not exerted control or undue influence over the Sellers. The Buyer does not, and will not, share any common officers, directors or stockholders with the Sellers, and Buyer is not an insider of the Sellers.

3. Accordingly, I believe that the Buyer has acted in good faith and, accordingly, I understand that Buyer is entitled to any protections that may be afforded to good faith purchasers under applicable law, including the United States Bankruptcy Code.

4. It is my understanding that Buyer is acquiring the Acquired Assets free and clear of all Liabilities other than Assumed Liabilities. The Buyer would not have agreed to the proposed sale transaction or enter into the APA if Buyer could be held liable for claims against the Sellers under

2

any theory of successor liability, *de facto* merger, substantial continuity, or similar theories, except as otherwise set forth in the APA and the Sale Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 14th day of May, 2019.

_____
Robert W. Speight, Jr.