**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1

SQUIRE PATTON BOGGS (US) LLP
Norman N. Kinel, Esq.
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
Telephone: (212) 872-9800
Facsimile: (212) 872-9815
Email: norman.kinel@squirepb.com

*Counsel to East West Bank*

| | |
|---|---|
| In re: | Chapter 11 |
| New England Motor Freight, Inc., *et al.*, | Case No. 19-12809 (JKS) |
| Debtors.[1] | Jointly Administered |

**OBJECTION OF EAST WEST BANK
TO APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING
ENTERING INTO INSURANCE PREMIUM FINANCING AGREEMENT**

East West Bank ("EWB"), by and through its undersigned counsel, hereby objects to the *Application of Debtor for Order Authorizing and Approving Entering Into Insurance Premium Financing Agreement* (the "Application") (Docket No. 570) and respectfully states as follows:

1. Through the Application, which is utterly lacking in detail or explanation, the Debtors seek *nun pro tunc* authority to finance and pay up to $1,810,037 for a month and a half of insurance, which the Debtors allowed to lapse in mid-April.

2. The Application, however, fails to provide any information as to (i) why the insurance was or is necessary, (ii) why the Debtors allowed the insurance to lapse; (iii) why the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Debtors paid a down payment for the insurance agreement without court authority; and (iv) whether the proposed insurance premium finance agreement is in the best interest of the estates in light of the pending sale of the Debtors' remaining operating businesses. In sum, the Debtors have utterly failed to provide any justification for the relief sought in the Application, which raises more questions than it answers.

3. On May 28, 2019, JPMorgan Chase Bank, N.A. filed the *Limited Objection to the Debtors' Motion for Entry of an Order Authorizing and Approving Entering Into Insurance Premium Finance Agreement* (the "JPMorgan Objection") (Docket No. 624), which objects to approval of the proposed insurance premium financing agreement for the reasons set forth therein. EWB concurs with the concerns raised in the JPMorgan Objection.

4. Accordingly, EWB requests that the Court deny the relief requested in the Application absent the Debtors establishing an appropriate factual record and sufficient legal basis for the relief sought therein.

5. EWB reserves all other rights, arguments and objections that it may have with respect to the Application, including the right to supplement this objection for any reason.

Dated: May 29, 2019

Respectfully submitted,

*/s/ Norman N. Kinel*
Norman N. Kinel, Esq.
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
212-872-9800 (Phone)
212-872-9815 (Fax)
norman.kinel@squirepb.com

*Counsel for East West Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 29, 2019, a copy of the foregoing was served automatically through the Court's ECF system on the parties registered to receive electronic notices of filings in these cases.

*/s/ Norman N. Kinel*
Norman N. Kinel