| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1**<br>**GIBBONS P.C.**<br>Karen A. Giannelli, Esq.<br>Mark B. Conlan, Esq.<br>Brett S. Theisen, Esq.<br>One Gateway Center<br>Newark, New Jersey  07102<br>Telephone:  (973) 596-4500<br>Facsimile:   (973) 596-0545<br>E-mail:  kgiannelli@gibbonslaw.com<br>           mconlan@gibbonslaw.com<br>           btheisen@gibbonslaw.com<br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

**Order Filed on June 7, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br>NEW ENGLAND MOTOR FREIGHT, INC.,<br>*et al.*,<br>                    Debtors.[1] | Chapter 11<br>Case No. 19-12809 (JKS)<br>(Jointly Administered) |

**ORDER EXTENDING THE EXCLUSIVE PERIODS WITHIN WHICH TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCE THEREOF**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: June 7, 2019**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2729928.2 115719-100281

Page:     2
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Extending the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptance Thereof

Upon the Motion[2] of the Debtors in the above-captioned Chapter 11 Cases seeking the entry of an order extending the exclusive periods within which to file a Chapter 11 Plan and solicit acceptances, pursuant to section 1121(d) of the Bankruptcy Code and Fed. R. Bankr. P. 9006(b); and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    The Exclusive Filing Period is extended by 90 days through and including September 9, 2019.

3.    The Exclusive Solicitation Period is extended by 90 days through and including November 8, 2019.

4.    The Official Committee of Unsecured Creditors ("Committee") is granted the co-exclusive right with the Debtors to file a plan of liquidation, solicit acceptances thereto and seek

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2729928.2 115719-100281

Page:     3
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Extending the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptance Thereof

confirmation thereof; <u>provided</u>, <u>however</u>, during the Exclusive Periods such plan may only be filed by the Committee jointly with the Debtors.

5. Nothing contained herein shall be deemed to impair or otherwise restrict the Committee's right to file a motion under section 1121(d) of the Bankruptcy Code to limit or terminate the Debtors' Exclusive Periods.

6. Relief requested herein is without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods and the Committee's right to oppose any such request.

7. Notwithstanding applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.