# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
RITA ALVARADO,

                              Plaintiff,

  -against-

NEW ENGLAND MOTOR FRIEGHT, INC. and
JAVIER CORREAFRANCE,

                            Defendants.
-----------------------------------------------------------------X

Index No.: 501396/2018

VERIFIED COMPLAINT

FILED WITH THE CLERK
OF THE COURT ON:
_____

    Plaintiff, RITA ALVARADO, by her attorneys, The Rosato Firm, PC, complaining of the defendants, allege and set forth, upon information and belief, that:

    1.    At all relevant times, defendant NEW ENGLAND MOTOR FRIEGHT, INC. was a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

    2.    At all relevant times, defendant NEW ENGLAND MOTOR FRIEGHT, INC. was a foreign corporation duly authorized to conduct business in the State of New York.

    3.    At all relevant times, defendant NEW ENGLAND MOTOR FRIEGHT, INC. was a corporation doing business in the State of New York.

    4.    At all relevant times, defendant NEW ENGLAND MOTOR FRIEGHT, INC. was doing business pursuant to the laws of the State of New York.

    5.    At all relevant times, defendant NEW ENGLAND MOTOR FRIEGHT, INC. was the owner and/or lessor of a certain motor vehicle bearing New Jersey registration #

AB294D (hereinafter referred to as "Defendants' Vehicle").

6. At all relevant times, defendant JAVIER CORREAFRANCE was the lessee of Defendants' Vehicle.

7. At all relevant times, defendant NEW ENGLAND MOTOR FRIEGHT, INC. leased defendants' Vehicle to defendant JAVIER CORREAFRANCE.

8. At all relevant times, defendant NEW ENGLAND MOTOR FRIEGHT, INC. leased defendants' Vehicle to defendant JAVIER CORREAFRANCE pursuant to written agreement.

9. At all relevant times, defendant JAVIER CORREAFRANCE was an employee of defendant NEW ENGLAND MOTOR FRIEGHT, INC.

10. At all relevant times, defendant JAVIER CORREAFRANCE operated Defendants' Vehicle.

11. At all relevant times, defendant JAVIER CORREAFRANCE operated Defendants' Vehicle with the permission and consent of defendant NEW ENGLAND MOTOR FRIEGHT, INC.

12. At all relevant times, defendants maintained Defendants' Vehicle.

13. At all relevant times, defendants managed Defendants' Vehicle.

14. All relevant times, defendants controlled Defendants' Vehicle.

15. At all relevant times, the roadway known as 58th Street, at a point approximately Ten (10) feet south of First Avenue, County of Kings, City and State of New York, in front of the Brooklyn Army Terminal located at 104 58th Street, was a public

roadway and thoroughfare in common use by the residents of the State of New York, and others (hereinafter referred to as the "Site").

16. On the 1st day of November 2017, defendant JAVIER CORREAFRANCE operated Defendants' Vehicle at the Site.

17. On the 1st day of November 2017, the defendants had a duty to operate Defendants' Vehicle in a safe and reasonable manner so as not to come in contact with other vehicles and/or persons upon the roadway or elsewhere.

18. On the 1st day of November 2017, plaintiff was employed at the Site.

19. On the 1st day of November 2017, plaintiff was employed at the Site and stationed within a security booth thereat.

20. On the 1st day of November 2017, the Defendants' Vehicle was in contact with the security booth and Plaintiff.

21. On the 1st day of November 2017, the Defendants' Vehicle was in contact with the security booth and Plaintiff at the Site.

22. By reason of the foregoing, plaintiff RITA ALVARADO was injured.

23. By reason of the foregoing, plaintiff RITA ALVARADO was seriously injured.

24. The afore described accident and the resulting injuries to plaintiff RITA ALVARADO were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the defendants, without any negligence on the part of plaintiff RITA ALVARADO contributing thereto.

25. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

26. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

27. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

28. Pursuant to CPLR Section 1602(6), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants should be held liable by reason of defendants' use, ownership or operation of a motor vehicle.

29. Pursuant to CPLR Section 1602(2)(iv), defendants NEW ENGLAND MOTOR FRIEGHT, INC. as owner of Defendants' Vehicle, is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendant is vicariously liable for the negligent acts and omissions of defendant JAVIER CORREAFRANCE, the operator of Defendants' Vehicle.

30. By reason of the foregoing, plaintiff RITA ALVARADO was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff RITA ALVARADO will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff RITA ALVARADO incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; plaintiff RITA ALVARADO has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff RITA ALVARADO will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

31. As a result of the foregoing, plaintiff RITA ALVARADO suffered a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York.

32. Plaintiff RITA ALVARADO is a 'covered person' as defined by Section 5102(j) of the Insurance Law of the State of New York.

33. By reason thereof, plaintiff RITA ALVARADO is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in Section 5102(a) of the Insurance Law of the State of New York.

34. By reason thereof, plaintiff RITA ALVARADO is entitled to recover for non-economic loss and for all economic losses sustained.

35. By reason of the foregoing, plaintiff RITA ALVARADO has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein.

**WHEREFORE**, plaintiff RITA ALVARADO demands judgment against defendants NEW ENGLAND MOTOR FRIEGHT, INC. and JAVIER CORREAFRANCE in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein, altogether with the costs and disbursements of this action, and with interest from the date of plaintiff's accident.

Dated: New York, New York
January 19, 2018

THE ROSATO FIRM, PC

By: _____
PAUL A. MARBER
Attorneys for Plaintiff
55 Broadway, 23rd Floor
New York, New York 10006
(212) 344-8800

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                                        ) ss.:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

I am a principal of THE ROSATO FIRM, PC, attorneys for the plaintiff. I have read the annexed COMPLAINT and know the contents thereof. The same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with my client, records, reports, documents, correspondence, data, memoranda, etc., contained in the litigation file.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
            January 19, 2018

_____
PAUL A. MARBER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
RITA ALVARADO,                                                      Index No.: 501396/2018

                              Plaintiffs,
    -against-

NEW ENGLAD MOTOR FRIEGHT, INC and
JAVIER CORREAFRANCE,

                              Defendants.
-----------------------------------------------------------------------X

==================================================================
**SUMMONS AND COMPLAINT**
==================================================================

THE ROSATO FIRM, PC
Attorneys for Plaintiff(s)
55 Broadway – 23RD Floor
New York, New York 10006
(212) 344-8800
Fax: (212) 344-8808

Service of the copy of the within                        is hereby admitted.

Dated:
                                                         _____
                                                                    Attorneys for
_____

**The Rosato Firm, P.C.**
**Attorneys for Plaintiff**
**55 Broadway – 23RD Floor**
**New York, New York   10006**
**(212) 344-8800**