**FILED**

JEANNE A. NAUGHTON, CLERK

**JUN 1 1 2019**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY _____ DEPUTY

---

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>**110 Allen Road, Suite 304**<br>**Basking Ridge, NJ 07920**<br>**Phone: (973) 467-2700**<br>**Fax: (973) 467-8126**<br>*Conflicts Counsel to Debtors and*<br>*Debtors-in-Possession*<br>**DANIEL M. STOLZ, ESQ.**<br>**DONALD W. CLARKE, ESQ.** |

In re:

**NEW ENGLAND MOTOR FREIGHT, INC.,**
*et al.,*[1]

           Debtors.

Chapter 11

Honorable John K. Sherwood

Case No. 19-12809 JKS

(Jointly Administered)

---

**THIRD INTERIM ORDER (A) AUTHORIZING USE OF JPMORGAN CHASE BANK,
N.A. AND TD BANK, N.A. CASH COLLATERAL, (B) GRANTING ADEQUATE
PROTECTION, (C) SCHEDULING A FOURTH INTERIM HEARING, AND
(D) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including

nineteen (19), is hereby **ORDERED**.


_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: June 11, 2019

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

| | |
|---|---|
| Page: | 2 |
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 |
| Caption: | THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a Fourth Interim Hearing, and (d) Granting Related Relief |

This matter came before the Court upon the Motions filed by the above captioned Debtors and Debtors-in-Possession (the "Debtors") in the above captioned Chapter 11 Cases (the "Chapter 11 Cases"), pursuant to §§ 105, 361 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-4 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") seeking the entry of this Interim (this "Interim Order") and Final Order (the "Motions").[2] On February 24, 2019, the Court entered the *Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a Second Interim Hearing, and (d) Granting Related Relief*, *inter alia*:

(i) authorizing the Debtors to use the Debtors' funds on deposit with JPMorgan Chase Bank, N.A. ("Chase") and TD Bank, N.A. ("TD"), as of the Petition Date (the "Cash Collateral"), as defined in § 363(a) of the Bankruptcy Code; and

(ii) authorizing the Debtors, on an interim basis, through March 4, 2019 (the "Interim Period"), to use the Cash Collateral pursuant to Bankruptcy Code §§ 361 and 363 and Bankruptcy Rules 4001(b) and 6004; and

(iii) granting Chase and TD Replacement Liens and the adequate protection liens and other rights set forth in the Interim Order; and

---

[2] Capitalized terms used but not defined have the meanings given to them in the Motions.

Page:       3
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

(iv)  waiving any applicable stay as provided in the Bankruptcy Rules and providing for the immediate effectiveness of this Interim Order; and

(v)  scheduling a second interim hearing for March 4, 2019 (the "Second Interim Hearing") to consider the Debtor's Second Interim Motions to use cash collateral, pursuant to a four (4) week budget to be provided by the Debtors to Chase and TD no later than March 1, 2019; and

(vi)  granting related relief, all as more fully set forth in the Motions.

On March 9, 2019, the Second Interim Hearing on the Motions having been held and concluded on March 4, 2019, the Court entered a *Second Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a Third Interim Hearing, and (d) Granting Related Relief,* which, *inter alia*:

(i)      authorized the Debtors' continued use of the Chase Cash Collateral and the TD Cash Collateral, on an interim basis and pursuant to the terms set forth in the Second Interim Order, through April 1, 2019; and

(ii)     scheduled a third interim hearing for April 1, 2019 (the "Third Interim Hearing") to consider the Debtors' Third Interim Motions to use cash collateral.

The Court having considered the Motions, the Declaration of Vincent J. Colistra in support of the Debtors' First Day Motions and the exhibits attached thereto, the objection to the Motions filed by TD and the exhibits attached thereto ("TD Objection"), the evidence submitted and adduced and the arguments of counsel, and notice of the Third Interim Hearing having been given

| | |
|---|---|
| Page: | 4 |
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 |
| Caption: | THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a Fourth Interim Hearing, and (d) Granting Related Relief |

in accordance with Bankruptcy Rules 4001(b) and (d), 9014 and Local Rule 4001-4; and the Third Interim Hearing to consider the interim relief requested in the Motions having been held and concluded on June 11, 2019 after multiple consensual adjournments from the initial April 1, 2019 hearing date; TD and Chase having consented to the relief as set forth herein on an interim basis, **through Tuesday, September 3, 2019** (the "Third Interim Period"); and it appearing to the Court that granting the relief requested herein (the Order, the "Third Interim Order") is necessary to avoid immediate and irreparable harm to the Debtors and their estates, pending a fourth interim hearing to be scheduled for Tuesday, September 3, 2019 (the "Fourth Interim Hearing"), and that the relief requested in the Motions is otherwise fair and reasonable and is in the best interest of the Debtors, their estates and their creditors and equity holders; and after due deliberation and consideration and for good and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference in the Bankruptcy Court under Title 11 under the United States District Court for the District of New Jersey, dated September 18, 2012.

2.      Consideration of the Debtors' Motions is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3.      This Court has venue of this proceeding and the Motions in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Page:      5
Debtor:    New England Motor Freight, Inc., *et al.*
Case No.:  19-12809
Caption:   THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
           Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
           Fourth Interim Hearing, and (d) Granting Related Relief

---

4.     On February 11, 2019 (the "Petition Date"), the Debtors filed Voluntary Petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court") commencing the Chapter 11 Cases.

5.     The Debtors are continuing in the management and operation of their businesses and property as Debtors-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No Trustee or Examiner has been appointed in the Chapter 11 Cases.

6.     Debtor NEMF and Chase are parties to a Continuing Agreement for Standby Letters of Credit, dated April 27, 2009 (the "Chase L/C Agreement"). Pursuant to the Chase L/C Agreement, Chase agreed to issue irrevocable standby letters of credit on behalf of NEMF (the "Chase Letters of Credit").

7.     Debtor NEMF, as borrower, is party to the Advised Line of Credit Note, dated April 11, 2013, as modified by the Note Modification Agreement dated September 11, 2018, pursuant to which Chase extended a financing facility to the Debtor NEMF in the original principal sum of $27,500,000.00 (the "Chase Note"). Pursuant to the Chase Note, the Debtor NEMF granted Chase a security interest in its deposit accounts maintained at Chase and the Debtor NEMF authorized Chase to setoff and apply all funds in the deposit accounts maintained by Chase with respect to all debts, obligations, indebtedness and liabilities of every kind and character of the Debtor NEMF due to Chase.

Page:       6
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

8.      NEMF and TD are parties to that certain Master Letter of Credit Agreement effectively dated April 5, 2013 (the "TD LC Agreement"). Pursuant to the TD LC Agreement, TD issued five letters of credit (collectively, the "TD Letters of Credit") on behalf of NEMF for the benefit of various beneficiaries in the aggregate face amount of $9,283,000 (the "TD LC Obligation"). NEMF is obligated under the TD LC Agreement to, among other things, reimburse TD for all amounts drawn on the TD Letters of Credit by the beneficiaries thereof. Eastern, Carrier, and APEX guaranteed, *inter alia*, NEMF's obligations in connection with the LC Agreement in an amount up to but not exceeding $1 million pursuant to three (3) Limited Guaranty Agreements executed by Eastern, Carrier, and Apex for the benefit of TD, each effectively dated April 5, 2013 (collectively, the TD Limited Guaranty Agreements"). In addition, Eastern, Carrier and APEX guaranteed, *inter alia*, NEMF's obligations in connection with the LC Agreement, among other obligations, pursuant to three (3) Guarantee Agreements executed by each for the benefit of TD, each dated May 27, 2015, each in an amount up to but not exceeding $12.5 million (plus interest, costs, expenses and such other items described therein).

9.      The Debtor Apex, as guarantor, is a party to a Continuing Guarantee Agreement, dated as of June 12, 2009, pursuant to which the Debtor Apex guaranteed all of the debts, obligations, indebtedness and liabilities of every kind of the Debtor NEMF owed to Chase (the "Apex Guarantee"). Pursuant to the Apex Guarantee, Apex granted a right of setoff in its deposit accounts maintained at Chase.

Page:      7
Debtor:    New England Motor Freight, Inc., *et al.*
Case No.:  19-12809
Caption:   THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
           Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
           Fourth Interim Hearing, and (d) Granting Related Relief

---

10.     The Debtor Carrier, as guarantor, is a party to a Continuing Guarantee Agreement, dated as of June 12, 2009, pursuant to which the Debtor Carrier guaranteed all of the debts, obligations, indebtedness and liabilities of every kind of the Debtor NEMF owed to Chase (the "Carrier Guarantee"). Pursuant to the Carrier Guarantee, Carrier granted a right of setoff in its deposit accounts maintained at Chase.

11.     The Debtor Eastern, as guarantor, is a party to a Continuing Guarantee Agreement, dated as of June 12, 2009, pursuant to which the Debtor Eastern guaranteed all of the debts, obligations, indebtedness and liabilities of every kind of the Debtor NEMF owed to Chase (the "Eastern Guarantee"). Pursuant to the Eastern Guarantee, Eastern granted a right of setoff in its deposit accounts maintained at Chase.

12.     As of February 11, 2019, the aggregate outstanding contingent amount owed by the Debtors under the Chase L/Cs was the sum of $10,346,000.00 (the "Chase LC Obligations").

13.     The Debtors (for themselves and their estates only), and without limiting the rights of other parties in interest, agree that Chase holds a valid, binding, enforceable and properly perfected first lien on the funds contained in the Debtors' Deposit Accounts held at Chase as of the Petition filings, which Chase asserts are in the total amount of $6,454,240.72 (the "Chase Cash Collateral"), and that the Chase liens on the Chase Cash Collateral have priority over any other lien. The amount of Chase Cash Collateral held by Chase at the time of the Petition filings may

Page:       8
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

be referred to as the "<u>Petition Date Chase Cash Collateral Amount</u>," and as of this Third Interim

Order is being held in the Chase Cash Collateral Account.

14.    The Debtors (for themselves and their estates only), and without limiting the rights

of other parties in interest, agree that, pursuant to the TD LC Agreement, the TD LC Obligation is

secured by a valid, binding, enforceable properly perfected first lien on the funds contained in

three deposit accounts ("<u>TD Bank Accounts</u>") held at TD at the time as of the Petition filings which

TD asserts were in the total amount of $2,842,783.68 (the "<u>TD Petition Date Cash Collateral</u>

<u>Amount</u>"), pursuant to the terms of the Court's Order Partially Vacating Stay entered on April 3,

2019 [Dkt. 387] (the "Partial Stay Relief Order"), TD set off $1,421,391.84 from the TD Bank

Accounts, the amount remaining in the TD Bank Accounts as of June 7, 2019 was $1,432,471.10

(the "TD Cash Collateral") and that the TD liens on the TD Cash Collateral have priority over any

other lien.

**IT IS HEREBY ORDERED THAT**:

15.    The Motions are GRANTED on an interim basis as set forth herein.

16.    Subject to all of the terms, conditions and limitations of this Third Interim Order,

the Debtors' third interim budget, a copy of which is annexed to this Third Interim Order as

**Exhibit "A"**, as the same may be modified from time to time consistent with the terms of this

Third Interim Order (the "<u>Budget</u>"), the Debtors are authorized to utilize the Cash Collateral during

the Third Interim Period and not thereafter, absent a subsequent interim order solely for (i) post-

Page:       9
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

petition operating expenses and other working capital, (ii) certain transaction fees and expenses,

(iii) permitted payment of costs of administration of the Cases, including professional fees, (iv) as

otherwise permitted under this Third Interim Order, all in accordance with the Budget, provided,

however, that the Debtors may exceed the amount of any weekly line item expenditure in the

Budget by up to ten percent (10%) thereof, so long as the total aggregate expenditures of the

Debtors, on a cumulative basis, do not exceed one hundred and ten percent (110%) of the total

aggregate expenditures of the Debtors for such budgeted week (the "Variance"), and (v) as

provided for below:

   a. The Debtors' interim use of the Chase Cash Collateral and the TD Cash

      Collateral is capped at $ 2,943,100.00 (the "Third Interim Funding"), which

      shall be funded by and apportioned between Chase and TD in the amounts

      of $2,043,100 from Chase (the "Chase Third Interim Funding") and

      $900,000 from TD  (the "TD Third Interim Funding");

   b. Upon 24 hours' notice from the Debtors to Chase and TD or as soon as

      practical (x) TD shall transfer the TD Third Interim Funding to the Debtors'

      Chase operating account number x6365 (the "Chase Operating Account")

      for use by the Debtors pursuant to this Third Interim Order (the "TD Third

      Interim Funding Transfer"), and (y) Chase shall transfer the Chase Third

      Interim Funding from the Chase Cash Collateral Account to the Debtors'

Page:       10
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

Chase Operating Account for use by the Debtors pursuant to this Third

Interim Order;

   c.  With the exception of the TD Third Interim Funding Transfer, the Debtors

shall maintain the TD Bank Accounts at TD, and TD shall be authorized to

continue to maintain an administrative hold on the funds in deposit in the

TD Bank Accounts, subject to further Order of the Court; and

   d.  All rights of Chase and TD, including setoff rights, shall be preserved in all

respects, notwithstanding the TD Third Interim Funding, Chase Third

Interim Funding or any provision of this Third Interim Order.

17.    The Debtors shall allow Chase and its financial advisors and TD and its financial advisors reasonable access to the Chief Restructuring Officer and his staff, and reasonable access to the Debtors' books and records for inspection.

18.    Subject to the terms and conditions of this Third Interim Order, and in accordance with the Budget, the Debtors are authorized to use Cash Collateral.  Nothing in this Third Interim Order shall authorize the disposition of any assets of the Debtors or their estates, outside the ordinary course of business, which shall be subject to further orders of this Court, or the Debtors' use of any Cash Collateral or other proceeds resulting therefrom, except as permitted in this Third Interim Order and in accordance with the Budget.

Page:       11
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

19.     The Debtors' authority to use the Cash Collateral shall be suspended (and Debtors shall therefore not be authorized to use the Cash Collateral for any purpose, except as further ordered by the Court) for so long as any one or more of the following conditions (collectively, an "Event of Default") exists: (i) the Debtors have failed to discharge any duty or other obligation imposed upon it in this Third Interim Order, or has otherwise violated any requirement or condition to use of the Cash Collateral provided in this Third Interim Order, and has not cured such failure or violation within five (5) business days after receiving written notice thereof from Chase (provided that the Debtors shall have the ability to seek an emergency hearing within 72 hours to challenge any such written notice, and authority to continue usage of the Cash Collateral until the Court rules on such dispute), or (ii) there is pending any Motions by the Debtors to dismiss or convert one or more of these Chapter 11 Cases to a case under chapter 7.  The five day notice and cure period shall not apply to the Debtors' obligation to transfer the TD Third Interim Funding to TD by 3:00 p.m., Eastern Time, on August 30, 2019.

20.     The Debtors' authority to use the Cash Collateral shall terminate for all purposes upon the soonest to occur of the following events or conditions: (i) the Third Interim Period expires and no final order, further interim order or extension has been approved by the Court, (ii) a chapter 11 trustee is appointed for any of the Debtors, (iii) one or more of these Chapter 11 Cases are converted to a chapter 7 case or dismissed, (iv) the Court enters an order confirming a chapter 11 plan of reorganization or liquidation for all of the Debtors, (v) the Court enters an order granting

Page:       12
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

Chase, TD or any pre-petition lender to the Debtors, relief from the automatic stay to exercise rights and remedies in respect of any property of the Debtors, provided, however that the use of the Cash Collateral will only terminate with regard to the specific cash collateral that is granted relief from stay, or (vi) the Debtors fail to transfer the TD Third Interim Funding to TD by 3:00 p.m., Eastern Time, on August 30, 2019.

21.    As adequate protection for the use of their Cash Collateral, Chase and TD are hereby granted, pursuant to Bankruptcy Code §§ 361 and 363 valid, enforceable and perfected replacement liens and first-priority security interests, solely and exclusively to protect Chase and TD from any actual diminution in the value of their pre-petition Cash Collateral (the "Adequate Protection Liens"), on all of the Debtors' right, title and interest in, to and under any and all presently owned and hereafter acquired unencumbered assets of the Debtors and proceeds thereof, and as to assets upon which there are existing liens, a junior lien on such encumbered assets and proceeds thereof (the "Replacement Liens"). The Replacement Liens herein granted shall be *pari passu* between Chase and TD, provided, however, that (a) any Replacement Liens granted to TD herein on encumbered assets in which Chase has a prepetition lien shall be subordinate to Chase's Replacement Lien on such assets, and (b) any Replacement Liens granted to Chase herein on encumbered assets in which TD has a prepetition lien shall be subordinate to TD's Replacement Lien on such assets.  The post-petition collateral shall not include (i) claims or causes of action of the Debtors under 11 U.S.C. §§ 502(d), 544, 545, 547, 548, 549, 550, 551 or 553 or any other

Page:       13
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

avoidance or similar action under the Bankruptcy Code or similar state or municipal law or any

proceeds of any such claims or causes of action (collectively, the "Avoidance Actions and

Proceeds") and (ii) commercial tort claims of the Debtors' estates, existing as of, or arising prior

to, the Petition Date, whether received by judgment, settlement, or otherwise and the proceeds

thereof (collectively, the "Commercial Tort Claims").   The Replacement Liens shall be

subordinate to any fees payable to the Clerk of this Court, or pursuant to 28 U.S.C. §1930 of the

Office of the United States Trustee.

22.     The Replacement Liens shall not impair the rights of VFS US LLC with respect to

cross-collateralization, or to foreclose on their collateral subject to an Order of this Court granting

stay relief.

23.     The Replacement Liens and other protections granted to or for the benefit of Chase

and TD pursuant to this Third Interim Order and the Bankruptcy Code shall immediately constitute

valid, enforceable, non-avoidable and duly perfected security interests and liens.  Chase and TD

shall not be required to file or serve financing statements, mortgages or similar instruments which

otherwise may be required under federal or state law in any jurisdiction, or take any action,

including taking possession, to validate and perfect such security interests and liens, but upon the

request by Chase and TD, the Debtors are hereby authorized and directed to execute and deliver

any such financing statements, mortgages, or other similar instruments.  The failure by Chase or

TD to request, or the failure or refusal to execute or deliver, any documentation relating to the

Page:        14
Debtor:      New England Motor Freight, Inc., *et al.*
Case No.:    19-12809
Caption:     THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
             Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
             Fourth Interim Hearing, and (d) Granting Related Relief

---

Adequate Protection Liens shall in no way effect the validity, perfection or priority of such Adequate Protection Lien.

24.      As further adequate protection to secure Chase and TD from any actual diminution in the value of their Cash Collateral, Chase and TD are hereby granted an administrative claim against the Debtors' estates under §§361(3) and 503, solely to the extent that the Adequate Protection Liens do not adequately protect against any actual diminution in the value of Chase and TD's interests in their collateral.   Chase and TD have not consented to any surcharge of any collateral, under §506(c) of the Bankruptcy Code, and no such consent shall be implied from any action, failure to act, or acquiescence by Chase or TD.   Likewise, the Debtors and their estates have not waived any rights under §506(c) of the Bankruptcy Code.

25.      The automatic stay imposed under Bankruptcy Code §362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Second Interim Order.

26.      The Chase Cash Collateral and/or the TD Cash Collateral may not be utilized to challenge any Chase liens or obligations due to Chase, nor to challenge any TD liens or obligations due to TD.

27.      The Debtors shall provide to Chase, TD, and counsel to the Official Committee Of Unsecured Creditors (the "Committee"):

    a.   **On or before June 11, 2019 at 12 noon E.T.:**

Page:       15
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809
Caption:    THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
            Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
            Fourth Interim Hearing, and (d) Granting Related Relief

---

     i.  a fourteen (14) week budget prepared on a cash basis for the period commencing May 26, 2019, with notes to indicate any amounts that would accrue but not be paid during that period; and

     ii.  a variance report reconciling actual expenditures during every week commencing on May 26, 2019 (which variance report shall be updated on a weekly basis each Thursday at 12 noon E.T. thereafter).

b.  On or before July 12, 2019, a wind down budget which shall include all projected administrative expenses of the bankruptcy estates, including the Committee's projected administrative expenses, which Committee projections shall be provided by the Committee.

28.    The Debtors authorize Chase to provide the Debtors' bank account balances, lock box reports and statements directly to TD and the Committee.

29.    Nothing in this Third Interim Order shall (i) impair Chase's or TD's right to seek stay relief, or (ii) the Committee's rights to oppose any such request for stay relief. (For the avoidance of doubt, this includes any pending motions for stay relief and any motions which might be filed at a later date.)

30.    The provisions of this Third Interim Order and any action taken pursuant to the terms hereof shall survive the entry of any order dismissing any of these Chapter 11 Cases or

| | |
|---|---|
| Page: | 16 |
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 |
| Caption: | THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a Fourth Interim Hearing, and (d) Granting Related Relief |

converting any of these Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, and all of the terms and conditions of this Third Interim Order as well as the liens and security interests granted pursuant hereto shall continue in this or in any superseding case under the Bankruptcy Code, and such liens and security interests shall retain their priorities provided by this Third Interim Order until satisfied and discharged.

31.    The Orders entered by the Court in these Chapter 11 Cases approving the Motions filed by the Debtors at Docket Nos. 11, 12, 13 and 58 shall not alter or modify the terms and conditions of this Third Interim Order, nor do they modify TD's administrative freeze with respect to the TD Bank Accounts or the right of setoff of TD and Chase, all of which are preserved and subject to further order of this Court, except to the extent authorized in this Order.

32.    As further adequate protection Chase shall be entitled to the set offs set forth in this paragraph 32. Upon entry of this Third Interim Order, Chase is hereby permitted to immediately set off the sum of $3,227,120 from the Chase Cash Collateral Account against NEMF's reimbursement obligations under the Chase Note. If, during the Third Interim Period or thereafter, the daily average balance of the Debtors' unencumbered cash on hand as reflected in the Budget exceeds $10,000,000 for a period of seven (7) consecutive days (a "Balance Trigger Event"), the Debtors shall promptly provide Chase with written notice, which, in no event shall exceed two (2) business days following the Balance Trigger Event, then Chase shall be permitted to immediately set off the balance of funds contained in the Chase Cash Collateral Account, against NEMF's

Page:      17
Debtor:    New England Motor Freight, Inc., *et al.*
Case No.:  19-12809
Caption:   THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
           Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
           Fourth Interim Hearing, and (d) Granting Related Relief

---

reimbursement obligations under the Chase Note, which funds, following the "Payback" of the
Chase Third Interim Funding as reflected in the Budget, will be in the amount of $3,227,120. The
set offs permitted pursuant to this paragraph 32 shall be permanent and not subject to further claim,
defense, disgorgement, return or challenge of any nature under the Bankruptcy Code or other
applicable law.

33.    As further adequate protection, the Debtors shall transfer an amount equal to the
TD Third Interim Funding from the Debtors' Chase Operating Account to the TD Bank Account(s)
where the TD Cash Collateral had been held at the time of the TD Third Interim Funding Transfer
upon the earlier of: (1) the occurrence of a Balance Trigger Event, or (2) the "Payback" of the TD
Third Interim Funding as reflected in the Budget.  Nothing herein shall modify, impair or prejudice
the rights and claims of the Debtors or the Committee, if any, including but not limited to, the right
to seek disgorgement of any funds setoff by TD pursuant to the Court's T&M Sale Order entered
April 8, 2019 [Dkt. 434]  or the Partial Stay Relief Order.  Nothing in this Third Interim Order
shall determine or affect in any way the relief sought by TD in its motion for relief from stay [Dkt.
280].

34.    Nothing in this Third Interim Order shall constitute or be construed to (a) be an
admission by Chase or TD as to the adequacy of the protection provided herein; (b) release, impair
or alter in any way the obligations and liability of any guarantor, if any, of the pre-petition claims
of Chase or TD; or (c) prohibit Chase or TD from seeking any further relief in these bankruptcy

Page:        18
Debtor:      New England Motor Freight, Inc., *et al.*
Case No.:    19-12809
Caption:     THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
             Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
             Fourth Interim Hearing, and (d) Granting Related Relief

---

cases, including, without limitation, additional adequate protection, the dismissal or conversion of

these Chapter 11 Cases, set-off and relief from the automatic stay under section 362(d) of the

Bankruptcy Code, or the appointment of a trustee or examiner.

35.    The Debtors agree that neither Chase nor TD shall be subject to the equitable

doctrine of "marshalling" or any similar doctrine. Nothing in this Third Interim Order shall modify

the terms of any agreement of Chase or TD with respect to any rights, priorities and obligations

set forth thereunder.

36.    The Fourth Interim Hearing, if required, on the Motions will be held on **September

3, 2019 at 2:00 p.m. (Eastern Time)**.  Objections, if any, that relate to the Motions shall be filed

and served so as to be actually received by the Debtors' proposed counsel, counsel for Chase,

counsel for TD Bank, and proposed counsel for the Committee on or before **August 27, 2019** .

The TD Objection shall be continued to the Fourth Interim Hearing.  Any objection shall set forth

in writing and with particularity the factual and legal basis of the objection.  If no objections to the

Motions are filed, the Court may enter an order approving the relief requested in the Motions on a

further interim basis without further notice or hearing.

37.    Notice of the Motions as provided therein shall be deemed good and sufficient

notice of such Motions and the requirements of Fed. R. Bank. P. 6004(a) are waived.

38.    The relief granted in this Third Interim Order is effective immediately as it is

necessary to avoid immediate and irreparable harm to the Debtors and, therefore, (i) the

Page:         19
Debtor:       New England Motor Freight, Inc., *et al.*
Case No.:     19-12809
Caption:      THIRD Interim Order (a) Authorizing Use of JPMorgan Chase, N.A. and TD
              Bank, N.A. Cash Collateral, (b) Granting Adequate Protection, (c) Scheduling a
              Fourth Interim Hearing, and (d) Granting Related Relief

---

requirements of Fed. R. Bank. P. 6003 are deemed satisfied and (ii) the requirements of Fed. R.

Bank. P. 6004(h) are waived.

39.    The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any Motions be
accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motions
or otherwise waived.

40.    Any party may move for modification of this Second Interim Order in accordance
with D.N.J. LBR 9013-5(e).

41.    The Debtors shall serve by regular mail a copy of this Third Interim Order and the
Motions on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within
two (2) business days after the entry of this Second Interim Order.

42.    The Debtors are authorized to take all actions necessary to effectuate the relief
granted in this Third Interim Order in accordance with the Motions.

43.    Notwithstanding any applicability of any of the Federal Rules of Bankruptcy
Procedure or of the Local Rules of the United States Bankruptcy Court for the District of New
Jersey, the terms and conditions of this Third Interim Order shall be immediately effective and
enforceable upon its entry.

44.    This Court retains exclusive jurisdiction with respect to all matters arising from or
related to the implementation, interpretation, and enforcement of this Third Interim Order.

# EXHIBIT A

New England Motor Freight, DIP
Case # 19-12809
Cash Flow Summary (Individual, detailed Cash Flows Following)

| Consolidating Forecast 14 Weeks: June 2, 2019 - Sep 1, 2019 | NEMF | Eastern | NEWT | Carrier | NEMF Logistics | All Other | Total |
|---|---|---|---|---|---|---|---|
| **Total Revenue** | - | 500,000 | - | 42,750 | - | - | 542,750 |
| **Total Cash Receipts** | 2,600,000 | 490,000 | 108,884 | 31,840 | - | - | 3,230,724 |
| **Disbursements** | | | | | | | |
| **Employee and Insurance Related** | | | | | | | |
| Gross Payroll Eastern | - | 266,575 | - | - | - | - | 266,575 |
| Pre-Petition Payroll Earned for Week Ending Feb 10, paid Feb 14 | - | - | - | - | - | - | - |
| Union Wages | - | - | - | - | - | - | - |
| Non Union Full-Time Wages | 289,594 | - | - | - | - | - | 289,594 |
| Non Union Part-Time Wages | - | - | - | - | - | - | - |
| Exec Payroll | 571,619 | - | - | - | - | - | 571,619 |
| Employer Payments | 68,036 | 21,059 | - | - | - | - | 89,095 |
| Payroll & Tax Payments | 929,249 | 287,634 | - | - | - | - | 1,216,883 |
| Union Severance (Greater of 2 weeks wages or Accrued Vacation + Personal Days) | - | - | - | - | - | - | - |
| Non Union FT Severance (Greater of 2 weeks wages or Accrued Vacation + Sick Days) | 264,612 | - | - | - | - | - | 264,612 |
| Class Action 1 Settlement - Union & Non-Union | 2,700,000 | - | - | - | - | - | 2,700,000 |
| Class Action 2 Settlement - PT & Disability | 400,000 | - | - | - | - | - | 400,000 |
| KERP Payments | 95,000 | - | - | - | - | - | 95,000 |
| Driver Stay Bonuses | 45,000 | - | - | - | - | - | 45,000 |
| Severance & Stay Bonuses | 3,504,612 | - | - | - | - | - | 3,504,612 |
| Union Pension Contribution | - | - | - | - | - | - | - |
| Total Insurance Outflows | 1,496,338 | - | - | - | - | - | 1,496,338 |
| **Total Employee and Insurance Related** | 5,930,199 | 287,634 | - | - | - | - | 6,217,833 |
| **Vendor Payments** | | | | | | | |
| Vehicle Expense: | | | | | | | |
| Fuel | - | 120,000 | - | 1,879 | - | - | 121,879 |
| Parts | - | - | - | - | - | - | - |
| Maintenance | - | 10,000 | - | - | - | - | 10,000 |
| Tires | - | - | - | - | - | - | - |
| Propane | - | - | - | - | - | - | - |
| Fluids | - | - | - | - | - | - | - |
| Rentals | - | - | - | - | - | - | - |
| Repairs | - | 1,000 | - | - | - | - | 1,000 |
| Vehicle Expenses Total | - | 131,000 | - | 1,879 | - | - | 132,879 |
| Terminal And Real Estate Expenses: | | | | | | | |
| Rent | 915,981 | - | - | - | - | - | 915,981 |
| Other Affiliated Real Estate Payments | - | - | - | - | - | - | - |
| Telecommunications | 84,000 | - | - | - | - | - | 84,000 |
| Utilities | 174,375 | - | - | - | - | - | 174,375 |
| Equipment | - | - | - | - | - | - | - |
| Leasehold Improvements | - | - | - | - | - | - | - |
| Other Terminal Expenses | - | 800 | - | - | - | - | 800 |
| Total Terminal Expenses | 1,174,356 | 800 | - | - | - | - | 1,175,156 |
| Delivery & Driving Expenses (Tolls) | - | 66,765 | - | 12,694 | - | - | 79,459 |
| Total Selling Expenses | - | - | - | - | - | - | - |
| Total Legal Fees | - | - | - | - | - | - | - |
| Total Professional Fees | - | 500 | - | - | - | - | 500 |
| Total Other Misc. | 1,672,447 | 15,687 | - | 3,902 | - | - | 1,692,036 |
| Total Vendor Payments | 2,846,803 | 214,752 | - | 18,475 | - | - | 3,080,030 |
| **Total Operating Disbursements** | 8,777,002 | 502,386 | - | 18,475 | - | - | 9,297,863 |
| **Operating Cash Flow** | (6,177,002) | (12,386) | 108,884 | 13,365 | - | - | (6,067,139) |
| **Non Operating and Debt Service Disbursements** | | | | | | | |
| Professional Fees (Restructuring) | 4,783,124 | - | - | - | - | - | 4,783,124 |
| **Total Non Operating Disbursements** | 4,783,124 | - | - | - | - | - | 4,783,124 |
| **Non Operating Cash Receipts** | | | | | | | |
| Net Proceeds from the Sale of the Unencumbered Equipment | 12,000,000 | - | - | - | - | - | 12,000,000 |
| Net Proceeds from Liquifying the Insurance A/R (Est. 20% discount) | 4,080,000 | - | - | - | - | - | 4,080,000 |
| Net Proceeds from the Sale of the Miami Property ($3,515,000 less 6%) | 3,304,100 | - | - | - | - | - | 3,304,100 |
| Net Proceeds the the Sale of Nine Vehicles | 282,000 | - | - | - | - | - | 282,000 |
| Residual Unencumbered Proceeds from the Eastern & Carrier 363 Sale | 3,400,000 | - | - | - | - | - | 3,400,000 |
| **Total Non Operating Cash Receipts** | 23,066,100 | - | - | - | - | - | 23,066,100 |
| **Total Net Cash Flow** | 12,105,975 | (12,386) | 108,884 | 13,365 | - | - | 12,215,838 |

| Cash Roll Forward (Book Balance) | | Total |
|---|---|---|
| Beginning Balance ($6.9mm Chase, $2.8mm TD Bank) | | 1,996,810 |
| Disbursements | | (14,080,987) |
| Cash Receipts | | 26,296,824 |
| Final Settlement with TD RE: Cash Collateral | | - |
| Anticipated Draw-down (Payback) of Cash Collateral | | (0) |
| **Ending Book Balance** | | 14,212,647 |

| Cash Collateral (JPMC & TD Bank) | | Total |
|---|---|---|
| JPMC Beginning Cash Collateral | | 6,454,241 |
| TD Beginning Cash Collateral | | 2,842,784 |
| Total Beginning Cash Collateral | | 9,297,025 |
| JPMC Relief of Stay | | (3,227,120) |
| TD Relief of Stay | | (1,421,392) |
| Anticipated Payback (Drawdown) | | - |
| **Ending Cash Collateral** | | 4,648,512 |
| **Total Available Liquidity** | | 18,861,160 |

New England Motor Freight, Inc.
Case # 19-12809
Consolidated Cash Flow Summary

| Week #<br>Week Ending | Actual<br>-1<br>5/18/2019 | Actual<br>0<br>5/25/2019 | FCST<br>1<br>6/1/2019 | FCST<br>2<br>6/8/2019 | FCST<br>3<br>6/15/2019 | FCST<br>4<br>6/22/2019 | FCST<br>5<br>6/29/2019 | FCST<br>6<br>7/6/2019 | FCST<br>7<br>7/13/2019 | FCST<br>8<br>7/20/2019 | FCST<br>9<br>7/27/2019 | FCST<br>10<br>8/3/2019 | FCST<br>11<br>8/10/2019 | FCST<br>12<br>8/17/2019 | FCST<br>13<br>8/24/2019 | FCST<br>14<br>8/31/2019 | FCST<br>15<br>9/7/2019 | Forecast<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Revenue** | | | | | | | | | | | | | | | | | | |
| **Collections** | | | | | | | | | | | | | | | | | | |
| **Total Cash Receipts** | | | | | | | | | | | | | | | | | | |
| **Operating Disbursements** | | | | | | | | | | | | | | | | | | |
| **Employee and Insurance Related:** | | | | | | | | | | | | | | | | | | |
| Gross Payroll Eastern | | | | | | | | | | | | | | | | | | |
| Pre-Petition Payroll Earned for Week Ending Feb 10, paid Feb 14 | | | | | | | | | | | | | | | | | | |
| Union Wages | | | | | | | | | | | | | | | | | | |
| Non Union Full-Time Wages | | | | | | | | | | | | | | | | | | |
| Non Union Part-Time Wages | | | | | | | | | | | | | | | | | | |
| Early Payroll | | | | | | | | | | | | | | | | | | |
| Employer Payments | | | | | | | | | | | | | | | | | | |
| Actual Prior Period NEMF Gross Payroll | | | | | | | | | | | | | | | | | | |
| Payroll & Tax Payments | | | | | | | | | | | | | | | | | | |
| Union Severance (Greater of 2 weeks wages or Accrued Vacation + Personal Days) | | | | | | | | | | | | | | | | | | |
| Non Union FT Severance (Greater of 2 weeks wages or Accrued Vacation + Sick Days) | | | | | | | | | | | | | | | | | | |
| Class Action 1 Settlement - Union & Non-Union | | | | | | | | | | | | | | | | | | |
| Class Action 2 Settlement - FT & Disability | | | | | | | | | | | | | | | | | | |
| KERP Payments | | | | | | | | | | | | | | | | | | |
| Direct Stay Bonus | | | | | | | | | | | | | | | | | | |
| Severance & Stay Bonuses | | | | | | | | | | | | | | | | | | |
| Union Pension Contribution | | | | | | | | | | | | | | | | | | |
| Total Insurance Coffman- Eastern | | | | | | | | | | | | | | | | | | |
| Total Insurance Coffman- NEMF | | | | | | | | | | | | | | | | | | |
| **Total Employee and Insurance Related** | | | | | | | | | | | | | | | | | | |
| **Vendor Payments:** | | | | | | | | | | | | | | | | | | |
| **Terminal And Real Estate Expenses:** | | | | | | | | | | | | | | | | | | |
| Rent | | | | | | | | | | | | | | | | | | |
| Other Affiliated Real Estate Payments | | | | | | | | | | | | | | | | | | |
| Total Communications | | | | | | | | | | | | | | | | | | |
| Utilities | | | | | | | | | | | | | | | | | | |
| Equipment | | | | | | | | | | | | | | | | | | |
| Leasehold Improvements | | | | | | | | | | | | | | | | | | |
| **Total Terminal Expenses** | | | | | | | | | | | | | | | | | | |
| Vehicle Expenses (Fuel & Tires) | | | | | | | | | | | | | | | | | | |
| Delivery & Driving Expenses (Tolls) | | | | | | | | | | | | | | | | | | |
| Total Selling Expenses | | | | | | | | | | | | | | | | | | |
| Total Garage Expenses | | | | | | | | | | | | | | | | | | |
| Total Professional Fees | | | | | | | | | | | | | | | | | | |
| Total Other | | | | | | | | | | | | | | | | | | |
| **Total Vendor Payments** | | | | | | | | | | | | | | | | | | |
| **Total Operating Disbursements** | | | | | | | | | | | | | | | | | | |
| **Operating Cash Flow** | | | | | | | | | | | | | | | | | | |
| Cumulative | | | | | | | | | | | | | | | | | | |

New England Motor Freight DIP
Case # 19-12809
Consolidated Cash Flow Summary

**Net Operating and Debt Service Disbursements**

- Total Financing Principal Payments
- Professional Fees (Restructuring)

**Total Non Operating Disbursements**

**Net Operating Cash Receipts**

**Net Operating Cash Receipts**

- Net Proceeds from the Sale of the Unencumbered Equipment
- Net Proceeds from Liquidating the Insurance A/R (Std 20% discount)
- Net Proceeds from the Sale of the Miami Property ($3,515,000 less 6%)
- Net Proceeds the the Sale of New Vehicles
- Residual Unencumbered Proceeds from the Eastern & Carrier 363 Sale

**Total Non Operating Cash Receipts**

**Total Net Cash Flow**

Cumulative

**Beginning Book Balance / (FINC)**

- Disbursements
- Cash Receipts
- Anticipated TD Bank Drawdown (Payback)
- Anticipated JP Morgan Chase Cash Collateral Drawdown (Payback)

**Ending Book Balance**

**Beginning Cash Collateral (JPMC + TD Bank)**

- JPMC Cash Collateral Amount
- JPMC Relief of Stay
- Loss Payback (Drawdown)

Ending JPMC Cash Collateral Amount

- TD Cash Collateral Amount
- TD Relief of Stay
- Loss Payback (Drawdown)
- Final Settlement with TD RE: Cash Collateral

Ending TD Cash Collateral Amount

- JP Morgan Cash Collateral Payback (Drawdown)
- TD Bank Cash Collateral Payback (Drawdown)

Anticipated Payback (Drawdown) Total

**Total Ending Cash Collateral**

**AR Rollforward**

- Beginning Balance
- New Sales
- Collections
- Sale of Eastern AR

Total Draw Down amount

Ending Balance

New England Motor Freight, DIP
Case # 19-12809
NEMF
Cash Flow Summary

| Week # / Week Ending | FCST 1 6/2/2019 | FCST 2 6/9/2019 | FCST 3 6/16/2019 | FCST 4 6/23/2019 | FCST 5 6/30/2019 | FCST 6 7/7/2019 | FCST 7 7/14/2019 | FCST 8 7/21/2019 | FCST 9 7/28/2019 | FCST 10 8/4/2019 | FCST 11 8/11/2019 | FCST 12 8/18/2019 | FCST 13 8/25/2019 | FCST 14 9/1/2019 | Forecast Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Revenue** | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Collections | | | | | | | | | | | | | | | |
| **Total Cash Receipts** | 250,000 | 250,000 | 250,000 | 250,000 | 250,000 | 250,000 | 250,000 | 250,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 2,050,000 |
| **Disbursements** | | | | | | | | | | | | | | | |
| **Employee and Insurance Related** | | | | | | | | | | | | | | | |
| Pre-Petition Payroll Earned for Week Ending Feb 10, paid Feb 14 | | | | | | | | | | | | | | | |
| Union Wages | 40,988 | 39,368 | 32,232 | 29,670 | 21,787 | 20,724 | 19,798 | 18,907 | 18,132 | 17,435 | 16,807 | 5,094 | 4,575 | 4,118 | |
| Non Union Full-Time Wages | | | | | | | | | | | | | | | |
| Non Union Part-Time Wages | 50,866 | 50,866 | 50,866 | 50,866 | 50,091 | 50,091 | 50,091 | 50,091 | 50,091 | 43,391 | 43,391 | 30,915 | | | |
| Exec Payroll | 91,854 | 90,234 | 83,098 | 80,536 | 71,878 | 70,815 | 69,859 | 68,998 | 68,223 | 60,826 | 60,198 | 35,999 | 4,575 | 4,118 | |
| **Gross Payroll** | | | | | | | | | | | | | | | |
| Union Severance (Greater of 2 weeks wages or Accrued Vacation + Personal Days) | 45,270 | 4,000 | 17,940 | 9,405 | 21,645 | 2,657 | 2,391 | 2,152 | 1,837 | 18,483 | 1,569 | 60,497 | 78,560 | 1,144 | |
| Non Union FT Severance (Greater of 2 weeks wages or Accrued Vacation + Sick Days) | | | | | | | | | | 2,700,000 | | | | | |
| Class Action 1 Settlement - Union & Non-Union | | | | | | | | | | 400,000 | | | | | |
| Class Action 2 Settlement - FT & Disability | 95,000 | | | | | | | | | | | | | | |
| KERP Payments | 45,000 | | | | | | | | | | | | | | |
| Severance & Stay Bonuses | 185,270 | 4,000 | 17,940 | 9,405 | 21,645 | 2,657 | 2,391 | 2,152 | 1,837 | 3,118,483 | 1,569 | 60,497 | 78,560 | 1,144 | |
| Quarterly Employer Tax Payments | | | | | | | | | | | | | | | |
| Weekly Employer Tax Payments | 7,256 | 7,129 | 6,565 | 5,382 | 5,678 | 5,594 | 5,519 | 5,451 | 5,380 | 4,805 | 4,756 | 2,844 | 361 | 325 | |
| Employer Payments | 7,256 | 7,129 | 6,565 | 5,382 | 5,678 | 5,594 | 5,519 | 5,451 | 5,380 | 4,805 | 4,756 | 2,844 | 361 | 325 | |
| **Payroll & Tax Payments** | 284,381 | 101,413 | 107,603 | 95,324 | 99,201 | 78,897 | 77,769 | 76,601 | 75,200 | 3,184,114 | 66,523 | 99,340 | 83,497 | 5,587 | |
| **Insurance Payments:** | | | | | | | | | | | | | | | |
| United Healthcare | 202,700 | 195,500 | 195,500 | 217,500 | 195,500 | 202,700 | 195,500 | 195,500 | 217,500 | 202,700 | 195,500 | 195,500 | 217,500 | 195,500 | |
| Other Net Insurance Outflows | 15,000 | 15,000 | | | | 15,000 | | | | 15,000 | | | | | |
| Premium Refund Following Eastern Insurance Cancellation | | | | (250,000) | | | | | (454,801) | (167,421) | | | | | |
| Pension Deposit Return | | | | | (54,500) | | | | | | | | | | |
| **Total Insurance Outflows** | 202,700 | 210,500 | 195,500 | 217,500 | (54,500) | 202,700 | 210,500 | 288,200 | (283,340) | (207,980) | 210,500 | 215,500 | 204,840 | 300,997 | 201,087 |
| **Total Employee and Insurance Related** | 487,081 | 311,913 | 303,003 | 313,604 | 44,701 | 281,767 | 288,269 | (182,700) | | | 277,023 | 294,840 | 300,997 | 201,087 | |
| **Vendor Payments** | | | | | | | | | | | | | | | |
| Vehicle Expenses Total | | | | | | | | | | 419,461 | | | | | |
| Terminal Delivery & Drivng Expenses | | | | 416,461 | | | | | | | | | 77,000 | | 862,441 |
| Terminal Affiliated Real Estate Payments | | | | | | | | | | | | | | | |
| Rent | 162,036 | 57,711 | 32,063 | 313,160 | 454 | | 38,919 | | 206,405 | | | | 9,775 | 12,784 | |
| Other Affiliated Real Estate Payments | | | | | | | | | 10 | | | | | | |
| Telecommunications | | | | | | | | | | | | | | | |
| Utilities | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | |
| Equipment | | 62,500 | 62,500 | 62,500 | 62,500 | | | | | | | | | | |
| Leasehold Improvements | | | | | | | | | | | | | | | |
| Other Terminal Expenses | 6,000 | 8,000 | 6,000 | 8,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | |
| **Subtotal Terminal Expenses** | 5,625 | 12,656 | 12,656 | 12,656 | 16,875 | 5,625 | 16,875 | 16,875 | 16,875 | 5,625 | 16,875 | 16,875 | 16,875 | 5,625 | |
| **Other Misc.:** | | | | | | | | | | | | | | | |
| Real Estate Taxes | 232,036 | 160,211 | 154,583 | 415,660 | 102,954 | 40,000 | 78,019 | | 248,426 | 40,000 | 40,000 | 40,000 | 49,775 | 52,784 | 1,672,441 |
| Terminal Repairs | | | | | | | | | | | | | | | |
| Temp Labor | 243,661 | 178,867 | 153,219 | 434,336 | 541,100 | 51,625 | 100,864 | 62,875 | 688,761 | 51,625 | 62,875 | 62,875 | 149,650 | 64,409 | 2,846,800 |
| Security | | | | | | | | | | | | | | | |
| All Other Misc. | | | | | | | | | | | | | | | |
| **Total Other Misc.** | | | | | | | | | | | | | | | |
| **Total Vendor Payments** | 730,743 | 490,780 | 456,222 | 748,140 | 585,802 | 333,392 | 389,154 | 119,825 | 490,801 | 3,277,029 | 339,898 | 357,715 | 450,647 | 265,496 | 8,777,000 |
| **Total Operating Disbursements** | (480,743) | (240,780) | (206,222) | (498,140) | (335,802) | (83,392) | (139,154) | | (390,801) | (3,171,029) | (239,898) | (257,715) | (350,647) | (165,496) | (6,177,000) |
| **Operating Cash Flow** | | | | | | | | | | | | | | | |

New England Motor Freight, DIP
Case # 19-12809
NEMF
Cash Flow Summary

| Week #<br>Week Ending | FCST 1<br>6/2/2019 | FCST 2<br>6/9/2019 | FCST 3<br>6/16/2019 | FCST 4<br>6/23/2019 | FCST 5<br>6/30/2019 | FCST 6<br>7/7/2019 | FCST 7<br>7/14/2019 | FCST 8<br>7/21/2019 | FCST 9<br>7/28/2019 | FCST 10<br>8/4/2019 | FCST 11<br>8/11/2019 | FCST 12<br>8/18/2019 | FCST 13<br>8/25/2019 | FCST 14<br>9/1/2019 | Forecast Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Non Operating and Debt Service Disbursements** | | | | | | | | | | | | | | | |
| CRO Salary | 30,703 | 30,703 | 30,703 | 30,703 | 30,703 | 12,703 | 12,703 | 31,500 | 31,500 | 31,500 | 31,500 | 22,500 | 22,500 | 22,500 | 372,421 |
| Debtor Financial Advisor (Phoenix) | | 185,258 | 328,008 | | | 164,020 | 171,285 | | | | 112,528 | | 281,500 | | 885,321 |
| Gibbons | | 16,000 | | | | | 355,541 | 341,500 | | | | 16,000 | | | 1,052,582 |
| Wasserman | | | | | | | 36,691 | | | | | | | | 36,691 |
| Whiteford Taylor | | | | | | | | | | | | | | | |
| DRC regular | | | 120,000 | | | | | 120,000 | | | | 12,000 | 60,000 | | 312,000 |
| DRC - Administrative | | | | | | 12,000 | 12,000 | | | | | | | | |
| CohnReznick (UCC) | | | | 27,016 | | 84,187 | 84,187 | | 80,000 | | | | 80,000 | | 274,187 |
| Elliott Greenleaf | | | | 88,554 | 150,000 | | | | 160,000 | | | | 120,000 | | |
| Withum | | | | | | | 20,000 | | | | | 120,000 | 20,000 | | |
| Lowenstein | 258,928 | | | 13,248 | | | 160,000 | 160,000 | | | | | | | |
| US Trustee | | | | 180,000 | | | 265,000 | 144,867 | | | | | | | |
| **Professional Fees (Restructuring)** | 290,532 | 231,961 | 478,712 | 319,521 | 190,703 | 176,723 | 1,111,908 | 759,035 | 271,500 | 31,500 | 144,028 | 170,500 | 584,000 | 22,500 | 4,321,148 |
| **Total Non Operating Disbursements** | 290,532 | 231,961 | 478,712 | 319,521 | 190,703 | 176,723 | 1,111,908 | 759,035 | 271,500 | 31,500 | 144,028 | 170,500 | 584,000 | 22,500 | 4,781,544 |
| **Non Operating Cash Receipts** | | | | | | | | | | | | | | | |
| Net Proceeds from the Sale of the Unencumbered Equipment | | | | | 1,500,000 | | 1,500,000 | | 9,000,000 | | | | | | 12,000,000 |
| Net Proceeds from Liquifying the Insurance A/R (Est at 20% discount) | | | | | | | | 4,000,000 | | | | | | | 4,000,000 |
| Net Proceeds from the Sale of the Miami Property ($1,515,000 less 6%) | | | | | | | | | | 3,304,100 | | | | | 3,304,100 |
| Net Proceeds the the Sale of Nine Vehicles | | | | | | | | 282,000 | | | | | | | 282,000 |
| Residual Unencumbered Proceeds from the Eastern & Carrier 363 Sale | | | | | | | 3,400,000 | | | | | | | | 3,400,000 |
| **Total Non Operating Cash Receipts** | | | | | 1,500,000 | | 4,900,000 | 4,282,000 | 9,000,000 | 3,304,100 | | | | | 23,621,100 |
| **Total Net Cash Flow** | (771,774) | (472,741) | (664,834) | (814,661) | 973,465 | (265,115) | 3,648,929 | 3,972,790 | 8,347,699 | 101,571 | (353,526) | (428,215) | (934,947) | (187,996) | 12,191,... |

New England Motor Freight, DIP
Case # 19-12809
Eastern Freightways
Cash Flow Summary

| Week #<br>Week Ending | FCST 1<br>6/2/2019 | FCST 2<br>6/9/2019 | FCST 3<br>6/16/2019 | FCST 4<br>6/23/2019 | FCST 5<br>6/30/2019 | FCST 6<br>7/7/2019 | FCST 7<br>7/14/2019 | FCST 8<br>7/21/2019 | FCST 9<br>7/28/2019 | FCST 10<br>8/4/2019 | FCST 11<br>8/11/2019 | FCST 12<br>8/18/2019 | FCST 13<br>8/25/2019 | FCST 14<br>9/1/2019 | Forecast<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Revenue** | $500,000 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $500,000 |
| **Collections** | | | | | | | | | | | | | | | |
| **Total Cash Receipts** | 490,000 | | | | | | | | | | | | | | 490,000 |
| **Disbursements** | | | | | | | | | | | | | | | |
| Employee and Insurance Related | | | | | | | | | | | | | | | |
| Pre-Petition Payroll for Week Ending Feb 2, paid Feb 7 | 133,287 | 133,287 | | | | | | | | | | | | | 266,574 |
| Gross Payroll Eastern | 10,530 | 10,530 | | | | | | | | | | | | | 21,060 |
| Employer Payments | - | | | | | | | | | | | | | | |
| Total Insurance Outflows | - | - | | | | | | | | | | | | | |
| Total Employee and Insurance Related | 143,817 | 143,817 | - | - | - | - | - | - | - | - | - | - | - | - | 287,634 |
| **Vendor Payments** | | | | | | | | | | | | | | | |
| Vehicle Expense: | | | | | | | | | | | | | | | |
| Fuel | 120,000 | | | | | | | | | | | | | | 120,000 |
| Parts | - | | | | | | | | | | | | | | - |
| Maintenance | 10,000 | | | | | | | | | | | | | | 10,000 |
| Tires | - | | | | | | | | | | | | | | - |
| Propane | - | | | | | | | | | | | | | | - |
| Fluids | - | | | | | | | | | | | | | | - |
| Rentals | - | | | | | | | | | | | | | | - |
| Repairs | 1,000 | | | | | | | | | | | | | | 1,000 |
| Vehicle Expenses Total | 131,000 | - | - | - | - | - | - | - | - | - | - | - | - | - | 131,000 |
| Delivery & Driving Expenses: | | | | | | | | | | | | | | | |
| Tolls Total | 35,000 | | | | | | | | | | | | | | 35,000 |
| Total Line Haul Purchased Transportation | - | | | | | | | | | | | | | | - |
| Total Cartage | - | | | | | | | | | | | | | | - |
| Total Tarping Services | 11,565 | | | | | | | | | | | | | | 11,565 |
| Total Temp Drivers | 20,000 | | | | | | | | | | | | | | 20,000 |
| Total Other Delivery & Driving Fees | 200 | | | | | | | | | | | | | | 200 |
| Total Delivery & Driving Expenses | 66,765 | - | - | - | - | - | - | - | - | - | - | - | - | - | 66,765 |
| Terminal And Real Estate Expenses: | | | | | | | | | | | | | | | |
| Rent | - | | | | | | | | | | | | | | - |
| Other Affiliated Real Estate Payments | - | | | | | | | | | | | | | | - |
| Telecommunications | - | | | | | | | | | | | | | | - |
| Utilities | - | | | | | | | | | | | | | | - |
| Equipment | - | | | | | | | | | | | | | | - |
| Leasehold Improvements | - | | | | | | | | | | | | | | - |
| Other Terminal Expenses | 800 | | | | | | | | | | | | | | 800 |
| Subtotal Terminal Expenses | 800 | - | - | - | - | - | - | - | - | - | - | - | - | - | 800 |

New England Motor Freight, DIP
Case # 19-12809
Eastern Freightways
Cash Flow Summary

| Week #<br>Week Ending | FCST 1<br>6/2/2019 | FCST 2<br>6/9/2019 | FCST 3<br>6/16/2019 | FCST 4<br>6/23/2019 | FCST 5<br>6/30/2019 | FCST 6<br>7/7/2019 | FCST 7<br>7/14/2019 | FCST 8<br>7/21/2019 | FCST 9<br>7/28/2019 | FCST 10<br>8/4/2019 | FCST 11<br>8/11/2019 | FCST 12<br>8/18/2019 | FCST 13<br>8/25/2019 | FCST 14<br>9/1/2019 | Forecast<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Professional Fees | 500 | - | - | - | - | - | - | - | - | - | - | - | - | - | 500 |
| Total Other Misc. | 15,687 | - | - | - | - | - | - | - | - | - | - | - | - | - | 15,687 |
| **Total Vendor Payments** | 214,752 | - | - | - | - | - | - | - | - | - | - | - | - | - | 214,752 |
| **Total Operating Disbursements** | 358,569 | 143,817 | - | - | - | - | - | - | - | - | - | - | - | - | 502,386 |
| **Operating Cash Flow** | 131,431 | (143,817) | - | - | - | - | - | - | - | - | - | - | - | - | (12,386) |
| Non Operating and Debt Service Disbursements | | | | | | | | | | | | | | | |
| Total Financing Principal Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Non Operating Disbursements** | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Non Operating Cash Receipts | | | | | | | | | | | | | | | |
| **Total Non Operating Cash Receipts** | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Net Cash Flow** | 131,431 | (143,817) | - | - | - | - | - | - | - | - | - | - | - | - | (12,386) |

New England Motor Freight, DIP
Case # 19-12809
Carrier Industries
Cash Flow Summary

| Week Ending: | FCST 6/2/2019 | FCST 6/9/2019 | FCST 6/16/2019 | FCST 6/23/2019 | FCST 6/30/2019 | FCST 7/7/2019 | FCST 7/14/2019 | FCST 7/21/2019 | FCST 7/28/2019 | FCST 8/4/2019 | FCST 8/11/2019 | FCST 8/18/2019 | FCST 8/25/2019 | FCST 9/1/2019 | Forecast Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week #: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | |
| Total Revenue | $42,750 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $42,750 |
| Collections | | | | | | | | | | | | | | | |
| Total Cash Receipts | 31,840 | - | - | - | - | - | - | - | - | - | - | - | - | - | $31,840 |
| **Disbursements:** | | | | | | | | | | | | | | | |
| Employee and Insurance Related: | | | | | | | | | | | | | | | |
| Gross Payroll | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Insurance Outflows | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Employee and Insurance Related | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Vendor Payments:** | | | | | | | | | | | | | | | |
| Vehicle Expense: | | | | | | | | | | | | | | | |
| Fuel | 1,879 | - | - | - | - | - | - | - | - | - | - | - | - | - | 1,879 |
| Parts | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Maintenance | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Tires | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Propane | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Fluids | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Rentals | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Repairs | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Vehicle Expenses Total | 1,879 | - | - | - | - | - | - | - | - | - | - | - | - | - | 1,879 |
| Delivery & Driving Expenses: | | | | | | | | | | | | | | | |
| Tolls Total | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Line Haul Purchased Transportation | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Cartage | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Tarping Services | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Temp Drivers: | | | | | | | | | | | | | | | |
| EFS TRANSPORTATION SERVICES | 9,361 | - | - | - | - | - | - | - | - | - | - | - | - | - | 9,361 |
| All other Temp Drivers | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Temp Drivers | 9,361 | - | - | - | - | - | - | - | - | - | - | - | - | - | 9,361 |
| Other Delivery & Driving Fees: | | | | | | | | | | | | | | | |
| Traffic Violations | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interline Charges | 1 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Intercompany Purchased Transportation | 15 | - | - | - | - | - | - | - | - | - | - | - | - | - | 15 |
| P&D Purchased Services | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Intercompany P&D Services | 3,318 | - | - | - | - | - | - | - | - | - | - | - | - | - | 3,318 |
| Pier Charges | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Unloading Allowances | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Other Delivery & Driving Fees | 3,333 | - | - | - | - | - | - | - | - | - | - | - | - | - | 3,333 |

New England Motor Freight, DIP
Case # 19-12809
Carrier Industries
Cash Flow Summary

| Week #<br>Week Ending: | FCST 1<br>6/2/2019 | FCST 2<br>6/9/2019 | FCST 3<br>6/16/2019 | FCST 4<br>6/23/2019 | FCST 5<br>6/30/2019 | FCST 6<br>7/7/2019 | FCST 7<br>7/14/2019 | FCST 8<br>7/21/2019 | FCST 9<br>7/28/2019 | FCST 10<br>8/4/2019 | FCST 11<br>8/11/2019 | FCST 12<br>8/18/2019 | FCST 13<br>8/25/2019 | FCST 14<br>9/1/2019 | Forecast<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Delivery & Driving Expenses | 12,694 | - | - | - | - | - | - | - | - | - | - | - | - | - | 12,694 |
| **Terminal And Real Estate Expenses:** | | | | | | | | | | | | | | | |
| Rent | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Affiliated Real Estate Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Telecommunications | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Utilities | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equipment | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Leasehold Improvements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Terminal Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Termine Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Selling Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Legal Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Professional Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Other Misc.:** | | | | | | | | | | | | | | | |
| Intercompany Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Agent Commissions | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Classified Ads | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Charitable Contributions | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Company Credit Cards | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Company Cars | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Office Supplies | 6 | - | - | - | - | - | - | - | - | - | - | - | - | - | 6 |
| Office Cleaning | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Payments on behalf of Eastern | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Payments on behalf of NEVT | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Payments on behalf of United Express Solar | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Payments on behalf of Carrier | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Payments on behalf of NEMF | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Payments on behalf of Hollywood Solar | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Terminal Repairs | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Temp Labor | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Security | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Travel & Entertainment | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Real Estate Taxes | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Operating Taxes & Licenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Taxes | 1,459 | - | - | - | - | - | - | - | - | - | - | - | - | - | 1,459 |
| All Other | 2,437 | - | - | - | - | - | - | - | - | - | - | - | - | - | 2,437 |
| Total Other Misc. | 3,902 | - | - | - | - | - | - | - | - | - | - | - | - | - | 3,902 |
| Total Vendor Payments | 18,475 | - | - | - | - | - | - | - | - | - | - | - | - | - | 18,475 |
| Total Operating Disbursements | 18,475 | - | - | - | - | - | - | - | - | - | - | - | - | - | 18,475 |
| Operating Cash Flow | 13,365 | - | - | - | - | - | - | - | - | - | - | - | - | - | 13,365 |
| Non Operating Cash Receipts | | | | | | | | | | | | | | | |

New England Motor Freight, DIP
Case # 19-12809
Carrier Industries
Cash Flow Summary

| Week #:<br>Week Ending: | FCST 1<br>6/2/2019 | FCST 2<br>6/9/2019 | FCST 3<br>6/16/2019 | FCST 4<br>6/23/2019 | FCST 5<br>3/30/2019 | FCST 6<br>7/7/2019 | FCST 7<br>7/14/2019 | FCST 8<br>7/21/2019 | FCST 9<br>7/28/2019 | FCST 10<br>8/4/2019 | FCST 11<br>8/11/2019 | FCST 12<br>8/18/2019 | FCST 13<br>8/25/2019 | FCST 14<br>9/1/2019 | Forecast<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| New Equipment Borrowings | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equipment Sales | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Non Operating Cash Receipts | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Non Operating and Debt Service Disbursements | | | | | | | | | | | | | | | |
| Financing: | | | | | | | | | | | | | | | |
| Vehicle Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Trailer Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equipment Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Financing Principal Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Capital Expenditures | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Expense | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Income | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Advances to Officers | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Non Operating Disbursements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Net Cash Flow | 13,365 | - | - | - | - | - | - | - | - | - | - | - | - | - | 13,365 |

New England Motor Freight, DIP
Case # 19-12809
NEMF World Transport
Cash Flow Summary

| Week #<br>Week Ending | FCST 1<br>6/22/2019 | FCST 2<br>6/9/2019 | FCST 3<br>6/16/2019 | FCST 4<br>6/23/2019 | FCST 5<br>6/30/2019 | FCST 6<br>7/7/2019 | FCST 7<br>7/14/2019 | FCST 8<br>7/21/2019 | FCST 9<br>7/28/2019 | FCST 10<br>8/4/2019 | FCST 11<br>8/11/2019 | FCST 12<br>8/18/2019 | FCST 13<br>8/25/2019 | FCST 14<br>9/1/2019 | Forecast<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Revenue | $0 | $0 | | | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Total Cash Receipts | 33,687 | 33,687 | 20,765 | 20,765 | - | - | - | - | - | - | - | - | - | - | $108,904 |
| **Disbursements** | | | | | | | | | | | | | | | |
| Employee and Insurance Related | | | | | | | | | | | | | | | |
| Pre-Petition Payroll for Week Ending Feb 2, paid Feb 7 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Union Wages | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Non Union Full-Time Wages | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Non Union Part-Time Wages | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Gross Payroll | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Union Severance (Greater of 2 weeks wages or Accrued Vacation + Personal Days) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Non Union FT Severance (Greater of 2 weeks wages or Accrued Vacation + Sick Days) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Severance | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Insurance Outflows | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Employee and Insurance Related | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Vendor Payments** | | | | | | | | | | | | | | | |
| Vehicle Expenses Total | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Delivery & Driving Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Terminal Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Selling Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Legal Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Professional Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Other Misc | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Vendor Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Operating Disbursements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Operating Cash Flow | 33,687 | 33,687 | 20,765 | 20,765 | - | - | - | - | - | - | - | - | - | - | 108,904 |
| Non Operating Cash Receipts | | | | | | | | | | | | | | | |
| Total Non Operating Cash Receipts | | | | | | | | | | | | | | | |
| Non Operating and Debt Service Disbursements | | | | | | | | | | | | | | | |
| Financing | | | | | | | | | | | | | | | |
| Vehicle Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Trailer Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equipment Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Financing Principal Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Capital Expenditures | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Expense | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Income | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Advances to Officers | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Non Operating Disbursements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Net Cash Flow | 33,687 | 33,687 | 20,765 | 20,765 | - | - | - | - | - | - | - | - | - | - | 108,904 |

New England Motor Freight, DIP
Case # 19-12809
NEMF Logistics
Cash Flow Summary

| Week # Week Ending: | FCST 1 6/2/2019 | FCST 2 6/9/2019 | FCST 3 6/16/2019 | FCST 4 6/23/2019 | FCST 5 6/30/2019 | FCST 6 7/7/2019 | FCST 7 7/14/2019 | FCST 8 7/21/2019 | FCST 9 7/28/2019 | FCST 10 8/4/2019 | FCST 11 8/11/2019 | FCST 12 8/18/2019 | FCST 13 8/25/2019 | FCST 14 9/1/2019 | Forecast Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Revenue | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Collections: | | | | | | | | | | | | | | | |
| Total Cash Receipts | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Disbursements: | | | | | | | | | | | | | | | |
| Employee and Insurance Related | | | | | | | | | | | | | | | |
| Gross Payroll | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Insurance Outflows | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Employee and Insurance Related | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Vendor Payments | | | | | | | | | | | | | | | |
| Vehicle Expense: | | | | | | | | | | | | | | | |
| Fuel | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Parts | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Maintenance | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Tires | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Propane | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Fluids | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Rentals | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Repairs | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Vehicle Expenses Total | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Delivery & Driving Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Terminal Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Selling Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Legal Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Professional Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Other Misc. | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Vendor Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Operating Disbursements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Operating Cash Flow | - | - | - | - | - | - | - | - | - | - | - | - | - | - | $0 |

New England Motor Freight, DIP
Case # 19-12809
NEMF Logistics
Cash Flow Summary

| | FCST 1 6/2/2019 | FCST 2 6/9/2019 | FCST 3 6/16/2019 | FCST 4 6/23/2019 | FCST 5 6/30/2019 | FCST 6 7/7/2019 | FCST 7 7/14/2019 | FCST 8 7/21/2019 | FCST 9 7/28/2019 | FCST 10 8/4/2019 | FCST 11 8/11/2019 | FCST 12 8/18/2019 | FCST 13 8/25/2019 | FCST 14 9/1/2019 | Forecast Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Week #: Week Ending:** | | | | | | | | | | | | | | | |
| **Non Operating Cash Receipts** | | | | | | | | | | | | | | | |
| Total Non Operating Cash Receipts | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Non Operating and Debt Service Disbursements** | | | | | | | | | | | | | | | |
| Financing: | | | | | | | | | | | | | | | |
| Vehicle Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Trailer Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equipment Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Financing Principal Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Capital Expenditures | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Expense | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Income | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Advances to Officers | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Non Operating Disbursements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Net Cash Flow** | - | - | - | - | - | - | - | - | - | - | - | - | - | - | $0 |

New England Motor Freight, DIP
Case # 19-12809
All Other
Cash Flow Summary

| Week #<br>Week Ending: | FCST<br>1<br>6/2/2019 | FCST<br>2<br>6/9/2019 | FCST<br>3<br>6/16/2019 | FCST<br>4<br>6/23/2019 | FCST<br>5<br>6/30/2019 | FCST<br>6<br>7/7/2019 | FCST<br>7<br>7/14/2019 | FCST<br>8<br>7/21/2019 | FCST<br>9<br>7/28/2019 | FCST<br>10<br>8/4/2019 | FCST<br>11<br>8/11/2019 | FCST<br>12<br>8/18/2019 | FCST<br>13<br>8/25/2019 | FCST<br>14<br>9/1/2019 | Forecast<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Revenue** | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Collections** | | | | | | | | | | | | | | | |
| Total Cash Receipts | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Disbursements** | | | | | | | | | | | | | | | |
| Employee and Insurance Related | | | | | | | | | | | | | | | |
| Gross Payroll | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Union Pension Contribution | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Insurance Outflows | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Employee and Insurance Related | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Vendor Payments | | | | | | | | | | | | | | | |
| Vehicle Expenses Total | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Delivery & Driving Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Terminal And Real Estate Expenses: | | | | | | | | | | | | | | | |
| Rent | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Affiliated Real Estate Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Telecommunications | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Utilities | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equipment | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Leasehold Improvements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Terminal Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Terminal Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal Selling Expenses | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Legal Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Professional Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Other Misc. | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Vendor Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Operating Disbursements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Operating Cash Flow** | $0 | $0 | $0 | $0 | $0 | $0 | ($3) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Non Operating Cash Receipts** | | | | | | | | | | | | | | | |
| Total Non Operating Cash Receipts | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Non Operating and Debt Service Disbursements** | | | | | | | | | | | | | | | |
| Financing Principal Payments: | | | | | | | | | | | | | | | |
| Vehicle Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Trailer Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equipment Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Software | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Financing Principal Payments | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Capital Expenditures | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Expense | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Income | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Advances to Officers | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Non Operating Disbursements | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total Net Cash Flow** | $0 | $0 | $0 | $0 | $0 | $0 | ($3) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |

**New England Motor Freight, DIP**
**Case # 19-12809**
Non-Operating Cash Receipts:

| | June | July | August | Total |
|---|---|---|---|---|
| Residual Unencumbered Proceeds from the Eastern & Carrier 363 Sale | $3,400,000 | $    - | $    - | $  3,400,000 |
| Net Proceeds from the Sale of the Miami Property ($3,515,000 less 6%) | $    - | $ 3,304,100 | $    - | $  3,304,100 |
| Net Proceeds the the Sale of Nine Vehicles | | $    282,000 | | $    282,000 |
| Net Proceeds from the Sale of the Unencumbered Equipment | $3,000,000 | $ 9,000,000 | $    - | $12,000,000 |
| Net Proceeds from Liquifying the Insurance A/R (Est. 20% discount) | $    - | $ 4,080,000 | $    - | $  4,080,000 |
| | | | | $    - |
| Total | $6,400,000 | $16,666,100 | $    - | $23,066,100 |

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 19-12809-JKS
New England Motor Freight, Inc.                                           Chapter 11
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2           User: admin           Page 1 of 1           Date Rcvd: Jun 13, 2019
                               Form ID: pdf903       Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2019.
db          +New England Motor Freight, Inc.,   1-71 North Ave E,   Elizabeth, NJ 07201-2958
aty         #+Brent C. Strickland,   Whiteford, Taylor & Preston L.L.P,   7501 Wisconsin Avenue,Suite 700W,
              Bethesda, MD 20814-6521
aty         +Gibbons, P.C.,   One Gateway Center,   Newark, NJ 07102-5321
aty          Howard A. Cohen,   Gibbons P.C,   300 Delaware Avenue, Suite 1015,   Wilmington, DE  19801-1671
aty          Jeffrey L. Nagel,   Gibbons P.C.,   One Pennsylvania Plaza, 37th Floor,
             New York, NY  10119-3701
aty         +Todd M. Brooks,   Whiteford, Taylor & Preston L.L.P.,   7 St. Paul Street, Suite 1500,
              Baltimore, MD 21202-1636
aty         +WASSERMAN, JURISTA & STOLZ, P.C.,   110 Allen Road,   Suite 304,
              Basking Ridge,, NJ 07920-4500
aty         +Whiteford Taylor & Preston,   Seven Saint paul St. Ste 1800,   Baltimore, MD 21202-1639

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                  TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2019                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2019 at the address(es) listed below:
NONE.                                                                                  TOTAL: 0