| |
|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1**<br>**GIBBONS P.C.**<br>Karen A. Giannelli, Esq.<br>Mark B. Conlan, Esq.<br>Brett S. Theisen, Esq.<br>One Gateway Center<br>Newark, New Jersey  07102<br>Telephone:  (973) 596-4500<br>Facsimile:   (973) 596-0545<br>E-mail:  kgiannelli@gibbonslaw.com<br>            mconlan@gibbonslaw.com<br>            btheisen@gibbonslaw.com<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

**Order Filed on June 26, 2019 by Clerk U.S. Bankruptcy Court District of New Jersey**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

### ORDER ESTABLISHING A SPECIAL ADMINISTRATIVE CLAIMS BAR DATE FOR FILING CERTAIN POST-PETITION AUTO-RELATED CLAIMS AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The relief set forth on the following pages, numbered two (2) through and including seven (7), is hereby **ORDERED**.

**DATED: June 26, 2019**

/s/ JKSherwood

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2736339.1 115719-100281

Page:     2
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order Establishing a Special Administrative Claims Bar Date for Filing Certain Post-Petition Auto-Related Claims and Approving the Form and Manner of Notice Thereof.

---

Upon consideration of the motion (the "**Motion**") of the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (the "**Order**") establishing a special administrative expense claim bar date and approving the form and manner of notice thereof, all as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation; and upon the Motion and all of the proceedings had before the Court in connection with the Motion,

It is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Any objections to the Motion that have not been withdrawn or otherwise resolved are hereby **OVERRULED**.

3. The form of the Special Administrative Claims Bar Date Notice, the Proof of Claim Form and the Publication Notice, attached hereto as Exhibit 1, Exhibit 2 and Exhibit 3, respectively, and the manner of providing notice of the Special Administrative Claims Bar Date

Page: 3
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Establishing a Special Administrative Claims Bar Date for Filing Certain Post-Petition Auto-Related Claims and Approving the Form and Manner of Notice Thereof.

---

proposed in the Motion, are approved in all respects. As such, the Debtors are authorized to serve the Special Administrative Claims Bar Date Notice in the manner described below.

4. Except as otherwise provided in this Order, each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units, that holds or wishes to assert an administrative expense claim under section 503(b) of the Bankruptcy Code related to Auto Liability Claims[2] against the Debtors' estates which arose during the Administrative Period from the Petition Date through April 9, 2019 (each, a "**Post-Petition Auto Liability Claim**"), must file a request for allowance of such Post-Petition Auto Liability Claim (each, a "**Proof of Claim**"), in substantially the form attached hereto as Exhibit 2, **by   August 12       , 2019 at 5:00 p.m. (prevailing Eastern Time) (the "Special Administrative Claims Bar Date**") in accordance with the procedures set forth herein.

5. The following procedures (the "***Special Administrative Claim Procedures***") are the sole and exclusive procedures that apply to any party seeking to assert a Post-Petition Auto Liability Claim against the Debtors, and are approved in all respects:

(a) All original Proofs of Claim must be received on or before the Special Administrative Claims Bar Date either:

(i) Electronically with Donlin, Recano & Company, Inc. ("***DRC***") via the interface available on DRC's website at https://www.donlinrecano.com/Clients/nemf/FileAdmExpenseClaim, or

(ii) Via U.S. Mail or other hand delivery method to the following address:

---

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

Page:    4
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Establishing a Special Administrative Claims Bar Date for Filing Certain Post-Petition Auto-Related Claims and Approving the Form and Manner of Notice Thereof.

---

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: New England Motor Freight, Inc., et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: New England Motor Freight, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

(b)   Proofs of Claim will be deemed filed only when actually received by DRC. Proof of Claim Forms may not be delivered via facsimile or electronic mail transmission.

(c)   Proofs of Claim will be collected, docketed and maintained by DRC.

(d)   All Proof of Claim forms shall be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. All Proof of Claim forms shall be written in English and be denominated in United States currency. Claimants should attached to the completed form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

(e)   Any entity asserting claims against multiple Debtors shall file a separate Proof of Claim form with respect to each Debtor. In addition, any entity filing an Administrative Expense Auto Liability Claim shall identify on its form the particular Debtor against which the entity asserts its Administrative Expense Auto Liability Claim.

6.   Any person or entity purportedly holding a Post-Petition Auto Liability Claim that is required to file a Proof of Claim, but fails to do so properly or timely in accordance with this Special Administrative Claims Bar Date Order, shall be barred from receiving any payment on account of such alleged Post-Petition Auto Liability Claim, including, but not limited to, any

Page:     5
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order Establishing a Special Administrative Claims Bar Date for Filing Certain Post-Petition Auto-Related Claims and Approving the Form and Manner of Notice Thereof.

---

distributions in these chapter 11 cases on account of such alleged Post-Petition Auto Liability Claim.

7. The establishment of the Special Administrative Claims Bar Date shall not have any effect on the General Bar Date Order, or be deemed to have extended or otherwise affected any other deadlines for filing claims that have been established in these Chapter 11 Cases by this Court.

8. Notwithstanding anything to the contrary in this Order, the following claims shall be exempted from this Order and are not required to be filed on or before the Special Administrative Claims Bar Date:

(a) Any Administrative Claim that is not a Post-Petition Auto Liability Claim;

(b) any Post-Petition Auto Liability Claims that (i) have been previously paid by the Debtors in the ordinary course of business or (ii) have otherwise been satisfied;

(c) Claims by a Debtor in these Cases against another Debtor;

(d) any Post-Petition Auto Liability Claim of a party that has already properly filed a Proof of Claim with respect to such Post-Petition Auto Liability Claim;

(e) Post-Petition Auto Liability Claims that have been allowed by a prior order of the Court; and

(f) Post-Petition Auto Liability Claims held by a person, entity or governmental unit that are incurred on or after April 10, 2019.

9. Entry of this Order is without prejudice to the Debtors' right to seek any other or further orders of this Court fixing a date by which holders of claims not subject to the Special Administrative Claims Bar Date must file or assert such claims against the Debtors.

Case 19-12809-JKS    Doc 699    Filed 06/26/19    Entered 06/26/19 11:51:48    Desc Main
Document    Page 6 of 19

Page:  6
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Establishing a Special Administrative Claims Bar Date for Filing Certain Post-Petition Auto-Related Claims and Approving the Form and Manner of Notice Thereof.

10. No later than five business days following the entry of this Order, the Debtors, through DRC or otherwise, shall serve a notice, in substantially the form of the Special Administrative Claims Bar Date Notice attached hereto as Exhibit 1, as well as the Proof of Claim form, by first-class mail, postage prepaid, on the following parties: (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) all persons or entities that have requested notice of the proceedings in these Cases under Bankruptcy Rule 2002; (iv) all other parties in the Debtors' creditor matrix not included above.

11. Pursuant to Bankruptcy Rules 2002(1) and 9008, the Debtors shall publish the Publication Notice, in substantially the form attached hereto as Exhibit 3, in such publication(s) as the Debtors deem necessary, as a means to provide notice of the Special Administrative Claims Bar Date to unknown potential claimants. The Debtors will cause the Publication Notice to be published no later than seven business days after serving the Special Administrative Claims Bar Date Notice.

12. The Debtors shall cause the Special Administrative Claims Bar Date Notice to be posted on the website established by DRC for the Debtors' Chapter 11 Cases, https://www.donlinrecano.com/Clients/nemf/Index.

13. Mailing the Special Administrative Claims Bar Date Notice, publishing the Publication Notice and posting the Special Administrative Claims Bar Date Notice on the DRC website shall constitute good and sufficient notice to potential holders of Post-Petition Auto Liability Claims. Upon such mailing and publication, all potential holders of Post-Petition Auto

Page: 7
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Establishing a Special Administrative Claims Bar Date for Filing Certain Post-Petition Auto-Related Claims and Approving the Form and Manner of Notice Thereof.

---

Liability Claims shall be deemed to have received constructive notice of this Order and the procedures set forth herein (including the Special Administrative Claims Bar Date Procedures), and shall be bound by this Order and the Special Administrative Claims Bar Date.

14. The Debtors shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed proofs of claim, or any Post-Petition Auto Liability Claim, whether or not listed or reflected in the Schedules, as to nature, amount liability, classification or otherwise; (ii) subsequently designate any scheduled Post-Petition Auto Liability Claim as disputed, contingent or unliquidated (or any combination thereof); and (iii) otherwise amend or supplement the Schedules. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any Post-Petition Auto Liability Claim, whether scheduled or filed, on any grounds.

15. The Debtors and DRC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

2736339.1 115719-100281

# EXHIBIT 1

Special Administrative Claims Bar Date Notice

2736340.1115719-100281

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF SPECIAL ADMINISTRATIVE CLAIMS BAR DATE
FOR POST-PETITION AUTO-LIABILITY CLAIMS**

**TO HOLDERS OF CERTAIN AUTO-LIABILITY CLAIMS ARISING ON OR AFTER FEBRUARY 11, 2019 THROUGH APRIL 9, 2019 AGAINST THE ABOVE-CAPTIONED DEBTORS:**

> **Questions concerning the contents of this Notice and requests for additional Proof of Claim forms should be directed to Donlin, Recano & Company, Inc. ("DRC"), the Debtors' claims and noticing agent toll free at (866) 721-1211 or nemfinfo@donlinrecano.com.**

**A holder of a possible administrative claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim form.**

On _____, 2019 the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order (Docket No. \_\_\_) (the "Special Administrative Claims Bar Date Order") establishing _____, **2019 at 5:00 p.m. (Prevailing Eastern Time)** (the "Special Administrative Claims Bar Date") as the last date for all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) holding a Post-Petition Auto Liability Claim (as defined below) against the Debtors to file a proof of claim form (included with this Notice) against the Debtors asserting such Post-Petition Auto Liability Claim.

For purposes of this Notice, the term "Post-Petition Auto Liability Claim" shall mean any claims arising on or after February 11, 2019 (the "Petition Date") through and including April 9, 2019

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

against the Debtors and their estates relating to or arising out of the Debtors' trucking and transportation operations, including, but not limited to: (i) personal injuries (including death and damages to property and/or environment); (ii) losses or asserted damages to property or others accepted for transportation by the Debtors pursuant to a bill of lading, shipping contract, shipping receipt or transportation agreement; and (iii) any and all claims caused by operations of a motor vehicle owned and/or operated by the Debtors, including truck, trailer or semi–trailer designed for use on public roads and used in the Debtors trucking and transportation operations.

The Special Administrative Claims Bar Date, and the procedures set forth below for filing proofs of claim, apply to all Post-Petition Auto Liability Claims against Debtors except for those claims listed in Section C below that are specifically excluded from the Special Administrative Claims Bar Date filing requirement.

This Notice is only a summary of the Special Administrative Claims Bar Date Order. All parties in interest should carefully review the Special Administrative Claims Bar Date Order itself and the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey for additional information regarding the filing and treatment of Administrative Claims in the Debtors' chapter 11 cases.

## **FILING CLAIMS**

**A.    What to File**

Enclosed with this Notice is a proof of claim form. Additionally, a blank proof of claim form may be downloaded at https://www.donlinrecano.com/Clients/nemf/Index.

All parties must **sign** and **date** proof of claim forms. All proof of claim forms must be **signed** by the claimant, or if the claimant is not an individual, by the claimant's authorized agent. In addition, the proof of claim form must be written in English and denominated in United States Dollars. You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, include a summary) or an explanation as to why the documents are not available.

**B.    When and Where to File the Proof of Claim Form**

All proofs of claim must be filed so as to be received **on or before the Special Administrative Claims Bar Date**. All original proofs of claim must be received on or before the Special Administrative Claims Bar Date either (i) electronically with DRC via the interface available on DRC's website at https://www.donlinrecano.com/Clients/nemf/FileAdmExpenseClaim or (ii) via U.S. Mail or other hand delivery method to the following address:

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: New England Motor Freight, Inc., et al.
P.O. Box 199043

Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: New England Motor Freight, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

Proofs of claim shall be deemed filed only when **actually received** by DRC on or before the Special Administrative Claims Bar Date. **Proofs of claim may NOT be delivered by facsimile, telecopy or electronic mail transmission**. Any facsimile, telecopy or electronic mail submissions shall not be accepted and shall not be deemed filed until a proof of claim form is submitted by one of the methods described above.

**C.     Who Need Not File a Proof of Claim Form**

The Special Administrative Claims Bar Date Order provides that the Special Administrative Claims Bar Date will **not** apply to the following claims:

(a)     Any Administrative Claim[2] that is not a Post-Petition Auto Liability Claim;

(b)     any Post-Petition Auto Liability Claim that (i) has been previously paid by the Debtors in the ordinary course of business or (ii) has otherwise been satisfied;

(c)     Claims by a Debtor in these Cases against another Debtor;

(d)     any Post-Petition Auto Liability Claim of a party that has already properly filed a Proof of Claim with respect to such Post-Petition Auto Liability Claim;

(e)     Post-Petition Auto Liability Claims that have been allowed by a prior order of the Court; and

(f)     Post-Petition Auto Liability Claims held by a person, entity or governmental unit that are incurred on or after April 10, 2019.

---

[2] The term "***Administrative Claim***" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; provided that such right to payment (x) arises under section 503(b) of the Bankruptcy Code and (y) first arose on or after the Petition Date. For the avoidance of doubt, nothing in this Motion shall extend the deadline established by the General Bar Date Order for any party with an administrative expense claim arising under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors in the twenty days prior to the Petition Date to file such claims against the Debtors.

**A CLAIMANT SHOULD CONSULT HIS OR HER ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A REQUEST FOR PAYMENT. NEITHER THE DEBTORS' ATTORNEYS, NOR DONLIN RECANO, NOR THE CLERK OF THE COURT CAN ADVISE THE CLAIMANT WHETHER THE CLAIMANT SHOULD FILE A REQUEST FOR PAYMENT.**

For the avoidance of doubt, nothing in the Special Administrative Claims Bar Date Order or this Notice shall extend the deadline established by the General Bar Date Order for any party with an administrative expense claim arising under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors in the twenty days prior to the Petition Date, to file such claims against the Debtors.

This Notice is being forwarded to numerous persons and entities that have had some relationship with or have done business with the Debtors, but may not have an unpaid claim against the Debtors. **The fact that you have received this Notice does not mean that you have a claim, or that the Bankruptcy Court or the Debtors believe that you have a claim, against the Debtors.**

D.  **Consequences for Failing to Timely File a Proof of Claim Form by the Special Administrative Claims Bar Date**

*ENTITIES THAT ARE NOT EXCEPTED FROM THE REQUIREMENTS OF THE SPECIAL ADMINISTRATIVE CLAIMS BAR DATE ORDER, AS SET FORTH IN SECTION C ABOVE, AND THAT FAIL TO PROPERLY FILE A PROOF OF CLAIM FORM, SHALL BE FOREVER BARRED FROM:*

*a.  ASSERTING SUCH POST-PETITION AUTO LIABILITY CLAIM AGAINST THE DEBTORS AND THEIR ESTATES;*

*b.  ASSERTING ANY CLAIM THAT IS OF A DIFFERENT NATURE OR CLASSIFICATION ON ACCOUNT OF SUCH POST-PETITION AUTO LIABILITY CLAIM; AND*

*c.  PARTICIPATING IN ANY DISTRIBUTION MADE IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH POST-PETITION AUTO LIABILITY CLAIM.*

E.  **Reservation of Rights**

The Debtors shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed proofs of claim, or any Post-Petition Auto Liability Claim, whether or not listed or reflected in the Schedules, as to nature, amount liability, classification or otherwise; (ii) subsequently designate any scheduled Post-Petition Auto Liability Claim as disputed, contingent or unliquidated (or any combination thereof); and (iii) otherwise amend or supplement the Schedules. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any Post-Petition Auto Liability Claim, whether scheduled or filed, on any grounds.

**F.    Additional Information**

Copies of the Special Administrative Claims Bar Date Order are available free of charge at https://www.donlinrecano.com/Clients/nemf/Index. If you require additional information regarding the filing of a Post-Petition Auto Liability Claim, you may contact DRC at (866) 721-1211. **Please note that DRC's staff is not permitted to give legal advice. You should consult with your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.**

Dated: June __, 2019

**GIBBONS P.C.**

By: /s/ *Karen A. Giannelli*
    Karen A. Giannelli, Esq.
    Mark B. Conlan, Esq.
    Brett S. Theisen, Esq.
    One Gateway Center
    Newark, New Jersey 07102
    Telephone: (973) 596-4500
    Facsimile: (973) 596-0545
    E-mail: kgiannelli@gibbonslaw.com
          mconlan@gibbonslaw.com
          btheisen@gibbonslaw.com

*Counsel to the Debtors and Debtors-in-Possession*

2736340.1115719-100281

# EXHIBIT 2

Proof of Administrative Claim Form for Post-Petition Auto Liability Claims

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*, | Case No. 19-12809 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**REQUEST FOR PAYMENT OF POST-PETITION AUTO-LIABILITY CLAIM**

> **THIS FORM TO BE USED ONLY FOR CERTAIN ADMINISTRATIVE EXPENSE CLAIMS RELATED TO AUTOMOBILE ACCIDENTS INVOLVING THE DEBTORS (A "POST-PETITION AUTO-LIABILTY CLAIM")[2] OCCURING ON OR AFTER FEBRUARY 11, 2019 THROUGH APRIL 9, 2019.**
> **FOR CLAIMS ARISING BEFORE FEBRUARY 11, 2019 (AND FOR SECTION 503(B)(9) CLAIMS), USE THE GENERAL PROOF OF CLAIM FORM**

1. Name of claimant: _____

2. Name of Debtor claim asserted against (**check only one per claim form**):

   \_\_\_\_\_ New England Motor Freight, Inc.  (Case No. 19-12809)  \_\_\_\_\_ Jans Leasing Corp.  (Case No. 19-12824)

   \_\_\_\_\_ Eastern Freight Ways, Inc.  (Case No. 19-12812)  \_\_\_\_\_ NEMF World Transport, Inc.  (Case No. 19-12826)

   \_\_\_\_\_ Apex Logistics, Inc.  (Case No. 19-12815)  \_\_\_\_\_ Mylar, LLC  (Case No. 19-12827)

   \_\_\_\_\_ Hollywood Avenue Solar, LLC  (Case No. 19-12818)  \_\_\_\_\_ MyJon, LLC  (Case No. 19-12828)

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

[2] "Post-Petition Auto Liability Claim" shall mean any claims arising on or after February 11, 2019 (the "Petition Date") through and including April 9, 2019 against the Debtors and their estates relating to or arising out of the Debtors' trucking and transportation operations, including, but not limited to: (i) personal injuries (including death and damages to property and/or environment); (ii) losses or asserted damages to property or others accepted for transportation by the Debtors pursuant to a bill of lading, shipping contract, shipping receipt or transportation agreement; and (iii) any and all claims caused by operations of a motor vehicle owned and/or operated by the Debtors, including truck, trailer or semi–trailer designed for use on public roads and used in the Debtors trucking and transportation operations.

    \_\_\_\_\_ Carrier Industries, Inc.                          \_\_\_\_\_ United Express Solar, LLC
            (Case No. 19-12820)                             (Case No. 19-12830)

    \_\_\_\_\_ NEMF Logistics, LLC
            (Case No. 19-12821)

3. Nature and description of the claim (you may attach a separate summary):

    _____

4. Date(s) claim arose: _____

5. Amount of claim: _____

6. Documentation supporting the claim must be attached hereto. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date or dates on which the administrative expense claim arose.

**SIGN BELOW:**

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>‰ I am the creditor.<br>‰ I am the creditor's attorney or authorized agent.<br>‰ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>‰ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date (MM/DD/YYYY): _____<br><br>Signature: _____<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>First name: _____ Middle: _____ Last:_____<br><br>Title: _____<br><br>Company (identify the corporate servicer as the company if the authorized agent is a servicer):<br>_____<br><br>Address:<br>_____<br><br>City: _____ State: _____ Zip: _____<br><br>Phone: _____ Email: _____ |

# EXHIBIT 3

## Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**IMPORTANT LEGAL NOTICE OF BAR DATE FOR FILING CERTAIN AUTO-LIABILITY CLAIMS ARISING ON OR AFTER FEBRUARY 11, 2019 THROUGH APRIL 9, 2019 AGAINST THE ABOVE-CAPTIONED DEBTORS**

This Notice was authorized by a federal court. Read it carefully. Your rights are at stake.

On February 11, 2019 (the "**Petition Date**"), the above captioned debtors and debtors in possession (the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of New Jersey (the "**Court**"). On May 1, 2019, the Court entered an order (the "**Pre-Petition Bar Date Order**") establishing certain claims bar dates in the chapter 11 cases for holders of claims arising prior to the Petition Date. On _____, 2019, the Court entered an order (the "**Special Administrative Claims Bar Date Order**") establishing **_____, 2019 at 5:00 p.m. (prevailing Eastern Time)** ("**Special Administrative Claims Bar Date**") as the deadline for holders of certain post-petition claims arising on the Petition Date (February 11, 2019) through and including April 9, 2019 (the "**Claims Period**") to file proofs of claims against the Debtors.[2]

**Who Must File A Proof Of Claim**. The Special Administrative Claims Bar Date Order requires all persons/entities that have or assert any claims arising on or after the Petition Date through, and including April 9, 2019 against the Debtors and their estates relating to or arising out of the Debtors' trucking and transportation operations, including, but not limited to: (i) personal injuries (including death and damages to property and/or environment); (ii) losses or asserted damages to property or others accepted for transportation by the Debtors pursuant to a bill of lading, shipping contract, shipping receipt or transportation agreement; and (iii) any and all claims caused by operation of a motor vehicle owned and/or operated by the Debtors, including truck, trailer or semi–trailer designed for use on public roads and used in the Debtors trucking and transportation operations (a "**Post-Petition Auto Liability Claim**") to file proofs of claim with Donlin, Recano & Company, Inc. ("**DRC**"), the claims and noticing agent in the chapter 11 cases, so that their proofs of claim are <u>actually received</u> by DRC on or before 5:00 p.m. (prevailing Eastern Time) on the Special Administrative Claims Bar Date.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Special Administrative Claims Bar Date Order. For the avoidance of doubt, the Special Administrative Claims Bar Date Order does not extend or affect the deadlines set forth by the Court in the Pre-Petition Bar Date Order.

The term "Post-Petition Auto Liability Claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**Consequences of Failure to File Proof of Claim: Any person, entity, or governmental unit not excepted from filing a Proof of Claim pursuant to the Special Administrative Claims Bar Date Order that fails to do so by the Special Administrative Claims Bar Date and in the form and manner provided for in the Special Administrative Claims Bar Date Order shall not be permitted to (a) participate in any distribution in the chapter 11 cases on account of such Post-Petition Auto Liability Claim, or (b) receive further notices regarding the chapter 11 cases.**

**Procedures for Filing Proofs of Claim:** A Proof of Claim will be deemed timely only if the original Proof of Claim is **actually received** by DRC on or before **_____, 2019 at 5:00 p.m. (prevailing Eastern Time)** (i) electronically through the website of the Debtors' claims and noticing agent, Donlin, Recano & Company, Inc., using the interface available on such website located at https://www.donlinrecano.com/Clients/nemf/FileAdmExpenseClaim (the "*Electronic Filing System*") or (ii) by mail at the following address: Donlin, Recano & Company, Inc., Re: New England Motor Freight Inc., et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; or (ii) by courier, hand delivery, or overnight delivery at the following address: Donlin, Recano & Company, Inc., Re: New England Motor Freight, Inc., et al., 6201 15th Avenue, Brooklyn, NY 11219. Proofs of Claim may not be sent by facsimile, telecopy, or electronic mail. A claimant who wishes to receive acknowledgement of receipt of its Proof of Claim form may submit a copy of the Proof of Claim form and a self-addressed, stamped envelope to DRC along with the original Proof of Claim. If you file a Proof of Claim, your Proof of Claim must: (a) be written in the English language; (b) be denominated in lawful currency of the United States; (c) conform substantially to the administrative claim form available from DRC and approved by the Bankruptcy Court; (d) set forth with specificity the legal and factual bases for the alleged Claim; (e) include supporting documentation (or, if such documentation is voluminous, a summary of the same) or an explanation as to why documentation is not available; and (f) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

**Additional Information:** Copies of the Special Administrative Claims Bar Date Order are available for inspection during regular business hours at the Office of the Clerk of the Court. In addition, copies may be viewed on the internet for a fee at the Court's website (http://www.njb.uscourts.gov/) by following directions for accessing the Court's electronic filing system on such website, or free of charge on DRC's website for the chapter 11 cases (https://www.donlinrecano.com/Clients/nemf/Index). Questions concerning the contents of this Notice and requests for additional Proof of Claim forms should be directed to DRC toll free at (866) 721-1211. **Please note that DRC's staff is not permitted to give legal advice. You should consult with your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.**

**GIBBONS P.C.**

By: /s/ *Karen A. Giannelli*
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
E-mail: kgiannelli@gibbonslaw.com
mconlan@gibbonslaw.com
btheisen@gibbonslaw.com

*Counsel to the Debtors and Debtors-in-Possession*