MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP
By: Justin W. Gray, Esq.
**Attorneys for Creditor, Janice A. Goodall**
6 Tower Place
Albany, New York 12203
Telephone: (518) 465-3553
Facsimile: (518) 465-5845
E-mail: gray@moscllp.com

Order Filed on July 16, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors, | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>Jointly Administered |
| NEW ENGLAND MOTOR FREIGHT, INC. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PARTIES LISTED ON EXHIBIT A TO THE COMPLAINT and VARIOUS JOHN DOES | Adv. Pro. No. 19-1119 (JKS) |

**STIPULATION AND CONSENT ORDER
REGARDING MOTION FOR RELIEF FROM STAY**

**DATED: July 16, 2019**

The relief set forth on the following pages, numbered two (2) through (4), is

hereby **ORDERED**.

{M0896930.1}

_____
Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Page: | 2 |
| Debtor: | NEW ENGLAND MOTOR FREIGHT, INC., et al. |
| Case No.: | 19-12809 (JKS) (Jointly Administered) |
| Adv. Pro.: | NEW ENGLAND MOTOR FREIGHT, INC. et al. v. PARTIES LISTED ON EXHIBIT A TO THE COMPLAINT, et al. |
| Adv. Pro. No.: | 19-1119 (JKS) |
| Caption of Order: | Stipulation and Consent Order Granting Relief From Stay |

**WHEREAS**, on August 15, 2015, while operating her vehicle in Connecticut, Janice A. Goodall ("Goodall") was struck by a tractor-trailer operated by Rowan A. Phillip; and

**WHEREAS**, at the time of the aforesaid motor vehicle accident (the "Connecticut MVA"), New England Motor Freight, Inc., a Debtor in the within jointly administered Chapter 11 proceedings, was the employer of Mr. Phillip and the registered owner of the tractor-trailer involved in the collision; and

**WHEREAS**, on August 11, 2017, Goodall filed an action in the Superior Court of Connecticut, Judicial District of New Haven, captioned *Janice A. Goodall v. New England Motor Freight, Inc., et al.*, Docket No. NNH-CV17-6073538-S (the "Connecticut Litigation"); and

**WHEREAS**, on February 11, 2019, the Debtors in this jointly administered Chapter 11 case filed their bankruptcy petitions; and

**WHEREAS**, on March 14, 2019, the Debtors filed the complaint in the above-captioned Adversary Proceeding and a motion seeking a preliminary injunction against all pending motor vehicle accidents involving the Debtors [Docket No. 3 in Adv. Pro. 19-1119 (JKS)] (the "Injunction Motion"); and

{M0896930.1}

Page: 3
Debtor: NEW ENGLAND MOTOR FREIGHT, INC., et al.
Case No.: 19-12809 (JKS) (Jointly Administered)
Adv. Pro.: NEW ENGLAND MOTOR FREIGHT, INC. et al. v. PARTIES LISTED ON EXHIBIT A TO THE COMPLAINT, et al.
Adv. Pro. No.: 19-1119 (JKS)
Caption of Order: Stipulation and Consent Order Granting Relief From Stay

---

**WHEREAS**, on May 17, 2019, Goodall filed a motion for an Order granting relief from stay to proceed with personal injury litigation pending in Connecticut state court; and

**WHEREAS**, payments to other claimants involved in the Connecticut MVA have exhausted (i) the Debtors' self-insured retention obligation of $500,000 under an Excess Indemnity Contract between the Debtors and Protective Insurance Company ("Protective") in effect at the time of the Connecticut MVA; (ii) coverage up to $5 million per occurrence provided by Protective under the same Excess Indemnity Contract; (iii) and an additional layer of insurance coverage between $5 million - $10 million per occurrence provided by Lexington Insurance Company ("Lexington"); and

**WHEREAS**, in the Connecticut Litigation, Goodall seeks monetary compensation for her personal injuries suffered in the Connecticut MVA; and

**WHEREAS**, in the Connecticut Litigation, Goodall is not seeking recovery from the Debtors' self-insured retention or the Protective or Lexington policies of insurance covering the Debtors; and

{M0896930.1}

**WHEREAS**, in the Connecticut Litigation, Goodall is seeking to recover only from insurance policy(ies) issued by Travelers providing coverage to the Debtors for losses in excess of $10 million per occurrence, and not directly from the Debtors; and

**WHEREAS**, accordingly, Goodall hereby agrees to waive its right to any recovery from the Estates, and forever waives, releases and discharges the Debtors, the Debtors' estates, and each of their respective successors, agents and assigns of and from any and all manner of action and actions, cause and causes of action, suits, guarantees, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing related to the Connecticut Litigation and/or the Connecticut MVA, whether or not such claims are known or unknown to Goodall, and whether or not such claims have been asserted by Goodall, except with respect to the Allowed Proof of Claim, as defined herein.

Page:           4
Debtor:         NEW ENGLAND MOTOR FREIGHT, INC., et al.
Case No.:       19-12809 (JKS) (Jointly Administered)
Adv. Pro.:      NEW ENGLAND MOTOR FREIGHT, INC. et al. v. PARTIES LISTED ON EXHIBIT A TO THE COMPLAINT, et al.
Adv. Pro. No.:  19-1119 (JKS)
Caption of Order: Stipulation and Consent Order Granting Relief From Stay

**NOW THEREFORE**, the Parties stipulated and agree, and the Court hereby finds and **ORDERS** as follows:

{M0896930.1}

1. The automatic stay is hereby terminated as set forth herein pursuant to Section 362(d) of the Bankruptcy Code as to Janice A. Goodall and the Connecticut Litigation.

2. Goodall shall be entitled to file a nominal proof of claim in the above-captioned jointly administered Chapter 11 proceedings in the amount of $1.00 for the purposes of pursuing recovery in the Connecticut Litigation against applicable insurance policy(ies), which claim shall be deemed allowed pursuant to 11 U.S.C. § 502, provided, however, that Goodall shall not be entitled to receive any distribution from the Debtors' estates on account of such allowed claim (the "Allowed Proof of Claim").

3. The Bankruptcy Court will retain jurisdiction over all matters related to this Stipulation and Consent Order.

**AGREED TO AND JOINTLY SUBMITTED BY:**

**MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP**

By: _/s/ Justin W. Gray_
Justin W. Gray, Esq.
Attorneys for Janice Goodall
6 Tower Place
Albany, New York 12203
(518) 465-3553

**GIBBONS P.C.**

By: _____
Brett S. Theisen, Esq.
Attorneys for Debtors and Debtors-in-Possession

{M0896930.1}