Order Filed on July 25, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: kgiannelli@gibbonslaw.com
 mconlan@gibbonslaw.com
 btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

**ORDER (I) AUTHORIZING THE PRIVATE SALE OF CERTAIN VEHICLES FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II)
APPROVING THE PURCHASE AGREEMENT; (III) AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OF TWO MOTOR VEHICLE LEASE AGREEMENTS;
AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

**DATED: July 25, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2729229.2 115719-100281

Page:       2
Debtors:    New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    Order (I) Authorizing the Private Sale of Certain Vehicles Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (II) Approving the Purchase Agreement; (III) Authorizing the Assumption and Assignment of Two Motor Vehicle Lease Agreements; and (IV) Granting Related Relief

---

Upon the motion (the "Motion")[2], of New England Motor Freight, Inc. and its affiliated debtors, as debtors and debtors in possession (the "Debtors" or the "Sellers") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (i) authorizing the private sale (the "Sale") of certain vehicles (collectively, the "Property") on an "as is, where is" basis, free and clear of any and all liens, claims, encumbrances, and other interests to Myron P. Shevell (the "Purchaser") pursuant to the terms and conditions of the Asset Purchase and Sale Agreement, dated as of May 8, 2019 (as may be amended, supplemented, or otherwise modified from time to time, the "Purchase Agreement"), by and between New England Motor Freight, Inc. (the "Seller") and the Purchaser, a copy of which is attached as Exhibit 1 hereto, (ii) authorizing and approving the terms of the Purchase Agreement, (iii) authorizing the assumption and assignment of two motor vehicle lease agreements, and (iv) granting certain related relief; and this Court having reviewed and considered the Motion; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefore,

---

[2] Capitalized terms not defined herein, shall have the meanings ascribed to them in the Motion.

2

Page: 3
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order (I) Authorizing the Private Sale of Certain Vehicles Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (II) Approving the Purchase Agreement; (III) Authorizing the Assumption and Assignment of Two Motor Vehicle Lease Agreements; and (IV) Granting Related Relief

---

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion and the relief requested therein are granted and approved, and the transactions contemplated thereby and by the Purchase Agreement are approved as set forth in this Order.

2. The Purchase Agreement and the transactions contemplated thereby, shall be, and hereby are, approved. To the extent the Debtors and any successful bidder(s) determine that additional documentation is required to close on such Sale(s), the parties are authorized to enter into and execute any such documentation without further order of the Court.

3. The Debtors shall be, and hereby are, authorized to sell the Property (subject to the advertising and bidding process generally set forth in the Motion) to the Purchaser (or successful bidder(s)) upon the terms and conditions set forth in the Purchase Agreement or successful bid(s), free and clear of any liens, claims, or encumbrances on the Property; provided, that any liens, claims or encumbrances on the Property shall attach to the proceeds of the Sale with the same priority, validity, force and effect as they attached to the Property immediately before the closing date of the sale (the "Closing Date").

4. Pursuant to 11 U.S.C. § 363(m), the Purchaser (or successful bidder(s)) shall be, and hereby is, deemed to have purchased the Property in "good faith."

5. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, resolved, or otherwise settled as announced to this Court at the Sale Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby denied and overruled on the merits.

2729229.2 115719-100281

Page: 4
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order (I) Authorizing the Private Sale of Certain Vehicles Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (II) Approving the Purchase Agreement; (III) Authorizing the Assumption and Assignment of Two Motor Vehicle Lease Agreements; and (IV) Granting Related Relief

---

6. With respect to the Leased Property[3], the Debtors are authorized to assume and assign the Audi Freehold lease and related Leased Property effective as of the date hereof. To the extent required, the Debtors have provided adequate assurance of future performance with respect to such Audi Freehold lease and no further showing of adequate assurance of future performance is necessary.

7. With respect to the 2017 Mercedes-Benz GLC43W4, such lease shall only be assumed and assigned upon the consent of Daimler Trust, which consent shall not be unreasonably withheld. To the extent Daimler Trust does not consent to the assumption and assignment, the Debtors and Daimler Trust shall promptly schedule such matter for hearing and the parties are authorized to file supplemental briefs in support of their respective positions.

8. Pursuant to Bankruptcy Rules 6004(h), 6006 7062, and 9014, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the stays provided in Bankruptcy Rules 6004(h) and 6006 are hereby expressly waived and shall not apply. Accordingly, the Debtors are authorized and empowered to close the Sale and other transactions immediately upon entry of this Sale Order.

9. Aside from Section 5.1(a)(2) which is hereby stricken from the Purchase Agreement, nothing in this Sale Order shall modify or waive any closing conditions or termination rights in the Purchase Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

---

[3] Copies of the relevant leases are attached to the Motion.

Case 19-12809-JKS    Doc 762    Filed 07/25/19    Entered 07/25/19 16:08:21    Desc Main
Document    Page 5 of 14

Page: 5
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order (I) Authorizing the Private Sale of Certain Vehicles Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (II) Approving the Purchase Agreement; (III) Authorizing the Assumption and Assignment of Two Motor Vehicle Lease Agreements; and (IV) Granting Related Relief

10. The Purchase Agreement and any ancillary or other agreements may be modified, amended or supplemented in a writing signed by the parties thereto and in accordance with the terms thereof, without further notice to or order of this Court; provided that any such modification, amendment or supplement shall not have a material adverse effect on the Purchaser or the Debtors' estates unless approved by order of this Court.

11. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b), to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the Purchase Agreement, any ancillary agreements, and any amendments thereto and any waivers and consents given thereunder.

12. Nothing in this Sale Order or the Purchase Agreement or any other documents releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of the Property after the date of entry of this Sale Order. Nothing in this Sale Order or the Purchase Agreement or any other document authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Sale Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Sale Order or to adjudicate any defense asserted under this Sale Order.

13. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion, the terms of this Sale Order shall govern. To the extent there are any

Page:     6
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order (I) Authorizing the Private Sale of Certain Vehicles Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (II) Approving the Purchase Agreement; (III) Authorizing the Assumption and Assignment of Two Motor Vehicle Lease Agreements; and (IV) Granting Related Relief

---

inconsistencies between the terms of this Sale Order, on the one hand, and the Purchase Agreement or any ancillary agreement, on the other hand, the terms of this Sale Order shall govern.

2729229.2 115719-100281

## EXHIBIT 1

**Purchase Agreement**

2729229.2 115719-100281

## ASSET PURCHASE AND SALE AGREEMENT

This Asset Purchase and Sale Agreement (this "**Agreement**") is made as of the 8th day of May, 2019, by and between NEW ENGLAND MOTOR FREIGHT, INC., a New Jersey Corporation ("**Seller**") and MYRON P. SHEVELL ("**Buyer**").

### Recitals

A.  On February 11, 2019 (the "**Petition Date**"), Seller and certain related debtor parties,[1] filed voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") designated and jointly administered as Case Number 19-12809 in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").

B.  Pursuant to the terms and conditions of this Agreement, sections 105 and 363 and all other applicable provisions of the Bankruptcy Code, and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and all other applicable provisions of the Bankruptcy Rules, Seller desires to sell certain Vehicles (defined below) to Buyer, and Buyer desires to purchase from Seller the Vehicles.

NOW, THEREFORE, in consideration of the foregoing, and the promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and agreed, the parties agree as follows:

1.  Sale and Purchase. Seller hereby agrees to sell, transfer, and convey to Buyer all right, title and interest in and to the assets described on **Exhibit A** attached and all rights of any kind, whether tangible or intangible, owned by Seller or in which Seller has any interest relating thereto (collectively, the "**Vehicles**"). The sale shall be free and clear of all liens, claims, and encumbrances, to the extent provided under section 363(f) of the Bankruptcy Code.

2.  Purchase Price. The purchase price for the Vehicles shall be Two Hundred Eighty-Two Thousand and 00/100 Dollars ($282,000.00), subject to adjustment for higher and better offers (the "**Purchase Price**"). At closing (the "**Closing**"), Buyer shall deliver to Seller cash in an amount equal to the Purchase Price. The Purchase Price, subject to any adjustments set forth herein, shall be paid at Closing to Seller, or such other person as Seller may designate in writing, by wire transfer or such other reasonable means approved by Seller.

3.  Representations and Warranties of Seller. Seller warrants and represents that subject to the approval of the Bankruptcy Court, Seller has the capacity, and all requisite actions have been taken and approvals obtained by Seller, to fully authorize and empower Seller to execute this Agreement and consummate the transaction contemplated hereby.

4.  Representations and Warranties of Buyer. Buyer represents and warrants that:

---

[1] The debtors in the bankruptcy proceedings are: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

1

*10059639.2*

4.1. <u>Authority</u>. Buyer has all requisite power and authority to enter into this Agreement and to perform its obligations hereunder. The execution and delivery of this Agreement by Buyer has been duly authorized by all necessary parties.

4.2. <u>Purchase "As Is, Where Is"</u>. Buyer acknowledges and agrees that Buyer is familiar with the Vehicles and has examined, or had the opportunity to examine, all matters concerning the Vehicles which Buyer deems material to the transaction contemplated by this Agreement, the condition of or title to the Vehicles. Buyer further acknowledges and agrees that Buyer is acquiring the Vehicles in their "AS IS, WHERE IS" condition as of the Closing Date WITH ALL FAULTS, IF ANY, AND WITHOUT ANY WARRANTY, EXPRESS OR IMPLIED.

5. <u>Conditions to Closing</u>. The obligation to close on the sale of the Vehicles shall be contingent on the satisfaction of the following conditions:

5.1 <u>Orders/Closing</u>. The obligation of Seller and Buyer to consummate the transactions described herein shall be contingent upon (a) entry of an order by the Bankruptcy Court pursuant to sections 363(f) and 365 of the Bankruptcy Code (1) authorizing Seller to sell the Vehicles to Buyer free and clear of all liens, claims, and interests, and (2) prohibiting any person from asserting against Buyer any claim or cause of action that is property of the Seller (the "<b>Sale Order</b>"); and (b) the Sale Order is not stayed in whole or in part by its terms, by operation of law, or by any subsequent order of the Bankruptcy Court or any other court of competent jurisdiction.

5.2 <u>Additional Conditions to Obligations of Seller</u>. The obligation of Seller to consummate the transactions described herein shall be contingent upon (a) the payment at Closing by Buyer of the Purchase Price set forth in Section 2. above (subject to the adjustments provided for in this Agreement); and (b) the execution and delivery by Buyer of the documents and instruments required of Buyer under this Agreement.

6. <u>Closing</u>.

6.1 <u>Time of Closing</u>. Except to the extent otherwise agreed to in writing by Buyer and Seller, the Closing shall take place on or before the fifth (5th) business day following the satisfaction of all conditions set forth in <u>Section 5</u> of this Agreement (the "**Closing Date**").

6.2 <u>Seller Deliveries</u>. At Closing, Seller shall deliver to Buyer the following:

6.2.1 A Bill of Sale (the "<b>Bill of Sale</b>") for the Vehicles, in such form as is acceptable to both Seller and Buyer, duly executed and acknowledged by Seller.

6.2.2 An original certificate of title for each vehicle purchased by Buyer, duly endorsed by Seller.

6.2.3 Such other instruments and/or documents reasonably requested by Buyer to effectuate this Agreement and the transactions contemplated thereby.

6.3 <u>Buyer Deliveries</u>. At Closing, Buyer shall deliver to Seller the following:

2

*10059639.2*

    6.3.1 Payment of the Purchase Price (subject to the adjustments provided for in this Agreement) by wire transfer, or such other means approved by Seller, to Seller or to such other person or persons as Seller shall designate in writing.

    6.3.2 Such other instruments and documents reasonably requested by Seller to effectuate this Agreement and the transactions contemplated thereby.

  7. Expenses. Except as expressly set forth in this Agreement, each party will pay its own expenses incurred in connection with this Agreement and the transactions contemplated hereby. Buyer, in addition to its other expenses, shall pay at Closing any and all tax liability (including, without limitation, applicable state sales tax and recording fees) arising out of or incurred in connection with the transactions contemplated by this Agreement. Buyer will reimburse Seller for advertising costs and expenses not to exceed $3,000.00.

  8. Remedies.

    8.1. Buyer Default. If all conditions precedent to Buyer's obligation to purchase the Vehicles have been satisfied, and Buyer breaches or fails to complete the purchase of the Vehicles when and as required under this Agreement, or, following ten (10) days written notice of default from Seller, to perform its obligations under this Agreement, then Seller shall be entitled to declare a default and as its sole and exclusive remedy forfeit the Deposit as full liquidated damages (and not as a penalty, the parties hereto expressly acknowledging that damages in respect of such breach may be difficult or impossible to accurately ascertain) without the necessity of any application to, or order of, the Bankruptcy Court.

    8.2. Seller Default. If all conditions precedent to Seller's obligation to sell the Vehicles have been satisfied, and Seller breaches or fails to complete the sale of the Vehicles or, following ten (10) days written notice of default from Buyer, to perform its obligations under this Agreement, Buyer may, as its sole remedies therefor, elect to either (a) seek specific performance of this Agreement, or (b) terminate this Agreement and obtain a refund of the Deposit without the necessity of any application to, or order of, the Bankruptcy Court. In no event shall Buyer be entitled to seek or obtain any damages or other remedies of any kind, including, without limitation, consequential, indirect or punitive damages from Seller or any Seller Related Person.

  9. Notices. All notices and other communications provided for herein shall be in writing and shall be sent to the address set forth below (or such other address as a party may hereafter designate for itself by written notice to the other party) of the party for whom such notice or communication is intended:

    If to Seller:

    1-71 North Avenue E
    Elizabeth, New Jersey 07201
    Attn: Vincent J. Colistra, CRO

*10059639.2*

<u>With a copy to</u>:

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
Attn: Karen A. Giannelli, Esq.

<u>If to Buyer</u>:

IL Lugano
300 Seminole Avenue
Palm Beach, Florida 33480

<u>With a copy to</u>:

Whiteford, Taylor & Preston, LLP
7 Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Attn: Edward U. Lee III, Esq.

Any such notice or communication shall be sufficient if sent by registered or certified mail, return receipt requested, postage prepaid; by hand delivery; or by overnight courier service. Any notice or communication sent by registered or certified mail shall be effective when the return receipt is executed or when delivery is refused. Any notice or communication by hand delivery or overnight courier service shall be effective when delivered to the applicable address(es) set forth above.

10.  <u>Miscellaneous Provisions</u>.

10.1.  <u>Assignability</u>. Buyer may assign or transfer all or any portion of its rights under this Agreement to any individual, entity or other person who is an affiliate of Buyer, provided that such person assumes all responsibilities and liabilities of Buyer under this Agreement.

10.2.  <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New Jersey, without regard to conflicts of laws principles, and the applicable provisions of the Bankruptcy Code, and shall bind and inure to the benefit of the parties hereto and their respective heirs, successors, and permitted assigns.

10.3.  <u>Time of the Essence</u>. Time is of the essence of this Agreement.

10.4.  <u>Execution</u>. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile or email transmission shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile

4

or email shall be deemed to be their original signatures for all purposes.

10.5. <u>Entire Agreement; Amendments</u>. This Agreement and the Exhibits hereto set forth all of the promises, covenants, agreements, conditions and undertakings between the parties hereto with respect to the subject matter hereof, and supersede all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied oral or written, except as contained herein. This Agreement may only be amended in a writing duly executed by or on behalf of the party or parties against whom enforcement of any waiver, change, modification, consent or discharge is sought.

10.6. <u>Jurisdiction; Venue</u>. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine any matter arising from or relating to the sale of the Vehicles and the enforcement of any rights and remedies of Seller or Buyer hereunder. Buyer hereby consents to such jurisdiction. The parties hereby consent to final determination of all disputes and matters arising under this Agreement by the Bankruptcy Court to the fullest extent permitted by law

10.7. <u>Agreement Subject to Higher and Better Offers</u>. Buyer and Seller acknowledge and agree that this Agreement is contingent upon submission to and the approval of the Bankruptcy Court; and that this Agreement is subject to higher and better offers as may be received prior to or at any hearing by the Bankruptcy Court to consider approval of this Agreement.

10.8. <u>Attorneys' Fees and Costs</u>. In the event that any party is required to take any judicial action to enforce the terms of this Agreement, the substantially prevailing party in any such action shall be entitled to have its reasonable attorneys' fees and costs paid by the other party.

[Signatures to Appear on Following Page]

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement as of the date first above written.

WITNESS:

SELLER:
NEW ENGLAND MOTOR FREIGHT, INC., a New Jersey Corporation

By: _____(SEAL)
Name: _Vincent V. Colistra_
Title: _Chief Restructuring Officer_

BUYER:

_Louis L. Roper._

Myron P. Shevell

6

*10059639.2*

## Exhibit A

### Purchase Price/Vehicles

| Unit # | Serial/VIN # | Unit Year | Make | Model | Price |
|---|---|---|---|---|---|
| 11231 | SCBBP9ZA7CC077684 | 2012 | Bentley | | $60,000 |
| 10728 | WDDNG76X37A112137 | 2007 | Mercedes | S600 | $12,000 |
| 11016 | WDDUX7GB5GA119041 | 2016 | MAYBACH | 57 S | $85,000 |
| 11501 | WDDUG8FB7FA106703 | 2015 | Mercedes | S550V4 | $45,000 |
| 11115 | WDDNG8GBXBA391099 | 2011 | Mercedes | S550 4MATIC | $17,000 |
| 11614 | 1FAHP2E81GG121622 | 2016 | Ford Taurus | | $13,000 |
| 11532 | Plate No. S55GYT | 2015 | Chevy Silverado | Extended Cab 2500HD | $20,000 |
| 11416 | 3GCUKREC6EG211029 | 2014 | Chevy Silverado | Crew Cab 1500 | $22,000 |
| 11315 | 3FA6P0H73DR381331 | 2013 | Ford Taurus | | $8,000 |
| | | | | | |
| | | | | **Purchase Price** | **$282,000** |

7

*10059639.2*