

Brett S. Theisen

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 212-613-2065 Fax: 212-554-9697
btheisen@gibbonslaw.com

August 13, 2019

**VIA ECF**

Hon. John K. Sherwood
U.S. Bankruptcy Court
Martin Luther King, Jr. Federal Bldg.
50 Walnut Street, 3rd Fl.
Newark, NJ 07102

> Re:   **In re: New England Motor Freight, Inc.*, et al.*, Case No. 19-12809 Ch. 11
> Orange & Rockland Utilities Motion for Stay Relief [Dkt. 736]**

Dear Judge Sherwood:

This firm represents the above-referenced Debtors.  Please accept this letter brief in lieu of more formal opposition to the motion of Orange and Rockland Utilities, Inc. ("O&R") for relief from the automatic stay [Dkt. No. 736].  For the reasons below, the motion should be denied.

Every party seeking relief from the automatic stay under § 362(d)(1) must carry the initial burden of showing that it is entitled to relief before the debtor is obligated to go forward with its proof.  *E.g., Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *Rexene*, 141 B.R. at 577.  Otherwise, a debtor would be forced to prove a negative—that cause does not exist.  *Rexene*, 141 B.R. at 577 (citation omitted). Thus, where the movant fails to make a *prima facie* case of cause, a court should deny relief from the automatic stay without requiring any showing by the debtor that it is entitled to continued protection.  *Sonnax*, 907 F.2d at 1295.  **Here, "cause" does not exist because O&R is seeking to recover from estate assets despite having failed to file a proof of claim.**

First, contrary to O&R's representations, there are no insurance proceeds available to pay its claim.  As Your Honor may recall, the Debtors' were effectively self-insured with respect to their commercial fleet liabilities because of a $500,000 self-insured retention obligation under certain excess indemnity contracts.  [See Dkt. No. 758-2 at ¶¶ 7-17].  O&R's claim, for an alleged settlement in the amount of $15,000,[1] is therefore an obligation solely of the Debtors.  If stay relief is granted, Protective Insurance will deny coverage, and the Debtors will be at risk of a default judgment for the full amount of O&R's claim, not just the "settlement" amount.

Second, stay relief is futile because O&R did not file a proof of claim in this case.  The Debtors provided notice of the claims bar date by first class mail to O&R directly, and to its counsel at Savo Schalk Gillespie O'Grodnick & Fisher.  [See Dkt. No. 561, at p. 273] (enclosed herewith).

---

[1] The Debtors dispute O&R's claim that "the litigation was settled" prior to the petition date.  Upon information and belief, the parties engaged in settlement discussions and tentatively agreed on a $15,000 settlement amount; however, the Debtors required a written release as a condition of settlement, and no settlement agreement was executed.

GIBBONS P.C.

Hon. John K. Sherwood
August 13, 2019
Page 2

Despite proper and adequate notice, O&R did not file a proof of claim. It has thus waived any and all rights to participate in distributions from the Debtors' estates.

Accordingly, the Debtors respectfully submit that the Court should deny the motion for relief from stay.

Respectfully,

**GIBBONS P.C.**

*/s/ Brett S. Theisen*

Brett S. Theisen

cc: Counsel for the Creditors' Committee (via email)
Andrew R. Turner, Esq., counsel for Protective Insurance Co. (via email)
John F. Bracaglia, Jr., counsel for Orange and Rockland Utilities, Inc. (via email)

2719115.1 115719-100281