**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1(b)

**McCARTER & ENGLISH, LLP**
Joseph Lubertazzi, Jr., Esq.
Peter M. Knob, Esq.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail: jlubertazzi@mccarter.com
pknob@mccarter.com

*Counsel to Capital One, N.A.*

| In re: | Chapter 11 |
|---|---|
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |

**APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9021-1(b)**
**FOR ENTRY OF CONSENT ORDER IN LIEU OF MOTION**
**GRANTING RELIEF FROM THE AUTOMATIC STAY**
**TO CAPITAL ONE, N.A.**

**TO: HONORABLE JOHN K. SHERWOOD**
**UNITED STATES BANKRUPTCY JUDGE**

The Application of Capital One, N.A. ("Capital One"), by its attorneys, McCarter & English, LLP, respectfully represents:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

1

ME1 31256729v.1

1. This Application is made pursuant to D.N.J. LBR 9021-1(b).

2. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. All parties who are entitled to notice of this Application have affixed their consents to the Consent Order which is submitted herewith,[2] including the above-captioned debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases (the "Committee" and, collectively with Capital One and the Debtors, the "Parties").

4. As set forth below, this Application is necessary to allow Capital One to conduct one or more privates sale of limited units of its rolling stock collateral, as identified on Schedule A to the Consent Order (the "Collateral"), that were not included in auctions conducted by the Debtors and Taylor & Martin, Inc. ("T&M") pursuant to the Court's *Order Authorizing the Debtors to Sell at Auction Substantially all of Debtor NEMFs Personal Property Assets Free and Clear of All Liens, Claims, Interests and Encumbrances* [Dkt. No. 434] (the "NEMF Auction Sale Order").

**BACKGROUND**

5. On February 11, 2019 (the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, are engaged in an orderly liquidation of their assets and wind-

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Consent Order.

2

ME1 31256729v.1

down of their businesses, toward the goal of preserving and maximizing the value of their assets for all creditors.

6. On April 8, 2019, the Court entered the NEMF Auction Sale Order, which authorized the sale of Debtor New England Motor Freight's ("NEMF") "Equipment," pursuant to an Engagement Agreement between the Debtors and T&M. Subsequent thereto, the Court entered an Order in aid of the NEMF Auction Sale Order [Dkt. No. 629], which expanded the scope of the auctions by authorizing the sale of additional Equipment owned by Debtors other than NEMF. From approximately late May 2019 through mid-July 2019, T&M sold the Equipment through auctions conducted at various locations (the "Auctions").

7. The Collateral consists of two tractors in which Capital One has a perfected security interest. Due to the condition of the Collateral, it was not included by T&M in the Auctions.

8. A prospective buyer for the Collateral has been identified, and the Parties now desire for the Collateral to be released to Capital One or its buyer and to be sold by Capital One through one or more private sales with the cooperation and assistance of the Debtors.

**RELIEF REQUESTED**

9. The Debtors and Capital One have agreed, in consultation with the Committee, as set forth in greater detail in the Consent Order, that Capital One shall have relief from the automatic stay, solely with respect to the Collateral, for the purpose of liquidating the Collateral through one or more private sales, in a commercially reasonable manner and consistent with all applicable law.

10. The Consent Order is authorized under 11 U.S.C. § 362(d)(1) and (d)(2), respectively. "Cause" exists to grant Capital One stay relief because it is unlikely that the

Debtors could liquidate the Collateral in a more efficient and value-maximizing manner. Further, the Debtors believe it is unlikely that the estates have any equity in the Collateral, and it is no longer necessary to their reorganization efforts. To the extent necessary, the Consent Order is also authorized under Fed. R. Bankr. P. 9019(a) because it is fair and equitable and in the best interests of the estate. *See, e.g., In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996); *In re McDermott,* 2008 WL 877964 at *4-5 (Bankr. D.N.J. Mar. 27, 2008).

WHEREFORE, Your Applicant prays for the entry of the Consent Order, which is which is being submitted to the Chambers of the Honorable John K. Sherwood, pursuant to D.N.J. LBR 9021-1.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
*Counsel to Capital One, N.A.*

By:  */s/ Peter M. Knob*
      Peter M. Knob, Esq.

Dated: August 22, 2019
Newark, New Jersey

ME1 31256729v.1