| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br>Caption in compliance with D.N.J. LBR 9004-1 | |
| **GIBBONS P.C.**<br>Karen A. Giannelli, Esq.<br>Mark B. Conlan, Esq.<br>Brett S. Theisen, Esq.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br>E-mail: kgiannelli@gibbonslaw.com<br>         mconlan@gibbonslaw.com<br>         btheisen@gibbonslaw.com<br>*Counsel to the Debtors and Debtors-in-Possession* | |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

Order Filed on September 9, 2019 by Clerk U.S. Bankruptcy Court District of New Jersey

**ORDER PURSUANT TO BANKRUPTCY RULES 9006 AND 9027 EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE CLAIMS AND CAUSES OF ACTION PURSUANT TO 28 U.S.C. § 1452**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: September 9, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:     2
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Order Pursuant to Bankruptcy Rules 9006 and 9027 Extending the Period Within Which the Debtors May Remove Claims and Causes of Action Pursuant to 28 U.S.C. § 1452

---

Upon consideration of the second motion (the "**Motion**") of the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order, pursuant to Bankruptcy Rules 9006 and 9027, extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 through and including January 7, 2020 and all pleadings related thereto; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the arguments of counsel and the entire record of this Chapter 11 Cases and other matters of which this Court may properly take judicial notice; and any objections to the Motion having been withdrawn or overruled; and this Court having found and determined that the relief requested in the Motion is in the best interest of the Debtors, and all parties in interest; and after due deliberation and good and sufficient cause appearing therefor,

Page: 3
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Order Pursuant to Bankruptcy Rules 9006 and 9027 Extending the Period Within Which the Debtors May Remove Claims and Causes of Action Pursuant to 28 U.S.C. § 1452

---

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The time period provided by Bankruptcy Rule 9027 within which the Debtors and their estates may file notices of removal of claims and causes of action is further enlarged and extended through and including January 7, 2020 (the "**Removal Deadline**").

3. This Order shall be without prejudice to the rights of the Debtors and their estates to seek further extensions of the Removal Deadline.

4. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.