**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*, | Case No. 19-12809 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | |

**SUPPLEMENTAL AFFIDAVIT OF SERVICE**

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss: |
| COUNTY OF KINGS | ) | |

I, Jennifer S. Goode, declare:

1.   I am over the age of 18 years and not a party to these chapter 11 cases.

2.   I am employed by Donlin, Recano & Company, Inc., ("DRC"), 6201 15th Avenue, Brooklyn, NY 11219.

3.   On the 5th day of September, 2019, at my direction and under my supervision, employees of DRC caused to serve the following documents:

   a)   Debtors' Notice of Commencement of Bankruptcy Case and 341(A) Meeting of Creditors, attached hereto as Exhibit 1;

   b)   Non-Personalized Proof of Claim Form (Blank Type), attached hereto as Exhibit 2;

   c)   Instructions for Proof of Claim Form, attached hereto as Exhibit 3;

   d)   Notice of Bar Dates for Filing Claims (Including Claims Under Section 503 (b)(9) of the Bankruptcy Code), attached hereto as Exhibit 4

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

NEMF00123E

e)  Notice of Amendment of Debtor Eastern Freight Ways, Inc.'s Schedules of Assets and Liabilities (Case No. 19-12812-Docket No.15);

f)  Order Respecting Amendment to Schedule(s) E/F (Case No. 19-12812 - Docket No. 16);

g)  Notice of Amendment of Debtor New England Motor Freight, Inc.'s Schedules of Assets and Liabilities (Docket No. 822); and

h)  Order Respecting Amendment to Schedule(s) E/F (Docket No. 823)

via Federal Express Mail upon the party as set forth on <u>Exhibit 5</u>, attached hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.  Executed this 11th day of September, 2019, Brooklyn, New York.

By _____
    Jennifer S. Goode

Sworn before me this
11th day of September, 2019

_____
Notary Public

SUNG JAE KIM
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KI6211176
MY COMM. EXP. SEPTEMBER 14, 2021

NEMF00123E

.

# EXHIBIT 1

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
          mconlan@gibbonslaw.com
          btheisen@gibbonslaw.com

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**DEBTORS' NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE AND**
**341(a) MEETING OF CREDITORS**

PLEASE TAKE NOTICE that on February 11, 2019, the above-captioned debtor and affiliated debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

**PLEASE TAKE FURTHER NOTICE** that a Meeting of Creditors under section 341(a) of the Bankruptcy Code (the "341 Meeting ") has been set by the Office of the United States Trustee for Region Three on April 10, 2019 at 10:00 a.m. (ET) at their offices at Suite 1401, One Newark Center, Newark, New Jersey.

Dated: March 14, 2019
Newark, New Jersey

<b>GIBBONS P.C.</b>

By:  */s/ Karen A. Giannelli*                       
Karen A. Giannelli
*Counsel to the Debtors*

# EXHIBIT 2

Fill in this information to identify the case:

In re: New England Motor Freight, Inc., et al.

Debtor name: _____

United States Bankruptcy Court for the District of New Jersey

Case number: _____

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense other than a claim arising under section 503(b)(9). Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:     Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** Name and address of the creditor. | Name and address of creditor (the person or entity to be paid for this claim): <br><br><br><br><br><br> Other names the creditor used with the debtor: _____ |
| **2. Has this claim been acquired from someone else?** | ❑ No          ❑ Yes. <br> From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?** <br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g). | **Where should notices to the creditor be sent?** <br><br> Name: _____ <br><br> Address: _____ <br><br> City: _____ State: ____ Zip: _____ <br><br> Phone: _____ <br><br> Email: _____ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ |  **Where should payments to the creditor be sent? (if different)** <br><br> Name: _____ <br><br> Address: _____ <br><br> City: _____ State: ____ Zip: _____ <br><br> Phone: _____ <br><br> Email: _____ |
| **4. Does this claim amend one already filed?** | ❑ No          ❑ Yes. Claim number on court claims registry (if known): _____ | Filed on (MM/DD/YYYY): _____ |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ❑ No          ❑ Yes. <br> Who made the earlier filing? _____ |

## Part 2:     Give Information About the Claim as of the Date the Case was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❑ No          ❑ Yes. Last 4 digits of the debtor's account or any identification number used: ____  ____  ____  ____ |
| **7. How much is the claim?** | $_____ Does this amount include interest or other charges? <br> ❑ No          ❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. _____ |

| | | | |
|---|---|---|---|
| **9. Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property. | *Nature of property:*<br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* | ❑ Motor vehicle<br>❑ Other (describe):<br>_____ |

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____        **Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured** (the sum of the secured and unsecured amounts should match the amount in line 7):        $_____

| | | |
|---|---|---|
| **Amount necessary to cure any default as of the date of the petition:**        $_____ | **Annual interest rate** (when case was filed):        _____% | ❑ Fixed<br>❑ Variable |

| | | |
|---|---|---|
| **10. Is this claim based on a lease?** | ❑ No | ❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | | |
|---|---|---|
| **11. Is this claim subject to a right of setoff?** | ❑ No | ❑ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to: (i) priority under 11 U.S.C. § 507(a), or (ii) administrative expense under 11 U.S.C. § 503(b)(9)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.<br><br>* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | ❑ No<br><br>❑ Yes. *Check all that apply:*<br>❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>❑ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br>❑ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br>❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br>❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br>❑ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.<br>❑ Value of goods received by the debtor within 20 days before the date of commencement of the case. 11 U.S.C. § 503(b)(9). | **Amount entitled to priority**<br><br><br>$_____<br><br>$_____<br><br><br><br>$_____<br><br>$_____<br>$_____<br>$_____<br><br>$_____ |

## Part 3:   Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>❑ I am the creditor.<br>❑ I am the creditor's attorney or authorized agent.<br>❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date (MM/DD/YYYY): _____<br><br>Signature: _____<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>First name: _____   Middle: _____   Last:_____<br><br>Title: _____<br><br>Company (identify the corporate servicer as the company if the authorized agent is a servicer): _____<br><br>Address: _____<br><br>City: _____   State: _____   Zip: _____<br><br>Phone: _____   Email: _____ |

**EXHIBIT 3**

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.** You must fill in the specific Debtor name and case number against which your claim is being asserted. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the reverse page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the claims agent's website (www.donlinrecano.com/nemf) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Administrative expense claim under 11 U.S.C. §503(b)(9):** Administrative expense claims under 11 U.S.C. §503(b)(9) include those claims for the value of any goods received by the debtor, within 20 days before the date of commencement of a case under the Bankruptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# EXHIBIT 4

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
       mconlan@gibbonslaw.com
       btheisen@gibbonslaw.com

Counsel to the Debtors
and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC.,  et al.,<br><br>              Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

### NOTICE OF BAR DATES FOR FILING CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE)

**TO ALL KNOWN CREDITORS OF THE ABOVE-CAPTIONED ENTITIES (COLLECTIVELY, THE "*DEBTORS*"):**

On May 1, 2019, the United States Bankruptcy Court for the District of New Jersey (the "*Court*") entered an order (the "***Bar Date Order***") in the above-captioned chapter 11 cases establishing certain claims bar dates.

Pursuant to the Bar Date Order, the Court has established **June 18, 2019 at 5:00 p.m., prevailing Eastern Time** as the general bar date (the "***General Bar Date***") for filing prepetition

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2727224.1 115719-100281

claims in the Debtors' chapter 11 cases. Proofs of claim of governmental units must be filed by August 12, 2019 at 5:00 p.m., prevailing Eastern Time (the "***Governmental Bar Date***").

Except as described below, the Bar Date Order requires all persons or entities that have or assert any prepetition Claims against the Debtors to file Proofs of Claim with Donlin, Recano & Company, Inc. ("DRC"), the claims and noticing agent in the chapter 11 cases, so that their Proofs of Claim are actually received by DRC on or before the General Bar Date.

For your convenience, enclosed with this Notice is a proof of claim form, which identifies on its face the amount, nature, and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these chapter 11 cases (the "Schedules"). If the Debtors believe that you hold a Claim against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your Claim listed in the Schedules.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

## KEY DEFINITIONS

As used in this Notice, the term "Petition Date" shall mean February 11, 2019.

As used in this Notice, the term "entity" (or "entities") has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes, but is not limited to, all persons (including, without limitation, individuals, partnerships and corporations), estates, trusts, and governmental units.

As used in this Notice, the term "governmental unit" (or "governmental units") has the meaning given to it in section 101(27) of the Bankruptcy Code and includes, without limitation, the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the United States.

As used in this Notice, the term "Claim" (or "Claims") shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## THE BAR DATES

The Bar Date Order established the following bar dates for filing Proofs of Claim in these chapter 11 cases:

2727224.1 115719-100281

a.      The General Bar Date: Pursuant to the Bar Date Order, the last date and time for all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a Claim, **including, without limitation, any claims under section 503(b)(9) of the Bankruptcy Code** (each, a "**503(b)(9) Claim**"), secured claims, and priority claims, which arose on or prior to the Petition Date, to file a Proof of Claim on account of such Claim is **June 18, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "**General Bar Date**").

b.      The Government Bar Date: Pursuant to the Bar Date Order, the last date and time for governmental units to file a Proof of Claim on account of a Claim against the Debtors which arose on or prior to the Petition Date is **August 12, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "**Government Bar Date**").

c.      The Amended Schedules Bar Date: If the Debtors amend or supplement their Schedules subsequent to the service of this Notice, the Debtors will give notice of any such amendment or supplement to the holders of Claims affected thereby, and such holders shall be afforded **the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (prevailing  Eastern Time) on the date that is twenty-one (21) days from the date on which such notice is given, to file  Proofs of Claim in respect of their affected Claims** (the "**Amended Schedules Bar Date**"). Any person or entity who files a Proof of Claim before the Schedules are amended shall not be required to file another Proof of Claim, unless the claimant disagrees with the scheduled claim, as amended, in which case, the claimant must file another Proof of Claim so as to be received by the Amended Schedules Bar Date.

d.      The Rejection Bar Date: The last date and time for any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) whose Claim arises out of the Court-approved rejection of an executory contract or unexpired lease in accordance with section 365 of the Bankruptcy Code (a "**Rejection Damages Claim**") to file a Proof of Claim on account of such Rejection Damages Claim is **the later of (i) the  applicable Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following  the entry of the order approving the rejection of the executory contract or unexpired lease pursuant to which  the entity asserting the Rejection Damages Claim is a party** (collectively with the General Bar Date, the Government Bar Date and the Amended Schedules Bar Date, each, a "**Bar Date**").

## FILING CLAIMS

## 1.    WHO MUST FILE

Subject to terms described above for holders of claims subject to the Governmental Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

a.      any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules of assets and liabilities (the "**Schedules**") or is listed in such Schedules as "contingent", "unliquidated" or "disputed," if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

2727224.1 115719-100281

c.      any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claims is listed and who desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.      any person or entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## 2.      WHAT TO FILE

### Prepetition Claims

Parties asserting claims against the Debtors that arose before the Petition Date, including section 503(b)(9) claims, must use the copy of the proof of claim form (the "***Proof of Claim Form***") included with this notice or Official Form 410.  The Proof of Claim Form will state, along with the claimant's name: (a) whether the claimant's claim is listed in the Schedules and, if so, the Debtor against which the claimant's claim is scheduled; (b) whether the claimant's claim is listed as disputed, contingent or unliquidated; and (c) whether the claimant's claim is listed as secured, unsecured or priority; and (d) the dollar amount of the claim (as listed in the Schedules). **If you disagree with any of the information on the Proof of Claim Form regarding your claim, you must correct it on the Proof of Claim Form.** Additional copies of the Proof of Claim forms may be obtained at https://www.donlinrecano.com/Clients/nemf/Index (the "***Claims Agent Website***").  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

## 3.      WHEN AND WHERE TO FILE

Except as otherwise provided herein, Proofs of Claim must be filed so as to be actually received no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date (i) electronically through the website of the Debtors' claims and noticing agent, Donlin, Recano & Company, Inc., using the interface available on such website located at https://www.donlinrecano.com/Clients/nemf/FileClaim (the "***Electronic Filing System***") or (ii) by mail at the following address:

Donlin, Recano & Company, Inc.
Re: New England Motor Freight, Inc., et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

or (ii) by courier, hand delivery, or overnight delivery at the following address:

2727224.1 115719-100281

Donlin, Recano & Company, Inc.
Re: New England Motor Freight, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

A Proof of Claim will be deemed timely only if the original Proof of Claim is actually received by DRC on or before the applicable Bar Date. Proofs of Claim may not be sent by facsimile, telecopy, or electronic mail (other than Proofs of Claims through the Electronic Filing System). A claimant who wishes to receive acknowledgement of receipt of its Proof of Claim may submit a copy of the Proof of Claim and a self-addressed, stamped envelope to DRC along with the original Proof of Claim.

If you file a Proof of Claim, your Proof of Claim must: (a) be written in the English language; (b) be denominated in lawful currency of the United States as of the Petition Date; (c) conform substantially to the enclosed proof of claim form or Official Bankruptcy Form No. 410 ("**Official Form 410**")[2]; (d) set forth with specificity the legal and factual basis for the alleged Claim; (e) include supporting documentation (or, if such documentation is voluminous, a summary of such documentation) or an explanation as to why such documentation is not available; and (f) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

## 4.    ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in these cases:

a.    any person or entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with DRC in a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any person or entity whose claim has previously been allowed by order of the Court;

d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor having a claim against any other Debtor;

---

[2] Official Form 410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms, the Official Website for the United States Bankruptcy Courts.

2727224.1 115719-100281

f.    any person or entity whose claim is based on an equity interest in any of the Debtors, except as set forth below under the heading, "No Requirement For Stockholders to File Proofs of Interest";

g.    any person or entity holding a claim for which a separate deadline is fixed by this Court;

h.    any person or entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any person or entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the Claims Bar Date;

i.    Professionals retained by the Debtors or any statutory committees (each a "Committee") pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c); and

j.    Any person or entity holding a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930.

## NO REQUIREMENT FOR STOCKHOLDERS TO FILE PROOFS OF INTEREST

Any entity holding an interest in the Debtors (an "***Interest Holder***"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "***Interest***"), need not file a proof of interest on or before the General Bar Date; *provided*, *however*, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception applies.

## CONSEQUENCES OF FAILURE TO FILE A CLAIM

**Any person, entity, or governmental unit not excepted from filing a Proof of Claim pursuant to the Bar Date Order, that fails to do so by the applicable Bar Date and in the form and manner provided for in the Bar Date Order, shall not be permitted to (a) vote to accept or reject any plan filed in the chapter 11 cases, (b) participate in any distribution in the chapter 11 cases on account of such Claim, or (c) receive further notices regarding such Claim.**

**If it is unclear from the Schedules whether your Claim is disputed, contingent, and/or unliquidated or is otherwise properly listed and classified, you must file a Proof of Claim on or before the applicable Bar Date. Any person, entity, or governmental unit that relies on the information in the Schedules bears full and absolute responsibility for determining that its Claim is accurately listed therein.**

## **RESERVATION OF RIGHTS**

Nothing in the Bar Date Order impairs, prejudices, waives or otherwise affects the rights of the Debtors and their estates to: (i) dispute, or to assert offsets or defenses to, any Claim reflected in the Schedules or any Proof of Claim filed in the chapter 11 cases, as to amount, liability, characterization or otherwise; (ii) subsequently designate any Claim reflected in the Schedules as disputed, contingent or unliquidated; and (iii) to seek a further order of the Court establishing such other deadlines and bar dates in the chapter 11 cases as may be necessary or advisable.

## **ADDITIONAL INFORMATION**

You may be listed as the holder of a Claim against the Debtors in the Schedules. If you hold or assert a Claim that is not listed in the Schedules, or if you disagree with the amount, characterization or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as "contingent," "unliquidated," and/or "disputed," or you dispute that the Claim is an obligation of the specific debtor entity against which the Claim is listed in the Schedules, you will be forever barred from asserting such Claim if you do not timely file a Proof of Claim in the manner provided for in the Bar Date Order. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the Office of the Clerk of the Court. In addition, copies of the Schedules and the Bar Date Order may be viewed on the internet for a fee at the Court's website (http://www.njb.uscourts.gov/) by following directions for accessing the Court's electronic filing system on such website, or free of charge on DRC's website for the chapter 11 cases (https://www.donlinrecano.com/Clients/nemf/Index).

Questions concerning the contents of this Notice and requests for additional Proof of Claim forms should be directed to DRC toll free at (866) 721-1211. **Please note that DRC's staff is not permitted to give legal advice. You should consult with your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.**

Dated: Newark, New Jersey
            May 1, 2019                                          BY ORDER OF THE COURT

2727224.1 115719-100281

**EXHIBIT 5**

**New England Motor Freight, Inc., et al.**
**Federal Express**
**Exhibit Page**

Page # : 1 of 1                                                        09/05/2019 03:21:55 PM

044682P001-1413A-123E
CYNTHIA WALLING
PALMISANO & GOODMAN PA
C/O ROBERT G. GOODMAN
171 MAIN ST
WOODBRIDGE NJ 07095

Records Printed :  **1**