**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: kgiannelli@gibbonslaw.com
           mconlan@gibbonslaw.com
           btheisen@gibbonslaw.com

*Counsel to the Debtors and Debtors-in-Possession*

Order Filed on September 18, 2019 by Clerk U.S. Bankruptcy Court District of New Jersey

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

**ORDER APPROVING DEBTORS' SETTLEMENT WITH T.D. BANK, N.A.**
**PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 363(b)**
**AND BANKRUPTCY RULES 4001(a), 6004 AND 9019**

The relief set forth on the following pages numbered two (2) through seven (7) is hereby

**ORDERED**.

**DATED: September 18, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2737722.2 115719-100281

Page:      2
Debtors:   New England Motor Freight, Inc., *et al*.
Case No.:  19-12809 (JKS)
Caption:   ORDER APPROVING DEBTORS' SETTLEMENT WITH T.D. BANK, N.A. PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 363(b) AND BANKRUPTCY RULES 4001, 6004 AND 9019

Upon consideration of (i) the *Debtors' Motion for Order Approving Settlement with TD Bank, N.A.* ("**TD Bank**") *Pursuant to 11 U.S.C. §§ 105(a), 362 and 363(b) and Bankruptcy Rules[2] 4001(a), 6004 and 9019* (the "**Motion**"), (ii) the *Motion of T.D. Bank, N.A. for Relief from the Automatic Stay to Exercise Its Rights and Remedies With Respect to Four Deposit Accounts* [D.E. 134] ("**Setoff Motion**"), (iii) the *Debtors' Objection to T.D. Bank, N.A.'s Motion for Relief from the Automatic Stay to Exercise Right of Setoff With Respect to Four Depository Accounts* [D.E. 280] ("**Debtor Objection**"), (iv) the opposition of the Official Committee of Unsecured Creditors (the "**Committee**") to the Setoff Motion [D.E. 282] ("**Committee Objection**"), (v) the *Reply Memorandum in Support of Motion for Relief from the Automatic Stay to Exercise Right of Setoff With Respect to Deposit Accounts Maintained by New England Motor Freight, Inc. With T.D. Bank, N.A.* [D.E. 339] ("**Reply**"), (vi) the Court's *Order Partially Vacating Stay* on April 3, 2019 [D.E. 387] ("**Partial Stay Order**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2); and notice of the Motion having been served by the Debtors on counsel for TD Bank, counsel for the Committee, the Office of the United States Trustee, all secured creditors and all parties having requested notice pursuant to FED. R. BANKR. P. 2002; and notice of the Motion being

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

Page:     3
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  ORDER APPROVING DEBTORS' SETTLEMENT WITH T.D. BANK, N.A. PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 363(b) AND BANKRUPTCY RULES 4001, 6004 AND 9019

---

sufficient under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and all the proceedings had before this Court; and any objections to the Motion having been withdrawn or overruled; and this Court having found and determined that the relief sought in the Motion and its legal and factual bases establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

(1)  The Motion is GRANTED.

(2)  The TD Settlement is hereby approved pursuant to 11 U.S.C. §§ 105(a), 362 and 363(b) and Fed. R. Bankr. P. 4001(a), 6004 and 9019(a) and the Debtors are hereby authorized to enter into and consummate the TD Settlement as set forth herein.

(3)  TD Bank is permitted to immediately set off all amounts in excess of the Nine Hundred Thousand Dollars ($900,000) that are on deposit in the deposit accounts maintained by New England Motor Freight, Inc. ("**NEMF**") with TD Bank ending in numbers 7939, 6143, and 4274 (the "**Deposit Accounts**") and/or are cash collateral of TD Bank in the Debtors' possession pursuant to a cash collateral order of this Court[3] and apply such funds against NEMF's reimbursement obligations under the LC Agreement (as such term is defined by the Motion). The funds released to TD Bank both (i) pursuant to this Order, in the amount of $533,524.28 as of July

---

[3] The Setoff Motion also sought relief with respect to the Debtors' 401k deposit account, account number XXX2465 with a balance of $142,465.67. TD Bank previously released those funds to the Debtors.

Page: 4
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: ORDER APPROVING DEBTORS' SETTLEMENT WITH T.D. BANK, N.A. PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 363(b) AND BANKRUPTCY RULES 4001, 6004 AND 9019

---

2, 2019, plus any interest that may accrue after July 2, 2019 through the date of setoff and (ii) pursuant to the Partial Stay Order shall not be subject to any claims, suits or proceedings for return, avoidance, recovery or claw back to, by, or for the benefit of the Debtors' estates, pursuant to Chapter 5 of the Bankruptcy Code or otherwise.

(4)  The remaining $900,000 in the TD Bank Accounts (and/or in the Debtors' possession as TD's cash collateral pursuant to an order of this Court) shall be immediately released to NEMF and available for its use without restriction (the "**$900,000 Settlement Payment**").

(5)  The entry of this Order shall not be deemed an admission, acknowledgement, or finding of any wrongdoing by any party.  TD Bank and the Debtors each deny that they have acted in any way improperly or wrongfully.

(6)  IT IS A CONDITION OF THE SETTLEMENT THAT EACH OF THE DEBTORS AND THEIR ESTATES FOREVER RELEASES AND DISCHARGES TD BANK, ITS AFFILIATES AND EACH OF THEIR OFFICERS, DIRECTORS, EMPLOYEES, ATTORNEYS, AND AGENTS (COLLECTIVELY, THE "**RELEASED PARTIES**") FROM ANY AND ALL CLAIMS (WHETHER AFFIRMATIVE CLAIMS OR DEFENSES), CAUSES OF ACTION, SUITS AND DAMAGES (INCLUDING CLAIMS FOR ATTORNEYS' FEES AND COSTS) WHICH ANY OF THE DEBTORS OR THEIR ESTATES, JOINTLY OR SEVERALLY, EVER HAD OR MAY NOW HAVE AGAINST THE RELEASED PARTIES FOR ANY MATTER ARISING FROM OR RELATED TO THE LETTER OF CREDIT FACILITY PROVIDED BY TD BANK TO NEMF, THE LC AGREEMENT (AS THAT TERM IS DEFINED IN THE MOTION), TD BANK'S DECLARATION OF A DEFAULT UNDER

Page: 5
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: ORDER APPROVING DEBTORS' SETTLEMENT WITH T.D. BANK, N.A. PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 363(b) AND BANKRUPTCY RULES 4001, 6004 AND 9019

---

THE LC AGREEMENT, TD BANK'S NOTICES OF NON-RENEWAL SENT TO THE BENEFICIARIES OF THE LETTERS OF CREDIT (AS THAT TERM IS DEFINED IN THE MOTION), TD BANK'S ADMINISTRATIVE FREEZE OF THE DEBTORS' FOUR DEPOSIT ACCOUNTS (INCLUDING DEPOSIT ACCOUNT ENDING -2465) AND THE SETOFF OF FUNDS IN THE TD BANK ACCOUNTS (AS DEFINED HEREIN) AUTHORIZED BY THE ORDERS OF THIS COURT, WHETHER KNOWN OR UNKNOWN, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, INCLUDING BUT NOT LIMITED TO ANY AND ALL CLAIMS BASED UPON OR RELYING ON ANY ALLEGATIONS OR ASSERTIONS OF DURESS, ILLEGALITY, UNCONSCIONABILITY, BAD FAITH, BREACH OF CONTRACT, REGULATORY VIOLATIONS, INEQUITABLE CONDUCT, NEGLIGENCE, MISCONDUCT, OR ANY OTHER TORT, CONTRACT OR REGULATORY CLAIM OF ANY KIND OR NATURE.  THIS LIMITED RELEASE SHALL BE DEEMED GRANTED AS OF THE DATE OF THIS ORDER, IT IS INTENDED TO BE FINAL AND IRREVOCABLE AND IT IS NOT SUBJECT TO THE SATISFACTION OF ANY CONDITIONS OF ANY KIND; PROVIDED THAT THE $900,000 SETTLEMENT PAYMENT IS RELEASED TO NEMF.  The foregoing limited release shall be binding on the Committee, and the Committee shall have no right to assert any claim or cause of action that is subject to the foregoing limited release.

Page:        6
Debtors:   New England Motor Freight, Inc., *et al.*
Case No.:  19-12809 (JKS)
Caption:   ORDER APPROVING DEBTORS' SETTLEMENT WITH T.D. BANK, N.A. PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 363(b) AND BANKRUPTCY RULES 4001, 6004 AND 9019

---

(7)    In sum, the funds released to TD Bank and the Debtors are as follows:

|  | To TD Bank | To Debtors | Comment |
|---|---|---|---|
| $2,985,249.35 | | | Petition Date Balance |
| | | $142,465.67 | Released 401(k) account balance |
| | $1,421,391.84 | | Applied to LC Balance per ECF No. 387 |
| | | $900,000.00 | Released to Debtors per Motion resolution |
| | $521,391.84 | | Applied to LC Balance |
| **Total** | **$1,942,783.68** (plus interest accrued after the Petition Date through the date of setoff) | **$1,042,465.67** | |

(8)    Any claims asserted by TD Bank in these jointly administered cases in connection with the LC Agreement shall reflect a credit for all amounts setoff pursuant to this order and the Partial Stay Order; subject, however, to TD Banks's rights to apply such amounts to the amounts due and owing under the LC Agreement in such manner as it deems appropriate in its sole and absolute discretion.

(9)    The Debtors' discovery requests served on TD Bank on March 19, 2019 are hereby deemed withdrawn and shall not be re-served on TD Bank.

(10)   The Debtors are authorized to take all actions reasonably necessary to effectuate the relief granted pursuant to this Order.

(11)   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and (h) are waived.

(12)   This Order shall be effectively immediately pursuant to FED. R. BANKR. P. 4001(a)(3).

Page:     7
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  ORDER APPROVING DEBTORS' SETTLEMENT WITH T.D. BANK, N.A. PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 363(b) AND BANKRUPTCY RULES 4001, 6004 AND 9019

---

(13)     This Order shall be binding on the Debtors and any of their successors or assigns, including but not limited to any bankruptcy trustee or any assignee under a Chapter 11 plan. This Order may not be modified by any Chapter 11 plan or further Order of the Court, without the consent of TD Bank.

(14)     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(15)     This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.