**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
Email: mseymour@lowenstein.com
jdipasquale@lowenstein.com

-and –

**ELLIOTT GREENLEAF, P.C.**
Rafael X. Zahralddin-Aravena, Esq.
Jonathan M. Stemerman, Esq.
Sarah Denis, Esq.
1105 Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
jms@elliottgreenleaf.com
sxd@elliottgreenleaf.com

*Counsel to the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-12809 (JKS)<br><br>(Jointly Administered) |

**SECOND SUPPLEMENTAL CERTIFICATION OF**
**RAFAEL X. ZAHRALDDIN-ARAVENA IN FURTHER**
**SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND**
**APPROVING THE EMPLOYMENT AND RETENTION OF ELLIOTT**
**GREENLEAF, P.C. AS COUNSEL EFFECTIVE AS OF FEBRUARY 21, 2019**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Rafael X. Zahralddin-Aravena, Esq., pursuant to 28 U.S.C. § 1746, certifies as follows:

1. I am a Shareholder and Chair of the Commercial Bankruptcy and Restructuring Practice of Elliott Greenleaf, P.C. ("EG") and am duly authorized to make this Certification.

2. My professional credentials include that I am a Shareholder and Chair of the Commercial Bankruptcy and Restructuring Practice of the firm of EG, which maintains offices at 1105 N. Market Street, Suite 1700, Wilmington, DE 19801.

3. This Second Supplemental Certification is submitted in further support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") for authorization to retain and employ EG as counsel to the Committee, effective as of February 21, 2019. This Second Supplemental Certification supplements the disclosures set forth in the Declaration of Rafael X. Zahralddin-Aravena in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Elliott Greenleaf, P.C. as Counsel, Effective as of February 21, 2019 (the "Initial Declaration") that was filed with the Application. [Docket No. 318].

4. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

5. As noted, in EG's Application, the firm reviewed the initial potential conflict list provided by Debtors' counsel. The firm also reviews notices of appearance as they are filed in the case as part of our continuing obligation to disclose. The firm manages the costs of this continuing obligation by having a paralegal review notices of appearance and prepare docket reports to be reviewed for any conflict or connection. Potential and actual conflicts less than one percent (1%) of the firm's gross revenue for the last three years are addressed and a disclosure is

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application and/or the Initial Declaration.

filed quickly, but connections that fall below a certain threshold are filed on a periodic basis, usually quarterly.

6. EG has represented Estes Express Lines in various bankruptcies over the years, including, *In re: AFY Holding Company* (*AFY Holding Co. and American Fibers and Yarns Co. v. Estes Express Lines*, Adv. Proc. No. 10-53048 (PJW) (Bankr. D. Del.)); *In re Atlantis Plastics, Inc.* (*Marcus A. Watson, Chapter 7 Trustee v. Estes Express Lines, Inc.*, Adv. Proc. No. 10-6377 (PWB) (Bankr. N.D. Ga.)); *In re: Cargo Transportation Services, Inc.*, Case No. 11-432 (MGW) (Bank. M.D. Fl.)); *In re: Leading Edge Logistics, LLC* (*Alfred T. Giuliano, Chapter 7 Trustee v. Estes Express Lines and Estes Forwarding Worldwide LLC*, Adv. Proc. No. 16-50841 (MFW) (Bankr. D. Del.)); *In re: Proliance International, Inc.* (*George L. Miller, Chapter 7 Trustee v. Estes Express Lines*, Adv. Proc. No. 11-52536 (CSS) (Bankr. D. Del.)); and *In re: TransVantage Solutions Inc.* (*Alfred T. Giuliano, Chapter 7 Trustee v. Estes Express Lines*, Adv. Proc. No. 15-1769 (KCF) (Bankr. D.N.J.).

7. EG has also represented Estes Air Forwarding in *In re: Leading Edge Logistics, LLC* (*Quickie Manufacturing Corporation v. Estes Air Forwarding LLC, et al.,* Adv. Proc. No. 14-50817 (MFW) (Bankr. D. Del.)).

8. Estes Express Lines did not file a notice of appearance in this bankruptcy case and so it was not included in the review by EG staff until EG was asked to review a demand letter in the *In re Toys 'R Us* bankruptcy, an unrelated bankruptcy matter to the New England Motor Freight, *et al*. bankruptcy matters, on September 25, 2019. The pending bankruptcy matter prompted a conflict search that was supplemented by EG lawyers active in the NEMF bankruptcy. EG was not counsel to Estes Express in any matter related to the NEMF bankruptcies and there was no conflict or other relationship that would affect its current obligations as counsel to the Committee, under its Bankruptcy Code Section 1103 obligations

and does not hold any interest adverse to the estate. EG did not represent Estes in any matter during the pendency of this bankruptcy, to the best of my knowledge. The last engagement with Estes prior to this new representation in the *In re Toy 'R Us* matter, was a brief investigation into a fraudulent scheme in another unrelated matter which involved a vendor of Estes, which representation was limited in time and ended around February 18, 2019. EG was retained after that time by the Committee. The Estes sale closed prior to retention of EG by Estes in the *In re Toy 'R Us* matter. There is no time in the NEMF case where EG was in an active representation of any Estes related entity when Estes was involved in the bankruptcy case. Even if such a representation where to exist, the Estes representation is in a totally unrelated matter.

9. To the best of my knowledge, and after conferring with Jack McStravick, the Chief Financial Officer of EG, who maintains the books and records regarding the firm's receivables and open and closed engagements, Estes Express Lines, any other Estes affiliate, or all Estes affiliates in the aggregate, have not generated revenue for EG in an amount of one percent (1%) or more of the firm's gross revenue in calendar years 2016, 2017, or 2018.

10. Additionally, and in the abundance of caution, EG discloses that it was involved in a civil action in Pennsylvania, in which it represented a defendant in an action commenced by a plaintiff named "Joseph Carney" who at the time resided in Philadelphia, Pennsylvania; the action concluded on or before August 21, 2001. "Joseph Carney" is also listed as a member of tort claimants on Schedule A to the Notice of Appearance filed on behalf of the Ad Hoc Group of Tort Claimants in this bankruptcy case at Docket No. 433. It is unclear if these two named parties are the same entity, but regardless, given that the civil action has been closed for almost twenty years, this should not constitute a conflict.

11. I hereby certify, under the penalty of perjury, that the foregoing factual statements made by me are true to the best of my knowledge, information and belief.

Dated: October 9, 2019

_____
Rafael X. Zahralddin-Aravena, Esq.