UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
         mconlan@gibbonslaw.com
         btheisen@gibbonslaw.com
*Counsel to the Debtors
and Debtors-in-Possession*

**Order Filed on October 9, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey**

In re:
NEW ENGLAND MOTOR FREIGHT, INC., *et al*.,
                    Debtors.[1]

Chapter 11
Case No. 19-12809 (JKS)
(Jointly Administered)

**THIRD INTERIM ORDER GRANTING THE DEBTORS' MOTION TO
(A) EXTEND THE EXCLUSIVE PERIODS WITHIN WHICH TO FILE
A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCE THEREOF, AND
(B) ADJOURNING THE OCTOBER 8, 2019 HEARING AND
<u>RELATED OBJECTION DEADLINE</u>**

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

**DATED: October 9, 2019**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2755996.1 115719-100281

Page:     2
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption:  Third Interim Order Granting the Debtors' Motion to (a) Extend the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptance Thereof and (b) Adjourning the October 8, 2019 Hearing and Related Objection Deadline

Upon the Motion[2] of the Debtors in the above-captioned Chapter 11 Cases seeking the entry of an order (a) extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, and (b) for authorization to file a combined plan of liquidation and disclosure statement [ECF No. 788]; and upon the *Objection of T.D. Bank, N.A. and East West Bank to Extension of Exclusive Periods for Filing a Plan and Soliciting Acceptances Thereof*, dated October 1, 2019 (ECF No. 909) (the "Lenders' Objection"); and the Debtors having conferred with the Official Committee of Unsecured Creditors (the "Committee") and having jointly requested that T.D. Bank, N.A. and East West Bank (together, the "Objecting Lenders") agree to an interim extension of the exclusive periods pending ongoing discussions and without prejudice to the relief requested in the Lenders' Objection; and the Debtors and the Committee having agreed to certain milestones as a condition to the Objecting Lenders agreeing to their joint request for a two-week adjournment; and the Court having determined that the interim relief sought is in the best interest of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page:    3
Debtors: New England Motor Freight, Inc., *et al*.
Case No.: 19-12809 (JKS)
Caption: Third Interim Order Granting the Debtors' Motion to (a) Extend the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptance Thereof and (b) Adjourning the October 8, 2019 Hearing and Related Objection Deadline

---

further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Exclusive Filing Period is extended through and including October 22, 2019.

3. The Exclusive Solicitation Period is extended through and including December 21, 2019.

4. The Committee shall continue to have the co-exclusive right with the Debtors to file a plan of liquidation, solicit acceptances thereto and seek confirmation thereof; provided, however, during the Exclusive Periods such plan may only be filed by the Committee jointly with the Debtors.

5. The hearing scheduled for October 8, 2019 at 10:00 a.m. is adjourned to October 22 at 10:00 a.m. and the deadline for any additional objections to the relief sought in the Motion is extended to October 15, 2019.

6. The relief set forth herein shall be without prejudice to the Lenders' Objection or any other objections to be filed by the Objecting Lenders, with all rights of the Objecting Lenders being expressly preserved.

7. A draft plan in substantially final form shall be circulated to the Objecting Lenders by no later than October 15, 2019.

8. The Debtors and the Committee agree to respond to certain issues raised by the Objecting Lenders by way of email dated October 7, 2019 by October 10, 2019.

Page:     4
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Third Interim Order Granting the Debtors' Motion to (a) Extend the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptance Thereof and (b) Adjourning the October 8, 2019 Hearing and Related Objection Deadline

---

9. The hearing scheduled for October 17, 2019 on First Interim Fee Applications shall be adjourned for two weeks and the Objecting Lenders shall have a further extension to October 24, 2019 to object to the professionals' First Interim Fee Applications.

10. The relief requested herein is without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

11. Notwithstanding applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.