# TURNER Law Firm, LLC

76 South Orange Avenue • P.O. Box 526 • South Orange, NJ 07079-0526   **973.763.5000**   973.763.0568 *fax*

October 23, 2019

Hon. John K. Sherwood
U.S. Bankruptcy Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street - 3rd Floor
Newark, New Jersey 07102

    Re:  In re New England Motor Freight, Inc., et al
           Case No. 19-12809 (JKS)

    Re:  In re New England Motor Freight, Inc., et al
    vs:  Parties Listed on Exhibit A to the Complaint
           and John Does 1-100
           Adv. Pro. No. 19-1119 (JKS)
           **Motion list - 10/29/2019, 10:00 a.m.**

Dear Judge Sherwood:

Our firm represents Protective Insurance Company in connection with the above bankruptcy matter.

Kindly accept this opposition to the application filed on behalf of Carlos Diaz seeking leave to amend a previously filed proof of claim or file a late proof of claim.

In sum, the moving party has not demonstrated entitlement to the relief requested. A proof of claim was filed on behalf of Mr. Diaz by his subrogee and no facts or evidence have been set forth which would suggest the claim should be amended.

The application for Mr. Diaz is based on the certification of counsel. The certification acknowledges notice of Debtors'

Hon. John K. Sherwood
In re New England Motor Freight, et al
October 23, 2019
Page 2

bankruptcy filings and the bar date. Thus, excusable neglect has not been demonstrated.

Your Honor's attention is invited to paragraph 14 of counsel's certification which confirms awareness of this Court's May 1, 2019 bar date order establishing claims must be filed on or before August 9, 2019. The preceding paragraphs (numbered 10 through 13) are less clear on specific dates or events for dates during which counsel had knowledge of the bankruptcy case.

As counsel certifies, Debtors filed a notice of bankruptcy proceedings in the State Court action for which his firm represents Mr. Diaz. Thereafter, counsel attests to having some matters against the Debtors handled by another firm. The certification makes plain there was an awareness of the pending bankruptcy and an obligation to act in a timely manner.

As counsel further certifies (paragraph 16), GEICO timely filed a proof of claim on behalf of Mr. Diaz for property damage and medical bills arising out of the motor vehicle accident. Counsel was also advised a notice of the bar date order was sent by first class mail.

Counsel asserts his office did not receive notice of the bar date claimed. However, that assertion appears inconsistent with

Hon. John K. Sherwood
In re New England Motor Freight, et al
October 23, 2019
Page 3

the report by Debtors and actual proof of claim filed on behalf of Mr. Diaz by GEICO.

Moreover, counsel certifies to various interactions with other attorneys who were "monitoring" the New England Motor Freight bankruptcy case on several matters handled by his firm. The bar date order applied to all pre-petition claims for personal injury and motor vehicle accidents such as the matter being handled by counsel to Mr. Diaz. Thus, there was no reason to delay or avoid filing a separate proof of claim for Mr. Diaz.

At paragraph 20, counsel certifies his firm had notice of the New England Motor Freight bankruptcy filing but acted "reasonably in waiting" to receive notice before filing a proof of claim. It is difficult to assess this statement as actual knowledge of the bankruptcy filing is confirmed. Counsel goes on to conclude (at paragraph 22) there is no prejudice to the Debtors as they were aware of claims held by Mr. Diaz due to his State Court litigation, and because GEICO filed a proof of claim.

Counsel further asserts his client delay in filing a proof of claim for personal injuries was not within his control due to a claim of non-receipt of notice. This statement does not appear accurate as notice was sent to Mr. Diaz and his representatives, as

Hon. John K. Sherwood
In re New England Motor Freight, et al
October 23, 2019
Page 4

particularly evidenced by the proof of claim filed on his behalf. by GEICO.

    The claim of no prejudice is also inaccurate. As this Court is aware, and the public docket reflects, an adversary action was commenced to extend the stay of relief regarding all personal injury actions. Your Honor has graciously entertained several adjournments and extensions of the initial temporary restraining order based upon very extensive interactions and negotiations by Debtors' counsel, attorneys for various claimants (including the attorneys specifically cited in counsel's certification), counsel to the Official Committee of Unsecured Creditors, and attorneys for the insurance carriers.

    Decisions and representations to this Court were based upon negotiations and, more particularly, the body of claims asserted at the time of the bar date. The bar date was specifically requested by Debtors to allow an assessment of the potential pool of claims. In reliance upon the bar date, Protective (in particular) made decisions which were relayed to the claimants group as well as Debtors' counsel.

    The present motion filed on behalf of Mr. Diaz does not set forth a proposed amended proof of claim, nor provide any basis for

Hon. John K. Sherwood
In re New England Motor Freight, et al
October 23, 2019
Page 5

the same. Simply allowing an unsubstantiated and unknown increase to the overall body of claims will prejudice and inhibit further proceedings. Mr. Diaz remains part of the case pursuant to his previously filed claim and will be treated as all other creditors in his class pursuant to Debtors' plan of reorganization.

For all of the foregoing reasons, it is submitted the moving party has not demonstrated excusable neglect nor a reasonable basis for the relief requested. Therefore, the motion should be denied.

Respectfully submitted,

ANDREW R. TURNER

ART:a