

Joseph J. DiPasquale
**Partner**

One Lowenstein Drive
Roseland, New Jersey 07068

T: 973.597.2528
F: 973.597.2529
E: jdipasquale@lowenstein.com

October 23, 2019

**VIA ELECTRONIC MAIL AND ECF**
Hon. John K. Sherwood
U.S. Bankruptcy Court
Martin Luther King, Jr. Federal Bldg.
50 Walnut Street, 3rd Fl.
Newark, NJ 07102

Re:   *In re: New England Motor Freight, Inc., et al.*, Case No. 19-12809 Ch 11
Joinder to Protective Insurance Company's Opposition to Motion of Carlos Diaz to Amend Proof of Claim or, in the Alternative, File Late Filed Proof of Claim [D.I. 937]

Dear Judge Sherwood:

    This firm, together with Elliott Greenleaf, P.C., is co-counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced bankruptcy cases. The Committee hereby joins in the opposition (the "Opposition") filed by Protective Insurance Company ("Protective") [D.I. 937] to the motion filed by Carlos Diaz to amend the proof of claim filed on his behalf by GEICO or, in the alternative, to file a late filed proof of claim [D.I. 829) (the "Motion").

    While the Committee is sympathetic to the injuries and economic loss allegedly sustained by Mr. Diaz as a result of an accident with one of the Debtors' motor vehicles, for the reasons set forth in the Opposition, denial of the Motion is appropriate. As noted in the opposition, Mr. Diaz received notice of the bar date for filing proofs of claim, which notice was sent to the same law firm that filed the Motion. *See* D.I. 561 at p. 60 of 491. Indeed, the docket reflects that the law firm received notice of the proof of claim bar date for at least two (2) other potential claimants. *Id.* at pp. 129 and 319 of 491. The proof of claim bar date was also published by publication notice. *See* D.I. 547. It therefore appears that there is no basis for excusable neglect.

    Rather, it appears from the Motion that the law firm that filed the Motion believed that a different law firm would be filing a proof of claim on behalf of Mr. Diaz. *See* Motion at 3. Although neither firm filed a claim on Mr. Diaz' behalf, GEICO, as subrogee, did. *See* Proof of Claim No. 662. There is no evidence that GEICO has authorized Mr. Diaz to file a separate proof of claim for what appear to be the same claims asserted by GEICO.

Accordingly, the Committee joins in Protective's Opposition to the Motion and respectfully requests that the Motion be denied.

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
*/s/ Joseph J. DiPasquale*
Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
E-mail: mseymour@lowenstein.com
E-mail: jdipasquale@lowenstein.com

-and-

**ELLIOTT GREENLEAF, P.C.**
Rafael X. Zahralddin-Aravena, Esq.
Jonathan M. Stemerman, Esq.
1105 Market Street, Suite 1700
Wilmington, DE 19801
Phone: (302) 384-9400
Facsimile: (302) 384-9399
E-mail: rxza@elliottgreenleaf.com
E-mail: jms@elliottgreenleaf.com

*Counsel to the Official Committee of Unsecured Creditors*