UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
*Counsel to the Debtors
and Debtors-in-Possession*

| | |
|---|---|
| In re: | Case No. 19-12809 (JKS) |
| New England Motor Freight, Inc., *et al.*,[1] | Chapter 11 |
| Debtors. | Hon. John K. Sherwood, U.S.B.J. |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023, 9014 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT, (II) CERTIFYING A WARN CLASS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVE, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, AND (VI) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby

**ORDERED.**

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

2761286.2 115719-100281

Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

_____

**THIS MATTER** having come before the Court upon the joint motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") and Alice Waters ("**Class Representative**"), on behalf of herself and similarly situated class members (together with the Class Representative, and as defined in the Settlement Agreement (excluding Opt Outs), the "**Class**", and each member within the Class "**Class Member(s)**", and together with the Class Representative and the Debtors, the "**Parties**"), pursuant to Section 105 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**"), FED. R. BANKR. P. 7023, 9014 and 9019 and FED. R. CIV. P. 23 for the entry of an order (the "**Order**") (a) preliminarily approving the Settlement and Release Agreement dated as of November 4, 2019 attached hereto as **Exhibit A** (the "**Settlement Agreement**") among the Parties under FED. R. CIV. P. 23 and FED. R. BANKR. P. 7023 and 9019; (b) certifying the Class for settlement purposes only, appointing Jack A. Raisner and René S, Roupinian of Outten & Golden LLP as Class Counsel, appointing Alice Waters as Class Representative, (c) approving the form and manner of notice to Class Members of the conditional class certification and settlement; (d) scheduling a fairness hearing (the "**Fairness Hearing**") to consider final approval of the Settlement Agreement pursuant to FED. R. CIV. P. 23 and FED. R. BANKR. P. 7023 and 9014; (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to FED. R. CIV. P. 23 and FED. R. BANKR. P. 7023 and 9014, and (f) granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

_____

to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012 (Simandle, C.J.); and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and it appearing that notice of the Motion as it pertains to the entry of this Order was good and sufficient under the circumstances and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed and considered the Motion, and upon the arguments of counsel made, and the evidence adduced, at the hearing held on November 12, 2019 (the "**Preliminary Hearing**") where all interested persons had an opportunity to be heard; and upon the record of the Preliminary Hearing, and the Declaration of René S. Roupinian, and these chapter 11 cases and proceedings; and after due deliberation and for good cause shown, the Court hereby finds that:

      A.    On November [_____], 2019, notice of the Motion ("**Notice**") was served by first class mail on the parties listed on the proof of service of the Notice filed with the Court.

      B.    The Notice given constituted the best notice practicable under the circumstances, is adequate and no other notice need be given.

      C.    A full opportunity has been offered to the parties-in-interest to participate in the hearing on the Motion.

      D.    For purposes of the Class settlement, Class Counsel has sufficient experience handling WARN class action litigation to adequately represent the Class, and the Class Representative does not have interests antagonistic to those of the Class.

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

_____

E.  For the purpose of the Class settlement only, and without prejudice to any other proceedings involving the Debtors or their successors: (i) the Class is so numerous that joinder of all Class Members is deemed impracticable; (ii) there are questions of law or fact deemed common to the Class; (iii) the claims of the Class Representative are deemed typical of the Class; (iv) the law firm of Outten & Golden LLP has fairly and adequately protected the interests of the Class; (v) questions of law or fact common to the Class Members are deemed to predominate over any questions affecting on the individual Class Members; and (vi) the class settlement mechanism is deemed superior to other available methods of resolving the alleged employee wage and hour claims and other claims released in the Settlement Agreement. Therefore, the Class should be certified for settlement purposes only, pursuant to FED. R. CIV. P. 23(a) and (b)(3) and FED. R. BANKR. P. made applicable through FED. R. BANKR. P. 9014, with said Class consisting of all persons listed on Exhibit A to the Settlement Agreement hereto who do not file a timely request to opt out of the Class.

F.  Notice should be given to all of the Class Members, affording them the opportunity to opt-out of the Class or object to the proposed Settlement Agreement.

G.  Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is fair, reasonable, cost effective and in the best interest of the Debtors' estates, and preliminary approval of the Settlement Agreement is warranted.

H.  The Settlement Agreement should be preliminarily approved.

2761286.2 115719-100281

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

_____

I. Notice to all individuals identified on Exhibit A to the Settlement Agreement by first class mail, postage prepaid, at the addresses listed on Exhibit A to the Settlement Agreement is reasonable and the best notice practicable under the circumstances and such mailing should be made by the Class Counsel no later than one (1) day following the entry of this Order.

J. The contents of the Class Notice form annexed hereto as **Exhibit B** meets the requirements of FED. R. CIV. P. 23(c)(2)(B) and 23(e)(1). The Class Notice states the nature of the action, and the issues and defenses relevant to the action. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members (who do not opt out). The Class Notice summarizes the terms of the Settlement Agreement, the right of each Class Member to opt-out of the Class or object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel fees and costs. *See* FED. R. CIV. P. 23(h).

K. Other good and sufficient cause exists for granting the relief requested in the Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2761286.2 115719-100281

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

___

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Settlement Agreement, as set forth in the Settlement Agreement is hereby preliminarily approved, subject to a Fairness Hearing.

4. The Class is comprised of all persons listed on Exhibit A to the Settlement Agreement who did not timely opt out of the Settlement Agreement. The Class is hereby conditionally certified for settlement purposes only, pursuant to FED. R. CIV. P. 23(a) and (b)(3).

5. Alice Waters is hereby appointed as Class Representative.

6. Jack A. Raisner and René S. Roupinian of Outten & Golden LLP are hereby appointed as class counsel ("**Class Counsel**").

7. The form of the Class Notice and the service of the Class Notice by the Class Counsel by first class mail, postage prepaid, to each individual identified in Exhibit A to the Settlement Agreement at their last known address as updated by Class Counsel is hereby approved.

8. The Class Notice shall be mailed by first class mail by the Class Counsel to the individuals identified in Exhibit A to the Settlement Agreement within one (1) day following the entry of this Order.

9. Within five (5) days of mailing the Notice, Class Counsel shall file and serve a statement under oath constituting proof of mailing.

10. Objections or other responses to final approval of the Settlement Agreement, the Class Representative Service Payments, Class Counsel's Fees, or the Class Counsel's Expenses must be received by the Debtors and Class Counsel no later than _____ (the "**Objection**

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

_____

**Deadline**"). Objections or other responses must be in writing and must set forth the basis for any such objection or other response to the Settlement Agreement.

11.   Class Members, on an individual basis, may elect to opt out of the Settlement Agreement by timely returning a completed and executed Opt-Out Form contained in the Class Notice to Class Counsel on or before the Opt-Out Deadline ("**Opt-Out Deadline**").  Any Class Member that elects to opt-out shall not have an allowed claim against the Debtors' bankruptcy estates but shall retain his or her rights against the Debtors' bankruptcy estates, if any.  The Debtors reserve all rights against any Class Member who opts-out, including the right to assert that such Class Member did not file a timely proof of claim in the Debtors' Chapter 11 Cases.

12.   All Class Members who do not timely return an Opt-Out Form to Class Counsel prior to the expiration of the Opt-Out Deadline shall be deemed to have consented to, and shall be bound by, the terms and conditions of the Settlement Agreement, and shall become Class Members for purposes of the Settlement Agreement upon the expiration of the Objection Deadline.

13.   The Court shall conduct the Fairness Hearing on December ____, 2019 at _____. The Court may adjourn the Fairness Hearing without further notice of any kind other than by notice filed on the docket of these cases or an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

14.   Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal or administrative proceeding.

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

_____

15. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

16. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. This Court retains jurisdiction to construe, interpret, enforce, and implement all matters arising pursuant to or related to the relief granted by this Order.

2761286.2 115719-100281