# TURNER
## Law Firm, LLC

76 South Orange Avenue • P.O. Box 526 • South Orange, NJ 07079-0526  **973.763.5000**  973.763.0568 *fax*

November 5, 2019

Hon. John K. Sherwood
U.S. Bankruptcy Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street - 3rd Floor
Newark, New Jersey 07102

      Re:   In re New England Motor Freight, Inc., et al
            Case No. 19-12809 (JKS)
            **Motion list - 11/12/2019, 10:00 a.m.**

Dear Judge Sherwood:

Our firm represents Protective Insurance Company in connection with the above bankruptcy matter.

Kindly accept this opposition to the application filed on behalf of Nelson Vazquez seeking leave to file a late proof of claim and simultaneous relief from the automatic stay.

In sum, the moving party has not demonstrated entitlement to the relief requested. Notwithstanding actual notice of this bankruptcy, and interaction with Debtors' in-house counsel, a proof of claim was not filed on behalf of Mr. Vasquez. Therefore, excusable neglect has not been demonstrated.

The application for Mr. Vasquez is based on his certification and one from counsel. The certifications assert an accident which occurred on February 2, 2018, more than a year before Debtors commenced their bankruptcy proceedings. Vasquez Certification

Hon. John K. Sherwood
In re New England Motor Freight, et al
November 5, 2019
Page 2

para. 3, and Counsel Certification para. 4. There is also no question Mr. Vasquez has not commenced a lawsuit in state court. Vasquez Certification para. 5, and Counsel Certification para. 11. Thus, Mr. Vasquez is a general unsecured creditor in this case.

With due respect to injuries he suffered and without intending any disrespect, Mr. Vasquez is not entitled to special treatment in these bankruptcy cases. His attorney certified to actual knowledge and notice of Debtors' bankruptcy filings befor the bar date. Counsel attests to specific interaction with Debtors' in-house counsel on March 18, 2019 near the outset of these cases. Counsel Certification para. 13. No proof of claim was filed.

Counsel also acknowledged Your Honor's order setting a claims bar date filed on May 1, 2019. Counsel Certification paras. 16 and 17. The claims bar date was August 12, 2019. Again, no proof of claim was timely filed as counsel admits. Id. Thus, excusable neglect has not been demonstrated and there is no basis to grant the relief requested.

The bankruptcy court can accept late filings where the failure to act is the result of excusable neglect and contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by

Hon. John K. Sherwood
In re New England Motor Freight, et al
November 5, 2019
Page 3

intervening circumstances beyond a party's control. Pioneer Investment Services Company v. Brunswick Associates, L.P., 507 U.S. 380 S. Ct. 1489 (1993). No such circumstances are presented. To the contrary, there is an admission a proof of claim was not timely filed.

The claim of no prejudice is also inaccurate. As this Court is aware, and the docket reflects, an adversary action was commenced to extend the stay of relief regarding all personal injury actions. In re New England Motor Freight, Inc., et al vs. Parties Listed on Exhibit A to the Complaint and John Does 1-100 Adv. Pro. No. 19-1119 (JKS)

Your Honor has graciously entertained several adjournments and extensions of the initial temporary restraining order based upon very extensive interactions and negotiations by Debtors' counsel, attorneys for various claimants (including the attorneys specifically cited in counsel's certification), counsel to the Official Committee of Unsecured Creditors, and attorneys for the insurance carriers. There is no reason to exempt Mr. Vasquez from the injunction entered by this court. Therefore, he is not entitled to relief from the automatic stay and the motion should be denied.

Hon. John K. Sherwood
In re New England Motor Freight, et al
November 5, 2019
Page 4

Separately, decisions and representations to this Court were based upon negotiations and, more particularly, the body of claims asserted at the time of the bar date. The bar date was specifically requested by Debtors to allow an assessment of the potential pool of claims. In reliance upon the bar date, Protective (in particular) made decisions which were relayed to the claimants group as well as Debtors' counsel.

The present motion filed on behalf of Mr. Vasquez does not set forth a proposed proof of claim, nor provide any basis for the same. Simply allowing an unsubstantiated and unknown increase to the overall body of claims will prejudice and inhibit further proceedings.

For all of the foregoing reasons, it is submitted the moving party has not demonstrated excusable neglect nor a reasonable basis for the relief requested. Therefore, the motion should be denied.

Respectfully submitted,

ANDREW R. TURNER

ART:a