

Joseph J. DiPasquale
**Partner**

One Lowenstein Drive
Roseland, New Jersey 07068

T: 973.597.2528
F: 973.597.2529
E: jdipasquale@lowenstein.com

November 6, 2019

**VIA ELECTRONIC MAIL AND ECF**
Hon. John K. Sherwood
U.S. Bankruptcy Court
Martin Luther King, Jr. Federal Bldg.
50 Walnut Street, 3rd Fl.
Newark, NJ 07102

Re:   *In re: New England Motor Freight, Inc., et al.*, Case No. 19-12809 Ch 11
Joinder to Protective Insurance Company's Opposition to Nelson Vasquez's
Motion to File Late Filed Proof of Claim [D.I. 969]

Dear Judge Sherwood:

    This firm, together with Elliott Greenleaf, P.C., is co-counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced bankruptcy cases. The Committee hereby joins in the opposition (the "Opposition") filed by Protective Insurance Company ("Protective") [D.I. 969] to the motion filed by Nelson Vasquez to file a late filed proof of claim and granting relief from stay [D.I. 942) (the "Motion").

    While the Committee is sympathetic to the injuries and economic loss allegedly sustained by Mr. Vasquez as a result of an accident with one of the Debtors' motor vehicles, for the reasons set forth in the Opposition, denial of the Motion is appropriate. As noted in the opposition, Mr. Vasquez received notice of the bar date for filing proofs of claim, which notice was sent to the same law firm that filed the Motion. *See* D.I. 561 at p. 257 of 419. Indeed, the Motion does not state that Mr. Vasquez did not receive notice of the bar date.

    Rather, it appears that Mr. Vasquez is arguing excusable neglect for not filing a proof of claim because his counsel was under the impression that there would not be material funds available to compensate Mr. Vasquez. *See* D.I. 942-7 at 3. For the reasons set forth in the Opposition, the standard for excusable neglect has not been met here, and Mr. Vasquez's request to file a late filed proof of claim should be denied.

    Additionally, the Motion's request for relief from the automatic stay should also be denied. As set forth in the *Debtors' and Official Committee of Unsecured Creditors' Joint Combined Plan of Liquidation and Disclosure Statement* [D.I. 932] (the "Plan"), an automobile liability claims protocol has been proposed which would encompass Mr. Vasquez's claims if approved. *See* Plan at II(c)(12) and IV(b)(1)(f). Alternatively, if not denied, the Motion with respect to stay relief should be adjourned to November 19, 2019

Hon. John K. Sherwood  November 6, 2019
Page: 2

___

at 10:00 a.m., which is currently the hearing date and time for all other requests for stay relief related to automobile liability claims.

Accordingly, the Committee joins in Protective's Opposition to the Motion and respectfully requests that the Motion be denied.

Respectfully submitted,

/s/ *Joseph J. DiPasquale*
Joseph J. DiPasquale

