**EDELSTEIN & GROSSMAN**
Attorneys at Law
501 Fifth Avenue, Suite 514
New York, NY 10017
Tel: (212) 871-0571
Fax: (212) 922-2906
jonathan.edelstein.2@gmail.com

November 6, 2019

**VIA ELECTRONIC CASE FILING**
Hon. John K. Sherwood
U.S. Bankruptcy Court
M.L. King Jr. Federal Bldg. & Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ 07102

Re:   In re New England Motor Freight, Inc., et. al.
      Case No. 19-12809 (JKS)
      Motion list – 11/12/19, at 10:00 a.m.

Dear Judge Sherwood:

I respectfully write, on behalf of unsecured creditor Nelson Vasquez, in response to Protective Insurance Company's ("Protective's") letter opposition of November 5, 2019 (Doc. 969), joined by the Committee of Unsecured Creditors ("Committee") (Doc. 971), and in further support of Mr. Vasquez' motion to file a late proof of claim and/or to lift the automatic stay (Doc. 942).

To take Protective's last point first, the reason why Mr. Vasquez' motion does not contain "a proposed proof of claim" is that it contains the *actual* proof of claim filed by Mr. Vasquez, albeit late, on August 20, 2019 (Doc. 942-5). This document sets forth the amount of the claim, namely $250,000, and that it is a claim for personal injury (id. at 2). Thus, all interested parties, including the Debtor, the Committee and Protective, were on notice of the amount and nature of Mr. Vasquez' claim just eight days after what Protective acknowledges to be the bar date, and could have taken that claim into account in their contingency planning.

Further, Protective's contention that Mr. Vasquez fails to set forth the basis for his personal injury claim and/or to substantiate that claim is belied by the inclusion of the police report of the automobile accident he suffered (Doc. 942-3) and the discussion of the underlying facts in Mr. Vasquez' declaration (Doc. 942-1),

Both Protective and the Committee further argue that the eight-day delay in this matter was

1

inexcusable because Mr. Vasquez' state court counsel was aware of the bankruptcy and the bar date. But neither objectant reckons with the fact that, as documented in state court counsel's declaration (Doc. 942-2) and contemporaneous notes (Doc. 942-4), the general counsel of the Debtor *affirmatively misled him* concerning the availability of funds in the event that a claim was filed. Upon learning that he had been misled, state court counsel acted promptly and diligently. Since, as discussed in Mr. Vasquez' memorandum of law, lack of notice of the bar date is not the only ground upon which excusable neglect may be based, and that excusable neglect may include "mistake or carelessness," Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Ptnrshp., 507 U.S. 380 (1993), or even "neglect on the part of the one seeking to be excused," In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 128 (3d Cir. 1999). Thus, even if the failure to timely file proof of claim despite notice of the bar date is "neglect," that does not preclude it from being excusable if the other Pioneer factors are met, especially where, as here, the delay is partly the fault of the Debtor and amounts to just eight days.

Protective further claims that it is prejudiced because "an adversary action was commenced to extend the stay of relief regarding all personal injury actions" and that this was based on "very extensive interactions and negotiations by [the relevant parties]" which were "based upon... the body of claims asserted at the time of the bar date." (Doc. 969 at 3-4). Notably, however, Protective does not specify how these "interactions and negotiations" would be disrupted by the addition of a single, $250,000 claim at this juncture, in an estate with tens of millions of dollars in cash as well as extensive insurance coverage. It is submitted that, notwithstanding Protective's conclusory allegations of prejudice, the framework of negotiations relating to the settlement of unsecured claims could, as discussed in detail in Mr. Vasquez' memorandum of law, easily accommodate one more claim and one more creditor.

It is noted that neither Protective nor the Committee addresses any of the *other* Pioneer factors or disputes that those factors militate in favor of Mr. Vasquez.

Finally, the Committee itself suggests a method by which that may be resolved, in particular, that "an automobile liability claims protocol has been proposed which would encompass Mr. Vasquez' claims if approved." See Doc. 971 at 1. Given that, as the Committee states, the protocol has merely been "proposed" at this point and has not yet been ratified, it is doubly clear that no prejudice would ensue from one more accident victim, who filed his proof of claim just eight days late due to misinformation provided by the Debtor, were allowed to join it.

The Court's consideration in this matter is appreciated.

Respectfully submitted,

/s/ Jonathan I. Edelstein

Jonathan I. Edelstein

cc:    All Counsel (Via ECF)