UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Peter J. D'Auria, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 19-12809(JKS) |
| New England Motor Freight, Inc., *et al.*, | : | (Jointly Administered) |
|  | : |  |
|  | : | Hearing Date: Nov. 19, 2019 at 10:00 a.m. |
| Debtors[1]. | : |  |
|  | : | Honorable John K. Sherwood |

**LIMITED OBJECTION BY THE ACTING UNITED STATES TRUSTEE TO DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER APPROVING GLOBAL SETTLEMENT WITH THE DEBTORS' EQUITY HOLDERS AND AFFILIATES PURSUANT TO 11 U.S.C. §§ 105(A) AND 502 AND BANKRUPTCY RULE 9019 TO ALL PARTIES IN INTEREST**

The Acting United States Trustee (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), hereby asserts this Limited Objection to the Debtors' and Official Committee of Unsecured Creditors' Motion for an Order Approving Global Settlement with the Debtors' Equity holders and Affiliates Pursuant to 11 U.S.C. §§ 105(a) and 502 and Bankruptcy Rule 9019 to all Parties in Interest (the "Motion"), and respectfully states as follows:

---

[1] The Debtors in these jointly administered cases are: New England Motor Freight, Inc., (19-12809(JKS)); Eastern Freight Ways, Inc., (19-12812(JKS)); Apex Logistics, Inc., (19-12815(JKS)); Hollywood Avenue Solar, LLC, (19-12818(JKS)); Carter Industries, Inc., (19-12820(JKS)); NEMF Logistics, LLC., (19-12821(JKS)); Jans Leasing Corp., (19-12824(JKS)); NEMF World Transport, Inc., (19-12826(JKS)); Myar, LLC, (19-12827(JKS)); MyJon, LLC, (19-12828(JKS)); United Express Solar, LLC, (19-12830(JKS)).

1.  The UST is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). 28 U.S.C. § 586. This duty is part of the UST's overarching responsibility to enforce the bankrputcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as "watchdog").

2.  Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to this Limited Objection. *See also* 28 U.S.C. § 586.

## BACKGROUND

3.  On February 11, 2019, (the "Petition Date"), New England Motor Freight, Inc., (19-12809(JKS)), Eastern Freight Ways, Inc., (19-12812(JKS)), Apex Logistics, Inc., (19-12815 (JKS)), Hollywood Avenue Solar, LLC, (19-12818(JKS)), Carter Industries, Inc., (19-12820 (JKS)), NEMF Logistics, LLC., (19-12821(JKS)), Jans Leasing Corp., (19-12824(JKS)), NEMF World Transport, Inc., (19-12826(JKS)), Myar, LLC, (19-12827(JKS)), MyJon, LLC, (19-12828(JKS)), and United Express Solar, LLC, (19-12830(JKS)) (the "Debtors") each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code").

4.  On February 21, 2019, the UST appointed the Official Committee of Unsecured Creditors (the "Committee"). *See* Docket Entry 114.

5. On October 29, 2019, the Debtors filed the Motion. *See* Docket Entry 946. Attached as Exhibit A to the Motion is the Settlement Agreement and Mutual Release (the "Settlement Agreement").

6. At present, the Debtors and the Committee are proceeding to prosecute the Debtors' and Official Committee of Unsecured Creditors' Second Amended Joint Combined Plan of Liquidation and Disclosure Statement (the "Plan") (Docket Entry 993), and a confirmation hearing is anticipated in January of 2020.

## ARGUMENT

7. The Motion seeks approval of a certain Settlement Agreement, the signatories thereto being the Debtors, the Committee, and certain Equity Holders and Affiliates[2]. The Settlement Agreement contains broad-sweeping third party releases, being granted by (among other parties) all Creditors, employees, insurers, brokers, and all other parties in interest in the Chapter 11 Cases, for the benefit of the Equity holders and Affiliates.

8. The proposed release provisions extend to a great number of parties. The Debtors Schedules filed in these cases indicate creditors in the thousands. The number of the Debtors' employees also measure in the thousands. As the proposed "Release of Equity Holders and Affiliates" provision is presented (section 9 on page 5 of the Settlement Agreement), all of these parties, plus insurers, brokers, and other parties in interest in these cases, are granting a release to the Equity Holders and Affiliates. The Affidavit of Service filed in support of the Motion (filed at Docket Entry 958) does not appear to include all of these parties. The Motion asks the Court to approve all of these parties granting a release to the Equity Holders and Affiliates, while those parties have not received notice, depriving them of due process. In the bankruptcy context, the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning as ascribed in the Motion.

United States Supreme Court has stated that "[t]he statutory command for notice embodies a basic principle of justice - that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, (1953).

9. The Motion proposes these broad and expansive releases *outside* the Chapter 11 plan process. Through the Motion, the movants seek to obtain non-consensual third party releases for the benefit of the Equity Holders and Affiliates. In *In re Continental Airlines*, the Third Circuit Court of Appeals suggests that, even if non-consensual releases and permanent injunctions of non-debtor obligations are not *per se* impermissible in chapter 11 plans, those courts that have been willing to approve such releases have found that the releases were necessary to facilitate reorganization in extraordinary or unusual cases. 203 F.3d 203, 214 (3d Cir. 2000).

10. A permanent injunction in favor of non-debtors is a "rare thing" that should not be considered absent a showing of exceptional circumstances in which certain key factors are present. *See id*. *See also In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 141 (2d Cir. 2005) (holding that third party releases may be granted if important to the chapter 11 plan, but "it is clear that such a release is proper only in rare cases."); *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 657-58 (6th Cir. 2002) (concluding that "such an injunction is a dramatic measure to be used cautiously").

11. The Court in *Continental* determined that fairness requires, among other things, a showing that sufficient consideration was given to creditors whose claims were to be released and that such consideration renders the plan feasible. *See In re Continental Airlines,* 203 F.3d at 213-14. The Court further noted that the success of the plan must be based on the releases, and

that there is an identity of interest between the debtor and the nondebtor so that the debtor would likely bear the cost of the litigation against the non-debtor. *See id.* at 216.

12. In *In re Washington Mutual, Inc.*, the Delaware Bankruptcy Court held that it did not have the power to grant a third party release of a non-debtor. *In re Washington Mutual, Inc.*, 442 B.R. 314, 352 (Bankr. D. Del 2011), *citing to In re Coram Healthcare Corp.*, 315 B.R. 335 (Bankr. D. Del. 2004)(holding that the 'Trustee (and the Court) do not have the power to grant a release of the Noteholders on behalf of third parties.' Rather, any such release must be based on consent of the releasing party (by contract or the mechanism of voting in favor of the plan)." *Id.*

13. As presented here, the proposed third party releases are being sought in connection with the resolution of certain claims by and between certain parties to the Settlement Agreement, in advance of the Court's consideration of confirmation of the pending Plan. But without notice of the proposed releases, and without an opportunity to vote on such releases through a plan, the expansive third party releases cannot be approved.

## CONCLUSION

For the reasons set forth above, the U.S. Trustee requests that this Court deny the Motion as presented, and grant such further relief as this Court deems just, fair and equitable.

Respectfully submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION 3

By:    */s/ Peter J. D'Auria*
      Peter J. D'Auria
      Trial Attorney

Dated: November 12, 2019