UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
*Counsel to the Debtors*
*and Debtors-in-Possession*

**Order Filed on November 14,
2019 by Clerk U.S. Bankruptcy
Court District of New Jersey**

| | |
|---|---|
| In re: | Case No. 19-12809 (JKS) |
| New England Motor Freight, Inc., *et al.*,[1] | Chapter 11 |
| Debtors. | Hon. John K. Sherwood, U.S.B.J. |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023, 9014 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT, (II) CERTIFYING A WARN CLASS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVE, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, AND (VI) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED.**

**DATED: November 14, 2019**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related Relief

_____

**THIS MATTER** having come before the Court upon the joint motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") and Alice Waters ("**Class Representative**"), on behalf of herself and similarly situated class members (together with the Class Representative, and as defined in the Settlement Agreement (excluding Opt Outs), the "**Class**", and each member within the Class "**Class Member(s)**", and together with the Class Representative and the Debtors, the "**Parties**"), pursuant to Section 105 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**"), FED. R. BANKR. P. 7023, 9014 and 9019 and FED. R. CIV. P. 23 for the entry of an order (the "**Order**") (a) preliminarily approving the Settlement and Release Agreement dated as of November 4, 2019 attached hereto as **Exhibit A** (the "**Settlement Agreement**") among the Parties under FED. R. CIV. P. 23 and FED. R. BANKR. P. 7023 and 9019; (b) certifying the Class for settlement purposes only, appointing Jack A. Raisner and René S, Roupinian of Outten & Golden LLP as Class Counsel, appointing Alice Waters as Class Representative, (c) approving the form and manner of notice to Class Members of the conditional class certification and settlement; (d) scheduling a fairness hearing (the "**Fairness Hearing**") to consider final approval of the Settlement Agreement pursuant to FED. R. CIV. P. 23 and FED. R. BANKR. P. 7023 and 9014; (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to FED. R. CIV. P. 23 and FED. R. BANKR. P. 7023 and 9014, and (f) granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

2761286.3 115719-100281

Debtors:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily
Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel
and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and
Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related
Relief

_____

to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under*

*Title 11* of the United States District Court for the District of New Jersey, as amended on

September 18, 2012 (Simandle, C.J.); and it appearing that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2)(B); and it appearing that notice of the Motion as it pertains to the entry of

this Order was good and sufficient under the circumstances and that no other or further notice need

be given with respect to entry of this Order; and the Court having reviewed and considered the

Motion, and upon the arguments of counsel made, and the evidence adduced, at the hearing held

on November 12, 2019 (the "**Preliminary Hearing**") where all interested persons had an

opportunity to be heard; and upon the record of the Preliminary Hearing, and the Declaration of

René S. Roupinian, and these chapter 11 cases and proceedings; and after due deliberation and for

good cause shown, the Court hereby finds that:

A.      On November 5, 2019, notice of the Motion ("**Notice**") was served by first

class mail on the parties listed on the proof of service of the Notice filed with the Court.

B.      The Notice given constituted the best notice practicable under the

circumstances, is adequate and no other notice need be given.

C.      A full opportunity has been offered to the parties-in-interest to participate

in the hearing on the Motion.

D.      For purposes of the Class settlement, Class Counsel has sufficient

experience handling WARN class action litigation to adequately represent the Class, and the Class

Representative does not have interests antagonistic to those of the Class.

2761286.3 115719-100281

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily
Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel
and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and
Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related
Relief

_____

E.      For the purpose of the Class settlement only, and without prejudice to any

other proceedings involving the Debtors or their successors: (i) the Class is so numerous that

joinder of all Class Members is deemed impracticable; (ii) there are questions of law or fact

deemed common to the Class; (iii) the claims of the Class Representative are deemed typical of

the Class; (iv) the law firm of Outten & Golden LLP has fairly and adequately protected the

interests of the Class; (v) questions of law or fact common to the Class Members are deemed to

predominate over any questions affecting on the individual Class Members; and (vi) the class

settlement mechanism is deemed superior to other available methods of resolving the alleged

employee WARN claims and other claims released in the Settlement Agreement.  Therefore, the

Class should be certified for settlement purposes only, pursuant to FED. R. CIV. P. 23(a) and (b)(3)

and FED. R. BANKR. P. made applicable through FED. R. BANKR. P. 9014, with said Class

consisting of all persons listed on <u>Exhibit A</u> to the Settlement Agreement hereto who do not file a

timely request to opt out of the Class.

F.      Notice should be given to all of the Class Members, affording them the

opportunity to opt-out of the Class or object to the proposed Settlement Agreement.

G.      Based on the range of possible outcomes and the cost, delay, and uncertainty

associated with further litigation, the Settlement Agreement is fair, reasonable, cost effective and

in the best interest of the Debtors' estates, and preliminary approval of the Settlement Agreement

is warranted.

H.      The Settlement Agreement should be preliminarily approved.

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily
Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel
and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and
Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related
Relief

_____

I.      Notice to all individuals identified on Exhibit A to the Settlement

Agreement by first class mail, postage prepaid, at the addresses listed on Exhibit A to the

Settlement Agreement is reasonable and the best notice practicable under the circumstances and

such mailing should be made by the Class Counsel no later than one (1) day following the entry

of this Order.

J.      The contents of the Class Notice form annexed hereto as **Exhibit B** meets

the requirements of FED. R. CIV. P. 23(c)(2)(B) and 23(e)(1).  The Class Notice states the nature

of the action, and the issues and defenses relevant to the action.  The Class Notice also states that

the Settlement Agreement, if approved, will be binding on all Class Members (who do not opt

out).  The Class Notice summarizes the terms of the Settlement Agreement, the right of each Class

Member to opt-out of the Class or object to the Settlement Agreement, the right of each Class

Member to appear by counsel at the Fairness Hearing, and the fact that more information is

available from Class Counsel upon request.  Further, the Class Notice informs the Class Members

that the Settlement Agreement provides for the release of their Released Claims (as that term is

defined in the Settlement Agreement) and the payment of Class Counsel fees and costs.  *See* FED.

R. CIV. P. 23(h).

K.      Other good and sufficient cause exists for granting the relief requested in

the Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2761286.3 115719-100281

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily
Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel
and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and
Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related
Relief

_____

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The Settlement Agreement, as set forth in the Settlement Agreement is hereby preliminarily approved, subject to a Fairness Hearing.

4.      The Class is comprised of all persons listed on <u>Exhibit A</u> to the Settlement Agreement who did not timely opt out of the Settlement Agreement.  The Class is hereby conditionally certified for settlement purposes only, pursuant to FED. R. CIV. P. 23(a) and (b)(3).

5.      Alice Waters is hereby appointed as Class Representative.

6.      Jack A. Raisner and René S. Roupinian of Outten & Golden LLP are hereby appointed as class counsel ("**Class Counsel**").

7.      The form of the Class Notice and the service of the Class Notice by the Class Counsel by first class mail, postage prepaid, to each individual identified in <u>Exhibit A</u> to the Settlement Agreement at their last known address as updated by Class Counsel is hereby approved.

8.      The Class Notice shall be mailed by first class mail by the Class Counsel to the individuals identified in <u>Exhibit A</u> to the Settlement Agreement within one (1) day following the entry of this Order.

9.      Within five (5) days of mailing the Notice, Class Counsel shall file and serve a statement under oath constituting proof of mailing.

10.     Objections or other responses to final approval of the Settlement Agreement, the Class Representative Service Payments, Class Counsel's Fees, or the Class Counsel's Expenses must be received by the Debtors and Class Counsel no later than   December 6, 2019 (the

2761286.3 115719-100281

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily
Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel
and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and
Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related
Relief

_____

"**Objection Deadline**").  Objections or other responses must be in writing and must set forth the basis for any such objection or other response to the Settlement Agreement.

11.     Class Members, on an individual basis, may elect to opt out of the Settlement Agreement by timely returning a completed and executed Opt-Out Form contained in the Class Notice to Class Counsel on or before the Opt-Out Deadline ("**Opt-Out Deadline**").  Any Class Member that elects to opt-out shall not have an allowed claim against the Debtors' bankruptcy estates but shall retain his or her rights against the Debtors' bankruptcy estates, if any.  The Debtors reserve all rights against any Class Member who opts-out, including the right to assert that such Class Member did not file a timely proof of claim in the Debtors' Chapter 11 Cases.

12.     All Class Members who do not timely return an Opt-Out Form to Class Counsel prior to the expiration of the Opt-Out Deadline shall be deemed to have consented to, and shall be bound by, the terms and conditions of the Settlement Agreement, and shall become Class Members for purposes of the Settlement Agreement upon the expiration of the Objection Deadline.

13.     The Court shall conduct the Fairness Hearing on December 13, 2019 at 10:00 a.m. ET.  The Court may adjourn the Fairness Hearing without further notice of any kind other than by notice filed on the docket of these cases or an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

14.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal or administrative proceeding.

Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:   Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily
Approving the Settlement Agreement, (II) Certifying a WARN Class for Settlement Purposes Only, (III) Appointing Class Counsel
and Class Representative, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and
Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, and (VI) Granting Related
Relief

_____

15.     The terms and conditions of this Order shall be immediately effective and

enforceable upon entry of this Order.

16.     The Parties are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

17.     This Court retains jurisdiction to construe, interpret, enforce, and implement all

matters arising pursuant to or related to the relief granted by this Order.

2761286.3 115719-100281

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement, dated as of November 4, 2019 (this "Settlement Agreement" or "Settlement"), is entered into by and between Vincent J. Colistra, for the Debtors New England Motor Freight, Inc., Eastern Freight Ways, Inc., Eastern Freight Ways, Inc., NEMF World Transport, Inc., Apex Logistics, Inc., Jans Leasing Corp., Carrier Industries, Inc., Myar, LLC, MyJon, LLC, Hollywood Avenue Solar, LLC, United Express Solar, LLC, and NEMF Logistics, LLC ("Debtors") on the one hand, and Alice Waters (the "Class Representative"), on behalf of herself and on behalf of similarly situated class members specifically identified on Exhibit A (together with the Class Representative, but excluding the Opt-Outs (as defined below), the "Class Members" or "Class"), on the other hand.  Debtor and the Class Members are collectively referred to herein as the "Parties," or, as to each, a "Party."

## RECITALS

A.     On  February 11, 2019, (the "Petition Date"), Debtors filed a voluntary petition in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The filing of the Debtor's chapter 11 petition  commenced a bankruptcy case pending before the Bankruptcy Court and styled In re New England Motor Freight, Inc., Case No. 19-12809 ("Case").

B.     Prior to the Petition Date, Debtors employed certain employees, including the Class Members, in its business operations.

C.     On or about April 9, 2019, the Class Representative, along with Mr. Rich Richardson ("Richardson"), filed with the Bankruptcy Court a class-action adversary complaint (the "Complaint") commencing an adversary proceeding (the "WARN Action") against Debtors, on behalf of themselves and purportedly on behalf of the Class Members, alleging that Debtors violated the Worker Adjustment Retraining and Notification Act, 29 U.S.C. § 2101 et seq. and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c. 212, C.34:21-2 (the "WARN Acts"), by ordering plant closings and/or mass layoffs on or about February 15, 2019 without providing sixty (60) days advance notice thereof.  The Class Representative has further asserted that, as a consequence of this alleged failure, the Class Members have priority status under 11 U.S.C. §507(a)(4) and (5) up to the $12,850 priority cap, with the balance, if any, being a general unsecured claim against the Debtors for damages for the alleged sixty (60) day violation period.  The WARN Action is entitled Waters, et al. v. New England Motor Freight, Inc., et al., Adv. No. 19-01163-JKS (Bankr. N.J.).

D.     The Parties have entered into a series of extensions of the Debtors' deadline to respond to the Complaint while the Parties explored a potential consensual resolution.

E.     A settlement has been reached by the Debtors and the Class Representative as a result of extensive negotiations, which settlement is subject to Court approval.  Richardson and Debtors have separately negotiated and reached an agreement based on consideration provided to

him and for which Richardson and similarly situated individuals have fully released the Debtors, and no Court approval here is believed necessary.

F.      The Debtors assert that all of the terminations were in compliance with all applicable laws and that legal and factual defenses to the WARN Action exist.

G.      All Parties recognize that the outcome of the WARN Action and any litigation related thereto (the "WARN Litigation") is uncertain.  The Parties also acknowledge that Debtors' bankruptcy estate has limited resources and that potential recoveries to Class Members and other creditors can best be maximized by resolving the WARN Action in a consensual manner and avoiding extensive, costly and uncertain WARN Litigation.

## AGREEMENT

In consideration of the mutual undertakings set forth below, the Parties agree as follows:

1.      **Recitals**. The recitals and prefatory phrases and paragraph set forth above are hereby incorporated in full and made a part of this Agreement.

2.      **Settlement Filings**. The Parties shall promptly file a joint motion in the Case under Fed. Bankr. P. 9019 and 7023 for approval of this Agreement through a bifurcated hearing process ("Settlement Motion"). The Settlement Motion shall request an initial hearing on shortened notice at which the Parties shall seek entry of an order from the Bankruptcy Court preliminarily approving the Settlement and approving the form and manner of notice to the Class Members of class certification and the Settlement, including, among other things, their right to opt out of the Class, object to the Settlement in person or appear by counsel.  The Parties shall also request a date for a fairness hearing ("Fairness Hearing") which is no more than 30 days from the date of mailing of the notice to the Class Members.  At the Fairness Hearing, the Parties will request the Bankruptcy Court to consider final approval of the Settlement. The Settlement is subject to and conditioned upon the entry of an order of the Bankruptcy Court granting final approval of this Agreement under Fed. R. Bankr. P. 9019 and 7023, after notice and hearing to creditors and parties in interest, in accordance with applicable law and local rules ("Settlement Order").

3.      **Class Certification**. Upon execution of this Agreement, the Parties consent that a settlement class shall be certified in the WARN Action comprised of all persons listed on Exhibit A hereto who do not file a timely request to opt out of the Class; provided, however, that such Class shall be certified for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as made applicable to these proceedings by Fed. R. Bankr. P. 7023.  In the event that the Parties agree between the date of this Agreement and the Settlement Order, that a person should have been included in Exhibit A but was not so included (an "Omitted Class Member"), then such person shall be offered inclusion in the Class to the extent practicable.  In addition, Jack A. Raisner, Esq. and René S. Roupinian, Esq. of Outten & Golden LLP, shall request to be appointed class counsel ("Class Counsel") for the Class created under the Agreement, and the Parties agree that Alice Waters is a suitable individual who, with the Court's approval, shall be appointed Class Representative for the Class created under this Agreement.

4.    **Effective Date.**   The "<u>Effective Date</u>" of this Agreement is the date that the Settlement Order is entered by the Court.  This Agreement will become final on the date that the Settlement Order becomes a Final Order. For purposes of this Agreement, the term "Final Order" means an order of the Bankruptcy Court that has not been vacated, stayed, amended, reversed or modified and that is no longer subject to any further appeals, either because the time to appeal has expired without an appeal being filed, or because it has been affirmed by any and all courts with jurisdiction to consider any appeal therefrom; <u>provided</u>, <u>however</u>, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Fed. R. Civ. P. 59 or 60 or any similar local rule may be filed with respect to such order.  In the event that the Settlement Order does not become a Final Order: (a) this Agreement and the recitals contained herein shall be without force or effect, and neither the Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (b) neither the Settlement Motion nor any of the pleadings filed in support thereof shall be admissible in any proceeding involving the Parties; and (c) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

5.    **The Allowed Class Claim.**

(a)    Upon the Effective Date, the Class shall be awarded an allowed unsecured claim pursuant to 11 U.S.C. §§ 507(a)(4) and (5) in the amount of Six Hundred Twenty-Five Thousand Dollars and No Cents ($625,000) against the estate ("<u>Allowed Class Claim</u>").  The Allowed Class Claim shall be satisfied in full by a payment from the estate in the amount of Six Hundred Twenty-Five Thousand Dollars and No Cents ($625,000) ("<u>Settlement Payment</u>") to be distributed in accordance with the terms set forth below within ten (10) days following the Effective Date, unless otherwise agreed by the Parties.  All distributions made by the Debtors on account of the Allowed Class Claim shall be referred to herein as the "<u>Class Claim Distributions</u>" and the Settlement Payment to be distributed pursuant to this Agreement shall be referred to herein as the "<u>Settlement Fund</u>."

(b)    The Allowed Class Claim shall be allowed against the estate in favor of the Class in full and total satisfaction of all actual and potential claims of all Class Members for any and all claims, asserted or assertible, arising out of or related to the allegations asserted in the Complaint with the estate Released Parties (defined below).  All amounts to be paid to the Class Representative, Class Counsel's Fees and Class Counsel's Expenses,[1] and the Class Members' share of applicable taxes shall be paid solely from the Settlement Fund.  For the avoidance of any doubt, the estate shall be responsible for the payment of the employer's share of applicable taxes and those administrative costs of the settlement set forth in Section 6(a) of this Agreement, which are the <u>only</u> payments of the estate under this Settlement that shall not be paid from the Settlement Fund on account of the Allowed Class Claim.

(c)    The Settlement Order will provide that all other proofs of claim filed in the Case by Class Members or filed on their behalf for any and all claims, asserted or assertible, arising

---

[1]  The terms Class Representative Service Payments, Class Counsel's Fees and Class Counsel's Expenses are defined in Section 7(c) and 7(b) below, respectively.

-3-

out of or related to the allegations asserted in the Complaint are disallowed, including, but not limited to any proofs of claim.

(d)       Notwithstanding anything to the contrary in this Agreement, the Debtors will retain their right to object to (i) any claims not covered by this Agreement, if any, of any Class Member and (ii) the claims of any Class Member that elects to opt-out of the Settlement.

6.       **Responsibilities of Class Counsel.**  Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members (the "Class Notices").  The address of Class Counsel will be used as the return address for the Class Notices and Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement. Subject to Debtors review and approval, Class Counsel shall be responsible for calculating the allocation of each Class Member's net share of the Allowed Class Claim as set forth in Paragraph 7(d) below and shall provide such allocation to the Debtors such that checks can be prepared and payments can be made to the Class as set forth in Section 7 below.

7.       **The Allocation of the Settlement Fund and Disbursement of the Net Settlement Fund to Class Members.**

(a)       _Disbursement of Settlement Fund Payments_. Debtors, their estates or any disbursing agent of Debtors confirmed by the Bankruptcy Court (collectively, the "Disbursing Agent") shall be responsible for the preparation and mailing of the individual settlement checks (each check, a "WARN Claim Distribution") to Class Members, along with the check containing the Class Representative Service Payment, and the preparation of all tax forms required in connection with this Settlement, in each case, in accordance herewith and with any other orders of the Bankruptcy Court and shall bear the expense for the preparation and mailing of such settlement checks and tax forms, including any settlement checks relating to distributions of Residual Funds.

(b)       _Class Counsel's Fees and Class Counsel's Expenses_**.**  The Parties agree that Class Counsel will seek approval from the Court for the payment of attorneys' fees ("Class Counsel's Fees") in the amount of one-third (1/3) of the Settlement Fund, net of (a) litigation expenses (including costs associated with the production and mailing of the Class Notices) not to exceed $2,500 ("Class Counsel's Expenses"), and (b) $5,000 for a Class Representative Service Payment (defined below).  Class Counsel's Fees and Class Counsel's Expenses will be distributed to Class Counsel, according to instructions to be supplied by Class Counsel, and shall be payment in full for Class Counsel's work and expenses in connection with this matter.  For the avoidance of doubt, the Parties agree that Class Counsel's Fees and Class Counsel's Expenses shall be payable solely  from the Settlement Payment funds and from no other source.

(c)       _Service Payments to the Class Representative_.  The Class Representative shall receive a one-time payment of five thousand dollars ($5,000.00) as compensation for her service in this matter (the "Class Representative Service Payment").  The Disbursing Agent shall distribute this payment to the Class Representative in addition to her individualized WARN Claim Distribution and no portion of any Class Counsel's Fees shall be deducted from the Class Representative Service Payment. The Class Representative Service Payment shall be characterized as non-employee compensation to the Class Representative and shall be reported to any applicable

-4-

taxing authorities on behalf of the Class Representative on a Form 1099 issued to the Class Representative with her taxpayer identification number.

(d)     Allocation of the Settlement Fund to Class Members.  The WARN Claim (after being first reduced by five thousand dollars ($5,000.00) on account of the Class Representative Service Payment (defined herein), Class Counsel's Fees, and Class Counsel's Expenses (including Class Notice costs))  shall be allocated to each Class Member so that each individual's WARN Claim Distribution is made on a pro rata basis based on the relationship that such Class Member's potential damages under the WARN Acts bear to the aggregate potential damages of all Class Members under the WARN Acts and shall be made directly to Class Members.  Prior to calculating each Class Member's pro rata share of the Settlement Fund, each Class Member's damages shall be reduced by the number of days the Class Member continued to work, if any, after February 15, 2019.  Prior to calculating each Class Member's pro rata share of the Settlement Fund, each Class Member's damages shall be reduced by the number of days the Class Member continued to work, if any, after February 15, 2019.  Prior to calculating each Class Member's pro rata share of the Settlement Fund, each Class Member's damages shall be reduced by the number of days the Class Member continued to work, if any, after February 15, 2019.  Prior to calculating each Class Member's pro rata share of the Settlement Fund, each Class Member's damages shall be reduced by the number of days the Class Member continued to work, if any, after February 15, 2019.  Prior to calculating each Class Member's pro rata share of the Settlement Fund, each Class Member's damages shall be reduced by the number of days the Class Member continued to work, if any, after February 15, 2019.  The Debtors shall be responsible for paying all applicable federal and state income taxes, including, without limitation, Federal Insurance Contribution Act ("FICA") taxes associated with the distributions to Class Members receiving payments under this Agreement ("Payroll Taxes").  The Debtors shall determine the amount of any Payroll Taxes that will become due and owing and shall be withheld. All such Payroll Taxes shall be paid promptly to the appropriate taxing authorities. The Debtors shall be responsible for determining required withholdings, fulfilling reporting requirements, including federal and state payroll tax returns, the issuance of Forms W-2 and other required federal and state tax forms, and related matters.  For the purpose of calculating applicable taxes, the Parties agree that one hundred percent (100%) of the amounts actually paid to the Class Members after deducting Class Counsel's attorneys' fees and expenses, and the Class Representative's Service Payment, but before deducting Employee Taxes, shall constitute wages reportable on Internal Revenue Service ("IRS") Form W-2.

(e)     Representation as to Debtors' Books and Records.  Debtors represent that, to the best of their knowledge, information and belief, the information provided to Class Counsel accurately reflects the contents of the Debtors' books and records as to each Class Member as follows: (i) the last known mailing address at the time of termination (unless the employer has provided a change of address to Debtors;) (ii) the amount of pay that would have been owed for the sixty days following the date of termination of employment, or their final rate of pay; and (iii) the date such Class Member was terminated.

(f)     Settlement Checks.  Following a WARN Claim Distribution, the Disbursing Agent shall provide Class Counsel no less frequently than monthly with the names of those Class Members whose settlement checks have been (i) returned as undeliverable, or (ii) remain uncashed or unnegotiated.  Upon Class Counsel's written notice of a Class Member's updated correct

-5-

address for any returned settlement checks, the Disbursing Agent shall, within five days of receipt of said notice from Class Counsel, mail the returned settlement check to the Class Member at such corrected address.  Upon Class Counsel's written notice of a Class Member's need for a "stop payment" on their settlement check and reissuance, the Disbursing Agent shall, within five business days of receipt of said notice from Class Counsel, stop payment on the settlement check and reissue it, as requested.  Any WARN Claim Distributions which are not deposited, endorsed or negotiated within ninety days (90) days of their date of issuance, and are not the subject of any notice from Class Counsel described in this Section, shall be deemed residual funds (the "Residual Funds") on the 91st day following the date of such distribution.  Residual Funds will be distributed in a supplemental distribution to any Omitted Class Members that have yet to receive a WARN Distribution under this Agreement. If no such Omitted Class Members exists, then such Residual Funds shall be donated to Workplace Fairness, a non-profit organization dedicated to employee rights.  No portion of the Residual Funds shall revert to or be retained by the Disbursing Agent or Class Counsel for any reason.

8.    **The Class Notice.** As noted above, Class Counsel shall bear the responsibility of the preparation of the Class Notices.  Class Counsel's address will be used as the return address for the Class Notices so that any returned Class Notices will be returned to Class Counsel.  Class Counsel shall mail the Class Notices by first class mail to the Class Members on Exhibit A no later than three (3) days after preliminary approval of this Settlement by the Bankruptcy Court.  In the event that a Class Notice is returned as undeliverable, Class Counsel shall mail the Class Notice to the corrected address of the intended Class Member recipient as may be determined by Class Counsel through a search of a national database or as may otherwise be obtained by the Parties.

9.    **Contents of the Class Notice**.  The Class Notice shall contain the following information, which shall be individualized for each Class Member:

- That each Class Member has the right to opt out of the Class and preserve all of his/her rights against Debtors' bankruptcy estates, if any, including the Released Claims (as defined in Section 12 below) (all such Class Members timely electing to opt out of the Class, the "Opt-Outs");

- That the Settlement shall become effective only if it is finally approved by the Bankruptcy Court under Rules 7023 and Rule 9019 of the Bankruptcy Rules;

- That, if so approved, the Settlement shall be effective as to all Class Members who did not timely elect to opt out of the Class;

- That such Class Member who does not opt out has the right to object to this Settlement either in person or through counsel and be heard at the Fairness Hearing; and

- That all Released Claims of a Class Member (other than those claims to be paid under the terms of this Settlement) shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

-6-

10.    **Objection to Settlement Procedures**.  At or before such time as may be fixed by the Bankruptcy Court for final approval of this Settlement at the Fairness Hearing, a Class Member may object to this Settlement by sending timely written notice of such objection (a "Notice of Objection") to Class Counsel or counsel to the Debtors and at the addresses set forth in Section 27 below and by filing such Notice of Objection with the Bankruptcy Court.  Such objection shall clearly specify the relief sought and the grounds for such relief.

(a)    To be effective, the Notice of Objection must be received by the date fixed by the Bankruptcy Court.  Class Counsel shall provide the Debtors with copies of each Notice of Objection received from Class Members within one (1) business day following receipt thereof.

(b)    Any Class Member whose objection has not been withdrawn or resolved prior to the Fairness Hearing and has been sustained by the Bankruptcy Court shall not have an allowed claim against the estates by reason of this Agreement and shall retain his or her rights against the estates, if any.  Debtors reserve all rights against any Class Member who is excluded from this Settlement including the right to assert that such Class Member did not file a timely proof of claim in the Case.

(c)    Notwithstanding anything to the contrary in this Settlement, nothing contained herein shall release or impair the rights and claims, if any, of any Class Member who does not participate in this Settlement, nor shall anything contained herein affect the defenses and offsets that Debtors, their estates, their respective subsidiaries, their respective affiliates, any successors or assigns thereto, or any of the present or former officers, directors, employees, agents, attorneys, consultants, stockholders or members of any thereof may have against any such rights or claims.

11.    **Right of Employee to Opt Out of Class**.

(a)    By no later than the date fixed by the Bankruptcy Court for the filing of the Notice of Objection, any Class Member may opt out of the Class by mailing to Class Counsel the completed and executed Opt-Out Form, contained in the Class Notice, attached as Exhibit B hereto.  To be effective, the Opt-Out Form must be received no later than the date fixed by the Bankruptcy Court.  Upon the timely and proper mailing of the Opt-Out Form to Class Counsel, such Class Member shall be classified as an Opt-Out.  Class Counsel shall provide Debtors with copies of Opt-Out Forms received from Class Members within one (1) business day following receipt thereof.

(b)    If a Class Member does not wish to be bound by this Settlement, such Class Member must opt out of the Class by timely returning a completed and executed Opt-Out Form to Class Counsel. Otherwise, if and when the Settlement becomes effective, all Class Members shall be bound by the terms of this Settlement.

(c)    Any Class Member that elects to opt-out shall not have an allowed claim against the Debtors' bankruptcy estates by reason of this Agreement and shall retain his or her rights against the Debtors' bankruptcy estates, if any.  The Debtors reserve all rights against any Class Member who opts-out, including the right to assert that such Class Member did not file a timely proof of claim in the Debtors' Chapter 11 Case.

-7-

(d)    Notwithstanding anything to the contrary in this Settlement, nothing contained herein shall release or impair the rights and claims, if any, of any Opt-Out, nor shall anything contained herein affect the defenses and offsets that the Debtors, their estates, their respective subsidiaries, their respective affiliates, any successors or assigns thereto, or any of the present or former officers, directors, employees, agents, attorneys, consultants, stockholders or members of any thereof may have against any such rights or claims.

12.    **The Waiver and Release of any Released Claims by All Class Members if the Settlement Becomes Effective.**

(a)    <u>Released Claims of Class Members</u>.  Except for the rights arising out of, provided for, or reserved in this Agreement, upon receiving and accepting their individual WARN Claim Distribution made pursuant to this Agreement , such Class Members (except for any Class Members who have opted out of this Agreement), for and on behalf of themselves, and their respective predecessors, successors, assigns, heirs, personal representatives and estates (collectively, the "<u>Releasing Parties</u>"), do hereby fully and forever release and discharge the Debtors' bankruptcy estates and the Debtors' current and former shareholders, directors, employees, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "<u>Released Parties</u>"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Acts or similar state laws or back or severance pay or benefits under any federal, state or local law or regulation arising out of the termination of the Class Members' employment by the Debtors, including, but not limited to: (i) all claims asserted or that could have been asserted in the WARN Action; (ii) a proof of claim  under the WARN Act or similar state law filed by or on behalf of Class Members; and (iii) any other claims for back or severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation (collectively the "<u>Released Claims</u>"); provided, however, that the following claims and/or rights shall not constitute Released Claims: (a) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of  a beneficiary or dependent of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985; and (b) rights, if any, unrelated to Class Members' WARN claims, under the Debtor' 401(k) plans.  The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.  On the Effective Date and upon receipt of the WARN Claim Distribution in accordance with this Settlement, the Class Members agree that any claims that have been scheduled on behalf of, or filed by, the Class Representatives or the Class Members in the Debtors' Chapter 11 Cases, on account of any alleged violation of the WARN Acts or severance pay or benefits under any federal, state or local law or regulation, including, without limitation, the individual WARN claims, are disallowed in their entirety and shall be deemed expunged without any further order from the Bankruptcy Court. In addition, each Releasing Party shall be deemed upon accepting their WARN Claim Distribution to have released the Class Representative from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable,

-8-

known or unknown that he or she may have against the Class Representative, any successors or assignees to their legal interests, or any of their present or former agents, attorneys or consultants arising out of any Released Claim or the terms of this Settlement.

(b)    Dismissal of WARN Act Litigation.    Dismissal with prejudice of the WARN Action shall be executed in a form agreeable to the Parties (the "Dismissal").    Class Counsel shall file the Dismissal with the Bankruptcy Court within fourteen (14) days following final disbursement of funds in accordance with this Settlement.    Dismissal of the WARN Action shall not abate or limit the effectiveness of the Final Settlement Order, including the releases set forth herein and the terms and conditions of this Settlement.

13.    **No Litigation.**    Except as may be necessary to enforce the terms of this Settlement, the Debtors, the Class Representative, Class Counsel, the Releasing Parties and any other person who accepts payment hereunder agree that she or he shall not commence or proceed with any action, claim, suit, proceeding or litigation on the Released Claims or take any action inconsistent with the terms of the Settlement.

14.    **Representations and Warranties.**    Each Party represents and warrants that upon Bankruptcy Court approval of this Settlement, it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

15.    **Further Assurances.**    The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

16.    **Binding on Successors, Assigns, and Others**.    This Settlement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, transferees, assigns, heirs and estates.

17.    **Document Preparation**.    The Parties shall jointly be deemed to be the drafters of this Agreement; the rule that any ambiguity in a contract shall be construed against the drafter of the contract shall not apply to this Agreement.

18.    **No Third-Party Beneficiaries**.    This Agreement does not constitute a contract for the benefit of any third party, other than the Class Representative and the Class Members in relation to the provisions of this Agreement.    This Agreement shall not inure to the benefit of any third-party purchasers who purport to obtain claims of the Class Representative or the Class Members through assignment, transfer or otherwise. Absent an order from the Court, neither Class Counsel nor the Debtors, shall be under any obligation to distribute payments from the Settlement Fund or otherwise, except to the Class Representative and the Class Members themselves in accordance with this Agreement.

19.    **Governing Law and Retention of Jurisdiction**.    This Agreement shall be governed by the laws of the United States of America as to matters of federal law and otherwise by the laws of the State of New Jersey. With respect to matters governed by New Jersey law, this Agreement shall be construed and interpreted in accordance with its laws, notwithstanding its

2760824.4 115719-100281

conflict of law principles or any other rule, regulation or principle that would result in the application of any other state's law.  Furthermore, the Parties agree that the Bankruptcy Court shall retain exclusive jurisdiction over all matters relating to this Agreement.

20. **Entire Agreement**.  This Agreement constitutes the entire agreement and understanding between the Parties with regard to all matters addressed in this Agreement.  This Agreement supersedes and replaces all prior commitments, negotiations, and all agreements proposed or otherwise, if any, whether written or oral, concerning the subject matters contained in this Agreement.  The Parties expressly acknowledge that they have not relied on any prior or contemporaneous oral or written representations or statements by another Party in connection with the subject matter of this Agreement, except as expressly set forth herein.

21. **Modification**.  This Agreement may only be modified by a writing signed by all Parties.

22. **Waiver**.  No waiver of any right, obligation, or duty imposed by or under this Agreement will be effective unless such waiver is reflected in a writing duly executed by all Parties hereto.  No waiver will be effective based on conduct or oral statements.  Waiver by any Party of any breach of this Agreement will not be a waiver by such Party of any other breach of this Agreement.

23. **Time**.  Time shall be of the essence as to all dates and time periods specified in this Agreement.

24. **Fees and Costs Previously Incurred**.  The Parties will each be responsible for their own attorneys, experts and consultants' fees, costs and expenses incurred in connection with the negotiating, drafting, editing and finalizing of this Agreement.

25. **Further Assurances**.  The Parties will cooperate fully and execute all supplementary documents and take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

26. **Severability**.  In the event that any one or more provisions contained in this Agreement will, for any reason, be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability will not affect the enforceability, construction and/or interpretation of any other provision contained in this Agreement, and this Agreement will be construed as if the provision deemed invalid, illegal or unenforceable had never been contained herein.

27. **Notices**.  Any notice or other communication required or permitted to be delivered under this Settlement between Class Counsel, Debtors or from any Class Member to the Class Counsel, Debtors and/or the Bankruptcy Court shall be (i) in writing, (ii) delivered personally, by courier service or by certified or registered mail, first-class postage prepaid and return receipt requested, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Bankruptcy Court):

-10-

***If to the Debtors:***

Karen Giannelli, Esq.
Mark Conlan, Esq.
Gibbons P.C.
One Gateway Center
1145 Raymond Plaza West
Newark, NJ  07102-5310
KGiannelli@gibbonslaw.com
MConlan@gibbonslaw.com

Jeffrey L. Nagel, Esq.
Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
Jnagel@gibbonslaw.com

and

Vincent J. Colistra
Phoenix Management Services
110 Commons Court
Chadds Ford, PA 19317
vcollistra@phoenixmanagement.com

***If to Class Members or Class Counsel, to:***

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York  10017
jar @outtengolden.com
rsr@outtengolden.com

28.     **Continuing Jurisdiction of Bankruptcy Court**.  The Bankruptcy Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

29.     **Execution in Counterparts; Facsimile; Signatures**.  This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

30.     **Headings**.  The headings of this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation.  Where appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

-11-

31.    **Cooperation**.  The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement; provided that nothing herein shall require the Debtors to breach any commitments that they may have to any other person or entity, including the purchaser of their assets and any secured lenders.

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the date first written above.

Vincent J. Collistra, not personally, but on behalf of the estate of the Debtors New England Motor Freight, Inc., et al.

By: _____

Vincent J. Colistra
Chief Restructuring Officer

Outten & Golden LLP on behalf of the
Class Representative and Class Members

By: _____

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
Class Counsel

-12-

31.   **Cooperation**.  The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement; provided that nothing herein shall require the Debtors to breach any commitments that they may have to any other person or entity, including the purchaser of their assets and any secured lenders.


IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the date first written above.

Vincent J. Collistra, not personally, but on behalf of the estate of the Debtors New England Motor Freight, Inc., et al.

Outten & Golden LLP on behalf of the Class Representative and Class Members

By: _____

By: _____  11/4/19

    Vincent J. Colistra
Chief Restructuring Officer

    Jack A. Raisner, Esq.
René S. Roupinian, Esq.
Class Counsel

-12-

# EXHIBIT B

**OUTTEN & GOLDEN LLP**
Gail C. Lin, Esq.
Jack A. Raisner, Esq.
René S. Roupinian, Esq.
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  212-245-1000
Email:   gl@outtengolden.com
          jar@outtengolden.com
          rsr@outtengolden.com

*Attorneys for Plaintiffs and the putative class*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., et al.,[1]<br><br>        Debtors. | Chapter 11<br>Bankr. Case No. 19-12809-JKS |
| ALICE WATERS, and RICH RICHARDSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>NEW ENGLAND MOTOR FREIGHT, INC., et al.<br><br>        Defendants. | **Adv. Pro. No. 19-01163-JKS** |

**NOTICE TO CLASS OF (A) PROPOSED SETTLEMENT OF WARN CLASS ACTION;
(B) AWARD OF ATTORNEYS' FEES AND EXPENSES TO CLASS COUNSEL; (C)
DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED
SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND (D)
RIGHT TO OPT-OUT OR OBJECT TO THE SETTLEMENT AND CLASS COUNSEL'S
ATTORNEYS' FEES AND EXPENSES AND TO APPEAR AT COURT HEARING**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

## INTRODUCTION

There is currently pending in the United States Bankruptcy court for the District of New Jersey (the "Bankruptcy Court") the above-captioned adversary proceeding (the "WARN Action") brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c. 212, C.34:21-2 (collectively the "WARN Acts").  The Plaintiff, Alice Waters, on behalf of herself and all similarly situated former part-time employees of Debtors, and the Debtors have reached a proposed settlement of the WARN Action (the "Settlement") under which the benefits described below will be provided to the members of the Class.  The WARN claims set forth in the WARN Action were disputed by the Debtors. After extensive good-faith negotiations, the parties were able to reach the proposed Settlement, which all parties, including Class Counsel (defined below), believe is fair and reasonable under the circumstances.

This Notice constitutes notice to the Class of (a) the proposed Settlement of the WARN Action, (b) the award of attorneys' fees and expenses to Class Counsel (defined below); (c) the date of the hearing before the Bankruptcy Court for final approval of the proposed Settlement and award of Class Counsel's attorneys' fees and expenses, and (d) the right of each member of the Class to opt-out, object to, or comment on the Settlement and Class Counsel's attorneys' fees and expenses, and to appear at the hearing at which the Bankruptcy Court will consider final approval of the Settlement and Class Counsel's attorneys' fees and expenses.

## DESCRIPTION OF THE WARN ACTION

On or about April 9, 2019, the Class Representative filed with the Bankruptcy Court a class-action adversary complaint (the "Complaint") commencing the WARN Action against the Debtors on behalf of herself and on behalf of the Class Members, alleging that the Debtors violated the WARN Acts by ordering plant closings and/or mass layoffs on or about February 15, 2019 without providing sixty (60) days advance notice thereof.  The Class Representative has further asserted that, as a consequence of this alleged failure, the Class Members have a priority claim pursuant to § 507(a)(4) against the Debtors for damages for the alleged sixty (60) day violation period.  The WARN Action is entitled *Waters, et al. v. New England Motor Freight, Inc., et al.,* Adv. No. 19-01163-JKS (Bankr. D.N.J.).

All Parties recognize that the outcome of the WARN Action and the litigation related thereto (the "WARN Litigation") is uncertain.  The Parties also acknowledge that Debtors' bankruptcy estate has limited resources and that a recovery to Class Members and other creditors can best be maximized by resolving this matter in a consensual manner thereby avoiding extensive, costly and uncertain litigation. Accordingly, the Parties have engaged in significant good faith, arm's length negotiations and, as a result, the Parties entered into a final settlement and release of all demands, claims, damages, and causes of action  arising under the WARN Acts.

Debtors have identified approximately 435 former part-time employees, who constitute, to the best of Debtors' knowledge, information and belief, all of the individuals that are currently within the Class.

2

## THE PROPOSED SETTLEMENT

The following description of the proposed Settlement is only a summary. In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control. You may secure a copy of the complete Settlement from Class Counsel René S. Roupinian at the address shown below. The terms of the Settlement relevant to the Class Members may be summarized as follows:

Certification of the Class: The Parties have agreed to the certification of the Class, for settlement purposes only, pursuant to FED. R. CIV. P. 23 as made applicable to these proceedings by FED. R. BANKR. P. 7023 and 9014.  To the best of the Parties' knowledge, information, and belief, the former employees listed on Schedule 1 to the Settlement Agreement satisfy the criteria for class certification set forth above.  Jack A. Raisner and René S. Roupinian of the law firm of Outten & Golden LLP shall be appointed as Class Counsel for the Class Members.  Plaintiff Alice Waters shall be appointed as the Class Representative.

Settlement Amount:  Upon final approval by the Court, the Class shall be awarded an allowed unsecured claim in the amount of $625,000 against Debtors with the priority set forth in section 507(a)(4) of the Bankruptcy Code (the "WARN Priority Claim").  Class Members shall receive their pro rata share of the distributions made by the Debtors with respect to the WARN Claims, net of the Service Payment to the Class Representative (as defined below), Class Counsel's Fees and Class Counsel's Expenses (as defined below). Each Class Member's damages will be reduced by the number of days the Class Member continued to work, if any, after February 15, 2019.

Class Representative's Service Payment: The Class Representative shall receive $5,000 (the "Service Payment") for the services she provided to the Class in connection with the prosecution of the WARN Action.

Class Counsel's Fees and Class Counsel's Expenses.  Class Counsel shall be entitled to reimbursement of its expenses which shall not exceed $2,500.  After payment of the Service Payment and reimbursement of its expenses, Class Counsel shall receive one-third of the balance of the settlement funds as its attorneys' fees, which shall be payment in full for Class Counsel's work and expenses in connection with this matter.

Tax Treatment: The distributions made to individual Class Members, net of the Service Payments and Class Counsel's Fees and Expenses shall be characterized as employee compensation and shall be reported to applicable taxing authorities on a Form W-2 issued by the Debtors to such Class Member with his or her taxpayer identification number.

Residual Funds: Any WARN Claim Distributions which are not deposited, endorsed or negotiated within ninety days (90) days of their date of issuance, and are not the subject of any notice from Class Counsel described in this Section, shall be deemed residual funds (the "Residual Funds") on the 91st day following the date of such distribution. Residual Funds will be distributed in a supplemental distribution to any Omitted Class

3

Members that have yet to receive a WARN Distribution under this Agreement. If no such Omitted Class Members exists, then such Residual Funds shall be donated to Workplace Fairness, a non-profit organization dedicated to employee rights.  No portion of the Residual Funds shall revert to or be retained by the Disbursing Agent or Class Counsel for any reason.

<u>Release of Debtors/Class Representative:</u> Upon the Effective Date of the WARN Settlement Agreement (as defined in the agreement), the Class Members shall release the Debtors and Debtors' estates from any and all claims which relate to or are based on the WARN Acts or back or severance pay or benefits under any federal, state or local law or regulation arising out of the termination of employment by the Debtors as more fully set forth  under the terms of the WARN Settlement Agreement.

<u>Approval Requirement:</u>  The WARN Settlement Agreement shall become effective only if it is finally approved by the Bankruptcy Court.

### CLASS COUNSEL'S RECOMMENDATION

Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.

### TAX CONSEQUENCES OF THE SETTLEMENT PAYMENTS

All Class Members who receive a disbursement pursuant to this Settlement will receive an IRS Form W-2 with their settlement payment.

### RELEASE OF CLAIMS AND EFFECT OF APPROVAL OF THE SETTLEMENT

Upon receiving and accepting their individual WARN Claim Distribution made pursuant to the Settlement Agreement, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, and assigns, heirs, personal representatives and estates will release any and all claims which relate to the WARN Acts or back or severance pay or benefits under any federal, state or local law or regulation arising out of the termination of the Class Members' employment by Debtors, including, but not limited to: (i) all claims asserted or that could have been asserted in the WARN Actions (with the exception of the claims listed in the next paragraph); (ii) the individual WARN claims; and (iii) any other claims for back or severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation.

Not included in Released Claims are: (a) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependent of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985, if any; (b) rights, if any, unrelated to Class Members' WARN claims under the Debtors' 401(k) plans.

4

## HOW TO OBJECT

If you are satisfied with the proposed Settlement, you do NOT need to do anything and you will receive your share of the Settlement.

If, on the other hand, you believe that the proposed Settlement is unfair or inadequate, you may object to the Settlement and/or the attorneys' fees by mailing, via certified mail return receipt requested, a written statement as described below to the Clerk of the United States Bankruptcy Court for the District of New Jersey,  P.O. Box 1352, Newark, NJ 07101-1352, and by sending copies of that statement, also by certified mail return receipt requested, to: 1) René  S. Roupinian, Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017; and 2) Karen A. Giannelli, Gibbons P.C., One Gateway Center, Newark, New Jersey 07102.

Objections must be received and docketed by the Court no later than December 6, 2019 and must include the caption of the action (shown on the first page of this Notice), your name, address, and telephone number, together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement and the award of attorneys' fees and costs, as described above.

## HOW TO OPT-OUT

If you choose not to be bound by this Settlement Agreement and do not wish to share in any of the benefits described herein, you may opt-out of the Class by filling out the "Opt-Out Form," included herein and sign and mail that form to: OUTTEN & GOLDEN LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention: René S. Roupinian, Esq.  **The Opt-Out Form must be received by OUTTEN & GOLDEN LLP no later than December 12, 2019 (the "Opt-Out Deadline")**.  All requests for exclusion received after the Opt-Out Deadline will not be effective and such person will be a member of the Class.

## FINAL HEARING TO APPROVE SETTLEMENT
## AND AWARD OF ATTORNEYS' FEES AND COSTS

The hearing for final consideration and approval of the Settlement and the award of Class Counsel Fees and Class Counsel Expenses is scheduled to take place on December 13, 2019 at 10:00 a.m. before the Honorable John K. Sherwood, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of New Jersey, Hon. John K. Sherwood  50 Walnut Street, 3rd Floor Newark, N.J. 07102 Courtroom 3D. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Ms. Roupinian at the address shown above.

## OTHER INFORMATION

Any questions from members of the Class concerning this Notice or the Class Action should be directed to René S. Roupinian at the address shown above. All requests for more information, including a copy of the Settlement or the moving papers filed with the court in support

2762024.1 115719-100281

of the Settlement, should be sent by first-class mail to René S. Roupinian to the address indicated above or via email at rsr@outtengolden.com

      While the Court has approved the sending of this Notice the Court has not taken any position as to the respective claims or defenses asserted by the parties in the Class Action.

## **<u>PLEASE DO NOT WRITE TO OR CALL</u>**
## **<u>THE COURT CONCERNING THIS MATTER</u>**

2762024.1 115719-100281

**WATERS, ET AL. V. NEW ENGLAND MOTOR FREIGHT, INC., ET AL.**

**OPT-OUT FORM**

**If you DO NOT WISH to participate in this Action you must return this form, so that it is RECEIVED no later than December 12, 2019, to Class Counsel at the following address:**

Outten & Golden LLP

Attn: René S. Roupinian

685 Third Avenue, 25th Floor

New York, New York 10017

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **DO NOT** want to participate in the above WARN Act Class Litigation and **DO NOT** wish to receive any benefits from or be bound by the Settlement Agreement described herein.

NAME (printed) _____    SIGNATURE _____

ADDRESS: _____

CITY, STATE and ZIP CODE: _____

DATE: _____    TELEPHONE: _____

EMAIL ADDRESS: _____