## *Harmon, Linder & Rogowsky*

*Attorneys at Law*
3 Park Avenue, 23rd Floor
Suite 2300
New York, NY 10016
Tel. (212) 732-3665
Fax. (212) 732-1462

David Harmon, Esq. *
*(1917-2013)
Mark J. Linder, Esq.
Ira Rogowsky, Esq.
Lisa M. Turpin, Esq.
Thomas A. Graci, Esq.
Jennifer R. Snider, Esq.
Bret Myerson, Esq.
Michelle Jean-Jacques, Esq.
Eric Mausolf, Esq
Jordan Byrd, Esq.
Keith Mininson, Esq.
Brett I. Bloom, Esq.
Pawel Jankowski, Esq.

Thomas Mutone, Esq.
Jean Osnos, Esq.
Melissa Klafter, Esq.
Elisabeth Morgan, Esq.
Travis Frank, Esq.
N. Giannopoulos, Esq.
E. Hernandez, Esq.
Max Sverdlove, Esq.
Octavian Florescu, Esq.
Dwayne Crispell, Esq.
Ashley Cohen, Esq.
Rayne Sassower, Esq.
Frances Catapano, Esq.

November 12, 2019

Hon. John K. Sherwood
U.S. Bankruptcy Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ 07102

RE:   In re New England Motor Freight, Inc., et al.
      Case No. 19-12809 (JKS)
      Reply to Protective Insurance Company and the Official Committee of Unsecured Creditors' Opposition to Motion of Carlos Diaz to Amend Proof of Claim or, in the Alternative, to File a Late Proof of Claim
      Motion Returnable - November 21, 2019 at 10:00 a.m.

Dear Judge Sherwood:

This firm is counsel for Creditor, Carlos Diaz with respect to the above-referenced motion that is currently returnable before Your Honor on November 21, 2019.

Kindly accept this correspondence as a reply to the oppositions filed by Protective Insurance Company and the Official Committee of Unsecured Creditors.

Although a proof of claim was filed on behalf of Mr. Diaz by GEICO as his subrogee, that proof of claim did not account for the personal injury action that was commenced by Mr. Diaz with respect to the subject motor vehicle accident. That action was commenced in New York Supreme Court, Suffolk County, under Index No. 607793/2018 on April 23, 2018. *See* Summons and Verified

Hon. John K. Sherwood
November 12, 2019
In re New England Motor Freight, Inc., et al., Case No. 19-12809 (JKS)
Reply to Protective Insurance Company and the Official Committee of Unsecured Creditors

Complaint, **Exhibit "A"**[1]. Debtor, New England Motor Freight, Inc. ("NEMF") acknowledged that lawsuit on May 16, 2018 when it filed its Answer. *See* Answer, **Exhibit "B"**.

Pointedly, NEMF did not file the bankruptcy petition until on or around February 11, 2019, nine (9) months following joinder of NEMF to Mr. Diaz's personal injury action. NEMF, therefore, had actual knowledge of Mr. Diaz's claims prior to initiating the instant bankruptcy case.

In addition, since NEMF was aware of Mr. Diaz's personal injury action and GEICO filed a proof of claim for only the PIP recovery claim pursuant to N.J.S.A. 39:6A-9.1 (pertaining only to Mr. Diaz's medical bills that GEICO had tendered payment for) there is no surprise or prejudice to NEMF with respect to a request for inclusion of the claims made by Mr. Diaz in his personal injury action. Although Mr. Diaz's claims for his medical bills had been accounted for by GEICO's proof of claim, clearly, Mr. Diaz's claims, including but not limited to, pain and suffering, lost wages, and out of pocket expenses, among other things, were not included in GEICO's filing. Since Mr. Diaz's action is still pending, and initial discovery has not yet been completed, it is premature to place a predetermined value as to all of Mr. Diaz's claims. If this Court would like counsel for Mr. Diaz to present a settlement demand at this time, we are willing to do so, but this amount could change significantly following the completion of discovery.

Undoubtedly, a proof of claim was made with respect to Mr. Diaz's motor vehicle accident. However, clearly, not all aspects of his claims arising out of that motor vehicle accident were accounted for. Since a personal injury action was pending at the time NEMF filed its bankruptcy petition, there should have been no surprise that Mr. Diaz would request that all of his claims be accounted for, especially since NEMF had been advised that Mr. Diaz had underwent a multi-level

---

[1] All exhibits referenced herein are annexed to Mr. Diaz's moving papers, unless otherwise noted.

2

Hon. John K. Sherwood
November 12, 2019
In re New England Motor Freight, Inc., et al., Case No. 19-12809 (JKS)
Reply to Protective Insurance Company and the Official Committee of Unsecured Creditors

cervical discectomy and decompression, which has a value that far exceeds the mere $26,066.09 claim made by GEICO as his subrogee. *See* Moving papers at Declaration ¶ 7.

Further, although counsel for Mr. Diaz acknowledges that allegedly a notice of the claims bar date was sent to their office, to this date, counsel has not received the notice that was purportedly mailed to them and counsel has not provided any proof that Harmon, Linder & Rogowsky, Esqs. actually received it. Pointedly, that notice was sent via first class mail without a tracking number. As noted in paragraph 14 of movant's declaration, Mr. Diaz's counsel only learned of the Bar Date Order on August 9, 2019, after the deadline had already passed. Moreover, GEICO did not communicate to Mr. Diaz's counsel that it had filed a proof of claim for the PIP recovery. This firm did not learn about GEICO's proof of claim, nor receive a copy of it, until after August 9, 2019 when counsel requested a copy from GEICO directly.

Counsel for Protective Insurance Company ("Protective"), however, misconstrues that GEICO's filing of a Proof of Claim is indicative of Mr. Diaz's or Harmon, Linder & Rogowsky, Esqs.' knowledge as to the Bar Date Order. GEICO never communicated with Mr. Diaz's counsel and had no reason to do so since GEICO, nor its counsel, are involved in defending Mr. Diaz's personal injury lawsuit.

Additionally, Protective's counsel further misconstrues that counsel from Harmon, Linder & Rogowsky, Esqs. interacted with other attorneys who were monitoring the NEMF bankruptcy case prior to August 9, 2019. Although this firm did assign several matters to be handled by Block, O'Toole & Murphy, it did not interact with Mr. Lazerowitz with respect to the bankruptcy matters until after it learned on August 9, 2019 that Mr. Diaz's case had been rejected by Block, O'Toole & Murphy. *See* Moving papers at Declaration ¶¶ 12-14.

Creditor, Carlos Diaz should not be penalized for not receiving the Notice of Bar Dates and,

3

Hon. John K. Sherwood
November 12, 2019
In re New England Motor Freight, Inc., et al., Case No. 19-12809 (JKS)
Reply to Protective Insurance Company and the Official Committee of Unsecured Creditors

---

therefore, failing to file a full and complete Proof of Claim. As noted by the United States Supreme Court a party "act[s] reasonably in waiting" to receive notice before filing its claim, and, therefore, should be allowed to file a late claim. *See City of New York v. New York, New Haven & Hartford R.R.*, 344 U.S. 293, 297 (1953). Further, this Court has already noted that it is too burdensome for a creditor to continually inquire into all possible court orders. *See Dollinger v. Poskanzer*, 146 B.R. 125 (U.S.D.C. N.J. 1992) (quoting *City of New York*, 344 U.S. at 297). *See also In re Harbor Tank Storage Co.*, 385 F.2d 111, 115-116 (3rd Circuit 1967).

Lastly, it should be noted that Mr. Diaz is only seeking to obtain compensation within the limits of Debtor's insurance policy and, therefore, the Debtor's estate is protected. There should, therefore, be no prejudice to Protective Insurance Company or to any of the other unsecured creditors.

For the foregoing reasons, Creditor, Carlos Diaz respectfully requests that this Court grant the instant Motion for an Order granting him leave to amend his Proof of Claim, or, in the alternative, to file a late Proof of Claim, and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

**HARMON, LINDER & ROGOWSKY, ESQS.**

By: _____
David Eisbrouch, Esq., Of Counsel
*Attorneys for Creditor, Carlos Diaz*
3 Park Avenue, Suite 2300
New York, New York 100016
(212) 732-3665

4

**Fill in this information to identify the case:**

Debtor 1: New England Motor Freight, Inc.

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of New Jersey

Case number: 19-12809



Official Form 410

## Proof of Claim — Proposed

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Carlos Diaz
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Harmon, Linder & Rogowsky, Esqs.
Name
3 Park Avenue, Suite 2300
Number    Street
New York    NY    10016
City    State    ZIP Code

Contact phone (212) 732-3665

Contact email _____

Where should payments to the creditor be sent? (if different)
_____
Name
_____
Number    Street
_____
City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____
                                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. | How much is the claim? | $ _premature_ _litigation is in_ _discovery phase_ _see attached complaint_. Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Personal Injury |
| 9. | Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                        $_____<br>Amount of the claim that is secured:       $_____<br><br>Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____<br><br>Annual Interest Rate (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. | Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Mark J. Linder | | |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Harmon, Linder & Rogowsky, Esqs. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 3 Park Avenue, Suite 2300 | | |
| | Number     Street | | |
| | New York | NY | 10016 |
| | City | State | ZIP Code |
| Contact phone | (212) 732-3665 | Email | |

Case 19-12809-JKS    Doc 1009    Filed 11/15/19    Entered 11/15/19 17:06:55    Desc Main
Document      Page 8 of 16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X
CARLOS DIAZ,

          Plaintiff,

   -against-              **VERIFIED COMPLAINT**

NEW ENGLAND MOTOR FREIGHT, INC. and
ANTONIO APRILE,

          Defendants,
-------------------------------------------------------------X

  Plaintiff, complaining of the defendants herein by his attorneys, HARMON, LINDER & ROGOWSKY, ESQS., respectfully set forth and allege, as follows:

### AS FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

1. Pursuant to section 503 of CPLR, venue is proper in the county of Suffolk as such county is where defendant NEW ENGLAND MOTOR FREIGHT, INC. resides and holds its principal place of business.

2. Upon information and belief, that at all times herein mentioned, defendant NEW ENGLAND MOTOR FREIGHT, INC. was a foreign business corporation existing by virtue of the laws of, and authorized to conduct business in, the State of New York.

3. Upon information and belief, that at all times herein mentioned, defendant NEW ENGLAND MOTOR FREIGHT, INC. was the owner of a motor vehicle bearing registration number AR439A, State of New Jersey.

4. Upon information and belief, that at all times herein mentioned, defendant ANTONIO APRILE was the operator of a motor vehicle bearing registration number AR439A, State of New Jersey.

5. Upon information and belief, that at all times herein mentioned, ANTONIO APRILE was in physical charge, operation, management and control of the aforesaid vehicle owned by the defendant NEW ENGLAND MOTOR FREIGHT, INC. with the knowledge, consent, and permission, either express or implied of the defendant owner thereof.

6. Upon information and belief, that at all times herein mentioned, plaintiff CARLOS DIAZ was the operator of a motor vehicle bearing registration number L35GG, State of New Jersey.

7. That on the 5th day of April 2017, at approximately 6:13 P.M., the aforesaid vehicles came into contact with each other near mile post 3.40 on the "New Jersey Tpke. HEW" (W/B), Jersey City, County of Hudson Valley, State of New Jersey.

8. The defendants so carelessly and negligently operated the aforesaid vehicle so as to cause the aforesaid contact.

9. That as a result of the foregoing, this plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief, will be compelled to do so in the future.

10. That the aforesaid occurrence and injuries sustained by this plaintiff were caused by the

negligence of the defendants and not by any act or omission on the part of this plaintiff contributing thereto.

11. That this plaintiff has sustained a serious injury as the same defined in Subdivision "d" of Section 5102 of the Insurance Law of the State of New York.

12. This action falls within one or more of the exceptions set forth in CPLR section 1602.

13. That by reason of the foregoing, plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants on his First Cause of Action for a sum of money having a present value that exceeds the monetary limits of all lower Courts which would otherwise have jurisdiction of this matter., with costs and disbursements.

Dated: New York New York
April 19, 2018

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiffs
3 Park Avenue Suite 2300
New York, New York 10016
Phone (212) 732-3665
Fax (212) 732-1462
MJL/JC

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for plaintiff.

I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following: Interviews and/or discussions with the plaintiff(s) and papers and/or documents in the file.

The reasons I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:    New York, New York
          April 21, 2018

                                                    _____
                                                    Mark J. Linder Esq.

Index No.                                                                  Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **SUFFOLK**

---

CARLOS DIAZ,

                                                                                                       Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC. and ANTONIO APRILE,

                                                                         Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

**HARMON, LINDER & ROGOSWKY, ESQS.**
Attorney for Plaintiff(s)
**3 Park Avenue, 23rd Floor
Suite 2300
New York, NY 10016
(212) 732-3665 Phone
(212) 732-1462 Facsimile**

---

To:
Attorney(s) for Defendant

---

Service of a copy of the within Summons and Complaint is hereby admitted.
**Dated:**

                                                                       Attorney(s) for

---

PLEASE TAKE NOTICE
☐ Notice of Entry   that the within is a (certified) true copy of a
                                entered in the office of the clerk of the within named Court on
☐ Notice of Settlement
                                that an order of which the within is a true copy will be presented for settlement to the
                                Hon._____, one of the judges of the within named Court, at _____,
                                on _____.

Dated:

                                                                         Yours, etc.
                                                                         Harmon, Linder & Rogowsky, Esqs.
                                                                         *Attorneys for Plaintiff*
                                                                         3 Park Avenue, Suite 2300
                                                                         New York, NY 10016
                                                                         (212) 732-3665

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

      I, the undersigned, am an attorney admitted you practice in the courts of New York State, and say that:

      I am the attorney of record or of counsel with the attorney (s) of record for plaintiff.

I have read the annexed **NOTICE OF MOTION** and know the contents thereof and the same are true my knowledge, except those matters therein which are stated to be alleged on information and belief. My belief, as to those matters therein not stated upon knowledge is based upon the following:

      Interviews and/or discussions with the plaintiff (s) and papers and/or documents in the file.

      The reason I mike this affirmation instead of the plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated : New York, NY
       November 14, 2019

                                                              Mark J. Linder, Esq.

**STATE OF NEW YORK, COUNTY OF NEW YORK    ss:**

| | |
|---|---|
| *Mireille Jacques* | being sworn says: I am not a party to the action, am over 18 years of age and resides at **BROOKLYN, NY** |
| On **November 14, 2019** | I served a true copy of the annexed **NOTICE OF MOTION** in the following manner |
| __xxxx__<br>Service Postal | by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U. S. Service of the address of the addressee (s) by mail as indicated below: |
| _____<br>Personal Service | by delivering the same personally to the persons and at the addresses indicated below: |

**<u>MAILING BY : UPS NEXT DAY DELIVERY</u>**

TO:    LOWENSTEIN SANDLER, LLP
/s/ Joseph J. DiPasquale
Mary E. Seymour, Esq.
Joseph J. Dipasquale, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Phone #: 973-597-2500

ELLIOTT GREENLEAF, P. C.
Rafael X. Zahralddin-Aravena, Esq.
Jonathan M. Stemerman, Esq.
1105 Market Street, Suite 1700
Wilmington, DE 19801
Phone #: 302-384-9400

TURNER LAW FIRM, LLC
76 South Orange Avenue
P. O. Box 526
South Orange, NJ 07079

_____
Mireille Jacques

Sworn to before me on: **November 14, 2019**

NASER LEWIS
Notary Public, State of New York
No. 01LE6074224
Qualified in Nassau County
Commission Expires May 13, 2022