**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Order Filed on November 14, 2019 by Clerk U.S. Bankruptcy Court District of New Jersey

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Joint Administration Requested)<br><br>Hearing Date: November 12, 2019, at 10:00 a.m. |

**ORDER (I) APPROVING ON AN INTERIM BASIS THE ADEQUACY OF DISCLOSURES IN THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT, (II) SCHEDULING THE CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS, (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT, AND APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGE, AND (IV) APPROVING NOTICE PROVISIONS**

The relief set forth on the following pages, numbered two (2) through and including fourteen (14), is hereby **ORDERED**:

**DATED: November 14, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

35986/2
11/12/2019 203567298.1

2761831.3 115719-100281

Page:     2
Debtor:   New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

This matter is before the Court upon the motion (the "Motion") [Dkt. Nos. 934 and 987 (amended exhibits)] of the above-captioned debtors-in-possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, collectively, the "Plan Proponents") in these chapter 11 cases (the "Chapter 11 Cases") requesting entry of an order (a) approving, on an interim basis and final basis, the adequacy of the *Joint Combined Plan of Liquidation and Disclosure Statement* (as may be amended, modified, or supplemented, the "Joint Combined Plan and Disclosure Statement," the "Disclosure Statement," or the "Plan") filed on October 21, 2019;[2] (b) establishing procedures for the solicitation (the "Solicitation Procedures") and tabulation (the "Tabulation Procedures") of votes to accept or reject the Plan, including the forms of the Ballot and solicitation materials; and approving the form and manner of notice thereof; (c) scheduling a combined hearing to consider final approval of the adequacy of the disclosures contained in the Joint Combined Plan and Disclosure Statement and confirmation of the Plan, establishing the deadline to object to the Plan, and approving the Plan Proponents' notice of the Confirmation Hearing; and (d) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the

___

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, or the Plan, as applicable. An *Amended Joint Combined Plan of Liquidation and Disclosure Statement* was filed on November 8, 2019, and a *Second Amended Joint Combined Plan of Liquidation and Disclosure Statement* was filed on November 12, 2019.

-2-

2761831.3 115719-100281

Page: 3
Debtor: New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption: Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED, that:**[3]

1. The Motion is hereby **GRANTED** and any and all objections to the Motion not otherwise resolved or withdrawn are hereby overruled.

2. The period during which the Plan Proponents may solicit votes to accept the Plan—as set forth below—is a reasonable amount of time so as to provide Holders of Claims who are entitled to vote with sufficient time to make an informed decision to accept or reject the Plan.

3. The procedures set forth below regarding the Confirmation Hearing Notice and other notices to be provided to parties in interest comply with the Bankruptcy Rules and Local Rules and constitute sufficient notice to all interested parties. To the extent any notice provided pursuant to this Order would otherwise be insufficient under the Bankruptcy Rules or Local Rules, such insufficiencies are hereby waived.

4. The disclosures set forth in the Joint Combined Plan and Disclosure Statement contain "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code and meets all of the requirements of section 1125 of the Bankruptcy Code, and is hereby approved on an interim basis for the purpose of soliciting votes on the Plan.

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate.

2761831.3 115719-100281

Page: 4
Debtor: New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption: Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

5. The Solicitation Procedures, as set forth in the Motion, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code, and are hereby approved.

6. As set forth in the Motion, the Solicitation Package shall include: (a) the cover letter substantially in the form attached as Exhibit A to the Motion; (b) the Joint Combined Plan and Disclosure Statement, (c) this Order, (d) the Confirmation Hearing Notice, (e) the appropriate Ballot and voting instructions for all Holders of Claims entitled to vote on the Joint Combined Plan and Disclosure Statement, and (f) a pre-addressed, postage pre-paid return envelope for all Holders of Claims entitled to vote on the Joint Combined Plan and Disclosure Statement. Holders of Claims not entitled to vote on the Joint Combined Plan and Disclosure Statement shall receive: (a) a copy of the Notice of Non-Voting Status; and (b) the Confirmation Hearing Notice. Holders of Auto Liability Claims shall also receive a copy of the Summary of the Auto Liability Claims Protocol.

7. As soon as practicable, but no later than four (4) business days following the Court's entry of this Order, the Plan Proponents shall disseminate the Solicitation Package to all Holders of Claims entitled to vote on the Plan. The Debtors are authorized, but not directed, to include in the Solicitation Package electronic versions of the Joint Combined Plan and Disclosure Statement (i.e., in the form of a USB or CD-ROM) in lieu of paper copies of the Joint Combined Plan and Disclosure Statement.

8. The Plan Proponents shall also cause the materials in the Solicitation Package (other than the Ballots), to be served on: (a) the United States Trustee, (b) the Internal

Page:     5
Debtor:   New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

---

Revenue Service, (c) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit; (d) the Office of the Attorney General of the State of New Jersey, Division; and (e) all other parties in interest as required under Bankruptcy Rule 2002.

9. As soon as practicable following the Court's entry of this Order, the Plan Proponents shall cause the Confirmation Hearing Notice to be published once in *USA Today* (or a similar national publication). Non-substantive changes may be made to the Confirmation Hearing Notice for this purpose. Publication of the Confirmation Hearing Notice pursuant to this Order shall be conclusive proof that all unknown creditors of the Plan Proponents have received good and sufficient notice of the Solicitation Procedures, Confirmation Hearing, and procedures for filing proofs of claim in the Debtors' Chapter 11 Cases.

10. The Ballots, substantially in the forms attached as <u>Exhibit D</u> to the Motion, sufficiently comply with Official Form No. 314 and adequately address the particular needs of these Chapter 11 Cases, and are hereby approved. The Plan Proponents are authorized to utilize the Ballots in soliciting votes on the Combined Joint Plan and Disclosure Statement.

11. The Ballot(s) need not be provided to Holders of Claims in Class 1 (Priority Non-Tax Claims), Class 3A (Auto Insurer Secured Claims), Class 3B (Insurer Secured Claims (WC)), Class 4 (Other Secured Claims), Class 5C (Auto Insurer Unsecured Indemnity Claims), Class 6 (Intercompany Claims), and Class 7 (Equity Interests) because such Classes either are deemed to reject the Plan, or, are unimpaired and, accordingly, are conclusively presumed to have accepted the Joint Combined Plan and Disclosure Statement under section 1126(f) of the Bankruptcy Code.

Page: 6
Debtor: New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption: Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

12. The Plan Proponents are authorized to mail the Notice of Non-Voting Status, substantially in the form attached as <u>Exhibit B</u> to the Motion, to all members of classes not entitled to vote on the Plan. The Plan Proponents are authorized to mail the Summary of the Auto Liability Claims Protocol, substantially in the form attached as Exhibit C to the Motion, to all Holders of Auto Liability Claims.

13. The Plan Proponents are further authorized to serve the Confirmation Hearing Notice, substantially in the form attached as <u>Exhibit E</u> to the Motion, on all creditors and equity security holders.

14. In order to be counted as a vote to accept or reject the Plan, each Ballot must be properly delivered to the Debtors Claims and Balloting Agent by either electronic mail to <u>Balloting@donlinrecano.com</u> (must include "NEMF Vote" on the subject line), or First Class mail, overnight courier, messenger, or hand delivery to the Claims and Balloting Agent at the following addresses:

    (a)    <u>If by First Class Mail</u>:
           Donlin, Recano & Co., Inc.
           Re: New England Motor Freight, Inc. et al.
           Attn: Voting Department
           P.O. Box 192016
           Blythebourne Station
           Brooklyn, NY 11219

    (b)    <u>If by Overnight Courier, Messenger, or Hand Delivery</u>:
           Donlin, Recano & Company, Inc.
           Re: New England Motor Freight, Inc. et al.
           Attn: Voting Department
           6201 15th Ave.
           Brooklyn, NY 11219

2761831.3 115719-100281

Page:  7
Debtor:  New England Motor Freight, Inc., et al.
Case No.:  19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

The Claims and Balloting Agent must receive ballots on or before **December 18, 2019, at 4:00 p.m. (ET) (the "Voting Deadline")**.  This schedule provides sufficient time for creditors to make informed decisions as to whether to accept or reject the Plan.  Furthermore, the Voting Deadline may be extended without any further order of the Court, provided that the Debtors shall timely file with the Court a notice setting forth the extended deadline.

15.    Solely for the purpose of voting on the Plan and not for the purpose of allowance of, or distribution on account of, a claim, and without prejudice to the Plan Proponents' rights in any other context, each Holder of a Claim entitled to vote on the Plan shall be entitled to vote the amount of such Claim as provided: (a) in a timely filed Proof of Claim or, if no Proof of Claim was filed, the amount of such Claim as provided in, the Debtors' Schedules of Assets and Liabilities, or (b) an agreement with the Debtors fixing the allowed amount of such Claim for voting purposes.  However, the foregoing procedures shall be subject to the following exceptions and clarifications:

(a) If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes;

(c) If a claim, other than a Class 5B Auto Liability Claim subject to subparagraph (h) below, for which a Proof of Claim has been timely filed is listed as contingent and/or unliquidated on the face of the

Case 19-12809-JKS    Doc 1015    Filed 11/17/19    Entered 11/18/19 00:47:48    Desc
Imaged Certificate of Notice    Page 8 of 15

Page:     8
Debtor:   New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

claim and the claim has not been allowed, such claim will be temporarily allowed for voting purposes only and not for allowance or distribution, in an amount equal to the greater of: (i) $1.00, or (ii) that portion of the claim that is non-contingent or liquidated and as to which either Plan Proponent not filed an objection, except as otherwise agreed to by the Plan Proponents and the claim holder or as ordered by the Court;

(d) If either of the Plan Proponents have served an objection with respect to a claim at least four (4) days prior to the Voting Deadline and the objection has not been adjudicated or otherwise resolved, such claim will be temporarily allowed in the proposed reduced amount and/or in the proposed classification or as otherwise set forth in the objection for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be otherwise set forth in the objection or as otherwise agreed to by the Plan Proponents and the claim holder or as ordered by the Court;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not: (i) filed by the Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c) unless the Plan Proponents have consented otherwise in writing;

(f) If a claim arises from or is related to an executory contract or lease that the Debtors have not yet assumed or rejected, such claim is temporarily allowed for voting purposes only and not for allowance or distribution in the amount of $1.00 or such other amount as the Plan Proponents and the claim holder may agree;

(g) If a claim is filed in the amount of $0.00, such claim shall not be entitled to vote; and

(h) If a claim is a Class 5B Auto Liability Claim for which a timely Proof of Claim has been filed, such claim is temporarily allowed for

Case 19-12809-JKS    Doc 1015    Filed 11/17/19    Entered 11/18/19 00:47:48    Desc
Imaged Certificate of Notice    Page 9 of 15

Page:     9
Debtor:   New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint
          Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation
          Hearing and Deadline for Filing Objections, (III) Establishing Procedures for
          Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan
          and Disclosure Statement, and Approving the Form of Ballot and Solicitation
          Package, and (IV) Approving Notice Provisions

_____

voting purposes only and not for allowance or distribution in the amount of $1.00.

16.    Any creditor seeking to challenge the allowance of its Claim for voting purposes in accordance with the above procedures must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before **December 18, 2019, at 4:00 p.m. (ET) (the "<u>Rule 3018 Motion Deadline</u>").** All Rule 3018 Motions must: (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (c) set for the name of the party asserting the Rule 3018 Motion, and (d) state with particularity the legal and factual bases for the Rule 3018 Motion. In the event any creditor timely files and serves a Rule 3018 Motion, the Debtors or counsel for the Debtors shall provide such creditor with a provisional Ballot, which the creditor must complete and return to counsel for the Debtors within two (2) business days. To the extent any issues raised in a Rule 3018 Motion remain outstanding at the time of the Confirmation Hearing, such issues shall be heard at the Confirmation Hearing. Ballots submitted by a Claim Holder who files a Rule 3018 Motion shall not be counted unless the Claim of such Claim Holder is temporarily allowed for voting purposes as agreed to by the Claim Holder and the Debtors or as ordered by the Court.

17.    The following additional procedures are hereby approved for the purposes of tabulating the Ballots: (a) any Ballot that is otherwise properly completed and returned to the Debtors but that does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance or rejection of the Plan, shall not be counted as either an acceptance or rejection of the

Case 19-12809-JKS    Doc 1015    Filed 11/17/19    Entered 11/18/19 00:47:48    Desc
Imaged Certificate of Notice    Page 10 of 15

Page:     10
Debtor:   New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

Plan; (b) the assignee of a Claim within the Voting Classes[4] shall be permitted to vote such Claim only if the transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) on or before the Record Date, *provided, that for the avoidance of doubt, the assignor will not receive a Solicitation Package with respect to such Claim*; (c) if no votes to accept or reject the Plan are received from a particular Class, such Class shall be deemed to have rejected the Plan, (d) in the event that a creditor submits multiple ballots on account of the same Claim by the Voting Deadline, the last received, validly executed Ballot received before the Voting Deadline shall supersede any prior Ballots, and (e) creditors may not split their votes within a particular class (creditors may only vote once in a particular Class for the total amount of their claims within such Class against the Debtors), and therefore a Ballot or Ballots submitted by a single creditor within a particular Class that partially accepts and partially rejects the Plan shall not be counted as either a vote to accept or a vote to reject the Plan. Finally, except as otherwise provided in this Order, the Plan Proponents will tabulate only those Ballots that are timely received by the Voting Deadline for the purposes of determining whether the numerosity and claim amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied.

18.     Unless otherwise directed by the Court, any questions with respect to the validity, form, eligibility (including the time of receipt), and acceptance of Ballots will be determined by the Plan Proponents in their sole discretion. Such determination will be final and binding (subject to Court approval, if necessary). The Plan Proponents reserve the right to reject any Ballots not submitted in the proper form. Further, the Plan Proponents reserve the right to

---

[4] Including Class 5B (Auto Liability Claims).

Case 19-12809-JKS    Doc 1015    Filed 11/17/19    Entered 11/18/19 00:47:48    Desc
Imaged Certificate of Notice    Page 11 of 15

Page:       11
Debtor:     New England Motor Freight, Inc., et al.
Case No.:   19-12809
Caption:    Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

waive any deficiencies or irregularities with respect to any particular Ballot. Otherwise, any defects or irregularities in connection with the deliveries of Ballots must be cured within such time as the Plan Proponents, or the Court, determines. The Plan Proponents shall not be under any duty to notify any creditors of any defects or irregularities with respect to the deliveries of Ballots, and neither the Plan Proponents nor any other party shall be liable for failure to provide such notification. Delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived, unless the Court directs otherwise.

19.    Notwithstanding anything to the contrary contained herein, any creditor who has filed a proof of Claim that is duplicative of another Claim(s) within the same Class of Claims entitled to vote to accept or reject the Plan, as determined by the Plan Proponents, may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such class, regardless of whether the Debtors have objected to such duplicate Claim(s).

20.    Any creditor who holds multiple Claims within a single Class shall have such Claims aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one Claim in such Class; the creditor may receive a single Ballot with respect to all of its Claims in each such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

21.    Additionally, the following Tabulation Rules shall be used for the purposes of tabulating Ballots:

(a)    Any Ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan will be counted and cast as an acceptance or rejection, as the case may be, of the Plan;

Case 19-12809-JKS    Doc 1015    Filed 11/17/19    Entered 11/18/19 00:47:48    Desc
Imaged Certificate of Notice    Page 12 of 15

Page:     12
Debtor:   New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

(b)  Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)  Any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote to accept or reject this Plan will not be counted;

(d)  Any Ballot cast for a Claim designated or determined as wholly-unliquidated, -contingent, or -disputed or as zero or unknown in amount and for which Proof of Claim has been filed and no 3018(a) Motion has been filed by the 3018(a) Motion Deadline will not be counted unless otherwise directed by the Plan Proponents;

(e)  Any Ballot cast for a Claim designated as contingent and/or unliquidated on the face of a filed Proof of Claim, and the Claim has not been allowed and no 3018(a) Motion has been filed by the 3018(a) Motion Deadline will be counted in the amount of $1.00, unless otherwise directed by the Plan Proponents

(f)  Any Ballot cast for a Claim designated or determined as partially-unliquidated, -contingent, or -disputed for which no 3018(a) Motion has been filed by the 3018(a) Motion Deadline will be counted only in the liquidated, noncontingent, and undisputed amount unless otherwise directed by the Plan Proponents;

(g)  Any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of this Plan or that indicates both acceptance and rejection of this Plan will not be counted;

(h)  Any Ballot received by the Balloting Agent after the Voting Deadline will be not be counted, unless the Plan Proponents agree in writing to an extension of such deadline;

(i)  Any Ballot not bearing an original signature will not be counted; and

(j)  Any Ballot received by the Balloting Agent by facsimile or other electronic communication, other than electronic mail pursuant to paragraph 14 of this Order, will not be counted.

2761831.3 115719-100281

Case 19-12809-JKS    Doc 1015    Filed 11/17/19    Entered 11/18/19 00:47:48    Desc
Imaged Certificate of Notice    Page 13 of 15

Page:       13
Debtor:    New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:   Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

22. The Record Date for the purposes of determining (a) creditors who are entitled to vote on the Plan, and (b) with respect to classes that are non-voting, the parties entitled to receive a Notice of Non-Voting Status shall be on the date of entry of this Order.

23. The Confirmation Hearing—at which final approval of the Disclosure Statement and confirmation of the Plan will be considered—will be held on **January 14, 2020, at 11:00 a.m. (ET)**. The Confirmation Hearing may be continued by the Court without further notice.

24. Any objections to confirmation of the Plan or any proposed modifications of the Plan must: (i) be in writing, (ii) state the name and address of the objecting party as well as the amount and nature of the Claim or Interest of such objecting party, (iii) state, with particularity, the basis and nature of any objection or proposed modification to the Plan, and (d) be filed—along with proof of service—with the Court and served on or before **January 6, 2020, at 4:00 p.m. (ET) (the "Plan Objection Deadline")**, on the following parties: (i) counsel to the Debtors; (ii) counsel to the Committee; (iii) the Office of the United States Trustee for Region Three; (ii) counsel to the Creditors' Committee; (iii) counsel to the Debtors' prepetition lenders; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 2002-1(b).

25. The Plan Proponents may file, in their discretion, replies or an omnibus reply to any objections to the Plan or any proposed modifications of the Plan by no later than **January 10, 2020**.

26. The Plan Proponents are hereby authorized to make non-substantive, nonmaterial, or conforming changes to the Joint Combined Plan and Disclosure Statement and any

Page:     14
Debtor:   New England Motor Freight, Inc., et al.
Case No.: 19-12809
Caption:  Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions

_____

related documents without further order of the Court prior to mailing the Solicitation Packages, including any changes necessary to remedy typographical or grammatical errors.

27. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

28. This Order shall be immediately effective and enforceable upon its entry.

29. The Plan Proponents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

30. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

2761831.3 115719-100281

United States Bankruptcy Court
District of New Jersey

In re:                                                                                    Case No. 19-12809-JKS
New England Motor Freight, Inc.                                                           Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 1              Date Rcvd: Nov 15, 2019
                              Form ID: pdf903          Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 17, 2019.
```
db            +New England Motor Freight, Inc.,    1-71 North Ave E,    Elizabeth, NJ 07201-2958
aty          #+Brent C. Strickland,    Whiteford, Taylor & Preston L.L.P,    7501 Wisconsin Avenue,Suite 700W,
                Bethesda, MD 20814-6521
aty           +Deloitte Consulting LLP,    111 S Wacker Dr,    Chicago, IL 60606-4396
aty           +Gibbons, P.C.,    One Gateway Center,    Newark, NJ 07102-5321
aty            Howard A. Cohen,    Gibbons P.C.,    300 Delaware Avenue, Suite 1015,    Wilmington, DE 19801-1671
aty            Jeffrey L. Nagel,    Gibbons P.C.,    One Pennsylvania Plaza, 37th Floor,
                New York, NY 10119-3701
aty           +Todd M. Brooks,    Whiteford, Taylor & Preston L.L.P.,    7 St. Paul Street, Suite 1500,
                Baltimore, MD 21202-1636
aty           +WASSERMAN, JURISTA & STOLZ, P.C.,    110 Allen Road,    Suite 304,
                Basking Ridge,, NJ 07920-4500
aty           +Whiteford Taylor & Preston,    Seven Saint paul St. Ste 1800,    Baltimore, MD 21202-1639
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 17, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 15, 2019 at the address(es) listed below:
NONE.                                                                                                    TOTAL: 0