# EXHIBIT A

## LIQUIDATING TRUST AGREEMENT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC.,<br>et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**NEW ENGLAND MOTOR FREIGHT, INC., ET AL.**
**LIQUIDATING TRUST AGREEMENT**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
kgiannelli@gibbonslaw.com
mconlan@gibbonslaw.com
btheisen@gibbonslaw.com

Counsel for the Debtors and
Debtors in Possession



Dated: October __, 2019

**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mseymour@lowenstein.com
jdipasquale@lowenstein.com

-and –

**ELLIOTT GREENLEAF, P.C.**
Rafael X. Zahralddin-Aravena, Esq. *(pro hac vice)*
Jonathan M. Stemerman, Esq. *(pro hac vice)*
1105 Market Street, Suite 1700
Wilmington, DE 19801
Phone: (302) 384-9400
Facsimile: (302) 384-9399
rxza@elliottgreenleaf.com
jms@elliottgreenleaf.com
Counsel for the Official Committee
of Unsecured Creditors Holders

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

## PREAMBLE

This Agreement (the "<u>Liquidating Trust Agreement</u>"), as amended, is made this ___ day of _____, 2019, by and among New England Motor Freight, Inc, *et al*. (the "<u>Debtors</u>"), the Official Committee of Unsecured Creditors Holders (the "<u>Committee</u>"), and Kevin P. Clancy, solely in his capacity as trustee of this Liquidating Trust (the "<u>Liquidating Trustee</u>" and, collectively with the Debtors and the Committee, the "<u>Parties</u>") in accordance with the *Joint Combined Plan of Liquidation and Disclosure Statement*, dated September 9, 2019 [Docket No. __] (<u>as may be amended, modified or supplemented</u>) (the "<u>Plan</u>"), confirmed by the Bankruptcy Court (as defined *infra*) by the *Order Confirming the Debtors' Joint Plan of Liquidation*, dated _____, 2019 (the "<u>Confirmation Order</u>") [Docket No. __].[2]

## R E C I T A L S:

A.      On February 11, 2019, the Debtors each filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District New Jersey (the "<u>Bankruptcy Court</u>") and commenced their chapter 11 cases (the "<u>Chapter 11 Cases</u>");

B.      On February 22, 2019, the Office of the United States Trustee (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors (the "<u>Committee</u>").

C.      The Plan and the Confirmation Order provide, among other things, that the Liquidating Trustee shall be empowered to make distributions, pursuant to the Plan, the Confirmation Order and this Liquidating Trust Agreement, to Holders of Claims and Interests entitled to receive a Distribution or other amounts pursuant to the Plan or as otherwise allowed under the terms of the Plan (each a "<u>Liquidating Trust Beneficiary</u>" and collectively, the "<u>Liquidating Trust Beneficiaries</u>");

D.      The Liquidating Trust is created pursuant to, and to effectuate, the Plan and the Confirmation Order;

E.      The Liquidating Trust is created on behalf of, and for the sole benefit of, the Liquidating Trust Beneficiaries;

F.      The powers, authority, responsibilities and duties of the Liquidating Trustee shall be governed by this Liquidating Trust Agreement, the Plan, applicable orders issued by the Bankruptcy Court (including the Confirmation Order), and general fiduciary obligations of trustees under Delaware law;

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

G.     Pursuant to the terms and conditions of the Plan, the Confirmation Order and this Liquidating Trust Agreement, the Liquidating Trustee shall administer all assets of the Liquidating Trust, including, without limitation (a) Causes of Action; (b) all Cash held by the Debtors; and (c) the Debtors' remaining property, including real estate, motor vehicles, furniture, fixtures, inventory, investments, partnership or other ownership interests, refunds, accounts, equipment, any other tangible or intangible personal property and any and all proceeds thereof;

H.     This Liquidating Trust Agreement is intended to supplement and complement the Plan and the Confirmation Order; provided, however, that if any of the terms and/or provisions of this Liquidating Trust Agreement conflict with the terms and/or provisions of the Plan or the Confirmation Order, the Plan and the Confirmation Order shall govern; and

I.     The Liquidating Trust is intended to qualify as a "liquidating trust" under the Internal Revenue Code of 1986 and the regulations promulgated thereunder, specifically Treas. Reg. § 301.7701-4(d), and as such is a "grantor trust" for federal income Tax purposes with the Liquidating Trust Beneficiaries treated as the grantors and owners of the Liquidating Trust Assets. In particular:

(ii)     The Liquidating Trust is organized for the primary purpose of liquidating the Liquidating Trust Assets, with no objective to conduct a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Liquidating Trust shall not be deemed a successor of the Debtors for Tax purposes;

(iii)     The Liquidating Trust provides that the Beneficiaries of the Liquidating Trust will be treated as the grantors of the Liquidating Trust and deemed owners of the Liquidating Trust Assets. This Liquidating Trust Agreement requires the Liquidating Trustee to file returns for the Liquidating Trust as a grantor trust pursuant to Treas. Reg. § 1.671-4(a);

(iv)     This Liquidating Trust Agreement provides for consistent valuations of the transferred property by the Liquidating Trustee and the Liquidating Trust Beneficiaries, and those valuations shall be used for federal income Tax purposes;

(v)     All of the Liquidating Trust's income is to be treated as subject to Tax on a current basis to the Liquidating Trust Beneficiaries who will be responsible for payment of any Tax due;

(vi)     The investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Liquidating Trust Assets and to further the liquidating purpose of the Liquidating Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills; and

(vii)    The Liquidating Trustee is required to make a distribution at least once per twelve-month period to the Liquidating Trust Beneficiaries in the order of priorities set forth in this Liquidating Trust Agreement based on the Liquidating Trust's net income, except that the Liquidating Trustee may retain an amount of net income reasonably necessary to maintain the value of the Liquidating Trust Assets or to satisfy claims, interests and contingent liabilities (including Disputed Claims and Interests).

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan and the Confirmation Order, and expressly incorporating the Recitals into the terms and provisions of this Liquidating Trust Agreement, the Parties agree as follows:

## ARTICLE I
## ESTABLISHMENT OF THE LIQUIDATING TRUST

1.2     Transfer of Assets to the Liquidating Trust

1.2.1    Pursuant to the Plan, the Debtors, the Committee and the Liquidating Trustee hereby establish the Liquidating Trust on behalf of the Liquidating Trust Beneficiaries, to be treated as the grantors and deemed owners of the Liquidating Trust Assets, and the Debtors and their Estates hereby transfer, assign and deliver to the Liquidating Trust, on behalf of the Liquidating Trust Beneficiaries, all of their right, title and interest in the Liquidating Trust Assets, notwithstanding any prohibition of assignability under applicable non-bankruptcy law.   The Liquidating Trust agrees to accept and hold the Liquidating Trust Assets in the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, subject to the terms of the Plan, the Confirmation Order and this Liquidating Trust Agreement.

1.2.2    All rights in connection with the vesting and transfer of the Liquidating Trust Assets, including the Causes of Action, will vest with the Liquidating Trust; provided, however, that the transfer of any attorney-client privileges, work-product protection or other privilege or immunity attaching to any documents or communications of the Debtors' or the Committee's professionals (whether written or oral), shall relate only to those Causes of Action that the Liquidating Trustee intends to prosecute.  All bank accounts established by the Debtors will be transferred to and held in the Liquidating Trust on behalf of the Liquidating Trust Beneficiaries, subject to the provisions of the Plan and this Liquidating Trust Agreement.  The Debtors, the Committee and the Liquidating Trustee are authorized to take all necessary actions to effectuate the foregoing.

1.3     Title to Assets

1.3.1    Upon the Effective Date of the Plan, the Debtors shall cause the Estates' Assets (as defined in the Plan) to be transferred to and vest in the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries.  Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all assets and properties transferred to the Liquidating Trust pursuant to the Plan shall vest in the Liquidating Trust in accordance with section 1141 of the

Bankruptcy Code. Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Debtors shall have no interest in or with respect to such Liquidating Trust Assets or the Liquidating Trust.

1.3.2  For federal income Tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trustee and the Liquidating Trust Beneficiaries) shall treat the transfer of the Liquidating Trust Assets by the Debtors and their Estates to the Liquidating Trust as a transfer of such assets by the Debtors and their Estates to the Holders of Allowed Claims and Interests entitled to Distributions under the Plan and the Confirmation Order, followed by a transfer by such Holders to the Liquidating Trust. Thus, the Liquidating Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income Tax purposes.

1.3.3  To any extent not effectuated by the Confirmation Order, the Debtors and the Committee shall execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate), and the Debtors and the Committee shall take or cause to be taken such further action as may reasonably be necessary or appropriate, to vest or perfect in or confirm to the Liquidating Trust title to and possession of the Liquidating Trust Assets.

1.4     Valuation of Assets

Consistent with the terms of the Plan, the Liquidating Trust, to the extent that the Liquidating Trustee deems it necessary or appropriate, may conduct a good faith valuation of the Liquidating Trust Assets, and shall make such valuation available to the Liquidating Trust Beneficiaries by filing a report of such valuation with the Bankruptcy Court promptly after its completion. The valuation shall be used consistently by all parties (including the Debtor, the Liquidating Trustee and the Liquidating Trust Beneficiaries) for federal income Tax purposes. Any dispute regarding the valuation of the Liquidating Trust Assets shall be resolved by the Bankruptcy Court.

1.5     Claims Against the Liquidating Trust Assets

The Liquidating Trust Assets shall be subject to the claims of the Liquidating Trustee, its Professionals (as defined *infra*) and Non-Professionals (as defined *infra*) and U.S. Trustee fees. The Liquidating Trustee shall be entitled to reimburse such persons out of any available Cash in the Liquidating Trust, for reasonable compensation and actual reasonable out-of-pocket expenses, and against and from any and all loss, liability, expense or damage, which each may sustain in good faith and without willful misconduct, gross negligence, fraud or, solely in the case of the Liquidating Trustee, breach of fiduciary duty other than negligence, in the exercise and performance of any of the powers and duties of the Liquidating Trustee.

## ARTICLE II
## APPOINTMENT OF THE LIQUIDATING TRUSTEE

Kevin P. Clancy is hereby appointed to serve as the initial Liquidating Trustee under the Plan and hereby accepts this appointment and agrees to serve in such capacity, effective upon the date of this Liquidating Trust Agreement. Any successor Liquidating Trustee shall be appointed

as set forth in **Section 4.6** in the event any Liquidating Trustee is removed or resigns pursuant to this Liquidating Trust Agreement, or if such Liquidating Trustee otherwise vacates the position.

## ARTICLE III
## DUTIES AND POWERS OF THE LIQUIDATING TRUSTEE

### 3.1    Generally

The Liquidating Trustee shall be responsible for administering the Liquidating Trust Assets and taking actions on behalf of, and representing, the Liquidating Trust.  The Liquidating Trustee shall have the authority to bind the Liquidating Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity of Liquidating Trustee and not individually.

### 3.2    Scope of Authority

Within the limitations set forth herein, the responsibilities and authority of the Liquidating Trustee shall include, without limitation:  (a) collecting and liquidating the Liquidating Trust Assets and distributing the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in accordance with the Plan, the Confirmation Order and this Liquidating Trust Agreement; (b) facilitating the prosecution or settlement of objections to, or estimations of, Claims and Interests in accordance with, but subject to the limitations set forth in, the Plan; (c) analyzing, prosecuting and settling Causes of Action; (d) filing all required Tax returns and paying Taxes and all other obligations on behalf of the Liquidating Trust from funds held by the Liquidating Trust; (e) filing semi-annual reports; (f) providing periodic reports to the Bankruptcy Court and other parties-in-interest on the status of the Claims and Interests resolution process, the status of the prosecution of Causes of Action, Distributions to Liquidating Trust Beneficiaries and the financial status of the Liquidating Trust; and (g) carrying out such other responsibilities not specifically set forth herein as may be vested in the Liquidating Trustee pursuant to the Plan, this Liquidating Trust Agreement, any Bankruptcy Court order or as may otherwise be necessary and proper to carry out the provisions of the Plan and the Confirmation Order.

### 3.3    Fiduciary Obligations to the Liquidating Trust and Liquidating Trust Beneficiaries

The Liquidating Trustee's actions as Liquidating Trustee will be held to the same standard as a trustee of a trust under Delaware law.  His, her or its fiduciary obligations to the Liquidating Trust and its Beneficiaries are the same fiduciary obligations that the trustee of a trust owes to that trust and its beneficiaries under Delaware law.

### 3.4    Powers

In connection with the administration of the Liquidating Trust, except as otherwise set forth in this Liquidating Trust Agreement, the Plan or the Confirmation Order, the Liquidating Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Liquidating Trust, without further authorization from the Bankruptcy Court.  Without limiting, but subject to, the foregoing, the Liquidating Trustee is expressly authorized, but not required, unless otherwise

provided in this Liquidating Trust Agreement and subject to the limitations contained herein, in the Plan and in the Confirmation Order, to:

(a)     hold legal title (on behalf of the Liquidating Trust as Liquidating Trustee, but not individually) to the Liquidating Trust Assets;

(b)     effect all actions and execute all agreements, instruments and other documents necessary to implement the Plan;

(c)     protect and enforce the rights to the Liquidating Trust Assets vested in the Liquidating Trust by the Plan and the Confirmation Order by any method deemed appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(d)     invest funds (in the manner set forth in **Section 3.8**), make Distributions, and pay Taxes and other obligations owed by the Liquidating Trust from funds held by the Liquidating Trustee and/or the Liquidating Trust in accordance with the Plan and the Confirmation Order;

(e)     prosecute, defend, compromise, adjust, arbitrate, abandon or otherwise deal with and settle, in accordance with the terms set forth herein and in the Plan and Confirmation Order, all actions arising under state law or the Bankruptcy Code and all Causes of Action;

(f)     determine, compromise and satisfy any and all liabilities created, incurred or assumed by the Liquidating Trust;

(g)     file, if necessary, any and all Tax and information returns with respect to the Liquidating Trust and pay Taxes properly payable by the Liquidating Trust, if any, commensurate with the Liquidating Trust's classification as a grantor trust pursuant to Treas. Reg. § 1.671-4(a);

(h)     make all Tax withholdings and make Tax elections by and on behalf of the Liquidating Trust;

(i)     as determined by the Liquidating Trustee in his or her discretion, send annually to each Beneficiary a separate statement stating the Beneficiary's share of income, gain, loss, deduction or credit and instruct all such Liquidating Trust Beneficiaries to report such items on their federal Tax returns;

(j)     in reliance upon the list of Claims and Interests provided by the Debtors, maintain on the Liquidating Trustee's books and records, a register evidencing the beneficial interest herein held by each Liquidating Trust Beneficiary;

(k)     administer, reconcile, compromise, estimate and/or resolve Claims and Interests in accordance with, but subject to the limitations set forth in, the Plan (including the filing of any objections to such Claims and Interests as appropriate);

(l) in accordance with the terms of the Plan, modify the Reserves (as defined in the Plan) as appropriate, or upon order of the Bankruptcy Court, and establish such additional reserves for Disputed Claims and Interests, Taxes, assessments, Professional fees and other expenses of administration of the Liquidating Trust as may be necessary and appropriate for the proper operation of matters incident to the Liquidating Trust;

(m) make Distributions as provided for in this Liquidating Trust Agreement, the Plan and the Confirmation Order;

(n) open and maintain bank accounts on behalf of or in the name of the Liquidating Trust;

(o) pay expenses and make disbursements necessary to preserve, liquidate and enhance the Liquidating Trust Assets;

(p) purchase such insurance coverage as the Liquidating Trustee deems necessary and appropriate with respect to the liabilities and obligations of the Liquidating Trustee (in the form of an errors and omissions policy, fiduciary policy or otherwise);

(q) purchase such insurance coverage as the Liquidating Trustee deems necessary and appropriate with respect to real and personal property which may be or may become Liquidating Trust Assets;

(r) enforce any rights of the Debtors with respect to existing or past insurance policies or coverage related to claims of or against the Liquidating Trust or the Liquidating Trust Assets;

(s) retain and pay Professionals and Non-Professionals as provided for in **Article X** of this Liquidating Trust Agreement to assist the Liquidating Trust and/or the Liquidating Trustee with respect to its responsibilities to the extent permitted by this Liquidating Trust Agreement, the Plan and the Confirmation Order;

(t) take such actions as are necessary, appropriate or desirable to close or dismiss the Chapter 11 Cases;

(u) enforce any rights of and take such action on behalf of the Debtors or any of their boards of directors under the Debtors' articles of incorporation, bylaws, or applicable state law as the Liquidating Trustee may deem necessary, appropriate or desirable to protect, preserve, and enhance the Liquidating Trust Assets;

(v) take such actions as are necessary, appropriate or desirable to terminate the existence of the Debtors to the extent not already effectuated pursuant to the Plan;

(w) terminate and dissolve the Liquidating Trust pursuant to and in accordance with the terms of the Plan and this Liquidating Trust Agreement; and

(x)     assume such other powers as may be vested in or assumed by the Liquidating Trust pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan, the Confirmation Order or this Liquidating Trust Agreement.

3.5     Genenal Authority of the Liquidating Trustee

Unless specifically stated otherwise herein, the Liquidating Trustee shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction authorized in this Liquidating Trust Agreement or specifically contemplated in the Plan and the Confirmation Order.

3.6     Limitation of Liquidating Trustee's Authority; No On-Going Business

The Liquidating Trustee shall have no power or authority except as set forth in this Liquidating Trust Agreement, in the Plan or in the Confirmation Order. For federal Tax purposes, the Liquidating Trustee shall not be authorized to engage in any trade or business with respect to the Liquidating Trust Assets except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Liquidating Trustee shall take such actions consistent with the prompt orderly liquidation of the Liquidating Trust Assets as required by applicable law and consistent with the treatment of the Liquidating Trust as a liquidating trust under Treas. Reg. § 301.7701-4(d), to the extent such actions are permitted by this Liquidating Trust Agreement.

3.7     Other Activities of the Liquidating Trustee

The Liquidating Trustee shall be entitled to be employed by third parties while serving as Liquidating Trustee for the Liquidating Trust; provided, however, that such employment shall not include actions or representations of parties that are adverse to the Liquidating Trust.

3.8     Investment and Safekeeping of Liquidating Trust Assets

All monies and other assets received by the Liquidating Trust shall, until distributed or paid over as herein provided, be held in trust for the benefit of the Liquidating Trust Beneficiaries, but need not be segregated from other Liquidating Trust Assets. The Liquidating Trustee shall promptly invest any such monies in the manner set forth in this **Section 3.8**, but shall otherwise be under no liability for interest or income on any monies received by the Liquidating Trust hereunder and held for Distribution or payment to the Liquidating Trust Beneficiaries, except as such interest shall actually be received by the Liquidating Trustee. Investment of any monies held by the Liquidating Trust shall be administered in accordance with the Liquidating Trustee's general duties and obligations hereunder and in view of the Liquidating Trustee's general fiduciary duties under Delaware law. The rights and powers of the Liquidating Trustee to invest the Liquidating Trust Assets transferred to the Liquidating Trust, the proceeds thereof or any income earned by the Liquidating Trust, shall be limited to the right and power to: (a) invest such Liquidating Trust Assets (pending Distributions in accordance with the Plan and the Confirmation Order) in (i) short-term direct obligations of, or obligations guaranteed by, the United States of America or (ii) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant

to an act of the Congress of the United States as an agency or instrumentality thereof; or (b) deposit such assets in demand accounts at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments"); provided, however, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treas. Reg. § 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service ("IRS") guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

3.9    Authorization to Expend Liquidating Trust Assets

The Liquidating Trustee may expend assets of the Liquidating Trust to the extent necessary to:  (a) satisfy and discharge liabilities and to maintain the value of the Liquidating Trust Assets during liquidation; (b) pay Liquidating Trust Expenses (including, but not limited to, any Taxes imposed on the Trainor Liquidating Trust, fees and expenses incurred in connection with litigation, and compensation of the Liquidating Trustee in accordance with **Section 4.1** below); (c) satisfy other liabilities incurred or assumed by the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject) in accordance with this Liquidating Trust Agreement, the Plan or the Confirmation Order; and (d) make Distributions to Liquidating Trust Beneficiaries on account of their Allowed Claims and Interests in accordance with this Liquidating Trust Agreement, the Plan and the Confirmation Order.

## ARTICLE IV
## LIQUIDATING TRUSTEE

4.1    Compensation of the Liquidating Trustee

The Liquidating Trustee shall be entitled to receive reasonable compensation for services rendered on behalf of the Liquidating Trust.  All compensation and other amounts payable to the Liquidating Trustee shall be paid out of the Liquidating Trust Assets, in accordance with the terms of the Plan.  The Liquidating Trust shall reimburse the Liquidating Trustee for its actual reasonable out-of-pocket expenses incurred including, without limitation, postage, telephone and facsimile charges upon receipt of periodic billings.  All reimbursement for expenses payable to the Liquidating Trustee shall be paid from the Liquidating Trust Assets in priority over any distributions to Liquidating Trust Beneficiaries to be made under the Plan.  If the Liquidating Trust Assets are insufficient to fully satisfy the amounts payable to, or other obligations owing to, the Liquidating Trustee, the Liquidating Trust Beneficiaries shall be required to disgorge their Pro Rata share of any interim Distributions received from the Liquidating Trust, until all such amounts have been fully paid and all such obligations have been fully satisfied.  If the Liquidating Trustee dies or becomes disabled, then such former Liquidating Trustee (or his or her estate, successor or assigns) shall be entitled to any remaining unpaid compensation and reimbursement due hereunder.

4.2    Term of Service

The Liquidating Trustee shall serve until the earliest of: (a) the completion of all the Liquidating Trustee's duties, responsibilities and obligations under this Liquidating Trust

Agreement and the Plan; (b) termination of the Liquidating Trust in accordance with this Liquidating Trust Agreement; and (c) the Liquidating Trustee's death, resignation or removal.

4.3     No Bond

The Liquidating Trustee shall serve without bond.

4.4     Removal

The Liquidating Trustee may be removed for cause at any time by any person upon entry of an order of the Bankruptcy Court following a noticed motion for removal served upon the Liquidating Trustee (and his or her Professionals); provided, however, that the Liquidating Trustee may not be removed until a successor Liquidating Trustee has been named.  Any person seeking removal through an order of the Bankruptcy Court must demonstrate to the Bankruptcy Court that such removal is appropriate for cause.  The removal shall be effective on the date specified in the order.  "Cause" shall include, without limitation:  (a) the undue prolongation of the duration of the Liquidating Trust and of Distributions of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries; (b) gross negligence, fraud or willful misconduct (as determined by a Final Order) in connection with the affairs of the Liquidating Trust; (c) a physical and/or mental disability that substantially prevents the Liquidating Trustee from performing the duties of a Liquidating Trustee hereunder; or (d) breach of fiduciary duty or an unresolved conflict of interest.

4.5     Resignation

The Liquidating Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the parties entitled to notice under **Section 13.10** hereof.  The resignation will be effective on the later of:  (a) the date specified in the notice; (b) the date that is thirty (30) days after the date the notice is delivered; and (c) the date the successor Liquidating Trustee accepts his or her appointment as such.

4.6     Appointment of Successor Trustee

4.6.1    In the event the Liquidating Trustee is removed or upon the Liquidating Trustee's death, the Bankruptcy Court shall appoint a proposed successor Liquidating Trustee within thirty (30) days after the occurrence of the vacancy.

4.6.2    Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment and shall deliver such acceptance to the Bankruptcy Court. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all of the properties, rights, powers, trusts and duties of his or her predecessor in the Liquidating Trust with like effect as if originally named herein; provided, however, that the removed or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Liquidating Trustee the estate, properties, rights, powers and trusts of the removed or resigning Liquidating Trustee.

4.7     Liquidating Trust Continuance

The resignation or removal of the Liquidating Trustee will not terminate the Liquidating Trust or revoke any existing agency created pursuant to this Liquidating Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee.

## ARTICLE V
## LIQUIDATING TRUST BENEFICIARIES

5.1     Identification of Beneficiaries

The beneficial interests of each Liquidating Trust Beneficiary in the Liquidating Trust shall be recorded and set forth in the list of Claims and Interests maintained by the Liquidating Trustee.

5.2     Beneficial Interest Only

The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary or the Debtors to any title in or to the Liquidating Trust Assets or to any right to call for a partition or division of such Liquidating Trust Assets or to require an accounting, except as specifically provided herein.

5.3     Ownership of Beneficial Interests Hereunder

Each Beneficiary shall own a beneficial interest in the Liquidating Trust Assets equal in proportion to the Pro Rata share of such Beneficiary's Allowed Claim in accordance with the Plan.

5.4     Evidence of Beneficial Interest

Ownership of a beneficial interest in the Liquidating Trust Assets shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever.

5.5     Limitation on Transferability

It is understood and agreed that the beneficial interests in the Liquidating Trust shall be non-assignable during the term of this Liquidating Trust Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to pay all amounts to or for the benefit of the assigning Beneficiary until receipt of proper notification and proof of assignment by operation of law. The Liquidating Trustee may rely upon such proof without the requirement of any further investigation. Any notice of a change of beneficial interest ownership as permitted by operation of law shall be forwarded to the Liquidating Trustee by registered or certified mail pursuant to the notice provisions set forth in **Section 13.10** hereof. The notice shall be executed by both the transferee and the transferor, and the signatures of the parties shall be acknowledged before a notary public and as required by Bankruptcy Rule 3001(e). The notice must clearly describe the interest to be transferred. The Liquidating Trustee may conclusively rely upon such signatures and acknowledgments as evidence of such transfer without the requirement of any further investigation.

5.6     Conflicting Claims

If any conflicting claims or demands are made or asserted with respect to the Liquidating Trust Assets, or if there is any disagreement between the assignees, transferees, heirs, representatives or legatees succeeding to all or a part of the Liquidating Trust Assets resulting in adverse claims or demands being made in connection with such assets, then, in any of such events, the Liquidating Trustee shall be entitled to refuse to comply with any such conflicting claims or demands. In so refusing, the Liquidating Trustee may elect to make no payment or distribution with respect to the Liquidating Trust Assets that are the subject of the claims or demands involved, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. In so doing, the Liquidating Trustee shall not be or become liable to any of such parties for its refusal to comply with any of such conflicting claims or demands, nor shall the Liquidating Trustee be liable for interest on any funds that it may so withhold. The Liquidating Trustee shall be entitled to refuse to act until either: (a) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court; or (b) all differences have been resolved by a valid written agreement among all of such parties and the Liquidating Trustee.

## ARTICLE VI
## PROVISIONS GOVERNING DISTRIBUTIONS

6.1     Timing and Methods of Distributions

6.1.1   Generally. The Liquidating Trustee, on behalf of the Liquidating Trust, or such other entity as may be designated by the Liquidating Trustee, on behalf of the Liquidating Trust, will make all distributions to the Liquidating Trust Beneficiaries as set forth in, and as required by, this Liquidating Trust Agreement, the Plan and the Confirmation Order. Unless the entity or Person receiving a payment agrees otherwise, the Liquidating Trustee, in its sole discretion, will make any payment in Cash to be made by the Liquidating Trust by check drawn on a domestic bank or by wire transfer from a domestic bank.

6.1.2   Priority of Distributions. After payment of all unpaid Liquidating Trust Expenses (or reserved for as set forth in the Plan), the Liquidating Trustee in its good faith judgment and based on available Liquidating Trust Assets, shall distribute available Cash remaining to Holders of Allowed Claims and Interests, Pro Rata in order of priorities as set forth in the Plan. The Liquidating Trustee may withhold from amounts distributable to any entity any and all amounts, determined in the Liquidating Trustee's reasonable discretion to be required by any law, regulation, rule, ruling, directive or other government equivalent of the United States or of any political subdivision thereof, or to otherwise facilitate the administration of the Liquidating Trust.

6.1.3   Distributions by the Liquidating Trustee. Subject to the provisions of this **Article VI**, and consistent with the terms of the Plan, the Liquidating Trustee shall make an initial distribution (the "Initial Distribution") of Cash income (including as Cash for this purpose, all cash equivalents), and all subsequent distributions, to the Liquidating Trust Beneficiaries on dates determined by the Liquidating Trustee. The Liquidating Trustee shall make subsequent Distributions from time to time in accordance with the provisions of this **Article VI** and the terms of the Plan, but such additional distributions shall occur at least once per year after the date of the

Initial Distribution. The Liquidating Trustee shall make Distributions to the Liquidating Trust Beneficiaries of all net Cash income (including as Cash for this purpose, all cash equivalents) from time to time at such time intervals as decided by the Liquidating Trustee (but within a reasonable time after creation of a Reserve determined to be sufficient to make Pro Rata Distributions on Disputed Claims and Interests and to pay the Liquidating Trust Expenses in full), pursuant to the terms of the Plan and the Confirmation Order. The Liquidating Trustee may cause the Liquidating Trust to retain an amount of net Cash proceeds or net Cash income reasonably necessary to maintain the value of its assets, as set forth in, and to effectuate the provisions of, the Plan and the Confirmation Order. The Liquidating Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Person (except with respect to the IRS) such sum or sums as may be sufficient to pay any Tax or Taxes or other charge or charges that have been or may be imposed on such Person or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income Tax laws of the United States or of any state or political subdivision or entity by reason of any Distribution provided for in this Liquidating Trust Agreement, whenever such withholding is required by any law, regulation, rule, ruling, directive or other governmental requirement, and the Liquidating Trustee may enter into agreements with taxing or other authorities for the payment of such amounts as may be withheld in accordance with the provisions of this Section. Notwithstanding the foregoing, but without prejudice to the Liquidating Trustee's rights hereunder, such Person shall have the right with respect to the United States, or any state, or any political subdivision of either, to contest the imposition of any Tax or other charge by reason of any Distribution hereunder.

6.1.4 <u>Claims and Interests Lists</u>. At least ten (10) days prior to the Effective Date, the Debtors will deliver to the Liquidating Trustee a list of all Claims and Interests scheduled by the Debtors and/or filed against the Debtors as of such date, the addresses of all Holders of such Claims and Interests as of a record date that is not more than fifteen (15) days prior to the date of the list, the designation and amount of each such Claim as disputed or not disputed, fixed or contingent and liquidated or unliquidated, and the Employer or Taxpayer Identification Number as assigned by the IRS for each Holder (the "<u>Claims and Interests Lists</u>"). The Liquidating Trustee shall be entitled to rely upon the Claims and Interests Lists in calculating and making distributions from the Liquidating Trust as provided herein; <u>provided</u>, <u>however</u>, that the Claims and Interests Lists shall be adjusted from time to time by the Liquidating Trustee as necessary to maintain its accuracy. The Liquidating Trustee shall also revise the Claims and Interests Lists from time to time upon receipt of notice from a Beneficiary notifying the Liquidating Trustee of a change of address or stating that its Claim or Interest has been transferred to a new Beneficiary, that the new Beneficiary has complied with any applicable provisions of Bankruptcy Rule 3001(e) (and providing evidence thereof) and setting forth the name and address of such new Beneficiary.

6.2 <u>Delivery of Distributions</u>

Subject to the provisions of Bankruptcy Rule 2002(g), and except as otherwise provided herein, distributions and deliveries to Holders of record of Allowed Claims shall be made at the address of each such Holder set forth on the Claims and Interests Lists.

6.3 <u>No Postpetition Interest on Claims or Interests</u>

Except as expressly provided in the Plan, the Confirmation Order or any contract, instrument, release, settlement or other agreement entered into in connection with the Plan, or as required by applicable bankruptcy law, postpetition interest will not accrue on account of any Claim or Interest and the Liquidating Trustee will not distribute postpetition interest on account of any Claim or Interest.

6.4     No Post-Confirmation Date Interest on Claims or Interests

Post-Confirmation Date interest will not accrue on account of any Claim or Interest, and the Liquidating Trustee will not distribute post-Confirmation Date interest on account of any Claim or Interest.

6.5     Undeliverable Distributions

If any distribution with respect to an Allowed Claim or Interest is returned to the Liquidating Trustee as undeliverable, or otherwise unclaimed, no further Distributions shall be made to such Holder, unless the Liquidating Trustee is notified in writing of the Claim or Interest Holder's current address. Upon receipt of the notification, the Liquidating Trustee will remit all missed Distributions to the Claim or Interest Holder without interest. All claims for undeliverable distributions must be made within six (6) months of the Distribution Date (as defined in the Plan). If a claim is not made within that time, all unclaimed distributions will revert to the Liquidating Trust and be distributed Pro Rata to the remaining Beneficiaries of the Liquidating Trust. Nothing contained in the Plan, the Confirmation Order or this Liquidating Trust Agreement shall require the Liquidating Trustee to attempt to locate any Liquidating Trust Beneficiary.

6.6     Lapsed Distributions

Any distribution that has not cleared within ninety (90) days of the date of the Distribution will lapse. With respect to any lapsed distributions, the lapsed distribution will revert to the Liquidating Trust and be distributed to the remaining Liquidating Trust Beneficiaries.

6.7     Compliance with Tax Requirements/Allocation

To the extent applicable, the Liquidating Trust shall comply with all Tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan and the Confirmation Order shall be subject to such withholding and reporting requirements. For Tax purposes, Distributions received in respect of Allowed Claims or Interests will be allocated first to the principal amount of such Claims or Interests, with any excess allocated to unpaid accrued interest.

6.8     Fractional Dollars; *De Minimis* Distributions

Notwithstanding anything contained herein to the contrary, payments of fractions of dollars will not be made. Whenever any payment of a fraction of a dollar under this Liquidating Trust Agreement, the Plan or the Confirmation Order would otherwise be called for, the actual payment made will reflect a rounding of such fraction to the nearest dollar (up or down), with half dollars being rounded down. The Liquidating Trustee shall not be required to make any payment in the

aggregate of less than one-hundred dollars ($100.00) on account of any Allowed Claim or Allowed Interest. To the extent that any interim distribution is not paid to a Beneficiary on the grounds that it amounts to less than twenty-five dollars ($25), the amount of such withheld distribution shall be reserved for addition to any future distribution or as the final distribution to such Beneficiary, and may be made at that time if the total distribution is at least one-hundred dollars ($100.00) in the aggregate.

6.9     Setoffs

The Liquidating Trustee may, pursuant to sections 502(d) or 553 of the Bankruptcy Code or applicable non-bankruptcy law, set off against any Beneficiary and the distributions to be made pursuant to the Plan and the Confirmation Order on account thereof (before any distribution is made on account of such Claim or Interest), the claims, rights and causes of action of any nature that the Liquidating Trust may hold against a Beneficiary; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim or Interest shall constitute a waiver or release by the Liquidating Trust or the estate of any such claims, rights and causes of action that they may possess against such Holder.

6.10     Preservation of Debtors' Subordination Rights

All subordination rights and claims relating to the subordination by the Debtors or their Estates of the Claims or Interests of any Beneficiary shall remain valid and enforceable by the Liquidating Trust, unimpaired in accordance with section 510 of the Bankruptcy Code or otherwise, and may be asserted by the Liquidating Trustee as necessary or appropriate.

6.11     Waiver by Creditors of All Subordination Rights

Except as otherwise ordered by the Bankruptcy Court, each Liquidating Trust Beneficiary shall be deemed to have waived all contractual, legal and equitable subordination rights that they may have, whether arising under general principles of equitable subordination, section 510(c) of the Bankruptcy Code or otherwise, with respect to any and all Distributions to be made under the Plan and the Confirmation Order, and all such contractual, legal or equitable subordination rights that each Beneficiary has individually and collectively, with respect to any such Distribution, made pursuant to the Plan and the Confirmation Order shall be discharged and terminated, and all actions related to the enforcement of such subordination rights will be permanently enjoined.

## ARTICLE VII
## PROCEDURES FOR RESOLUTION OF DISPUTED,
## CONTINGENT AND UNLIQUIDATED CLAIMS AND INTERESTS

7.1     Objections to Claims and Interests; Prosecution of Disputed Claims and Interests

The Liquidating Trustee, on behalf of the Liquidating Trust, may file objections to Claims and Interests, even if such Claims or Interests were scheduled by the Debtors as undisputed, liquidated and non-contingent. The Liquidating Trustee shall have the authority to file, settle, compromise or withdraw any objections to Claims or Interests, without approval of the Bankruptcy Court. The Liquidating Trustee shall file objections to Claims and Interests on or before the latest

of: (a) ninety (90) days after the Effective Date, subject to extension by order of the Bankruptcy Court; or (b) such other period of limitation as may be specifically fixed by this Plan, the Confirmation Order, the Bankruptcy Rules or a Final Order for objecting to such a Claim or Interest.

7.2     Estimation of Claims

The Liquidating Trustee, on behalf of the Liquidating Trust, may at any time request that the Bankruptcy Court estimate any contingent or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Debtors, the Committee or the Liquidating Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to such Claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or Disputed Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidating Trust may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

7.3     Disputed Claims and Interests

7.3.1     If the Liquidating Trustee has objected to a Claim or Interest, Distributions will be withheld only with respect to the amount actually in dispute, and such objection shall not affect payments or Distributions under the Plan on the undisputed portion of the Claim or Interest.

7.3.2     The Liquidating Trustee shall maintain, in accordance with the Liquidating Trustee's powers and responsibilities under the Plan, the Confirmation Order and this Liquidating Trust Agreement, a Reserve.

7.3.3     Once a Disputed Claim or Interest becomes an Allowed, the Liquidating Trustee shall, as soon as practicable following the entry of a Final Order regarding the allowance of such Claim or Interest, and to the extent of the allowance of such Claim or Interest, distribute to the Holder thereof, from the Reserve, such amount of Liquidating Trust Assets as would have been distributed to such Holder if the allowed portion of its Claim or Interest had been an Allowed Claim or Interest on the Confirmation Date, less such Holder's share of any Taxes paid or payable by the Reserve. If a Disputed Claim or Interest becomes disallowed, in whole or part, the Liquidating Trustee shall reallocate the disallowed amount previously set aside in the Reserve in connection with such Disputed Claim or Interest among the Liquidating Trust Beneficiaries and the Reserve on behalf of the Disputed Claims and Interests not yet resolved, as applicable, all to be distributed pursuant to **Article VI** of this Liquidating Trust Agreement.

## ARTICLE VIII
## LIABILITY AND EXCULPATION PROVISIONS

8.1     Standard of Liability

In no event shall the Liquidating Trustee or the Liquidating Trust, or their respective Professionals, Non-Professionals or representatives, be held personally liable for any claim asserted against the Liquidating Trust or the Liquidating Trustee, or any of their Professionals, Non-Professionals or representatives. Specifically, the Liquidating Trustee, the Liquidating Trust and their respective Professionals, Non-Professionals or representatives shall not be liable for any negligence or any error of judgment made in good faith with respect to any action taken or omitted to be taken in good faith. Notwithstanding the foregoing, the Liquidating Trust or the Liquidating Trustee, or any of their Professionals, Non-Professionals or representatives may be held personally liable to the extent that the action taken or omitted to be taken by each of the same or their respective Professionals, Non-Professionals or representatives is determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, fraud or, solely in the case of the Liquidating Trustee, breach of fiduciary duty other than negligence. Any act or omission taken with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence, willful misconduct, fraud or a breach of fiduciary duty.

8.2     Reliance by Liquidating Trustee

Except as otherwise provided in **Article III** hereof:

(a)     the Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, installment, opinion, report, notice, request, consent, order or other paper or document reasonably believed by him or her to be genuine and to have been signed or presented by the proper party or parties except as otherwise provided in the Plan or the Confirmation Order; and

(b)     the Liquidating Trustee shall not be liable for any action reasonably taken or not taken by him or her in accordance with the advice of a Professional retained pursuant to **Article X**, and Persons dealing with the Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Liquidating Trust Agreement, and the Liquidating Trustee shall have no personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Liquidating Trustee are determined by a Final Order to be solely due to the Liquidating Trustee's own gross negligence, willful misconduct, fraud or breach of fiduciary duty, other than negligence.

8.3     Exculpation

8.3.1     From and after the Effective Date, the Liquidating Trustee and its Professionals, Non-Professionals and representatives shall be and hereby are exculpated by all Persons, including, without limitation, Holders of Claims and Interests and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon said parties pursuant to or in furtherance of this

Liquidating Trust Agreement, the Plan, the Confirmation Order or any order of the Bankruptcy Court or applicable law or otherwise, except only for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, fraud or, solely in the case of the Liquidating Trustee, breach of fiduciary duty, other than negligence.

8.3.2    No Holder of a Claim or Interest or other party-in-interest will be permitted to pursue any claim or cause of action against the Liquidating Trustee or its Professionals, Non-Professionals or representatives for making payments in accordance with the Plan or the Confirmation Order or for implementing the provisions of the Plan or the Confirmation Order. Any act taken or not taken by the Liquidating Trustee with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence, willful misconduct or fraud or, solely in the case of the Liquidating Trustee, a breach of fiduciary duty, other than negligence.

8.4    Indemnification

The Liquidating Trust shall indemnify, defend and hold harmless the Liquidating Trustee, and their respective Professionals, Non-Professionals and representatives from and against any and all claims, causes of action, liabilities, obligations, losses, damages or expenses (including reasonable attorneys' fees and expenses) occurring after the Effective Date, other than to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct or fraud or, solely in the case of the Liquidating Trustee, breach of fiduciary duty, other than negligence, to the fullest extent permitted by applicable law.

## ARTICLE IX
## ADMINISTRATION

9.1    Purpose of the Liquidating Trust

The Liquidating Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treas. Reg. § 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. Accordingly, the Liquidating Trust shall, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidating Trust Assets, make timely Distributions to the Liquidating Trust Beneficiaries and not unduly prolong the duration of the Liquidating Trust.

9.2    Books and Records

9.2.1    Maintenance of Books and Records.    The Liquidating Trustee shall maintain, with respect to the Liquidating Trust and the Liquidating Trust Beneficiaries, books and records relating to the assets and income of the Liquidating Trust and the payment of expenses of and liabilities of, claims against or assumed by, the Liquidating Trust in such detail and for such period of time as the Liquidating Trustee determines may be necessary to make full and proper accounting in respect thereof in accordance with this **Article IX** and to comply with applicable provisions of law. Except as otherwise provided herein, in the Plan, or in the Confirmation Order, nothing in this Liquidating Trust Agreement requires the Liquidating Trust to file any accounting

or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Liquidating Trust Assets. Subject to all applicable privileges, the Liquidating Trust Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Liquidating Trust Agreement, under the Plan and the Confirmation Order, or otherwise, upon thirty (30) days' prior written notice delivered to the Liquidating Trustee, to request a reasonable inspection (as determined by the Liquidating Trustee) of such books and records; provided, however, that, if so requested, such Beneficiary shall: (a) first enter into a confidentiality agreement satisfactory in form and substance to the Liquidating Trustee; (b) make such other reasonable arrangements as requested by the Liquidating Trustee; and (c) bear all costs and expenses of such inspection.

        9.2.2   <u>Quarterly Reports</u>. From and after the Effective Date, the Liquidating Trustee shall prepare and file with the Bankruptcy Court a report by the end of the first calendar month following the conclusion of every calendar quarter setting forth: (i) all Distributions to Creditors during the calendar quarter; (ii) a summary of the Liquidating Trust deposits and Disbursements during the calendar quarter; and (iii) a summary of the Liquidating Trust Assets. As used in this section, "calendar quarter" shall mean a three (3) month period of time, and the first calendar quarter shall commence on the first day of the first month immediately following the occurrence of the Effective Date. In the event the Effective Date does not occur, the Liquidating Trustee shall have no obligation to prepare and file quarterly reports.

9.3   <u>Security Interests</u>

        The Liquidating Trustee, its respective Professionals and Non-Professionals and the U.S. Trustee are hereby granted a first-priority lien on, and security interest in, the Liquidating Trust Assets to secure the payment of all amounts owed to, accrued or reserved on account of, to be retained by or otherwise due hereunder to each of the above. The Liquidating Trustee shall cause the Liquidating Trust to take such actions and execute such documents as the Liquidating Trustee, its respective Professionals and Non-Professionals and the U.S. Trustee deem appropriate to perfect the security interests granted hereunder. The Liquidating Trustee is authorized to execute and deliver all documents on behalf of the Liquidating Trust to accomplish the purposes of this Liquidating Trust Agreement, the Plan and the Confirmation Order.

9.4   <u>Compliance with Laws</u>

        Any and all Distributions of Liquidating Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state Tax and securities laws.

**ARTICLE X**
**PROFESSIONALS AND NON-PROFESSIONALS**

10.1   <u>Retention of Professionals and Non-Professionals</u>

        10.1.1   <u>Retention of Professionals</u>. The Liquidating Trustee, upon acceptance by the Liquidating Trustee of its appointment in accordance with the Plan and this Liquidating Trust Agreement, shall have the right to retain its own professionals without any further approval by any court or otherwise including, without limitation, legal counsel, accountants, experts, advisors,

consultants, investigators, appraisers, real estate brokers, auctioneers and other professionals as the Liquidating Trustee deems appropriate (collectively, the "Professionals"). Such Professionals shall be compensated in accordance with **Section 10.3** hereof. The Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, counsel and financial advisors of any party in the Chapter 11 Cases for efficiency.

10.1.2 <u>Retention of Non-Professionals</u>. The Liquidating Trustee, upon acceptance by the Liquidating Trustee of its appointment in accordance with the Plan and this Liquidating Trust Agreement, shall have the right to retain non-professionals without any further approval by any court or otherwise including, without limitation, employees, independent contractors or other agents as the Liquidating Trustee deems appropriate (the "Non-Professionals"). Such Non-Professionals shall be compensated in accordance with **Section 10.3** hereof. The Non-Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, employees, independent contractors and agents of any party in the Chapter 11 Cases for efficiency.

10.2    <u>Retention of Liquidating Trustee's Legal Counsel</u>

The initial Liquidating Trustee has chosen to retain Elliott Greenleaf, P.C. and Lowenstein Sandler LLP as his co-counsel. Such retention is made pursuant to this **Article X** without any further approval by any court. Elliott Greenleaf, P.C., Lowenstein Sandler LLP, and CohnReznick LLP are Professionals as that term is used herein, and shall be compensated in accordance with **Section 10.3** hereof.

10.3    <u>Compensation of Professionals and Non-Professionals</u>

Each Professional and Non-Professional shall submit monthly invoices to the Liquidating Trustee for its fees and expenses incurred in connection with services requested by, and provided to, the Liquidating Trustee. The Liquidating Trustee may pay the reasonable fees and expenses of such Professionals and Non-Professionals as an expense of the Liquidating Trust without application to the Bankruptcy Court, subject to the following procedure: Each Professional and Non-Professional shall serve its fee invoice (which shall contain detailed time entries) upon the Liquidating Trustee no more frequently than once a month. The Liquidating Trustee shall have until fourteen (14) days after its receipt of an invoice to review such invoice and deliver to the applicable Professional or Non-Professional, any objections thereto. Any objection to an invoice (each an "Objection") must: (a) be in writing; and (b) set forth the precise nature of the Objection and the amount of objectionable fees and expenses at issue. If no Objection is timely filed, served and received in respect of an invoice, then the Professional or Non-Professional shall be entitled to payment from the Liquidating Trust on such invoice. If a timely Objection is filed, the Professional or Non-Professional shall be entitled to payment from the Liquidating Trust of only that portion of the invoice that is not the subject of the Objection, and the Liquidating Trustee and the affected Professional or Non-Professional may attempt to resolve on a consensual basis that portion of the invoice that is the subject of the Objection. If the parties are unable to reach a resolution of the Objection, the affected Professional or Non-Professional may file a request for payment of the disputed amount with the Bankruptcy Court and serve such request on the Liquidating Trustee on regular notice, and the Liquidating Trustee or the affected Professional or

Non-Professional may request, by motion, that the Bankruptcy Court adjudicate and rule on the Objection.

**ARTICLE XI**
**TAXES**

### 11.1    Tax Returns and Payments

The Liquidating Trustee will be responsible for:  (a) the preparation and timely filing of all required federal, state and local Tax returns for the Liquidating Trust and the Debtors; (b) the timely payment of any Taxes shown on such returns as owing by the Liquidating Trust or the Debtors (as applicable) from the applicable Liquidating Trust Assets; and (c) the preparation and timely distribution to the Liquidating Trust Beneficiaries of any necessary federal, state or local information returns.  The Liquidating Trustee will retain all Tax returns and supporting documentation until the expiration of the applicable statute of limitations.  The Liquidating Trustee may request an expedited determination of the Taxes owed by the Debtors, the Liquidating Trust or any Reserve under section 505(b) of the Bankruptcy Code for any Tax return for which such determination may be requested.

### 11.2    Liquidating Trust

The Liquidating Trustee will file Tax returns pursuant to Treas. Reg. § 1.671-4(a) on the basis that the Liquidating Trust is a grantor trust that is a "liquidating trust" within the meaning of Treas. Reg. § 301.7701-4(d) and related regulations.  Pursuant to such provisions, for federal income Tax purposes, the Liquidating Trustee will allocate to the Liquidating Trust Beneficiaries their applicable shares of any income or loss of the Liquidating Trust Assets, and such Liquidating Trust Beneficiaries will be subject to Tax on the Liquidating Trust Assets' taxable income on a current basis.  As soon as reasonably practicable after the close of each calendar year, the Liquidating Trustee will send each affected Beneficiary a statement setting forth such Beneficiary's share of the Liquidating Trust's income, gain, deduction, loss and credit for the year and will instruct the Beneficiary to report all such items on his, her or its Tax return for such year and pay any Tax due with respect thereto.  The Liquidating Trustee, in his or her discretion, may limit such returns to those classes of beneficiaries he or she determines will receive a distribution.

### 11.3    Disputed Claims and Interests Reserves

The Liquidating Trustee will file all applicable Tax and other returns and statements for the Disputed Claims and Interests Reserves in accordance with the requirements for discrete trusts taxed pursuant to section 641, *et seq.* of the Internal Revenue Code or as "disputed ownership funds" within the meaning of Treas. Reg. § 1.468B-9(b)(1), as applicable.  In addition, the Liquidating Trustee will pay from the applicable Liquidating Trust Assets on a current basis any Taxes owed on any net income or gain of such Disputed Claims and Interests Reserves.

### 11.4    Tax Withholding and Reporting; Liability for Taxes

The Liquidating Trustee (and its designees) will comply with all applicable Tax withholding and reporting requirements imposed on it or on the Liquidating Trust by any

governmental unit, and all Distributions pursuant to the Plan will be subject to applicable withholding and reporting requirements. The Liquidating Trustee (and its designees) will be authorized to take any actions that may be necessary or appropriate to comply with such Tax withholding and reporting requirements, including liquidating a portion of the Distribution to be made under the Plan to generate sufficient funds to pay applicable withholding Taxes or establishing any other mechanism the Liquidating Trustee believes is reasonable and appropriate, including requiring Holders of Claims and Interests to submit appropriate Tax and withholding certifications. To the extent any Claim Holder fails to submit appropriate Tax and withholding certifications as required by the Liquidating Trustee, such Claim Holder's distribution may, in the Liquidating Trustee's reasonable discretion, be deemed undeliverable and be subject to the provisions of the Plan and this Liquidating Trust Agreement with respect to undeliverable Distributions. Each Person or entity receiving (or deemed to receive) a Distribution pursuant to the Plan will have sole responsibility for the payment of any Taxes imposed on it.

## ARTICLE XII
## TERMINATION OF THE LIQUIDATING TRUST

### 12.1    Duration and Extension

The Liquidating Trust will terminate no later than the fifth (5th) anniversary of the Effective Date; provided, however, that on or prior to the date six (6) months prior to such termination, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Liquidating Trust for a finite period if it is necessary to the liquidating purpose thereof. Multiple extensions may be obtained so long as Bankruptcy Court approval is obtained at least six (6) months prior to the expiration of such extended term; provided, however, that prior to requesting any such extension, the Liquidating Trustee must receive an opinion of counsel or a favorable ruling from the IRS that any further extension would not adversely affect the status of the trust as a grantor trust for federal income Tax purposes.

### 12.2    Termination Upon Distribution of All Liquidating Trust Assets

The Liquidating Trust will terminate and the Liquidating Trustee will have no additional responsibility in connection therewith except as may be required to effectuate such termination under relevant law and except as described in **Section 12.4** hereof, upon the latest of: (a) the payment of all costs, expenses and obligations incurred in connection with administering the Liquidating Trust; (b) the Distribution of all remaining Liquidating Trust Assets; (c) the closure or dismissal of the Chapter 11 Cases; and (d) the completion of any necessary or appropriate reports, Tax returns or other documentation determined by the Liquidating Trustee, in its reasonable discretion, to be necessary, appropriate or desirable, in each case pursuant to and in accordance with the Plan, the Confirmation Order and this Liquidating Trust Agreement.

### 12.3    Diligent Administration

The Liquidating Trustee shall: (a) not unduly prolong the duration of the Liquidating Trust; (b) at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Liquidating Trust Assets; (c) effect the Distribution of the Liquidating Trust Assets to the

Liquidating Trust Beneficiaries in accordance with the terms hereof; and (d) endeavor to terminate the Liquidating Trust as soon as practicable and without derogating from the Plan or this Liquidating Trust Agreement. Prior to and upon termination of the Liquidating Trust, the Liquidating Trustee shall distribute the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in accordance with their distribution rights under the Plan and the Confirmation Order, subject to the provisions set forth herein. If any Distributions of the Liquidating Trust are not duly claimed, the Liquidating Trustee shall dispose of all such Distributions in accordance with the Plan, the Confirmation Order and this Liquidating Trust Agreement.

### 12.4    Other Termination Procedures

Upon termination of this Liquidating Trust, the Liquidating Trustee will file a written notice with the Bankruptcy Court disclosing the Liquidating Trust's termination. Notwithstanding the foregoing, after the termination of the Liquidating Trust, the Liquidating Trustee will have the power to exercise all the rights, powers and privileges herein conferred solely for the purpose of liquidating and winding up the affairs of the Liquidating Trust. Except as otherwise provided under the Plan or this Liquidating Trust Agreement, for a period of five (5) years after the Distribution of all of the Liquidating Trust Assets, the Liquidating Trustee will retain the books, records and files that have been delivered to or created by the Liquidating Trustee, at which time the Liquidating Trustee may dispose of such books, records and files in any manner that the Liquidating Trustee deems appropriate. Except as otherwise specifically provided herein after termination of this Liquidating Trust Agreement, the Liquidating Trustee shall have no further duties or obligations hereunder.

## ARTICLE XIII
## MISCELLANEOUS PROVISIONS

### 13.1    Intention of Parties To Establish a Grantor Trust

This Liquidating Trust Agreement is intended to create a grantor trust for United States federal income Tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

### 13.2    Preservation of Privilege

In connection with the rights, claims and Causes of Action that constitute the Liquidating Trust Assets, any attorney-client privilege, work-product privilege or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust shall vest in the Liquidating Trust and its representatives, the Debtors and the Creditors' Committee, on the one hand, and the Liquidating Trustee, on the other hand, are authorized to take all necessary actions to effectuate the transfer of such privileges. For the avoidance of doubt, neither the Liquidating Trustee nor the Liquidating Trust shall be treated as a successor to the Debtors or their Estates for any purpose.

### 13.3    Cooperation

The Debtors and their Professionals shall provide the Liquidating Trustee with access to or copies of such of their books and records as the Liquidating Trustee shall reasonably require for the purpose of performing its duties and exercising its powers under this Liquidating Trust Agreement, the Plan or the Confirmation Order, and all reasonable costs and fees of the Debtors' and its Professionals relating to their compliance with this **Section 13.3** shall be paid by the Liquidating Trust. All third parties in possession of the Debtors' books and records shall provide the Liquidating Trustee with similar cooperation, and the Liquidating Trustee shall have the right to seek appropriate relief from the Bankruptcy Court to the extent that a third party unreasonably refuses to cooperate with the Liquidating Trustee's requests.

13.4    Payment of Statutory Fees

Following the transfer of all Liquidating Trust Assets to the Liquidating Trust on and after the Effective Date and through the date that a final decree is entered in the Chapter 11 Cases, the Liquidating Trust shall be obligated to pay any U.S. Trustee fees pursuant to 28 U.S.C. § 1930(a)(6) on account of the Estate.

13.5    Prevailing Party

In the event of a dispute regarding the provisions of this Liquidating Trust Agreement or the enforcement thereof, the prevailing party shall be entitled to collect any and all costs, expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.

13.6    Implied Authority of the Liquidating Trustee

No person dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the protection, conservation or disposition of Liquidating Trust Assets.

13.7    Confidentiality

The Liquidating Trustee, its employees, Professionals and Non-Professionals (each a "Confidential Party" and collectively the "Confidential Parties") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any entity to which any of the Liquidating Trust Assets relate; provided, however, that such information may be disclosed if: (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties; (b) was available to the Confidential Parties on a non-confidential basis prior to its disclosure to the Confidential Parties pursuant to this Liquidating Trust Agreement; (c) becomes available to the Confidential Parties on a non-confidential basis from a source other than their work in connection with the Debtors or the Liquidating Trust, provided that the source is not also bound by a confidentiality agreement with the Debtors or the Liquidating Trust; or (d) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations. In the event that any Confidential Party is requested to divulge confidential information pursuant to subparagraph (d), such Confidential Party shall promptly, in advance of

making such disclosure, provide reasonable notice of such required disclosure to the Liquidating Trustee to allow the Liquidating Trustee sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidating Trustee in making any such objection, including, but not limited to, appearing in any judicial or administrative proceeding in support of the Liquidating Trustee's objection to such disclosure.

13.8    Governing Law; Submission to Jurisdiction; Service of Process

This Liquidating Trust Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of law. The Bankruptcy Court will have exclusive jurisdiction over any dispute arising out of or in connection with the transactions contemplated by this Liquidating Trust Agreement. The parties to this Liquidating Trust Agreement consent to the exclusive jurisdiction of the Bankruptcy Court (and of the appropriate appellate courts therefrom) and irrevocably waive, to the fullest extent permitted by law, any objection that they may now or hereafter have to the laying of the venue of any such dispute in the Bankruptcy Court or that any such dispute brought in the Bankruptcy Court has been brought in an inconvenient forum. This Liquidating Trust Agreement is subject to any order or act of the Bankruptcy Court applicable hereto. Process may be served on any party anywhere in the world, whether within or without the jurisdiction of the Bankruptcy Court. Without limiting the foregoing, each party to this Liquidating Trust Agreement agrees that service of process on that party may be made upon the designated Person or entity at the address provided in **Section 13.10** hereof and will be deemed to be effective service of process on that party.

13.9    Severability

If any provision of this Liquidating Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

13.10   Notices

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered via personal delivery, first-class mail (unless registered or certified mail is required), facsimile or electronic mail to the addresses as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

**Liquidating Trustee**:

Kevin P. Clancy
CohnReznick LLP
4 Becker Farm Road
Roseland, NJ 07068
E-mail: kevin.clancy@cohnreznick.com

with a copy to:

Rafael X. Zahralddin, Esq.
Jonathan M. Stemerman, Esq.
Sarah Denis, Esq.
Elliott Greenleaf, P.C.
1105 Market Street, Suite 1700
Wilmington, DE 19801
Phone: (302) 384-9400
Facsimile: (302) 384-9399
E-mail: rxza@elliottgreenleaf.com
E-mail: jms@elliottgreenleaf.com
E-mail: sxd@elliottgreenleaf.com

-and-

Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
E-mail: mseymour@lowenstein.com
E-mail: jdipasquale@lowenstein.com

**Debtors**:

Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
Gibbons, P.C.
One Gateway Center
Newark, New Jersey 07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
mconlan@gibbonslaw.com
btheisen@gibbonslaw.com

13.11   Notices if to a Beneficiary

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address set forth on the Claims and Interest Lists.

13.12    Headings

The Article and Section headings contained in the Liquidating Trust Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Liquidating Trust Agreement or of any term or provision thereof.

13.13    Counterparts and Facsimile Signatures

This Liquidating Trust Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

13.14    Amendment or Waiver

Any substantive provision of this Liquidating Trust Agreement may be materially amended or waived by the Liquidating Trustee, with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; provided, however, that no change may be made to this Liquidating Trust Agreement that would adversely affect the federal income Tax status of the Liquidating Trust as a "grantor trust," if applicable.  Technical or non-material amendments to or waivers of portions of this Agreement may be made by the Liquidating Trustee without the approval of the Bankruptcy Court, as necessary, to clarify this Liquidating Trust Agreement or to enable the Liquidating Trust to effectuate the terms of this Liquidating Trust Agreement.

13.15    Intervention

On the Effective Date, and without requirement of obtaining any order of the Bankruptcy Court, the Liquidating Trustee shall be deemed to have intervened or substituted as plaintiff, moving, defendant or additional party, as appropriate, in any adversary proceeding, contested matter, Claim or Interest objection or other motion that was filed prior to the Effective Date, where the subject matter of such action involves any Disputed Claim or Interest, any Liquidating Trust Asset or any Claim or Interest, to the extent such Claim or Interest impacts the Liquidating Trust Assets.

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Liquidating Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**TRUSTEE**

By: _____
       Kevin P. Clancy

**NEW ENGLAND MOTOR FREIGHT, INC, ET AL.**

By: _____
       Vincent J. Colistra
       Their Chief Restructuring Officer

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By: _____
     Dawn Bowers
     Chair