UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1**

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: kgiannelli@gibbonslaw.com
        mconlan@gibbonslaw.com
        btheisen@gibbonslaw.com
*Counsel to the Debtors*
*and Debtors-in-Possession*

**Order Filed on November 25,
2019 by Clerk U.S. Bankruptcy
Court District of New Jersey**

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,

Debtors. [1]

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

## STIPULATION AND AGREED ORDER ALLOWING
## NATIONAL LABOR RELATIONS BOARD CLAIM NO. 1273

The relief set forth on the following page numbered two (2) through five (5) is hereby

**ORDERED**.

**DATED: November 25,
2019**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:
New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics,
Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue
Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:      2
Debtors:   New England Motor Freight, Inc., *et al.*
Case No.:  19-12809 (JKS)
Caption:   Stipulation and Agreed Allowing National Labor Relations Board Claim No. 1273

This Stipulation Allowing National Labor Relations Board Claim No. 1273 (the "Stipulation") is made by and among the National Labor Relations Board (the "NLRB"), the above-captioned debtors-in-possession (the "Debtors" and together with the NLRB, the "Parties").

## RECITALS

**WHEREAS**, on February 11, 2019 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") each filed a voluntary petition for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), thereby initiating the chapter 11 cases. With the exception of the Debtors sold as going-concerns, Eastern Freight Ways, Inc. and Carrier Industries, Inc., the Debtors, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, engaged in an orderly liquidation of their assets and wind-down of their businesses, toward the goal of preserving and maximizing the value of their assets for all creditors; and

**WHEREAS**, on or about February 25, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"); and

**WHEREAS**, prior to the Petition Date, several unfair labor practice charges (the "Unfair Labor Practice Charges") were filed with the NLRB by Robert Ray Coulson against New England Motor Freight; and

**WHEREAS**, on August 6, 2019, the NLRB and Debtor New England Motor Freight entered into an informal settlement agreement (the "Settlement"); and

**WHEREAS**, the amount Debtor New England Motor Freight agreed to pay for back

Case 19-12809-JKS  Doc 1045  Filed 11/25/19  Entered 11/25/19 16:28:08  Desc Main
Document  Page 3 of 23
Page:    3
Debtors:  New England Motor Freight, Inc., *et al*.
Case No.:  19-12809 (JKS)
Caption:  Stipulation and Agreed Allowing National Labor Relations Board Claim No. 1273

wages in connection with the Settlement of the Unfair Labor Practice Charges was $14,111.00 plus tax and interest for a total of $14,391.00 (the "NLRB Coulson Claim" or the "Claim"), which Claim has been memorialized in proof of claim numbered 1273 filed against New England Motor Freight by the NLRB on August 8, 2019 and is attached hereto as Exhibit A; and

**WHEREAS**, the Parties agree that $13,650.00 of the NLRB Coulson Claim is entitled to priority under 11 U.S.C. Section 507(a)(4); and

**WHEREAS**, the Parties agree that the $741.00 remainder of the NLRB Coulson Claim is entitled to be classified as a general, unsecured claim;

**WHEREAS**, the Committee has no objection to entry of this Stipulation; and

**WHEREAS**, the Parties desire to memorialize the Claim by this Stipulation.

**NOW, THEREFORE**, the Parties stipulate and agree, and the Court hereby finds and **ORDERS** as follows:

1.      The foregoing recitals are incorporated herein by reference.

2.      The NLRB forever waives, releases and discharges the Debtors, the Debtors' estates, and each of their respective successors, agents and assigns of and from any and all manner of action and actions, cause and causes of action, suits, guarantees, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing related to the NLRB Coulson Claim, whether or not such claims are known or unknown to the NLRB, and whether or not such claims have been asserted by the NLRB.

3.      The NLRB shall have an allowed priority claim against the Debtors in the amount

Case 19-12809-JKS   Doc 1045   Filed 11/25/19   Entered 11/25/19 16:28:08   Desc Main
Document   Page 4 of 23
Page:      4
Debtors:   New England Motor Freight, Inc., *et al*.
Case No.:  19-12809 (JKS)
Caption:   Stipulation and Agreed Allowing National Labor Relations Board Claim No. 1273

of $13,650.00 (the "<u>Allowed Priority Claim</u>") and a general, unsecured claim against the Debtors in the amount of $741 (the "<u>Allowed General Unsecured Claim</u>"), both of which shall be allowed in full and shall not be subject to any avoidance, reductions, setoff, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, objection, or any other challenges under any applicable law or regulation by any person or entity, including but not limited to the Debtors and any successors, trustees, or examiners appointed for the Debtors and their estates.

4.     This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

5.     The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

6.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original. It shall not be necessary in making proof of this Stipulation to produce or account for more than one such counterpart.

7.     This Stipulation may not be amended without the express written consent of all Parties hereto.

8.     This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

Page:      5
Debtors:   New England Motor Freight, Inc., *et al.*
Case No.:  19-12809 (JKS)
Caption:   Stipulation and Agreed Allowing National Labor Relations Board Claim No. 1273

---

9.    It is acknowledged that each of the Parties has participated in and jointly consented

to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or

against either of the Parties on account of such drafting.

10.    Each of the Parties hereby irrevocably consents to the jurisdiction of the

Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation

and expressly waives any right to commence any such action in any forum other than the

Bankruptcy Court. This Stipulation shall be interpreted and construed in accordance with the laws

of the State of New Jersey, without regard to the conflict of laws of the State of New Jersey.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Stipulation as of the date

and year first written below and each such Party consents to the form and manner of this

Stipulation.

**AGREED TO AND JOINTLY SUBMITTED BY:**

| | |
|---|---|
| Dated: November 21, 2019 | Dated: November 21, 2019 |
| **GIBBONS P.C.** | **NATIONAL LABOR RELATIONS BOARD** |
| By:    */s/ Karen A. Giannelli*<br>        Karen A. Giannelli | By:    _____<br>        Nancy Wilson, Regional Director |
| One Gateway Center<br>Newark, NJ 07102-5310<br>Tel: (973) 596-4500<br>E-mail: kgiannelli@gibbonslaw.com | 1000 Liberty Avenue, Room 904<br>Pittsburgh, PA  15222<br>Tel: (412) 690-7123<br>E-mail: Nancy.Wilson@nrlb.gov |
| *Counsel to the Debtors*<br>*and Debtors-in-Possession* | *National Labor Relations Board* |

# EXHIBIT A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of New Jersey | | PROOF OF CLAIM |
|---|---|---|---|

| Name of Debtor: | Case Number: |
|---|---|
| New England Motor Freight, Inc. | 19-bk-12809 |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
National Labor Relations Board                                44587

**COURT USE ONLY**

Name and address where notices should be sent:
Nancy Wilson, Regional Director
1000 Liberty Avenue, Room 904
Pittsburgh, Pennsylvania 15222

Telephone number: (412) 690-7123      email: Nancy.Wilson@nlrb.gov

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:                email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

| 1. Amount of Claim as of Date Case Filed: | $                14,391.00 | USBC DISTRICT OF NEW JERSEY |
|---|---|---|

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

NEW ENGLAND MOTOR FREIGHT, INC ET AL
CHAPTER 11 CASE NO. 19-12809 (JKS)
CLAIM NUMBER:                    01273

2. Basis for Claim:  Back wages
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| | (See instruction #3a) | (See instruction #3b) |

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ❏Real Estate  ❏Motor Vehicle  ❏Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ❏Fixed  or  ❏Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection:_____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$          13,650.00

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction #8)**

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Nancy Wilson
Title:   Regional Director
Company:   National Labor Relations Board
Address and telephone number (if different from notice address above):

(Signature)   8/6/2019   (Date)

Telephone number:        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)                                                                                                    3

_____DEFINITIONS_____                                                                    _____INFORMATION____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:                                    )    Chapter 11
                                          )
NEW ENGLAND MOTOR FREIGHT, INC.,          )    Case No. 19-12809
                                          )
Debtor.                                   )
                                          )
                                          )

### SUPPORTING STATEMENT TO PROOF OF CLAIM
### BY THE NATIONAL LABOR RELATIONS BOARD

1.      The undersigned, Nancy Wilson, is the Regional Director of Region 6 ("the

Regional Director") of the National Labor Relations Board ("the Board"), located at 1000

Liberty Avenue, Suite 904, Pittsburgh, Pennsylvania 15222, an agency of the United States

Government. The undersigned is authorized by the Board to make this Proof of Claim on behalf

of the Board for backpay and other moneys owed to employees of New England Motor Freight

("the Debtor"), under the National Labor Relations Act, 29 U.S.C. Sec. 151, et seq. ("the Act").

2.      This proof of claim is based on the following:

      a.   On December 21, 2018, an unfair labor practice charge in Case 06-CA-

233175 was filed by Robert Ray Coulson, an individual ("Coulson"), with the

Board. The charge alleges that the Debtor violated Sections 8(a)(1) and (4) of

the Act by discharging Coulson on November 28, 2018 because Coulson had

previously filed unfair labor practice charges with the Board. Coulson filed a

first amended charge on January 9, 2019, and a second amended charge on

April 15, 2019. Copies of the charges are attached as Exhibit A.

1

b. On February 11, 2019, the Debtor filed a petition in bankruptcy ("the
Petition").

c. On August 5, 2019, the Board and the Debtor entered into an Informal
Settlement Agreement ("the Settlement"), attached hereto as Exhibit B.

d. Pursuant to the Settlement, the Debtor and the Board agreed that the Debtor
owes $14,111.00 for back wages that accrued during the 180 days prior to the
Debtor's filing of the Petition, along with an estimated $38.00 in excess tax
and $242 in interest.[1] The Board and the Debtor agree that the total amount
owed by the Debtor to the Board is $14,391.00 ("the Settlement Amount").

e. The Debtor and the Board further agree that $13,650 of the Settlement
Amount is entitled to priority under 11 U.S.C. Section 507(a)(4).

f. The Debtor and the Board further agree that the Board shall be entitled to the
remainder of the Settlement Amount, totaling $741.00, as a general, unsecured
claim.

3.    The Board is the forum with the exclusive authority to adjudicate the liability of
the Debtor and to determine the appropriate amount of the backpay liability. See *Nathanson v.
NLRB*, 344 U.S. 25, 27 (1952); *San Diego Building Trades Council v. Garmon*, 234 U.S. 234,
245 (1959).

---

[1] The interest on these amounts calculated according to the Board's prescribed method with the rates as
described in *New Horizons*, 283 NLRB 1173 (1987), compounded daily as prescribed in *Kentucky River Medical
Center*, 356 NLRB No. 8 (2010).

2

Dated at Pittsburgh, Pennsylvania, this 6th day of August, 2019.

Respectfully submitted,

Nancy Wilson
Regional Director
National Labor Relations Board, Region Six
1000 Liberty Avenue, Suite 904
Pittsburgh, Pennsylvania 15222

# EXHIBIT A

Form NLRB – 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**SECOND AMENDED CHARGE AGAINST EMPLOYER**

INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 06-CA-233175 | 4-15-19 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>New England Motor Freight | | b. Tel. No.<br>(724)864-4002 |
|---|---|---|
| | | c. Cell No. |
| d. Address (street, city, state ZIP code)<br>12731 US-30<br>Irwin, PA 15642 | e. Employer Representative<br>Dave Muko,<br>Terminal Manager | f. Fax No. |
| | | g. e-Mail |
| | | h. Dispute Location (City and State)<br>Irwin, PA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Trucking | j. Principal Product or Service<br>Freight | k. Number of workers at dispute location<br>10 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (4) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about December 17, 2018, the above-named Employer terminated Robert Ray Coulson III because he filed charges with the NLRB under case 06-CA-232034.

Additionally, on or about December 17, 2018, the above-named Employer, by Vice President John McKenna informed an employee that he was terminating Robert Ray Coulson III because he filed a charge with the NLRB.

Further, on or about December 17, 2018, the above-named Employer, by Vice President John McKenna, threatened to fire employees in response to union grievance filing activities.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Robert Ray Coulson III, an Individual | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code)<br>2808 C Street<br>McKeesport, PA 15133 | 4b. Tel. No.<br>(724)797-8497 |
| | 4c. Cell No.<br>(724)797-8497 |
| | 4d. Fax No. |
| | 4e. e-Mail<br>missycp77@hotmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No.<br>(724)797-8497 |
|---|---|
| | Office, if any, Cell No.<br>(724)797-8497 |
| By *Robert R. Coulson III*    Robert Ray Coulson III, an Individual | |
| (signature of representative or person making charge)    Print Name and Title | Fax No. |
| Address: 2808 C Street,    Date: 4/09/19<br>McKeesport, PA 15133 | e-Mail<br>missycp77@hotmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 06-CA-233175 | 1-9-19 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>New England Motor Freight | | b. Tel. No.<br>(724)864-4002 |
|---|---|---|
| | | c. Cell No. |
| d. Address (street, city, state ZIP code)<br>12731 US-30<br>Irwin, PA 15642 | e. Employer Representative<br>Dave Muko,<br>Terminal Manager | f. Fax No. |
| | | g. e-Mail |
| | | h. Dispute Location (City and State)<br>Irwin, PA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Trucking | j. Principal Product or Service<br>Freight | k. Number of workers at dispute location<br>100 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (4) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about December 11, 2018, the above-named Employer terminated Robert Ray Coulson III because he filed charges with the NLRB under case 06-CA-232034.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Robert Ray Coulson III, an Individual | | |
|---|---|---|
| 4a. Address (street and number, city, state, and ZIP code)<br><br>2808 C Street<br>McKeesport, PA 15133 | | 4b. Tel. No.<br>(724)797-8497 |
| | | 4c. Cell No.<br>(724)797-8497 |
| | | 4d. Fax No. |
| | | 4e. e-Mail<br>missycp77@hotmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>(724)797-8497 |
|---|---|---|
| By: ~signature~ | Robert Ray Coulson III, an Individual | Office, if any, Cell No.<br>(724)797-8497 |
| (signature of representative or person making charge) | Print Name and Title | Fax No. |
| Address: 2808 C Street<br>McKeesport, PA 15133 | Date: 1/9/19 | e-Mail<br>missycp77@hotmail.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Form NLRB - 501  (2-08)

| | | DO NOT WRITE IN THIS SPACE | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | Case | Date Filed |
| NATIONAL LABOR RELATIONS BOARD | | | |
| **CHARGE AGAINST EMPLOYER** | | 06–CA–233175 | 12–21–18 |

INSTRUCTIONS:

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

**1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer | | b. Tel. No. |
|---|---|---|
| New England Motor Freight | | (724) 864-4002 |
| | | c. Cell No. |
| d. Address (street, city, state ZIP code) | e. Employer Representative | f. Fax No. |
| 12731 US-30 | | |
| Irwin, PA 15642 | Dave Muko, | g. e-Mail |
| | Terminal Manager | |
| | | h. Dispute Location (City and State) |
| j. Type of Establishment (factory, nursing home, hotel) | j. Principal Product or Service | k. Number of workers at dispute location |
| Trucking | Freight | 100 |

i. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a) (1) and (4) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2.  Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about November 28, 2018, the above-named Employer terminated Robert Ray Coulson III because he filed charges with the NLRB under case 06-CA-232034.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) | |
|---|---|
| Robert Ray Coulson III, an individual | |
| 4a. Address (street and number, city, state, and ZIP code) | 4b. Tel. No. |
| 2808 C Street | (724) 797-8497 |
| McKeesport, PA 15133 | 4c. Cell No. |
| | (724) 797-8497 |
| | 4d. Fax No. |
| | |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6.  DECLARATION | Tel. No. |
|---|---|
| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | (724) 797-8497 |
| | Office, if any, Cell No. |
| By: _Robert Ray Coulson III_   Robert Ray Coulson III | (724) 797-8497 |
| (signature of representative or person making charge)   Print Name and Title | Fax No. |
| Address: 2808 C Street        Date: 12/19/2018 | e-Mail |
| McKeesport, PA 15133 | missycp77@hotmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.            1-2400930832

# EXHIBIT B

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
**SETTLEMENT AGREEMENT**

**IN THE MATTER OF**
**New England Motor Freight**                                                      **Case 06-CA-233175**

Subject to the approval of the Regional Director for the National Labor Relations Board, the Charged Party and the Charging Party **HEREBY AGREE TO SETTLE THE ABOVE MATTER AS FOLLOWS**:

**MAILING OF NOTICE** — After the Regional Director has approved this Agreement, the Regional Office will send copies of the approved Notice to the Charged Party in English and in additional languages if the Regional Director decides that it is appropriate to do so. Those Notices will be signed and dated by a responsible official of the Charged Party. The Charged Party will then remit a copy of the signed Notice, along with a list of addresses for all former employees who were employed at its facility located at 12731 US-30 Irwin, PA 15642, at any time since December 17, 2018. The Region will be responsible for mailing the signed Notices to these employees.

**COMPLIANCE WITH NOTICE** — The Charged Party will comply with all the terms and provisions of said Notice.

**BANKRUPTCY COURT APPROVAL** - The Charged Party agrees that the backpay amount set forth in Attachment A is accurate. The Charged Party further agrees that the net backpay amount set forth in Attachment A qualifies as an administrative claim under 11 U.S.C. Section 507(a)(4), and agrees that it will not contest the allowance of a claim for up to a maximum amount of $13,650.00 as an administrative claim under 11 U.S.C. Section 507(a)(4). The Charged Party further agrees that the amount of $741.00, which consists of the interest, excess tax, and remainder of the net backpay amount, as set forth in Attachment A, does not qualify as a priority claim and should be treated as a general, unsecured claim.

All parties agree that this Agreement is subject to approval by the Bankruptcy Court.

All parties agree that the amounts agreed to herein, and liquidated hereby, will be submitted to the Bankruptcy Court for appropriate distribution along with other debts

**NON-ADMISSION CLAUSE** — By entering into this Settlement Agreement, the Charged Party does not admit that it has violated the National Labor Relations Act.

**SCOPE OF THE AGREEMENT** — This Agreement settles only the allegations in the above-captioned case(s), including all allegations covered by the attached Notice to Employees made part of this agreement, and does not settle any other case(s) or matters. It does not prevent persons from filing charges, the General Counsel from prosecuting complaints, or the Board and the courts from finding violations with respect to matters that happened before this Agreement was approved regardless of whether General Counsel knew of those matters or could have easily found them out. The General Counsel reserves the right to use the evidence obtained in the investigation and prosecution of the above-captioned case(s) for any relevant purpose in the litigation of this or any other case(s), and a judge, the Board and the courts may make findings of fact and/or conclusions of law with respect to said evidence.

**PARTIES TO THE AGREEMENT** — If the Charging Party fails or refuses to become a party to this Agreement and the Regional Director determines that it will promote the policies of the National Labor Relations Act, the Regional Director may approve the settlement agreement and decline to issue or reissue a Complaint in this matter. If that occurs, this Agreement shall be between the Charged Party and the undersigned Regional Director. In that case, a Charging Party may request review of the decision to approve the Agreement. If the General Counsel does not sustain the Regional Director's approval, this Agreement shall be null and void.

**AUTHORIZATION TO PROVIDE COMPLIANCE INFORMATION AND NOTICES DIRECTLY TO CHARGED PARTY** — Counsel for the Charged Party authorizes the Regional Office to forward the cover letter describing the general expectations and instructions to achieve compliance, a conformed settlement, original notices and a certification of posting directly to the Charged Party. If such authorization is granted, Counsel will be simultaneously served with a courtesy copy of these documents.

Yes _____VJC_____   No _____
         Initials                     Initials

**PERFORMANCE** — Performance by the Charged Party with the terms and provisions of this Agreement shall commence immediately after the Agreement is approved by the Regional Director, or if the Charging Party does not enter into this Agreement, performance shall commence immediately upon receipt by the Charged Party of notice that no review has been requested or that the General Counsel has sustained the Regional Director. The Charged Party agrees that in case of non-compliance with any of the terms of this Settlement Agreement by the Charged Party, and after 14 days' notice from the Regional Director of the National Labor Relations Board of such non-compliance without remedy by the Charged Party, the Regional Director will issue a Complaint that includes the allegations covered by the Notice to Employees, as identified above in the Scope of Agreement section, as well as filing and service of the charge(s), commerce facts necessary to establish Board jurisdiction, labor organization status, appropriate bargaining unit (if applicable), and any other allegations the General Counsel would ordinarily plead to establish the unfair labor practices.

**NOTIFICATION OF COMPLIANCE** — Each party to this Agreement will notify the Regional Director in writing what steps the Charged Party has taken to comply with the Agreement. This notification shall be given within 5 days, and again after 60 days, from the date of the approval of this Agreement. If the Charging Party does not enter into this Agreement, initial notice shall be given within 5 days after notification from the Regional Director that the Charging Party did not request review or that the General Counsel sustained the Regional Director's approval of this agreement. No further action shall be taken in the above captioned case(s) provided that the Charged Party complies with the terms and conditions of this Settlement Agreement and Notice.

| Charged Party New England Motor Freight | | Charging Party Robert Ray Coulson III | |
|---|---|---|---|
| By:        Name and Title | Date 8/5/19 | By:        Name and Title | Date 8/01/19 |
| /s/ Vincent J. Colistra | | /s/ Robert Ray Coulson III | |
| Print Name and Title below | | Print Name and Title below | |
| Vincent J. Colistra, Chief Restructuring Officer | | Robert Ray Coulson III | |
| Recommended By: | Date 8/6/19 | Approved By: | Date 8/6/19 |
| /s/ Zachary A. Hebert | | /s/ Nancy Wilson | |
| ZACHARY A. HEBERT Field Attorney | | NANCY WILSON Regional Director, Region 6 | |

**(To be printed and posted on official Board notice form)**

## FEDERAL LAW GIVES YOU THE RIGHT TO:

- Form, join, or assist a union;
- Choose a representative to bargain with us on your behalf;
- Act together with other employees for your benefit and protection;
- Choose not to engage in any of these protected activities.

**WE WILL NOT** interfere with restrain or coerce you in the exercise of the above rights.

**WE WILL NOT** fire you because you have filed charges or given testimony under the National Labor Relations Act.

**WE WILL NOT** in any like or related manner interfere with your rights under Section 7 of the Act.

**WE WILL** remove from our files all references to the discharge of Robert Ray Coulson III and **WE WILL** notify Coulson in writing that this has been done and that the discharge will not be used against him in any way.

**WE WILL** pay Coulson for the wages and other benefits he lost because we fired him.

**WE WILL,** in the event we reopen our operations, offer Coulson immediate and full reinstatement to his former job, or if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights and privileges previously enjoyed.

**New England Motor Freight**
_____
(Employer)

**Dated:** _____ **By:** _____
(Representative)         (Title)

_The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. We conduct secret-ballot elections to determine whether employees want union representation and we investigate and remedy unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below or you may call the Board's toll-free number 1-844-762-NLRB (1-844-762-6572). Hearing impaired callers who wish to speak to an Agency representative should contact the Federal Relay Service (link is external) by visiting its website at_

*https://www.federalrelay.us/tty (link is external), calling one of its toll free numbers and asking
its Communications Assistant to call our toll free number at 1-844-762-NLRB.*

1000 Liberty Ave Rm 904                    **Telephone:** (412)395-4400
Pittsburgh, PA 15222-4111                  **Hours of Operation:** 8:30 a.m. to 5 p.m.

---

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered,
defaced or covered by any other material. Any questions concerning this notice or compliance with its
provisions may be directed to the above Regional Office's Compliance Officer.

## ATTACHMENT A

Robert Ray Coulson, III:

| Net Backpay | Interest | Excess Tax | Total |
|---|---|---|---|
| $14,111.00 | $242.00 | $38.00 | $14,391.00 |

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 6
1000 Liberty Ave Rm 904
Pittsburgh, PA 15222-4111

Agency Website: www.nlrb.gov
Telephone: (412) 395-4400
Fax: (412) 395-5986

Agent's Direct Dial: (412) 690-7143

August 7, 2019

United States Bankruptcy Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:    New England Motor Freight
Bankruptcy Case 19-12809

Dear Sir or Madam:

Enclosed please find two copies of the Proof of Claim and corresponding Statement in Support of the Proof of Claim on behalf of the National Labor Relations Board for filing in this matter. Please kindly return one court-stamped copy of these documents using the pre-marked return envelope.

Thank you in advance.

Very truly yours,

Zachary Hebert
Field Attorney