**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*, | Case No. 19-12809 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL AFFIDAVIT OF DONLIN, RECANO AND COMPANY, INC. REGARDING SERVICE OF SOLICITATION PACKAGES WITH RESPECT TO DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' THIRD AMENDED JOINT COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF KINGS    )

I, John Burlacu, declare:

1. I am over the age of 18 years and not a party to this chapter 11 case.

2. I am employed by Donlin, Recano & Company, Inc. ("DRC")[2], 6201 15th Avenue, Brooklyn, NY 11219.

3. On the 6th day of December, 2019, at my direction and under my supervision, employees of DRC caused to be served the *Ballot for Voting to Accept or Reject the Joint Combined Plan– for Classes 5A and 5D General Unsecured Claims against Consolidated NEMF Debtors*, attached hereto as Exhibit A, personalized to indicate the name and voting amount of its respective claimant (a list of all claimants for which a Ballot was prepared is attached hereto as Exhibit D), via electronic mail upon Brent C. Strickland at the following email address: bstrickland@wtplaw.com.

4. On the 9th day of December, 2019, at my direction and under my supervision, employees of DRC caused to be served the following materials via electronic mail upon Brent C. Strickland at the following email address: bstrickland@wtplaw.com

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the in the Conditional Approval and Procedures Order, or the Joint Combined Plan and Disclosure Statement, as applicable.

a. *Notice of Order (I) Approving the Adequacy of Disclosures in the Joint Combined Plan of Liquidation and Disclosure Statement on an Interim Basis, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept Or Reject the Joint Combined Plan and Disclosure Statement, (IV) Approving the Form of Ballot and Solicitation Package, and (V) Approving the Notice Provisions*, attached hereto as <u>Exhibit B</u>;

b. the solicitation package Committee support, attached hereto as <u>Exhibit C</u>;

c. *Debtors' and Official Committee of Unsecured Creditors' Third Amended Joint Combined Plan of Liquidation and Disclosure Statement* (Docket No. 1023, excluding the Redlined Plan); and

d. *Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept Or Reject the Joint Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving Notice Provisions* (Docket No. 1008).

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.  Executed this 10th day of December, 2019, Brooklyn, New York.

John Burlacu
_____
John Burlacu

Sworn before me this
10th day of December, 2019

_____
Notary Public

SUNG JAE KIM
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KI6211176
MY COMM. EXP. SEPTEMBER 14, 2021

EXHIBIT A

Consolidated NEMF Debtors, Classes: 5A and 5D General Unsecured Claims
Class: «pclass» Seq: «SEQ»

PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT, DONLIN, RECANO & COMPANY, INC., AT
**DRCVOTE@DONLINRECANO.COM** OR (866) 416-0554 IF YOU HAVE ANY QUESTIONS REGARDING
THE BALLOT OR THE VOTING PROCEDURES. THE CLAIMS AND BALLOTING AGENT IS NOT
AUTHORIZED TO PROVIDE LEGAL ADVICE.

YOUR BALLOT MUST BE RECEIVED BY THE CLAIMS AND BALLOTING AGENT BY 4:00 P.M. (ET) ON
DECEMBER 18, 2019 OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.

PLEASE READ CAREFULLY AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING AND
RETURNING YOUR BALLOT.

PLEASE REVIEW CAREFULLY THE ACCOMPANYING COMBINED PLAN OF LIQUIDATION AND
DISCLOSURE STATEMENT FOR A DESCRIPTION OF THE SAME AND ITS EFFECTS ON HOLDERS OF
CLAIMS AGAINST THE DEBTORS TO DETERMINE WHETHER TO VOTE TO ACCEPT OR REJECT THE
COMBINED PLAN AND DISCLOSURE STATEMENT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC, *et al*.,[1] | Case No. 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |

**BALLOT WITH REGARD TO THE CONSOLIDATED NEMF DEBTORS FOR ACCEPTING OR REJECTING
THE DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
JOINT COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT**

The above-captioned debtors and debtors in possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**") are soliciting votes with respect to the *Joint Combined Plan of Liquidation and Disclosure Statement for New England Motor Freight, Inc., et al.* [Docket No. 932] (as amended, modified, or supplemented from time to time, the "**Joint Combined Plan and Disclosure Statement**"),[2] which has been jointly proposed by the Debtors and the Committee.

On November 14, 2019, the Bankruptcy Court entered the *Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Joint Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Combined Plan and Disclosure Statement, (IV) Approving the Form of Ballot and Solicitation Package, and (V) Approving the Notice Provisions* [Docket No. 1008] (the "**Interim Approval and Procedures Order**"). The Interim Approval and Procedures Order, among other things, conditionally approved the Joint Combined Plan and Disclosure Statement for solicitation purposes only.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

[2] Capitalized terms used or not otherwise defined shall have the meanings ascribed to them in the Joint Combined Plan and Disclosure Statement.

Along with this Ballot, you have received a Solicitation Package consisting of (a) the Joint Combined Plan and Disclosure Statement; (b) the Interim Approval and Procedures Order; (c) the Confirmation Hearing Notice; and (d) such other materials as the Court may direct. You should review the Solicitation Packages carefully before you vote.

Your Claim has been placed in Class 5A - General Unsecured Claims-Other than Lender Deficiency Claims and/or Class 5D - General Unsecured Claims-Lender Deficiency Claims as a Claim against the Consolidated NEMF Debtors under the Joint Combined Plan and Disclosure Statement.

**Your Vote to Accept or Reject the Joint Combined Plan and Disclosure Statement**

Holders of Claims in Classes 5A and 5D against the Consolidated NEMF Debtors may use this Ballot to vote to accept or reject the Joint Combined Plan and Disclosure Statement. Confirmation of the Joint Combined Plan and Disclosure Statement requires that, of the Holders of Claims in Class 5A and/or Class 5D, respectively, against the Consolidated NEMF Debtors who actually vote, at least two-thirds in dollar amount and more than one-half in number in the respective Class, affirmatively vote to accept the Joint Combined Plan and Disclosure Statement. If the required votes are received and the Court confirms the Joint Combined Plan and Disclosure Statement, it will be binding upon you. If your vote is not received by the Claims and Balloting Agent by the Voting Deadline of **December 18, 2019 at 4:00 p.m. (ET)**, it will not count as either an acceptance or rejection of the Joint Combined Plan and Disclosure Statement.

**YOU SHOULD CAREFULLY REVIEW THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT AND THE ATTACHED INSTRUCTIONS BEFORE COMPLETING AND RETURNING THIS BALLOT. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT.**

---

**If the Claims and Balloting Agent does not <u>receive</u> your Ballot by December 18, 2019 at 4:00 p.m. (ET), and if the deadline is not extended, your vote as either acceptance or rejection of the Joint Combined Plan and Disclosure Statement will not count. If the Joint Combined Plan and Disclosure Statement is confirmed by the Court, it will be binding on you whether or not you vote.**

---

**ITEM. 1      AMOUNT OF CLAIM**

As of the Record Date, the undersigned was the Holder (or authorized signatory for such Holder) of a Claim in Class «pclass» against the Consolidated NEMF Debtors in the following amount:

**«v_amt_c»**

**ITEM 2.      VOTE ON COMBINED PLAN AND DISCLOSURE STATEMENT**

The Holder of the Class «pclass» Claim set forth in Item 1 hereby votes:

| To ACCEPT the Joint Combined Plan and Disclosure Statement | To REJECT the Joint Combined Plan and Disclosure Statement |
|:---:|:---:|
| ☐ | ☐ |

(abs) |‖‖‖‖‖‖_____‖‖‖|                    (a/r) |‖‖‖‖‖‖_____‖‖‖|

(«crednoseq») «l1»                                    «instance» «ballotid»

**ITEM 3.**        **RELEASES**

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES CONTAINED IN THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT**</u>

**CONFIRMATION OF THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT WILL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES PROVIDED THEREIN AND YOU WILL BE DEEMED TO HAVE COMPLETELY, CONCLUSIVELY, UNCONDITIONALLY, AND IRREVOCABLY RELEASED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN ARTICLE X(B)(2) OF THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT.**

Article X(B)(2) of the Joint Combined Plan and Disclosure Statement includes certain releases from the Debtors' creditors, interest holders, and other parties in interest in favor of certain specified parties that will be granted to the fullest extent permitted by applicable law (such releases, as set forth in Article X(B)(2), the "**Releases**"). As a creditor of the Debtors, you should read Article X(B)(2) carefully as it affects your rights by releasing claims that you may hold against the released parties. The Debtors believe that the Releases, in the context of the Chapter 11 Cases and the Joint Combined Plan and Disclosure Statement, are permissible under applicable law even without the consent of the releasing parties.

Specifically, the Release in Article X(B)(2) of the Joint Combined Plan and Disclosure Statement provides:

1.        <u>*Release of Equity Holders and Affiliates.*</u> *Except as expressly set forth in the Equity Holders and Affiliates Settlement, in consideration of the representations, warranties, and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors, the Committee, the Estates, all Creditors, whether or not any such Creditor filed a Proof of Claim against one or more of the Debtors and/or is entitled to receive any Distribution pursuant to the Plan and/or the Auto Liability Protocol, the Debtors' employees, insurers and brokers, the Liquidating Trust, and all other parties in interest in the Chapter 11 Cases, and their respective representatives, agents, predecessors, successors, and assigns (collectively the "Debtors Releasing Parties"), hereby remise, release, and forever acquit and discharge each and all of the Equity Holders and Affiliates, and their officers, directors, shareholders, members, managers, agents, employees, attorneys, and representatives (the "Equity Holder and Affiliates Released Parties"), of and from any and all manner of acts and actions, cause and causes of actions, arbitrations, mediations, conciliations, dues, sums of money, reckonings, bonds, bills, specialties, contracts, controversies, variances, trespasses, damages, judgments, executions, rights, claims, demands, suits, proceedings, debts, accounts, warranties, covenants, liabilities, agreements, and promises of any nature whatsoever in law or in equity, whether known or unknown, whether sounding in tort or contract or any other basis, that the Debtors Releasing Parties have, have had, or may at any time hereafter have against the Equity Holder and Affiliates Released Parties in any capacity, for, upon, or by reason of any matter, cause, or thing whatsoever, in any way relating to one or more of the Debtors, the Estates, the conduct of the Debtors' business, the Chapter 11 Cases, the same subject matter as the Claim held by any Creditor against one or more of the Debtors, or this Combined Plan and Disclosure Statement (other than the rights under this Combined Plan and Disclosure Statement and  the Plan Documents); provided, however, that this release shall not extend to and is not intended to release any mortgage directly owed by any of the Equity Holder and Affiliates Released Parties on real property such Equity Holder and Affiliates Released Parties own that was formerly used or occupied by the Debtors in their business operations.  Further, this release shall not release potential claims that may arise from future transactions and occurrences between the parties._This release shall be effective only upon (i) payment in full of the Cash Payment, (ii) the repayment of any distribution in respect of Pledged Claims referenced in Section 5 of the Equity Holders and Affiliates Settlement, and (iii) the assumption of debt referenced in Section 4 of the Equity Holders and Affiliates Settlement.*

Certain terms in the Release in Article X(B)(2) are defined in the Joint Combined Plan and Disclosure Statement as follows:

***Equity Holders and Affiliates*: means all *Persons* and *Entities* identified as the *Debtors'* equity holders, officers, directors, lessors and affiliates who are listed in the *Settlement Agreement and Mutual Release* by and among said parties and the *Debtors* on behalf of themselves, their estates and any successors, and the *Committee* on behalf of itself and any successors, which *Settlement Agreement and Mutual Release* is attached to the Joint Combined Plan and Disclosure Statement and incorporated therein as Exhibit D.**

***Effective Date*: means the first *Business Day* after all conditions specified in Article XII(B) of the Joint Combined Plan and Disclosure Statement have been satisfied or waived.**

**ITEM 4.**       **CERTIFICATION**

By signing this Ballot, the undersigned certifies that:

(a)   no other Ballots have been cast with respect to the Claim identified in Item 1, and that, to the extent such Ballots have been cast, such earlier Ballots are hereby revoked;

(b)   has been provided with a copy of the Joint Combined Plan and Disclosure Statement and the Interim Approval and Procedures Order, and acknowledges that the vote set forth on this Ballot is subject to all terms and conditions set forth therein; and

(c)   is the Holder of the Claim set forth in Item 1, and has full power and authority to vote to accept or reject the Joint Combined Plan and Disclosure Statement.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Joint Combined Plan and Disclosure Statement and that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned and shall not be affected by, and shall survive the death or incapacity, of the undersigned.

Name of Holder:                            _____

Signature                                        _____

Name of Signatory (if different than     _____
Holder)

Title (if applicable):                       _____

Social Security or Federal Tax I.D. No.:   _____

Street Address:                              _____

City, State & Zip Code:                      _____

Telephone Number:                            _____

Email:                                       _____

Date Completed:                              _____

If you wish to update the address pre-printed on this Ballot, please send a change of address request to DRCVote@DonlinRecano.com.

This Ballot is not, and shall not, constitute or be deemed to be (a) a Proof of Claim or interest or an assertion of a Claim or Equity Interest; or (b) an admission by the Debtors of the nature, validity, or amount of any Claim and does not signify that your Claim has been or will be Allowed.

THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND **ACTUALLY RECEIVED** BY THE CLAIMS AND BALLOTING AGENT **NO LATER THAN DECEMBER 18, 2019 AT 4:00 P.M. (ET)** OR YOUR VOTE WILL NOT BE COUNTED. YOU MAY USE THE PRE-ADDRESSED ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE FOLLOWING ADDRESS:

| **If by First Class Mail:** | **If by Overnight Courier, Messenger, or Hand Delivery:** |
|---|---|
| Donlin, Recano & Company, Inc.<br>Re: New England Motor Freight, Inc. et al.<br>Attn: Voting Department<br>P.O. Box 192016<br>Blythebourne Station<br>Brooklyn, NY 11219 | Donlin, Recano & Company, Inc.<br>Re: New England Motor Freight, Inc. et al.<br>Attn: Voting Department<br>6201 15th Ave.<br>Brooklyn, NY 11219 |
| **If by Electronic Mail:**<br><br>Ballots may also be delivered to the Claims and Balloting Agent by electronic mail sent to: Balloting@DonlinRecano.com with "NEMF Vote" on the subject line.[3] | |

BALLOTS SUBMITTED BY FACSIMILE OR OTHER FORMS OF ELECTRONIC SUBMISSION OTHER THAN BY ELECTRONIC MAIL WILL IN ACCORDANCE WITH THE INSTRUCTIONS ABOVE WILL **NOT** BE ACCEPTED. DO NOT MAIL YOUR BALLOT TO THE DEBTORS, THE DEBTORS' AGENTS (OTHER THAN THE CLAIMS AND BALLOTING AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OF THE PROCEDURES FOR VOTING ON THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT DRCVote@DonlinRecano.com OR BY TELEPHONE AT (866) 416-0554. THE CLAIMS AND BALLOTING AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.

---

[3] For any Ballot cast via electronic mail the format of the attachment must be found in the common workplace and industry standard format (*i.e.*, industry-standard PDF file) and the received date and time in the Claims and Balloting Agent's inbox will be used as the timestamp for receipt.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE ATTACHED BALLOT. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY TO ENSURE THAT YOUR BALLOT WILL BE COUNTED.**

1.    The Debtors and the Committee are jointly soliciting the vote of Holders in Classes 5A - General Unsecured Claims-Other than Lender Deficiency Claims, and 5D - General Unsecured Claims-Lender Deficiency Claims, against the Consolidated NEMF Debtors as of the Voting Record Date, as applicable, to accept or reject the Joint Combined Plan and Disclosure Statement.  You have been sent the attached Ballot because the Debtors records indicate that you are a Holder of a Claim in Classes 5A and/or 5D.

2.    The Court may confirm the Joint Combined Plan and Disclosure Statement and thereby bind you to the terms of the Joint Combined Plan and Disclosure Statement. Please review the Joint Combined Plan and Disclosure Statement for more information regarding the effect of Joint Confirmation of the Combined Plan and Disclosure Statement.

3.    To obtain additional copies of the Joint Combined Plan and Disclosure Statement and the Interim Approval and Procedures Order (the "**Plan Documents**"), you may: (a) download electronic copies at no charge through the Case Website, https://www.donlinrecano.com/Clients/nemf/Index, maintained by Claims and Balloting Agent; (b) at no charge by writing to the Claims and Balloting Agent at DRCVote@DonlinRecano.com; (c) by calling the Claims and Balloting Agent at (866) 416-0554; or (d) for a fee on the Court's website (http://www.njb.uscourts.gov).[4]

4.    To ensure that your vote is counted, you must complete Items 1, 2, and 4 on this Ballot, and return this signed Ballot to the address set forth on the envelope provided. Ballots not bearing an original signature will not be counted, *provided, however*, that Ballots submitted via electronic mail do not require an original signature.

     a.    Instruction for Item 2: Cast ONE vote to accept or reject the Joint Combined Plan and Disclosure Statement by checking the proper box in Item 2. You must cast all your Claims within a Class to accept or reject the Joint Combined Plan and Disclosure Statement and may not split your vote. Accordingly, a Ballot that partially accepts and partially rejects the Joint Combined Plan and Disclosure Statement will not be counted.

     b.    Instructions for Item 4: Review and complete the certification in Item 4. Unless you are submitting your Ballot via electronic mail, your signature is required on the Ballot in order for your vote to count. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting as a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Claims and Balloting Agent, the Debtors, or the Court, must submit evidence to the requesting party that you are authorized to act on behalf of such Holder. In addition, please provide your name and mailing address.

5.    Ballots must be received no later than 4:00 p.m. (ET) on December 18, 2019 at the following addresses:

---

[4]  Note, a PACER account is required.

7

| **If by First Class Mail:** | **If by Overnight Courier, Messenger, or Hand Delivery:** |
|---|---|
| Donlin, Recano & Company, Inc. Re New England Motor Freight, Inc. et al. Attn: Voting Department P.O. Box 192016 Blythebourne Station Brooklyn, NY 11219 | Donlin, Recano & Company, Inc. Re: New England Motor Freight, Inc. et al. Attn: Voting Department 6201 15th Ave. Brooklyn, NY 11219 |
| **If by Electronic Mail:** Ballots may also be delivered to the Claims and Balloting Agent by electronic mail sent to: Balloting@DonlinRecano.com with "NEMF Vote" on the subject line.[5] | |

6.    **Delivery of a Ballot by facsimile or electronic means other than by electronic mail as set forth herein will not be accepted.**

7.    If a Ballot is received after the Voting Deadline, it will not be counted, unless the Debtors determine otherwise.

8.    This Ballot is not, and shall not, constitute or be deemed to be (a) a Proof of Claim or interest, an assertion of a Claim or Equity Interest, or (b) an admission by the Debtors of the nature, validity, or amount of any Claim or Equity Interest and does not signify that your Claim or Equity Interest has been or will be Allowed.

9.    This Ballot is not a letter of transmittal and may not be used for any purposes other than to vote to accept or reject the Joint Combined Plan and Disclosure Statement.

10.   If Multiple Ballots are received by the same Holder of a Claim with respect to the same Claims prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier Ballots.

11.   The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of Claims for the purposes of accepting or rejecting the Joint Combined Plan and Disclosure Statement ("**Rule 3018(a) Motions**") shall be December 18, 2019 at 4:00 p.m. (ET) (the "**Rule 3018(a) Motion Deadline**").

12.   If you believe you have received this Ballot in error, or if you need an additional Ballot, please contact the Claims and Balloting Agent immediately at the telephone number or email address set forth below.

**PLEASE MAIL YOUR BALLOT PROMPTLY**

**If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Joint Combined Plan and Disclosure Statement or related materials, please contact the Claims and Balloting Agent at DRCVote@DonlinRecano.com or by telephone at (866) 416-0554. The Claims and Balloting Agent is not authorized to provide legal advice.**

---

[5] For any Ballot cast via electronic mail the format of the attachment must be found in the common workplace and industry standard format (*i.e.*, industry-standard PDF file) and the received date and time in the Claims and Balloting Agent's inbox will be used as the timestamp for receipt.

8

**RE:     NEW ENGLAND MOTOR FREIGHT INC., ET AL.**

▯▯‖‖▯▯▯▯▯
«barhuman»     («seq»/«pclass»)
«l1»
«l2»
«l3»
«l4»
«l5»
«l6»

Ballot ID: «ballotid»

▯▯▯▯▯▯▯▯▯▯▯

EXHIBIT B

> **IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, YOU MAY CONTACT THE VOTING AGENT, DONLIN, RECANO & COMPANY, INC., BY EMAIL AT NEMFINFO@DONLINRECANO.COM OR BY CALLING (866) 416-0554. PLEASE NOTE: THE VOTING AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*, | Case No.    19-12809 (JKS) |
| Debtors. [1] | (Jointly Administered) |

**NOTICE OF ORDER (I) APPROVING THE ADEQUACY OF DISCLOSURES IN THE JOINT COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT ON AN INTERIM BASIS, (II) SCHEDULING THE CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS, (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE JOINT COMBINED PLAN AND DISCLOSURE STATEMENT, (IV) APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGE, AND (V) APPROVING THE NOTICE PROVISIONS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    On February 11, 2019 (the "**Petition Date**") the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.    On October 21, 2019, the Debtors and the Creditors' Committee[2] filed the Debtors' and Official Committee of Unsecured Creditors' Joint Combined Plan of Liquidation and Disclosure Statement [Docket No. 932] (as may be amended, modified and/or supplemented, the "**Joint Combined Plan and Disclosure Statement**").

3.    On November 14, 2019, after a hearing (the "**Solicitation Procedures Hearing**") to consider whether the Joint Combined Plan and Disclosure Statement contains adequate information and seeking interim approval of the solicitation procedures contemplated by the Joint Combined Plan and Disclosure Statement (the "**Solicitation Procedures**"), the Court entered an order approving on an interim basis the disclosure provided in the Joint Combined

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the in the Conditional Approval and Procedures Order, or the Joint Combined Plan and Disclosure Statement, as applicable.

Plan and Disclosure Statement, and approving the Solicitation Procedures (the "**Conditional Approval and Procedures Order**") [Docket No. 1008].

4.    A hearing (the "**Confirmation Hearing**") to consider final approval and confirmation of the Joint Combined Plan and Disclosure Statement will be held before The Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D at the United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102, **on January 14, 2020 at 11:00 a.m. (EST)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Bankruptcy Court. The Joint Combined Plan and Disclosure Statement may be amended, supplemented or modified from time to time, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to Creditors or other parties in interest.

5.    Pursuant to the Conditional Approval and Procedures Order, the Bankruptcy Court established **December 18, 2019 at 4:00 p.m. (EST)** (the "**Voting Deadline**") as the deadline by which Ballots accepting or rejecting the Joint Combined Plan and Disclosure Statement must be received. To be counted, your Ballots must actually be received on or before the Voting Deadline by Donlin, Recano & Company, Inc. (the "**Voting Agent**"): (1) if by mail, Donlin, Recano & Company, Inc., Re: New England Motor Freight, Inc., et al., P.O. Box 192016 Blythebourne Station, Brooklyn, New York 11219; (2) if by hand delivery or overnight courier, Donlin, Recano & Company, Inc., Re: New England Motor Freight, Inc., et al., et al., 6201 15th Avenue, Brooklyn, New York 11219; or (3) if via electronic mail, Balloting@donlinrecano.com. Delivery of a Ballot to the Voting Agent by facsimile shall not be valid.

6.    If you hold a Claim against the Debtors as of **November 12, 2019** (the "**Voting Record Date**") and are entitled to vote to accept or reject the Joint Combined Plan and Disclosure Statement, you have received with this Confirmation Hearing Notice a Ballot and voting instructions appropriate for your Claim. You should carefully read the Joint Combined Plan and Disclosure Statement and all documents attendant thereto. **For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot with original signature to the address indicated on the instructions accompanying your Ballot, so as to be actually received by the Voting Agent by the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote. Ballots cast by facsimile or other electronic transmission (other than by email to Balloting@DonlinRecano.com) will not be counted.**

7.    If you have not received a Ballot and are entitled to vote on the Joint Combined Plan and Disclosure Statement, you may request a Ballot and voting instructions appropriate for your Claim from the Voting Agent by (a) visiting the Debtors' case website (https://www.donlinrecano.com/Clients/nemf/Index); (b) telephoning the Voting Agent at (**866) 416-0554**; or (c) sending a written request to the Voting Agent via e-mail to drcvote@donlinrecano.com. All submitted Ballots will be tabulated according to the rules set forth in the Conditional Approval and Procedures Order.

8.    Objections, if any, to Confirmation of the Joint Combined Plan and Disclosure Statement, including any supporting memoranda, must  (i) be in writing, (ii) state the name and address of the objecting party as well as the amount and nature of the Claim or Equity Interest of such objecting party, (iii) state, with particularity, the basis and nature of any objection or proposed modification to the Plan, and (iv) be filed—along with proof of service—with the Bankruptcy Court and served so as to be actually received on or **before January 6, 2020, at 4:00 p.m. (EST)** (the "**Plan Objection Deadline**"), on the following parties: (i) counsel to the Debtors, Gibbons P.C., One Gateway Center, Newark, NJ 07102 (Attn: Karen A. Giannelli and Brett S. Theisen); (ii) the Office of the United States Trustee for Region Three, One Newark Center, 1085 Raymond Boulevard Suite 2100, Newark, NJ 07102; and (iii) counsel to the Creditors' Committee, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068 (Attn: Mary E. Seymour and Joseph J. DiPasquale), and Elliott Greenleaf, P.C., 1105 North Market Street, Suite 1700, Wilmington, DE 19801 (Attn: Rafael X. Zahralddin-Aravena and Jonathan M. Stemerman).   Objections not timely filed and served in the manner set forth in the Conditional Approval and Procedures Order shall not be considered and shall be deemed overruled.

9.    The Joint Combined Plan and Disclosure Statement is on file with the Clerk of the Bankruptcy Court and may be examined by any interested party at the Clerk's office at any time during regular business hours or by accessing the Voting Agent by (a) visiting the Debtors' Case Website (https://www.donlinrecano.com/Clients/nemf/Index) maintained by the Voting Agent; (b) at no charge by emailing the Voting Agent at nemfinfo@donlinrecano.com; (c) by calling the Voting Agent at **(866) 416-0554**; or (d) for a fee on the Court's website (http://www.njb.uscourts.gov).[3]

10.  Pursuant to Article X of the Joint Combined Plan and Disclosure Statement, the Debtors seek approval of the following release, injunction and exculpation provisions:

**Section X.A.   Exculpation**

**Exculpation**:  **The Debtors, the Debtors' Estates and the Exculpated Parties shall not have or incur any liability to any Person or Entity, including any Holder of a Claim or Equity Interest, for any act or omission taken or not taken in connection with, relating to, or arising out of the Chapter 11 Cases, including but not limited to: the negotiation and Filing of the Plan, the Filing of the Chapter 11 Cases, the prosecution and/or settlement of Claims, the performance, termination or rejection of Executory Contracts, the pursuit of confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the property to be Distributed under the Plan (collectively, the "Post-Petition Activities"), except for their willful misconduct or gross negligence or any obligations that they have under or in connection with the Plan or the transactions contemplated in the Plan.  For the avoidance of doubt, other than the Exculpated Parties, no other Person or Entity shall be exculpated for any Post-Petition Activities under the terms of the Plan. Nothing herein shall preclude the Exculpated Parties from asserting as a defense to any claim of willful misconduct or gross negligence that he or she reasonably relied**

---
[3] Note, a PACER account is required

upon the advice of counsel with respect to his duties and responsibilities in the Chapter 11 Cases, under the Plan or otherwise.

**Section X.B.   Releases**

1.     <u>Releases Pursuant to the Auto Liability Claims Protocol</u>: As of the Effective Date, all Holders of Auto Liability Claims, in accordance with the Auto Liability Claims Protocol, shall be deemed to grant a release of Auto Liability Claims in favor of the Auto Liability Claims Released Parties *provided, however*, that Holders of Auto Liability Claims shall not be deemed to release their rights to include one or more of the Debtors as a "nominal" party to any future litigation against an Auto Insurer in order to seek payment of such Auto Liability Claims from the Auto Insurers and/or the Auto Liability Claims LC Proceeds, pursuant to the Auto Liability Claims Protocol.  No Holder of an Auto Liability Claim shall be entitled to receive a Distribution from the Liquidating Trust on account of such Auto Liability Claim.  *For the avoidance of doubt, Holders of Auto Liability Claims shall not be deemed to grant any release in favor of the Auto Insurers upon or after the Effective Date, except as provided for in the Auto Liability Claims Protocol.*

2.     <u>Release of Equity Holders and Affiliates:</u> Except as expressly set forth in the Equity Holders and Affiliates Settlement, in consideration of the representations, warranties, and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors, the Committee, the Estates, all Creditors, whether or not any such Creditor filed a Proof of Claim against one or more of the Debtors and/or is entitled to receive any Distribution pursuant to the Plan and/or the Auto Liability Protocol, the Debtors' employees, insurers and brokers, the Liquidating Trust, and all other parties in interest in the Chapter 11 Cases, and their respective representatives, agents, predecessors, successors, and assigns (collectively the "Debtors Releasing Parties"), hereby remise, release, and forever acquit and discharge each and all of the Equity Holders and Affiliates, and their officers, directors, shareholders, members, managers, agents, employees, attorneys, and representatives (the "Equity Holder and Affiliates Released Parties"), of and from any and all manner of acts and actions, cause and causes of actions, arbitrations, mediations, conciliations, dues, sums of money, reckonings, bonds, bills, specialties, contracts, controversies, variances, trespasses, damages, judgments, executions, rights, claims, demands, suits, proceedings, debts, accounts, warranties, covenants, liabilities, agreements, and promises of any nature whatsoever in law or in equity, whether known or unknown, whether sounding in tort or contract or any other basis, that the Debtors Releasing Parties have, have had, or may at any time hereafter have against the Equity Holder and Affiliates Released Parties in any capacity, for, upon, or by reason of any matter, cause, or thing whatsoever, in any way relating to one or more of the Debtors, the Estates, the conduct of the Debtors' business, the Chapter 11 Cases, the same subject matter as the Claim held by any Creditor

against one or more of the Debtors, or this Combined Plan and Disclosure Statement (other than the rights under this Combined Plan and Disclosure Statement and  the Plan Documents); provided, however, that this release shall not extend to and is not intended to release any mortgage directly owed by any of the Equity Holder and Affiliates Released Parties on real property such Equity Holder and Affiliates Released Parties own that was formerly used or occupied by the Debtors in their business operations.  Further, this release shall not release potential claims that may arise from future transactions and occurrences between the parties.  This release shall be effective only upon (i) payment in full of the Cash Payment, (ii) the repayment of any distribution in respect of Pledged Claims referenced in Section 5 of the Equity Holders and Affiliates Settlement, and (iii) the assumption of debt referenced in Section 4 of the Equity Holders and Affiliates Settlement.

3.       Release by Equity Holders and Affiliates of Debtors Released Parties: Except as expressly set forth in this Agreement, in consideration of the representations, warranties, and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Equity Holders and Affiliates hereby waive and release any and all claims that they have or may have against the Debtors, the Debtors' estates, the Committee and their respective members,  officers, directors, shareholders, agents, employees, attorneys, and representatives (collectively the "Debtors Released Parties") of and from any and all manner of acts and actions, cause and causes of actions, arbitrations, mediations, conciliations, dues, sums of money, reckonings, bonds, bills, specialties, contracts, controversies, variances, trespasses, damages, judgments, executions, rights, claims, demands, suits, proceedings, debts, accounts, warranties, covenants, liabilities, agreements, and promises of any nature whatsoever in law or in equity, whether known or unknown, whether sounding in tort or contract or any other basis, including but not limited to any matter relating directly or indirectly to all claims which the Equity Holders and Affiliates have, have had, or may at any time hereafter have against the Debtor Released Parties; provided, however, that this release shall not release or impair any rights under insurance policies or coverage or indemnification related to the Debtors to which any of the Equity Holders or Affiliates may be entitled by agreement or law.

4.       Release of Liens: Except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable Distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of any of the Debtors' Estates shall be fully released, settled, and compromised and all rights, titles, and interests of any Holder of such mortgages, deeds of trust, Liens, pledges, or

other security interests against any property of the Estates shall revert or otherwise transfer to the Liquidating Trust.

**Section X.C.   Injunction**

Except as expressly otherwise provided in the Plan or the Confirmation Order, on the Effective Date of the Plan, all Entities or Persons that hold, have held or may hold or have asserted, assert or may assert Claims, causes of action, liabilities against or Equity Interests in the Debtors and their Estates including Holders of Auto Liability Claims (subject only to the Auto Liability Claims Protocol and as expressly set forth in the Plan and/or the Confirmation Order), shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any of the Debtors, their Estates, the Liquidating Trust, the Auto Liability Released Parties (as related to Auto Liability Claims) or any of their property, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such Claim or Equity Interest: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person or Entity released under this Plan, except with respect to the Debtors' right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated or allowed by the Plan; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

**Section X.D.   Auto Liability Claims Injunction**

Pursuant to 11 U.S.C. § 105(a), upon entry of the Confirmation, all Holders of Auto Liability Claims shall be enjoined from taking any action, directly or indirectly, for the purpose of collecting, recovering or receiving payment or recovery with respect to an Auto Liability Claim until and unless each such Holders comply with the terms of the ADR Procedures set forth in the Auto Liability Claims Protocol (the "Auto Liability Claims Injunction").  In accordance with the Auto Liability Claims Protocol, the Auto Liability Claims Injunction shall dissolve automatically with respect to any Auto Liability Claim two (2) business days after the filing of an Unsuccessful Mediation Notice (as defined in the Auto Liability Claims Protocol) for such Auto Liability Claim.   Upon the filing of such Unsuccessful Mediation Notice, the Holder of such Auto Liability Claim shall automatically be deemed to have been granted relief from the automatic stay, the Injunction listed in Article X(C) of the Joint Combined Plan and Disclosure

**Statement, and this Auto Liability Injunction for the limited purpose, if necessary, of listing one or more of the Debtors as a "nominal" party to any future litigation commenced by such Holder to seek payment of such Auto Liability Claim from the Auto Insurers and/or the Auto Liability Claims LC Proceeds, including any amount within the Self-Retention.  For the avoidance of doubt, no Holder of Auto Liability Claim, even after the Auto Liability Injunction is dissolved, shall be entitled to receive any Distribution from the Liquidating Trust Assets on account of such Auto Liability Claim.  Holders of Auto Liability Claims shall only be entitled to receive payment on account of such Auto Liability Claim from the applicable Auto Insurer and the Auto Liability Claims LC Proceeds held by such Auto Insurer**.

Dated: November 19, 2019
Newark, New Jersey

Respectfully submitted,

**GIBBONS P.C.**

By: ___/s/ Karen A. Giannelli_____
     Karen A. Giannelli, Esq.
     Mark B. Conlan, Esq.
     Brett S. Theisen, Esq.
     One Gateway Center
     Newark, New Jersey  07102
     Telephone:  (973) 596-4500
     Facsimile:   (973) 596-0545
     E-mail:  kgiannelli@gibbonslaw.com
              mconlan@gibbonslaw.com
              btheisen@gibbonslaw.com

*Counsel to the Debtors and Debtors-in-Possession*

EXHIBIT C



                                                               Elliott Greenleaf

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEW ENGLAND
MOTOR FREIGHT, INC,** *et al.,*[1]
c/o

**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Joseph J. DiPasquale, Esq.
One Lowenstein Drive
Roseland, NJ 07068

**ELLIOTT GREENLEAF, P.C.**
Rafael X. Zahralddin-Aravena, Esq.
Jonathan M. Stemerman, Esq.
Sarah Denis, Esq.
1105 North Market Street, Suite 1700
Wilmington, DE 19801

November 19, 2019


To:    All Unsecured Creditors of NEW ENGLAND MOTOR FREIGHT, INC, *et al.,*[1]
       Bankruptcy Case No. 19-12809 (JKS)

       **Re:**    ***Recommendation to* <u>*Accept*</u> *Debtors' and Official Committee of Unsecured
Creditors' Joint Combined Plan of Liquidation and Disclosure Statement Pursuant to
Chapter 11 of the Bankruptcy Code***

Dear Unsecured Creditor:

      The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-
captioned debtors and debtors in possession (the "<u>Debtors</u>"), urges you to vote to **ACCEPT** the
enclosed *Debtors' and Official Committee of Unsecured Creditors' Joint Combined Plan of
Liquidation and Disclosure Statement Pursuant to Chapter 11 of the Bankruptcy Code* (the
"<u>Plan</u>") by completing the enclosed Plan ballot and returning it to the Debtors' Notice and
Claims Agent, Donlin Recano ("<u>Donlin</u>"), pursuant to the instructions indicated in the ballot.

      The Committee's members are: (i) IAM National Pension Fund; (ii) AAA Cooper
Transportation; (iii) Landstar Transportation Logistics, Inc.; (iv) Superior Distributors Co., Inc.;
and (v) Guttman Oil Co.  Landstar Transportation Logistics, Inc. is the Committee's chair.  The
Committee has met regularly by conference call and electronic mail as investigations and events
in the bankruptcy have unfolded since the cases filed early this year.  The Committee's

bankruptcy counsel are Elliott Greenleaf, P.C. and Lowenstein Sandler LLP and its financial advisors are CohnReznick Capital Market Securities, LLC.

New England Motor Freight, Inc. was the main operating entity of the Debtors and NEMF World Transport, Inc.; Apex Logistics, Inc.; Jans Leasing Corp.; Myar, LLC; MyJon, LLC; and NEMF Logistics, LLC were either not operating or were consolidated into the NEMF operations because they had de minimis assets or operations ("NEMF"). Eastern Freight Ways, Inc. and Carrier Industries, Inc. ("Eastern/Carrier") were also entities with significant operations and were sold as a going concern to Estes Express Lines during the bankruptcy. Creditors with claims in NEMF are both general unsecured creditors, with claims estimated to be $12.3 to $15.3 million, and the Debtors' lenders' significant deficiency claims from vehicle and equipment financing against NEMF in the amount of $33.2 million. Creditors with unsecured claims against the Eastern/Carrier estates consist of $524,024 of general unsecured claims and $77.9 million in unsecured guarantee claims held by the Debtors' lenders against the Eastern/Carrier assets pledged on behalf of the NEMF vehicles and equipment financing.

The Plan provides for a sharing of both the costs to achieve the recoveries as well as an equitable sharing of the proceeds from those recoveries. The Plan is the product of compromise and balance, so that on the one hand, the NEMF Debtors and, on the other hand, the Eastern/Carrier Debtors, can both equitably share in the recovery from several significant asset sales and settlements that the Debtors and the Committee achieved during the bankruptcy. The mechanism used to reach that balance is known colloquially as a "Two Pot Plan." The Plan, consolidates the estates of New England Motor Freight, Inc.; NEMF World Transport, Inc.; Apex Logistics, Inc.; Jans Leasing Corp.; Myar, LLC; MyJon, LLC; and NEMF Logistics, LLC into one "Pot." The Plan also consolidates the Eastern Freight Ways, Inc. and Carrier Industries, Inc. estates into the other "Pot."

During the cases, the Debtors, with the assistance of the Committee, recovered proceeds from the liquidation of vehicles and equipment owned by NEMF and recovered proceeds from the going concern sales of the Eastern and Carrier entities. Significantly, the Committee, with the assistance of the Debtors, also concluded negotiations with the owners of the Debtors, the equity holders and several related entities, which has resulted in a $6.1 million settlement which will be paid by the equity holders and related entities, inclusive of a $500,000 payment to a liquidating trust, which trust will be responsible for pursuing causes of action and making the remaining distributions to creditors after the Plan is approved. The Committee was also able to secure a waiver of distribution of unsecured claims held by the equity holders and their its affiliates in the amount of over $11.8 million. While these are not the only significant recoveries in the bankruptcies, these were the most significant recoveries.

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority. All unsecured creditors for NEMF are included in Class 5 (Class 5A general unsecured and Class 5D lender deficiency claims) in the consolidated NEMF estates. NEMF Class 5A and 5D are treated as impaired under the Plan and are entitled to vote to accept or reject the Plan. Holders of Class 5A (approximately $12.3 to $15.3 million) and 5D (approximately $33.2 million) allowed claims in NEMF will be paid from the Liquidating Trust's assets, which will manage the NEMF "Pot" on a pro rata basis and the Liquidating Trust's expenses will be capped at $500,000, unless required by law. Both NEMF

-2-

Class 5A and 5D have an **estimated 7-11% recovery for general unsecured creditors under the Plan.**

All unsecured creditors for Eastern/Carrier are included in Class 5 (Class 5A general unsecured and Class 5D lender deficiency claims) in the consolidated Eastern/Carrier estates. Eastern/Carrier Class 5A and 5D are treated as impaired under the Plan and are entitled to vote to accept or reject the Plan.  Holders of Class 5A (approximately $524,024) and 5D (approximately $74.6 million) allowed claims in Eastern/Carrier will be paid from the Eastern /Carrier "Pot" by a plan administrator or disbursing agent.

Both Eastern/Carrier Class 5A and 5D have an **estimated 3-7% recovery for general unsecured creditors under the Plan.**

If the entire estate were to be consolidated, so that only one "Pot" existed, the lender's deficiency and guarantee claims would receive less recovery.  While there were strong arguments for the substantive consolidation of the entire Debtors' estates into one estate, the Committee owes a fiduciary duty to all of the unsecured creditors, including lenders with unsecured claims, and after consultation with the Debtors and the lenders, agreed to be a Plan sponsor for a "Two Pot" Plan.  It also weighed heavily on the Committee that a substantive consolidation would have to be the product of a successful litigation and that the costs and risks associated with that litigation were not worth pursuing, if a settlement could be reach instead, which produced  more certainty in terms of outcome and costs.

Furthermore, the Committee in consultation with the financial professionals of the Committee and Debtors agree that **a chapter 7 liquidation**, as an alternative to the Plan would result in an estimated **recovery of 2.32%,** as opposed to the significantly higher estimated distributions from the "Two Pot Plan" negotiated by the Committee, Debtors, and the Debtors' secured lenders, which are detailed above.

Finally, the Plan provides for Holders of Auto Liability Claims (Class 5B) to be resolved outside of the Plan process.  Although Class 5B claims shall not receive any recovery under the Plan, they shall be entitled to receive up to 100% of the agreed upon, settled or judgment value of their claim through the Auto Liability Claims Protocol, whereby the Debtors' applicable insurance carriers have agreed to assume administration of Auto Liability Claims.

It is the opinion of the Committee that the Plan's treatment of Class 5A, 5B and 5D is fair, reasonable, and in the best interest of the unsecured creditors. **Accordingly, the Committee recommends that all unsecured creditors vote to ACCEPT the Plan by completing the enclosed plan ballot and returning it to Donlin via E-Ballot, first-class mail, overnight courier, or personal delivery as indicated in the ballot <u>ON OR BEFORE December 18, 2019 at 4:00 p.m. (ET)</u>.**

Before you cast your ballot, you should review the Plan, the Disclosure Statement and the exhibits to the Disclosure Statement in their entirety, and you may wish to consult your own legal and financial professionals.

If you have questions, please contact feel free to contact the undersigned counsel to the Committee.

2759647.1 115719-100281

Very truly yours,


**LOWENSTEIN SANDLER LLP**
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, NJ  07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400
E-mail:  mseymour@lownstein.com
jdipasquale@lowenstein.com
jschneider@lowenstein.com

- and -

**ELLIOTT GREENLEAF, P.C.**
Rafael X. Zahralddin-Aravena, Esq.
Jonathan M. Stemerman, Esq.
Sarah Denis, Esq.
1105 North Market Street, Suite 1700
Wilmington, DE  19801
Telephone:  (302)384-9400
Facsimile:  (302) 384-9399
Email:  rxza@elliottgreenleaf.com
jms@elliottgreenleaf.com
sxd@elliottgreenleaf.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

EXHIBIT D

# New England Motor Freight, Inc., et al.
## Exhibit Pages

Case 19-12809-JKS    Doc 1073    Filed 12/12/19    Entered 12/12/19 15:53:49    Desc
Document    Page 26 of 27

020000P002-1413A-206
12731 RT 30 CORP
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

020126P002-1413A-206
15 MIDDLETOWN AVENUE CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

008992P002-1413A-206
345 WALCOTT STREET LLC
AMZ MANAGEMENT ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

019993P003-1413A-206
3600 GEORGETOWN CORP
AMZ MANAGEMENT ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

020002P002-1413A-206
55 DELTA DRIVE LLC
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

018245P002-1413A-206
55 DELTA LLC
AMZ MANAGEMENT ZACH COHEN
171 NORTH AVENUE EAST
ELIZABETH NJ 07201

020017P002-1413A-206
6867 SCHUYLER ROAD LLC
AMZ MANAGEMENT LLC ZACH COHEM
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

009621P002-1413A-206
ARMERACH LP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

009777P002-1413A-206
BABCO LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

020010P002-1413A-206
BURMONT LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

020011P003-1413A-206
CAMP HILL TERMINAL LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

020015P002-1413A-206
COLUMBUS TERMINAL LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

019997P002-1413A-206
CONCORD TERMINAL LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

020001P002-1413A-206
FAIR TERMINAL CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

018755P002-1413A-206
HOLLYWOOD CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

020023P002-1413A-206
JON S CORP
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

020019P002-1413A-206
LEHCO LP
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

019988P002-1413A-206
MERCOHEN CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

014218P002-1413A-206
MERI PROPERTIES LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

014360P002-1413A-206
MILTON PROPERTIES LP
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVENUE EAST
ELIZABETH NJ 07201

019992P002-1413A-206
NANCY S B CORP
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

014803P002-1413A-206
NORTH AVE EAST LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

019996P002-1413A-206
NORTH RED TRUCK CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

020127P002-1413A-206
NORTH TURBO CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

020025P002-1413A-206
NORTHEAST COMMERCE CENTER 1 LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

019994P002-1413A-206
OLD BETH LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

019987P002-1413A-206
ORANGE TRUCK CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

019990P002-1413A-206
PERRY ROAD LLC
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

New England Motor Freight, Inc., et al.
Exhibit Pages

Page # : 2 of 2                                                                 12/12/2019 02:10:17 PM

020003P002-1413A-206
RICHMOND TERMINAL LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

016184P002-1413A-206
SCHUYLER ROAD LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

044297P002-1413A-206
SPRING TERMINAL CORP
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE E
ELIZABETH NJ 07201

017091P002-1413A-206
THRU VIEW LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVENUE EAST
ELIZABETH NJ 07201

020004P002-1413A-206
TOLEDO TERMINAL LLC
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

018756P002-1413A-206
UNITED EXPRESS LINES INC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

019998P003-1413A-206
WORK STREET LLC
AMZ MANAGEMENT LLC ZACH COHEN
1-71 NORTH AVE EAST
ELIZABETH NJ 07201

019995P002-1413A-206
ZACH CORP
AMZ MANAGEMENT LLC ZACH COHEN
171 NORTH AVE EAST
ELIZABETH NJ 07201

Case 19-12809-JKS    Doc 1073    Filed 12/12/19    Entered 12/12/19 15:53:49    Desc
Document    Page 27 of 27

Records Printed :  **36**