**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
E-mail: kgiannelli@gibbonslaw.com
mconlan@gibbonslaw.com
btheisen@gibbonslaw.com
*Counsel to the Debtors
and Debtors-in-Possession*

**Order Filed on January 2, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*, | Case No. 19-12809 (JKS) |
| Debtors.[1] | (Joint Administration) |

**ORDER APPROVING DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENTS OF CERTAIN POST-PETITION AUTO LIABILITY CLAIMS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND BANKRUPTCY RULE 9019**

The relief set forth on the following pages, numbered two (2) through and including four (4) is hereby **ORDERED.**

**DATED: January 2, 2020**

*/s/ John K. Sherwood*

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

36527/2
11/26/2019 **205401224**.1

2765436.1 115719-100281

Page: 2
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Approving Debtors' Motion For Order Approving Settlements of Certain Post-Petition Auto Liability Claims Pursuant To 11 U.S.C. §§ 105(a) And 363(b) and Bankruptcy Rule 9019

---

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned Debtors and Debtors in Possession (the "**Debtors**") for entry of an order pursuant to sections 105(a) and 363(b) of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving and authorizing the Debtors to enter into the settlement agreements identified and summarized on Exhibit A to the Motion (the "**Post-Petition Auto Liability Claim Settlements**") by and between the Debtors and various persons ("**Claimant(s)**") holding claims against the Debtors for personal injury or property damage incurred after the February 11, 2019 petition date in the Debtors' chapter 11 cases relating to or arising out of the Debtors' commercial trucking and transportation operations (**"Post-Petition Auto Liability Claims"**); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* by the United States District Court for the District of New Jersey dated September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2765436.1 115719-100281

Page: 3
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Approving Debtors' Motion For Order Approving Settlements of Certain Post-Petition Auto Liability Claims Pursuant To 11 U.S.C. §§ 105(a) And 363(b) and Bankruptcy Rule 9019

1. The Motion is **GRANTED** as set forth herein.

2. The Post-Petition Auto Liability Claim Settlements set forth on Exhibit A to the Motion are hereby approved pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019. The Debtors are authorized to enter into each of the Post-Petition Auto Liability Claim Settlements and otherwise comply with the provisions set forth in each. The Debtors are authorized to make settlement payments to Claimants up to the amounts listed in the "Settlement Amount" column on Exhibit A.

3. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim(s).

4. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, amount, classification, or priority of any claim against any of the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law, (b) a waiver of the rights of any of the Debtors or any other party in interest, or shall impair the ability of any of the Debtors or any other party in interest, to contest the validity, amount, classification, or priority of any claim, or payment made pursuant to this Order; or (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or

2765436.1 115719-100281

Page: 4
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Order Approving Debtors' Motion For Order Approving Settlements of Certain Post-Petition Auto Liability Claims Pursuant To 11 U.S.C. §§ 105(a) And 363(b) and Bankruptcy Rule 9019

causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

5. The Debtors are authorized to take all actions reasonably necessary to effectuate the relief granted pursuant to this Order.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived.

7. The fourteen (14) day stay under Bankruptcy Rule 6004(h) is waived and this Order shall be effective immediately upon its entry.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Debtors shall serve by regular mail a copy of this Order and the Motion on the (a) Official Committee of Unsecured Creditors; (b) the Claimants; and (c) United States Fire Insurance Company within three (3) business days after entry of this Order.

10. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

2765436.1 115719-100281