| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**FOR THE DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**DILWORTH PAXSON LLP**<br>Scott J. Freedman<br>457 Haddonfield Road, Suite 700<br>Cherry Hill, New Jersey 08002<br>Telephone: (856) 675-1962<br>Facsimile: (856) 663-8855<br><br>*Attorneys for Corcentric, LLC* |

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12809 (JKS) |

**OBJECTION OF CORCENTRIC, LLC TO CONFIRMATION OF DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' THIRD AMENDED JOINT COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT**

Corcentric, LLC a/k/a Pinnacle Fleet Solutions ("**Corcentric**"), by and through its undersigned attorneys, hereby objects to confirmation of the *Debtors' and Official Committee of Unsecured Creditors Third Amended Joint Combined Plan of Liquidation and Disclosure Statement* [D.I. 1023] (the "**Plan**") filed by, *inter alia*, New England Motor Freight, Inc. ("**NEMF**") and its debtor affiliates (collectively, with NEMF, the "**Debtors**"), and represents as follows:

**BACKGROUND**

1. The Debtors filed for protection under Chapter 11 of the Bankruptcy Code on February 11, 2019 (the "**Petition Date**").

2. Corcentric and NEMF are parties to certain agreements through which NEMF obtained certain fleet related equipment, parts, supplies and other goods, (collectively, "**Goods**") and related services.

121282651_1

3. On March 25, 2019, Corcentric filed a *Request for Allowance and Payment of Administrative Expense Pursuant to Sections 503(b)(9) and 503(b)(1) of the Bankruptcy Code* [D.I. 330] (the "**Request**") against NEMF with this Court.

4. Through the Request, Corcentric seeks allowance and payment of an administrative expense (the "**Corcentric Administrative Expense**") in the amount of $119,923.02 comprised of Goods that were sold in the ordinary course to the Debtor, and received by the Debtor (i) within 20 days before the Petition Date in the aggregate amount of $117,073.62, and (ii) after the Petition Date in the aggregate amount of $2,849.40, pursuant to sections 503(b)(9) and 503(b)(1) of the Bankruptcy Code, respectively.

5. As set forth in the its Schedules of Assets and Liabilities filed on April 5, 2019 [D.I. 411], NEMF owed Corcentric the undisputed, non-contingent and liquidated sum of $202,565.42 (the "**Corcentric Claim**") as of the Petition Date, which includes the amount of the Corcentric Administrative Expense.

6. As per NEMF's statement of financial affairs [D.I. 410], Corcentric received 12 payments in the aggregate amount of $357,416.81 from NEMF during the 90-day period prior to the Petition Date.[1]

## BASIS FOR OBJECTION

*The Plan is not Confirmable in that it Fails to Comply with the Mandate of Section 1129(a)(1) Of The Bankruptcy Code.*

7. A plan of reorganization is confirmable only if it "complies with the applicable provisions of this title [the Bankruptcy Code]." 11 U.S.C. § 1129(a)(1). The legislative history of section 1129 reveals that Congress intended to incorporate other "applicable provisions of chapter 11, such as section ... 1123, governing ... contents of plan" among the confirmation requirements. H.R. Rep. No. 595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 126

---

[1] By way of this Objection, Corcentric neither acknowledges any avoidance action including, but not limited to a preference action under section 547 of the Bankruptcy Code, may be brought against it by or on behalf of the Debtors or the Reorganized Debtors exists, nor waives any of its applicable defenses to any such action.

(1978). A plan cannot be confirmed unless it satisfies all of the elements of section 1129(a) of the Bankruptcy Code including section 1129(a)(1), which requires a plan to comply "with the applicable provisions of [the Bankruptcy Code]."

    (i)    <u>The Plan Impermissibly Allows the Debtors to Circumvent the Statutorily Mandated Claims Allowance Process</u>.

8. Sections 501 and 502 of the Bankruptcy Code contain various provisions that dictate the claims allowance process. Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3007 and 3008 set forth specific procedures with respect to the claims allowance process including that (i) an objection to the allowance of a claim must be in writing and filed with the Court, and (ii) the claimant must be afforded notice and a hearing with respect to such objection.

9. Section 502(d) of the Bankruptcy Code provides that the Court shall "disallow any claim of an entity … that is a transferee of a transfer avoidable under section … 547, 548, 549, or 724(a) of [the Bankruptcy Code] unless such entity … has paid the amount … for which such entity … is liable."

10. Here, the Plan may effectively allow the Debtors to impermissibly utilize section 502(d) to circumvent the mandated claims allowance process by allowing the Debtors to disallow and/or set off against Claims based only *on an assertion that* avoidable transfers were received.

11. Specifically, the Plan provides that for purposes of determining the amount of an Allowed Claim,[2] "there shall be deducted therefrom an amount equal to the amount of any claim which the Debtors may hold or assert against the Holder thereof, … pursuant to sections 502(d) or 553 of the Bankruptcy Code." *Plan*, p. 5 (emphasis added).

12. Although section 502(d) may be used to disallow a creditor's pre-petition claim in certain circumstances, an allegation or a belief that the claimant received an avoidable transfer cannot be the sole basis for such disallowance. Indeed, objections based on section 502(d) are often considered premature and, in some instances, held in abeyance until there is a final

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Plan.

adjudication of the corresponding avoidance action. *Creditors of Melon Produce, Inc. v. Braunstein*, 112 F.3d 1232, 1237 (1st Cir. 1997); *In re Davis*, 889 F.2d 658, 662 (5th Cir. 1989).

13. It follows, therefore, that to the extent it permits the Debtors and/or the Liquidating Trustee to utilize section 502(d) to disallow the Corcentric Claim without affording Corcentric the protections of the claims allowance process mandated by the Bankruptcy Code and the Bankruptcy Rules, the Plan should not be confirmed.

    (ii) <u>The Plan Would Allow the Debtors to Impermissibly Utilize Section 502(d) to Disallow and/or Avoid Satisfying Administrative Expense Claims</u>.

14. The Plan would also impermissibly permit the Debtors and/or the Liquidating Trustee to invoke section 502(d) to disallow and/or avoid payment of distributions with respect to allowed Administrative Expense Claims.

15. As set forth above, the Plan permits the utilization of section 502(d) to deduct from an Allowed Claim amounts received by a claimant that is avoidable pursuant to section 547 of the Bankruptcy Code, among others.

16. Because "Claims" are broadly defined to include Administrative Expense Claims, the Plan would impermissibly allow the Debtors or the Liquidating Trustee to utilize section 502(d) of the Bankruptcy Code to disallow and/or set off against an allowed Administrative Claim. *See In re Ames Dept. Stores, Inc.*, 582 F.3d 422 (2d Cir. 2009); *In re Plastech Engineered Products, Inc.*, 394 B.R. 147 (Bankr. E.D. Mich. 2008); *In re Lids Corp.*, 260 B.R. 680 (Bankr. D. Del. 2001); *In re TI Acquisition, LLC*, 410 B.R. 742 (Bankr. N.D. Ga. 2009); *In re CM Holdings, Inc.*, 264 B.R. 141 (Bankr. D. Del. 2000); *In re Roberds, Inc.*, 315 B.R. 443 (Bankr. S.D. Ohio 2004); *In re Phoenix Restaurant Group, Inc.*, 2004 WL 3113719 (Bankr. M.D. Tenn. Dec. 16, 2004); *In re Durango Georgia Paper Co.*, 297 B.R. 326 (Bankr. S.D. Ga. 2003)

17. Thus, to the extent it effectively permits the Debtors or the Liquidating Trustee to rely on section 502(d) in seeking disallowance of and/or refusing to make a distribution with respect to the Corcentric Administrative Expense, the Plan should not be confirmed.

    (iii)    <u>The Plan Does Not Provide for the Payment of Allowed Administrative Expenses by the Effective Date</u>.

18.    Pursuant to section 1129(a)(9)(A) of the Bankruptcy Code, a plan is not confirmable unless each holder of an administrative-priority claim "of a kind specified in section 507(a)(2) or 507(a)(3) … on the effective date … [is to] receive on account of such claim cash equal to the amount of such claim." *See e.g., In re Hechinger Inc. Co. of Delaware,* 298 F.3d 219, 224 (3d Cir. 2002) ("A court cannot confirm a distribution plan unless the plan provides for full cash payments of all section 503(b) administrative expense claims or the claim holder agrees to different treatment.").

19.    Pursuant to the Plan, the Corcentric Administrative Expense and other Administrative Expense Claims are to be (i) allowed upon the entry of an order of allowance prior to, or if an objection is filed, as of the Claim Objection Deadline, and (ii) paid within the later of 10 business days after allowance or 30 days after the Claims Objection Deadline. *Plan*, p. 129. The Claims Objection Deadline is 365 days after the Effective Date or some later date as approved by the Court. *Plan*, p. 23.

20.    By virtue of these provisions, the Plan fails to provide for payment of the Corcentric Administrative Expense on the Effective Date, violates section 1129(a)(9)(A) of the Bankruptcy Code and should not be confirmed.

WHEREFORE, based upon the foregoing, Corcentric respectfully requests that the Court enter an Order denying confirmation of the Plan and granting such other and further relief as the Court deems just and proper.

Dated: January 6, 2020                                       **DILWORTH PAXSON LLP**

                                                              By: <u>/s/ Scott J. Freedman</u>
                                                                   Scott J. Freedman
                                                                   457 Haddonfield Road, Suite 700
                                                                   Cherry Hill, New Jersey 08002
                                                                   Telephone: (856) 675-1962
                                                                    Facsimile: (856) 663-8855

                                                               *Attorneys for Corcentric, LLC*