| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br> **DILWORTH PAXSON LLP** <br> Scott J. Freedman <br> 457 Haddonfield Road, Suite 700 <br> Cherry Hill, New Jersey 08002 <br> Telephone: (856) 675-1962 <br> Facsimile: (856) 663-8855 <br><br> *Attorneys for New Jersey Manufacturers Insurance Company* |

| | |
|---|---|
| In re: <br><br> NEW ENGLAND MOTOR FREIGHT, INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-12809 (JKS) |

**LIMITED OBJECTION OF NEW JERSEY MANUFACTURERS INSURANCE COMPANY TO CONFIRMATION OF DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' THIRD AMENDED JOINT COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT**

New Jersey Manufacturers Insurance Company ("**NJM**"), by and through its undersigned attorneys, hereby files this limited objection to confirmation of the *Debtors' and Official Committee of Unsecured Creditors Third Amended Joint Combined Plan of Liquidation and Disclosure Statement* [D.I. 1023] (the "**Plan**") filed by, among others, New England Motor Freight, Inc. ("**NEMF**") and its debtor affiliates (collectively, with NEMF, the "**Debtors**"), and represents as follows:

1. The Debtors filed for protection under Chapter 11 of the Bankruptcy Code on February 11, 2019 (the "**Petition Date**").

2. Prior to the Petition Date, NJM issued Workers Compensation and Employers Liability Insurance Policy No W21713-3-18 as amended or superseded (collectively, with any and all related agreements, the "**Policy**") to NEMF covering the period from December 31, 2018 to December 31, 2019.

3. Pursuant to the Policy, *inter alia*, NJM provides workers' compensation and other insurance coverage during the applicable period, subject to certain limits, deductibles, retentions, exclusions, terms and conditions, to NEMF and NEMF is required to pay to NJM certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, expenses, taxes, assessments and/or other charges over an extended period of time subject to future audits and adjustments.

4. On or about June 18, 2019, NJM filed proof of claim no. 1188 in the amount of $331,536.00 against NEMF, which represents unpaid premiums owed by the Debtors as of the Petition Date with respect to the Policy. The Debtors have also failed to pay the requisite amounts owed under the Policy after the Petition Date.

5. On November 19, 2019, the Debtors filed the Plan.

6. Pursuant to the Plan, "any insurance policies of the Debtors, in which the Debtors are or were insured parties … or any related insurance agreement issued prior to the Petition Date shall continue in effect after the Effective Date pursuant to their respective terms and conditions and shall be treated as assumed." *Plan*, p. 128.

7. The Plan further provides that to the extent it is deemed an Executory Contract,[1] any insurance policy (and its related insurance agreements) shall be deemed assumed pursuant to section 365 of the Bankruptcy Code and with respect to which the Debtors will pay no corresponding cure amount to the insurer. *Plan*, pp. 128, 129.

8. NJM hereby objects to the Debtors assumption of the Policy pursuant to the terms of the Plan.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Plan.

9. First, NJM disputes that the expired Policy is an executory contract[2] eligible for assumption by the Debtors pursuant to section 365 of the Bankruptcy Code. *See, e.g.*, *Westchester Surplus Lines Ins. Co. v. Surfside Resort & Suites, Inc. (In re Surfside Resort & Suites, Inc.)*, 344 B.R. 179 (Bankr. M.D. Fla. 2006).

10. Second, <u>assuming arguendo</u> the Policy is executory and assumable, NJM objects to the Debtors' proposed assumption without the Debtors promptly curing all of pre-Effective Date defaults thereunder.

11. Pursuant to section 365 of the Bankruptcy Code, a debtor cannot assume an executory contract to which it has defaulted unless, at the time such contract is assumed, among other things, (i) all defaults have been cured and (ii) the debtor provides adequate assurance of future performance under such contract.

12. To the extent it purports to provide for the assumption of the Policy without curing all prepetition and postpetition amounts owed by the Debtors thereunder, the Plan should not be confirmed.[3]

---

[2] To the extent the Policy is not executory contract, the Debtors are bound by its terms and may not assume or reject it. *See, e.g.*, *In re Stewart Foods, Inc.*, 64 F.3d 141, 145 (4th Cir. 1995) (holding that a debtor remains bound by and may not reject or assume obligations under a non-executory contract).

[3] NJM also objects to the extent the Plan and/or the Confirmation Order would be deemed to release the Debtors of any of their liabilities and obligations under the Policy and/or a determination or admission that the Policy is executory, exists, remains effective or provides any coverage. By filing this Limited Objection, NJM neither intends nor shall be deemed to waive, and hereby expressly preserves, the right to seek allowance and payment, as an Administrative Expense Claim, of all postpetition premiums and other amounts owed by the Debtors with respect to the Policy.

WHEREFORE, based upon the foregoing, NJM respectfully requests that the Court enter an Order denying confirmation of the Plan and granting such other and further relief as the Court deems just and proper.

Dated:  January 6, 2020                                  **DILWORTH PAXSON LLP**

                                                         By:  /s/ Scott J. Freedman
                                                              Scott J. Freedman
                                                              457 Haddonfield Road, Suite 700
                                                              Cherry Hill, New Jersey 08002
                                                              Telephone:  (856) 675-1962
                                                               Facsimile:  (856) 663-8855

                                                         *Attorneys for New Jersey Manufacturers Insurance Company*