| | |
|---|---|
| **UNITED STATES BANKRUPTY COURT FOR THE DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-2(c)*<br><br>**CIMINO LAW, LLC**<br>**Alyssa A. Cimino, Esq.**<br>376 Hollywood Avenue<br>Suite 206<br>Fairfield, New Jersey 07004<br>Telephone: (862) 210-8036<br>Facsimile: (862) 210-8041<br><br>*Counsel for Creditors, Byron E. Najera Osorio, Xiomara Mendoza Lopez & Abel Trochez* | HEARING DATE: February 4, 2020<br><br>TIME: 10:00 a.m. |
| In Re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC. et al.[1],<br><br>Debtors | Chapter 11<br><br>Case No. 19-12809(JKS)<br>(Jointly Administered)<br><br>Judge: John K. Sherwood, U.S.B.J. |

## MEMORANDUM OF LAW IN SUPPORT OF CREDITORS BYRON E. NAJERA OSORIO, XIOMARA MENDOZA-LOPEZ and ABEL TROCHEZ MOTION FOR LEAVE TO FILE A LATE PROOF OF CLAIM

### PRELIMINARY STATEMENT

Creditor, Byron E. Najera Osorio, Xiomara Mendoza-Lopez and Abel Trochez (collectively "Creditors" or "Claimants") seek an Order granting leave to Creditors to file a late Proof of Claim, and for such other and further relief as the Court deems just and equitable.

### JURISDICTION

---

[1] The debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

THIS Court has jurisdiction over this Motion because it pertains to an Order by this Court in a bankruptcy proceeding under Title 11 of the United States Code. Venue of this Motion is proper because Debtors' bankruptcy proceeding is pending before this Court. *See* 28 U.S.C.§ 1409(a).

## STATEMENT OF FACTS

Byron E. Najera-Osorio was the driver of a motor vehicle that was involved in an accident in Prince George's County, Maryland on April 25, 2018. At said time and place, he had two passengers in his vehicle, claimants Xiomara Mendoza-Lopez, and Abel Trochez.

Debtor, New England Motor Freight, Inc. and its agent, servant or employee, James Russell Merser, was the driver of New England Motor Freight's vehicle that failed to stop and struck the rear of the vehicle occupied by the Creditors causing personal injury to all three Plaintiffs. All three Creditors were seen at Prince George's County Hospital, where they were treated, released and followed up with medical care.

On or about May 2, 2018, counsel for Claimants, Craig Rosenstein, Esq. ("Claimants' Counsel"), emailed Protective Insurance and Ernest Hardy advising of his representation of all three Claimants in the auto accident asking to confirm receipt and whether insurance coverage was in place on said vehicle. (Rosenstein Cert. Exh. A)

On or about May 30, 2018, Claimants' counsel called Mr. Hardy and had a detailed conversation with Mr. Hardy concerning the estimate and property damage to Claimant driver's vehicle resulting from the accident.

On July 6, 2018, and July 24, 2018, Claimant's Counsel contacted Mr. Hardy, New England Motor Freight's representative with an estimate of the damage to Claimant driver's vehicle attached asking for voluntary payment of the property damage and acceptance of the claim.

On July 27, 2018, at approximately 9:04 a.m., Mr. Hardy replied, "Good morning. Still haven't received who to call and where the vehicle is. Will assign adjuster when received. Thanks, E. Hardy."

Demand packages for all three Claimants were sent on March 4, 2019 to Protective Insurance and Ernest Hardy by fax machine. On March 11, 2019, Claimants' Counsel spoke directly with Ernest Hardy who indicated New England Motor Freight filed for bankruptcy protection under chapter 11 of the United States Bankruptcy Code in New Jersey.

Claimant's counsel was advised that once Mr. Hardy provided him with information relating to the bankruptcy filing, Claimants' Counsel could then file for uninsured motorist benefits.

As of March 19, 2019, Claimant's Counsel still had not heard from Mr. Hardy regarding the status of the bankruptcy filing and followed up with an email to Ernest Hardy asking for the bankruptcy status.

On or about June 3, 2019, Claimant's counsel did receive documentation from the bankruptcy court and a proof of claim indicating a Proof of Claim bar date of June 18, 2019 at 5:00P.M.

Proof of claims for all Claimants were not timely filed. Based upon the pursuit of uninsured motorist claims to obtain first party benefits for the injured Claimants. That process is still continuing although no suit as of the date of this filing has been filed.

At all times relevant herein, Claimants' Counsel continuously communicated with Protective Insurance and Ernest Hardy to obtain necessary information in order to comply with the Bankruptcy rules, but ultimately no proof of claim was ever filed.

# ARGUMENT

The Bankruptcy Code provides that all creditors must receive 20 days' notice of, among other things, the meeting of creditors and the time for filing claims in a Chapter 11 case. *Fed. R. Bankr. P*. 2002. Although notice is not defined by the Bankruptcy Code, bankruptcy courts "sensibly assume that the general norms of fair notice as set forth in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950); *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 748, 489-91 (1988); *Mennonite Bd Of Missions v. Adams*, 462 U.S. 791, 797-800 (1983), and other such cases, apply to bankruptcy as to other settings in which a person's legal right is extinguished if he fails to respond to a pleading." *Fogel v. Zell*, 221 F.3d 955, 962 (7°' Cir. 2000).

The United States Supreme Court has held that "even creditors who have knowledge of a [bankruptcy case] have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." *City of New York v. New York, New Haven & Hartford R.R.*, 344 U.S. 293, 297 (1953). In New York, the City of New York was a known creditor with liens against a railroad that filed bankruptcy. *Id*. at 293. The City knew that the railroad was in bankruptcy but it did not file a timely claim because it never received notice by mail. *Id*. The Supreme Court held that the City "acted reasonably in waiting" to receive notice before filing its claim; therefore, it was allowed to file a late claim. *Id* at 297.

As noted by this Court in 1992, "imposition of a duty on a creditor to inquire continually into all 'possible court orders' [is] too burdensome." *Dollinger v. Poskanzer*, 146 B.R. 125 (U.S.D.C. N.J. 1992) (quoting City of New York, 344 U.S. at 297). See also *In re Harbor Tank Storage Co.,* 385 F.2d 111, 115-116 (3rd Circuit 1967).

In addition, the Bankruptcy Rules permit late filed claims in a Chapter 11 case if the creditor's failure to timely file the claim "was the result of excusable neglect." Fed. R. Bankr. P.

9006(b)(1). The Supreme Court considered the "excusable neglect" doctrine in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). In Pioneer, a creditor's attorney received notice of a creditors meeting from the bankruptcy court shortly after the debtor filed its Chapter 11 case. *Id*.at 383-84. The notice also contained the bar date for filing proof of claims in the case. *Id*. The attorney was in the middle of withdrawing from his law firm and did not catch the bar date provision in the notice and failed to file a timely claim. *Id.* at 384.

The Supreme Court found that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' ... the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. The Court then identified four relevant circumstances that courts should consider: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. *Id*. After considering the four relevant circumstances, the Supreme Court held that the attorney's neglect in not filing a claim was excusable. *Id*. at 398.

Here, although counsel for Creditors/Claimants, received Notice of Bar Dates for Filing Claims (the "Notice") timely, there is no prejudice to the debtor since it was aware of Claimants' claims against it pre-petition, due to the multiple communications Claimants' Counsel had with Mr. Hardy, a representative of Protective Insurance, Debtor's insurance carrier.

In addition, there will be no additional delay to the Bankruptcy Action because no plan has yet been set forth. Claimants' delay in filing a Proof of Claim for their personal injuries was not the result of bad faith since Claimants' Counsel consistently and diligently communicated with debtor's insurance carrier in order obtain procedural information and to resolve the matter through

obtaining uninsured motorist benefits.

## CONCLUSION

Based on the foregoing, Creditor/Claimants, BYRON E. NAJERA OSORIO, XIOMARA MENDOZA-LOPEZ and ABEL TROCHEZ CARLOS DIAZ respectfully request that this Court grant the instant Motion permitting Creditor/Claimants to file a late Proof of Claim, and for such other and further relief as the Court deems just and equitable.

Dated: January 8, 2020

                                                        Respectfully submitted,

                                                       **CIMINO LAW, LLC**

                                                       By: s/Alyssa A. Cimino
                                                            Alyssa A. Cimino
                                                            376 Hollywood Avenue
                                                            Suite 206
                                                           Fairfield, NJ 07004
                                                           (862) 210-8036
                                                           *Counsel for Creditors, Byron E. Najera Osorio, Xiomara Mendoza Lopez & Abel Trochez*