**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
E-mail:  kgiannelli@gibbonslaw.com
          mconlan@gibbonslaw.com
          btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

### DEBTORS' MOTION FOR ORDER
### APPROVING SETTLEMENT WITH TAYLOR & MARTIN, INC.
### PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 9019

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned proposed counsel, hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form submitted herewith, pursuant to section 105(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving and authorizing the Debtors to enter into a

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

1

settlement and release agreement (the "**T&M Settlement**") with Taylor and Martin, Inc. ("**T&M**"). In support of the Motion, the Debtors rely upon *Declaration of Vincent Colistra* (the "**Colistra Declaration**") submitted contemporaneously herewith, and respectfully state as follows:

I.   **JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

II.  **BACKGROUND**

**THE CHAPTER 11 CASES**

4. On February 11, 2019 (the "**Petition Date**"), the above-captioned Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). On February 21, 2019 the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). The Debtors, as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, have been engaged in an orderly liquidation of their assets and wind-down of their businesses, toward the goal of preserving and maximizing the value of their assets for all

creditors. This included the sale of debtors Eastern Freight Ways, Inc. ("**Eastern**") and Carrier Industries, Inc. ("**Carrier**") as going-concerns.

5. The Debtors offered a broad range of transportation services. Debtor New England Motor Freight, Inc. ("**NEMF**") was founded in 1918 in Elizabeth, New Jersey and is a leading less than truckload ("**LTL**") carrier with a focus in the Mid-Atlantic, Midwest and Northeast United States. NEMF also offers LTL services to its customers across the United States and Canada through a number of partnerships and interline carrier arrangements with other LTL providers. In addition to the LTL business the Debtors provide truckload ("**TL**") services through Eastern. Debtor Jans Leasing Corp. ("**Jans Leasing**") is a trucking equipment lessor, Debtor Carrier offers dedicated third party logistics services, Debtor Apex Logistics ("**Apex**") offers transportation brokerage services, and Debtor NEMF World Transport, Inc. ("**NEWT**") provides non-vessel operation common carrier operations between the United States and Puerto Rico.

6. Additional information regarding the Debtors' businesses, the events leading to the Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Vincent Colistra in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 22].

### THE T&M ROLLING STOCK AUCTIONS

7. On February 28, 2019, the Debtors' filed a motion to authorize the sale of certain NEMF rolling stock and miscellaneous personal property (referred to as "Shop/Dock/Office" items) through an auction process, see Dkt. 141 (the "**Auction Motion**") and sought to retain T&M as auctioneer, see Dkt. 139. Certain of the Debtors' secured lenders filed objections to the proposed auction terms and procedures in the Auction Motion. Following several days of hearings, including live testimony, many of the lenders reached agreement with the Debtors and the

Committee on certain terms and supported approval of the retention of T&M and the auctions. The Court overruled the remaining objections and ultimately approved both retention of T&M and the auctions on April 8, 2019. [See Docket No. 434].

8. The Debtors, with the assistance of T&M, consolidated thousands of units of rolling stock from thirty six terminals in fifteen states to twelve locations in seven states. On May 30, 2019, the Debtors started a six-week auction process of selling off rolling stock, which was the largest bankruptcy auction of its kind, according to T&M. Ultimately, the T&M auctions brought in an aggregate total of $45.9 million to the Debtors' estates.

9. Throughout the course of the auctions, T&M expended an extraordinary amount of time and labor, outside the scope of the auction agreement, to repair and marshal vehicles that were inoperable due to a range of problems including, but not limited to, dead batteries, activated engine codes, engine/drivetrain failures, and interior damage. Repairs were particularly difficult to commission due to the volume of the repairs and the fact that NEMF was in bankruptcy thus requiring T&M to guarantee payment of the repairs.

10. In addition to the foregoing, a number of the sale sites could not be vacated within the original anticipated time frames due to a variety of factors including, but not limited to, significant volumes of shop, dock and office equipment that were abandoned by buyers; rolling stock that had not been picked up due to availability or marketability of titles associated with the same; and, significant amounts of non-auction materials and debris that remained in connection with prior NEMF operations.

11. Upon conclusion of the sales, the Debtors and T&M engaged in significant discussion regarding the original scope of the auction agreement and the responsibility, if any, of either party to pay for or reimburse the other for, the above referenced efforts. In the spirit of

compromise and goodwill, and not as an admission of liability, T&M offered to pay the estate the sum of $100,000 in exchange for a release of all claims related to the services that T&M rendered to the Debtors in connection with these Chapter 11 cases. The Debtors and the Committee for Unsecured Creditors have agreed to these terms.

### III. RELIEF REQUESTED

12. By this Motion, the Debtors request an order, substantially in the form submitted herewith, authorizing the Debtors' to enter into the proposed settlement with T&M pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a). This relief is in the best interests of the Debtors' estates because it will allow the Debtors to receive $100,000 from T&M related to the above referenced matters and eliminate any litigation concerning the foregoing matters.

### IV. BASIS FOR RELIEF AND REASONS THEREFOR

13. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." "To minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY 9019.03[1] (15th ed. 1993)). Accordingly, when required, "courts are able to craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the

result the [Bankruptcy] Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003).

14. The decision to approve a settlement agreement is within the sound discretion of this Court. *In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Neshaminy Office Bldg. Associates*, 62 B.R. 798, 803 (E.D. Pa. 1986) ("Approval of the settlement lies within the sound discretion of the Bankruptcy Court."). In approving a settlement, a bankruptcy court need not be convinced that the settlement is the best possible compromise, but rather conclude that the settlement falls within the reasonable range of litigation possibilities and is at least above "the lowest point in the range of reasonableness." *In re Capmark*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). *See also Official Unsecured Creditors' Comm. of Pa. Truck Lines, Inc. v. Pa. Truck Lines, Inc. (In re Pa. Truck Lines, Inc.)*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993). In determining whether to approve a settlement, bankruptcy courts have determined that the ultimate inquiry is whether the compromise is fair, reasonable and in the best interest of the estate. *Key3Media Grp., Inc. v. Pulver. Corn, Inc. (In re Key3 Media Grp., Inc.)*, 336 B.R. 87, 92 (Bankr. D. Del. 2005). *See also Protective Comm. for Indep. Stockholders of TIvIT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006).

15. The terms of the T&M Settlement were agreed upon after analysis by the Debtors of the strength of any potential claims Debtors would have under the auction agreement as well as the risk of recourse by T&M against the Debtors Estate for any services rendered outside the scope of the auction agreement which could exceed any potential claim of the Debtors. T&M offered the sum of $100,00 in the spirit of compromise and to maintain goodwill and not as an admission of liability. Debtors submit the settlement is consistent with the analysis of *Myers v. Martin (In*

*Re)*, 91 F.3d 389.  In particular, the expense incurred to determine liability on any potential claims of the Debtors and T&M would likely outweigh the benefits of an uncertain result in addition to the delay of obtaining a final judicial determination of the same.  Further, the approval of the T&M Settlement is in the interest of the Creditors of the Debtors' estates because it will increase the dividend to unsecured creditors without any additional expense to the Estate.  Furthermore, the Committee of Unsecured Creditors has reviewed the terms of the Settlement Agreement as noted and consents to the same.  The Third Circuit has held that, in determining whether to approve a settlement or controversy, a Court should consider the following four factors: (a) the probability of success in the litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors.  *Martin*, 91 F.3d at 393.  The Debtors submit that the proposed T&M Settlement is fair and reasonable and in the best interests of the Debtors' estates.

16.     Accordingly the Debtors respectfully submit that the *Martin* factors are met and the T&M Settlement should be approved.

.

## V.     WAIVER OF MEMORANDUM OF LAW

17.     Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).  No previous motion for the relief sought herein has been made to this or any other Court.

## VI.    WAIVER OF 14-DAY STAY

18.     The Debtors hereby request a waiver of the fourteen (14) day stay under Bankruptcy

Rule 6004(h).

## VII. NO PRIOR REQUEST

19. No other motion for the relief sought herein has been made to this Court or to any other court.

## VIII. NOTICE

20. Notice of this Motion has been provided to the following parties: (a) the Office of the United States Trustee for the District of New Jersey; (b) co-counsel to the Official Committee of Unsecured Creditors; (c) Taylor & Martin, Inc.; (d) counsel to the Secured Lenders; and (e) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.

21. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request the entry of an order substantially in the form submitted herewith, granting the relief request in the Motion, approving the T&M Settlement, and granting such other and further relief as may be just and proper.

Dated:  January 15, 2020                    Respectfully submitted,

                                              **GIBBONS P.C.**

By: /s/ Brett S. Theisen
    Karen A. Giannelli, Esq.
    Mark B. Conlan, Esq.
    Brett S. Theisen, Esq.
    One Gateway Center
    Newark, New Jersey  07102
    Telephone:  (973) 596-4500
    Facsimile:  (973) 596-0545
    E-mail:  kgiannelli@gibbonslaw.com
            mconlan@gibbonslaw.com
            btheisen@gibbonslaw.com

*Counsel to the Debtors*
*and Debtors-in-Possession*