**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
Email:  kgiannelli@gibbonslaw.com
          mconlan@gibbonslaw.com
          btheisen@gibbonslaw.com

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**JOINDER OF THE DEBTORS TO OBJECTION OF UNITED STATES FIRE INSURANCE COMPANY TO MOTION OF CREDITORS BYRON E. NAJERA-OSORIO, XIOMARA MENDOZA-LOPEZ, AND ABEL TROCHEZ FOR LEAVE TO FILE A LATE PROOF OF CLAIM**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby submit this joinder (the "Joinder") to the *Objection of United States Fire Insurance Company to Motion of Creditors Byron E. Najera-Osorio, Xiomara Mendoza-Lopez, and Abel Trochez* (collectively, the "Claimants") *for Leave to File a Late Proof*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

*of Claim* (the "Objection") [Docket No. 1145].[2]  In support of the Joinder, the Debtors respectfully state as follows:

## BACKGROUND

**The Chapter 11 Cases.**

1. On February 11, 2019 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases.

2. On February 21, 2019 the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

3. The Debtors, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, have been engaged in an orderly liquidation of their assets and wind-down of their businesses, toward the goal of preserving and maximizing the value of their assets for all creditors.

4. Prior to the liquidation of their assets, the Debtors offered a broad range of transportation services.  Debtor New England Motor Freight, Inc. ("NEMF") was founded in 1918 in Elizabeth, New Jersey and was a leading less than truckload ("LTL") carrier with a focus in the Mid-Atlantic, Midwest and Northeast United States.  NEMF also offered LTL services to its customers across the United States and Canada through a number of partnerships and interline carrier arrangements with other LTL providers.  In addition to the LTL business, the Debtors provide truckload ("TL") services through Debtor Eastern Freight Ways, Inc.  Debtor Jans Leasing Corp. was a trucking equipment lessor, Debtor Carrier Industries, Inc. offered dedicated third party logistics services, Debtor Apex Logistics offered transportation brokerage services,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

and Debtor NEMF World Transport, Inc. provided non-vessel common carrier operations between the United States and Puerto Rico.

5.      Additional information regarding the Debtors' businesses, the events leading to the Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Vincent Colistra in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 22].

**The Schedules.**

6.      In the Debtors' bankruptcy schedules filed with the Court [Docket No. 411], the Debtors listed each of the Claimants as creditors in Schedule E/F of the schedules, listing each of the Claimants as contingent, unliquidated and disputed. See id. at Schedule E/F at 203.

**The Bar Date Motion and Bar Date Order.**

7.      On April 9, 2019, the Debtors filed a Motion for Entry of an Order (I) Establishing Bar Dates and Procedures and (II) Approving the Form and Manner of Notice Thereof (the "Bar Date Motion") [Docket No. 435], on notice to the Claimants' counsel. On May 1, 2019, the Court entered an Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 519].

8.      Pursuant to the Bar Date Order, the Court established June 18, 2019 as the deadline for the filing of proofs of claim in the Debtors' bankruptcy cases (the "Bar Date").

9.      The Claimants received notice of both the Bar Date Motion and the Bar Date Order prior to the Bar Date.

**The Plan and the Auto Liability Claims Protocol.**

10.     During the course of these proceedings, at the Court's direction, and in an effort to preserve and maximize the value of the Debtors' estate, the Debtors, the Committee, the Auto

Insurers and various auto liability claimants engaged in extensive dialogue and negotiations, which resulted in a settlement and the creation of an Auto Liability Claims Protocol that addresses the satisfaction and payment of all prepetition auto liability claims in the Debtors' bankruptcy cases (the "Protocol").

11. On November 19, 2019, the Debtors and the Committee filed their Third Amended Joint Combined Plan of Liquidation and Disclosure Statement (the "Plan"), which incorporated the Protocol.

12. On January 8, 2020, more than six (6) months after receiving notice of the Bar Date Motion, the Bar Date Order and the Bar Date, the Claimants filed their Motion, wherein the Claimants seek authority to file proofs of claim out of time [Docket No. 1098].

13. Shortly thereafter, on January 15, 2020, the Court entered an Order confirming the Plan and approving the Protocol [Docket No. 1123].

## **JOINDER**

14. As set forth in the Objection, the Motion is problematic is several respects. Among other things: (i) the Claimants received notice of the Debtors' bankruptcy filings, the Bar Date Motion, the Bar Date Order and the Bar Date well before the Bar Date expired; (ii) the Debtors already negotiated and reached a resolution, i.e., the Protocol, with the Auto Insurers and various claimants, which resolution expressly included the Bar Date Motion and the Bar Date Order; and (iii) the Court has confirmed the Plan, which approved the Protocol. Granting the Claimants leave to file a late proof of claim would undermine both the confirmation process and the efforts of the Debtors, the Auto Insurers and other auto liability claimants who worked diligently to establish the Bar Date.

15. For these reasons, and for the reasons set forth in the Objection, the Debtors join in the Objection and request that the Court deny the Claimants' request for leave to file late proofs of claim.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) deny the Motion and (ii) grant such other and further relief as the Court deems just and proper.

Dated: January 29, 2020

By: */s/ Brett S. Theisen*
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
Email: kgiannelli@gibbonslaw.com
mconlan@gibbonslaw.com
btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*