UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-1

**GIBBONS P.C.**
Karen A. Giannelli, Esq.
Mark B. Conlan, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: kgiannelli@gibbonslaw.com
         mconlan@gibbonslaw.com
         btheisen@gibbonslaw.com

*Counsel to the Debtors
and Debtors-in-Possession*

Order Filed on February 3, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-12809 (JKS)

(Jointly Administered)

## STIPULATION AND AGREED ORDER ALLOWING MASSACHUSETTS DEPARTMENT OF REVENUE CLAIM # 138 AT A REDUCED AMOUNT

The relief set forth on the following pages numbered two (2) through six (6) is hereby **ORDERED**.

**DATED: February 3, 2020**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page: 2
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Stipulation and Agreed Order Allowing Massachusetts Department of Revenue Claim No. 138 at a Reduced Amount

---

This Stipulation Allowing Massachusetts Department of Revenue Claim No. 138 at a Reduced Amount (the "Stipulation") is made by and among the Massachusetts Department of Revenue (the "MA DOR"), the above-captioned debtors and debtors-in-possession (the "Debtors" and together with the MA DOR, the "Parties").

## RECITALS

**WHEREAS**, on February 11, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), thereby initiating the chapter 11 cases. With the exception of the Debtors sold as going-concerns, Eastern Freight Ways, Inc. and Carrier Industries, Inc., the Debtors, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, engaged in an orderly liquidation of their assets and wind-down of their businesses, toward the goal of preserving and maximizing the value of their assets for all creditors; and

**WHEREAS**, on or about February 25, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"); and

**WHEREAS**, prior to the Petition Date, MA DOR Sales Taxes accrued against New England Motor Freight; and

**WHEREAS**, on March 28, 2019, the MA DOR filed a claim, identified as Claim Number 138 on the Claims Register maintained by Donlin Recano, the Debtors' Bankruptcy

Page: 3
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Stipulation and Agreed Order Allowing Massachusetts Department of Revenue Claim No. 138 at a Reduced Amount

Court appointed Claims and Noticing Agent (the "MA DOR Claim" or the "Claim")[2] in the total amount of $1,325,732.42 of which $1,165,238.22 was claimed as entitled to priority under 11 U.S.C. Section 507(a)(8) and the balance of $160,494.20 was asserted as a general unsecured claim; a copy of the Claim is attached hereto as Exhibit A; and

**WHEREAS**, by Order dated May 1, 2019, the Bankruptcy Court fixed August 12, 2019 ("Governmental Bar Date") as the deadline for all governmental units to file claims against the Debtors with respect to claims that arose on or prior to the Petition Date; and

**WHEREAS**, the MA DOR Claim covers the Massachusetts sales tax liabilities alleged to be owed by New England Motor Freight, Inc. for the periods from June 1, 2013 through February 28, 2014 and July 1, 2015 through December 31, 2017 ("Periods at Issue"); and

**WHEREAS**, the Parties have agreed that the MA DOR Claim should be allowed as a priority claim under 11 U.S.C. Section 507(a)(8) in the reduced amount of $745,821 and the balance of such Claim should be expunged; and

**WHEREAS**, the Committee has no objection to entry of this Stipulation; and

**WHEREAS**, the Parties desire to memorialize the allowed priority claim by this Stipulation.

**NOW, THEREFORE**, the Parties stipulate and agree, and the Court hereby finds and **ORDERS** as follows:

1. The foregoing recitals are incorporated herein by reference.

2. The MA DOR shall have an allowed unsecured priority claim against the Debtors

---

[2] The MA DOR Claim was identified as Claim Number 15 on the Claims Register maintained by the Clerk of the Bankruptcy Court.

Page: 4
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Stipulation and Agreed Order Allowing Massachusetts Department of Revenue Claim No. 138 at a Reduced Amount

---

in the amount of $745,821 (the "Allowed Priority Tax Claim") which claim shall be payable in accordance with the provisions of the *Debtors' and Official Committee of Unsecured Creditors' Third Amended Joint Combined Plan and Disclosure Statement* [Docket No. 1023]. Any and all other claims of MA DOR against the Debtors' estates with respect to the Periods at Issue be and hereby are deemed expunged and/or waived. Any other claims the MA DOR may have had against the Debtors that were not filed by the Governmental Bar Date are now time-barred.

3.  The Parties agree to accept this settlement in full and final satisfaction of all claims that were raised or could have been raised for the Periods at Issue. Accordingly, with respect to the Periods at Issue, other than the Allowed Priority Tax Claim, the MA DOR forever waives, releases and discharges the Debtors, the Debtors' estates, and each of their respective successors, agents and assigns of and from any and all manner of action and actions, cause and causes of action, suits, guarantees, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing related to the MA DOR Claim, whether or not such claims are known or unknown to the MA DOR, and whether or not such claims have been asserted by the MA DOR.

4.  This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

Page:     5
Debtors:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Stipulation and Agreed Order Allowing Massachusetts Department of Revenue Claim No. 138 at a Reduced Amount

---

5. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

6. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original. It shall not be necessary in making proof of this Stipulation to produce or account for more than one such counterpart.

7. This Stipulation may not be amended without the express written consent of all Parties hereto.

8. This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

9. It is acknowledged that each of the Parties has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

10. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waives any right to commence any such action in any forum other than the Bankruptcy Court. This Stipulation shall be interpreted and construed in accordance with the laws of the State of New Jersey, without regard to the conflict of laws of the State of New Jersey.

11. This Stipulation applies only to the Periods at Issue and may not be relied upon as precedent in subsequent or other matters. After this Stipulation is executed and approved by the

Page: 6
Debtors: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Stipulation and Agreed Order Allowing Massachusetts Department of Revenue Claim No. 138 at a Reduced Amount

---

Court, neither the Debtors nor the MA DOR shall be permitted to reopen the matter or matters which are the subject of this Stipulation except by reason of (1) fraud; (2) misrepresentation of a material fact; or (3) mutual mistake of material fact sufficient to cause a contract to be reformed or set aside.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Stipulation as of the date and year first written below and each such Party consents to the form and manner of this Stipulation.

**AGREED TO AND JOINTLY SUBMITTED BY:**

| | |
|---|---|
| Dated: January 28, 2020 | Dated: January 28, 2020 |
| **GIBBONS P.C.** | **MASSACHUSETTS DEPARTMENT OF REVENUE** |
| By: /s/ *Karen A. Giannelli* <br> Karen A. Giannelli | By: *Debra S. Rokosz* <br> Debra S. Rokosz |
| One Gateway Center <br> Newark, NJ 07102-5310 <br> Tel: (973) 596-4500 <br> E-mail: kgiannelli@gibbonslaw.com <br><br> *Counsel to the Debtors and Debtors-in-Possession* | Debra S. Rokosz, Deputy Commissioner <br> Resolution Division <br> P O Box 9565 <br> 100 Cambridge Street – 7th Floor <br> Boston, MA 02114 <br> Tel: (617) 626-3869 |

# EXHIBIT A

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | New England Motor Freight, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: District of New Jersey | |
| Case number | 19-12809 JKS |

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Massachusetts Department of Revenue
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Mass. Dept. of Revenue Attn: Bankruptcy Unit
Name
PO Box 9564
Number    Street
Boston          MA          02114
City          State          ZIP Code

Contact phone  617-626-4209
Contact email  yeke@dor.state.ma.us

Where should payments to the creditor be sent? (if different)

Name _____
Number    Street _____
City    State    ZIP Code _____
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/___
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                Proof of Claim                                page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __7__ __6__ __9__ __7__

**7. How much is the claim?** $_____1,325,732.42__. **Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____
**Amount of the claim that is unsecured:** $_____1,325,732.42__ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No |  |
|---|---|---|---|
| | | ☑ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 1,165,238.22 |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/27/2019
                 MM / DD / YYYY

/s/ Kendra Ye
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Kendra Ye |
| --- | --- |
| | First name    Middle name    Last name |
| Title | Tax Examiner III |
| Company | Mass. Dept. of Revenue- Bankruptcy Unit |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | PO Box 9564 |
| | Number    Street |
| | Boston          MA      02114 |
| | City           State    ZIP Code |
| Contact phone | 617-626-4209          Email  yeke@dor.state.ma.us |

Official Form 410                     **Proof of Claim**                      page 3

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE
P.O.BOX 9564, BOSTON, MA 02114-9564
TEL #:(617)626-3875   FAX #:(617) 626-3796

PROOF-OF-CLAIM FOR MASSACHUSETTS TAXES

Debtor name; **New England Motor Freight, Inc.**
DOCKET #: **19-12809 JKS**
PETITION DATE: **02/11/2019**
CHAPTER **11**
I.D.#: **XXX-XX-7697**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF **New Jersey**

IN THE MATTER OF:

**X**   IN PROCEEDINGS FOR AN ARRANGEMENT UNDER **CHAPTER 11**.

___  AMENDED PROOF-OF-CLAIM TO SUPERSEDE CLAIMS FILED _____

THE COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF REVENUE FILES THIS PROOF OF CLAIM FOR UNPAID MASSACHUSETTS TAXES, INCLUDING INTEREST AND PENALTIES CALCULATED TO THE PETITION DATE OR CONVERSION DATE AS APPLICABLE.

1. THE AMOUNTS LISTED IN PARAGRAPHS A, B, C AND D BELOW ARE SUMMARIES OF THE AMOUNTS DUE FOR EACH CATEGORY OF CLAIM. A DETAILED STATEMENT OF THE TAX PERIODS AND THE AMOUNTS DUE IS ATTACHED. THE TYPE OF TAX IS IDENTIFIED BY LETTER CODES AS SHOWN AT THE TOP OF THE DETAIL PAGES.

2. TAX PERIODS ON ATTACHED PAGES ARE MARKED BY AN ASTERISK (*) IF THE AMOUNTS FOR THOSE PERIODS ARE ESTIMATED.

3. TO THE EXTENT THAT ANY PRE-PETITION TAX, OR POST-PETITION INTEREST AND PENALTIES ATTRIBUTABLE TO PRE-PETITION TAX, ARE NONDISCHARGABLE AND REMAIN UNPAID, THEY MAY BE COLLECTED FROM THE DEBTOR OR FROM ANY OTHER LIABLE ENTITY.

4. TO THE EXTENT THAT A CLAIM IS IDENTIFIED AS A SECURED CLAIM AND IS UNDERSECURED PURSUANT TO 11 U.S.C.SEC 506, THE UNSECURED PORTION CONSISTING OF TAX AND INTEREST IS ASSERTED AS AN UNSECURED PRIORITY CLAIM, AND THE UNSECURED PORTION CONSISTING OF PENALTY IS ASSERTED AS A GENERAL UNSECURED CLAIM. THE COMMONWEALTH OF MASSACHUSETTS DOES NOT WAIVE OR INTEND TO WAIVE ELEVENTH AMENDMENT SOVEREIGN IMMUNITY FOR ITSELF OR ANY OF ITS OFFICERS OR AGENCIES INCLUDING THE DEPARTMENT OF REVENUE BY FILING THIS PROOF OF CLAIM.

5. MASSACHUSETTS CLAIMS A SETOFF OF PRE-PETITION TAX REFUNDS AGAINST THIS CLAIM.

A. **SECURED CLAIMS (NOTICE OF STATUTORY TAX LIEN FILED PURSUANT TO M.G.L. CHAPTER 62C SEC 50):**

**$ 0.00**

POST-PETITION INTEREST IS INCLUDED TO THE EXTEND ALLOWED BY 11 U.S.C. SECTION 506(b).

B. UNSECURED PRIORITY CLAIMS UNDER 507(a)(8) OF THE BANKRUPTCY CODE:   **$ 1,165,238.22**

C. UNSECURED GENERAL CLAIMS:   **$ 160,494.20**

D. UNSECURED PENALTIES SUBORDINATE TO GENERAL UNSECURED CLAIMS:   **$ 0.00**

TOTAL:   **$ 1,325,732.42**

AUTHORIZED SIGNATURE: **/S/ Kendra Ye** DATE: **03/27/2019**

**Kendra Ye**, Tax Examiner III, **BANKRUPTCY UNIT, MDOR**
TEL #:**(617) 626-4209**
Isabel Jean, Bankruptcy Director, **BANKRUPTCY UNIT, MDOR**
TEL #:**(617) 626-3820**

## MDOR PRIORITY / GENERAL UNSECURED PROOF-OF-CLAIM

| | | | | |
|---|---|---|---|---|
| **DISTRICT OF:** | New Jersey | | **DOCKET # :** | 19-12809 JKS |
| **IN THE MATTER OF:** | New England Motor Freight, Inc. | | | |
| **CHAPTER 11** | | | | |
| **PETITION DATE:** | 02/11/19 | | **TAX I.D.# :** | XXX-XX-7697 |

**TAX TYPE SYMBOLS:**   WH = WITHHOLDING;  ST = SALES ;  MT = MEALS;  RO = ROOM OCCUPANCY
IT = INCOME;  CP = CORPORATE EXCISE;  SP. F. = SPECIAL FUELS;
SER=SERVICES;  PU = PUBLIC UTILIT'  RL=ROOM LOCAL

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION DATE | PENALTY | BALANCE |
|---|---|---|---|---|---|---|
| **Priority Claim** | | | | | | |
| Sales Tax | 6/30/13 | 11/20/17 | $103,440.51 | $32,047.91 | $0.00 | $135,488.42 |
| Sales Tax | 9/30/13 | 11/21/17 | $49,918.26 | $14,221.37 | $0.00 | $64,139.63 |
| Sales Tax | 12/31/13 | 11/22/17 | $46,364.42 | $12,611.31 | $0.00 | $58,975.73 |
| Sales Tax | 1/31/14 | 11/23/17 | $11,722.98 | $3,139.76 | $0.00 | $14,862.74 |
| Sales Tax | 2/28/14 | 11/24/17 | $4,224.48 | $1,115.05 | $0.00 | $5,339.53 |
| | | | | | Total | $278,806.05 |

**The following accounts have an Audit In Progress for the filing period range described.
Figures for these period are not final.**

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION DATE | PENALTY | BALANCE |
|---|---|---|---|---|---|---|
| Sales Tax | 7/31/15 | * | $10,058.88 | $2,798.71 | | $12,857.59 |
| Sales Tax | 8/31/15 | * | $44,058.26 | $2,798.71 | | $46,856.97 |
| Sales Tax | 9/30/15 | * | $16,858.76 | $2,798.71 | | $19,657.47 |
| Sales Tax | 10/31/15 | * | $15,107.95 | $2,798.71 | | $17,906.66 |
| Sales Tax | 11/30/15 | * | $28,419.38 | $2,798.71 | | $31,218.09 |
| Sales Tax | 12/31/15 | * | $19,580.38 | $2,798.71 | | $22,379.09 |
| Sales Tax | 1/31/16 | * | $16,858.76 | $2,798.71 | | $19,657.47 |
| Sales Tax | 2/29/16 | * | $26,430.26 | $2,798.71 | | $29,228.97 |
| Sales Tax | 3/31/16 | * | $10,058.88 | $2,798.71 | | $12,857.59 |
| Sales Tax | 4/30/16 | * | $20,804.75 | $2,798.71 | | $23,603.46 |
| Sales Tax | 5/31/16 | * | $40,133.92 | $2,798.71 | | $42,932.63 |
| Sales Tax | 6/30/16 | * | $47,112.04 | $2,798.71 | | $49,910.75 |
| Sales Tax | 7/31/16 | * | $10,058.88 | $2,798.71 | | $12,857.59 |
| Sales Tax | 8/31/16 | * | $16,432.60 | $2,798.71 | | $19,231.31 |
| Sales Tax | 9/30/16 | * | $56,269.99 | $2,798.71 | | $59,068.70 |
| Sales Tax | 10/31/16 | * | $19,219.76 | $2,798.71 | | $22,018.47 |
| Sales Tax | 11/30/16 | * | $14,634.01 | $2,798.71 | | $17,432.72 |
| Sales Tax | 12/31/16 | * | $44,468.26 | $2,798.71 | | $47,266.97 |
| Sales Tax | 1/31/17 | * | $27,535.25 | $2,798.71 | | $30,333.96 |
| Sales Tax | 2/28/17 | * | $30,183.95 | $2,798.71 | | $32,982.66 |
| Sales Tax | 3/31/17 | * | $41,063.38 | $2,798.71 | | $43,862.09 |

## MDOR PRIORITY / GENERAL UNSECURED PROOF-OF-CLAIM

**DISTRICT OF:** New Jersey  
**IN THE MATTER OF:** New England Motor Freight, Inc.  
**CHAPTER 11**  
**PETITION DATE:** 02/11/19  

**DOCKET #:** 19-12809 JKS  

**TAX I.D.#:** XXX-XX-7697  

**TAX TYPE SYMBOLS:**  
WH = WITHHOLDING; ST = SALES ; MT = MEALS; RO = ROOM OCCUPANCY  
IT = INCOME; CP = CORPORATE EXCISE; SP. F. = SPECIAL FUELS;  
SER=SERVICES; PU = PUBLIC UTILIT' RL=ROOM LOCAL

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION DATE | PENALTY | BALANCE |
|---|---|---|---|---|---|---|
| Sales Tax | 4/30/17 | * | $40,257.37 | $2,798.71 | | $43,056.08 |
| Sales Tax | 5/31/17 | * | $40,347.00 | $2,798.71 | | $43,145.71 |
| Sales Tax | 6/30/17 | * | $48,649.91 | $2,798.71 | | $51,448.62 |
| Sales Tax | 7/31/17 | * | $38,977.25 | $2,798.71 | | $41,775.96 |
| Sales Tax | 8/31/17 | * | $10,058.88 | $2,798.71 | | $12,857.59 |
| Sales Tax | 9/30/17 | * | $20,792.76 | $2,798.71 | | $23,591.47 |
| Sales Tax | 10/31/17 | * | $10,058.88 | $2,798.71 | | $12,857.59 |
| Sales Tax | 11/30/17 | * | $18,110.97 | $2,798.71 | | $20,909.68 |
| Sales Tax | 12/31/17 | * | $19,869.63 | $2,798.71 | | $22,668.34 |

Total audit (Priority):    $886,432.17

**Total priority Claim:**    **$1,165,238.22**

General Unsecured Claim

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | BALANCE |
|---|---|---|---|
| Sales Tax | 7/31/15 | * | $2,011.78 |
| Sales Tax | 8/31/15 | * | $8,811.65 |
| Sales Tax | 9/30/15 | * | $3,371.75 |
| Sales Tax | 10/31/15 | * | $3,021.59 |
| Sales Tax | 11/30/15 | * | $5,683.88 |
| Sales Tax | 12/31/15 | * | $3,916.08 |
| Sales Tax | 1/31/16 | * | $3,371.75 |
| Sales Tax | 2/29/16 | * | $5,286.05 |
| Sales Tax | 3/31/16 | * | $2,011.78 |
| Sales Tax | 4/30/16 | * | $4,160.95 |
| Sales Tax | 5/31/16 | * | $8,026.78 |
| Sales Tax | 6/30/16 | * | $9,422.41 |
| Sales Tax | 7/31/16 | * | $2,011.78 |
| Sales Tax | 8/31/16 | * | $3,286.52 |
| Sales Tax | 9/30/16 | * | $11,254.00 |
| Sales Tax | 10/31/16 | * | $3,843.95 |

**MDOR PRIORITY / GENERAL UNSECURED PROOF-OF-CLAIM**

| **DISTRICT OF:** | New Jersey | **DOCKET # :** | 19-12809 JKS |
| **IN THE MATTER OF:** | New England Motor Freight, Inc. | | |
| **CHAPTER 11** | | | |
| **PETITION DATE:** | 02/11/19 | **TAX I.D.# :** | XXX-XX-7697 |

**TAX TYPE SYMBOLS:** WH = WITHHOLDING;  ST = SALES ;  MT = MEALS;  RO = ROOM OCCUPANCY
IT = INCOME;  CP = CORPORATE EXCISE;  SP. F. = SPECIAL FUELS;
SER=SERVICES;  PU = PUBLIC UTILITY  RL=ROOM LOCAL

| TAX TYPE | PERIOD ENDING | DATE TAX ASSESSED | TAX | INTEREST TO PETITION DATE | PENALTY | BALANCE |
|---|---|---|---|---|---|---|
| Sales Tax | 11/30/16 | * | | | $2,926.80 | |
| Sales Tax | 12/31/16 | * | | | $8,893.65 | |
| Sales Tax | 1/31/17 | * | | | $5,507.05 | |
| Sales Tax | 2/28/17 | * | | | $6,036.79 | |
| Sales Tax | 3/31/17 | * | | | $8,212.68 | |
| Sales Tax | 4/30/17 | * | | | $8,051.47 | |
| Sales Tax | 5/31/17 | * | | | $8,069.40 | |
| Sales Tax | 6/30/17 | * | | | $9,729.98 | |
| Sales Tax | 7/31/17 | * | | | $7,795.45 | |
| Sales Tax | 8/31/17 | * | | | $2,011.78 | |
| Sales Tax | 9/30/17 | * | | | $4,158.55 | |
| Sales Tax | 10/31/17 | * | | | $2,011.78 | |
| Sales Tax | 11/30/17 | * | | | $3,622.19 | |
| Sales Tax | 12/31/17 | * | | | $3,973.93 | |

**Total Audit (General Unsecured):**    $160,494.20

**Total Claim amount:**    **$1,325,732.42**

```
                          United States Bankruptcy Court
                                District of New Jersey
In re:                                                              Case No. 19-12809-JKS
New England Motor Freight, Inc.                                     Chapter 11
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-2          User: admin              Page 1 of 1         Date Rcvd: Feb 03, 2020
                              Form ID: pdf903          Total Noticed: 9
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 05, 2020.
```
db              +New England Motor Freight, Inc.,    1-71 North Ave E,    Elizabeth, NJ 07201-2958
aty            #+Brent C. Strickland,    Whiteford, Taylor & Preston L.L.P,    7501 Wisconsin Avenue,Suite 700W,
                  Bethesda, MD 20814-6521
aty             +Deloitte Consulting LLP,    111 S Wacker Dr,    Chicago, IL 60606-4396
aty             +Gibbons, P.C.,    One Gateway Center,    Newark, NJ 07102-5321
aty              Howard A. Cohen,    Gibbons P.C.,    300 Delaware Avenue, Suite 1015,    Wilmington, DE  19801-1671
aty              Jeffrey L. Nagel,    Gibbons P.C.,    One Pennsylvania Plaza, 37th Floor,
                  New York, NY  10119-3701
aty             +Todd M. Brooks,    Whiteford, Taylor & Preston L.L.P.,    7 St. Paul Street, Suite 1500,
                  Baltimore, MD 21202-1636
aty             +WASSERMAN, JURISTA & STOLZ, P.C.,    110 Allen Road,    Suite 304,
                  Basking Ridge,, NJ 07920-4500
aty             +Whiteford Taylor & Preston,    Seven Saint paul St. Ste 1800,    Baltimore, MD 21202-1639
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

```
            ***** BYPASSED RECIPIENTS *****
```
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 05, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 3, 2020 at the address(es) listed below:
NONE.                                                                                              TOTAL: 0