

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Joseph L. Schwartz, Esq. (JS-5525)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>(973) 538-0800<br>jschwartz@riker.com<br><br>*Counsel to United States Fire Insurance Company* | **Order Filed on February 18, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF BYRON E. NAJERA OSORIO, XIOMARA MENDOZA LOPEZ AND ABEL TROCHEZ FOR LEAVE TO FILE LATE PROOFS OF CLAIM SUBJECT TO CERTAIN CONDITIONS**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: February 18, 2020**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Post-Confirmation Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); and Eastern Freight Ways, Inc. (3461).

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | ORDER GRANTING MOTION OF BYRON E. NAJERA OSORIO, XIOMARA MENDOZA LOPEZ AND ABEL TROCHEZ FOR LEAVE TO FILE LATE PROOFS OF CLAIM SUBJECT TO CERTAIN CONDITIONS |
| Page: | 2 of 3 |

**THIS MATTER** having been opened to the Court upon the Motion of Byron E. Najera Osorio, Xiomara Mendoza Lopez and Abel Trochez (the "Claimants") for entry of an order for leave to file late proofs of claim (the "Motion"); and United States Fire Insurance Company ("U.S. Fire") having filed an objection to the Motion [Docket No. 1145] (the "Objection");[2] and both the Debtor and the Official Committee of Unsecured Creditors having filed joinders to the Objection [Docket Nos. 1146 and 1148] (together, the "Joinders"); and the Court having conducted a hearing on the Motion on February 4, 2020; and the Court having considered the Motion, the Certification of Craig Rosenstein submitted in support of the Motion, the Objection, the Joinders and all arguments of counsel at the February 4, 2020 hearing; and Court having granted the Motion, subject to certain conditions, as set forth on the record on February 4, 2020; and good and sufficient notice of the Motion having been provided to all interested parties; and for good cause shown,

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED**, subject to certain conditions, as set forth herein.

2. The Claimants shall be granted leave to file late proofs of claim (the "Claims") but shall only be entitled to receive distributions on the Claims on a limited basis. Specifically, the Claimants shall file the Claims within ten (10) days of entry of this Order. The Claimants shall thereafter be entitled to participate in, and shall be bound by the Protocol established under the Plan. U.S. Fire shall only be required to make distributions to the Claimants on account of the Claims to the extent there are sufficient letter of credit proceeds (the "LC Proceeds")

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | ORDER GRANTING MOTION OF BYRON E. NAJERA OSORIO, XIOMARA MENDOZA LOPEZ AND ABEL TROCHEZ FOR LEAVE TO FILE LATE PROOFS OF CLAIM SUBJECT TO CERTAIN CONDITIONS |
| Page: | 3 of 3 |

available after first paying all other expenses and allowed claims for which U.S. Fire is liable pursuant to the Protocol. To the extent there are insufficient LC Proceeds available to pay the Claims after payment of all other expenses and allowed claims for which U.S. Fire is liable under the Protocol, the Claims shall be deemed disallowed, with prejudice, without further order of the Court. Under no circumstances shall the estate or U.S. Fire be personally responsible on account of the Claims other than as set forth herein. Further, for the avoidance of any doubt, the only potential source of recovery for the Claimants shall be the LC Proceeds and under no circumstances shall the Claimants be entitled to assert any claims against, or obtain any recovery from, U.S. Fire or the Debtors' estates generally.

3. Nothing in this Order shall preclude the parties from negotiating the mutual resolution of this matter.

4. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to, arising out of or under the implementation, interpretation or enforcement of this Order.

5110179v2