|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Joseph J. DiPasquale, Esq.<br>Colleen M. Maker, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Liquidating Trustee* | Order Filed on April 16, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

## STIPULATION AND CONSENT ORDER RESOLVING CLAIM NOS. 832 & 1309 FILED BY CALEAST NAT, LLC

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: April 16, 2020**

*/s/ John K. Sherwood*

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

223581811.v1

Page:     2
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Stipulation And Consent Order Resolving Claim Nos. 832 and 1309 Filed By Caleast Nat, LLC*

This matter comes before the Court on the Liquidating Trustee's informal objection to Claim No. 1309, which amends Claim No. 832 (collectively the "Claim" filed by Caleast Nat, LLC ("Caleast" and collectively with the Liquidating Trustee, the "Parties"); and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the dispute has been given and that no other or further notice is necessary; and upon the record herein and the agreement of the Liquidating Trustee and Caleast, the Court having determined that the relief provided for herein is in the best interests of the Debtors, their estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Claim of Caleast is reduced and hereby allowed as (i) an administrative expense priority claim in the amount of $53,858.70 (the "Administrative Claim"), and (ii) a general unsecured claim in the amount of $479,851.78 (the "General Unsecured Claim" and together with the Administrative Claim, the "Allowed Claim").

2. The Administrative Claim will be paid in full within 14 days of entry of this Order.

3. Except as noted otherwise herein, the Allowed Claim will be paid in accordance with the terms and conditions of the *Debtors' and Official Committee of Unsecured Creditors' Third Amended Joint Combined Plan of Liquidation and Disclosure Statement* as confirmed by an Order the Bankruptcy Court entered on January 15, 2020 [Docket No. 1123].

223581811.v1

Page:     3
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Stipulation And Consent Order Resolving Claim Nos. 832 and 1309 Filed By Caleast Nat, LLC*

    4.    Caleast agrees it will not file or assert any additional claims (as this term is defined in Bankruptcy Code §101(5)) against any of the Debtors in these bankruptcy cases. Excluding the Allowed Claim, any other claim (as this term is defined in Bankruptcy Code §101(5)) filed or asserted by Caleast against any of the Debtors or their estates in these bankruptcy cases is hereby expunged.

    5.    Upon entry of this Stipulation and Order, the Liquidating Trustee, on behalf of the Debtors, the Debtors' estates and the liquidating trust, shall be deemed to have released, waived, and discharged Caleast, its officers, members, employees, affiliates, agents, owners, successors, assigns, and respective professionals from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising on or before the date of this Stipulation and Consent Order, including, without limitation, any claims, causes of action and demands in connection with or related to the Claim or the Allowed Claim.

    6.    The Liquidating Trustee, the claims and noticing agent in these bankruptcy cases, Donlin Recano & Company, Inc., and the Clerk of this Court are each authorized to take any and all actions that are necessary or appropriate to give effect to this Order, including reducing Caleast's Claim as set forth in paragraph 1 of this Order.

    7.    The terms set forth in this Order are the entire agreement between the Parties and may only be modified in a writing signed by the Parties.

    8.    THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THE SETTLEMENT SET FORTH IN THIS ORDER.

223581811.v1

Page: 4
Debtor: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: *Stipulation And Consent Order Resolving Claim Nos. 832 and 1309 Filed By Caleast Nat, LLC*

9. Each of the Parties hereto consents to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey to adjudicate any and all disputes arising under or relating to this Order.

10. The terms of this Order shall be governed by, and construed and interpreted with, the laws of the State of New Jersey without regard to any conflict of law provisions.

11. This Order shall be binding on the Parties hereto and any of their successors, representatives and/or assigns.

12. This Order may be executed in counterparts and all executed counterparts taken together shall constitute one document.

13. This Order has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties. The terms of this Order shall be deemed to have been jointly negotiated and drafted by the Parties.

14. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*[ remainder of page intentionally blank ]*

Page:     5
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Stipulation And Consent Order Resolving Claim Nos. 832 and 1309 Filed By Caleast Nat, LLC*

Dated: April 9, 2020

**STIPULATED AND AGREED:**

| **LOWENSTEIN SANDLER LLP** | **CLARK HILL PLC** |
|---|---|
| By: */s/ Joseph J. DiPasquale* | By: */s/ Kevin J. Morse* |
| Joseph J. DiPasquale, Esq. | Kevin J. Morse, Esq. |
| One Lowenstein Drive | 130 E. Randolph Street |
| Roseland, NJ 07068 | Chicago, IL 60601 |
| Telephone: (973) 597-2500 | Telephone: (312) 985-5556 |
| Facsimile: (973) 597-2400 | Facsimile: (312) 517-7593 |
| E-mail: jdipasquale@lowenstein.com | Email: kmorse@clarkhill.com |
| *Counsel for the Liquidating Trustee* | *Counsel for Calest Nat, LLC* |

223581811.v1