# Weiss & Rosenbloom, P.C.

27 Union Square West, Suite 307, New York, NY 10003
Tel. (212) 366-6100 • Fax (212) 366-6254

Amy Rosenbloom
Barry D. Weiss

Andrea R. Krugman
Theodore Rothman

Of Counsel
Scott R. Housenbold
David B. Satisky

April 21, 2020

**VIA ECF**

Hon. John K. Sherwood
District of New Jersey
MLK Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

    Re: In re: New England Motor Freight, Inc.
    Case No.: 19-12809 (JKS)

Dear Judge Sherwood:

    We are the attorneys for Jose Ferrer, who sustained serious and permanent personal injuries as a result of a motor vehicle accident involving a New England Motor Freight vehicle on May 12, 2016. As a result of the accident, we commenced an action on behalf of Mr. Ferrer, which is currently pending before the Honorable Ann M. Donnelly, United States District Court, Eastern District of New York, under docket number 17-CV-05463. We hereby seek permission to resume that litigation.

    As directed by this Court, and in accordance with this Court's "Debtors' and Official Committee of Unsecured-Creditors' Third Amended Joint Combined Plan of Liquidation and Disclosure Statement" entered on November 19, 2019, (hereinafter referred to as the "Plan"), we reached out to Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, counsel for New England Motor Freight, to discuss resolution of Mr. Ferrer's claim, as described in the Auto Liability Claims Protocol Settlement Agreement.

    On January 28, 2020, I emailed Brian Matthews to confirm he was the handling attorney at Wilson, Elser. By phone call on January 30, 2020, Mr. Matthews confirmed that he is the handling attorney and that the time frame in which to resolve the matters was to begin in early February and that we would be hearing from them with proposed mediators and/or a list of documents needed from plaintiff to explore settlement.

April 21, 2020
NEMF/Ferrer
Page 2

Having not heard from Mr. Matthews, I reached out again on February 24, 2020 to inquire into the status of the resolution of our client's case. By letter dated February 26, 2020 to Judge Donnelly, a copy of which is annexed hereto as Exhibit "A," Mr. Matthews stated that he had no indication that a Proof of Claim was filed on behalf of Mr. Ferrer, thereby precluding him from being included in the protocol for resolving auto liability claims.

In response, we provided Mr. Matthews with a copy of the Proof of Claim dated June 14, 2019, a copy of which is annexed hereto as Exhibit "B." We were unaware until that date that defendants were not in possession of same, as we had been receiving copies of all documents pertaining to the action as attorneys for Mr. Ferrer, as a listed creditor in the bankruptcy action.

By follow up email correspondence of March 16, we again reached out to Wilson, Elser to seek resolution of our action, as directed by this Court. In response, counsel for NEMF informed us that they are not able to engage in settlement negotiations. A copy of my email and the response received from Wilson, Elser is annexed hereto as Exhibit "C."

As indicated in our correspondence with Wilson, Esler, on page 54 (Document 1023 entered on 11/19/19), the Plan states that the "alternative dispute resolution procedures (the "ADR Procedures") described in the proposed Auto Liability Claims Protocol Settlement Agreement shall apply to all Holders of Auto Liability Claims **whether or not such Holder has filed a Proof of Claim** against one or more of the Debtors."

The Plan further states (page 126) that Holders of Auto Liability Claims shall be enjoined from taking any action, directly or indirectly, for the purpose of collecting, recovering or receiving payment or recovery with respect to any Auto Liability Claim until and unless each such Holder comply with the terms of the ADR Procedures set forth in the Auto Liability Claims Protocol.

At this point, Wilson, Elser has taken the position that they are only required to mediate and/or otherwise try to resolve those claims for which a Proof of Claim was properly filed, and has refused to take part in settlement negotiations, despite having been provided with a copy of plaintiff's Proof of Claim. Thus, as plaintiff is both precluded from participating in the ADR Procedures and from moving forward with litigation without a joint statement of non-settlement to lift the injunction, we hereby seek permission to proceed with the underlying litigation pending in the Eastern District of New York.

Respectfully submitted,

Andrea R. Krugman (AK-4984)



February 26, 2020

**Brian J. Matthews**
914-872-7464 (direct)
brian.matthews@wilsonelser.com

**VIA ECF**

Hon. Ann M. Donnelly, USDJ
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   17-CV-05463
      *Ferrer v. New England Motor Freight, Inc. et al.*
      Our File No.   :   21991.00016

Dear Judge Donnelly:

This office represents the defendants in the above referenced litigation. As the Court has previously been made aware of and outlined in letters filed by counsel for the defendants dated May 31, 2019, August 29, 2019, and December 5, 2019, New England Motor Freight ("NEMF") filed a petition for bankruptcy relief in the United States District Court, District of New Jersey ("the bankruptcy case"), automatically staying this case as to NEMF. We write, as directed by Your Honor on the status of the bankruptcy.

The Bankruptcy Case remains ongoing. On November 14, 2019, the Hon. John K. Sherwood in the United States Bankruptcy Court for the District of New Jersey, signed an Order 1) that approved on an interim basis the adequacy of disclosures in the Joint Combined Plan and Disclosure Statement, 2) scheduled the confirmation hearing and deadline for filing objections, 3) established procedures for solicitation and tabulation of votes to accept or reject the Joint Combined Plan and Disclosure Statement, and 4) approved notice provisions.

The United States Bankruptcy Court has confirmed and approved the Plan that was presented to it which will liquidate NEMF's assets. As part of that Plan, there is a protocol in place for resolving auto liability claims, for all claims in which a Proof of Claim was properly filed. As set forth in the Plan, the parties have 90-days (beginning February 3, 2020), to engage in informal discovery and settlement negotiations in an effort to resolve these auto liability claims. If a settlement is not reached, the parties will be required to proceed with formal mandatory non-binding mediation.

The defendants have no indication that a Proof of Claim was filed by the plaintiff. If it was, we ask that a copy be provided.

Thank you for your consideration of the above.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Hartford • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia • Washington DC • West Palm Beach • White Plains

wilsonelser.com

8046382v.1



-2-

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Brian J. Matthews (BM-0422)

cc (via ecf):    Amy Rosenbloom, Esq.
                Julie Stein, Esq.

8046382v.1

| Fill in this information to identify the case: | Proof of Claim |
|---|---|
| In re: NEW ENGLAND MOTOR FREIGHT, INC., ET AL. - 19-12809 (JKS)<br><br>Debtor name: **NEW ENGLAND MOTOR FREIGHT, INC.**<br><br>United States Bankruptcy Court for the District of New Jersey<br><br>Case number: **19-12809** | Your claim is scheduled by the Debtor as:<br>**E/F- NONPRIORITY UNSECURED CLAIM**<br><br>**CLASSIFICATION                                              AMOUNT**<br>**NONPRIORITY UNSECURED CLAIM    UNDETERMINED**<br><br>Contingent<br>Unliquidated<br>Disputed |

# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense other than a claim arising under section 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. Who is the current creditor?<br>Name and address of the creditor. | Name and address of creditor (the person or entity to be paid for this claim):<br><br>1363<br>018117P001-1413A-123 / IN RE: New England Motor Freight, Inc., et al.<br>JOSE L FERRER<br>WEISS AND ROSENBLOOM PC<br>BARRY WEISS ESQ<br>27 UNION SQUARE WEST<br>STE 307<br>NEW YORK NY 10003<br><br>Other names the creditor used with the debtor: _____ | |
| 2. Has this claim been acquired from someone else? | ☒ No      ☐ Yes.<br>From whom? _____ | |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g). | Where should notices to the creditor be sent?<br><br>Name: Weiss + Rosenbloom P.C.<br>Address: 27 Union Sq West #307<br>City: NewYork State: NY Zip: 10003<br>Phone: 212 366-6100<br>Email: amy@weissandrosenbloom.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | Where should payments to the creditor be sent? (if different)<br><br>Name: _____<br>Address: _____<br>City: _____ State: ___ Zip: _____<br>Phone: _____<br>Email: _____ |
| 4. Does this claim amend one already filed? | ☒ No      ☐ Yes. Claim number on court claims registry (if known): _____ | Filed on (MM/DD/YYYY): _____ |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No      ☐ Yes.<br>Who made the earlier filing? _____ | |

## Part 2: Give Information About the Claim as of the Date the Case was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☒ No      ☐ Yes. Last 4 digits of the debtor's account or any identification number used: _ _ _ _ |
| 7. How much is the claim? | $_____ Does this amount include interest or other charges?<br>☒ No      ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>personal injury |

1                                                                                                                                                                                                    B1

| 9. Is all or part of the claim secured? | ☒ No<br>☐ Yes. The claim is secured by a lien on property. | Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br><br>Basis for perfection: _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $_____  Amount of the claim that is secured: $_____<br><br>Amount of the claim that is unsecured (the sum of the secured and unsecured amounts should match the amount in line 7):  $_____<br><br>Amount necessary to cure any default as of the date of the petition:  $_____   Annual interest rate (when case was filed): _____%   ☐ Fixed  ☐ Variable | ☐ Motor vehicle<br>☐ Other (describe):<br>_____ |
|---|---|---|---|
| 10. Is this claim based on a lease? | ☒ No | ☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ | |
| 11. Is this claim subject to a right of setoff? | ☒ No | ☐ Yes. Identify the property: _____ | |
| 12. Is all or part of the claim entitled to: (i) priority under 11 U.S.C. § 507(a), or (ii) administrative expense under 11 U.S.C. § 503(b)(9)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.<br><br>* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | ☒ No | ☐ Yes. *Check all that apply:*<br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br>☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.<br>☐ Value of goods received by the debtor within 20 days before the date of commencement of the case. 11 U.S.C. § 503(b)(9). | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br>$_____<br>$_____<br>$_____<br><br>$_____ |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:
☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date (MM/DD/YYYY): 6/14/2019

Signature: _/s/ illegible_

Print the name of the person who is completing and signing this claim:

First name: Amy       Middle: _____       Last: Rosenbloom

Title: Attorney

Company (identify the corporate servicer as the company if the authorized agent is a servicer): Weiss + Rosenbloom P.C.

Address: 27 Union Sq West Suite 307

City: New York       State: NY       Zip: 10003

Phone: 212-366-6100       Email: amy@weissandrosenbloom.com

2

**Andrea Krugman**

| | |
|---|---|
| **From:** | Garelick Goldstein, Joanna <Joanna.GarelickGoldstein@wilsonelser.com> |
| **Sent:** | Thursday, March 26, 2020 4:46 PM |
| **To:** | Andrea Krugman |
| **Cc:** | Miller, Stuart A.; Matthews, Brian |
| **Subject:** | Ferrer, Jose L. v. New England Motor Freight, Inc., et al. (our case no. 21991.00016) |

Andrea – I write to follow up on our conversation. As I stated, I am not able to engage in settlement negotiations concerning Mr. Ferrer's claims against NEMF because no proof of claim was filed on his behalf. I am counsel on the underlying motor vehicle actions, but I am not bankruptcy counsel. If you need further assistance, please raise these issues in the bankruptcy proceeding (19-12809-JKS (Bank. D.N.J.)) or with the claims agent, Donlin Recano.
Regards,
Joanna

Joanna Garelick Goldstein
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7213 (Direct)
914.319.8805 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
joanna.garelickgoldstein@wilsonelser.com

---

**From:** Andrea Krugman [mailto:akrugman@weissandrosenbloom.com]
**Sent:** Monday, March 16, 2020 2:35 PM
**To:** Matthews, Brian <Brian.Matthews@wilsonelser.com>
**Cc:** aturner@turnerlaw.net
**Subject:** Regarding: Ferrer, Jose L. v. New England Motor Freight, Inc., et al.

[EXTERNAL EMAIL]

Brian,

We are in receipt of your letter of February 26, 2020 to Judge Donnelly updating her on the status of our action pending in the Eastern District of New York. As we informed you a couple of weeks ago, the Proof of Claim, dated June 14, 2019, prior the Bar Date, was mailed to Donlin, Recano & Company, a copy of which was forwarded to you on February 26, 2020. In following this case over the last many months and reaching out to your firm, obviously we were operating under the assumption that Mr. Ferrer's Proof of Claim had been received. We were unaware that it was not received until our conversation of February 26 in which you informed me that Mr. Ferrer's claim has not been considered for mediation/settlement.

Nevertheless, while your letter states that the protocol in place for resolving auto liability claims only applies to claims in which a Proof of Claim was filed, the Plan states otherwise. On page 54 (Document 1023 entered on 11/19/19), the Plan states that the "alternative dispute resolution procedures (the "ADR Procedures") described in the proposed Auto Liability Claims Protocol Settlement Agreement shall apply to all Holders of Auto Liability Claims **whether or not such Holder has filed a Proof of Claim** against one or more of the Debtors." I did not find any modification of that Plan.

1

Additionally, the Plan further states (page 126) that Holders of Auto Liability Claims shall be enjoined from taking any action, directly or indirectly, for the purpose of collecting, recovering or receiving payment or recovery with respect to any Auto Liability Claim until and unless each such Holder comply with the terms of the ADR Procedures set forth in the Auto Liability Claims Protocol.

Thus, according to your interpretation of the Plan, Mr. Ferrer is both precluded from participating in the ADR Procedures and from moving forward with litigation without a joint statement of non-settlement to lift the injunction.

While we can file a motion to permit a "late" filing of a Proof of Claim, as we discussed with counsel for Protective (copied on this email), I see no reason why it would not be granted. However, having to resort to motion practice would certainly amount to more work for all involved. Assuming the motion is granted, Mr. Ferrer would then be included in the ADR Procedures, whether or not we reach a successful resolution of the action.

Alternatively, without being subject to the confines of the Plan, Mr. Ferrer could simply make a motion to lift the stay in the Eastern District, as the stay has been lifted by the Bankruptcy Court, and proceed with litigation.

Kindly let us know your positions on this case so we can take the appropriate action.

Hope you are all safe and healthy.

Best,

Andrea Krugman, Esq.
Weiss & Rosenbloom, P.C
27 Union Square West
Suite 307
New York, NY 10003
(212) 366-6100

---

This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to

any of our offices.
Thank you.
CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.
Thank you.