



Justin W. Gray, Esq.
gray@moscllp.com

June 5, 2020

**New England Motor Freight, et al. – Chapter 11**
**Daniel Murtha v NEMF, et al.**
Case No. 19-12809-JKS
Our File No. 5973.33478

Honorable John K. Sherwood                                                              **VIA ECF**
United States Bankruptcy Court for the District of NJ
50 Walnut Street – 3rd Floor
Newark, NJ  07102

Dear Judge Sherwood:

    We represent Daniel Murtha, who is the holder of an auto liability claim against the Debtor and one of its employed drivers.  Mr. Murtha's personal injury attorney (Peter Karayiannis, Esq. of Bradley, Denkovitch & Karayiannis, P.C.) has repeatedly attempted to engage the claim representative for Protective Insurance Company in settlement negotiations, but there has been little to no response. Pursuant to the ADR Procedures set forth in Exhibit B to the Auto Liability Claims Protocol Settlement Agreement, Mr. Murtha hereby demands mandatory mediation as set forth in Section C(4).  Mr. Murtha's personal injury counsel will communicate with the claims representative for Protective Insurance Company to attempt to select a qualified mediator.  If we are unable to agree upon a qualified mediator, we will proceed as set forth in Section C(5) of the ADR procedures.

    I note that the claims representative for Protective has made representations to Mr. Murtha's personal injury counsel regarding the availability of funds to settle claims.  Protective has represented that there is a limited pool of funds from which to pay claims, and that none will be paid after this pool is exhausted.  Representatives of Protective have also made this same representation to counsel for other holders of auto liability claims.

    Based upon the existence of the surety bonds and excess policies issued by Protective in favor of the Debtor, I believe the foregoing representations to be inaccurate. While there is a limited pool of LC Proceeds, I have seen nothing to indicate that this is a limitation of Protective's liability. There is nothing in the confirmed Plan or Protocol that limits Protective's liability to the amount of the LC Proceeds. Such liability is determined by the surety bonds and excess policies – which have "per occurrence" limitations.

MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP
**6 Tower Place, Albany, NY 12203  |  P: (518) 465-3553  |  F: (518) 465-5845**
3154 Route 9W, P.O. Box 180, Saugerties, NY 12477  |  P: (845) 246-3668  |  F: (845) 246-0390
122 West Main Street, Johnstown, NY 12095  |  P: (518) 762-4212  |  Toll Free: (800) 721-3553
www.maynardoconnorlaw.com
– Service by Facsimile, Email or Electronic Means is Not Accepted  –
{M0945976.1}

2

Honorable John K. Sherwood										June 5, 2020

    If the LC Proceeds are exhausted, I believe that Protective would be forced to utilize its own funds to administer, defend, settle, pay claims, etc. Protective is making the claim of 'limited funds' in a concerted effort to 'scare' holders of auto liability claims into accepting pennies on the dollar rather than a reasonable and fair settlement value of their claim. I am bringing this to the Court's attention because I believe that Protective's representations are being made in bad faith and in an effort to wrongfully use the Debtor's bankruptcy to insulate itself from liability.

    Thank you for your consideration in this matter.

Respectfully,

**MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP**

By: *s/Justin W. Gray*
Justin W. Gray
gray@moscllp.com

JWG/tls
cc:    Peter G. Karayiannis, Esq.    **Via E-Mail Only** - peter@bdklawgroup.com
        Andrew R. Turner, Esq.       **Via ECF Only** - ATurner@TurnerLaw.net

{M0945976.1}