TURNER LAW FIRM, LLC
**BY: ANDREW R. TURNER, ESQ.**
76 South Orange Avenue - PO Box 526
South Orange, New Jersey 07079
973-763-5000
Attorneys for Protective Insurance Company

**ART 8574**

| | |
|---|---|
| In re<br><br>NEW ENGLAND MOTOR FREIGHT INC., et al<br><br>        Debtors | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br><br>Case No. 19-12809 (JKS)<br><br>Chapter 11 |
| Plaintiffs<br><br>NEW ENGLAND MOTOR FREIGHT INC., et al<br><br>v.<br><br>Defendants<br><br>PARTIES LISTED ON EXHIBIT A TO THE COMPLAINT and JOHN DOES 1-100 | Adversary No. 19-1119 (JKS)<br><br>CERTIFICATION OF JOANNA GARELICK GOLDSTEIN |

Joanna Garelick Goldstein, of full age, certifies as follows:

    1. I am an attorney-at-law and Of Counsel to Wilson Elser Moskowitz Edelman & Dicker, LLP.

    2. Our firm has been entrusted with handling a number of tort claim defenses arising out of personal injury and property damage claims against the Debtors.

3. Accordingly, I have familiarity with the issues set forth in this certification, as well as the general practices being followed with respect to the protocol encapsulated in the final order of confirmation entered in this Court.

4. We have resolved approximately half of the claims for which we are assisting Protective. All of those resolved claims, and the ones which remain pending, require oversight, discussion, and efforts toward settlement and mediation which are part of the overall protocol.

5. Our firm has been diligently working to address the claims. We actively participated in informal settlement negotiations as provided in the final order of confirmation.

6. To be sure, some claims have been faster to address while others require more discussions and analysis.

7. Some efforts to move quickly have been hampered by the fact of COVID-19 which has inhibited in-person meetings. Although imposing unexpected conditions, the fact of COVID-19 has not stopped our efforts, and we continue to actively work toward resolution of tort and property damage claims.

8. This certification is submitted specifically in connection with the motion to compel mediation filed by Lawrence Banks.

9. With due respect, the motion is not necessary.

10. As noted, we have actively been working with opposing counsels on multiple claims, and are working to order formalized mediation sessions.

11. In this instance, Mr. Banks resides in Indiana and the accident at issue occurred in Indiana. Arrangements for mediation must be made and held virtually.

12. It is noted, the motion suggests mediation before three individuals including two attorneys in the Bunger and Robertson firm.

13. Contrary to the certification submitted by bankruptcy counsel in this motion, we have actively worked with Mr. Banks' tort claims counsel to review appropriate mediators and schedule a mediation.

14. In fact, the parties have already agreed on one of the mediators identified in the motion. We have been informed by Banks' local counsel that the mediator is available to proceed with the mediation on August 25, subject to clearance of his conflicts check.

15. Since counsel are actively working to make mediation arrangements under current conditions, it is suggested the motion is premature and should be denied without prejudice. It is difficult to suggest this Court should place a time frame for a mediation in Indianapolis without due regard to conditions in

8333415v.1

that State as well as the availability of counsel suggested for one of the mediators.

16. Instead, the process should be allowed to continue as outlined in the protocol and professionalism between the tort claims attorneys working to resolve this matter.

17. For all of the foregoing reasons, it is suggested the motion as presently filed be denied, without prejudice.

I certify the following statements made by me are true. I am aware if any of the statements made by me are willfully false I am subject to punishment.

/s/Joanna Garelick Goldstein
JOANNA GARELICK GOLDSTEIN

Dated: July 2, 2020

8333415v.1