| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>DAVID METH, ESQ (DM-7218)<br>Attorney for Creditor Jose L. Ferrer<br>Office and PO Address<br>200 Daniels Way, Suite 240A<br>Freehold, NJ 07728<br>(732) 905-2722<br>E-mail: david@methnjlaw.com | **Order Filed on July 22, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br>NEW ENGLAND MOTOR FREIGHT, INC., et al.,<br>Debtors | Case No.:    19-12809 (JKS)<br><br>Chapter:    11<br><br>Hearing Date:    July 14, 2020<br><br>Judge:    John K. Sherwood |

**ORDER DEEMING FILED PROOF OF CLAIM OF JOSE L.
FERRER TO BE TIMELY OR GRANTING LEAVE TO FILE A
<u>LATE PROOF OF CLAIM</u>**

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: July 22, 2020**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

{M0942970.1}                                1

Upon the reading of the Notice of Motion of Creditor Jose L. Ferrer ("Creditor"), together with the certifications, exhibits and Memorandum all filed therewith, and all in support of the Creditor's Motion for an Order deeming Creditor's Proof of Claim to have been timely filed, *nunc pro tunc,* prior to the claims bar date, or in the alternative, deeming the claim filed by the Creditor in the above-referenced matter, identified as Claim 1357 (the "Claim") on the claims register maintained by the claims agent appointed in these Chapter 11 Cases, to be effective; and the motion having come before this Court on July 14, 2020; and the Court having considered all of the papers filed in support of and in opposition to the motion, it is

ORDERED, that Creditor's Claim is hereby deemed to have been timely filed, *nunc pro tunc*, as of the applicable proof of claim bar date, and it is further

ORDERED, that for the avoidance of any doubt, the Creditor herein shall not be entitled to any recovery from the estate of any Debtor (or the Liquidating Trust), but may pursue a potential recovery from any applicable insurance policies or surety bonds wherein any Debtor was an insured, so long as the pursuit of such recovery does not violate the terms of the Debtors' chapter 11 plan (the "Plan") [Docket No. 1023] and/or is in accordance with the Auto Liability Claims Protocol as defined in and approved by the Plan.