RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (JS-5525)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey  07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com

*Counsel to United States Fire Insurance Company*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**REPLY OF UNITED STATES FIRE INSURANCE COMPANY TO BENEDICTO SORTO'S OPPOSITION TO THE LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN AUTO LIABILITY CLAIMS**

United States Fire Insurance Company ("U.S. Fire"), by and through its undersigned counsel, hereby submits this Reply to the Certification of Justin Gray submitted on behalf of claimant Benedicto Sorto in Opposition to the Liquidating Trustee's Third Omnibus Objection to Certain Auto Liability Claims [Docket No. 1313] (the "Gray Certification").  In support of its Reply, U.S. Fire respectfully states as follows:

### REPLY[1]

1. Mr. Sorto's claim against the Debtors did not arise during the policy period for which U.S. Fire issued a surety bond or provided indemnity coverage to the Debtors.  Instead,

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the in the Debtor's and Official Committee of Unsecured Creditors' Third Amended Joint Plan of Liquidation [Docket No. 1023].

and as set forth in the Gray Certification, it appears that Protective Insurance Company ("Protective") may have issued a surety bond or indemnity coverage to the Debtors for the period in which Mr. Sorto's claim arose. Nevertheless, given the incorrect, inadmissible, hearsay statements made to the Court by Mr. Gray, who is Mr. Sorto's counsel, in the Gray Certification, U.S. Fire is compelled to submit this Reply.

2. As this Court is aware, the Debtors, U.S. Fire, Protective, the Official Unsecured Creditors' Committee (the "Committee"), and various claimants' counsel – including Mr. Gray, counsel for Mr. Sorto – engaged in lengthy settlement discussions, at the Court's direction, over a period of many months. Those lengthy discussions resulted in a consensual protocol that was included in the Debtors' Plan (the "Protocol") that governs the orderly administration of all Auto Liability Claims.

3. During those lengthy negotiations, the parties expressly discussed, and the Debtors expressly sought (and obtained) bar dates for the filing of Auto Liability Claims in these cases. In fact, these bar dates – both the General Bar Date and the Special Administrative Claims Bar Date established for post-petition Auto Liability Claims – were extremely important in that they allowed both U.S. Fire and Protective to understand the scope of Auto Liability Claims for which they potentially could be responsible, and were critical components to U.S. Fire's decision to agree to the Protocol.

4. Mr. Gray now asserts in the Gray Certification that he either had a discussion with an attorney named Joseph Walsh, who supposedly informed Mr. Gray that he (Mr. Walsh) had had a discussion at some point in time with counsel for the Debtors that proofs of claim need not be filed by the applicable bar date and/or that he (Mr. Gray) recalls a discussion with

someone during the negotiation of the Protocol that the filing of proofs of claim by the applicable bar date would not be necessary.

5. Despite Mr. Gray's reference to inadmissible hearsay assertions, one thing is certain – U.S. Fire *never* stated or agreed, or heard anyone state or agree, that the filing of a proof of claim would be unnecessary. Instead, during the Protocol negotiations, U.S. Fire *demanded* that the Debtors file the requisite pleadings to obtain the necessary bar dates, which the Debtors did, and which the Court entered. Indeed, if Mr. Gray's assertions are correct, there would be no purpose for the bar dates. For this reason, Mr. Gray's self-serving statements are illogical and make no sense.

6. Moreover, this Court has previously acknowledged the importance of the bar dates with respect to Auto Liability Claimants, and has only allowed recovery on late-filed Auto Liability Claims on a limited basis after, among other things, all other previously-allowed Auto Liability Claims have been paid. See February 18, 2020 Order [Docket No. 1182].

7. In short, the filing of a proof of claim by the applicable bar date has always been a prerequisite to receiving a distribution in these cases, whether through the Protocol or otherwise.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, U.S. Fire respectfully requests that the Court disregard Mr. Gray's incorrect statements and/or overrule Mr. Sorto's opposition, and provide such other and further relief as the Court deems appropriate.

Dated:  December 4, 2020
        Morristown, New Jersey

RIKER DANZIG SCHERER HYLAND
 & PERRETTI LLP

_/s/ Joseph L. Schwartz_
Joseph L. Schwartz, Esq.

*Counsel for United States Fire Insurance Company*

5233256v1