| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |  |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Joseph L. Schwartz, Esq. (JS-5525)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>(973) 538-0800<br>jschwartz@riker.com<br><br>*Counsel to United States Fire Insurance Company* | Order Filed on December 7, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**CONSENT ORDER GRANTING MOTION OF CREDITORS MELINDA AND DARRELL LONDOS SEEKING AN ORDER DEEMING CLAIM NO. 1319 TIMELY FILED**

The relief set forth on the following pages numbered two (2) through four (4) is hereby

**ORDERED**.

DATED: December 7, 2020

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Post-Confirmation Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); and Eastern Freight Ways, Inc. (3461).

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | CONSENT ORDER GRANTING MOTION OF CREDITORS MELINDA AND DARRELL LONDOS SEEKING AN ORDER DEEMING CLAIM NO. 1319 TIMELY FILED |
| Page: | 2 of 4 |

**WHEREAS**, on February 11, 2019, New England Motor Freight, Inc., along with the other debtors (collectively the "Debtors"), filed their voluntary chapter 11 bankruptcy cases with the Court;

**WHEREAS**, on May 1, 2019, the Court entered an Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof [Docket No. 519] (the "Bar Date Order"), which established June 18, 2019 as the deadline for the filing of proofs of claim in the Debtors' bankruptcy cases (the "Bar Date");

**WHEREAS**, on November 25, 2019, after the Bar Date, the Claimants filed Claim No. 1319 (the "Claim")[2];

**WHEREAS**, on November 19, 2019, the Debtors and the Committee[3] filed their Third Amended Joint Combined Plan of Liquidation and Disclosure Statement (the "Plan");

**WHEREAS**, as part of the Plan, and after substantial negotiation, the Debtors, U.S. Fire, Protective, the Committee and various claimants entered into an Auto Liability Claims Protocol Settlement Agreement (the "Protocol"), which, among other things, established a protocol with respect to the reconciliation and payment of certain bodily injury and property damage claims against one or more of the Debtors resulting from auto liability claims;

**WHEREAS**, pursuant to the Protocol, U.S. Fire is required to, among other things, address certain bodily injury and property damage claims that accrued during its policy year and

---

[2] On February 18, 2020, the Claimants filed an identical claim to Claim No. 1319, which is listed on the claims register as Claim No. 1345. As a result, the term "Claim" used herein refers to both Claim No. 1319 and 1345.

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion and/or Objection.

Case 19-12809-JKS    Doc 1324    Filed 12/07/20    Entered 12/08/20 11:28:08    Desc Main
Document    Page 3 of 4

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | CONSENT ORDER GRANTING MOTION OF CREDITORS MELINDA AND DARRELL LONDOS SEEKING AN ORDER DEEMING CLAIM NO. 1319 TIMELY FILED |
| Page: | 3 of 4 |

potentially make payments on account of those claims from the letter of credit proceeds in the original principal amount of $2,450,000 (the "LC Proceeds") that served as U.S. Fire's collateral;

**WHEREAS**, on January 15, 2020, the Court entered an Order confirming the Plan, which became effective on February 3, 2020;

**WHEREAS**, on October 16, 2020, the Claimants filed a motion seeking an order deeming Claim No. 1319 as having been timely filed [Docket No. 1300] (the "Motion");

**WHEREAS**, on November 9, 2020, U.S. Fire timely filed an Objection to the Motion [Doc. 1304] (the "Objection"); and

**WHEREAS,** immediately prior to the November 17, 2020 hearing on the Motion, the Claimants and U.S. Fire reached a resolution with respect to the Motion, which resolution U.S. Fire's counsel placed on the record at the November 17, 2020 hearing on the Motion.

**NOW, THEREFORE**, for good cause shown, **IT IS HEREBY ORDERED** as follows:

1. The Claim shall be allowed, and the Claimants shall potentially be entitled to receive a distribution on the Claim, subject to the limitations set forth herein.

2. The Claimants shall be entitled to participate in, and shall be bound by the Protocol established under the Plan. U.S. Fire shall only be required to make a distribution to the Claimants on account of the Claim to the extent there are sufficient LC Proceeds available after first paying all other allowed expenses and allowed claims pursuant to the Protocol. To be clear, the Claimants shall only be entitled to receive a distribution on account of the Claim to the extent there are sufficient LC Proceeds available after U.S. Fire first: (i) pays all expenses allowed under the Protocol, (ii) addresses and pays all timely-filed claims and (iii) addresses and pays all other late-filed claims that were allowed prior to the allowance of the Claim. To the extent there

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | CONSENT ORDER GRANTING MOTION OF CREDITORS MELINDA AND DARRELL LONDOS SEEKING AN ORDER DEEMING CLAIM NO. 1319 TIMELY FILED |
| Page: | 4 of 4 |

are insufficient LC Proceeds available to pay the Claim after payment of all allowed expenses and allowed claims (both timely-filed and late-filed but previously allowed), the Claim shall be deemed disallowed, with prejudice, without further order of the Court. Under no circumstances shall either the estate or U.S. Fire be personally responsible to make any payments on account of the Claim other than as set forth herein. Further, for the avoidance of any doubt, the only potential source of recovery for the Claimants for the Claim shall be the LC Proceeds, and under no circumstances shall the Claimants be entitled to assert any claims against, or obtain any recovery from U.S. Fire or the estate.

3. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to, arising out of or under the implementation, interpretation or enforcement of this Order.

Dated:  November 24, 2020

**STIPULATED AND AGREED:**

| | |
|---|---|
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP | LAW OFFICE OF SCOTT J. GOLDSTEIN LLC |
| */s/ Joseph L. Schwartz* | */s/ Scott J. Goldstein* |
| Joseph L. Schwartz (JS-5525) | Scott J. Goldstein |
| Headquarters Plaza, One Speedwell Avenue | 280 West Main Street |
| Morristown, NJ 07962-1981 | Denville, NJ 07834 |
| Telephone: (973) 583-0800 | Telephone: (973) 453-2838 |
| Facsimile: (973) 583-1984 | Facsimile: (973) 453-2869 |
| Email: jschwartz@riker.com | Email: sjg@sgoldsteinlaw.com |
| | |
| *Counsel to United States Fire Insurance Company* | *Counsel to the Claimants* |