RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (JS-5525)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey  07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com

*Counsel to United States Fire Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**OBJECTION OF UNITED STATES FIRE INSURANCE COMPANY TO MOTION OF STEPHEN ROSS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

United States Fire Insurance Company ("U.S. Fire"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Motion filed by Stephen Ross (the "Claimant") Seeking an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) (the "Motion").  In support of the Objection, U.S. Fire respectfully states as follows:

**PRELIMINARY STATEMENT[1]**

The Motion should be denied for a number of reasons.  As an initial matter, the Motion itself is procedurally improper because the automatic stay is no longer in effect because it terminated as to the Claimant by entry of the Confirmation Order.  More importantly, however,

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed herein.

the Motion must be denied because the Claimant, who asserts an Auto Liability Claim against the Debtors during the policy year in which U.S. Fire issued a surety bond and/or provided indemnity coverage to the Debtors: (i) never filed a proof of claim in this case, which is a prerequisite to recovery for all claimants; and (ii) has failed to comply with the Court-ordered Protocol, which the Debtors, U.S. Fire, Protective, the Committee, and various claimants' counsel negotiated during this case over the course of several months as a means to govern the orderly administration of all Auto Liability Claims, and which is a prerequisite for recovery on Auto Liability Claims.

For these reasons, and for those set forth herein, U.S. Fire respectfully requests that the Court deny the Motion.

## BACKGROUND

**A.      The U.S. Fire Excess Indemnity Contract.**

1.      Prior to the Petition Date (defined herein), New England Motor Freight, Inc., along with the other debtors (collectively the "Debtors"), provided logistics services, including trucking services, in fifteen states. In connection with their business operations, the Debtors procured excess indemnity coverage from both U.S. Fire and from Protective Insurance Co. ("Protective", and together with U.S. Fire, the "Auto Insurers"), relating to different policy years, for, *inter alia,* bodily injury and property damage claims caused by the negligence of the Debtors' drivers.

2.      Specifically, with respect to U.S. Fire, in or about April 2018, U.S. Fire and the Debtors entered into an Excess Indemnity Contract (the "Excess Indemnity Contract"), wherein U.S. Fire provided excess indemnity coverage to the Debtors for the period from April 10, 2018 through April 10, 2019. Under the Excess Indemnity Contract, U.S. Fire agreed to indemnify the

Debtors for, among other things, certain bodily injury and property damage caused by the Debtors and/or their employees for third party claims in excess of the Debtors' self-insured retention of $500,000 (the "SIR") where the Debtors were determined to be responsible for the claims.[2]

**B.    The U.S. Fire Surety Bonds, the Debtors' Indemnity and Collateral Agreement.**

3.    In addition to the Excess Indemnity Contract, in or about April 2018, U.S. Fire issued three (3) separate Motor Carrier Public Liability Surety Bonds Under Sections 29 and 30 of the Motor Carrier Act of 1980 to certain of the Debtors (collectively, the "Surety Bonds"). The Surety Bonds require U.S. Fire to provide coverage for, *inter alia*, certain public liability, property damage and environmental restoration claims resulting from final judgments against certain of the Debtors that fall within the SIR.

4.    In connection with U.S. Fire's issuance of the Surety Bonds, U.S. Fire also entered into a General Agreement of Indemnity dated April 10, 2018 (the "General Agreement of Indemnity") and a Collateral Agreement dated April 10, 2018 (the "Collateral Agreement") with the Debtors, which required the Debtors to indemnify U.S. Fire for, among other things, any payments made by U.S. Fire under the Surety Bonds.

5.    In connection with the Collateral Agreement, and as collateral for the Debtors' indemnification obligations under the General Indemnity Agreement, in or about April 2018, the Debtors caused a $2,450,000 letter of credit (the "LC") to be issued in favor of U.S. Fire.

6.    After receiving notice that the LC was set to expire in or about early April 2019, U.S. Fire drew down on the LC, and deposited the sum of $2,450,000 of LC proceeds in escrow (the "LC Proceeds").

---

[2] The Debtors also entered into substantially identical excess indemnity contracts with Protective for claims occurring during prior years.

3

**C.      The Bankruptcy Case.**

7.      On February 11, 2019 (the "Petition Date"), the Debtors filed their chapter 11 bankruptcy cases with the Court.

8.      On February 21, 2019, the Office of the United States Trustee appointed an Official Unsecured Creditors' Committee (the "Committee") in the Debtors' cases, pursuant to 11 U.S.C. § 1102.

**D.      The Auto Liability Injunction Lawsuit and the Bar Date.**

9.      As a result of the Debtors' bankruptcy filing, all prepetition bodily injury and property damage claims against the Debtors were subject to the automatic stay. Additionally, on March 14, 2019, the Debtors commenced an adversary proceeding, styled *New England Motor Freight, Inc., et. al. v. State Farm Mutual Automobile Insurance Company, a/s/o Riquet Simplice, et. al.,* Adv. Pro. No. 19-01119 in this Court (the "Auto Liability Injunction Action"). The purpose of the Auto Liability Injunction Action was to: (i) seek a preliminary injunction under 11 U.S.C. §§ 105(a) and 362(a) enjoining the continuation or commencement of any action against any of the Debtors' employees and/or former employees (collectively, the "Drivers") who could have been individually liable for Auto Liability Claims (as defined in the Auto Liability Injunction Action), and/or (ii) extend the automatic stay to protect the Debtors' estate on account of possible indemnity claims that the Drivers potentially possessed against the Debtors if judgment were to be entered against a Driver in any lawsuit.

10.     On April 16, 2019, the Court entered a temporary restraining order in the Auto Liability Injunction Action, thereby staying all "Auto Liability Actions" (the "TRO"), and directed the parties to meet and confer regarding a consensual protocol to govern the orderly resolution of all Auto Liability Claims. The Court subsequently extended the TRO a number of

times, with the consent of all interested parties, which included the Auto Insurers, the Committee and an ad hoc group of counsel representing holders of Auto Liability Claims.

11. In connection with the Auto Liability Injunction Action, the Debtors, U.S. Fire, Protective, the Committee and the various claimants' counsel engaged in lengthy settlement discussions over a period of many months.

12. In connection with these settlement discussions, at U.S. Fire's request, the Debtors filed the appropriate pleadings seeking entry of orders establishing bar dates in these cases with respect to prepetition and post-petition Auto Liability Claims.

13. On May 1, 2019, the Court entered an Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof (the "Bar Date Order"). See Docket No. 519. Pursuant to the Bar Date Order, the Court established June 18, 2019 as the deadline for the filing of proofs of claim in the Debtors' bankruptcy cases (the "Bar Date"). See id. at ¶ 3.[3]

**E.    The Plan.**

14. Ultimately, a settlement was reached among the Debtors, U.S. Fire, Protective, the Committee and the various claimants' counsel that had been negotiating a protocol in connection with the Auto Liability Injunction Action.

15. On November 19, 2019, the Debtors and the Committee filed their Third Amended Joint Combined Plan of Liquidation and Disclosure Statement (the "Plan"). As part of the Plan, the Debtors, U.S. Fire, Protective and the Committee entered into an Auto Liability Claims Protocol Settlement Agreement (the "Protocol"). See Auto Liability Claims Protocol

---

[3] On June 26, 2019, the Court entered an order establishing August 12, 2019 as the deadline for any person or entity to assert an administrative expense claim relating to Auto Liability Claims that arose from the Petition Date through April 9, 2019.

Settlement Agreement, Docket No. 1023-3.  Pursuant to the Protocol, all holders of Auto Liability Claims <u>are required to comply</u> with the Protocol in order to recover on an Auto Liability Claim, with U.S. Fire and Protective, among other things, retaining the right to settle and pay certain bodily injury and property damage claims against one or more of the Debtors through a mandatory process that includes informal discussions, subsequent mandatory mediation and/or subsequent litigation.  <u>See</u> Third Amended Joint Combined Plan of Liquidation and Disclosure Statement, Docket No. 1023 at 67 and Auto Liability Claims Protocol Settlement Agreement, Docket No. 1023-3 at 3.

16.    Additionally, and as is set forth in the Plan and the Protocol, pursuant to the Protocol, U.S. Fire agreed to, among other things, pay certain bodily injury and property damage claims that accrued during its policy year from the $2,450,000 of LC Proceeds.  <u>See</u> Third Amended Joint Combined Plan of Liquidation and Disclosure Statement, Docket No. 1023 at 37 and Auto Liability Claims Protocol Settlement Agreement, Docket No. 1023-3 at 6-7.

17.    On January 15, 2020, the Court entered an Order confirming the Plan (the "<u>Confirmation Order</u>").  <u>See</u> Docket No. 1123.

18.    The effective date of the Plan subsequently occurred on February 3, 2020 (the "<u>Plan Effective Date</u>").

19.    Again, and very importantly, the Confirmation Order and Plan provide that in order to recover on an Auto Liability Claim, a claimholder <u>must comply with the Protocol</u>.  <u>See</u> Confirmation Order, ¶28(ii), Plan, Article X.D ("upon entry of this Confirmation Order, all Holders of Auto Liability Claims shall be enjoined from taking any action, directly or indirectly, for the purpose of collecting, recovering or receiving payment or recovery with respect to any Auto

6

Liability Claim until and unless each such Holder comply with the terms of the ADR Procedures set forth in the [Protocol].").

**F.    The Orders Allowing Recovery on Late Filed Claims on a Limited Basis.**

20.    Since confirmation of the Plan, a number of holders of Auto Liability Claims that failed to file proofs of claim by the Bar Date have filed motions with the Court seeking authority to file proofs of claim out of time.  With respect to U.S. Fire's policy period, and so as to not unfairly prejudice either U.S. Fire or other creditors who had timely filed proofs of claim, each time the holder of an Auto Liability Claim filed such a motion, the Court has allowed the filing of a proof of claim out of time on a limited basis.  In particular, the Court has specifically limited those claimants' recovery, if any, to the LC Proceeds only, while effectively subordinating the claims to timely-filed claims, payable solely to the extent LC Proceeds remain available after U.S. Fire first paid all other expenses and previously-allowed Auto Liability Claims.

21.    For example, on February 18, 2020, the Court entered an order granting certain claimants leave to file late proofs of claim with respect to Auto Liability Claims in order to recover from U.S. Fire on a limited basis.  See Docket No. 1182.  In this Order, the Court expressly added a paragraph limiting those claimants' recovery to the LC Proceeds solely to the extent available after U.S. Fire first paid all other expense and previously-allowed Auto Liability Claims for which U.S. Fire is liable under the Protocol.  See id. at ¶2.

22.    Thereafter, on December 7, 2020, the Court entered a Consent Order Granting Motion of Creditors Melinda and Darrell Londos Seeking an Order Deeming Claim No. 1319 Timely Filed [Docket No. 1324], which similarly required U.S. Fire to make payments on account of the late-filed Auto Liability Claim at issue (the "Londos Claim") to the extent there are sufficient LC Proceeds available after U.S. Fire first: (i) pays all expenses allowed under the

Protocol, (ii) addresses and pays all timely-filed claims and (iii) addresses and pays all other late-filed claims that were allowed prior to the allowance of the Londos Claim. <u>See</u> Docket No. 1324 at ¶2.

**G.    The Motion.**

23.    According to the Claimants, on January 7, 2019, the Claimant was injured when struck by a motor vehicle operated by one of the Drivers. As a result, it appears that the Claimant's claim is both an Auto Liability Claim and that the claim arose during the policy period for which U.S. Fire issued a surety bond or provided indemnity coverage to the Debtors.

24.    Despite the fact that: (i) the Claimant has failed to file a proof of claim and (ii) the Plan and the Confirmation Order unambiguously contain an injunction preventing holders of Auto Liability Claims from pursuing their claims through anything other than through the Protocol, the Claimant has now filed the Motion. Through the Motion, the Claimant improperly seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to order to pursue proceeds of the Debtors' insurance policies.

25.    For the reasons set forth below, U.S. Fire submits that the Motion must be denied.

**OBJECTION**

26.    First, the Motion must be denied because the Claimant's request for relief from the automatic stay is procedurally improper. There is no longer an automatic stay in effect in this case, as the automatic stay terminated through the Court's entry of the Confirmation Order.

27.    Second, the Motion must be denied because the Bar Date Order expressly required all persons and entities that hold claims against the Debtors to file proofs of claim by the Bar Date in order to receive a distribution or a recovery on such claims. Given the fact that the Claimant failed to file a proof of claim in this case, the Claimant has no claim for which he can seek any relief.

28. Third, as was expressly set forth in both the Plan and in the Confirmation Order, all holders of Auto Liability Claims are not only required to file a proof of claim but are then required to participate in the Protocol in order to potentially receive a recovery. Rather than properly file a proof of claim and comply with the Protocol, the Claimant has instead improperly filed the Motion, which has no basis.

29. For all of these reasons, the Motion must be denied.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, U.S. Fire respectfully requests that the Court deny the Motion, and provide U.S. Fire with such other and further relief as the Court deems appropriate.

Dated:   December 15, 2020
         Morristown, New Jersey

RIKER DANZIG SCHERER HYLAND
 & PERRETTI LLP

/s/ Joseph L. Schwartz
Joseph L. Schwartz, Esq.

*Counsel for United States Fire Insurance Company*

5235101v1