**LOWENSTEIN SANDLER LLP**
Joseph J. DiPasquale, Esq.
Michael Papandrea, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Counsel to the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., et al.[1] | Case No.: 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 1347 and 1490** |

**JOINDER OF THE LIQUIDATING TRUSTEE TO THE OBJECTION OF UNITED STATES FIRE INSURANCE COMPANY TO THE MOTION OF STEPHEN ROSS FOR AN ORDER GRANTING PERMISSION TO PARTICIPATE IN THE AUTO LIABILITY CLAIMS PROTOCOL**

The liquidating trustee appointed in the above-captioned chapter 11 cases (the "Liquidating Trustee"), by and through his undersigned counsel, hereby submits this joinder (the "Joinder") to the objection (the "Objection") [Docket No. 1490][2] filed by United States Fire Insurance Company ("U.S. Fire") to the motion (the "Motion") [Docket No. 1347] filed by

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC(4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection or Motion, as applicable.

36527/3
02/24/2021 208535252.1

Stephen Ross (the "Movant") seeking to participate in the Auto Liability Claims Protocol. In support of this Joinder, the Liquidating Trustee respectfully states as follows:

## JOINDER

The Liquidating Trustee joins U.S. Fire in its Objection to the Motion. As set forth in U.S. Fire's Objection, the Movant seeks authority to essentially file an untimely proof of claim more than twenty (20) months after the Bar Date and to participate in the Auto Liability Claims Protocol. The Movant clearly has not met his burden[3] of establishing that his failure to timely file a proof of claim was the result of "excusable neglect." Nor can he. As evidenced by the Notice of Commencement of Bankruptcy Case Affidavit of Service [Docket No. 265, Ex. 2] and the Bar Date Notice Affidavit of Service [Docket No. 461, Ex. 3], the Movant was unquestionably provided with actual and timely notice of these chapter 11 cases and the deadline to file a proof of claim. Therefore, because the Movant has otherwise failed to establish "excusable neglect" for his failure to timely file a proof of claim, the Motion must be denied.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in U.S Fire's Objection, the Liquidating Trustee respectfully submits that the Court must deny the Motion.

[*Remainder of page intentionally left blank*]

---

[3] *See In re Trump Taj Mahal Associates*, 156 B.R. 928, 936 (Bankr. D.N.J. 1993).

-3-

Dated: February 23, 2021

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *John Schneider*
Joseph J. DiPasquale, Esq.
Michael Papandrea, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
jdipasquale@lowenstein.com
mpapandrea@lowenstein.com
jschneider@lowenstein.com

*Counsel to the Liquidating Trustee*