**McDowell Law, PC**
**Daniel L. Reinganum, Esq.**
**46 W. Main Street**
**Maple Shade, NJ 08052**
**856-482-5544 / DanielR@McDowellLegal.com**
**Attorneys for Defendant Keller Weber Trucking**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |
| KEVIN P. CLANCY, solely in his capacity as the LIQUDATING TRUSTEE, | |
| Plaintiff, | Adv. Proc. No. 21-01070 (JKS) |
| v. | |
| KELLER WEBER TRUCKING, INC., | |
| Defendant. | |

### ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, Keller Weber Trucking, Inc., does hereby answer Plaintiff's Complaint as follows:

### NATURE OF THE ACTION

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

1. This averment does not require affirmation or denial. However to the extent a response is required, denied.
2. This averment does not require affirmation or denial. However to the extent a response is required, denied.

## JURISDICTION AND VENUE

3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted. Defendant also consents to the entry of final orders and judgment by the Court in this adversary proceeding.
8. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
9. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
10. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
11. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
12. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
13. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
14. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
15. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
16. Admitted.

17. Admitted.
18. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
19. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
20. Defendant lacks personal knowledge to either admit or deny this averment. To the extent a response is required, Denied.
21. Admitted.
22. Denied.
23. Admitted.
24. Denied.
25. Denied.
26. This is a legal conclusion to which no response is required. To the extent a response is required, Denied.

## FIRST CLAIM FOR RELIEF

27. No response is required.
28. Denied. Plaintiff left to their proofs.
29. Denied. Plaintiff left to their proofs.
30. Admitted.
31. Admitted.
32. Admitted.
33. Denied. Plaintiff left to their proofs.
34. Denied. Plaintiff left to their proofs.
35. Denied.

## SECOND CLAIM FOR RELIEF

36. No response is required.
37. Denied.
38. Denied.

## THIRD CLAIM FOR RELIEF

39. No response is required.
40. Denied.
41. Denied. Plaintiff left to their proofs.
42. This is a legal conclusion to which no response is required.

## FOURTH CLAIM FOR RELIEF

43. No response required.
44. Denied.
45. Denied.
46. This is a legal conclusion to which no response is required.
47. No response is required.

## AFFIRMATIVE DEFENSES

### I. FIRST AFFIRMATIVE DEFENSE – ORDINARY COURSE

All Transfers were made in the ordinary course of business established between the Debtor and the Defendant.

### II. SECOND AFFIRMATIVE DEFENSE – ORDINARY COURSE

All Transfers were made according to ordinary business terms.

### III. THIRD AFFIRMATIVE DEFENSE – NEW VALUE

Subsequent to each and every one of the Transfers, Defendant extended new value to Debtors in the form of trucking services, which gives Defendant a complete defense.

### IV. FOURTH AFFIRMATIVE DEFENSE – FAILURE TO CONDUCT DUE DILIGENCE

The Plaintiff has failed to take reasonable due diligence in the circumstances of this case and to take into account the Defendant's obvious and apparent affirmative defenses into account. Plaintiff is therefore barred from brining this complaint.

**WHEREFORE**, Defendant demands judgment against Plaintiff as follows:

A. Dismissing this adversary proceeding with prejudice;
B. For attorney's fees and costs; and
C. All other relief the Court deems just and proper

McDowell Law, PC

BY:    /s/ Daniel L. Reinganum
       Daniel L. Reinganum

Attorneys for Defendant, Keller Weber Trucking