HODGSON RUSS LLP
Erin N. Teske, Esq.
605 Third Avenue, Suite 2300
New York, New York 10158
Telephone: (646) 218-7517
Email: eteske@hodgsonruss.com

-and-

HODGSON RUSS LLP
Garry M. Graber, Esq. (*pro hac vice* pending)
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
Email: ggraber@hodgsonruss.com

Counsel for Kaleida Health

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No.: 19-12809 (JKS) |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| KEVIN P. CLANCY, solely in his capacity as the LIQUIDATING TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 21-01104 |
| KALEIDA HEALTH, | |
| Defendant. | |

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

026342.00204 Litigation 15847942v2

### ANSWER TO COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 547 AND 550

Kaleida Health ("Defendant") by and through its attorneys, Hodgson Russ LLP, as and for its answer (the "Answer") to the complaint dated February 10, 2021 (the "Complaint") in the above captioned adversary proceeding, states as follows:

1. With respect to the allegations contained in paragraph 1 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph 1 alleges or implies that Defendant's conduct violated such statutes, that allegation is denied.

2. With respect to the allegations contained in paragraph 2 of the Complaint, Defendant reserves the right to object to this Court's jurisdiction.

3. With respect to the allegations contained in paragraph 3 of the Complaint, Defendant denies that this matter is a core proceeding, does not consent to the entry of final orders or judgment by the Bankruptcy Court, and reserves the right to object to this Court's jurisdiction.

4. No response is required to paragraph 4 of the Complaint as that paragraph contains a legal conclusion and/or does not contain any allegations with respect to the Defendant.

5. With respect to the allegations contained in paragraph 5 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph alleges or implies that Defendant's conduct violated such statutes, that allegation is denied.

026342.00204 Litigation 15847942v2

6. With respect to the allegations contained in paragraph 6 of the Complaint, Defendant does not consent to the entry of final orders or judgment by the Bankruptcy Court.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 14 of the Complaint.

026342.00204 Litigation 15847942v2

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 23 of the Complaint.

026342.00204 Litigation 15847942v2

24. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of the Complaint.

27. With respect to the allegations contained in the first sentence of paragraph 27 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph alleges or implies that Defendant's conduct violated such statutes, that allegation is denied. With respect to the allegations contained in the second sentence of paragraph 27 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the second sentence of paragraph 27 of the Complaint.

28. With respect to paragraph 28 of the Complaint, Defendant repeats and realleges the responses to the paragraphs of the Complaint referenced in paragraph 28.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 30 of the Complaint.

026342.00204 Litigation 15847942v2

31. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 31 of the Complaint.

32. With respect to the allegations contained in paragraph 32 of the Complaint, the statute referenced therein speaks for itself and, to the extent that paragraph alleges or implies that Defendant's conduct violated that statute, that allegation is denied.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 33 of the Complaint.

34. With respect to the allegations contained in paragraph 34 of the Complaint, the statute referenced therein speaks for itself and, to the extent that paragraph alleges or implies that Defendant's conduct violated that statute, that allegation is denied.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 36 of the Complaint.

37. With respect to paragraph 37 of the Complaint, Defendant repeats and realleges the responses to the paragraphs of the Complaint referenced in paragraph 37.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

026342.00204 Litigation 15847942v2

40. With respect to paragraph 40 of the Complaint, Defendant repeats and realleges the responses to the paragraphs of the Complaint referenced in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint and each of its subparagraphs (A-E).

46. Defendant denies each and every other allegation contained in the Complaint not specifically addressed herein.

## FIRST DEFENSE

47. Repeats and realleges paragraphs 1 through 46 above as though fully set forth herein.

48. The Complaint fails to state a cause of action against Defendant for which relief may be granted.

026342.00204 Litigation 15847942v2

## SECOND DEFENSE

49. Repeats and realleges paragraphs 1 through 49 above as though fully set forth herein.

50. Upon information and belief, Plaintiff's claims are barred by documentary evidence.

## THIRD DEFENSE

51. Repeats and realleges paragraphs 1 through 50 above as though fully set forth herein.

52. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, and waiver.

## FOURTH DEFENSE

53. Repeats and realleges paragraphs 1 through 52 above as though fully set forth herein.

54. Upon information and belief, Plaintiff's damages, if any, were caused by the culpable conduct of the Debtors.

## FIFTH DEFENSE

55. Repeats and realleges paragraphs 1 through 54 above as though fully set forth herein.

026342.00204 Litigation 15847942v2

56. Upon information and belief, the Transfers were not on account of an antecedent debt.

## SIXTH DEFENSE

57. Repeats and realleges paragraphs 1 through 56 above as though fully set forth herein.

58. Upon information and belief, the Transfers were made in the ordinary course of business.

## SEVENTH DEFENSE

59. Repeats and realleges paragraphs 1 through 58 above as though fully set forth herein.

60. Upon information and belief, the Transfers would not have become a part of the Debtors' bankruptcy estates.

## EIGHTH DEFENSE

61. Repeats and realleges paragraphs 1 through 60 above as though fully set forth herein.

62. Upon information and belief, some or all of the Plaintiff's claims and remedy requests are barred by the applicable statutes of limitations.

026342.00204 Litigation 15847942v2

## NINTH DEFENSE

63. Repeats and realleges paragraphs 1 through 62 above as though fully set forth herein.

64. Upon information and belief, the Court lacks jurisdiction to hear the non-core causes of action set forth in the Complaint.

## JURY DEMAND

65. Defendant demands trial by jury to the extent that any claims, defenses, or issues in this litigation are triable by jury.

## RESERVATION OF RIGHTS

66. Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Defendant reserves the right to raise additional defenses and to amend or supplement those asserted herein upon further analysis and discovery of relevant information.

WHEREFORE, Defendant respectfully requests that this Court issue an order (i) dismissing the Complaint in its entirety, (ii) denying, in its entirety, the relief sought in the Complaint, (iii) granting judgment in favor of Defendant against Plaintiff for the costs, fees and expenses incurred by Defendant with respect to the Complaint, and (iv) granting such other and further relief as this Court deems just and proper.

026342.00204 Litigation 15847942v2

Dated: May 12, 2021

**HODGSON RUSS LLP**

By: */s/ Erin N. Teske*
    Erin N. Teske, Esq.
605 Third Avenue, Suite 2300
New York, New York 10158
Telephone: (646) 218-7517
Email: eteske@hodgsonruss.com

Garry M. Graber, Esq. (*pro hac vice* pending)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
Facsimile: (716) 849-0349
Email: ggraber@hodgsonruss.com

026342.00204 Litigation 15847942v2