| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Joseph L. Schwartz, Esq. (JS-5525)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>(973) 538-0800<br>jschwartz@riker.com<br><br>*Counsel to United States Fire Insurance Company* | Order Filed on August 12, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**CONSENT ORDER RESOLVING MOTION OF STEPHEN ROSS TO PARTICIPATE IN AUTO LIABILITY CLAIMS PROTOCOL**

The relief set forth on the following pages numbered two (2) through five (5) is hereby **ORDERED**.

**DATED: August 12, 2021**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Post-Confirmation Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); and Eastern Freight Ways, Inc. (3461).

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | CONSENT ORDER RESOLVING MOTION OF STEPHEN ROSS TO PARTICIPATE IN AUTO LIABILITY CLAIMS PROTOCOL |
| Page: | 2 of 5 |

**WHEREAS**, on February 11, 2019, New England Motor Freight, Inc., along with the other Debtors (collectively the "Debtors"), filed their voluntary chapter 11 bankruptcy cases with the Court;

**WHEREAS**, on May 1, 2019, the Court entered an Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof [Docket No. 519] (the "Bar Date Order"), which established June 18, 2019 as the deadline for the filing of proofs of claim in the Debtors' bankruptcy cases (the "Bar Date");

**WHEREAS**, on November 19, 2019, the Debtors and the Committee[2] filed their Third Amended Joint Combined Plan of Liquidation and Disclosure Statement (the "Plan");

**WHEREAS**, as part of the Plan, and after substantial negotiation, the Debtors, U.S. Fire, Protective, the Committee and various claimants entered into an Auto Liability Claims Protocol Settlement Agreement (the "Protocol"), which, among other things, established a protocol with respect to the reconciliation and payment of certain bodily injury and property damage claims against one or more of the Debtors resulting from auto liability claims;

**WHEREAS**, pursuant to the Protocol, U.S. Fire is required to, among other things, address certain bodily injury and property damage claims that accrued during its policy year and potentially make payments on account of those claims from the letter of credit proceeds that served as U.S. Fire's collateral;

**WHEREAS**, on January 15, 2020, the Court entered an Order confirming the Plan, which became effective on February 3, 2020;

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion (defined herein) [Docket No. 1347] and/or the U.S. Fire Objection (also defined herein) [Docket No. 1490] to the Motion.

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | CONSENT ORDER RESOLVING MOTION OF STEPHEN ROSS TO PARTICIPATE IN AUTO LIABILITY CLAIMS PROTOCOL |
| Page: | 3 of 5 |

**WHEREAS**, upon the Plan Effective Date, all of the Debtors' assets were transferred to and vested in the post-confirmation Liquidating Trust (the "Trust"), which is overseen and administered by a Liquidating Trustee (the "Liquidating Trustee");

**WHEREAS**, on February 4, 2021, the Claimant, Stephen Ross (the "Claimant"), who was involved in an accident involving one of the Debtors' trucks prior to the Petition Date, filed a motion to allow the Claimant to file a late auto liability claim (the "Claim") and to participate in the Protocol [Docket No. 1347] (the "Motion");

**WHEREAS**, on February 23, 2021, U.S. Fire timely filed an Objection to the Motion [Docket No. 1490] (the "U.S. Fire Objection");

**WHEREAS**, on February 24, 2021, the Liquidating Trustee also timely filed an Objection to the Motion [Docket No. 1492] (the "Liquidating Trustee Objection");

**WHEREAS**, on February 26, 2021, the Claimant filed a Response to both the U.S. Fire Objection and to the Liquidating Trustee Objection [Docket No. 1493];

**WHEREAS**, it appears that the Debtors inadvertently failed to provide the Claimant with proper notice of the motion relating to the Bar Date, the Bar Date Order or the Bar Date;

**WHEREAS,** in an effort to resolve the Motion, the U.S. Fire Objection, and the Liquidating Trustee Objection, the parties engaged in settlement negotiations, resulting in a settlement, whereby U.S. Fire has agreed to pay the Claimant a total amount of $400,000 in resolution of his claim, which shall be separately documented in accordance with the Protocol, and does not require Bankruptcy Court approval, and the Liquidating Trustee has agreed to contribute $50,000 to U.S. Fire toward the settlement (the "Settlement"); and

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | CONSENT ORDER RESOLVING MOTION OF STEPHEN ROSS TO PARTICIPATE IN AUTO LIABILITY CLAIMS PROTOCOL |
| Page: | 4 of 5 |

**WHEREAS**, the parties believe that the contribution by the Liquidating Trustee of $50,000 toward the Settlement requires Bankruptcy Court approval.

**NOW, THEREFORE**, for good cause shown, **IT IS HEREBY ORDERED** as follows:

1. The Liquidating Trustee be and hereby authorized and directed to pay U.S. Fire $50,000 in connection with with the Settlement within five (5) business days from the date of entry of this Order.

2. Neither the Claimant nor U.S. Fire shall have any further claims against the estate or the Trust relating in any way to the Claim.

3. The Liquidating Trustee, the claims and noticing agent (Donlin, Recano & Company, Inc.), and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order—including, *inter alia*, by marking the Claim as satisfied pursuant to this Order.

4. The Motion be and is hereby withdrawn, with prejudice.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

[Signatures on next page]

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption of Order: | CONSENT ORDER RESOLVING MOTION OF STEPHEN ROSS TO PARTICIPATE IN AUTO LIABILITY CLAIMS PROTOCOL |
| Page: | 5 of 5 |

Dated: August 4, 2021

**STIPULATED AND AGREED:**

RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI LLP

*/s/ Joseph L. Schwartz*
Joseph L. Schwartz
Headquarters Plaza, One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: (973) 583-0800
Facsimile: (973) 583-1984
Email: jschwartz@riker.com

*Counsel to United States Fire
Insurance Company*

LOWENSTEIN SANDLER LLP

*/s/ Michael Papandrea*
Michael Papandrea
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
Email: mpapandrea@lowenstein.com

*Counsel to the Liquidating Trustee*

THE KELLY FIRM, P.C.

*/s/ Andrew J. Kelly*
Andrew J. Kelly
Coast Capital Building
1011 Highway 71, Suite 200
Spring Lake, NJ 07762
Telephone: (732) 449-0525
Email: akelly@kbtlaw.com

*Counsel to Claimant Stephen Ross*

5295449v2