**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Michael Papandrea, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Liquidating Trustee*



Order Filed on October 13, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Debtors. | Jointly Administered |

### STIPULATION AND CONSENT ORDER WITH RESPECT TO
### PROOF OF CLAIM NO. 438 FILED BY CLERMONT HOLDINGS, LLC

The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED.**

**DATED: October 13, 2021**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Debtor: New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: Stipulation and Consent Order with respect to Proof of Claim No. 438 filed by Clermont Holdings, LLC

This Stipulation and Consent Order (the "Stipulated Order") is entered into by and between the liquidating trustee (the "Liquidating Trustee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors") and Clermont Holdings, LLC ("Clermont," and together with the Liquidating Trustee, the "Parties").[2]

## RECITALS:

**WHEREAS**, on February 11, 2019, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered Case No. 19-12809 (JKS);

**WHEREAS,** on February 21, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. *See amended Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 114];

**WHEREAS**, on May 1, 2019, the Court entered the *Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof* [ECF No. 519], which established June 18, 2019 at 5:00 p.m. (ET) as the deadline for non-governmental entities to file proofs of claim in the above-captioned Chapter 11 Cases;

**WHEREAS**, on June 17, 2019, Clermont timely filed general unsecured proof of claim #438 in the amount of $55,433.10 ("Claim No. 438");

**WHEREAS**, on September 23, 2019, the Bankruptcy Court entered the *Consent Order Authorizing Retention and Setoff of Security Deposit and Allowing Claim No. 438 of Clermont Holdings, LLC, as Amended* [ECF No. 887], pursuant to which (i) Clermont was authorized to retain and set off a $7,000 security deposit against Claim No. 438, and (ii) Claim No. 438 was allowed as a general unsecured claim against the Debtors' estate in the amount of $48,433.10;

**WHEREAS,** on November 19, 2019, the Debtors and Committee jointly filed the *Third Amended Joint Combined Plan of Liquidation and Disclosure Statement* (the "Plan") [ECF No. 1023];

**WHEREAS**, following a confirmation hearing held on January 14, 2020, the Court entered an order confirming the Plan on January 15, 2020 [ECF No. 1133]. The effective date of the Plan (the "Plan Effective Date") subsequently occurred on February 3, 2020;[3]

**WHEREAS**, upon the Plan Effective Date, all of the Debtors' Assets were transferred to and vested in the post-confirmation Liquidating Trust, free and clear from any and all claims and liens, for the uses and purposes set forth in the Plan and for the benefit of the Liquidating Trust

---

[2] Unless otherwise defined, all capitalized terms shall have the meaning escribed to them in the Plan (defined herein).
[3] *See Notice of (A) Entry of Order Confirming the Joint Combined Plan and Disclosure Statement; (B) Occurrence of the Effective Date; and (C) Certain Important Deadlines* [ECF No. 1153].

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption: | Stipulation and Consent Order with respect to Proof of Claim No. 438 filed by Clermont Holdings, LLC |

Beneficiaries. *See* Plan, Article VII.A.4. The Liquidating Trust is overseen and administered by the Liquidating Trustee, whose powers, rights, and responsibilities include, but are not limited to, "conducting an analysis of any and all Claims and Interests and prosecuting objections thereto or otherwise compromising such Claims and Interests, if necessary and appropriate[.]" *See* Plan, Article VII.A.3;

**WHEREAS,** on June 1, 2021, the Liquidating Trustee filed the *Seventh Omnibus Objection to Certain Claims to be Reduced, or Disallowed and Expunged in their Entirety, Based on the Debtors' Books and Records* (the "Omnibus Objection") [ECF No. 1541] and requested that the Court grant the Omnibus Objection and enter an order, *inter alia,* disallowing and expunging the Claim No. 438 in its entirety;

**WHEREAS**, the Parties subsequently conferred and it was agreed that the Liquidating Trustee would withdraw the Omnibus Objection solely with respect to Claim No. 438;

**WHEREAS**, on August 25, 2021, the Court entered the *Revised Order Granting the Liquidating Trustee's Seventh Omnibus Objection to Certain Claims to be Reduced, or Disallowed and Expunged in their entirety, based on the Debtors' Books and Records* (the "Omnibus Objection Order");

**WHEREAS,** the Omnibus Objection Order makes no reference to the Liquidating Trustee's withdrawal of the Omnibus Objection solely with respect to Claim No. 438; and

**WHEREAS**, the Parties wish to memorialize their agreement and understanding for purposes of clarity.

**NOW, THEREFORE**, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. Claim No. 438 is deemed allowed as a General Unsecured Claim against the estate of the Consolidated NEMF Debtors in the amount of $48,433.10 (the "Allowed Claim").

2. The Allowed Claim shall be paid in accordance with the terms of the Plan.

3. The Debtors, their claims and noticing agent, Donlin Recano, the Liquidating Trustee, and the Clerk of this Court are each authorized to take any and all actions that are necessary or appropriate to give effect to this Stipulated Order, including reinstating and reducing the amount of Claim No. 438 as set forth in paragraph 1 of this Stipulated Order.

4. The terms set forth in this Stipulated Order are the entire agreement between the Parties and may only be modified in a writing signed by the Parties.

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption: | Stipulation and Consent Order with respect to Proof of Claim No. 438 filed by Clermont Holdings, LLC |

5. THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THE SETTLEMENT SET FORTH IN THIS STIPULATED ORDER.

6. Each of the Parties hereto consents to the jurisdiction of the Court to adjudicate any and all disputes arising under or relating to this Stipulated Order.

7. The terms of this Stipulated Order shall be governed by, and construed and interpreted with, the laws of the State of New Jersey without regard to any conflict of law provisions.

8. This Stipulated Order shall be binding upon the Parties hereto and any of their successors, representatives, and/or assigns.

9. This Stipulated Order may be executed in counterparts and all executed counterparts taken together shall constitute one document.

10. This Stipulated Order has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties. The terms of this Stipulated Order shall be deemed to have been jointly negotiated and drafted by the Parties.

11. Notwithstanding any applicability of any of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulated Order shall be immediately effective and enforceable upon its entry.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulated Order.

13. Except as set forth herein, this Stipulated Order shall have no effect on or otherwise alter the terms and provisions of the Omnibus Objection Order.

[*remainder of this page left intentionally blank*]

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption: | Stipulation and Consent Order with respect to Proof of Claim No. 438 filed by Clermont Holdings, LLC |

Dated: October 13, 2021

**STIPULATED AND AGREED:**

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP** | **LAW OFFICES OF KENNETH L. BAUM** |
| | |
| By: */s/ John P. Schneider* | By: */s/ Kenneth L. Baum* |
| John P. Schneider, Esq. | Kenneth L. Baum, Esq. |
| One Lowenstein Drive | 167 Main Street |
| Roseland, New Jersey 07068 | Hackensack, NJ 07601 |
| Telephone: (973) 597-2500 | Telephone: (201) 853-3030 |
| Facsimile: (973) 597-2400 | E-mail: kbaum@kenbaumdebtsolutions.com |
| E-mail: jschneider@lowenstein.com | |
| | |
| *Counsel to the Liquidating Trustee* | *Counsel to Clermont Holdings, LLC* |