Case 19-12809-JKS    Doc 1588    Filed 11/15/21    Entered 11/15/21 15:49:30    Desc Main
Document    Page 1 of 5

**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Michael Papandrea, Esq.
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Liquidating Trustee*



**Order Filed on November 15, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| In re: | Chapter 11 |
|---|---|
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Debtors. | Jointly Administered |

**STIPULATION AND CONSENT ORDER
SETTING ALLOWED AMOUNT OF PROOF OF CLAIM NO. 1098 FILED BY
IAM NATIONAL PENSION FUND**

The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED**.

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**DATED: November 15, 2021**

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Debtor: New England Motor Freight, Inc., et al.
Case No.: 19-12809 (JKS)
Caption: Stipulation and Consent Order Setting Allowed Amount of Proof of Claim No. 1098 filed by IAM National Pension Fund

This Stipulation and Consent Order (the "Stipulated Order") is entered into by and between the liquidating trustee (the "Liquidating Trustee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors") and IAM National Pension Fund (the "Benefit Fund," and together with the Liquidating Trustee, the "Parties").[2]

### RECITALS:

WHEREAS, on February 11, 2019, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"), jointly administered Case No. 19-12809 (JKS);

WHEREAS, on February 21, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. *See amended Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 114];

WHEREAS, on May 1, 2019, the Court entered the *Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof* [ECF No. 519], which established June 18, 2019 at 5:00 p.m. (ET) as the deadline for non-governmental entities to file proofs of claim in the above-captioned Chapter 11 Cases;

WHEREAS, on June 18, 2019, the Benefit Fund timely filed general unsecured proof of claim #1098 in the amount of $3,161,762.04 ("Claim No. 1098").

WHEREAS, on November 19, 2019, the Debtors and Committee jointly filed the *Third Amended Joint Combined Plan of Liquidation and Disclosure Statement* (the "Plan") [ECF No. 1023];

WHEREAS, following a confirmation hearing held on January 14, 2020, the Court entered an order confirming the Plan on January 15, 2020 [ECF No. 1133]. The effective date of the Plan (the "Plan Effective Date") subsequently occurred on February 3, 2020;[3]

WHEREAS, upon the Plan Effective Date, all of the Debtors' Assets were transferred to and vested in the post-confirmation Liquidating Trust, free and clear from any and all claims and liens, for the uses and purposes set forth in the Plan and for the benefit of the Liquidating Trust Beneficiaries. *See* Plan, Article VII.A.4. The Liquidating Trust is overseen and administered by the Liquidating Trustee, whose powers, rights, and responsibilities include, but are not limited to, "conducting an analysis of any and all Claims and Interests and prosecuting objections thereto or otherwise compromising such Claims and Interests, if necessary and appropriate[.]" *See* Plan, Article VII.A.3.

---

[2] Unless otherwise defined, all capitalized terms shall have the meaning escribed to them in the Plan (defined herein).
[3] *See Notice of (A) Entry of Order Confirming the Joint Combined Plan and Disclosure Statement; (B) Occurrence of the Effective Date; and (C) Certain Important Deadlines* [ECF No. 1153].

Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    Stipulation and Consent Order Setting Allowed Amount of Proof of Claim No. 1098 filed by IAM National Pension Fund

**WHEREAS,** on June 1, 2021, the Liquidating Trustee filed the *Seventh Omnibus Objection to Certain Claims to be Reduced, or Disallowed and Expunged in their Entirety, Based on the Debtors' Books and Records* (the "Omnibus Objection") [ECF No. 1541] and requested that the Court grant the Omnibus Objection and enter an order, *inter alia,* reducing Claim No. 1098 to $1,676,814.00.

**WHEREAS,** the Omnibus Objection was served on the Benefit Fund in accordance with the Federal Rules of Bankruptcy Procedure. However, through inadvertence or error, the Benefit Fund never filed a timely opposition otherwise responded to the Omnibus Objection.

**WHEREAS,** on August 25, 2021, the Court entered the *Revised Order Granting the Liquidating Trustee's Seventh Omnibus Objection to Certain Claims to be Reduced, or Disallowed and Expunged in their entirety, based on the Debtors' Books and Records* (the "Omnibus Objection Order").

**WHEREAS,** subsequent to entry of the Omnibus Objection Order, the Parties engaged in good-faith, arms-length negotiations with respect to the validity and amount of Claim No. 1098. As a result of these negotiations, and given the time, expense, and risk inherent in any potential litigation, the Parties agree that Claim No. 1098 should be allowed as a General Unsecured Claim against the estate of the Consolidated NEMF Debtors in the amount of $1,732,500.03.

**NOW, THEREFORE,** in consideration of the foregoing, it is hereby stipulated and agreed that:

1. Claim No. 1098 shall he deemed allowed as a General Unsecured Claim against the estate of the Consolidated NEMF Debtors in the amount of $1,732,500.03 (the "Allowed Claim").

2. The Allowed Claim shall be paid in accordance with the terms of the Plan.

3. The Benefit Fund agrees that it will not file or assert any additional claims (as this term is defined in Bankruptcy Code § 105(5)) against any of the Debtors in these Chapter 11 Cases. Excluding the Allowed Claim, any other claim (as this term is defined in Bankruptcy Code § 105(5)) filed or asserted by the Benefit Fund against any of the Debtors in these Chapter 11 Cases is hereby expunged.

4. The Debtors, their claims and noticing agent, Donlin Recano, the Liquidating Trustee, and the Clerk of this Court are each authorized to take any and all actions that are necessary or appropriate to give effect to this Stipulated Order, including reinstating and reducing the amount of Claim No. 1098 as set forth in paragraph 1 of this Stipulated Order.

5. The terms set forth in this Stipulated Order are the entire agreement between the Parties and may only be modified in a writing signed by the Parties.

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption: | Stipulation and Consent Order Setting Allowed Amount of Proof of Claim No. 1098 filed by IAM National Pension Fund |

6. THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THE SETTLEMENT SET FORTH IN THIS STIPULATED ORDER.

7. Each of the Parties hereto consents to the jurisdiction of the Court to adjudicate any and all disputes arising under or relating to this Stipulated Order.

8. The terms of this Stipulated Order shall be governed by, and construed and interpreted with, the laws of the State of New Jersey without regard to any conflict of law provisions.

9. This Stipulated Order shall be binding upon the Parties hereto and any of their successors, representatives, and/or assigns.

10. This Stipulated Order may be executed in counterparts and all executed counterparts taken together shall constitute one document.

11. This Stipulated Order has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties. The terms of this Stipulated Order shall be deemed to have been jointly negotiated and drafted by the Parties.

12. Notwithstanding any applicability of any of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulated Order shall be immediately effective and enforceable upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulated Order.

14. Except as set forth herein, this Stipulated Order shall have no effect on or otherwise alter the terms and provisions of the Omnibus Objection Order.

*[remainder of this page left intentionally blank]*

| | |
|---|---|
| Debtor: | New England Motor Freight, Inc., *et al.* |
| Case No.: | 19-12809 (JKS) |
| Caption: | Stipulation and Consent Order Setting Allowed Amount of Proof of Claim No. 1098 filed by IAM National Pension Fund |

Dated: November 8ᵀᴴ, 2021

**STIPULATED AND AGREED:**

**LOWENSTEIN SANDLER LLP**

By: /s/ *John Schneider*
John P. Schneider, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
E-mail: jschneider@lowenstein.com

*Counsel to the Liquidating Trustee*

**IAM NATIONAL PENSION FUND**

By: _____
James "Ryk" Tierney, CEBS
99 M Street, SE
Suite 600
Washington, DC 20003
Telephone: (202) 785-2658
E-mail: rtierney@iamnpf.org

*Executive Director of IAM National Pension Fund*