| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Mary E. Seymour, Esq.<br>Michael Papandrea, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Liquidating Trustee* | **Order Filed on February 28, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

## ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: February 28, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

36527/3
01/28/2022 210784598.1

Page:     2
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Further Extending the Claims Objection Deadline

---

Upon the motion (the "<u>Motion</u>")[2] of the Liquidating Trustee appointed in the above-captioned Chapter 11 Cases seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b), Local Rule 3007-1(c), and Articles I.B.27. and VIII.C. of the Plan, extending the Claims Objection Deadline, from January 28, 2022 through and including August 31, 2022, without prejudice to the Liquidating Trustee's right to seek further extensions of such Claims Objection Deadline; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Motion is in the best interests of the Debtors, their estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Claims Objection Deadline (as defined in the Plan) is hereby extended through and including August 31, 2022, without prejudice to the Liquidating Trustee's right to seek further extensions of such Claims Objection Deadline.

3. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page:     3
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  Order Further Extending the Claims Objection Deadline

---

4. Upon the filing of a motion seeking a further extension of the Claims Objection Deadline, the Claims Objection Deadline shall be automatically extended (without further order of the Court) through the date on which the Court enters an order on such motion.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. Notwithstanding the applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.