**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Attorneys for Romulo Hernandez and Maria E. Hernandez*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., et. al.[1] | Case No. 19-12809-JKS |
| Debtors. | |

### CERTIFICATION OF MATTHEW S. CROSBY, ESQ., IN FURTHER SUPPORT OF CREDITORS' MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**MATTHEW S. CROSBY**, **ESQ**., being of full age, hereby certifies as follows:

1.     I am an attorney with Handler, Henning & Rosenberg, LLC, and represent Creditors Romulo Hernandez ("Mr. Hernandez") and Maria E. Hernandez ("Mrs. Hernandez") (collectively, the "Creditors") in the underlying litigation pending in the Court of Common Pleas of York County, Pennsylvania.

2.     As such, I am fully familiar with the facts and circumstances set forth herein.

3.     I submit this certification in further support of *Creditors' Motion for an Order Granting Relief from the Automatic Stay* (the "Motion").

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

4. On March 21, 2008, at approximately 12:45 p.m., Creditors were passengers in a 2005 Mercury Mountaineer (the "Vehicle") driven by their daughter Cindy Hernandez (the "Driver"), traveling southbound in the left lane on Interstate 85 in Spartanburg, South Carolina.

5. On March 21, 2008, at or about the same time, Jason Perkins ("Perkins") was operating a tractor-trailer (the "Tractor-Trailer"), owned, operated, managed, leased and/or controlled by, amongst others, NEMF and EFW (collectively, the "Debtors"), travelling southbound in the right lane on Interstate 85 parallel to the Creditor's vehicle.

6. At all relevant times hereto, Perkins was acting as the agent, servant, borrowed servant, workman and/or employee of NEMF.

7. Suddenly and without warning, Perkins began merging into the left lane and was negligent, careless, and reckless in his operation of the vehicle, including but not limited to, failing to keep alert and a reasonable lookout for vehicles so as to avoid a collision with the Vehicle.

8. Due to Perkins' negligent maneuver into the left lane, the Driver attempted to avoid a collision, and as a result, lost control of the vehicle, struck the Tractor Trailer, and began rolling before leaving the roadway (the "Collision").

9. Due to the Collision, Mr. Hernandez was ejected from the Vehicle resulting in catastrophic injuries.

10. Due to the Collision, Mrs. Hernandez sustained injuries as she remained in the Vehicle as it rolled. Attached hereto as **Exhibit A** is a true and accurate copy of the Police Report from the collision.

4878-4547-7923, v. 3

11.     On June 2, 2010, Creditors filed an action in Pennsylvania court against the Debtors for respondent superior/negligence and loss of consortium.  Attached hereto as **Exhibit B** is a true and accurate copy of the Complaint.

12.     Creditors are married and therefore each hold a spousal claim for loss of consortium.

13.     NEMF's  Self Insured Retention ("SIR") obligation of $500,000 was exhausted when they resolved the cases of the three minor grandkids.  Once that was exhausted the Traveler's policy of $5 million kicked in.  Essentially, the deductible was reached with the kids' settlements and now we are into the liability insurance policy.

14.     On May 21, 2019, the Creditors attended a mediation with the defendants in the Pennsylvania Action.   Counsel for defendants, Jason Joseph Perkins, New England Motor Freight, Inc. and Cindy Hernandez, executed a Memorandum of Settlement (the "Settlement"). A copy of the Settlement is attached as **Exhibit C**.  Creditors did not file a proof of claim as they understood the matter to be settled. To date, Kevin Canavan, Esq., counsel for NEMF, has not provided Creditors' counsel with Settlement Release Agreements to finalize settlements.

Pursuant to 11 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  June 7, 2022                              _____*/s/ Matthew S. Crosby*_____
                                                                         MATTHEW S. CROSBY

4878-4547-7923, v. 3

# EXHIBIT A

ORIGINAL

SOUTH CAROLINA
TRAFFIC COLLISION REPORT FORM
TR-310 (Rev. 01-2001)

| | | | Amended - Attach Copy of Original Report | Notified 1301 | Arrived 1336 |
|---|---|---|---|---|---|
| # Un. 2 | | | Corrected | | |

Of: 3

| Date 03-21-2008 | Time 1245 | County 42 | ☑1-Interstate 4-Secondary 2-US Primary 5-County 3-SC Primary | Collision Location (Rt. # / Name) 85 | 5 | 1-Main 2-Alternate 7-Business 5-Spur | 5-Connection Miles 4.0 | Dir. ☑N E S☑W | Jnl Near City or Town of Spartanburg |

| Lane # / Dir. 2 C ☑E S☑W | Distance Other ☑Miles Feet | Direction ☑N E S W | 1-Interstate 4-Secondary 2-US Primary 5-County 3-SC Primary 6-Other | Base Intersection (Rt. # / Name) 2 C | From | 1-Main 6-Connector 2-Alternate 7-Business 5-Spur 8-Other | ASRU code | MP/Grid |
| R.R. Id. N/A | From N E S W | Ramp Only 1 - Entrance 2 - Exit | To N E S W | 1- Interstate 4-Secondary 2-US Primary 5-County ☑3-SC Primary 6-Other | Second Intersection (Rt. # / Name) 129 | Toward | 1-Main 6-Connector 2-Alternate 7-Business 5-Spur 8-Other | Latitude 34° 58' 4320" Longitude 82° 00' 3700" |

X-812377 Driver/Pedestrian's Full Name Cindy Tatiana Hernander

| Unit # 1 | Sex F | Race H | Street 108 Kings Arms AT |
| Birth Date 05-14-1985 | City, State, & Zip Waterford York PA 17402 | | |
| State PA | Driver's License # 37556172 | | Insurance Company: State farm |
| Year 03 | Body S | Vehicle Make Merc | VIN # 4M2ZU86W53UJ00253 |
| State PA | Year 08 | License Plate # DHE9962 | Owner's D.L. # N/A |

Home Telephone (717) 542-7106
Owner's Full Name Romulo A Hernander
Bus. Telephone ( ) N/A
Street 108 Kings Arms AT
Contributed To Collision ☑Yes ☐No
City, State, & Zip Waterford York PA 17402

| Estimated Speed 70 | Speed Limit 65 | C.D.L. Req: Yes ☑No | T/S S Req: Yes ☑No | Alc/Drg Info (see back): Yes ☑No |
| | | Summons # 0269321 | Code N/A | Code Towed By Midway |

X-812378 Driver/Pedestrian's Full Name Jason Joseph Perkins

| Unit # 2 | Sex M | Race W | Street 8 Kyra Blvd |
| Birth Date 08-11-1969 | City, State, & Zip New Bloomfld PA 17068 | | |
| State PA | Driver's License # 25161929 | | Insurance Company: Discover Property Casualty |
| Year 06 | Body TK | Vehicle Make VLV | VIN # 4V4MC9GHG6N424078 |
| State NJ | Year 08 | License Plate # AKG59N | Owner's D.L. # N/A |

Home Telephone (717) 385-6545
Owner's Full Name New England Freight
Bus. Telephone (717) 8345328
Street 1-71 North Ave
Contributed To Collision ☐Yes ☑No
City, State, & Zip Elizabeth NJ 07201

| Estimated Speed 65 | Speed Limit 65 | C.D.L. Req: Yes ☑No | T/S S Req: Yes ☑No | Alc/Drg Info (see back): Yes ☑No |
| | | Summons # N/A | Code N/A | Code Towed By N/A |

X-812379 Driver/Pedestrian's Full Name

| Unit # N/A | Sex | Race | Street | State | Year | License Plate # | Owner's D.L. # |
| Birth Date | City, State, & Zip | | | | | | |
| State | Driver's License # | | Insurance Company: | | | | |
| Year | Body | Vehicle Make | VIN # | | | | |

Home Telephone ( )
Owner's Full Name
Bus. Telephone ( )
Street
Contributed To Collision ☐Yes ☐No
City, State, & Zip

APR 0 1 2008

| Estimated Speed | Speed Limit | C.D.L. Req: Yes No | T/S S Req: Yes No | Alc/Drg Info (see back): Yes No |
| | | Summons # | Code Summons # | Code Towed By |

Dir. of Travel: | Unit 1: N ☑S E W | Unit 2: N ☑S E W | Unit 3: N S E W |



| Unit 1 Dam. $12000 | Unit 2 Dam. $1000 | Unit 3 Dam. $N/A | Prop. Dam. 1 $N/A | Prop. Dam. 2 $N/A |

Property Owner/Witness Sultan Juneel
Address 2045 Beech Mond ST
State NC | Zip 28075 | Phone (909)213-7763

Property Owner/Witness N/A
Address
State | Zip | Phone

Photo: ☑On ☐
Describe What Happened (Refer to Units by Number)
Unit 1 and unit 2 were south bound on I-85. Unit 1 lost control of the vehicle hitting unit 2 and then overturned. See back of page 2 for unit 2 info

MAR 27 2008

NOTICE - THE TR-310 IS FOR STATISTICAL REPORTING PURPOSES ONLY AND IS A REFLECTION OF THE OFFICER'S BEST KNOWLEDGE, OPINION, AND BELIEF COVERING THE COLLISION BUT NO WARRANT IS MADE AS TO THE FACTUAL ACCURACY THEREOF.

| Investigating Officer's Name Owens R.K | Rank Tip | Badge # 780 | Code H/03 | Date 03-21-2008 | Reviewer's Name Pastor J.J | Rank | Internal Agency # 123699 |

| Unit | Date of Birth | Sex | Race | INJ | Seat | R/SD | Airbag | Eject | LAI | Tran | Name | Street Address | Zip Code |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 05-24-1985 | F | H | 2 | 01 | 13 | 3 | 1 | 3 | | Wendy T. Hernandez | 100 Kings Ave AT Waterford | 17402 |
| 1 | 08-08-1937 | F | H | 2 | 03 | 13 | 3 | 1 | 3 | 10 | Maria Hernandez | 100 Kings Ave AT Waterford | 17402 |
| 1 | 12-04-1953 | M | H | 2 | 04 | 13 | 3 | | 3 | | Romelo Hernandez | 100 Kings Ave AT Waterford | 17402 |
| 1 | 1-31-2006 | M | H | 2 | 06 | 21 | 3 | | 3 | | Dante Guerchio | 100 Kings Ave AT Waterford | 17402 |
| 1 | 1-6-2002 | M | H | 2 | 07 | 13 | 3 | L | 3 | | Nicholas Torres | 100 Kings Ave 2 Waterford | 17402 |
| 1 | 12-4-2000 | M | H | 2 | 07 | 14 | 3 | L | 3 | | Natalie Torres | 100 Kings Ave Waterford | 17402 |
| 1 | 4-1-1998 | M | H | 3 | 08 | 13 | 3 | L | 3 | | Christian Torres | 100 Kings Ave AT Waterford | 17402 |
| 1 | 9-21-1994 | M | H | 3 | 05 | 13 | 3 | L | 3 | | Kevin Torres | 100 Kings Ave AT Waterford | 17402 |

**Race** A - Asian/Pacific Islander   W - Caucasian  
B - African American   H - Hispanic   O - Other  
I - Alaskan Native or American Indian   U - Unk.

**a) Injury Status**  
0 - Not Injured  
1 - Possible  

2 - Non-incapacitating  
3 - Incapacitating  
4 - Fatal  

**Seating Loc.**  
01 02 03  
04 05 06  
07 08 09

**Restraint/Safety Device**  
10 - None Used  
11 - Shoulder Belt Only  
12 - Lap Belt Only  
13 - Shoulder & Lap Belt  

20 - Child Safety Seat  
88 - Other  
99 - Unk.

**Air Bag Deployment / Switch**  
1 - Deployed Front   4 - Not Deployed  
2 - Deployed Side   7 - Not Applicable  
3 - Deployed Both   8 - Deployment Unk.  
5 - Switch in On Position   9 - No Switch  
6 - Switch in Off Position   0 - Unknown

**Ejection**  
1 - Not Ejected  
2 - Part. Ejected  
3 - Tot. Ejected  
7 - Not App.

**b) Motorcycle Only**

**Head Injury:** 1 - Yes   2 - No

**Location After Impact**  
1 - Not Trapped  
2 - Extricated (Mechanical Means)  

3 - Freed (non-mech.)  
4 - Not Applicable  
9 - Unknown

**Transported to Medical Facility**  
a) 1 - Yes   2 - No   3 - Unknown  
b) By:   1 - EMS   2 - Police   9 - Unk.

**Pedestrian, Motor/Pedalcycle Only**  
31 - Helmet   51 - Reflective Clothing  
41 - Protective Pads   61 - Lighting

**Sequence of Events**

**Non-Collision**  
01 - Cargo/Equip Loss or Shift  
02 - Cross Median/Center Line  
03 - Downhill Runaway  

04 - Equipment Failure  
05 - Fire/Explosion  
06 - Immersion  
07 - Jackknife  

08 - Overturn/Rollover  
09 - Ran off Road Left  
10 - Ran off Road Right  
11 - Separation of Units  
15 - Spill (Two-Wheeled Veh.)  
16 - Other Non-collision  
19 - Unk. Non-collision

**Collision Not Fixed**  
20 - Motor Veh. (In Transport)  
21 - Animal (All Other)  
22 - Motor Veh. (Stopped)  
23 - Motor Veh. (Parked)  

27 - Pedestrian  
28 - Pedalcycle  

**Collision Fixed Object**  
40 - Bridge Overhead Structure  
41 - Bridge Parapet End  
42 - Bridge Pier or Abutment  
43 - Bridge Rail  
44 - Culvert  
45 - Curb  
46 - Ditch  

47 - Embankment  
48 - Equipment  
49 - Fence  
50 - Guardrail End  
51 - Guardrail Face  
52 - Highway Traffic Sign Post  
53 - Impact Attenuator/Crash Cushion  
54 - Light/Luminaire Support  

55 - Mail Box  
56 - Median Barrier  
57 - Other Post, Pole, Support, Etc.  
58 - Other (Wall, Building, Tunnel, Etc.)  
60 - Tree  
61 - Utility Pole  
62 - Work Zone Maint. Equipment  
88 - Other  
99 - Unk.

**Manner of Collision (Struck Veh.)**  
00 - Not Coll. W/ Motor Veh.  
10 - Rear End  
20 - Head On  

30 - Rear-to-Rear  
41 - Angle (→)(→)  
42 - Angle (→)(←)  
43 - Angle (↗)(↖)  

50 - Sideswipe Same Dir.  
60 - Sideswipe Opposite Dir.  
70 - Backed Into  

**1st / Most Deformed Area**  
**1st Deformed**   **Most Deformed**

**Vehicle Type:**  
01 - Automobile  
12 - Pickup Truck  
13 - Truck Tractor  
14 - Other Truck  

15 - Full Size Van  
16 - Mini Van  
17 - Sport Utility  
25 - Motorcycle  
26 - Other Motorbike  

27 - Pedalcycle  
38 - Animal Drawn Veh.  
39 - Animal (Ridden)  
41 - Pedestrian  
51 - Train  

61 - School Bus  
62 - Passenger Bus  
99 - Unk. (Hit and Run Only)

**Alcohol / Drug Test Given**  
1 - Given - Known Results  
2 - Given - Unusable  

3 - Given - Pending  
4 - None  
5 - Refused  

**Special Use Only**

**Vehicle Use Code**  
01 - Personal  
02 - Driver Training  
03 - Construction/Maint.  

04 - Ambulance  
05 - Military  
07 - Transport Property  

08 - Farm Use  
09 - Wrecker or Tow  
10 - Police  
11 - Government  

12 - Fire Fighting  
13 - Logging  
15 - Other  
41 - Pedestrian  

**Test Type**  
1 - Breath (Alc Only)  
2 - Urine  
3 - Blood  

3 - Urine  
4 - Serum  

**1 - Under- Compartment Intrusion**  
2 - Under- No Intrusion  
3 - Under- Unknown  

4 - Over- MV in Transport  
5 - Over- Other Vehicle  

6 - None  
9 - Unk.

**Underride/Override**

**Vehicle Attachment**  
1 - None  
2 - Mobile Home  
3 - Semi-Trailer  

4 - Towed Motor Vehicle  
5 - Farm Trailer  
6 - Trailer w/Boat  
7 - Camper Trailer  

C - Other Tanker  
D - Flat Bed  
E - Twin Trailers  
8 - Autocamper Trailer  

**Drug Results**  
1 - Amphetamines  
2 - Cocaine  

3 - Marijuana  
4 - Opiate  
5 - PCP  

0 - None/Minor  
2 - Functional Damage  
5 - Disabling Damage  

4 - Severe/Totaled  
9 - Not Applicable  

**Extent of Deformity**

**Action Prior to Impact (Vehicle)**  
01 - Backing  
02 - Changing Lanes  
03 - Entering Traffic Lane  
04 - Leaving Traffic Lane  
05 - Making U-turn  
06 - Movements Essentially Straight Ahead  
07 - Overtaking/Passing  

05 - Parked  
08 - Slowing or Stopped in Traffic  
10 - Turning Left  
11 - Turning Right  

**(Non-motorist)**  
21 - Approaching/Leaving Vehicle  
22 - Entering/Crossing Location  
23 - Playing/Working on Vehicle  
24 - Pushing Vehicle  
25 - Standing  
26 - Walking, Playing, Cycling  
27 - Working  

**Alc Test Results**  

**Trafficway**  
1 - Two-way, Not Divided  
2 - Two-way, Divided, Unprotected Median  
3 - Two-way, Divided, Barrier  
4 - One-Way  
8 - Other  

**1st Harmful Event Loc.**  
1 - Core  
2 - Island  

3 - Median  
4 - Roadside  

5 - Roadway  
6 - Shoulder  

7 - Sidewalk  
8 - Outside Trafficway  

9 - X-walk  
T - T-Int.  
Y - Y-Int.  
H - Hwy.  
S - Straight  
U - Unk.  

1 - Straight - Level  
2 - Straight - On Grade  

3 - Straight - Hillcrest  
4 - Curve - Level  

5 - Curve - On Grade  
6 - Curve - Hillcrest  

**Road Character**

1 - Dry  
2 - Wet  

3 - Snow  
4 - Slush  

5 - Ice  
6 - Contaminate  

7 - Water (Standing, etc.)  
9 - Other  

**Road Surface Condition**

**Weather Condition**  
1 - Clear (no adverse conditions)  
2 - Rain  
3 - Cloudy  
4 - Sleet, Hail  
5 - Snow  

6 - Fog, Smog, Smoke  
7 - Blowing Sand, Oil, Dirt or Snow  
8 - Severe Crosswinds  
9 - Unk.  

02 - Flashing Traffic Signal  
03 - RR (X-bucks, Lights & Gates)  
04 - RR (X-bucks & Lights)  
05 - RR (X-bucks Only)  

11 - RR (X-bucks, Lights)  
21 - Stop Sign  
42 - School Zone Sign  

22 - Oncoming Emergency Vehicle  
31 - Pavement Markings (only)  
43 - Yield Sign  
44 - Work Zone  
99 - Unk.  

45 - Flashing Beacon  
88 - None  
04 - Other Warning Signs  

**Traffic Control Type**

**Light Condition**  
1 - Daylight  
2 - Dawn  
3 - Dusk  
5 - Dark (Street Lamp Lit)  

6 - Dark (Street Lamp Not Lit)  
7 - Dark (No Lights)  

1 - Yes, Directly  
2 - Yes, Indirectly  
3 - No  
9 - Unk.  

**School Bus Involved:**

1 - Before 1st Sign  
2 - Advanced Warning Area  

3 - Transition Area  
4 - Activity Area  

5 - Termination Area  

**1 - Yes   2 - No   Work Zone:**  
**Work Zone Location**  

**Junction Type**  
01 - Crossover  
02 - Driveway  

03 - Five/More Points  
04 - Four-way Intersection  
05 - Railway Grade Crossing  

07 - Shared Use Paths or Trail  
08 - T-Intersection  
09 - Traffic Circle  

12 - Y-Intersection  
13 - Nonjunction  
99 - Unk.  

1 - Shoulder/Median Work  
2 - Lane Shift/Crossover  

3 - Intermittent/Moving Work  
4 - Lane Closure  

5 - Other  

**Work Zone Type**  
1 - Yes   2 - No Workers Present?  

**Contributing Factors**

**Driver**  
01 - Disregarded Signs, Signals, Etc.  
02 - Distracted/Inattention  
03 - Driving Too Fast for Conditions  
04 - Exceeded Authorized Speed Limit  
05 - Failed to Yield Right of Way  
06 - Ran off Road  
07 - Fatigued/Asleep  
08 - Followed Too Closely  

09 - Made an Improper Turn  
10 - Medical Related  
12 - Aggressive Operation of Vehicle  
13 - Over-correcting/Over-steering  
14 - Swerving to Avoiding Object  
15 - Wrong Side or Wrong Way  
16 - Under the Influence  
17 - Vision Obscured (Within Unit)  
18 - Improper Lane Usage/Change  
19 - Cell Phone  
28 - Other Improper Action  

**Roadway**  
30 - Debris  
31 - Non-highway Work  
32 - Obstruction in Roadway  
33 - Road Surface Condition (i.e., Wet)  
34 - Rut, Holes, Bumps  
35 - Shoulders (None, Low, Soft, High)  
36 - Traffic Control Device (i.e., Missing)  
37 - Work Zone (Constr./Maint./Utility)  
38 - Worn, Travel-Polished Surface  

48 - Other  
49 - Unk.  

**Non-Motorist**  
50 - Inattentive  
51 - Lying &/or Illegally in Roadway  
52 - Failure to Yield R of W  
53 - Not Visible (Dark Clothing)  
54 - Disregard Signs, Signals, Etc.  
55 - Improper Crossing  
56 - Darting  
57 - Wrong Side of Road  
58 - Other  
66 - Under the Influence  
67 - Other Person Under Influence  

**Environmental**  
60 - Animal in Road  
61 - Glare  

63 - Weather Cond.  
88 - Other  
89 - Unk.  

**Vehicle Defect**  
70 - Brakes  
71 - Steering  
72 - Power Plant  
73 - Tires/Wheel  
74 - Lights  
75 - Signals  

76 - Windows/Shield  
77 - Restraint System  
78 - Truck Coupling  
79 - Cargo  
80 - Fuel System  
88 - Other  
89 - Unk.  

22 - Obstruction

**Primary**

**Others**

ORIGINAL

| D.P.S. USE ONLY | | Amended = Attach Copy of Original Report | Notified | Arrived |
|---|---|---|---|---|
| 08031808 | 2/2 | Corrected | 1301 | 1335 |

| Date | Time | County | Collision Location (Rt. # / Name) | Dir. | In / Near City or Town of: |
|---|---|---|---|---|---|
| 03-21-08 | 1243 | 42 | 1-Interstate  4-Secondary  2-US Primary  5-County  3-SC Primary | 85 | 9C | Sata |

0-Main  6-Connection  2-Alternate  7-Business  5-Spur

| Lane # / Dir. | Distance Offset | Direction | Base Intersection (Rt. # / Name) | ASRU code | MF/Grid |
|---|---|---|---|---|---|
| # Of N E S W | Miles Feet | N E S W | | | |

0-Main  6-Connection  2-Alternate  7-Business  5-Spur  9-Other

| R.R. Id. | From Ramp Only To | Second Intersection (Rt. # / Name) | Latitude | 34° 58' 4370" |
|---|---|---|---|---|
| | N E 1-Entrance S W 2-Exit | N E 2-US Primary 5-County S W 6-Other | Longitude | 82° 00' 3760" |

0-Main  6-Connection  2-Alternate  7-Business  5-Spur  9-Other

X-812383 77 Driver/Pedestrian's Full Name

| Unit # | Sex | Race | Street |
|---|---|---|---|
| 01 | M A | | |
| | Birth Date | | City, State, & Zip |

| State | Driver's License # | Insurance Company: |
|---|---|---|

| Year | Body | Vehicle Make | VIN # |
|---|---|---|---|

| State | Year | License Plate # | Owner's D.L. # |
|---|---|---|---|

| Home Telephone ( ) | Owner's Full Name |
|---|---|

| Bus. Telephone ( ) | Street |
|---|---|

| Contributed To Collision Yes   No | City, State, & Zip |
|---|---|

| Estimated Speed | Speed Limit | C.D.L. Req: Yes No | T/B S Req: Yes No | Alc/Drg Info (see back): Yes No |
|---|---|---|---|---|
| | | Summons # | Code Summons # | Code Towed By |

X-812384 78 Driver/Pedestrian's Full Name

| Unit # | Sex | Race | Street |
|---|---|---|---|
| 01 | | | |
| | Birth Date | | City, State, & Zip |

| State | Driver's License # | Insurance Company: |
|---|---|---|

| Year | Body | Vehicle Make | VIN # |
|---|---|---|---|

| State | Year | License Plate # | Owner's D.L. # |
|---|---|---|---|

| Home Telephone ( ) | Owner's Full Name |
|---|---|

| Bus. Telephone ( ) | Street |
|---|---|

| Contributed To Collision Yes   No | City, State, & Zip |
|---|---|

| Estimated Speed | Speed Limit | C.D.L. Req: Yes No | T/B S Req: Yes No | Alc/Drg Info (see back): Yes No |
|---|---|---|---|---|
| | | Summons # | Code Summons # | Code Towed By |

X-812385 79 Driver/Pedestrian's Full Name

| Unit # | Sex | Race | Street |
|---|---|---|---|
| 01 | | | |
| | Birth Date | | City, State, & Zip |

| State | Driver's License # | Insurance Company: |
|---|---|---|

| Year | Body | Vehicle Make | VIN # |
|---|---|---|---|

| Dir. of Travel: | Unit 1: N S E W | Unit 2: N S E W | Unit 3: N S E W |
|---|---|---|---|

North

See Page C-6

| Unit 1 Dam. | Unit 2 Dam. | Unit 3 Dam. | Prop. Dam. 1 | Prop. Dam. 2 |
|---|---|---|---|---|
| $ | $ | $ | $ | $ |

| Property Owner/Witness | | Property Owner/Witness | |
|---|---|---|---|
| Address | | Address | |
| State | Zip | Phone | State | Zip | Phone |

Photo: Y N   Describe What Happened (Refer to Units by Number)

NOTICE: THE TR-310 IS FOR STATISTICAL REPORTING PURPOSES ONLY AND IS A REFLECTION OF THE OFFICER'S BEST KNOWLEDGE, OPINION, AND BELIEF COVERING THIS COLLISION BUT NO WARRANT IS MADE AS TO THE FACTUAL ACCURACY THEREOF.

| Investigating Officer's Name | Rank | Badge # | Code | Date | Reviewer's Name | Internal Agency Code |
|---|---|---|---|---|---|---|
| Owens R.K | Tfc | 702 | HP13 | 3-21-2008 | Lester J. | 023179 |

| Unit | Date of Birth | Sex | Race | INJ | Seat | R/SD | Abu | Eject | LA1 | Tran | Name | Street Address | Zip Code |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 8-16-88 | M | W | 01 | 13 | 7R | L | 1 | 5 | | | | |
| 2 | 2-4-971 | F | W | 0 | 01 | 13 | 7R | | 1 | 2 | | | |

| Race | Air Bag Deployment / Switch | Ejection | Head Injury | Seating Loc. | Restraint/Safety Device |
|---|---|---|---|---|---|

**Race**
A - Asian/Pacific Islander   W - Caucasian
B - African American   H - Hispanic   O - Other
I - Alaskan Native or American Indian   U - Unk.

**a) Injury Status**
2- Non-Incapacitating
3- Incapacitating
4- Fatal

**b)**
5- Motorcycle Only

**Seating Loc.**
| 01 | 02 | 03 |
| 04 | 05 | 06 |
| 07 | 08 | 09 |

20- Pedestrian
30- Training Unit
40- Bus or Van (4th row or Higher)
50- Other Enclosed Area (nontraining)
51- Other Unenclosed Area (nontraining)

60- Sleeper of Cab
70- Riding on Unit Exterior
80- Lap
99- Unk /NA

**Restraint/Safety Device**
00- None Used   21- Child Safety Seat
10- Shoulder Belt Only
11- Shoulder Belt Only
12- Lap Belt Only   88- Other
13- Shoulder & Lap Belt   99- Unk.

**Air Bag Deployment / Switch**
1- Deployed Front   4- Not Deployed
2- Deployed Side   7- Not Applicable
3- Deployed Both   8- Deployment Unk.
1- Switch in On Position   3- No Switch
2- Switch in Off Position   9- Unknown

**Ejection**
1- Not Ejected
2- Part. Ejected
3- Tot. Ejected
7- Not App
9- Unk.

**Head Injury**   1- Yes   2- No
**Location After Impact**
1- Not Trapped
2- Extricated (Mechanical Means)

1- Yes   1- No
4- Not Applicable
9- Unknown

**Transported to Medical Facility**
1- Yes   2- No   3- Unknown
b) By:   1- EMS   2- Police   8- Other   9- Unk.

**Pedestrian, Motor/Pedalcycle Only**
31- Helmet   51- Reflective Clothing
41- Protective Pads   61- Lighting

## Sequence of Events

| Non-Collision | Collision Fixed Object |
|---|---|

**Non-Collision**
01- Cargo/Equip Loss or Shift
02- Cross Median/Center Line
03- Downhill Runaway
04- Equipment Failure
05- Fire/Explosion or Immersion
06- Immersion
07- Jackknife
08- Overturn/Rollover
09- Ran off Road Left
10- Ran off Road Right
11- Separation of Units
12- Spill (Handlebar Vah.)
18- Unk. Non-collision
19- Unk. Non-collision

20- Animal (Deer Only)
21- Animal (All Other)
22- Work Zone Maint. Equip.
23- Motor Veh. (In Transport)
24- Motor Veh. (Stopped)
25- Motor Veh. (Other Roadway)
27- Pedestrian
28- Railway Veh.

30- Unk. Movable Object
36- Pedalcycle

40- Bridge Overhead Structure
41- Bridge Parapet End
42- Bridge Pier or Abutment
43- Bridge Rail
44- Culvert
45- Curb
46- Ditch

47- Embankment
48- Equipment
49- Fence
50- Guardrail End
51- Guardrail Face
52- Highway Traffic Sign Post
53- Impact Attenuator/Crash Cushion
54- Light/Luminaire Support

55- Mail Box
56- Median Barrier
57- Overhead Sign Support
58- Other (Post, Pole, Support, Etc.)
59- Other (Wall, Building, Tunnel, Etc.)
60- Tree
61- Utility Pole
62- Work Zone Maint. Equipment

**Manner of Collision (Struck Veh.)**
00- Not Coll. W/ Motor Veh.
10- Rear End
20- Head On
30- Rear-to-Rear
41- Angle (↖↗)
42- Angle (→←)
43- Angle (↙↘)
50- Sideswipe Same Dir.
60- Sideswipe Opposite Dir
70- Backed Into
99- Unknown

**Vehicle Type:**
01- Automobile
12- Pickup Truck
13- Truck Tractor
14- Other Truck
15- Full Size Van
16- Mini Van
17- Sport Utility
25- Motorcycle
26- Other Motorbike
27- Pedalcycle
38- Animal Drawn Veh.
39- Animal (Ridden)
41- Pedestrian
51- Train
51- School Bus
62- Passenger Bus
98- Other
99- Unk. (Hit and Run Only)

**Vehicle Use Code**
01- Personal
02- Driver Training
03- Construction/Maint.
04- Ambulance
05- Military
06- Transport Passengers
07- Transport Property
08- Farm Use
09- Wrecker or Tow
10- Police
11- Government
12- Fire Fighting
13- Logging
18- Other
99- Unk.

**Alcohol / Drug Test Given**   3- Given - Pending
1- Given - Known Results   4- None
2- Given - Unusable   5- Refused

**Test Type**
1- Breath (Alc Only)
2- Blood
3- Urine
4- Serum
5- Other

**Drug Results**
1- Amphetamines
2- Cocaine
3- Marijuana
4- Opiates
5- PCP
8- Other

**Alc Test Results**
A1-
A2-
A3-

**Vehicle Attachment**
1- None
2- Mobile Home
3- Semi-Trailer
4- Utility Trailer
5- Farm Trailer
6- Trailer w/Boat
7- Camper Trailer
8- Towed Motor Vehicle
9- Petroleum Tanker
A- Lowboy Trailer
B- Autocamer Trailer
C- Other Tanker
D- Flat Bed
E- Twin Trailers
F- Other

**Special Use Only**

**Underride/Override**
1- Under- Compartment Intrusion
2- Under- No Intrusion
3- Under- Unknown
4- Over- MV in Transport
5- Over- Other Vehicle
6- None
9- Unk

**Extent of Deformity**
0- None/Minor
2- Functional Damage
3- Disabling Damage
4- Severe/Totaled
5- Not Applicable
9- Unk.

**Action Prior to Impact** (Vehicle)
01- Backing
02- Changing Lanes
03- Entering Traffic Lane   Stopped in Traffic
04- Leaving Traffic Lane
05- Making U-turn
06- Movements Essentially Straight Ahead
07- Overtaking/Passing
08- Parked
09- Slowing or
10- Turning Left
11- Turning Right
88- Other

**(Non-motorist)**
21- Approaching/Leaving Vehicle
22- Entering/Crossing Location
23- Playing/Working on Vehicle
24- Pushing Vehicle
25- Standing
26- Walking, Playing, Cycling

**Trafficway**
1- Two-way, Not Divided
2- Two-way, Divided, Unprotected Median
A- One-Way   8- Other

1- Gore   3- Median   5- Roadway   7- Sidewalk   8- X-walk.
2- Island   4- Roadside   6- Shoulder   8- Outside Trafficway

**1st Harmful Event Loc.**

**Road Character**
1- Straight - Level   3- Straight - Hillcrest   5- Curve - On Grade
2- Straight - On Grade   4- Curve - Level   6- Curve - Hillcrest

**Road Surface Condition**
1- Dry   3- Snow   5- Ice   7- Water (Standing, etc.)
2- Wet   4- Slush   6- Contaminants   8- Other

**Traffic Control Type**
01- Stop and Go Light   21- Officer or Flagman
02- Flashing Traffic Signal   22- Oncoming Emergency Vehicle
11- RR (X-bucks, Lights & Gates)   31- Pavement Markings (only)   43- Yield Sign   51- Flashing Beacon
12- RR (X-bucks & Lights)   41- Stop Sign   44- Work Zone   98- None
13- RR (X-bucks Only)   42- School Zone Sign   99- Unk.

**Weather Condition**
1- Clear (no adverse conditions)
2- Rain
3- Cloudy
4- Sleet, Hail
5- Snow
6- Fog, Smog, Smoke
8- Severe Crosswinds
Oil, Dirt or Snow   9- Unk.

**Light Condition**
1- Daylight
2- Dawn
3- Dusk
4- Dark (Lighting Unspecified)
5- Dark (Street Lamp Lit)
6- Dark (Street Lamp Not Lit)
7- Dark (No lights)

**School Bus Involved:**
1- Yes   2- No   **Work Zone:**
1- Yes, Directly   2- Yes, Indirectly   3- No   9- Unk.

**Work Zone Location**
1- Before 1st Sign   3- Transition Area   5- Termination Area
2- Advanced Warning Area   4- Activity Area
1- Shoulder/Median Work   3- Intermittent/Moving Work
2- Lane Shift/Crossover   4- Lane Closure   8- Other

**Work Zone Type**
**Work Zone Present:**
1- Yes   2- No Workers Present

**Junction Type**
01- Crossover
02- Driveway
03- Five/More Points
04- Four-way Intersection
05- Railway Grade Crossing
07- Shared Use Paths or Trail
08- T-Intersection
09- Traffic Circle
12- Y-Intersection
13- Nonjunction
99- Unk.

**Primary**   **Contributing Factors**   **Non-Motorist**   **Environmental**
09- Made an Improper Turn
10- Medical-Related   50- Inattentive   60- Animal in Road   63- Weather Cond
61- Glare   68- Other   69- Unk.

**Driver**
01- Disregarded Signs, Signals, Etc.
02- Distracted/Inattention
03- Driving Too Fast for Conditions
04- Exceeded Authorized Speed Limit
05- Failed to Yield Right of Way
06- Ran off Road   16- Cell Phone
07- Fatigued/Asleep
08- Followed Too Closely

12- Aggressive Operation of Vehicle
13- Over-correcting/Over-steering
14- Swerving to Avoiding Object
15- Wrong Side or Wrong Way
16- Under the Influence
17- Vision Obscured (Within Unit)
18- Improper Lane Usage/Change
28- Other Improper Action

30- Debris   48- Other
31- Non-highway Work   49- Unk.
32- Obstruction in Roadway
33- Road Surface Condition (i.e., Wet)
34- Rut, Holes, Bumps
35- Shoulders (None, Low, Soft, High)
36- Traffic Control Device (i.e., Missing)
37- Work Zone (Const./Maint./Utility)
38- Worn, Travel-Polished Surface

51- Lying After Illegally in Roadway
52- Failure to Yield R of W.
53- Not Visible (Dark Clothing)
54- Disregarded Signs, Signals, Etc
55- Improper Crossing
56- Darting   58- Other   59- Unk.
57- Wrong Side of Road
68- Under the Influence
87- Other Person Under Influence

**Vehicle Defect**
70- Brakes   76- Windows/Shield
71- Steering   77- Restraint System
72- Power Plant   78- Truck Coupling
73- Tires/Wheel   79- Cargo
74- Lights   80- Fuel System
75- Signals   88- Other   89- Unk.

**South Carolina**
**Uniform Traffic Collision Report**
(For Investigating Officers)
**Supplemental Bus & Truck Collision Report**

Page **3** of **3** Pages

| Date | Time | County | Route Category | Collision Location (Route Number and Name if Any) | Auxiliary |
|---|---|---|---|---|---|

Date: 3-21-08  Time: 1245  County: 42

Route Category:
1. Interstate
2. US Primary
3. SC Primary
4. Secondary
5. County

Collision Location (Route Number and Name if Any)
ON **85**

Auxiliary:
0. Mainline
1. Alternate
2. Spur
6. Connection
7. Business

### SCREENING INFORMATION

**Access Control**

1. No Access Control
2. Full Access Control
3. Partial Access Control — **2**

**NUMBER OF QUALIFYING VEHICLES INVOLVED**

A Truck Having a GVWR of 10,001 lbs. or More For the Power Unit → **1**

**OR**

A Vehicle with a Hazardous Materials Placard →

**OR**

A Bus That is Designed or Used to Carry 16 or More Persons, Including the Driver →

**OR**

A Motor Vehicle Engaged in Interstate Commerce that is Designed or Used to Carry 9-15 Persons, Including the Driver, for Compensation →

### Vehicle Information

**Gross Vehicle Weight Rating**

Weight Rating of the Power Unit of the Truck
01. Less Than or Equal to 10,000 Pounds
02. 10,001-26,000 Pounds
03. More Than 26,000 Pounds
99. Unknown/Hit and Run — **2**

**Vehicle Configuration**
00. Passenger Car (only w/ HAZMAT placard)
01. Light Truck (only w/ HAZMAT placard)
02. Bus (seats for 9-15 people)
03. Bus (seats for 16 + people)
04. Single Unit Truck (2 axles/6+ Tires)
05. Single Unit Truck (3 or more axles)
06. Truck w/ Trailer
07. Truck-Tractor Only (Bobtail)
08. Tractor w/ Semi-Trailer
09. Tractor w/ Double Trailers
10. Tractor w/ Triple Trailers
98. Other/Unable to Classify
99. Unknown/Hit and Run — **08**

**Number of Persons Involved:**

Sustaining Fatal Injuries →

Transported for Immediate Medical Services →

**Cargo Body Type**
00. Bus (seats for 9-15 people)
01. Bus (seats for 16+ people)
02. Enclosed Box
03. Cargo Tank
04. Flat Bed
05. Dump
06. Concrete Mixer
07. Auto Transport
08. Garbage/Refuse
09. Grain, Chips, Gravel
10. Pole
11. Intermodal Container
97. Not Applicable
98. Other
99. Unknown/Hit and Run — **02**

**Number of Vehicles Towed**

Towed From the Scene Due to Damage → **1**

**Trailer Length and Width**

**Length**
00. No Trailer
01. Less than 480 in. (40 ft)
02. 481 in. - 576 in. (48 ft.)
03. 577 in. or more
99. Unknown/Hit and Run — Trailer 1 Length **01** / Trailer 2 Length

**Width**
00. No Trailer
01. Less than 60 in. (5 ft.)
02. 61 in. - 84 in. (7 ft.)
03. 85 in. or more
99. Unknown/Hit and Run — Trailer 1 Width **05** / Trailer 2 Width

**Do Not Complete This Form Unless:**

One or More Qualifying Vehicles was Involved - AND

One or More Qualifying Injuries was Sustained - OR

One or More Vehicles (not necessarily the truck or bus) Was Towed from the Scene

Total Number of Supplemental Forms Required for this Collision :

Unit Number: **2**   FR-10 Number ✓ 3/23378

### Carrier Information

Name: New England Freight MOTOR FREIGHT JSU

Address: 1-71 North Ave

City: Elizabeth N   State: NJ   Zip: 87201

Business Phone Number: 7 1 7 3 8 5 6 5 4 5

### Identification Numbers

U.S. DOT: 0 0 3 1 1 2 0   None = 0

ICC MC: 1 1 2 1 0 7   State:

State Number:

Is this vehicle an (1) Interstate or a (2) Intrastate carrier? — **1**

Was a Citation Issued to this Vehicle? — 1. Yes  2. No  3. Pending — **2**

### Hazardous Material Involvement

**Was This Vehicle Carrying Hazardous Materials?**
1. Yes  2. No  3. Unknown/Hit and Run — **2**

**Did the Vehicle Have a Hazardous Material Placard?**
1. Yes  2. No  3. Unknown/Hit and Run — **2**

If "Yes", What Class of Hazardous Material (from placard/shipping papers)
01. Class 1 (Explosives)
02. Class 2 (Gases)
03. Class 3 (Flammable Liquids)
04. Class 4 (Flammable Solids)
05. Class 5 (Oxidizing Substance)
06. Class 6 (Poison/Infectious Substance)
07. Class 7 (Radioactive)
08. Class 8 (Corrosives)
09. Class 9 (Misc. Goods)
10. No Placard
99. Other/Unknown/Hit and Run

If "YES", enter 4 digit HAZMAT ID (from placard/shipping papers)

**Was Hazardous Material Released From This Vehicle's Cargo?**
1. Yes  2. No  3. Unknown/Hit and Run — **2**

Notification of Release:

Investigator's Name: Owens - R.K.   Rank: Tpr   Date: 03-21-08   Reviewer: WShr-JJ.   3-21-08

**South Carolina Department of Motor Vehicles (DMV)**
**FR-10 (REV. 10/05)**
**NOTICE OF REQUIREMENT**

Submit Electronically: Agents or Company Representatives can submit your Insurance Information at WWW.SC-ALIR.COM

| Date | Time | | County | 1- Interstate  4-Secondary | Collision Location (Rt. #/Name) | 10-Main line  6-Connection | Miles: | In / Near City or Town of: |
|---|---|---|---|---|---|---|---|---|
| 03-12-2007 | 12:45 | 42 | | 2- US Primary  5- County  3- SC Primary | 5 | 65 | 2-Alternate  7-Business  5-Spur | 4.0 | Spartanburg |

**To Vehicle Owner/ Operator** — **Failure to return this form to the Department of Motor Vehicles within 15 days from the date of the collision could result in the suspension of your driver license and registration privileges pursuant to South Carolina Code of Laws 56-9-351 and 56-10-530.**

**FR10 Audit No.**
## X- 812377

| Driver/Pedestrian's Full Name | Cindy Tatiana Hernandez |
|---|---|
| Unit # | Sex F | Race W | Street 168 Kings Arms Ate |
| Birth Date 09-14-1980 | City, State, & Zip Wallerford York Pa 17403 |
| State Pa | Driver's License # 31538-17 CL | Insurance Company State Farm |
| Year 05 | Body Make Neic | VIN # LM2ZU8GW53UJ00353 |
| State SC | Year 07 | License Plate # NF8672 | Owner's D.L. # N/A |
| Home Telephone 717 542-7653 | Owner's Full Name Romulo A Hernandez |
| Bus. Telephone ( ) | Street 168 Kings Arms At |
| Contributed To Collision  Yes  No | City, State & Zip Wallerford York Pa 17402 |

**FR10 Audit No.**
## X- 812378

| Driver/Pedestrian's Full Name | Jason Joseph Perkins |
|---|---|
| Unit # 2 | Sex M | Race W | Street 8 Keyra Blvd |
| Birth Date 08-11-1969 | City, State, & Zip New Bloomfeild Pa 17068 |
| State Pa | Driver's License # 25761-799 | Insurance Company Discovery Property Casualty |
| Year 07 | Body VLV | Make | VIN # 4V4MC9G HGGN44078 |
| State SC | Year | License Plate # ACG971 | Owner's D.L. # N/A |
| Home Telephone 717 533-6545 | Owner's Full Name New England Freight |
| Bus. Telephone 717 833-5338 | Street 77 Newark Ave |
| Contributed To Collision  Yes  No | City, State & Zip Kearni NJ 07391 |

**FR10 Audit No.**
## X- 812379

| Driver/Pedestrian's Full Name | |
|---|---|
| Unit # N/A | Sex | Race | Street |
| Birth Date | City, State, & Zip |
| State | Driver's License # | Insurance Company |
| Year | Body | Vehicle | Make | VIN # |

| State | Year | License Plate # | Owner's D.L. # |
|---|---|---|---|
| Home Telephone ( ) | Owner's Full Name |
| Bus. Telephone ( ) | Street |
| Contributed To Collision  Yes  No | City, State & Zip |

**All Units Insurance Information**
(completion by Investigating Officer)

| Automobile liability insurance Information for Unit # | |
|---|---|
| Company Name | Area Code/Phone Number ( ) |
| Agency Name | Policy Number |

| Automobile liability insurance Information for Unit # 2 | |
|---|---|
| Company Name Discover Property | Area Code/Phone Number ( ) |
| Agency Name Emor Group Inc | Policy Number IX00IA00303 |

| Automobile liability insurance Information for Unit # | |
|---|---|
| Company Name | Area Code/Phone Number ( ) |
| Agency Name | Policy Number |

**Automobile Liability Insurance Information**

| Notice of Requirement Accepted | Entered at WWW.SC-ALIR.COM By Insurance Company Representative. This information has been submitted electronically. | Signature X | Y N  Refused to Affix Signature?  Y N  Vehicle Subject to Registration in SC? |
|---|---|---|---|

**To Be Completed Below** form should not be mailed to DMV if insurance information has been submitted electronically.

The information as contained herein is based solely upon my knowledge and belief as a representative of the above insurance company and no warranty of liability is imputed into the above mentioned insurance as I have listed herein.

| Reference to Unit # _____ was insured by the below stated insurance company on the date of the collision. | I hereby affirm that to the best of my knowledge the vehicle described above was insured by the below stated insurance company on the date of the collision. | | |
|---|---|---|---|
| Insurance Company | | Policy # | Signature | Title |
| Beginning Date: | Ending Date: | Policy Holder | NAIC# (Assigned by S.C. Dept. of Ins.) | Bus. Telephone ( ) |

**Notice: If liability insurance was not in effect for your vehicle involved in the collision, The Department of Motor Vehicles could suspend your driver license and registration privileges pursuant to South Carolina Code of Laws 56-9-351 and 56-10-530.**

If any of the below are applicable, disregard the above portion.

| | Form FR-10 Not Issued: Section 56-10-520 |
|---|---|
| ☐ Check here if a Form SR-23, Fleet Policy of 25 or more vehicles is on file with the Department of Motor Vehicles covering the vehicle. | No FR-10 Issued to Operator/ Owner of Unit #: |
| ☐ Check here if a certificate of self-insurance has been issued by the Department of Motor Vehicles covering the vehicle, and indicate the certificate number; SI _____ | Summons Issued to: |
| ☐ Check here if liability insurance was not in effect to comply with South Carolina statutory requirements. | For operating or allowing the operation of an uninsured vehicle |
| Signature | Date | Summons Number: |
| | Signature |

| Investigating Officer's Name Owens R.K. | Rank Trp | Badge # 101 | Code 11703 | Date 03-21-2007 | Reviewer's Name | Rank | Internal Agency Code |
|---|---|---|---|---|---|---|---|

**DRIVER / OWNER**

# EXHIBIT B



RECEIVED
OFFICE OF PROTHONOTARY
10 JUN -2 AM 11: 21
COURTHOUSE
YORK, PA

Matthew S. Crosby, Esq.
I.D. # 69367
HANDLER, HENNING & ROSENBERG, LLP
1300 Linglestown Road, Suite 2
Harrisburg, PA 17110
Telephone:    (717) 238-2000
Fax :    (717) 233-3029
E-mail:    crosby@hhrlaw.com

Attorneys for Plaintiffs

| | | |
|---|---|---|
| **ROMULO HERNANDEZ and** | : | **IN THE COURT OF COMMON PLEAS** |
| **MARIA E. HERNANDEZ, his wife,** | : | **YORK COUNTY, PENNSYLVANIA** |
| **Plaintiffs** | : | |
| **v.** | : | **NO. 2010 - SU - 001214 - 01** |
| | : | |
| **JASON PERKINS,** | : | |
| **NEW ENGLAND MOTOR** | : | |
| **FREIGHT, INC., and CINDY** | : | **CIVIL ACTION - LAW** |
| **HERNANDEZ ,** | : | |
| **Defendants** | : | |

## NOTICE

     You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE OF THE
YORK COUNTY BAR ASSOCIATION
York County Bar Center
137 East Market St.
York, PA  17401
717-854-8755

HANDLER, HENNING & ROSENBERG, LLP

DATE: 6/2/2010

BY: _____
    Matthew S. Crosby, Esq.

**AVISO**

**USTED HA SIDO DEMANDADO EN LA CORTE.** Si usted desea defenderse de las quejax expuestas en las paginas siguientes, debe tomar accion dentro de viente (20) dias a partir de la fecha en que recibio la demanda y el aviso. Usted debe presentar comparecencia escrita en persona o por abogado y presentar en la Corte por escrito sus defensas o sus objeciones a las demandas en su contra.

Se le avisa que si no se defiende, el caso puede proceder sin usted y la Corte puede decidir en su contra sin mas aviso o notificacion por cualquier dinero reclamado en la demanda o por cualquier otra queja o compensacion reclamados por el Demandante. USTED PUEDE PERDER DINERO, O PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATEAMENTE. SI USTED NO TIENE O NO CONOCE UN ABOGADO, VAYA O LLAME A LA OFICINA EN LA DIRECCION ESCRITA ABAJO PARA AVERIGUAR DONDE PUEDE OBTENER ASISTENCIA LEGAL.**

LAWYER REFERRAL SERVICE, YORK COUNTY BAR ASSOCIATION
York County Bar Center
137 East Market St.
York, PA 17401
717-854-8755

**HANDLER, HENNING & ROSENBERG, LLP**


BY: _____
Matthew S. Crosby, Esq.

DATE: 6/2/2010



F:\WP Directories\STM\MVA\Hernandez, Romulo & Maria\Complaint_Hernandez.wpd

Matthew S. Crosby, Esquire
I.D. # 69367
HANDLER, HENNING & ROSENBERG, LLP
1300 Linglestown Road, Suite 2
Harrisburg, PA 17110
Telephone:     (717) 238-2000
Fax :          (717) 233-3029                        **Attorneys for Plaintiffs**
E-mail:        crosby@hhrlaw.com

| | | |
|---|---|---|
| **ROMULO HERNANDEZ and** | : | **IN THE COURT OF COMMON PLEAS** |
| **MARIA E. HERNANDEZ, his wife,** | : | **YORK COUNTY, PENNSYLVANIA** |
| **Plaintiffs** | : | |
| | : | |
| | : | |
| **v.** | : | **NO. 2010 - SU - 001214 - 01** |
| | : | |
| **JASON PERKINS,** | : | |
| **NEW ENGLAND MOTOR** | : | |
| **FREIGHT, INC., and CINDY** | : | **CIVIL ACTION - LAW** |
| **HERNANDEZ** | : | |
| **Defendants** | : | |

## COMPLAINT

**AND NOW** come the Plaintiffs, Romulo and Maria E. Hernandez, by and through their attorneys, **HANDLER, HENNING & ROSENBERG, LLP**, by Matthew S. Crosby, Esquire, and make the within Complaint against the Defendants, Jason Perkins, New England Motor Freight, Inc., and Cindy Hernandez, and aver as follows:

1.     Plaintiff, Romulo Hernandez, is an adult individual currently residing at 108 Kings Arms at Waterford, York, York County, Pennsylvania.

2.     Plaintiff, Maria E. Hernandez, is an adult individual currently residing at 108

Kings Arms at Waterford, York, York County, Pennsylvania.

3. Defendant, Cindy Hernandez, is an adult individual currently residing at 108 Kings Arms at Waterford, York, York County, Pennsylvania.

4. Defendant, Jason Perkins, is an adult individual currently residing at 8 Kyra Boulevard, New Bloomfield, Perry County, Pennsylvania.

5. Defendant, New England Motor Freight, Inc., is a corporation organized and existing under the laws of New Jersey and having its registered address at I-71 North Avenue East, Elizabeth, Union County, New Jersey.

6. Plaintiff believes, and therefore avers, that Defendant, New England Motor Freight, Inc., maintains a terminal in Pennsylvania and regularly conducts business within the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendant, Jason Perkins, was an agent, servant, and/or employee of Defendant, New England Motor Freight, Inc., and was acting within the scope of said employment.

8. At all times material hereto, Defendant, Jason Perkins, was the operator of a tractor trailer owned by his employer, Defendant, New England Motor Freight, Inc., and bearing New Jersey registration number AK659N (hereinafter, "Defendant's truck").

9. At all times material hereto, Defendant, Cindy Hernandez, was the operator of a 2003 Mercury Mountaineer, owned by Plaintiff, Romulo Hernandez, and bearing Pennsylvania registration number DHE9962 (hereinafter, "Plaintiff's vehicle").

10. At all times material hereto, Plaintiffs, Romulo and Maria E. Hernandez, were passengers in Plaintiff's vehicle.

11. At all times material hereto, Plaintiffs, Romulo and Maria E. Hernandez, were

2

insured under an automobile insurance policy with State Farm Mutual Auto Insurance Company and covered under the full tort option.

12. At all times material hereto, there were no adverse weather or road conditions.

13. On or about March 21, 2008, at approximately 12:45 p.m., Plaintiff's vehicle was traveling southbound in the left lane on I-85 in Spartanburg, South Carolina, passing Defendant's truck.

14. At about the same time and place, Defendant, Jason Perkins, was traveling southbound in the right lane on I-85 in Spartanburg, South Carolina.

15. Suddenly and without warning, Defendant, Jason Perkins, began to enter the left lane of southbound I-85, causing a collision between the two vehicles.

16. In the alternative, suddenly and without warning, Defendant, Cindy Hernandez, began to enter the right lane of southbound I-85, causing a collision between the two vehicles.

17. As a direct and proximate result of the negligence of Defendants, Cindy Hernandez, Jason Perkins, and New England Motor Freight, Inc., Plaintiffs, Romulo and Maria E. Hernandez, sustained damages as set forth more specifically below.

## COUNT I - NEGLIGENCE
### Romulo Hernandez v. Cindy Hernandez

18. All prior paragraphs are incorporated herein as if set forth fully below.

19. The occurrence of the aforementioned collision and all the resultant injuries to Plaintiff, Romulo Hernandez, are the direct and proximate result of the negligence of Defendant, Cindy Hernandez, generally and more specifically, as set forth below:

3

(a)     In failing to exercise reasonable care in the operation of Plaintiff's vehicle for the safety of a guest passenger;

(b)     In failing to maintain proper and adequate observation of the traffic and road conditions then and there existing;

(c)     In operating Plaintiff's vehicle in careless disregard for the safety of persons or property;

(d)     In failing to be continuously alert and in failing to have Plaintiff's vehicle under such control that injury to persons or property could be avoided;

(e)     In disregarding the speed of vehicles, the condition of the highway, and the traffic upon the highway;

(f)     In failing to pass promptly and safely, while exercising proper caution, which the physical demand of lawful traffic on Interstate 85 demanded;

(g)     In failing to maintain proper and adequate observation of the existing traffic conditions while ascertaining if the changing of lanes could be completed safely;

(h)     In attempting to change lanes without properly observing the traffic in the adjacent lane;

(i)     In failing to keep a reasonable lookout for vehicles lawfully traveling in the right travel lane of Interstate 85;

(j)     In failing to activate her turn signal prior to attempting a lane change;

(k)     In failing to stay within the clearly marked land of travel;

(l)    In operating a motor vehicle at a speed in excess of the posted speed limit; and

(m)    In driving Plaintiff's vehicle upon the highway in a manner endangering persons and property and in a manner with careless disregard to the rights and safety of others.

20.    As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has suffered serious injuries, including, but not limited to, injuried to his left knee, neck, chest, head, wrist, and left hand, as well as permanent scarring.

21.    As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has suffered lost wages and will in the future continue to suffer a loss of income.

22.    As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has suffered physical pain, discomfort, and mental anguish, and he will continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss.

23.    As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has been compelled, in order to effect a cure for the aforesaid injuries, to spend money for medicine and/or medical attention, and he will be required to spend money for the same purposes in the future, to his detriment and loss.

24.    As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has suffered a loss of life's pleasures, and he will continue to suffer the same in the future, to his detriment and loss.

25.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has been, and will in the future be, hindered from attending to his daily duties, to his detriment, loss, humiliation, and embarrassment.

26.     Plaintiff, Romulo Hernandez, believes and, therefore, avers that his injuries are permanent in nature and have resulted in a serious impairment of his bodily functions and permanent disfigurement.

27.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, sustained property damage to his vehicle that has required that Plaintiff, and/or will require Plaintiff in the future, to spend money for repairs and/or replacement.

**WHEREFORE**, Plaintiff, Romulo Hernandez, seeks damages from Defendant, Cindy Hernandez, in an amount in excess of the compulsory arbitration limits of York County.

## COUNT II - NEGLIGENCE
### Romulo Hernandez v. Jason Perkins

28.     All prior paragraphs are incorporated herein as if set forth fully below.

29.     The occurrence of the aforementioned collision and the resultant injuries to Plaintiff, Romulo Hernandez, were caused directly and proximately by the negligence of Defendant, Jason Perkins, generally and more specifically as set forth below:

(a)     In failing to operate Defendant's truck under proper and adequate control so that he could have moved from one lane of traffic to another with reasonable safety;

(b)     In disregarding the speed of vehicles, the condition of the highway, and the traffic upon the highway;

6

(c)     In failing to maintain proper and adequate observation of the existing traffic conditions while ascertaining if the changing of lanes could be completed safely;

(d)     In driving in a careless manner by disregarding the safety of other drivers when switching lanes without observing the traffic in the adjacent lane;

(e)     In failing to keep a reasonable lookout for vehicles lawfully traveling in the left travel lane of Interstate 85;

(f)     In operating Defendant's vehicle at an excessive rate of speed under the circumstances;

(g)     In operating Defendant's vehicle while fatigued;

(h)     In operating Defendant's vehicle in excess of the hours allowed for operating such a vehicle under federal law;

(i)     In failing to activate his turn signal prior to attempting to switch lanes; and

(j)     In failing to be continuously alert, in failing to perceive any warning of danger that was reasonably likely to exist, and in failing to have Defendant's truck under such control that injury to persons or property could be avoided.

30.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has suffered serious injuries, including, but not limited to, injuried to his left knee, neck, chest, head, wrist, and left hand, as well as permanent scarring.

7

31.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, has suffered lost wages and will in the future continue to suffer a loss of income.

32.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, has suffered physical pain, discomfort, and mental anguish, and he will continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss.

33.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, has been compelled, in order to effect a cure for the aforesaid injuries, to spend money for medicine and/or medical attention, and he will be required to spend money for the same purposes in the future, to his detriment and loss.

34.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, has suffered a loss of life's pleasures, and he will continue to suffer the same in the future, to his detriment and loss.

35.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, has been, and will in the future be, hindered from attending to his daily duties, to his detriment, loss, humiliation, and embarrassment.

36.    Plaintiff, Romulo Hernandez, believes and, therefore, avers that his injuries are permanent in nature and have resulted in a serious impairment of his bodily functions and permanent disfigurement.

37.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, sustained property damage to his vehicle that has required that Plaintiff, and/or will require Plaintiff in the future, to spend money for repairs

8

and/or replacement.

**WHEREFORE**, Plaintiff, Romulo Hernandez, seeks damages from Defendant, Jason Perkins, in an amount in excess of the compulsory arbitration limits of York County, exclusive of interest and costs.

## COUNT III - RESPONDEAT SUPERIOR / NEGLIGENCE
### Romulo Hernandez v. New England Motor Freight, Inc.

38.     All prior paragraphs are incorporated herein as if set forth fully below.

39.     At all times material to this action, Defendant, Jason Perkins, was an agent, servant, and/or employee of Defendant, New England Motor Freight, Inc.

40.     The occurrence of the aforementioned collision and the resultant injuries to Plaintiff, Romulo Hernandez, are the direct and proximate result of the negligence and/or carelessness of Defendant, Jason Perkins.

41.     The aforementioned negligent and/or careless conduct of Defendant, Jason Perkins, occurred while acting in, and upon, the business of Defendant, New England Motor Freight, Inc., and within the course and scope of his employment with said Defendant.

42.     Defendant, New England Motor Freight, Inc., is vicariously liable for the acting of its employee, servant, and/or agent, Defendant, Jason Perkins.

43.     Defendant, New England Motor Freight, Inc., was negligent in failing to supervise and/or train Defendant Perkins in the safe operation of tractor-trailer vehicles and/or allowing Defendant Perkins to operate Defendant's vehicle when it knew, or should have known, that he was in violation of hours allowed to be driven under federal law and/or in allowing Defendant Perkins to operate said vehicle while fatigued and/or in allowing

9

Defendant Perkins to operated said vehicle when it knew or should have known that he was a dangerous, careless, and/or irresponsible driver.

44.     Paragraphs 28 through 37 of this Complaint are specifically incorporated herein by reference and made a part hereof, as if set forth in full.

**WHEREFORE**, Plaintiff, Romulo Hernandez, seeks damages from Defendant, New England Motor Freight, Inc., in an amount in excess of the compulsory arbitration limits of York County, exclusive of interest and costs.

## COUNT IV - LOSS OF CONSORTIUM
### Maria E. Hernandez v. Cindy Hernandez

45.     All prior paragraphs are incorporated herein as if set forth fully below.

46.     At all times material to this action, Plaintiffs, Romulo Hernandez and Maria E. Hernandez, were lawfully married.

47.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has suffered a loss of consortium, society, and comfort from her husband, Romulo Hernandez, and she will continue to suffer a similar loss in the future.

48.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has been compelled, in order to effect a cure for her husband's injuries, to spend money for medicine and medical attention and will be required to spend money for the same purposes in the future, to her detriment and loss.

**WHEREFORE**, Plaintiff, Maria E. Hernandez, seeks damages from Defendant, Cindy Hernandez, in an amount in excess of the compulsory arbitration limits of York County exclusive of interest and costs.

## COUNT V - LOSS OF CONSORTIUM
### Maria E. Hernandez v. Jason Perkins

49. All prior paragraphs are incorporated herein as if set forth fully below.

50. At all times material to this action, Plaintiffs, Romulo Hernandez and Maria E. Hernandez, were lawfully married.

51. As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Maria E. Hernandez, has suffered a loss of consortium, society, and comfort from her husband, Romulo Hernandez, and she will continue to suffer a similar loss in the future.

52. As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Maria E. Hernandez, has been compelled, in order to effect a cure for her husband's injuries, to spend money for medicine and medical attention and will be required to spend money for the same purposes in the future, to her detriment and loss.

**WHEREFORE**, Plaintiff, Maria E. Hernandez, seeks damages from Defendant, Jason Perkins, in an amount in excess of the compulsory arbitration limits of York County exclusive of interest and costs.

## COUNT VI - LOSS OF CONSORTIUM
### Maria E. Hernandez v. New England Motor Freight, Inc.

53. All prior paragraphs are incorporated herein as if set forth fully below.

54. At all times material to this action, Plaintiffs, Romulo Hernandez and Maria E. Hernandez, were lawfully married.

55. As a direct and proximate result of the negligence of Defendant, New England Motor Freight, Inc., Plaintiff, Maria E. Hernandez, has suffered a loss of

11

consortium, society, and comfort from her husband, Romulo Hernandez, and she will continue to suffer a similar loss in the future.

56.     As a direct and proximate result of the negligence of Defendant, New England Motor Freight, Inc., Plaintiff, Maria E. Hernandez, has been compelled, in order to effect a cure for her husband's injuries, to spend money for medicine and medical attention and will be required to spend money for the same purposes in the future, to her detriment and loss.

**WHEREFORE**, Plaintiff, Maria E. Hernandez, seeks damages from Defendant, New England Motor Freight, Inc., in an amount in excess of the compulsory arbitration limits of York County exclusive of interest and costs.

## COUNT VII - NEGLIGENCE
### Maria E. Hernandez v. Cindy Hernandez

57.     All prior paragraphs are incorporated herein as if set forth fully below.

58.     The occurrence of the aforementioned collision and all the resultant injuries to Plaintiff, Maria E. Hernandez, are the direct and proximate result of the negligence of Defendant, Cindy Hernandez, generally and more specifically, as set forth below:

(a)     In failing to exercise reasonable care in the operation of Plaintiff's vehicle for the safety of a guest passenger;

(b)     In failing to maintain proper and adequate observation of the traffic and road conditions then and there existing;

(c)     In operating Plaintiff's vehicle in careless disregard for the safety of persons or property;

(d)     In failing to be continuously alert and in failing to have Plaintiff's

12

vehicle under such control that injury to persons or property could be avoided;

(e)     In disregarding the speed of vehicles, the condition of the highway, and the traffic upon the highway;

(f)     In failing to pass promptly and safely, while exercising proper caution, which the physical demand of lawful traffic on Interstate 85 demanded;

(g)     In failing to maintain proper and adequate observation of the existing traffic conditions while ascertaining if the changing of lanes could be completed safely;

(h)     In attempting to change lanes without properly observing the traffic in the adjacent lane;

(i)     In failing to keep a reasonable lookout for vehicles lawfully traveling in the right travel lane of Interstate 85;

(j)     In failing to activate her turn signal prior to attempting a lane change;

(k)     In failing to stay within the clearly marked land of travel;

(l)     In operating a motor vehicle at a speed in excess of the posted speed limit; and

(m)     In driving Plaintiff's vehicle upon the highway in a manner endangering persons and property and in a manner with careless disregard to the rights and safety of others.

59.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has suffered injuries, including, but not limited

13

to, injuries to her neck and head.

60. As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has suffered physical pain, discomfort, and mental anguish, and she will continue to endure the same for an indefinite period of time in the future, to her physical, emotional, and financial detriment and loss.

61. As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has been compelled, in order to effect a cure for the aforesaid injuries, to spend money for medicine and/or medical attention, and she will be required to spend money for the same purposes in the future, to her detriment and loss.

62. As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has suffered a loss of life's pleasures, and she will continue to suffer the same in the future, to her detriment and loss.

63. As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has been, and will in the future be, hindered from attending to her daily duties, to her detriment and loss.

**WHEREFORE**, Plaintiff, Maria E. Hernandez, seeks damages from Defendant, Cindy Hernandez, in an amount in excess of the compulsory arbitration limits of York County.

## COUNT VIII - NEGLIGENCE
### Maria E. Hernandez v. Jason Perkins

64. All prior paragraphs are incorporated herein as if set forth fully below.

65. The occurrence of the aforementioned collision and the resultant injuries to Plaintiff, Maria E. Hernandez, were caused directly and proximately by the negligence of

Defendant, Jason Perkins, generally and more specifically as set forth below:

(a)   In failing to operate Defendant's truck under proper and adequate control so that he could have moved from one lane of traffic to another with reasonable safety;

(b)   In disregarding the speed of vehicles, the condition of the highway, and the traffic upon the highway;

(c)   In failing to maintain proper and adequate observation of the existing traffic conditions while ascertaining if the changing of lanes could be completed safely;

(d)   In driving in a careless manner by disregarding the safety of other drivers when switching lanes without observing the traffic in the adjacent lane;

(e)   In failing to keep a reasonable lookout for vehicles lawfully traveling in the left travel lane of Interstate 85;

(f)   In operating Defendant's vehicle at an excessive rate of speed under the circumstances;

(g)   In operating Defendant's vehicle while fatigued;

(h)   In operating Defendant's vehicle in excess of the hours allowed for operating such a vehicle under federal law;

(i)   In failing to activate his turn signal prior to attempting to switch lanes; and

(j)   In failing to be continuously alert, in failing to perceive any warning of danger that was reasonably likely to exist, and in failing to have

15

Defendant's truck under such control that injury to persons or property could be avoided.

66.     As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Maria E. Hernandez, has suffered injuries, including, but not limited to, injuries to her neck and head.

67.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has suffered physical pain, discomfort, and mental anguish, and she will continue to endure the same for an indefinite period of time in the future, to her physical, emotional, and financial detriment and loss.

68.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has been compelled, in order to effect a cure for the aforesaid injuries, to spend money for medicine and/or medical attention, and she will be required to spend money for the same purposes in the future, to her detriment and loss.

69.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has suffered a loss of life's pleasures, and she will continue to suffer the same in the future, to her detriment and loss.

70.     As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Maria E. Hernandez, has been, and will in the future be, hindered from attending to her daily duties, to her detriment, loss, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff, Maria E. Hernandez, seeks damages from Defendant, Jason Perkins, in an amount in excess of the compulsory arbitration limits of York County, exclusive of interest and costs.

16

## COUNT IX - RESPONDEAT SUPERIOR / NEGLIGENCE
## Maria E. Hernandez v. New England Motor Freight, Inc.

71.    All prior paragraphs are incorporated herein as if set forth fully below.

72.    At all times material to this action, Defendant, Jason Perkins, was an agent, servant, and/or employee of Defendant, New England Motor Freight, Inc.

73.    The occurrence of the aforementioned collision and the resultant injuries to Plaintiff, Maria E. Hernandez, are the direct and proximate result of the negligence and/or carelessness of Defendant, Jason Perkins.

74.    The aforementioned negligent and/or careless conduct of Defendant, Jason Perkins, occurred while acting in, and upon, the business of Defendant, New England Motor Freight, Inc., and within the course and scope of his employment with said Defendant.

75.    Defendant, New England Motor Freight, Inc., is vicariously liable for the acting of its employee, servant, and/or agent, Defendant, Jason Perkins.

76.    Defendant, New England Motor Freight, Inc., was negligent in failing to supervise and/or train Defendant Perkins in the safe operation of tractor-trailer vehicles and/or allowing Defendant Perkins to operate Defendant's vehicle when it knew, or should have known, that he was in violation of hours allowed to be driven under federal law and/or in allowing Defendant Perkins to operate said vehicle while fatigued and/or in allowing Defendant Perkins to operated said vehicle when it knew or should have known that he was a dangerous, careless, and/or irresponsible driver.

77.    Paragraphs 64 through 70 of this Complaint are specifically incorporated herein by reference and made a part hereof, as if set forth in full.

17

**WHEREFORE**, Plaintiff, Maria E. Hernandez, seeks damages from Defendant, New England Motor Freight, Inc., in an amount in excess of the compulsory arbitration limits of York County, exclusive of interest and costs.

## COUNT X - LOSS OF CONSORTIUM
### Romulo Hernandez v. Cindy Hernandez

78.    All prior paragraphs are incorporated herein as if set forth fully below.

79.    At all times material to this action, Plaintiffs, Romulo Hernandez and Maria E. Hernandez, were lawfully married.

80.    As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has suffered a loss of consortium, society, and comfort from his wife, Maria E. Hernandez, and he will continue to suffer a similar loss in the future.

81.    As a direct and proximate result of the negligence of Defendant, Cindy Hernandez, Plaintiff, Romulo Hernandez, has been compelled, in order to effect a cure for his wife's injuries, to spend money for medicine and medical attention and will be required to spend money for the same purposes in the future, to his detriment and loss.

**WHEREFORE**, Plaintiff, Romulo Hernandez, seeks damages from Defendant, Cindy Hernandez, in an amount in excess of the compulsory arbitration limits of York County exclusive of interest and costs.

## COUNT XI - LOSS OF CONSORTIUM
### Romulo Hernandez v. Jason Perkins

82.    All prior paragraphs are incorporated herein as if set forth fully below.

83.    At all times material to this action, Plaintiffs, Romulo Hernandez and Maria

18

E. Hernandez, were lawfully married.

84.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, suffered a loss of consortium, society, and comfort from his wife, Maria E. Hernandez, and he will continue to suffer a similar loss in the future.

85.    As a direct and proximate result of the negligence of Defendant, Jason Perkins, Plaintiff, Romulo Hernandez, has been compelled, in order to effect a cure for his wife's injuries, to spend money for medicine and medical attention and will be required to spend money for the same purposes in the future, to his detriment and loss.

**WHEREFORE**, Plaintiff, Romulo Hernandez, seeks damages from Defendant, Jason Perkins, in an amount in excess of the compulsory arbitration limits of York County exclusive of interest and costs.

## COUNT XII - LOSS OF CONSORTIUM
### Romulo Hernandez v. New England Motor Freight, Inc.

86.    All prior paragraphs are incorporated herein as if set forth fully below.

87.    At all times material to this action, Plaintiffs, Romulo Hernandez and Maria E. Hernandez, were lawfully married.

88.    As a direct and proximate result of the negligence of Defendant, New England Motor Freight, Inc., Plaintiff, Romulo Hernandez, has suffered a loss of consortium, society, and comfort from his wife, Maria E. Hernandez, and he will continue to suffer a similar loss in the future.

89.    As a direct and proximate result of the negligence of Defendant, New England Motor Freight, Inc., Plaintiff, Romulo Hernandez, has been compelled, in order to effect a cure for his wife's injuries, to spend money for medicine and medical attention and

will be required to spend money for the same purposes in the future, to his detriment and loss.

WHEREFORE, Plaintiff, Romulo Hernandez, seeks damages from Defendant, New England Motor Freight, Inc., in an amount in excess of the compulsory arbitration limits of York County exclusive of interest and costs.

Respectfully submitted,

HANDLER, HENNING & ROSENBERG, LLP

Date: 6|2|2010                    By: _____
                                       Matthew S. Crosby, Esquire
                                       I.D. # 69367
                                       1300 Linglestown Road, Suite 2
                                       Harrisburg, PA 17110
                                       Attorneys for Plaintiffs

## VERIFICATION
## PURSUANT TO Pa. R.C.P. No. 1024(c)

**MATTHEW S. CROSBY, ESQ.** states that he is the attorney for the

party(ies) filing the foregoing document; that he makes this Complaint as an attorney and

verifies that it is correct and accurate to the best of his knowledge, information and belief

and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904

relating to unsworn falsification to authorities.

_____
**MATTHEW S. CROSBY, ESQ.**

DATE: 6/2/2010

F:\WP Directories\VFF\SERV\CertServHERNANDEZjune2010.wpd

Matthew S. Crosby, Esquire
I.D. # 69367
HANDLER, HENNING & ROSENBERG, LLP
1300 Linglestown Road, Suite 2
Harrisburg, PA 17110
Telephone:     (717) 238-2000
Fax :          (717) 233-3029                                    Attorneys for Plaintiffs
E-mail:        crosby@hhrlaw.com

| | | |
|---|---|---|
| **ROMULO HERNANDEZ and** | : | **IN THE COURT OF COMMON PLEAS** |
| **MARIA E. HERNANDEZ, his wife,** | : | **YORK COUNTY, PENNSYLVANIA** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **NO. 2010 - SU - 001214 - 01** |
| | : | |
| **JASON PERKINS,** | : | |
| **NEW ENGLAND MOTOR** | : | |
| **FREIGHT, INC., and CINDY** | : | **CIVIL ACTION - LAW** |
| **HERNANDEZ** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiffs' First Sets of Interrogatories
Directed to Defendants and the Plaintiffs' Requests for Production of Documents
Directed to Defendants were served on the following Defendants by sending a copy of
the same to the Defendants' counsel of record:

Kevin Canavan, Esq.
Swartz, Campbell LLC
50 South 16th St.
28th Floor
Philadelphia, PA  19102
*(counsel for Defendants, New England Motor Freight, Inc. and Jason J. Perkins)*

George H. Eager, Esq.
EAGER, SPINELLO, QUINN & STENGEL
1347 Fruitville Pike
Lancaster, PA  17601
*(counsel for Defendant, Cindy Hernandez)*

all by United States first-class mail in Harrisburg, Pennsylvania on June *2*, 2010.

                          HANDLER, HENNING & ROSENBERG, LLP

                          By _____
                          Matthew S. Crosby, Esq.
                          Attorneys for Plaintiffs

RECEIVED
OFFICE OF PROTHONOTARY
JUN -2 AM 11: 21
COURTHOUSE
YORK, PA

# EXHIBIT C

ROMULO HERNANDEZ
and MARIA E. HERNANDEZ

       Plaintiffs

v.

JASON JOSEPH PERKINS,
NEW ENGLAD MOTOR FREIGHT, INC.
and CINDY HERNANDEZ

       Defendants

:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
OF YORK COUNTY, PA

No. 2010-SU-001214-01

## <u>MEMORANDUM OF SETTLEMENT</u>

After mediation held this 21st day of May, 2019 before Judge Thomas A.

Wallitsch, the parties have agreed to a full and final settlement of the within

matter as follows:

1. Plaintiffs will accept and Defendants will pay the sum of $130,000.00.

2. Plaintiffs will sign a general release satisfactory to all parties.

3. Payment shall be made to Plaintiffs within thirty days after delivery of

    said signed release and approval of the Bankruptcy Court.


By: _____
    Romulo Hernandez

By: _____
    Maria E. Hernandez

By: _____
    Matthew Crosby, Esquire

By: _____
    Kevin Canavan, Esquire
    -on behalf of Defendants