# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: <br><br> NEW ENGLAND MOTOR FREIGHT, INC., *et. al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-12809-JKS |

---

## MEMORANDUM OF LAW IN SUPPORT OF CREDITORS ROMULO HERNANDEZ AND MARIA E. HERNANDEZ'S MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

---

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Attorneys for Romulo Hernandez and Maria E. Hernandez*

Of Counsel:
Anthony Sodono, III, Esq. (asodono@msbnj.com)

On the Brief:
Sari B. Placona, Esq. (splacona@msbnj.com)

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Creditors Romulo Hernandez ("Mr. Hernandez") and Maria E. Hernandez ("Mrs. Hernandez") (collectively, the "Creditors"), hereby submit this Memorandum of Law (this "Memorandum") and the accompanying Certification of Matthew S. Crosby, Esq. in support of their motion for relief from the automatic stay pursuant to 11 U.S.C. § 362 of the Bankruptcy Code (the "Motion").

## PRELIMINARY STATEMENT

Creditors seek relief from the automatic stay so that they may pursue their state court litigation claim against, amongst others, including New England Motor Freight, Inc. ("NEMF") (the "Debtor") in the Court of Common Pleas of York County, Pennsylvania (the "Pennsylvania Action"). Creditors desire to liquidate their claim and determine if the Debtor held the appropriate insurance.

Accordingly, for the reasons set forth herein, Creditors should be able to proceed with the Pennsylvania Action.

## JURISDICTION

This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein is section 362(d)(1) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## STATEMENT OF FACTS

**The Underlying Action**

On March 21, 2008, at approximately 12:45 p.m., Creditors were passengers in a 2005 Mercury Mountaineer (the "Vehicle") driven by their daughter Cindy Hernandez (the "Driver"), traveling southbound in the left lane on Interstate 85 in Spartanburg, South Carolina. See

Certification of Matthew S. Crosby, Esq. in Support of the Motion for Stay Relief ("Crosby Certif." ¶ 4).

At or about the same time, Jason Perkins ("Perkins") was operating a tractor-trailer (the "Tractor-Trailer"), owned, operated, managed, leased and/or controlled by, amongst others, NEMF, traveling southbound in the right lane on Interstate 85, parallel to the Vehicle. Id. ¶ 5. Perkins was acting as the agent, servant, borrowed servant, workman and/or employee of NEMF. Id. ¶ 6. Suddenly and without warning, Perkins began merging into the left lane and was negligent, careless, and reckless in his operation of the vehicle, including but not limited to, failing to keep alert and a reasonable lookout for vehicles so as to avoid a collision. Id. ¶ 7. Due to Perkins negligent maneuver into the left lane, the Driver attempted to avoid a collision, and as a result, lost control of the vehicle, struck the Tractor Trailer, and began rolling before leaving the roadway (the "Collision"). Id. ¶ 8. Due to the Collision, Mr. Hernandez was ejected from the Vehicle sustaining catastrophic injuries while Mrs. Hernandez also sustained injuries as she remained in the Vehicle as it rolled. Id. ¶¶ 9-10; Crosby Certif., Exhibit A.

On June 2, 2010, Creditors filed the Pennsylvania Action against the Debtors for respondent superior/negligence and loss of consortium. Id. ¶¶ 11, **Exhibit B**.[2] Creditors are married and therefore each hold a spousal claim for loss of consortium. Id. ¶ 12.

NEMF's Self Insured Retention ("SIR") obligation of $500,000 was exhausted when they resolved the cases of the three minor grandkids. Once that was exhausted the Traveler's policy of $5 million kicked in. Essentially, the deductible was reached with the kids' settlements and now we are into the liability insurance policy. Id. ¶ 13.

---

[2] Matthew S. Crosby, Esq. represents the Creditors in the Pennsylvania Action.

On May 21, 2019, the Creditors attended a mediation with the defendants in the Pennsylvania Action. Counsel for defendants, Jason Joseph Perkins, New England Motor Freight, Inc. and Cindy Hernandez, executed a Memorandum of Settlement (the "Settlement"). A copy of the Settlement is attached as **Exhibit C** to the Crosby Certif. Creditors did not file a proof of claim as they understood the matter to be settled. To date, Kevin Canavan, Esq., counsel for NEMF, has not provided Creditors' counsel with Settlement Release Agreements to finalize settlements. Id. ¶ 14.

According to 49 CFR § 387.301, subsection (a)Public liability, (1):

> No for hire-motor carrier or foreign (Mexican) motor private carrier or foreign motor carrier transporting exempt commodities subject to Subtitle IV, part B, chapter 135 of title 49, United States Code, shall engage in interstate or foreign commerce, and no certificate shall be issued to such a carrier or remain in force unless and until there shall have been filed with and accepted by the FMCSA surety bonds, certificates of insurance, proof of qualifications as self-insurer, or other securities or agreements in the amounts prescribed in § 387.303, conditioned to pay any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance or use of motor vehicles in transportation subject to Subtitle IV, part B, chapter 135 of title 49, U.S.C., or for loss of or damage to property of others, or, in the case of motor carriers of property operating freight vehicles described in § 387.303(b)(2), for environmental restoration.

See 49 CFR § 387.301

Security for the protection of the public is defined in 49 CFR § 387.303 as follows:

> (a) Definitions. (1) Primary security means public liability coverage provided by the insurance or surety company responsible <u>for the first dollar of coverage</u>. (2) Excess security means public liability coverage above the primary security, or above any additional underlying security, up to and including the required minimum limits set forth in paragraph (b)(2) of this section. (b)(1) Motor carriers subject to §387.301(a)(1) are required to have security for the required minimum limits…(iii) Freight vehicles of 10,001 pounds (4,536 kilograms) or more GVWR. Oil listed in § 172.101 of this title; hazardous waste, hazardous materials and hazardous substances defined in § 171.8 of this title and listed in §

3

> 172.101 of this title, but not mentioned in (b) above or (d) below. 1,000,000…

See 49 CFR § 387.303 (emphasis added)

As a result, not being qualified as a self-insured, NEMF is required to carry the endorsement or a surety bond to secure the minimum requirements. Because NEMF includes transport of hazardous materials, it would be required to carry $1 million in insurance coverage.

**The Bankruptcy**

On February 11, 2019, the Debtors, amongst others, each filed their own voluntary chapter 11 petition (the "Petition") with this Court. Docket No. 1.

On February 13, 2019, the Debtors bankruptcy cases were jointly administered. Docket No. 44.

## LEGAL ARGUMENT

**I. CREDITORS ARE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Section 362(d)(1) provides that, on request of a party in interest and after notice and a hearing, the court must grant relief from the automatic stay upon a demonstration of "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. Clauson v. Mixson (In re Mixson), 33 F.3d 4, 5 (4th Cir. 1994); In re RNI Wind Down Corp., et al, 348 B.R. 286, 299 (Bankr. D. Del. 2006) (denying stay relief from failure to demonstrate cause); In re Telegroup, Inc., 237 B.R. 87, 91 (Bankr. D.N.J. 1999).

"The most important factor in determining whether to grant relief from the automatic stay is to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984).

"Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." In re The SCO Group, Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007). Pursuant to Section 362(d)(1) of the Bankruptcy Code, a party seeking relief from the automatic stay bears the initial burden to establish a prima facie case that it is entitled to relief. Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990); In re Ronald Perlstein Enterprises, Inc., 70 B.R. 1005, 1007 (Bankr. E.D. Pa. 1987).

Creditors seek to liquidate their claim in the Pennsylvania Court Action in order to recover under certain insurance policies. See In re Todd Shipyards Corp., 92 B.R. 600 (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings."); In re 15375 Memorial Corp., 382 B.R. 652, 689 (Bankr. D. Del. 2008) ("Where as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay.")

Any claim for which insurance does not exist, shall be filed as an unsecured claim.

Here, the Creditors have demonstrated cause for relief from the automatic stay to pursue and liquidate their claim against the Debtors in the Pennsylvania Court Action.

Accordingly, the Motion should be granted.

**II.  THIS COURT SHOULD ALLOW CREDITORS TO FILE A LATE PROOF OF CLAIM DUE TO EXCUSABLE NEGLECT**

Pursuant to Fed. R. Bankr. P. 9006(b)(1), a proof of claim may be filed late if it "was the result of excusable neglect." It is established that, "courts [are] permitted to accept late filings caused by inadvertence, mistake, or carelessness [. . .]." Pioneer Inv. Servs. Co. v. Brunswick

Assocs. Ltd. P'ship, 507 U.S. 380, 381 (1993). The determination of whether an "excusable neglect" exists is "an equitable one", requiring consideration "surrounding the party's omission." Id. at 395. A court must consider: (1) the danger of prejudice to the debtor; (2) the length of delay and the potential impact on judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. Id.

It is within the courts' discretion whether "excusable neglect" exists. See In re Wallace, 12 B.R. 938, 940 (Bankr. E.D. Pa. 1981). Some courts have held, "[i]n the **absence of prejudice or surprise** to the opposing party, and upon demonstrated good faith on the part of the applicant, the underlying policy that the Rules be construed to secure a "just, speedy and inexpensive determination of every proceeding in bankruptcy" indicates that excusable neglect be found." Id. (citing In re Gerber, 7 B.R. 910 (Bkrtcy.D.Minn.1981) (citing Bankruptcy Rule 903)) (Emphasis added).

Here, Creditors and NEMF were working together to come to an amicable settlement prior to, during, and after Debtors filed for bankruptcy. Creditors filed their Complaint against Debtors on June 2, 2010, approximately nine (9) years before Debtors filed. Creditors' Counsel withheld filing a proof of claim in good faith as Debtors, through their correspondence and conduct, led Creditors' Counsel to believe the matter would be settled without the need to take any further judicial actions. Since the initial settlement discussions began, and ultimately were agreed upon, Debtors stopped responding for an extended period of time, warranting the continuation of this action, as well as this Memorandum.

Filing this Memorandum now does not and cannot come of surprise to Debtors due to their knowledge and willful conduct which led Creditors' Counsel to not file the Proof of Claim earlier.

6

Debtors will not be prejudiced from this Court granting Creditors' Motion as this matter is still active, and it was Debtors who initially agreed to enter into a settlement.

Thus, this Court should allow Creditors to file a late Proof of Claim pursuant to the standards set forth in <u>Wallace</u> and <u>Pioneer</u> due to the fact that Debtors no longer appear, if ever, willing to enter into a settlement agreement with Creditors.

## **CONCLUSION**

For the foregoing reasons, the Creditors respectfully requests that the Court grant the relief sought herein in its entirety, and such other and further relief as is just and equitable.

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Attorneys for Romulo Hernandez and Maria E. Hernandez*

By: */s/ Anthony Sodono, III*
Dated: June 7, 2022    ANTHONY SODONO, III