LAW OFFICE OF GARY M. PERKISS, P.C.
By: Gary M. Perkiss, Esquire
Noble Plaza
801 Old York Road, Suite 313
Jenkintown, PA 19046
215-885-7100
gperkiss@perkiss.com

*Counsel to Travelers Insurance Company*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.,*<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12809 (JKS) |

**OBJECTION OF TRAVELERS INSURANCE COMPANY TO MOTION OF ROMULO HERNANDEZ AND MARIA E. HERNANDEZ FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)**

Travelers Insurance Company (hereinafter "Travelers"), by and through its undersigned counsel, hereby submits this objection (the "Objection") and the accompanying Certification of Kevin Canavan, Esquire, in support of its objection to the Motion filed by Romulo Hernandez and Maria E. Hernandez (the "Claimants") Seeking an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) (the "Motion"). In support of the Objection, Travelers respectfully states as follows:

**PRELIMINARY STATEMENT**

The Motion should be denied for a number of reasons. As an initial matter, the Motion itself is procedurally improper because the same was not properly served upon counsel for NEMF/Travelers in the underlying matter filed in York County, therefore depriving Travelers of the appropriate notice. Furthermore, the recitation contained within the Motion, regarding the

status of proceedings, are not correct. More importantly, however, the Motion must be denied because the Claimants, who assert an Auto Liability Claim against New England Motor Freight, Inc. ("NEMF") (i) never filed a proof of claim in this case, which is a pre-requisite to recovery for all claimants; and (ii) failed to comply with the Court-ordered Protocol, which the Debtors, the Committee, and various claimants' counsel negotiated during this case over the course of several months as a means to govern the orderly administration of all Auto Liability Claims, and which is a prerequisite for recovery on Auto Liability Claims.

For these reasons, and for those set forth herein, Travelers respectfully requests that the Court deny the Motion.

## BACKGROUND

**A.** **The Bankruptcy Case**

1. On February 11, 2019 (the "Petition Date"), NEMF along with other debtors (collectively "Debtors") filed their chapter 11 bankruptcy cases with the Court.

2. On February 21, 2019, the Office of the United States Trustee appointed an Official Unsecured Creditors' Committee (the "Committee") in the Debtors' cases, pursuant to 11 U.S.C. §1102.

**B.** **The Auto Liability Injunction Lawsuit and the Bar Date**

3. As a result of the Debtors' bankruptcy filing, all prepetition bodily injury and property damage claims against the Debtors were subject to the automatic stay. Additionally, on March 14, 2019, the Debtors commenced an adversary proceeding, styled *New England Motor Freight, Inc., et. al. v. State Farm Mutual Automobile Insurance Company, a/s/o Riquet Simplice, et. al.,* Adv. Pro. No. 19-01119 in this Court (the "Auto Liability Injunction Action").

4. In connection with these settlement discussions, the Debtors filed the

appropriate pleadings seeking entry of orders establishing bar dates in these cases with respect to prepetition and post-petition Auto Liability Claims.

5. On May 1, 2019, the Court entered an Order Establishing Bar Dates and Procedures and Approving the Form and Manner of Notice Thereof (the "Bar Date Order"). *See Docket No. 519*. Pursuant to the Bar Date Order, the Court established June 18, 2019 as the deadline for the filing of proofs of claim in the Debtors' bankruptcy cases (the "Bar Date"). *See id*. at ¶ 3.

**C.     The Plan**

6. On November 19, 2019, the Debtors and the Committee filed their Third Amended Joint Combined Plan of Liquidation and Disclosure Statement (the "Plan"). As part of the Plan, the Debtors, and the Committee entered into an Auto Liability Claims Protocol Settlement Agreement (the "Protocol"). *See Auto Liability Claims Protocol Settlement Agreement, Docket No. 1023-3*. Pursuant to the Protocol, all holders of Auto Liability Claims are required to comply with the Protocol in order to recover on an Auto Liability Claim, among other things, retaining the right to settle and pay certain bodily injury and property damage claims against one or more of the Debtors through a mandatory process that includes informal discussions, subsequent mandatory mediation and/or subsequent litigation. *See Third Amended Joint Combined Plan of Liquidation and Disclosure Statement, Docket No. 1023 at 67 and Auto Liability Claims Protocol Settlement Agreement, Docket No. 1023-3 at 3*.

7. On January 15, 2020, the Court entered an Order confirming the Plan (the "Confirmation Order"). *See Docket No. 1123*.

8. The effective date of the Plan subsequently occurred on February 3, 2020 (the "Plan Effective Date").

9. The Confirmation Order and Plan provide that in order to recover on an Auto Liability Claim, a claimholder must comply with the Protocol. *See Confirmation Order, ¶28(ii), Plan, Article X.D* ("upon entry of this Confirmation Order, all Holders of Auto Liability Claims shall be enjoined from taking any action, directly or indirectly, for the purpose of collecting, recovering or receiving payment or recovery with respect to any Auto Liability Claim until and unless each such Holder comply with the terms of the ADR Procedures set forth in the [Protocol].").

**D.    The Motion**

10. According to Claimants, on March 21, 2009, they were passengers in a vehicle operated by their daughter, Cindy Hernandez, when involved in a motor vehicle accident with a tractor-trailer operated by Jason Perkins and owned by NEMF.

11. Of note, in providing a recitation of the facts, Claimants fail to mention that NEMF disputes liability, and maintained that the NEMF vehicle did not move outside of its lane of travel. In furtherance of this position, NEMF joined necessary parties, Cindy Hernandez and Romulo Hernandez, as well as retained experts provided expert testimony to Claimants in the underlying case. This expert testimony supported the claims of the Defendants in the underlying case. *See Certification of Kevin Canavan, Esquire*.

12. Despite the fact that: (i) the Claimant has failed to file a proof of claim and (ii) the Plan and the Confirmation Order unambiguously contain an injunction preventing holders of Auto Liability Claims from pursuing their claims through anything other than through the Protocol, the Claimant has now filed this Motion.

13. For the reason set forth below, Traveler's Insurance submits that the Motion must be denied.

## OBJECTION

14. First, the Motion must be denied because the Claimants' request for relief from the automatic stay is procedurally improper. The Motion was not properly served upon counsel for NEMF/Travelers in the underlying tort matter filed in York County, therefore depriving Travelers of the appropriate notice.

15. Second, as was expressly set forth in both the Plan and in the Confirmation Order, all holders of Auto Liability Claims are not only required to file a proof of claim but are then required to participate in the Protocol in order to potentially receive a recovery. Rather than properly file a proof of claim and comply with the Protocol, the Claimants have instead filed this Motion.

16. Third, the Motion is improper as it providers an inaccurate and misleading portrayal of procedural events as follows:

   a. Liability is specifically disputed by NEMF in the underlying action;
   b. Although a mediation was held in this matter by Judge Wallitsch on May 21, 2019, plaintiffs advised subsequent to the mediation that their clients would only settle if the case see as settled on a joint tortfeasor basis. Counsel for the plaintiffs and the plaintiffs insisted on reneging on the agreement and confirmed that the plaintiffs would not agree to the settlement as stated in the memorandum of settlement;
   c. Furthermore, counsel for the plaintiffs in the underlying action understood and agreed that participation in the mediation did not constitute a waiver of the stay of proceedings in this case and that the stay would remain in effect;
   d. Contrary to Claimants' suggestions, the underlying action has not remained

open pending for the full period of time described, but rather was terminated in York County for lack of activity. The notice of termination was issued April 23, 2015 and plaintiffs in the underlying action filed a motion to reinstate on April 18, 2017;

e. Initially counsel for plaintiffs in the underlying action advised counsel for defendants in the underlying action that the reason that a notice claim was not filed was because they did not receive notice of the bankruptcy. Upon receiving verification that counsel for plaintiffs did, in fact, confirm receipt of notice of bankruptcy and the stay, prior to the mediation, Moving Counsel now contends that Claimants did not file a proof of claim due to the settlement; and

f. Finally, the Motion fails to refer or acknowledge to recent discussions regarding the attempt to resolve all claims at this time and reach an overall settlement in this case despite counsel for the plaintiffs and plaintiffs rejection of the mediation agreement in the underlying action.

*See Certification of Kevin Canavan, Esquire.*

17. For all of these reasons, the Motion must be denied.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Travelers respectfully requests that the Court deny the Motion, and provide Travelers with such other and further relief as the Court deems appropriate.

                                                               Respectfully,

                                                                <u>s/ Gary M. Perkiss</u>
                                                                Gary M. Perkiss, Esquire
                                                                Attorney ID No.: 30324
                                                                Gary M. Perkiss, P.C.
                                                                801 Old York Road, Suite 313
                                                                Jenkintown, PA 19046
                                                                Phone: (215) 885-7100
                                                                gperkiss@perkiss.com
                                                                *Counsel for Travelers Insurance Company*

Dated:        June 21, 2022

Swartz Campbell LLC
1650 Market Street, 38th Fl.
Philadelphia, PA 19103
(215) 564-5190