LAW OFFICE OF GARY M. PERKISS, P.C.
By: Gary M. Perkiss, Esquire
Noble Plaza
801 Old York Road, Suite 313
Jenkintown, PA 19046
215-885-7100
gperkiss@perkiss.com

*Counsel to Travelers Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.,*<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12809 (JKS) |
|---|---|

**CERTIFICATION OF KEVIN CANAVAN, ESQUIRE, IN FURTHER SUPPORT OF TRAVELER'S OBJECTION TO MOTION OF ROMULO HERNANDEZ AND MARIA E. HERNANDEZ FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)**

**KEVIN CANAVAN, ESQUIRE**, being of full age, hereby certifies as follows:

1. I am an attorney with Swartz Campbell, LLC, and represent New England Motor Freight, Inc. ("NEMF") in the underlying litigation pending in the Court of Common Pleas of York County, Pennsylvania.

2. As such, I am fully familiar with the facts and circumstances set forth herein.

3. I submit this certification in further support of *Traveler's Objection to Motion of Romulo Hernandez and Maria E. Hernandez for an Order Granting Relief from the Automatic Stay* (the "Motion").

4. On June 2, 2010, Claimants filed an action in Pennsylvania court against NEMF asserting claims based in *respondeat superior*, negligence and loss of consortium.

5. This case involves a dispute as to liability, as it is the position of NEMF that its vehicle did not move outside of its lane of travel at the time of the collision.

6. On this basis, NEMF joined necessary parties, Cindy Hernandez and Romulo Hernandez, to the Pennsylvania court action and retained experts who provided testimony regarding liability.

7. Of note, this underlying action was previously terminated in York County for lack of activity. The notice of termination was issued April 23, 2015 and plaintiffs filed a motion for reinstatement on April 18, 2017.

8. On May 17, 2019, the undersigned advised and forwarded to counsel for plaintiffs in the underlying action a copy of the Notice of Bankruptcy for NEMF and Stay of Proceedings.

9. The May 17, 2019 correspondence confirmed that a May 21, 2019 mediation before Judge Wallitsch would proceed with the understanding that said participation would not constitute a waiver of the stay of proceedings, and that it would be understood and agreed that the stay of proceedings would remain in effect. *See Exhibit "A."*

10. On May 21, 2019, a mediation went forward in the underlying action before Judge Wallitsch.

11. Subsequent to the mediation, counsel for plaintiffs advised that their clients would only settle if the case was settled on a joint tortfeasor basis.

12. On March 25, 2022, counsel for the defendants forwarded a letter to counsel for the claimants regarding the mediation and overall settlement of the case. *See Exhibit "B."*

13. Counsel for the plaintiffs and the plaintiffs insisted on reneging on the agreement and confirmed that the plaintiffs would not agree to the settlement as stated in the memorandum of settlement.

14. Thereafter, the undersigned later received notice from counsel for the liquidating trustee that the Plaintiffs were claiming that they had not received notice of the bankruptcy proceedings of New England Motor Freight, Inc. The undersigned provided to counsel for the liquidating trustee a copy of the Suggestion of Bankruptcy filed of record in this case and a copy of our correspondence confirming the bankruptcy prior to the mediation. *See Exhibit "C."*

15. As noted above, counsel for the defendants forwarded a letter to counsel for the claimants regarding the mediation and overall settlement of the case.

16. In addition, although initially counsel for plaintiffs in the underlying action advised counsel for defendants in the underlying action that the reason that a notice claim was not filed was because they did not receive notice of the bankruptcy. Upon receiving verification that counsel for plaintiffs did, in fact, confirm receipt of notice of bankruptcy and the stay, prior to the mediation, Moving Counsel now contends that Claimants did not file a proof of claim due to the settlement.

Pursuant to 11 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated: June 21, 2022                        */s/ Kevin Canavan*
                                                             KEVIN CANAVAN