

Swartz Campbell LLC
One Liberty Place
1650 Market Street, Fl 38
Philadelphia PA 19103

voice (215) 299-4316
facsimile (215) 299-4301
kcanavan@swartzcampbell.com
www.swartzcampbell.com

**Kevin Canavan**
*Attorney at Law*

March 25, 2022

Matthew S. Crosby, Esq
Handler, Henning & Rosenberg, LLP
1300 Linglestown Road
Harrisburg, PA 17110

    Re:    **Hernandez v. NEMF, Inc.**
            NO: 2010-SU-001214-01
            <u>Our File No.: 559-139856</u>

Dear Mr. Crosby:

    Regarding you recent emails and pursuant to our conversation, we are writing to address and confirm the following:

1. A mediation was held in this matter on May 21, 2019 before Judge Wallitsch. You advised, subsequent to the mediation, that your client would only settle if the case was settled on a joint tortfeasor basis. We advised that this was not our understanding of the agreement reached at the mediation between the parties and the defendant was not willing to settle the case on a joint tortfeasor release basis. You and the plaintiff insisted on reneging on the agreement and confirmed that the plaintiff would not agree to the settlement outlined on the memorandum of settlement.

2. Prior to the mediation, counsel for the defendant forwarded a Notice of Suggestion of Bankruptcy For New England Motor Freight, Inc. and Stay of Proceedings. At that time, counsel for the defendant also confirmed that the parties would participate in the mediation before Judge Wallitsch so long as such participation did not constitute a waiver of the stay of proceedings in this case. It was understood and agreed that the stay of proceedings remains in effect.

3. We did not hear for you further, with respect to this case, until we received notice from counsel for the liquidating trustee that you claimed to not have received any notice of the bankruptcy proceedings of NEMF. We provided to counsel for the liquidating trustee a copy of the Suggestion of Bankruptcy filed of record in this case and a copy of our correspondence confirming the bankruptcy prior to the mediation. We have enclosed a copy of the same to this letter.

4. As we discussed, we have reviewed this matter and we are attempting to resolve all claims at this time and reach an overall settlement in this case. As we have advised you, we will follow up with you regarding further settlement discussions. Further as noted above, you and the plaintiff rejected and set aside the agreement reached at the prior mediation in this matter.

5. Further, we note that we advised you that the undersigned recently underwent several surgeries and you have insisted that the undersigned address this issue while recovering from the surgeries.

6. Your accusation of impropriety is ill advised.

Very truly yours,

SWARTZ CAMPBELL LLC

*/s/     Kevin Canavan*

Kevin Canavan

KC/rah
Enclosure