**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
Coast Capital Building
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
*Attorneys for Mansfield Oil Co. of Gainesville Inc.*

| | |
|---|---|
| In re:<br><br><br>NEW ENGLAND MOTOR FRIEGHT, INC.,<br><br><br><br>Debtor. | **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Chapter 11<br><br>Case No.: 19-12809 (JKS)<br><br>Hon. John K. Sherwood<br><br>Hearing Date: October 18, 2022 at 10:00 a.m.<br><br>ORAL ARGUMENT REQUESTED |

**MAMSFIELD OIL CO. OF GAINESVILLE INC. OBJECTION TO THE LIQUIDATING TRUSTEE'S TENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

1.  Mansfield Oil Co. of Gainesville, Inc., ("Mansfield"), a creditor in the above-captioned Chapter 11 bankruptcy proceeding, by and through its local counsel, The Kelly Firm, P.C., offers the following opposition to the Liquidating Trustee, Kevin Clancy's (the "Trustee") Tenth Omnibus Objection to Certain Claims to be Reduced or Disallowed and Expunged.

2.  On February 11, 2019, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

3.  New England Motor Freight, Inc. (the "Debtor") and Mansfield have had various business relationships prior to the petition date.

4.  On May 1, 2019, the Court entered an Order establishing the general bar date for filing proofs of claim as June 18, 2019 (the "General Bar Date"). See ECF No. 519.

5. On June 18, 2019, Mansfield timely filed an administrative claim in the amount of $214,598.48, and a general unsecured claim in the amount of $19,972.52. A copy of the claim is attached hereto as **Exhibit A**.

6. On April 5, 2021, Mansfield amended its administrative claim to include an additional invoice for fuel sold to the Debtor in the amount of $20,102.86, which was not included in the originally filed claim. A copy of the amended claim is attached hereto as **Exhibit B**.

**The Adversary Proceeding**

7. On February 11, 2021, the Trustee commenced an adversary proceeding in this Court against Mansfield, Adversary Proceeding No. 21-01173, asserting, *inter alia*, that the Plaintiff is entitled to avoid and recover, pursuant to sections 547, 548 and 550 of the Bankruptcy Code, alleged preferential transfers (the "Preferential Transfers") made by one or more of the Debtors to Mansfield in an amount not less than $654,285.78 during the 90-day period prior to the Petition Date and to disallow claims under section 502 of the Bankruptcy Code (the "Adversary Proceeding").

8. On March 9, 2021, Mansfield filed its contesting answer to the Adversary Proceeding. See Adv. Pro. No. 4.

9. On June 2, 2021, the Court entered a mediation order appointing Sam Dell Fera, Jr. Esq. as mediator. See Adv. Pro. No. 6.

10. On January 31, 2022, the parties entered into a Stipulation and Consent Order (the "Stipulation") Resolving the Adversary Proceeding. See Adv. Pro. No. 10.

11. Paragraph 6 of the Stipulation, states as follows "[Mansfield] agrees to waive its claim under section 502(h) of the Bankruptcy Code; however, this Stipulation shall not, in any way, affect any distribution [Mansfield] has received, or will receive, in the Chapter 11 Case

relating to its proof of claim on file in the Chapter 11 Case. Nothing herein shall be deemed to be a release of any rights of the Defendant to enforce the terms of this Stipulation."

**The Trustee's Tenth Omnibus Objection**

12. On September 16, 2022, the Trustee filed his Tenth Omnibus Objection to Certain Claims seeking to expunge certain claims on the basis that the "Trustee has determined that [Mansfield's] proof of claim … should be reduced … after reviewing the applicable proof of claim and debtor's books and records …". See ECF No. 1641 at ¶ 15. Trustee offers no specific information, details or documentation supporting this position.

**Argument**

13. As stated above, the parties entered a Stipulation providing for the preservation of any distribution Mansfield is due to receive in connection with its proof of claim in the Chapter 11 Case.

14. Notwithstanding the Trustee offering no support for its position that the administrative expense portion of Mansfield's amended proof of claim should be reduced from $234,701.34 to $160,880.62 (see Exhibit A to Trustee's proposed form of order ECF No. 1641.2), and Mansfield's proof of claim and amended proof of claim remaining presumptively valid, attached hereto as **Exhibit C** are additional delivery receipts and invoices supporting Mansfield's administrative claim.

15. The Trustee's Tenth Omnibus Motion as it seeks to reduce Mansfield's administrative claim should be denied, and Mansfield respectfully requests that the Court grant such other and further relief as is deemed just and appropriate.

>Respectfully Submitted,
>
>THE KELLY FIRM, P.C.
>Counsel for Mansfield Oil Co. of Gainesville Inc.
>
>By: __Andrew J. Kelly /s/_____
>      ANDREW J. KELLY