|   |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1 |
| **LOWENSTEIN SANDLER LLP**<br>Mary E. Seymour, Esq.<br>Michael Papandrea, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br><br>*Counsel to the Liquidating Trustee* |

Order Filed on January 23, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., et al.[1] | Case No.: 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |

# ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE LIQUIDATING TRUSTEE MAY REMOVE ACTIONS

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: January 23, 2024**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Liquidating Trustee in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:     2
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Order Further Extending the Period Within Which the Liquidating Trustee May Remove Actions*

Upon the motion (the "<u>Motion</u>") of the Liquidating Trustee[2] appointed in the above-captioned Chapter 11 Cases for entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b), extending the time within which the Liquidating Trustee may file a notice of removal with respect to any civil action pursuant to <u>28 U.S.C. § 1452</u> and Bankruptcy Rule 9027, including Bankruptcy Rules 9027(a)(2) and (a)(3) (the "<u>Removal Period</u>"), from December 31, 2023 through and including June 30, 2024, without prejudice to the Liquidating Trustee's right to seek additional extensions of the Removal Period; and the Court having jurisdiction over this matter pursuant to <u>28 U.S.C. §§ 157</u> and <u>1334</u> and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012; and venue being proper in this Court pursuant to <u>28 U.S.C. §§ 1408</u> and <u>1409</u>; and this matter being a core proceeding pursuant to <u>28 U.S.C. § 157(b)(2)</u>; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Removal Period is hereby extended through and including June 30, 2024, without prejudice to the Liquidating Trustee's right to seek further extensions of the Removal Period.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Page:     3
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Order Further Extending the Period Within Which the Liquidating Trustee May Remove Actions*

3.    Without further order of the Court, the Removal Period shall be automatically extended upon the filing by the Liquidating Trustee of a motion seeking a further extension of the Removal Period until entry by the Court of an order on such motion.

4.    The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

5.    The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.    This Order is effective immediately upon entry.

7.    This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.