UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Liquidating Trustee*

Order Filed on April 24, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Liquidating Debtors. | |

**STIPULATION AND CONSENT ORDER RESOLVING CLAIM NO. 986
FILED BY HAROLD WILLIAMS**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: April 24, 2024**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

36527/3
04/22/2024 215964153.1

Page:     2
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Stipulation and Consent Order Resolving Claim No. 986 Filed by Harold Williams*

This matter comes before the Court in connection with the *Liquidating Trustee's Eleventh Omnibus Objection To Certain Claims As (I) Late Filed, (II) Satisfied, Or (III) Lacking Support* (the "Claim Objection") [Docket No. 1699] filed by the Liquidating Trustee[2] appointed in the Chapter 11 Cases of the above-captioned liquidating debtors (collectively, the "Debtors"), in which, among other things, the Liquidating Trustee objected to and sought to disallow and expunge Proof of Claim No. 986 filed by Harold Williams ("Williams," and together with the Liquidating Trustee, the "Parties"); and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the dispute has been given and that no other or further notice is necessary; and upon the record herein and the agreement of the Parties set forth herein; and the Court having determined that the relief provided for herein is in the best interests of the Liquidating Trust, Debtors, their estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. In resolution of the Claim Objection (solely as it relates to Williams) and any right that Williams may have to recover against the Debtors, their Estates, the Liquidating Trustee or the Liquidating Trust, the Liquidating Trust shall pay to Williams a fixed settlement payment in the amount of $22,000 (the "Settlement Payment"). The Settlement Payment shall be paid to Williams no later than ten (10) business days after this Order has become final and non-appealable.

2. This Order is without prejudice to any right Williams may have to pursue claims against applicable insurance on account of Proof of Claim No. 986. Any injunction set forth in

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Claim Objection (as defined herein).

Page:    3
Debtor:  New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption: *Stipulation and Consent Order Resolving Claim No. 986 Filed by Harold Williams*

the Plan is hereby lifted for the sole purpose of allowing Williams to pursue any potential claims against the Debtors' insurance carriers.

3. Nothing in this Consent Order shall be construed as a determination of the extent, amount, or validity of any potential claim held by Williams against any of the Debtors and/or the Debtors' insurance carriers.

4. For the avoidance of doubt, Williams's Proof of Claim No. 986 is hereby deemed withdrawn. Williams agrees that he will not file or otherwise assert any claims (as such term is defined in section 101(5) of the Bankruptcy Code) against the Liquidating Trust or the Debtors in these Chapter 11 Cases, other than the right to receive the Settlement Payment set forth in this Order. Any claim filed or asserted, or to be filed or asserted, by Williams against the Liquidating Trust or the Debtors in these Chapter 11 Cases is hereby deemed disallowed and expunged without need for entry of any further order(s) by this Court.

5. The Liquidating Trustee, the claims and noticing agent (Donlin Recano), and the Clerk of this Court are each authorized to take any and all actions that are necessary or appropriate to give effect to this Order, including modifying Proof of Claim No. 986 pursuant to the terms of this Order.

6. The terms set forth in this Order are the entire agreement between the Parties and may only be modified in a writing signed by the Parties.

7. THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THE SETTLEMENT SET FORTH IN THIS ORDER.

8. Each of the Parties hereto consents to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey to adjudicate any and all disputes arising under or relating to this Order.

Page:     4
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Stipulation and Consent Order Resolving Claim No. 986 Filed by Harold Williams*

9. The terms of this Order shall be governed by, and construed and interpreted in accordance with, the laws of the State of New Jersey without regard to any conflict of law provisions.

10. This Order shall be binding on the Parties hereto and any of their successors, representatives and/or assigns.

11. Each party signing this Order represents and acknowledges that such party has the authority to so execute and bind itself, and the party or parties for which it is signing this Order, to all of the terms set forth herein.

12. This Order may be executed electronically and in counterparts, and all executed counterparts taken together shall constitute one document. Delivery of such executed documents may be effectuated by email or scanned copy, which shall be given the same force and effect as a manually executed original.

13. This Order has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties. The terms of this Order shall be deemed to have been jointly negotiated and drafted by the Parties.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding any Bankruptcy Rules or other rules to the contrary.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

[*Remainder of page intentionally left blank – signatures follow*]

Page:  5
Debtor:  New England Motor Freight, Inc., *et al.*
Case No.:  19-12809 (JKS)
Caption:  *Stipulation and Consent Order Resolving Claim No. 986 Filed by Harold Williams*

Dated:  April 19, 2024

**STIPULATED AND AGREED:**

| **LOWENSTEIN SANDLER LLP** | **FRIEDMAN & HOULDING LLP** |
|---|---|
| /s/ *Michael Papandrea* | By: /s/ *Rebecca Houlding* |
| Mary E. Seymour, Esq. | Joshua Friedman, Esq. |
| Michael Papandrea, Esq. | Rebecca Houlding, Esq. |
| One Lowenstein Drive | 230 Park Ave 3rd Floor West |
| Roseland, New Jersey 07068 | New York, NY 10169 |
| Telephone: (973) 597-2500 | Telephone: (888) 369-1119 Ext: 1 |
| E-mail: mseymour@lowenstein.com | E-mail: josh@friedmanhouldingllp.com |
| E-mail: mpapandrea@lowenstein.com | E-mail: rebecca@friedmanhouldingllp.com |
| *Counsel to the Liquidating Trustee* | *Counsel to Claimant, Harold Williams* |