UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Mary E. Seymour, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Liquidating Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Liquidating Debtors. | |

**Order Filed on May 23, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## STIPULATION AND CONSENT ORDER RESOLVING CLAIM NO. 1323 FILED BY SAIA MOTOR FREIGHT LINE LLC

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: May 23, 2024**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); Mylon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:      2
Debtor:    New England Motor Freight, Inc., *et al.*
Case No.:  19-12809 (JKS)
Caption:   *Stipulation and Consent Order Resolving Claim No. 1323 Filed by SAIA Motor Freight Line LLC*

This matter comes before the Court in connection with *The Liquidating Trustee's Liquidating Trustee's Twelfth Omnibus Objection To Certain (I) Superseded Claims and (II) Duplicative Claims* (the "Omnibus Objection") [Docket No. 1704] filed by the Liquidating Trustee[2] appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned liquidating debtors (the "Debtors"), which, among other things, objected to and sought to disallow and expunge Proof of Claim Nos. 829 and 1091, filed by SAIA Motor Freight Line LLC ("SAIA," and together with the Liquidating Trustee, the "Parties"), subsequently amended by claim nos. 1323 and 1322 respectively; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the dispute has been given and that no other or further notice is necessary; and upon the record herein and the agreement of the Parties set forth herein; and the Court having determined that the relief provided for herein is in the best interests of the Liquidating Trust, Debtors, their estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.       Notwithstanding anything to the contrary in this or any other order – including the Court's *Order Sustaining The Liquidating Trustee's Eighth Omnibus Objection To Certain Claims Held By Unresponsive Claimants* entered on March 16, 2022 [Docket No. 1611] and *Order Sustaining The Liquidating Trustee's Liquidating Trustee's Twelfth Omnibus Objection To Certain (I) Superseded Claims and (II) Duplicative Claims* [Docket No. 1708] – SAIA's Proof of Claim No. 1323 is hereby allowed as a general unsecured claim against the estate of New England Motor Freight, Inc. in the amount of $91,012.80 (the "Allowed Claim").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined herein).

158621114.1

Page:       3
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    *Stipulation and Consent Order Resolving Claim No. 1323 Filed by SAIA Motor Freight Line LLC*

2.      Distributions, if any, on account of the Allowed Claim (as applicable) shall be made in accordance with the terms and conditions of the *Debtors' and Official Committee of Unsecured Creditors' Third Amended Joint Combined Plan of Liquidation and Disclosure Statement* (the "Plan") [Docket No. 1023], as confirmed by the order entered by this Court on January 15, 2020 [Docket No. 1123].

3.      SAIA agrees that it will not file or assert any additional claims (as such term is defined in section 101(5) of the Bankruptcy Code) against the Liquidating Trust or the Debtors in these Chapter 11 Cases. Excluding the Allowed Claim, any other claim (as this term is defined in section 101(5) of the Bankruptcy Code) filed or asserted, or to be filed or asserted, by SAIA against the Liquidating Trust or the Debtors in these Chapter 11 Cases is hereby deemed disallowed and expunged.

4.      The Liquidating Trustee, the claims and noticing agent (Donlin Recano), and the Clerk of this Court are each authorized to take any and all actions that are necessary or appropriate to give effect to this Order, including modifying Proof of Claim No. 1323 pursuant to the terms of this Order.

5.      The terms set forth in this Order constitute the entire agreement between the Parties and may only be modified in a writing signed by the Parties.

6.      THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THE SETTLEMENT SET FORTH IN THIS ORDER.

7.      Each of the Parties hereto consents to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey to adjudicate any and all disputes arising under or relating to this Order.

158621114.1

Page:       4
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    *Stipulation and Consent Order Resolving Claim No. 1323 Filed by SAIA Motor Freight Line LLC*

8.      The terms of this Order shall be governed by, and construed and interpreted in accordance with, the laws of the State of New Jersey without regard to any conflict of law provisions.

9.      This Order shall be binding on the Parties hereto and any of their successors, representatives and/or assigns.

10.     Each party signing this Order represents and acknowledges that such party has the authority to so execute and bind itself, and the party or parties for which it is signing this Order, to all of the terms set forth herein.

11.     This Order may be executed in counterparts and all executed counterparts taken together shall constitute one document.  Delivery of such executed documents may be effectuated by email or scanned copy, which shall be given the same force and effect as a manually executed original.

12.     This Order has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties.  The terms of this Order shall be deemed to have been jointly negotiated and drafted by the Parties.

13.     Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

*[signatures follow]*

158621114.1

Page:       5
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    *Stipulation and Consent Order Resolving Claim No. 1323 Filed by SAIA Motor Freight Line LLC*

Dated:  May 21, 2024

**STIPULATED AND AGREED:**

**LOWENSTEIN SANDLER LLP**                 **FOX ROTHSCHILD LLP**

/s/ *Michael Papandrea*                    By: /s/ *Michael R Herz*
Mary E. Seymour, Esq.                      Michael R Herz, Esq.
Michael Papandrea, Esq.                    49 Market Street
One Lowenstein Drive                       Morristown, NJ 07960
Roseland, New Jersey 07068                 Telephone: (973) 548-3330
Telephone: (973) 597-2500                  E-mail: mherz@foxrothschild.com
E-mail: mseymour@lowenstein.com
E-mail: mpapandrea@lowenstein.com          *Counsel to SAIA Motor Freight Line LLC*

*Counsel to the Liquidating Trustee*

158621114.1