| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Michael Papandrea, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br><br>*Counsel to the Liquidating Trustee* | Order Filed on July 24, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., et al.[1]<br><br>            Debtors. | Chapter 11<br><br>Case No.: 19-12809 (JKS)<br><br>(Jointly Administered) |

## ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE LIQUIDATING TRUSTEE MAY REMOVE ACTIONS

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: July 24, 2024**

*/s/ John K. Sherwood*
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The Liquidating Trustee in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC(4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Page:     2
Debtor:   New England Motor Freight, Inc., *et al.*
Case No.: 19-12809 (JKS)
Caption:  *Order Further Extending the Period Within Which the Liquidating Trustee May Remove Actions*

---

Upon the motion (the "Motion") of the Liquidating Trustee[2] appointed in the above-captioned Chapter 11 Cases for entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b), extending the time within which the Liquidating Trustee may file a notice of removal with respect to any civil action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, including Bankruptcy Rules 9027(a)(2) and (a)(3) (the "Removal Period"), June 30, 2024 through and including February 3, 2025, without prejudice to the Liquidating Trustee's right to seek additional extensions of the Removal Period; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

2.     The Removal Period is hereby extended through and including February 3, 2025, without prejudice to the Liquidating Trustee's right to seek further extensions of the Removal Period.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

-2-

Page:    3
Debtor:    New England Motor Freight, Inc., *et al.*
Case No.:    19-12809 (JKS)
Caption:    *Order Further Extending the Period Within Which the Liquidating Trustee May Remove Actions*

3. Without further order of the Court, the Removal Period shall be automatically extended upon the filing by the Liquidating Trustee of a motion seeking a further extension of the Removal Period until entry by the Court of an order on such motion.

4. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. This Order is effective immediately upon entry.

7. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 19-12809-JKS |
| New England Motor Freight, Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Jul 24, 2024 | Form ID: pdf903 | Total Noticed: 9 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 26, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | New England Motor Freight, Inc., 1-71 North Ave E, Elizabeth, NJ 07201-2958 |
| aty | + | Brent C. Strickland, Whiteford, Taylor & Preston L.L.P, 7501 Wisconsin Avenue,Suite 700W, Bethesda, MD 20814-6521 |
| aty | + | Deloitte Consulting LLP, 111 S Wacker Dr, Chicago, IL 60606-4396 |
| aty | | Gibbons, P.C., One Gateway Center, Newark, NJ 07102-5310 |
| aty | | Howard A. Cohen, Gibbons P.C, 300 Delaware Avenue, Suite 1015, Wilmington, DE 19801-1671 |
| aty | | Jeffrey L. Nagel, Gibbons P.C., One Pennsylvania Plaza, 37th Floor, New York, NY 10119-3701 |
| aty | + | Todd M. Brooks, Whiteford, Taylor & Preston L.L.P., 7 St. Paul Street, Suite 1500, Baltimore, MD 21202-1588 |
| aty | + | WASSERMAN, JURISTA & STOLZ, P.C., 110 Allen Road, Suite 304, Basking Ridge,, NJ 07920-4500 |
| aty | + | Whiteford Taylor & Preston, Seven Saint paul St. Ste 1800, Baltimore, MD 21202-1639 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 26, 2024           Signature:       /s/Gustava Winters