UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

-and-

Brittany M. Clark, Esq.
1251 Avenue of the Americas
New York, New York 10020
 (212) 419-6065 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Liquidating Trustee*

---

**Order Filed on June 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12809 (JKS)<br><br>(Jointly Administered) |

**ORDER SUSTAINING THE LIQUIDATING TRUSTEE'S
SIXTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS TO BE
RECLASSIFIED, OR DISALLOWED AND EXPUNGED IN THEIR
ENTIRETY, BASED ON THE DEBTORS' BOOKS AND RECORDS**

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

**DATED: June 24, 2026**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page:       2
Debtor:     New England Motor Freight, Inc., *et al.*
Case No.:   19-12809 (JKS)
Caption:    Order Sustaining the Liquidating Trustee's Sixteenth Omnibus Objection to Certain
            Claims to be Reclassified, or Disallowed and Expunged in their entirety, based on the
            Debtors' Books and Records

Upon the sixteenth omnibus objection (the "Omnibus Objection")[2] of the Liquidating Trustee appointed in the above-captioned Chapter 11 Cases, seeking entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2, reclassifying, or disallowing and expunging, the claims set forth on Exhibit A to the proposed order submitted herewith because each such asserted claim (collectively, the "Disputed Claims") is either (i) improperly classified as a secured or priority claim or (ii) is not a liability reflected in the Debtors' Books and Records; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Omnibus Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Omnibus Objection is in the best interests of the Debtors, their estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Omnibus Objection is SUSTAINED as set forth herein.

2.      The Misclassified Claims set forth on Schedule 1 to Exhibit A attached to this Order are hereby reclassified as general unsecured, non-priority claims in the amounts shown in the "Modified Claim Amount and Priority Status" column of Schedule 1 to Exhibit A.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

Page:      3
Debtor:    New England Motor Freight, Inc., *et al.*
Case No.:  19-12809 (JKS)
Caption:   Order Sustaining the Liquidating Trustee's Sixteenth Omnibus Objection to Certain
           Claims to be Reclassified, or Disallowed and Expunged in their entirety, based on the
           Debtors' Books and Records

3.       The No Liability Claims set forth on Schedule 2 to Exhibit A attached to this Order are hereby disallowed and expunged in their entirety.

4.       For the avoidance of doubt, nothing in the Omnibus Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the Debtors, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Omnibus Objection, and/or (c) constitute a waiver of the Liquidating Trustee's rights to dispute any claim on any grounds.

5.       The Liquidating Trustee, the Debtors, their Claims Agent, and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

6.       The objection to each of the Disputed Claims, as addressed in the Omnibus Objection and as set forth in Exhibit A attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each of the disputed claims that is the subject of the Omnibus Objection and this Order.  Any stay of this Order pending appeal by any claimants whose Disputed Claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Omnibus Objection and this Order.

7.       The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Omnibus Objection or otherwise waived.

Page:      4
Debtor:    New England Motor Freight, Inc., *et al.*
Case No.:  19-12809 (JKS)
Caption:   Order Sustaining the Liquidating Trustee's Sixteenth Omnibus Objection to Certain
           Claims to be Reclassified, or Disallowed and Expunged in their entirety, based on the
           Debtors' Books and Records

8.      Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# <u>EXHIBIT A</u>

**The Disputed Claims**

1

## Schedule 1 – Misclassified Claims

| | Creditor Name & Address | Date Filed | Claim No. | Debtor | Asserted Claim Amount & Priority Status | Modified Claim Amount & Priority Status | Reason for Modification |
|---|---|---|---|---|---|---|---|
| 1. | Diode In Lighting LLC<br><br>Joseph Olio<br>322A Malletts Bay Ave<br>PO Box 31<br>Winooski, VT 05404 | 04/09/20 19 | 120 | New England Motor Freight, Inc. | Administrative: $0.00<br>Secured: $8,269.91<br>Priority: $8,269.91<br>General Unsecured: $0.00<br><br>Total Claim Amount: $8,269.91[1] | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $8,269.91<br><br>Total Claim Amount: $8,269.91 | Claimant asserts a claim for prepetition services performed at 1087 Avenue D Extension, Williston, Vermont 05495, allegedly secured by a mechanic's lien filed in the Williston, Vermont clerk's office in the amount of $8,269.91, plus 7.00% fixed interest. As of the Petition Date, however, the Debtors held only a leasehold interest in the property. *See Schedules of Assets and Liabilities* [Docket No. 411], at Sch. A/B 55.8. The Debtors rejected their leasehold interest as of March 15, 2019.<br><br>Under section 506(a) of the Bankruptcy Code, a claim is secured only to the extent of the value of the creditor's interest in the estate's interest in the collateral. Because the Debtor held only a leasehold interest in the property, there is nothing for the lien to attach to. Moreover, the Debtors subsequently rejected the leasehold entirely, extinguishing any remaining estate interest in the property. *See Amended Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-Residential Real Property, (II) Authorizing the Abandonment of Related Property; (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief* [Docket No. 478].<br><br>The claim also asserts, in the alternative, priority status under section 507(a) of the Bankruptcy Code. However, a mechanic's lien claim for prepetition services are not entitled to priority under section 507(a).<br><br>Accordingly, the claim should be reclassified as a general unsecured claim. |

[1] Claim No. 120 asserts a total claim amount of $8,269.10, and appears to identify that amount as either a priority claim under section 507(a) or a secured claim (plus 7.00% interest). *See* Claim No. 120, Part 2.7, 2.9, 2.12. The supporting documentation likewise reflects a single claim in that amount. Accordingly, the Trustee understands the claim to assert priority or secured status in the alternative, not cumulatively.

1

| | Creditor Name & Address | Date Filed | Claim No. | Debtor | Asserted Claim Amount & Priority Status | | Modified Claim Amount & Priority Status | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|
| 2. | VW Credit Leasing Ltd CO VW Credit Inc<br><br>Bonial and Associates Jason A Cottrill PO Box 9013 Addison, TX 75001 | 03/24/2019 | 56 | New England Motor Freight, Inc. | Administrative:<br>Secured:<br>Priority:<br>General Unsecured: | $0.00<br>$19,980<br>$0.00<br>$0.00 | Administrative:<br>Secured:<br>Priority:<br>General Unsecured: | $0.00<br>$0.00<br>$0.00<br>$19,980 | Claimant asserts a secured claim for amounts due under a vehicle lease. Under section 506(a) of the Bankruptcy Code, a claim is secured only to the extent of the value of the creditor's interest in the estate's interest in the collateral. Because the claimant, as lessor, holds legal title to the vehicle, the Debtors' estate holds no ownership interest in the vehicle itself.<br><br>Accordingly, because there is no estate interest in the vehicle against which the claim can be secured, the claim should be reclassified as a general unsecured claim. |
| | | | | | Total Claim Amount: | $19,980 | Total Claim Amount: | $19,980 | |

2

## Schedule 2 – No Liability Claims

| | Creditor Name & Address | Date Filed | Claim No. | Debtor | Asserted Claim Amount & Priority Status | | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 1. | VW Credit Leasing Ltd CO VW Credit Inc<br><br>Bonial and Associates Jason A Cottrill PO Box 9013 Addison, TX 75001 | 03/24/2019 | 57 | New England Motor Freight, Inc. | Administrative:<br><br>Secured:<br><br>Priority:<br><br>General Unsecured: | $0.00<br><br>$2,433.00<br><br>$0.00<br><br>$0.00 | Claimant and the Debtors entered into the *Consent Order Confirming the Automatic Stay is Not in Effect as to VW Credit, Inc.* [Docket No. 913], which authorized the claimant to exercise its state law remedies and repossess the vehicle (*i.e.*, the basis of the claim) in which the Debtors held a leasehold interest. Pursuant to this consent order, the claimant recovered its collateral—the leased vehicle—thereby satisfying its claim in full. |
| | | | | | Total Claim Amount: | $2,433.00 | Accordingly, the claim should be disallowed and expunged in its entirety. |
| 2. | VW Credit Leasing Ltd CO VW Credit Inc<br><br>Bonial and Associates Jason A Cottrill PO Box 9013 Addison, TX 75001 | 03/24/2019 | 58 | New England Motor Freight, Inc. | Administrative:<br><br>Secured:<br><br>Priority:<br><br>General Unsecured: | $0.00<br><br>$1,073.00<br><br>$0.00<br><br>$0.00 | Claimant and the Debtors entered into the *Consent Order Confirming the Automatic Stay is Not in Effect as to VW Credit, Inc.* [Docket No. 914], which authorized the claimant to exercise its state law remedies and repossess the vehicle (*i.e.*, the basis of the claim) in which the Debtors held a leasehold interest. Pursuant to this consent order, the claimant recovered its collateral—the leased vehicle—thereby satisfying its claim in full. |
| | | | | | Total Claim Amount: | $1,073.00 | Accordingly, the claim should be disallowed and expunged in its entirety. |